IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Watson Grinding and Manufacturing Co., | § | Case No. 20-30967 (MI) |
| and Watson Valve Services, Inc. | § | Case No. 20-30968 (MI) |
| | § | |
| | § | (Expedited Hearing Requested) |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

**EMERGENCY MOTION TO ESTABLISH SAFETY AND
EVIDENCE PRESERVATION PROTOCOLS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 14, 2020 AT 3:00 PM IN COURTROOM 404, 4th FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN FEBRUARY 14, 2020.**

Kwok Daniel Ltd., L.L.P. ("**Movant**") files this Emergency Motion to Establish Safety and Evidence Preservation Protocols and respectfully states the following in support of this emergency motion (the "**Motion**"):

**PRELIMINARY STATEMENT**

1. Movant represents over 330 homeowners that suffered injury and/or property damage as a result of the explosion at the Debtors' facility on January 24, 2020 (the "**January 24th Explosion**"). Robert Kwok, a partner at Movant, is the co-chair of a plaintiff's steering committee that consist of a large consortium of counsel representing hundreds more plaintiffs that suffered damages as a result of the January 24th Explosion.

2.  Earlier this week, Movant learned that the Debtors intend to drain and remove a propylene tank (the "**Tank**") as early as Monday, February 17, 2020. It is Movant's understanding that the Debtors believe this action is necessary to comply with a request from the Texas Commission of Environmental Quality (the "**TCEQ**") that the Tank be drained.

3.  Movant has been in discussions with the Debtors, TCEQ and other interested parties concerning the process and manner for draining and removing the Tank with a goal of ensuring that the Tank is drained and removed safely, while at the same time preserving critical evidence as to the cause of the January 24th Explosion. However, at this time, a consensus has not be reached on the proper protocols for draining and removing the Tank.

4.  Accordingly, Movant requests that the Court implement protocols for the drainage and removal of the Tank that both ensure the safety of the location as well as preserve evidence critical to the claims of the many parties injured by the January 24th Explosion.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.

6.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The basis for the relief requested herein are Sections 105 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended and modified, the "**Bankruptcy Code**").

## BACKGROUND

8.  On February 2, 2020, the above-captioned debtors and debtors-in-possession filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and commence these chapter

11 cases (the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

9. On February 10, 2020, the Court order the appointment of the January 24 Claimants Committee (the "**Committee**") that is comprised of claimants affected by the January 24th Explosion at Watson Grinding and Manufacturing Co. The Committee has not yet been appointed.

10. Earlier this week, TCEQ sent correspondence to the Debtors requiring the Tank be drained by February 16, 2020. The Debtors subsequently requested that draining be delayed to February 17th or 18th to allow time to put protocols in place for safety and to preserve the evidence concerning the Tank.

11. Since that time, the parties have been in discussions concerning the appropriate protocol for draining and removing the Tank. At this time, no consensus has been reached.

## RELIEF REQUESTED AND ARGUMENT

12. By this Motion, Movant requests that the Court approve procedures for the drainage and removal of the Tank that will allow for the safe drainage and removal of the Tank while at the same time preserving critical evidence as to the cause of the January 24th Explosion.

13. Specifically, Movant believes that samples of the gas in the Tank must be taken during the drainage process. Currently, the Debtors' proposed procedures do not include adequate steps for sampling. To be clear, the sampling of the gas in the Tank during the drainage process would be done in a manner so as not to impact the safety of the overall process.

14. Similarly, once the Tank has been properly drained, Movant does not believe it needs to be removed immediately out of concern for safety. Conversely, the method and manner

3

in which the Tank is removed could have devastating effects on preservation of evidence related to the cause of the explosion. Accordingly, Movant requests that, once the Tank has been sampled and drained safely, experts be permitted to inspect the Tank under protocols designed to preserve evidence before the Tank is removed. Movant does not believe proceeding in this manner will pose a risk to any safety concerns at the site or for the surrounding area.

## EMERGENCY CONSIDERATION

15. The Movant respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i). Emergency consideration of this Motion is necessary given the Debtors' current plan to move forward with draining and removing the Tank in a few days pursuant to a process that Movant submits would destroy critical evidence of the cause of the January 24th Explosion.

WHEREFORE, Movant respectfully requests that the Court enter an order: (i) consistent with Movant's position set forth in this Motion and (ii) granting such other and further relief to Movant as the Court deems just and equitable.

Dated: February 14, 2020       Respectfully submitted,

                **HUNTON ANDREWS KURTH LLP**

                By:   */s/ Joseph P. Rovira*
                       Joseph P. Rovira (TX Bar #24066008)
                       Edward A. Clarkson, III (TX Bar #24059118)
                       600 Travis Street, Suite 4200
                       Houston, Texas  77002
                       Telephone:  (713) 220-4200
                       Facsimile:  (713) 220-4285
                       josephrovira@HuntonAK.com
                       edwardclarkson@HuntonAK.com

                       *Counsel for Kwok Daniel Ltd., L.L.P.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the forgoing document was served on February 14, 2020 via the Bankruptcy Court's Electronic Case Filing notification system on those parties registered to receive such notices.

                                            */s/ Joseph P. Rovira*
                                            Joseph P. Rovira

099900.16127 EMF_US 79180451v1