## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 20-30967 |
| WATSON GRINDING & MANUFACTURING, CO., | Chapter 11 |
| Debtor. | |

### DEBTOR'S APPLICATION TO EMPLOY
### SHEEHY WARE PAPPAS AS SPECIAL LITIGATION COUNSEL

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____, 2020, AT \_\_\_:\_\_\_ \_\_.M. (CDT) IN COURTROOM 400, BOB CASEY UNITED STATES COURTHOUSE, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Grinding and Manufacturing Co., Inc. (the "Debtor"), debtor-in-possession in this chapter 11 case, hereby files this Application to Employ Sheehy Ware Pappas ("Application") as its special litigation counsel and states the following in support thereof:

### RELIEF REQUESTED

1. The Debtor asks the Court to enter the proposed order authorizing it to employ Sheehy Ware Pappas ("SWP") as its special litigation in this case pursuant to Bankruptcy Code sections 327(e) and 330, Federal Bankruptcy Rules 2014 and 2016 and the local rules of this Court.

2. The Debtor retained SWP through Texas Mutual Insurance Company, its Texas workers' compensation and employer liability carrier. SWP is assigned to represent the Debtor under that certain insurance policy no. 0001218584 (the "Policy"). The fees and costs of defending the Debtor in connection with claims made under the Policy does not erode the policy and Texas Mutual Insurance Company has a duty to defend the Debtor. The Debtor is not responsible to pay the fees and expenses of SWP, which are borne by Texas Mutual Insurance Company. The Debtor asks the employment of SWP to be effective as of the petition date of February 6, 2020. This application is deemed contemporaneous under BLR 2014-1(b)(1).

## I. JURISDICTION

3. The Court has jurisdiction under 28 U.S.C. § 1334. Venue is proper under §§ 1408-1409. This is a core proceeding under § 157(b). This Court has the constitutional authority to enter a final order on this application. Movant consents to final orders by this Court.

## II. BACKGROUND

**A. Bankruptcy Case**

4. On February 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is not currently operating its business in the ordinary course of business but is engaged in limited operations. During the course of this chapter 11 bankruptcy, the Debtor will investigate whether liquidation or reorganization is in the best interest of the creditors. The Debtor will seek to confirm a plan in this chapter 11 cases to administer its estate in an orderly fashion with an eye to maximizing value for all creditor constituencies.[1]

---

[1] Additional information about the Debtor and its business can be found in the Declaration of Robert L. White filed at Dkt. No. 10 in this case.

2

5. Also on February 6, 2020, Watson Valve Services, Inc. ("Watson Valve")(a company related to the Debtor) filed its own chapter 11 case in this Court under Case No. 20-30968.

6. No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

7. During the first-day hearing on February 10, 2020, the Court ordered that a committee of claimants be established to advocate for the collective interests of all tort claimants in the bankruptcy case ("January 24 Claimants Committee"). The Committee was formed and held its organizational meeting to select committee chairs and counsel the week of February 24, 2020.

8. Following the first-day hearing on February 10, 2020, the Court designated this case as a complex chapter 11 case.

B. **Historical Background**

9. The Debtor, Watson Grinding and Manufacturing Co., was founded as a small, privately-held specialty grinding shop in 1960 by James Watson in his garage. Over the following years, the Debtor grew to include a full-scale machine shop and began offering thermal spray coatings to its customers. As the Debtor continued to grow, it shifted its operations specialty to the manufacturing and service of valve and pump components used in the severe service process. The Debtor also specializes in turning and milling alloys, hard metals, and large parts. The Debtor began thermal spray coatings during the 1980s. Over the years, the Debtor has developed and perfected high velocity oxygen fuel and ceramic coatings for applications to help prevent wear and corrosion in the severe service process. The Debtor is headquartered in Houston, Texas but has customers around the world.

10. The Debtor is owned in the following percentages:

> John Watson 63.778%
> Robert White 17.096%
> Judy White 2.029%
> Jason White 17.096%

11. John Watson is the Chief Executive Officer of the Debtor and continues to serve in that capacity. Robert White is the Chief Operating Officer of the Debtor and continues to serve in that capacity. Jason White is the Executive Vice President of the Debtor and continues to serve in that capacity. John Watson, Robert White, and Jason White are employees of the Debtor and serve on the Debtor's board of directors. Judy White is not an employee, officer or board member of the Debtor.

12. Watson Grinding's assets primarily consist of receivables, equipment and machinery, raw materials/inventory, vehicles, intellectual property, and insurance proceeds stemming from a tragic explosion at Watson Grinding's thermal coating facility.

C. **Events Of January 24, 2020**

13. According to investigators, in the early morning of January 24, 2020, an electrical spark ignited a propylene leak resulting in a tragic explosion at the Debtor's thermal coating facility. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") reported that it found no evidence of criminal activity. However, the cause of the leak has yet to be determined and investigations are on-going.

