IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Watson Grinding and Manufacturing Co. | § § | Case No. 20-30967 |
| Debtor. | § § § | Chapter 11 |
| | | Emergency Hearing Requested |

**EMERGENCY MOTION TO SUPPLEMENT ORDER AUTHORIZING CONTINUED PRESENCE OF SECURITY PERSONNEL AND INDEPENDENT SITE MANAGER AT DEBTOR'S FACILITIES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN APRIL 6, 2020.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Grinding and Manufacturing Co. ("WGM"), debtor and debtor in possession (the "Debtor") in this chapter 11 case, files this *Emergency Motion to Authorize Continued Presence of Security Personnel and Independent Site Manager at Debtor's Facilities* (the "Motion") and respectfully states the following in support thereof:

**I.
Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding and the Court may hear and determine this Application under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Court has

constitutional authority to enter a final order in this matter. Moreover, the Debtor consents to entry of final orders by this Court in this matter.

## II.
## Factual and Procedural Background

2.      On February 6, 2020 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On February 10, 2020, the Court authorized the formation of the January 24 Claimants Committee as a statutory committee in this case.

4.      On January 24, 2020, there was a tragic explosion at the Debtor's facilities located at multiple addresses on both Gessner Road and Steffani Lane in Houston, Texas (the "Debtor's Facilities").

5.      Since that time, the Debtor has been working with local, state, and federal agencies with regard to on-going investigations and to ensure compliance with applicable non-bankruptcy law as well as the guidelines promulgated under NFPA 9-21 (Chapter 29), which is a guide for fire and explosion investigations. To the end, the Debtor's Facilities have been under the management of SEA, Ltd., ("SEA") which is acting as the Independent Site Manager. SEA has contracted with Danners Security ("Danners") to provide 24/7 security at the Debtor's facilities while the various investigations are on-going.

6.      In a prior Order (Docket No. 157), the Court deemed the work of the Debtor and SEA and Danners "essential" under the Stay-Home-Work-Safe Order issued by Harris County on March 24, 2020 ("Harris County Order").

7.      The Debtor continues to work to process various insurance claims and to assess damage of property at the Debtor's Facilities. The Debtor needs to be able to take action to preserve

and maximize the value of its assets, which includes evaluation of damage to its property at the Debtor's Facilities. In order to make those final determinations as to the scope of damage and the payments to be made under the Debtor's various insurance policies, the Debtor needs to be able to work with United Fire Group and Enservio at the Debtor's Facilities to appraise its property (which includes a significant amount of heavy machinery and equipment).

### III.
### Relief Requested

8. United Fire Group and Enservio stand ready to assist the Debtor to advance the resolution of pending insurance claims. However, in light of current events and public health concerns, United Fire Group and Enservio want to ensure that they are authorized to travel to the Debtor's Facilities and to be present at the Debtor's facilities for the purpose of evaluating and appraising the Debtor's property. The Debtor believes these activities are reasonable and necessary to maintain and preserve the assets of its estate and should be deemed "essential" under the Harris County Order.

9. The Debtor requests additional or supplemental relief in addition to the relief already granted in the Order at Docket No. 157 to ensure that United Fire Group, Enservio, and its agents, employees, and authorized representatives are considered "essential" under the Harris County Order.

10. The Debtor requests the following additional relief:

   a. United Fire Group, Enservio, and any of their agents, employees, or authorized representatives are expressly authorized to be present at the Debtor's Facilities to assist the Debtor with the resolution of various pending insurance claims and to assist the Debtor in its effort to maintain and preserve its assets, which is deemed essential under the Stay-Home-Work-Safe Order issued by Harris County.

   b. The agents, employees, or authorized representatives of United Fire Group and Enservio are authorized to travel to the Debtor's Facilities to carry out the activities to assist the Debtor with the resolution of various pending insurance claims and to assist the Debtor in its effort to maintain and preserve its assets.

      c.    United Fire Group, Enservio, and any of their agents, employees, or authorized representatives are not violating the Stay-Home-Work-Safe Order issued by Harris County if they are working in furtherance of the Court's orders.

11. By this Motion, the Debtor does not seek to prejudice the rights of any interested party to seek additional relief and/or to seek relief from the proposed order.

12. By this Motion, the Debtor does not seek to contract or limit the rights of any local, state, or federal agency from having access to the Debtor's Facilities under applicable non-bankruptcy law.

13. The Debtor only seeks relief to the extent necessary to ensure that it is able to take necessary action to preserve and maintain its assets for the benefit of its bankruptcy estate.

## V.
## Basis for Emergency Relief

14. United Fire Group and Enservio are trying to take appropriate steps to prepare their respective teams to be at the Debtor's Facilities, which takes some coordinating in light of current events. To be able to do that in a timely fashion, United Fire Group and Enservio have requested that the Debtor obtain express authority from this Court before final arrangements are made.

15. Counsel for the January 24 Claimants Committee, Texas Capital Bank, the United States, and the United States Trustee did not oppose the relief requested in the **prior** motion relating to SEA and Danners' continued presence at the Debtor's Facility. No objections were filed to the prior motion seeking similar relief. Given the time sensitivity expressed by United Fire Group and Enservio, the Debtor file this Motion without having had an opportunity to confer with counsel for all of those parties. When this Motion is delivered to the Court's staff under the Court's emergency protocols, undersigned counsel will include counsel for those parties on the email so they can indicate if there is any objection to the relief requested herein. Undersigned counsel will endeavor to reach all of those people by phone as well and, if possible, file an updated

certificate regarding their agreement or opposition to the relief requested herein.

16. If possible, United Fire Group and Enservio have requested that the Debtor seek emergency consideration of this Motion by April 6, 2020.

## Prayer

WHEREFORE, the Debtor respectfully requests that this Court grant the relief requested herein and in the proposed order and for such other and further relief to which it is entitled at law or equity.

DATED:	April 3, 2020.

Respectfully submitted,

JONES MURRAY & BEATTY, LLP

By: /s/ Erin E. Jones
Erin E. Jones
Texas Bar No. 24032478
4119 Montrose Suite 230
Houston, TX 77006
Phone: 832-529-1999
Fax: 832-529-5513
Email: erin@jmbllp.com

*COUNSEL FOR THE DEBTOR*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 3, 2020, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Erin E. Jones