# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| WATSON GRINDING AND, MANUFACTURING CO., INC., | § § § § | Case No. 20-30967 (MI) (Chapter 11) |
| Debtor, | § § | |
| GILBERTO MENDOZA CRUZ AND MASSIEL NUNEZ, Individually and as Next Friend of I.M. and A.M. (Minors), | § § § § | |
| Movants, | § § | |
| VS. | § § | CONTESTED MATTER |
| WATSON GRINDING AND, MANUFACTURING CO., INC., and, | § § § § | |
| Respondent. | § | |

**GILBERTO MENDOZA CRUZ'S AND MASSIEL NUNEZ'S, INDIVIDUALLY AND AS NEXT FRIEND OF I.M. AND A.M. (MINORS) MOTION FOR RELIEF FROM STAY TO CONTINUE WITH <u>PRE-PETITION, STATE COURT LAWSUIT</u>**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON APRIL 28, 2020 AT 9:00 O'CLOCK A.M. IN COURTROOM 404, 515 RUSK AVENUE, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

1

COME NOW, GILBERTO MENDOZA CRUZ AND MASSIEL NUNEZ, Individually and as Next Friend of I.M. and A.M. (Minors) ("Movants") and file this Gilberto Mendoza Cruz's and Massiel Nunez's, Individually and as Next Friend of I.M. and A.M. (Minors) Motion for Relief from Stay to Continue with Pre-Petition, State Court Lawsuit, and would show this Court as follows:

## I.

### Summary and Relief Requested

1. The Movants request relief from the automatic stay against the Debtors in order to proceed with a state court lawsuit against the Debtors and other non-debtor defendants. The lawsuit is styled *Gilberto Mendoza Cruz and Massiel Nunez, Individually and as Next Friend of I.M. and A.M. (Minors) v. Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC, KMHJ, Ltd., Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.*, Cause No. 20-08019, In the 129th Judicial District Court, Harris County, Texas (the "Lawsuit"). The lawsuit involves personal injury claims and was filed prior to the bankruptcy cases. The Movants seek to lift the stay in order to amend the pleadings, establish a docket control order, and begin moving the case forward without any duplication of discovery efforts being taken through The Official Committee of January 24 Claimants (the "Committee"). In addition, in order to make the overall process uniform, the Movants ask the Court to establish a schedule for notices of removal and motions to remand.

2. The Movants also request that this motion be heard on April 17, 2020, along with the Matheson/Western MLS for judicial economy.

## II.

## Jurisdiction

3. This Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). This Court has the constitutional authority to enter a final order in this matter. Relief from the automatic stay is an essential bankruptcy matter which triggers the public rights exception. If this Court determines that it does not have such authority, Movants consent to entry of a final order.

## III.

## Background Facts

4. Defendant Watson Grinding and Manufacturing Co., Inc. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve") are local companies with a facility located at 4525 Gessner Road, Houston, Harris County, Texas 77041 (the "Watson Plant") (Watson Grinding and Watson Valve hereinafter collectively referred to as the "Watson Defendants"). The Defendants manufacture and service valves and pump components for the chemical, offshore, and aerospace industries.

5. On January 24, 2020, Movants were at their home in Northwest Houston when an explosion occurred at the Watson Plant. The explosion destroyed nearby commercial and residential buildings and resulted in damages to Movants' personal property. It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant. Movants were within the blast radius and vicinity of the Watson Plant at the time of the explosion and were injured as a result of the damage their home sustained in the blast. On February 4, 2020, the Movants filed the State Court Lawsuit, naming as defendants the Watson

Defendants and four non-debtor defendants, KMHJ Management Company, LLC ("KMHJ Management"), KMHJ, Ltd. ("KMHJ"), Western International Gas & Cylinders, Inc. ("Western"), and Matheson Tri-Gas, Inc. ("Matheson") (KMHJ, KMHJ Management, Western and Matheson hereinafter collectively referred to as the "Non-Debtor Defendants").  The Movants alleged claims of negligence and gross negligence against all of the defendants.

6. On February 5, 2020, Plaintiff Gilberto Cruz passed away as a result of injuries sustained in the incident made the basis of this lawsuit.

7. On February 6, 2020, the Debtors filed their voluntary chapter 11 petitions in this Court, and the Debtors filed a suggestion of bankruptcy in the State Court Lawsuit.

8. On February 10, 2010, this Court entered an Order directing the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to appoint a committee to represent the interests of all persons and governmental units with monetary claims arising out of the January 24, 2020 explosion at the Watson Plant. (Doc. No. 25).  On February 21, 2020, the U.S. Trustee appointed the seven-member January 24 Committee. (Doc. No. 89).

9. On April 1, 2020, Matheson and Western filed their Motion For Entry of An Order Modifying the Automatic Stay Pursuant To 11 U.S.C. § 362(D)(1) to Permit Matheson Tri-Gas, Inc. and Western International Gas & Cylinders, Inc. To (I) Add Watson Grinding & Manufacturing Co. To Certain Pending Litigation and (II) Remove The Litigation To This Court (the "Matheson/Western MLS")(Doc. No. 171). The motion was filed on the last day to obtain a self-calendared hearing date of April 17, 2020.

10. The Movants' counsel was not able to amend the pleadings in the State Court Lawsuit to allege a wrongful death claim prior to the Debtors' filing of their bankruptcy cases.

4

**IV.**

**Cause For Relief**

11. Movants request that this Court grant relief from the automatic stay to allow them to pursue the State Court Lawsuit, subject to certain restrictions.

