

ENTERED
04/06/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| **Watson Grinding and Manufacturing Co.** | § § § | Case No. 20-30967 |
| Debtor. | § § | Chapter 11 |

### ORDER REGARDING CASH COLLATERAL
(Relates to Docket No. 188)

Watson Grinding and Manufacturing Co. ("Watson Grinding") filed an *Emergency Motion for Authority to Use Cash and/or Cash Collateral Outside the Ordinary Course of Business on an Interim Basis* (the "Motion"). Texas Capital Bank, National Association ("Texas Capital") asserts: (i) a prepetition senior secured claim in the principal amount of approximately $3,000,000 (the "Indebtedness") against Watson Grinding and Watson Valve Services, Inc. ("Watson Valve"); and (ii) first priority liens and security interests on substantially all of Watson Grinding and Watson Valve's personal property, including, without limitation, accounts receivable, equipment, inventory, chattel paper, instruments, commercial tort claims, deposit accounts, documents, fixtures, general intangibles, health care insurance receivables, intellectual property, and all proceeds and products thereof, including, without limitation, insurance proceeds (but for the avoidance of doubt, excluding insurance proceeds related to third party coverage) and any cash held by Watson Grinding or Watson Valve that constitutes cash collateral, including the $3,000,000.00 in proceeds (the "Prepetition Insurance Proceeds") from Watson Grinding's business personal property insurance received prior to the petition date (collectively,

DocID: 4845-3124-7545.1

the "Prepetition Collateral"); and all cash and cash proceeds of the Prepetition Collateral, including all cash and cash proceeds of such Prepetition Collateral held in any of Watson Grinding or Watson Valve's banking, checking, or other deposit accounts with financial institutions, including insurance proceeds (but for the avoidance of doubt, excluding insurance proceeds related to third party coverage) as of the petition date ("Cash Collateral").  Watson Grinding believes that it has sufficient liquidity to continue its current level of operations, prosecute this chapter 11 case and develop a chapter 11 plan without use of the Prepetition Insurance Proceeds.  Based on the foregoing, Watson Grinding, Texas Capital and The Official Committee of January 24 Claimants' (the "Committee") have agreed to the terms set forth below regarding the use of Cash Collateral and the Prepetition Insurance Proceeds.  Accordingly, it is hereby **ORDERED THAT:**

1. Watson Grinding shall transfer the Prepetition Insurance Proceeds, plus an additional $175,000 (collectively, the "Segregated Funds"), to a segregated bank account at Texas Capital.

2. The Segregated Funds shall remain segregated and shall not be comingled with any other funds or be used by Watson Grinding or Texas Capital absent further order of this Court.

3. If the Court determines that Texas Capital does not have a lien on the Prepetition Insurance Proceeds but does have a lien on Cash Collateral, Texas Capital is hereby granted replacement liens in the Segregated Funds, pursuant to sections 361, 363(c)(2), 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), with the same validity and priority as its liens on Cash Collateral solely to the extent of any diminution in value of Texas Capital's liens in Cash Collateral that has occurred from the petition date until the date of such a determination.

4. Watson Grinding is authorized to use cash on hand in accordance with the terms and conditions of this Order, and in accordance with the budget attached hereto as Exhibit "A" (the "Budget").

5. The actual expenditures may not exceed more than ten percent of the budgeted amount, and the actual expenditures of the Debtor shall not, for each line item in the Budget, exceed the amount budgeted for such line item in the Budget by more than ten percent. If the Debtor anticipates the need to exceed the ten percent variance, it must obtain the prior written consent of Texas Capital and provide notice to counsel for the Committee.

6. Texas Capital is hereby authorized to honor any and all checks issued by the Watson Grinding made (a) pursuant to this Order and (b) in accordance with the Budget.

7. Nothing in this Order shall prejudice Texas Capital or limit its right to file, pursue, or oppose any motion or other relief in this bankruptcy case.

8. The provisions of this Order and any actions taken pursuant hereto shall remain effective and binding notwithstanding entry of any order which may be entered: (a) converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (b) dismissing this chapter 11 case; or (c) pursuant to which this Court abstains from hearing any of this chapter 11 case.

9. Nothing in this Order constitutes a finding or admission regarding (a) the validity of any lien (including as to the Prepetition Insurance Proceeds), or (b) whether any funds used pursuant to this Order constitute cash collateral under section 363(a) of the Bankruptcy Code.

10. This Order is without prejudice to Texas Capital's right to seek adequate protection or relief from the automatic stay.

11. This Order is without prejudice to Watson Grinding seeking additional relief regarding the use of Cash Collateral or the use of cash outside the ordinary course of business.

4

12. This Order does not waive or adjudicate any rights or claims as between Watson Valve and Watson Grinding, or rights/claims between Watson Valve and/or Watson Grinding and any other party (including affiliates and guarantors), with respect to allocation of the Segregated Funds, including (without limitation) claims for contribution, indemnity, subrogation or otherwise. All such rights and claims are expressly preserved as to all parties.

Signed: April 06, 2020

_____
Marvin Isgur
United States Bankruptcy Judge