IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Watson Grinding and Manufacturing Co., | § | Case No. 20-30967 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

### JOINT MOTION FOR AN ORDER ESTABLISHING
### INTERIM PROFESSIONAL COMPENSATION PROCEDURES

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Please note that on March 24, 2020, through the entry of General Order 2020-10, the Court invoked the Protocol for Emergency Public Health or Safety Conditions. The Order may be found at: https://www.txs.uscourts.gov/bankruptcy/genord.

**Electronic Appearances**

It is anticipated that all persons will appear telephonically and also may appear via video at this hearing.

**Audio Communication**

Audio communication will be by use of the Court's regular dial-in number. The dial in number is 1-832-917-1510. You will be responsible for your own long distance charges. You will be asked to key in the conference room number.

1

**Judge Isgur's conference room number is 954554. Parties are encouraged to review the Court's procedures for telephonic appearances.**

**Attorneys and parties-in-interest wishing to participate in the hearing must connect to the hearing by audio communication. Any person wishing to observe the proceeding may also dial in to the audio conference dial-in number.**

**Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.**

**<u>Video Communication</u>**

**Parties may participate in electronic hearings by use of an internet connection. The internet site is www.join.me. Persons connecting by mobile device will need to download the free join.me application.**

**Once connected to www.join.me, a participant must select "Join a Meeting". The code for joining this hearing before Judge Isgur is "judgeisgur". The next screen will have a place for the participant's name in the lower left corner. Please complete the name and click "Notify."**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Grinding and Manufacturing Co. ("WGM" or "Debtor"), Debtor and Debtor in Possession in the above-styled Chapter 11 case (the "Case"), and the Official Committee of January 24 Claimants (the "Committee") (collectively, WGM and the Committee are referred to herein as the "Joint Parties") file this *Joint Motion for an Order Establishing Interim Professional Compensation Procedures* ("Motion") and respectfully states as follows:

I.

**RELIEF REQUESTED**

1. The Joint Parties ask the Court to approve procedures whereby professionals retained in this case may seek compensation and reimbursement of expenses on an interim basis no more than once a month subject in all respects to a final fee application and 20% holdback on compensation.

## II.

## HEARING

2. The Joint Parties request that a hearing be set if any objection is filed to this Motion.

## III.

## AUTHORITY

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein are Sections 105(a), 330, 331 and of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order in this matter. Moreover, the Joint Parties consent to entry of final orders by this Court in this matter.

## IV.

## PROFESSIONAL COMPENSATION

7. The Joint Parties have employed or expect to employ professionals who will devote substantial time representing the Debtor, which will involve negotiating a plan of reorganization, regular reporting requirements, administration of the Case itself, representing the Debtor in various matters, and the continued non-ordinary course operations of the Debtor as an going concern, among other things.

8. The Joint Parties seek an order authorizing payment of professionals retained by the estate on an interim basis as follows: the Debtor is authorized to pay interim compensation to all professionals retained under Section 327(a) or 328(a) by the Debtor or the Committee pursuant

to any Order authorizing interim compensation under 11 U.S.C. §331 and/or subject to the following procedures:

(a) Not often more than every 30 days can any professional retained by the Debtor under Section 327(a) seek interim compensation and reimbursement of expenses by filing on the docket a Notice of Request for Interim Compensation (the "Notice").

(b) The Notice must contain detailed time records to support the requested compensation and a description by category of any expenses. It should also include the amount of any prepetition retainer held by the professional.

(c) The Notice must be served through the Court's electronic filing system. This service will provide adequate notice to the Debtor, the U.S. Trustee, the Debtor's secured lender, and the January 24 Claimants' Committee. No additional service shall be required.
(d) Any party objecting to interim compensation shall file an objection within ten (10) days of service of the Notice.

(e) If an objection is filed, the professional seeking compensation will confer with the objecting party, the Debtor and the Committee. If the parties agree to a lower interim amount, the Debtor may pay it without further Court Order. If the parties do not agree, the professional seeking compensation, the Debtor, the Committee, or the objecting party may file a response and seek a hearing.

