IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Watson Grinding & Manufacturing Co., | § | Case No. 20-30967 (MI) |
| | § | |
| Debtor. | | |

**MOTION FOR ENTRY OF AN ORDER MODIFYING THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO
PERMIT MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL
GAS & CYLINDERS, INC. TO (I) ADD WATSON GRINDING &
MANUFACTURING CO. TO CERTAIN PENDING LITIGATION
AND (II) REMOVE THE LITIGATION TO THIS COURT**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON APRIL 28, 2020 AT 9:00 A.M. 515 RUSK, 4TH FLOOR, COURTROOM 404 HOUSTON, TX 77002**

Matheson Tri-Gas, Inc. ("Matheson") and Western International Gas & Cylinders, Inc. ("Western," and together with Matheson, the "Companies") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedures

(the "Bankruptcy Rules"), and Rules 4001-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, modifying the automatic stay to: (a) authorize the Companies to take such actions to add the debtor Watson Grinding and Manufacturing Co. ("Watson Grinding") to the Postpetition Litigation (defined below); and (b) authorize the Companies, or any other party to the litigation, to remove the Postpetition Litigation to the United States Bankruptcy Court for the Southern District of Texas (the "Court"). In support of this Motion, the Companies respectfully state as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

2. On February 6, 2020 (the "Petition Date"), Watson Grinding and debtor Watson Valve Services, Inc. ("Watson Valve," and together with Watson Grinding, the "Debtors") each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors assert that the filing of these cases was necessitated due to an explosion at the Watson Grinding thermal spray coating facility on January 24, 2020.

4. Prior to the Petition Date, Watson Grinding was supplied certain bulk chemicals in several tanks, including a 2,000-gallon propylene storage tank pursuant to an agreement by and between Matheson and Watson Grinding.

5. Shortly after the tragic events of January 24, 2020, numerous civil lawsuits were filed in Harris County, Texas against the Debtors and non-debtor defendants, including the Companies. Specifically, Matheson and Western are named in at least eleven different lawsuits

relating to the plant fire and explosion. While Watson Grinding is a party to the majority of these cases, there are three pending postpetition lawsuits that Watson Grinding is not a named defendant: (a) *Richard Delaunay, Martin Dennis, Mary Hernandez, and Rodolfo Jaimes v. Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.*, Cause No. 2020-08869, pending in the 234th District Court of Harris County, Texas, (b) *Sonia Martinez, v. KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.*, Cause No. 2020-09409, pending in the 333rd District Court of Harris County, Texas, and (c) *William Wallingsford, et al. v. KMHJ Management Company, LLC, KMHJ, Ltd., Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.*, Cause No. 2020-19265, pending in the 80th District Court of Harris County, Texas (collectively, the "Postpetition Litigation").

6. The Debtors assert that efficient management of the litigation was a substantial goal in filing these cases:

> The Debtors believe that these chapter 11 cases will allow for the management of litigation in a manner that preserves value for their estates and creditors. Moreover, the Debtors believe that these chapter 11 cases will provide a mechanism to ensure that the public receives appropriate notice designed to provide all potential claimants with due process and an opportunity to submit claims if they believe they have claims against either of the Debtors. Through these chapter 11 cases, the Debtors intend to reorganize, marshal insurance proceeds, and provide for the allowance and payment of claims through an orderly claims process rather than a race to the courthouse.

*See* Declaration of Robert L. White in Support of Chapter 11 Petition and First Day Motions, Case 20-30967, at ¶ 29, Docket No. 10.

7. As part of the Debtors' litigation management, the Companies anticipate that the Debtors may seek to remove the prepetition litigation to this Court to consolidate all of the litigation before one court.

8. In connection with the claims asserted in Postpetition Litigation, the Companies

3

assert rights of contribution and/or indemnity against Watson Grinding and, but for the automatic stay, would seek to add Watson Grinding as a party to the Postpetition Litigation.

9. On February 10, 2010, this Court entered an Order directing the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to appoint a committee (the "January 24 Committee") to represent the interests of all persons and governmental units with monetary claims arising out of the January 24, 2020 explosion at the Watson Grinding facility. *See* Docket No. 25. On February 21, 2020, the U.S. Trustee appointed the seven-member January 24 Committee. *See* Docket No. 89.

### Relief Requested

10. The Companies request the Court modify the automatic stay solely to (a) allow the Companies to take such actions to add Watson Grinding to the Postpetition Litigation and (b) authorize the Companies and any other party to the Postpetition Litigation to the remove the actions to this Court. The Companies do not seek relief from stay to prosecute or defend the Postpetition Litigation prior to the implementation of procedures for the efficient management of all litigation asserted against the Debtors and the Companies.

### Basis for Relief

11. Bankruptcy Code section 362(d) permits relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," leaving the decision whether to lift the stay "committed to the discretion of the bankruptcy judge" based on "a fact-intensive inquiry that must be determined on a case-by-case basis." *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017); *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) ("The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case.").

