UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO. and | § | CHAPTER 11 |
| WATSON VALVES SERVICES, INC. | § | |
| Debtors. | § | |
| | § | |

# AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

The Court has concluded that the Confidentiality and Protective Order (the "Protective Order"), as set forth below, should be entered.

IT IS, THEREFORE, ORDERED THAT:

1. Definitions:

    a. "Document" shall mean any information in written or recorded form.

    b. "Party or "Parties" shall mean any one of or all of Watson Grinding & Manufacturing Co., Watson Valve Services, Inc., Airgas USA LLC d/b/a Radnor, or the January 24 Claimants Committee. The January 24 Claimants Committee shall further mean and include each person or entity that is a member of the same, and each such person's or entity's respective agents, representatives, legal counsel, or advisors.

    c. "Protected Information" generally refers to the information and documents to be produced subject to this Protective Order.

    (i) Protected Information may include non-public information and/or information that qualifies as a "trade secret" under the Texas Uniform Trade Secret Act or the Defend Trade Secrets Act.

    (ii) Protected Information may also include information specifically regarding the value or performance of particular assets, but only if it is material non-public information or the public disclosure of such information would threaten a competitive advantage or information advantage of the producing party.

    (iii) Protected Information may also include sensitive personal information such as account numbers, tax returns, social security numbers, or the like.

    (iv) Protected Information shall not include information or documents that have been publicly disclosed.

2. Only documents containing Protected Information may be designated "Confidential" or "Highly Confidential—Attorneys Eyes Only."

3. A document may be designated "Confidential" if it, in the good faith estimation of counsel for the producing party, contains Protected Information. Protected Information may not be publicly disseminated or disclosed by the receiving party and may be disclosed only to (a) the Parties and officers or employees of the Parties to whom it is necessary that the Protected Information be disclosed for purposes of the above-captioned bankruptcy cases or in any litigation by and among the Parties, (b) counsel acting on behalf of the receiving party and any attorneys, paralegals or other employees employed in the same law firm as said counsel, (c) any retained experts or agents of said counsel who agree to be bound by this Protective Order and have signed the Certificate of Acknowledgement attached to this Protective Order as **Exhibit A**, (d) any authors or recipients of the Protected Information; (e) stenographers and/or videographers transcribing or otherwise documenting testimony or argument at a deposition; (f) the Court, Court personnel, and court reporters; (g) independent third-party litigation support vendors providing graphics, design, photocopy, document imaging, document processing, translation, or database services to counsel for any Party;(h) mediators engaged by the Parties to assist in the above-captioned bankruptcy cases or in any litigation by and among the Parties; (i) the United States Trustee; and (j) any successor(s) in interest to the Parties, including any subsequently appointed chapter 11 or chapter 7 trustees in these bankruptcy cases.

4. A document may be designated "Highly Confidential-Attorneys Eyes Only" if, and

only if, in the good-faith estimation of counsel for the producing party, the document contains non-public current business or financial information and/or information that qualifies as a "trade secret" under the Texas Uniform Trade Secret Act or the Defend Trade Secrets Act—including, but not limited to, proprietary formulas, pricing information, strategies, methods or processes of acquiring business, acquiring assets, or realizing income therefrom; sources of information regarding the producing party's core business; or sources of funding for the core business. A Highly Confidential document may not be publicly disseminated or disclosed by the receiving party. It may be disclosed only to (a) counsel acting on behalf of a Party and any attorneys, paralegals or other employees employed in the same law firm as said counsel, (b) any retained experts or agents of said counsel who agree to be bound by this Protective Order and have signed the Certificate of Acknowledgement attached to this Protective Order as Exhibit A, (c) any authors or recipients of the Highly Confidential-Attorneys Eyes Only Protected Information, (d) stenographers and/or videographers transcribing or otherwise documenting testimony or argument at a deposition; and (e) the Court, Court personnel and court reporters. In the course of rendering legal advice, counsel for a Party may provide a summary of Highly Confidential documents to the Parties he/she represents and their constituents, and any such summary shall be treated as "Confidential" according to Section 3 above.

5. Any qualifying documents shall be designated as Confidential or Highly Confidential-Attorneys Eyes Only by stamping the legend "Confidential" or "Highly Confidential-Attorneys Eyes Only," respectively, preferably on each page thereof, as to which the designation is claimed. At the producing party's option, the producing party may designate a document consisting of more than five pages as "Confidential" or "Highly Confidential-Attorneys Eyes Only" by affixing a cover page to the document which cover page bears the appropriate

stamp designation and lists the identification number (by Bates number) of each page of the set intended to be so designated.

