IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Watson Grinding and Manufacturing Co., | § § | Case No. 20-30967 |
| Debtor. | § § § | Chapter 11 |

DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF CUMMINGS & HOUSTON, L.L.P. AS
ACCOUNTANT FOR THE DEBTOR *NUNC PRO TUNC* TO
FEBRUARY 20, 2020

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

NOTICE OF EMERGENCY PROTOCOLS

Please note that on March 24, 2020, through the entry of General Order 2020 10, the Court invoked the Protocol for Emergency Public Health or Safety Conditions.

The Order may be found at:
https://www.txs.uscourts.gov/bankruptcy/genord

1

### Electronic Appearances

**It is anticipated that all persons will appear telephonically and also may appear via video at this hearing.**

### Audio Communication
**Audio communication will be by use of the Court's regular dial-in number. The dial in number is 1-832-917-1510. You will be responsible for your own long-distance charges. You will be asked to key in the conference room number. Judge Isgur's conference room number is 954554. Parties are encouraged to review the Court's procedures for telephonic appearances.**

**Attorneys and parties-in-interest wishing to participate in the hearing must connect to the hearing by audio communication. Any person wishing to observe the proceeding may also dial in to the audio conference dial-in number.**

**Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.**

### Video Communication
**Parties may participate in electronic hearings by use of an internet connection. The internet site is www.join.me. Persons connecting by mobile device will need to download the free join.me application.**

**Once connected to www.join.me, a participant must select "Join a Meeting". The code for joining this hearing before Judge Isgur is "judgeisgur". The next screen will have a place for the participant's name in the lower left corner. Please complete the name and click "Notify".**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Watson Grinding and Manufacturing Co. ("WGM" or "Debtor"), Debtor and Debtor in Possession in the above-styled Chapter 11 case (the "Case) files this Application for Entry of an Order Authorizing Employment Authorizing Employment and Retention of Cummings & Houston, L.L.P. as Accountant for the Debtor *Nunc Pro Tunc* to February 20, 2020 ("Application") for the entry of an order pursuant to Sections 327(a) and 330 of Title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. §§ 101-1532, Federal Rules of Bankruptcy Procedure

2

("Bankruptcy Rules") 2014 and 2016 and Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas ("Local Rules") 2014-1 and 2016-1 authorizing the employment and retention of Cummings & Houston, L.L.P. ("C&H") as accountant for the Debtor *nunc pro tunc* effective as of February 20, 2020.  In support of this Application, the Debtor relies on (i) the Declaration ("Cummings Declaration") of Charles C. Cummings, Jr. ("Cummings") in Support of Debtor's Application to Employ, attached as **Exhibit A** and incorporated herein for all purposes; and (ii) the Engagement Letter between C&H and the Debtor, attached as **Exhibit B** and incorporated herein for all purposes.  In further support of this Application, the Debtor respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtor's case in this district is proper pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  This Court has the constitutional authority to enter a final order on this Application, and if not, the Debtor consents to entry of a final order.

## II.
## BACKGROUND FACTS

2.      On February 20, 2020, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Petition Date").

3.      On February 10, 2020, the Official Committee of January 24 Claimants ("Committee") was appointed by the Office of the United States Trustee ("United States Trustee") in this case.

4.  The Debtor is owned in the following percentages:

    | | |
    |---|---|
    | John Watson | 63.778% |
    | Robert White | 17.096% |
    | Jason White | 17.096% |
    | Judy White | 2.029% |

5.  John Watson is the Chief Executive Officer of the Debtor and continues to serve in that capacity. Robert White is the Chief Operating Officer of the Debtor and continues to serve in that capacity. Jason White is the Executive Vice President of the Debtor and continues to serve in that capacity. John Watson, Robert White, and Jason White are employees of the Debtor and serve on the Debtor's Board of Directors. Judy White is not an employee, officer, or director of the Debtor.

6.  The Debtor's assets primarily consist of receivables, raw materials/inventory, intellectual property, and insurance proceeds stemming from a tragic explosion at the Debtor's thermal coating facility. The Debtor is currently operating outside the ordinary course of business.

7.  Additional factual background information regarding the Debtor, including its business operations, and the events leading up to this Chapter 11 filing is set forth in detail in the Declaration of Robert L. White in Support of Chapter 11 Petition and First Day Motions (Docket No. 10).