14. The explosion extensively damaged the Debtor's facilities located at various addresses on Gessner and Steffani Lane in Houston, Texas (77041) and operations abruptly halted. The on-going investigations are complex and the Debtor is fully cooperating with the various agencies' investigations. Additionally, there are many people and businesses within the community that have asserted claims against the Debtor for property damage and personal injury. Two long-time valued employees died in the explosion and their families have also asserted claims against the Debtor. It is of paramount importance that the Debtor cooperate with the regulators and preserve evidence while the investigations are on-going. It is not possible at this time for the Debtor to conduct all of its

ordinary operations. For this reason, the Debtor anticipates a long-term interruption of normal business activities.

15. In consultation with various professionals, the Debtor is considering its options in this chapter 11 case to ensure that it maximizes value for the creditors of its bankruptcy estate. Due to the unique challenges the Debtor faced obtaining its business records at the outset of the case, it has not been able to fully evaluate the details of the its financial condition. However, the Debtor gained access to records in the past week and is working diligently with its various professionals to prepare the schedules and statements to be filed in this case and to determine the appropriate exit from this chapter 11 case.

**D.  Employment of SWP**

16. SWP is proposed as the Debtor's special litigation counsel with respect to the defense of potential employer liability claims related to the fatalities of Frank Flores and Gerardo Castorena, and the injury claims asserted by Sean Rangel (the "Representation").

17. The Law Firm accepted the Representation after being offered the assignment from Texas Mutual Insurance Company, the Debtor's commercial liability insurance carrier, and in consultation with the Debtor. SWP has served as defense counsel for the Debtor since days after the events of January 24, 2020. While Texas Mutual Insurance Company is responsible for paying the costs and fees of the Law Firm in this Representation, the Law Firm's client is the Debtor and for that reason it seeks an order authorizing its employment under 11 U.S.C. §327(e).

### III.  QUALIFICATIONS OF THE FIRM

18. SWP is a Houston firm that specializes in representing employers with regard to employer liability and Texas workers' compensation claims. SWP provides emergency response to its clients 24/7 and represents clients not only in litigation but also throughout the investigative and

administrative processes. Additional information regarding SWP can be found on its website at https://www.sheehyware.com/.

19. Steven Grubbs is a shareholder with SWP and is lead counsel in the Representation but may be assisted from time to time by other attorneys and para-professionals in the firm. Grubbs' biography is attached hereto as Exhibit "A."

20. SWP and its partners are each a "disinterested person" as defined in section 101(14) and hold no interest adverse to the estate. SWP has conducted a diligent inquiry and, except as disclosed in the declaration of Steven O. Grubbs attached as Exhibit "B" ("Grubbs Declaration") to this Application, has found no connection with the Debtor, any creditors appearing in the schedules or otherwise in the record in this case, any other known party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

21. SWP has not entered into any agreement to share fees with anyone.

### IV.  **PROPOSED TERMS OF EMPLOYMENT**

22. SWP's employment by the Debtor would be subject in all respects to an Order of this Court authorizing the proposed employment. SWP would provide the full range of legal services required of special litigation counsel for the scope of the Representation defined herein.

23. SWP's hourly rates for partners range from $195 to $220 per hour, which is the rate it customarily charges other clients in similar matters. The hourly rate of SWP's paraprofessionals is $90 to $95 per hour. These rates are well within the wide range of rates charged by experience practitioners advising clients in similar matters.

24. SWP submits invoices for fees and expenses on a monthly basis for the month preceding to Texas Mutual Insurance Company. SWP's fees and expenses are paid by the insurer and the Debtor is not separately liable for any fees or expenses incurred by SWP. The costs of defense do

not erode the Policy. Texas Mutual Insurance Company has a duty to defend the Debtor under the Policy. SWP will not seek payment of its fees or reimbursement of expense from the Debtor or its estate.

25. The Debtor is not responsible for payment of SWP's fees and SWP is therefore not a creditor of the Debtor as of the Petition Date.

26. SWP is not adverse to the Debtor or its estate and is certainly not adverse to the Debtor in the matter for which it is to be retained.

### **PRAYER**

The Debtor respectfully requests that the Court enter an order authorizing the Debtor to retain SWP as its special litigation counsel in this bankruptcy case and granting any such other and further relief as the Court may deem appropriate.

Dated: March 9, 2020.

        Respectfully submitted,

        JONES MURRAY & BEATTY LLP

        */s/ Erin E. Jones*
        Erin E. Jones (TBN 24032478)
        Christopher R. Murray (TBN 24081057)
        4119 Montrose, Suite 230
        Tel. 832-529-1999
        Fax. 832-529-3393
        erin@jmbllp.com
        chris@jmbllp.com
        *Proposed Counsel for the Debtor*