12. The Court should lift the automatic stay for Movant to pursue its state law foreclosure remedies pursuant to 11 U.S.C. § 362(d)(1). Under that section, the Court must grant relief on the request of a party in interest "for cause," including the lack of adequate protection of an interest in property. Section 362(d)(1) of the Bankruptcy Code does not define "cause," and bankruptcy courts must determine whether "cause" exists "on a case by case basis based on an examination of the totality of circumstances." *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998) (holding debtor's lack of good faith in filing a bankruptcy petition maybe an appropriate ground for lifting the automatic stay) (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (finding no abuse of discretion where stay was lifted for cause to allow state court to enter equitable distribution judgment)); *In re Mendoza,* 111 F.3d 1264 (5th Cir. 1997).

13. Courts have used a broad range of factors in finding cause to grant relief including: the interests of judicial economy and the expeditious and economical resolution of litigation; whether litigation in another forum would prejudice the interests of other creditors; and the impact of the stay on the parties and the balance of harms. *See In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (enumerating factors from case law that may be considered in determining whether to modify the stay to permit litigation against the debtor to proceed in another forum). In determining whether cause exists, the Court must balance the inherent hardships on all parties and base its decision upon the degree of hardship and the overall goals of the Bankruptcy Code. *Matter*

*of Northtown Mall Assoc.*, 3 F.3d 436 (5th Cir. 1993), *citing In re Opelika Mfg. Corp.*, 66 B.R. 444 (Bankr. N.D. Ill. 1986).

14. The Second Circuit Court of Appeals has adopted the twelve-factor test in *In re Curtis* to determine whether the automatic stay should lift to allow litigation to continue. *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). Those factors are: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

15. In this case, there is cause to lift the stay to allow the Movants to continue with the State Court Lawsuit on a limited basis. The relief would result in the Movants obtaining a complete resolution of the issues necessary to obtain liquidation of the amount of their claim. In liquidating the claim in state court there will be no interference with the bankruptcy case. The Debtors have insurance coverage and that coverage is providing defense of the cases. Special counsel for the Debtors has already been retained. The insurance policies providing defense for the Debtors are not eroding policies. Although the case does not involve non-debtor defendants exclusively, there are more non-debtor defendants in the case. Further, the Debtors will no doubt have their own

6

claims to bring against the non-debtor defendants in the case. Continuation of the State Court Lawsuit will not impact creditors of the Debtors' estate in any way. The Movants claims would in no way result in a judgment claim that will be subject to equitable subordination. Movants' success in the State Court Lawsuit will not result in a judicial lien avoidable by the debtor, because the Movants are agreeing not to proceed with any collection after obtaining a judgment, including obtaining a judicial lien through filing of an abstract of judgment. Continuing to liquidate the claims in the State Court Lawsuit will be the most expeditious and economical way to resolve the litigation. These claims must be tried to a jury. This Court cannot try a jury trial. Even if the case is removed to the U.S. District Court (or this court), it will be subject to mandatory abstention under 28 U.S.C. § 1334(b)(1), as this is a pre-petition lawsuit that can be handled in the state court expeditiously.

16. Cause exists to lift the stay. This Court should grant the motion and lift the stay to allow the Movants to proceed in the State Court Lawsuit, subject to certain restrictions, namely that the Movants not settle or in any way obtain proceeds from the Debtors' insurance carriers without further order of this court, that the Movants will not attempt any collection on their judgment without further order of this court, and that the Movants will not engage in action that is duplicative of action already being taken by the Committee in this Court.

17. Movant requests that the Court not impose the fourteen (14) day stay on enforcing an order for relief imposed by Bankruptcy Rule 4001(a)(3).

WHEREFORE, PREMISES CONSIDERED, the Movants, GILBERTO MENDOZA CRUZ AND MASSIEL NUNEZ, Individually and as Next Friend of I.M. and A.M. (Minors), respectfully request that this Court enter an order terminating or conditioning the automatic stay and authorize them to proceed in the State Court Lawsuit subject to the restrictions described herein, waive

the Rule 4001(a)(3) fourteen day stay, and grant them such other relief to which they may show themselves entitled at law or in equity.

          Respectfully submitted,

          **WAUSON | PROBUS**

By: */s/ Matthew B. Probus*
      **Matthew B. Probus**
      State Bar No. 16341200
      Fed. ID No. 10915
      mbprobus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR MOVANTS,*
*GILBERTO MENDOZA CRUZ AND*
*MASSIEL NUNEZ, INDIVIDUALLY*
*AND AS NEXT FRIEND OF*
*I.M. AND A.M. (MINORS)*

THE MCMILLAN LAW FIRM

/s/ Chance A. McMillan
Chance A. McMillan
Tex. Bar No. 24078981
cam@mcmillanfirm.com
Wayne D. Collins
Tex. Bar No. 00796384
wdc@mcmillanfirm.com
440 Lousiana, Suite 1200
Houston, Texas 77002
(281) 888-2131 (Telephone)

**CERTIFICATE OF CONFERENCE**

       Pursuant to BLR 4001-1(a)(1), I hereby certify that on April 1, 2020 I telephoned Erin Jones, counsel for Watson Grinding, and discussed the motion with her. On that same day, I emailed Aaron Power, counsel for the Committee, and asked for his position on the motion. On April 2, 2020, I telephoned Jarrod Martin, counsel for Watson Vale, and discussed the motion with him. On April 3, 2020, I sent a draft of this motion to each of those counsel. As of this date, the parties have been unable to reach an agreement on the requested relief.

                                                    */s/ Matthew B. Probus*
                                                 Matthew B. Probus