(f) If no objection is filed, the Debtor may pay the amount requested after the ten (10) day objection period has expired.

(g) All payments of interim compensation are subject to a twenty percent (20%) holdback by the Debtor. All requested reimbursement of expenses in the Notice may be paid in full on an interim basis.

(h) All parties reserve all rights relating to incurred professional fees and expenses, including the right to object to the Final Application for approval of all incurred professional fees and expenses.

(i) The use of cash collateral to make such payments shall also be authorized by any orders relating to the use of cash collateral.

9. All professionals receiving interim compensation or reimbursement of expenses pursuant to the Motion must file final fee applications pursuant to 11 U.S.C. §330 to obtain final approval of any interim compensation or reimbursement paid to a professional pursuant to this Motion. All amounts paid are subject to final approval pursuant to 11 U.S.C. §330 and

disgorgement to the extent any fees or expenses paid on an interim basis are not allowed upon final application.

10. The Debtor shall include all payments to professionals in its operating reports, describing in detail the amounts paid to each of the professionals. Notwithstanding anything in this Order, all professionals retained by the Debtor and the Committee in this Case under 11 U.S.C. §§327 or 328 shall comply with the relevant United States Trustee fee guidelines, as applicable, in connection with any Notice filed and any final fee application filed under 11 U.S.C. §330. All professionals employed by the Debtor and the Committee in this Case shall record time in increments of 1/10th of an hour, unless otherwise authorized by the Court.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. A professional shall not seek payment in a Final Fee Application for any amounts that such professional previously sought in the Notice or an interim fee application and which (i) such professional voluntarily waived or reduced to resolve formal or informal objections or (ii) were disallowed by order of the Court.

V.

**BASIS FOR RELIEF**

13. Section 331 authorizes professionals retained under Sections 327(a) and 328 to seek interim compensation once every 120 days, or more often if the Court permits.

14. The Joint Parties request authorization to establish procedures for the payment of compensation and expenses of court approved professionals on a monthly basis. Such an order would permit the Court, the Office of the United States Trustee, and all other parties to more effectively monitor the professional fees incurred on behalf of the Debtor and/or the Committee.

15. The proposed relief is appropriate here because it will allow the Debtor and the Committee to compensate and reimburse professionals while preserving the rights of all parties to object to a Final Fee Application for services performed and expense reimbursements. These interim compensation procedures add transparency to the process by providing notice of the services performed and compensation accrued more frequently than would otherwise be the case. The interim compensation is also subject to safeguards including the limits imposed by any cash collateral budget and a twenty (20%) holdback on compensation. Finally, parties are free to object to the interim compensation where appropriate. Relief of this type is customary in Chapter 11 cases to facilitate the efficient administration of cases.

16. The procedure proposed will enable interested parties to closely monitor costs of administration, maintain level cash flow availability and implement efficient cash management.

## VI.

## **WAIVER OF BANKRUPTCY RULE 6004(h)**

17. Waiver of the fourteen (14) day stay is appropriate here to reduce delay. Parties are not harmed because all objections are preserved until the Final Fee Applications are filed.

## VII.

## **PRAYER**

WHEREFORE, the Joint Parties respectfully request that the Court grant the Motion and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: April 9, 2020.

        Respectfully submitted,

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Blvd., Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com

**ATTORNEYS FOR WATSON GRINDING AND MANUFACTURING CO., INC.**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Texas Bar No. 24038592
Aaron J. Power
Texas Bar No. 24058058
Porter Hedges LLP
1000 Main Street, 36th Floor Houston, Texas 77002
Phone: 713-226-6000
Fax: 713-226-6248
jwolfshohl@porterhedges.com
apower@porterhedges.com

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS**

**CERTIFICATE OF SERVICE**

    In accordance with Bankruptcy Local Rule 9013-1(f), the undersigned certifies that on April 9, 2020 a true and correct copy of the foregoing Motion was served (i) electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system; (ii) via email relating to state court litigants and interested parties, and (iii) via first class mail as indicated on the Master Service List (through third party vendor certificateofservice.com). A detailed supplement to this Certificate of Service will be filed under separate docket entry.

        */s/ Ruth Van Meter*