12. In determining whether cause exists to modify the stay, courts have considered numerous factors, including, among others: whether relief would result in a partial or complete resolution of the issues, whether lifting the stay would interfere with the bankruptcy case, whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, whether litigation in the other forum would prejudice the interests of other creditors, whether the debtor's insurer has assumed full responsibility for defending the action at issue, and whether lifting the stay would promote judicial economy and expeditious and economical resolution of the litigation. *See Xenon Anesthesia*, 510 B.R. at 112 (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re U.S. Brass Corp.,* 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001)); *Mosher*, 578 B.R. at 772 (citing factors); *In re Piperi*, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990) (same); *In re Kao*, Case No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015) (same).

13. In balancing these considerations, courts only consider those factors that are relevant to the particular case at hand and need not assign equal weight to each factor. *Mosher*, 578 B.R. at 773; *Xenon Anesthesia*, 510 B.R. at 112 ("Not all factors may be relevant to each case."); *In re N.Y. Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (citations omitted). "Further, the decision to lift the stay may be upheld on judicial economy grounds alone." *Xenon Anesthesia*, 510 B.R. at 112 (citations omitted).

14. In this case, application of the factors weighs heavily in favor of modifying the stay to allow the Companies to add Watson Grinding to the Postpetition Litigation and to allow the removal of the Postpetition Litigation to this Court. The Postpetition Litigation is inextricably

intertwined with the prepetition actions asserted against the Debtors. By permitting the Companies to add Watson Grinding to the Postpetition Litigation and remove the litigation to this Court, the parties will be able to completely resolve, in a single forum, the issues involved in all actions. This will further the interests of judicial economy and expeditious resolution of the prepetition and Postpetition Litigation, avoid inconsistent results, and minimize the expenditures of funds by all parties.

15. It is important to note that, unlike other lift stay applications, the Companies are not seeking to fully litigate their claims against the Debtors in another forum. The Companies anticipate that the Debtors will remove the prepetition litigation and that the Companies (or the Debtors) will remove the Postpetition Litigation to this Court, if this Motion is granted. This would allow the parties to consolidate the various actions in one forum to rule on common issues.

16. Additionally, the requested relief herein will not cause hardship to the Debtors and will instead facilitate the overall procedure for the management of claims in a single forum. As noted above, the Debtors contend that efficient management of the litigation was a substantial goal in filing these cases. The requested relief will further this goal.

17. Moreover, granting relief from the automatic stay will ultimately allow the Companies to prosecute their indemnity and contribution claims against the Debtors, thereby fully resolving all issues therein. Otherwise, the Companies and the estates would be required to prosecute and defend piecemeal litigation largely involving the same nucleus of facts, resulting in a duplication of effort which would frustrate an expeditious and economical resolution of the litigation, and possibly result in inconsistent findings of fact and rulings.

18. For the foregoing reasons, the Companies submit that "cause" exists for this Court to modify the stay to the limited extent necessary, (a) to allow the Companies to add Watson

Grinding as a party to the Postpetition Litigation, and (b) to allow for the removal of the Postpetition Litigation to this Court.

### Notice

19. Notice of this Motion has been provided by e-mail or overnight mail to: (a) counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of Texas; (c) the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Office of the Attorney General for the State of Texas; (g) counsel to Texas Capital Bank; (h) counsel for state court litigation claimants; (i) counsel to the January 24 Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Companies respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

36. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Companies respectfully request entry of an order, in a form substantially similar to the Proposed Order, (a) modifying the automatic stay, pursuant to section 362(d)(1) of the Bankruptcy Code to the limited extent necessary, (i) to allow the Companies to add Watson Grinding as a party to the Postpetition Litigation, and (ii) to allow the Companies, or any other party to the Postpetition Litigation, to remove the Postpetition Litigation to this Court; and (b) granting such other relief, whether in law or equity, as is just under the circumstances.

Date: April 13, 2020                                    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: ___/s/ Karl D. Burrer___
Karl D. Burrer Texas Bar No. 24043584
BurrerK@gtlaw.com
Mary-Olga Lovett Texas Bar No. 00789289
LovettM@gtlaw.com
Paul B. Kerlin Texas Bar No. 24044480
KerlinP@gtlaw.com
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:      (713) 374-3505

– and –

Christopher M. LaVigne Texas Bar No. 24026984
LaVigneC@gtlaw.com
Samuel G. Davison Texas State Bar No. 24084280
DavisonS@gtlaw.com
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone:     (214) 665-3600
Facsimile:      (214) 665-3601

**COUNSEL FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDERS, INC.**

**Certificate of Conference**

The undersigned certifies that beginning on March 2, 2020 through and including April 13, 2020, Karl Burrer had several communications (both by phone and email) with the Debtors' bankruptcy counsel and special litigation counsel regarding the relief requested herein. The undersigned further conferenced with proposed counsel for the January 24 Committee. Based on these discussions, the undersigned understands that the Debtors and the January 24 Committee are evaluating the requested relief.

By:   */s/ Karl D. Burrer*
Karl D. Burrer