6. All copies of documents designated as "Confidential" or "Highly Confidential-Attorneys Eyes Only" shall again be stamped or otherwise labeled "Confidential" or "Highly Confidential-Attorneys Eyes Only," respectively, if the duplicating process by which copies of such documents are made does not reproduce the original stamp.

7. Any deposition transcripts or any portion thereof, including exhibits, may also be designated as Confidential or Highly Confidential-Attorneys Eyes Only by:

    a. stating orally on the record of a deposition that certain exhibits or aspects of testimony are Confidential or Highly Confidential-Attorneys Eyes Only; and/or

    b. sending written notice within 20 days of receipt of the transcript or the deposition, through designations by page and line, of those portions of the transcript and/or the exhibits that the party designates as Confidential or Highly Confidential-Attorneys Eyes Only.

8. Until the 20-day period for designation of deposition testimony as Confidential or Highly Confidential-Attorneys Eyes Only has expired, the deposition transcript shall be treated as Confidential unless previously designated as Highly Confidential-Attorneys Eyes Only.

9. All Protected Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely in connection with the above-captioned bankruptcy cases and any litigation by and among the Parties.

10. A receiving party may use any document produced under this Protective Order in any deposition of any Party or Party-representative and in any trial or hearing in these chapter 11 cases or in any pending litigation by and among the Parties without limitation. Nothing in this Protective Order shall limit or restrict Counsel from providing legal and strategic advice to a client.

Any Confidential or Highly Confidential-Attorneys Eyes Only document used in a deposition shall retain its protections, and any testimony revealing the substance of the document shall likewise carry the same designation as the document, provided the deposition, or portions thereof, are properly designated as Confidential or Highly Confidential-Attorneys Eyes Only in accordance with paragraph 7 herein.

11. Any Party desiring to file any Confidential or Highly Confidential-Attorneys Eyes Only document or information with the Court shall file said document under seal. The Parties are authorized to file all such documents under seal for good cause as determined at the discretion of the Court. The Party desiring to maintain the confidentiality of such material has the burden of proof to support any motion to seal the information that either Party may file pursuant to Federal Rule 9037 and Local Rule 9037-1.

12. The existence of this Protective Order, the filing of the documents under seal, or the designation of the documents as Confidential or Highly Confidential-Attorneys Eyes Only shall not serve as a concession or evidence that the documents qualify for protection under Federal or Texas law, or admissible at a hearing or trial. The Party seeking to seal any Protected Information shall have the burden of proving the basis for Confidential and Highly Confidential-Attorneys Eyes Only designation.

13. Once approved and signed by the Parties' counsel, the Parties are to be bound by the provisions of this Protective Order as a valid agreement until such time as the Protective Order is signed and entered by the Court. Once signed and entered, the Parties shall be bound by the provisions of this Protective Order as an order of this Court, which may be modified or amended only by a subsequent Court order.

14. In the event that a Party discovers it inadvertently has produced any Confidential or Highly Confidential-Attorneys Eyes Only documents or information that has not been designated as such in advance of production or disclosure, or otherwise determines previously produced or disclosed documents or information should be treated as Confidential or Highly Confidential-Attorneys Eyes Only, the Party may designate the documents or information as Confidential or Highly Confidential-Attorneys Eyes Only by subsequent notice to all Parties in writing. No person or Party shall incur any liability or sanction with respect to any disclosure or dissemination of documents or information occurring prior to receipt of written notice of a belated designation.

15. If any Party objects to the designation of any document as Confidential or Highly Confidential-Attorneys Eyes Only, the Party shall state the objection by letter to counsel for the Party making the designation and shall identify by bates number each document and/or page to which the Party objects. If the Parties are then unable to resolve the objection, the Party seeking to maintain the designation shall have 14 days from receipt of such written notice within which to move the Court for a judicial determination of whether the materials were properly designated as Confidential or Highly Confidential-Attorneys Eyes Only. Until the Court rules on any such motion, the document(s) shall continue to be deemed Confidential or Highly Confidential-Attorneys Eyes Only under the terms of this Protective Order.

16. This Protective Order shall not apply to any document or information that is available publicly, or which is a matter of public record on file with any court or governmental or regulatory agency or board, or which is or becomes available by any lawful and unrestricted means. The burden of proving that the document or information was obtained from outside the discovery

process in this litigation shall be upon the party receiving the information from the alleged outside source.