8.  The Debtor has selected Cummings and the accounting firm of C&H because the firm's accountants have considerable experience in matters of this character and have represented the Debtor for decades. The Debtor is of the opinion that C&H is well qualified to perform the accounting services required in this case. The Debtor relies on the advice and practices at C&H and has used C&H as its accountants since the Debtor's inception.

9.  The Debtor proposes that C&H shall be employed to perform various professional services, including the following:

4

(a)   preparing any necessary federal and state income, payroll, sales, franchise and excise tax returns and reports of the bankruptcy estate, and

(b)   providing evaluations and advice to the Debtor on tax matters which may arise, including the determination of the tax basis of estate assets and the evaluation of the tax effects of the sale of assets of the estate.

10.   The Debtor believes that the employment of C&H as accountants is in the best interest of the estate.

11.   To the best of the Debtor's knowledge after diligent inquiry, the persons employed by C&H and the accounting firm of C&H have no connection with the Debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

12.   Furthermore, as evidenced by the Cummings Declaration, C&H and the persons employed by C&H represent no interest adverse to the Debtor or the estate in the matters upon which it is to be engaged for the Debtor.

13.   C&H is willing to do the accounting work described above on a reasonable hourly fee basis, subject to Court approval of this Application and any other applicable orders. The hourly billing rates of C&H personnel presently range from $110 to $380 per hour, which is commensurate with the experience levels of the respective personnel. Reasonable out of pocket expenses will be charged at actual cost incurred.

14.   Cummings will be the lead professional in charge of the engagement with the Debtor. Cummings has extensive history and knowledge relating to the Debtor's financial condition and records, having been the Debtor's outside accountant for decades. A copy of the *curriculum vitae* of Charles Cummings is attached hereto as **Exhibit C** and is incorporated herein for all purposes.

15. As further evidenced in the Cummings Declaration, the hourly rates charged by C&H are the same as or less than comparable accountants who perform the same kind of work in the same geographical area.

16. The Debtor requests that this Application be granted effective February 20, 2020.

17. The Debtor believes that for all of the reasons stated in this Application and the employment of C&H is appropriate. Furthermore, as stated in the Cummings Declaration, C&H is a "disinterested person" within the meaning of Section 101(14) and does not hold or represent an interest adverse to the Debtor. Accordingly, the Debtor requests that this Application be approved pursuant to 11 U.S.C. §327(a) with compensation to be authorized on an interim and/or final basis pursuant to 11 U.S.C. §§ 330 and 331.

### III.
### NUNC PRO TUNC

18. Pursuant to Local Rule 2014-1, the Debtor requests that C&H's employment be effective *nunc pro tunc* to February 20, 2020. The Debtor did not file the Application to employ the C&H earlier because it was still in the process of complying with various pending investigations in the early days of the case, obtaining copies of its business records, and determining which pre-petition professionals would be needed to render services on a post-petition basis without duplicating any work performed by any other retained professional. Additionally, other urgent matters arising as a result of the COVID-19 crisis had to be prioritized and that resulted in a slight delay in filing this Application within the usual 30-day period, which would have been March 21, 2020. Approval of the Application on a *nunc pro tunc* basis will not prejudice any party, is not sought for an improper purpose, and is sought in the interests of justice.

**PRAYER**

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and for such other and further relief that the Court finds is just and equitable.

Dated: April 14, 2020.

        Respectfully submitted,

        By: */s/ Ruth Van Meter*
           Erin E. Jones
           Texas Bar No. 24032478
           Ruth Van Meter
           Texas Bar No. 20661570
           Jones Murray & Beatty, LLP
           4119 Montrose Blvd., Suite 230
           Houston, Texas 77006
           Phone: 832-529-1999
           Fax: 832-529-5513
           erin@jmbllp.com
           ruth.vanmeter@jmbllp.com

        **ATTORNEYS FOR WATSON GRINDING AND MANUFACTURING CO, INC.**

**CERTIFICATE OF SERVICE**

In accordance with Bankruptcy Local Rule 9013-1(f), the undersigned certifies that on April 14, 2020, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system; and on April 15, 2020, a true and correct copy of the foregoing Application was served via first class mail as indicated on the Master Service List (through third party vendor certificateofservice.com). A detailed supplement to this Certificate of Service will be filed under a separate docket entry.

        */s/ Ruth Van Meter*