17. Notwithstanding any challenge to the designation of material as Confidential or Highly Confidential-Attorneys Eyes Only, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. the Party or non-party who claims that the material is Confidential or Highly Confidential-Attorneys Eyes Only withdraws such designation in writing;

    b. The Court rules the material is not Confidential or Highly Confidential-Attorneys Eyes Only.

18. This Protective Order shall not affect or impair a Party's rights with respect to privileged documents or information. In order to facilitate the production of materials, the Parties understand and agree that, to the extent materials are protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection from disclosure, the production of such materials is not intended to, and shall not, waive or diminish in any way the confidentiality of such materials or the continued protection under the attorney-client privilege, work-product doctrine or any other applicable privilege or protection from disclosure. The Parties further agree that, if a producing party at any time notifies each receiving party that any materials are subject to a claim of privilege or of other protection from disclosure, or if a receiving party discovers that such materials have been inadvertently produced, each receiving party shall destroy or return to the producing party the specified materials and any copies or summaries or extracts thereof without delay, and shall not use or disclose such items for any purpose. Such return shall not preclude the receiving party from seeking to compel production of the materials for reasons other than inadvertent production and shall not constitute an admission by the receiving party that the materials were in fact privileged or protected from disclosure.

19. Any witness or other person, firm, or entity from which discovery is sought shall be considered a producing party entitled to protection under the terms of the Protective Order.

20. If, at any time, any Party other than the producing party who originally produced the Protected Information in question receives a subpoena or other compulsory process commanding production of Protected Information, the Party to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide prompt written notice to the producing party within three business days of receipt of such subpoena. It is the intent of this paragraph to allow at least 10 days, where possible, for the producing party to take protective action regarding the subpoenaed documents before the Protected Information is produced. The Party to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. It shall be the obligation of the producing party, if it chooses, to file a motion for protection or otherwise oppose or respond to such a subpoena or request. Other than the obligation to comply with the requirements stated herein, this Protective Order does not affect a Party's obligation to respond to such a subpoena or request.

21. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following until the earlier of confirmation of a chapter 11 plan in these bankruptcy cases and the closing of these chapter 11 cases.

22. No later than 30 days after the conclusion of all litigation by and among the Parties or the consummation of a plan of reorganization, whichever is later, all Confidential or Highly Confidential-Attorneys Eyes Only shall be returned to the same producing party or destroyed, unless otherwise ordered by this Court or another court of competent jurisdiction. In the event a

Party elects to destroy rather than return documents pursuant to this Paragraph, such Party shall certify in writing within thirty days that the documents have been destroyed.

23.  The attorneys signing this Protective Order have the authority to bind their respective clients to this Protective Order and do so by their signatures.

IT IS SO ORDERED.

Signed this the _____ day of _____, 2020.

_____
Presiding Judge

**AGREED AS TO FORM AND CONTENT:**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar Number 24038592
Aaron J. Power
State Bar Number 24058058
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS**

– and –

*/s/ Kevin D. Collins*
Kevin D Collins
State Bar No. 24050438
Bracewell LLP
111 Congress Ave. , Suite 2300
Austin, Texas 78701
(512) 472-7800
(800) 404-3970 (fax)
kevin.collins@bracewell.com

**ATTORNEYS FOR AIRGAS USA LLC D/B/A RADNOR**


– and –


*/s/ John V. McCoy*
John V. McCoy
MCCOY LEAVITT LASKEY LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
(262) 522-7000
(262) 552-7020
jmccoy@mlllaw.com

**COUNSEL TO THE DEBTORS**

<u>**Exhibit A**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO. and** | § | **CHAPTER 11** |
| **WATSON VALVES SERVICES, INC.** | § | |
| Debtors. | § | |
| | § | |

**Certificate of Acknowledgement of Protective Order**

      I declare that I have received a copy of and have read the Confidentiality and Protective Order ("Order") entered in the above-referenced action. I agree to abide by the Order and agree not to use, reveal, communicate, or disclose to any person or entity any of the documents or information designated as Confidential or Highly Confidential-Attorneys Eyes Only in the above-styled action that are disclosed to me, except in accordance with the terms of the Order. I acknowledge and understand that any violation of the Order may be punishable by contempt of Court or result in civil liability, or both, and irrevocably submit to the jurisdiction of the United States Bankruptcy Court of the Southern District of Texas, Houston Division, for all matters relating to such Order. I declare that the statements and information in this Certificate of Acknowledgement of Protective Order are true and correct.

      My name is _____, I am over the age of 18 years, and my address is _____.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on the _____ day of _____, 2020.

                                                               _____
                                                                Signature of Declarant