THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **DUONG TUNG LA, KELLY THU** | § | |
| **NGUYEN, JENNIFER PHOUNG** | § | |
| **NGUYEN, BICH-NGA THI LE, DAU** | § | |
| **THI HOANG, AND VI HOANG KIM** | § | |
| **WANNIGMAN** | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. _____** |
| | § | |
| v. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC.,** | § | |
| **KMHJ LTD., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state

court action styled *Duoung Tung La, Kelly Thu Nguyen, Jennifer Phoung Nguyen, Bich-nga Thi Le, Dau Thi*

*Hoang, and Vi Hoang Kim Wannigman* v. *Watson Grinding & Manufacturing, Co., KMH Management Company,*

*LLC., KMHJ LTD., Western International Gas Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause No. 2020-

05281, pending in the 133rd Judicial District Court of Harris County, Texas (the "State Court Action").

## I.      Procedural Background and Nature of Suit

1.      On February 3, 2020, Duong Tung La, Kelly Thu Nguyen, Jennifer Phoung Nguyen, Bich-nga Thi Le, Dau Thi Hoang, and Vi Hoang Kim Wannigman (collectively, the "Plaintiffs") filed an Amended Original Petition, Request for Disclosure, and Rule 193.7 Notice (the "Amended petition") against Watson Grinding & Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC, KMHJ, Ltd., Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively,  the "Defendants").  In their Amended Petition, the Plaintiffs assert claims of negligence and gross negligence against the Defendants.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

3.      Originally, the Plaintiffs had also sued CenterPoint Energy, Inc., CenterPoint Energy Service Company, LLC, CenterPoint Energy Resources Corp., and CenterPoint Energy Gas Services, Inc. (collectively, "CenterPoint"); however, on February 20, 2020, an Order was entered that Dismissed (Nonsuit) CenterPoint from the State Court Litigation.

4.      On March 26, 2020, KMHJ, Ltd., and KMHJ Management Company, LLC filed an Original Answer.

## II.      Basis for Removal

5.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

6.     The State Court Action was initiated prior to the commencement of the Chapter 11 Case.  This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2).  *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

8.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

9.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

10.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

11.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

12.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

13.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

14.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 133rd Judicial District Court of Harris County, Texas.

15.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |

| | |
|---|---|
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management<br>Company, LLC and KMHJ, Ltd** | Christopher M. LaVigne<br>Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201<br>LaVigneC@gtlaw.com<br>eservice@zehllaw.com<br><br>Greenberg Traurig, LLP<br>Paul Kerlin<br>1000 Louisiana St., Ste 1700<br>Houston, TX 77002<br>kerlinp@gtlaw.com<br>**ATTORNEYS FOR MATHESON TRI-GAS &<br>WESTERN INTERNATIONAL GAS &<br>CYLINDER** |

## V.      Process and Pleadings

16.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

17.     In the State Court Action, summons was issued on January 29, 2020, but the return of summons has not been filed.

18.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 20, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: _/s/ Ruth Van Meter_
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

    AND

**McCOY LEAVITT LASKEY LLC**

By: _/s/ Michael I. Ramirez_
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX 78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

6

## CERTIFICATE OF SERVICE

I certify that on April 20, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 20, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd** | Christopher M. LaVigne<br>Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201<br>LaVigneC@gtlaw.com<br>eservice@zehllaw.com<br><br>Greenberg Traurig, LLP<br>Paul Kerlin<br>1000 Louisiana St., Ste 1700<br>Houston, TX 77002<br>kerlinp@gtlaw.com<br>**ATTORNEYS FOR MATHESON TRI-GAS & WESTERN INTERNATIONAL GAS & CYLINDER** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| **HCDistrictclerk.com** | LA, DUONG TUNG vs. WATSON GRINDING AND MANUFACTURING CO | 4/17/2020 |
|---|---|---|

Cause: 202005281    CDI: 7    Court: 133

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90051426 | Original Answer of Defendants KMHJ, LTD and KMHJ Management Company, LLC. | | 03/26/2020 | 5 |
| 89583060 | PARTIAL DISMISSAL ON PLAINTIFF'S MOTION | | 02/20/2020 | 2 |
| 89333904 | Suggestion of Bankruptcy | | 02/07/2020 | 3 |
| -> 89333905 | Exhibit A | | 02/07/2020 | 3 |
| 89307085 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89307086 | Exhibit A | | 02/06/2020 | 3 |
| 89226108 | Plaintiff's Amended Original Petition Request for Disclosure and Rule 193.7 Notice | | 02/03/2020 | 9 |
| | Plaintiff's Amended Original Petition Request for Disclosure and Rule 193.7 Notice | | 02/03/2020 | |
| 89241661 | Plaintiff's Motion for Nonsuit without Prejudice | | 02/03/2020 | 3 |
| -> restricted | Proposed Order | | 02/03/2020 | 2 |
| 89100517 | PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE | | 01/27/2020 | 9 |
| | PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE | | 01/27/2020 | |

1/27/2020 8:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40282695
By: Joshua Hall
Filed: 1/27/2020 8:22 AM

CAUSE NO. _____

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC., CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC. | § § § § § § § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION,
## REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN ("Plaintiffs") and initiates this legal action against, WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC. ("Defendants") and would show the Court as follows:

## I.
## DISCOVERY LEVEL

1.     Plaintiffs intend to conduct discovery under Level II of the Texas Rules of Civil Procedure 190.4.

## II.
## REQUEST FOR DISCLOSURE

2.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants to disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law office within 50 days of the service of this request.

## III.
## PARTIES

3.     Plaintiffs are residents of Harris County, Texas.

4.     Defendant Watson Grinding and Manufacturing Co. ("Defendant Watson Manufacturing") is a domestic corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Mr. John M. Watson at 4525 Gessner Road, Houston, Texas 77041.

5.      Defendant KMHJ Management Company, LLC is a domestic limited liability company registered to do business in the State of Texas, whose managing member is a resident of Harris County, Texas. Defendant may be served through its registered agent, Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

6.     Defendant KMHJ, LTD. is a domestic limited partnership registered to do business in Texas whose general partner is a resident of Harris County, Texas. Defendant may be

2

served through its registered agent, KMHJ Management Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

7.      Defendant CenterPoint Energy, Inc. is a domestic corporation under the laws of Texas and with its principal place of business in Harris County, Texas. Defendant may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8.      Defendant CenterPoint Energy Service Company, LLC is a domestic limited liability company doing business and enjoying the laws of the State of Texas. Defendant may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9.      Defendant CenterPoint Energy Services, Inc. is a foreign corporation doing business and enjoying the laws of the State of Texas. Defendant may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10.      Defendant CenterPoint Energy Resources Corp. is a foreign corporation doing business and enjoying the laws of the State of Texas. Defendant may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

11.      Defendant CenterPoint Gas Services, Inc. is a foreign corporation doing business and enjoying the laws of the State of Texas. Defendant may be served with process through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## IV.
## JURISDICTION & VENUE

12.     This Court has personal jurisdiction over Defendants because Defendants have in the past and continues to do business in Texas, has continuing contacts with the State, and are amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

13.     Harris County is the proper county of venue because it is where all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1).

## V.
## FACTUAL BACKGROUND

14.     Defendant Watson Manufacturing is a local company with its facility located at 4525 Gessner Road, Houston, Harris County, Texas 77041 (the "Watson Plant"). Defendant manufactures and services valves and pump components for the chemical, offshore, and aerospace industries. Since 2006, the Occupational Safety and Health Administration ("OSHA") has found at least three violations wherein individuals reported injuries at Defendant's facility. In 2013, OSHA fined Defendant for failing to properly control hazardous energy and materials.  In 2015, Defendant failed to include propylene, a hazardous chemical, in its mandatory inventory reporting to the state's governing and regulating authorities.

15.     On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of

propylene and natural gas which were near each other at the Watson Plant.   The CenterPoint Defendants were the supplier of natural gas at the Watson Plant.

16.     Plaintiffs were within the blast radius and vicinity of the Watson Plant at the time of the explosion and were awoke by the unexpected blast. In an effort to protect themselves and escape their residences, Plaintiffs suffered serious bodily and emotional injuries.

17.     It has been reported that at least two individuals died as a result of the incident made the basis of this lawsuit. At the time of this filing, it is believed that over 200 residences within the vicinity of the Watson Plant have suffered varying degrees of damages.

## VI.
## NEGLIGENCE (ALL DEFENDANTS)

18.     Defendants owed a duty of reasonable care to the Plaintiffs. Defendants breached their duty in one or more of the following ways:

      a.   Failing to create and/or enforce safety rules and guidelines;

      b.   Failing to adhere to OSHA standards applicable to this case;

      c.   Failing to perform their businesses in a safe manner;

      d.   Failing to provide a safe workplace;

      e.   Failing to recognize and remediate hazards;

      f.   Failing to properly position the propylene and natural gases materials;

      g.   Failing to adequately respond to an emergency as to prevent the incident;

      h.   Failing to provide timely assistance and help to prevent incident;

      i.   Failing to ensure protections were in place to prevent incident;

      j.   Failing to warn of a known hazard;

k.  Failing to read, understand, and follow published safe policies/procedures;

l.   Failing to identify and eliminate unsafe work policies/procedures;

m. Failing to prevent the creation of latent dangers;

n.  Failing to have policies/procedures in place to recognize latent dangers;

o.  Failing to have policies/procedures in place to eliminate latent dangers;

p.  Failing to provide adequate equipment and competent personnel;

q.  Failing to institute precautionary measure to protect local communities;

r.   Failing to use proper equipment;

s.  Failing to properly plan for emergent situations;

t.   Failing to safely monitor propylene and the gas at the Watson Plant;

u.  Failing to adequately place the propylene and natural gas on premises; and

v.  Failing to implement effective systems for the safe storage and use of propylene and natural gas at the Watson Plant.

19.    Defendants' acts and omissions were a proximate cause of Plaintiffs' injuries.

## VII.
## RESPONDEAT SUPERIOR

20.    Defendants are liable for the torts committed by its employees during the course and scope of the employee's employment. At the time of the incident made the basis of this lawsuit, Defendants' employees were negligent and grossly negligent while in the course and scope of their employment with Defendants (and in furtherance of Defendants' businesses). Defendants' employees and representatives had a general duty to exercise reasonable care in performing their work. Defendants' employee, however, failed to exercise the requisite standard of care, were negligent, and were grossly negligent. As a result, Defendants are liable for all injuries sustained by Plaintiffs.

## VIII.
## GROSS NEGLIGENCE (ALL DEFENDANTS)

21.     Plaintiffs re-allege each aforementioned allegation in this petition. Defendants had a duty and responsibility to act (or not act) in ways that involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants have actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or wellbeing of others. Tex. Civ. Prac. Rem. Code §41.001(11). Defendants knew or should have known of the risk associated with using incorrect, insufficient, or defective piping for the propylene and/or natural gas as well as the risk associated with keeping the two extremely combustible materials in close proximity to each other at the Watson Plant. As a result of Defendants' actions or omissions, Plaintiffs pray that Defendants be found grossly negligent and Plaintiffs be awarded punitive damages against Defendants.

## IX.
## DAMAGES

22.     Plaintiffs, individually, seek damages in excess of $1,000,000.00 and seek any other relief which Plaintiffs may show themselves justly entitled. Plaintiffs seek the following damages:

      a.     Real property and personal property damages;

      b.     Physical pain and suffering in the past and future;

      c.     Mental anguish in the past and future;

      d.     Physical impairment in the past and future;

      e.     Disfigurement in the past and future;

      f.     Lost Wages;

g.   Medical expenses in the past and future;

h.   Loss of consortium and companionship in the past and future;

i.   Loss of earning capacity in the past and future;

j.   Loss of household services in the past and future;

k.   Punitive damages;

l.   Attorney's fees and expenses; and

m.   Prejudgment and post-judgment interest.

## X.
## RULE 193.7 NOTICE

23.   Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XI.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that they obtain a judgment against Defendants, jointly and severally, for damages pled herein and for such other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**MCMILLAN FIRM, P.L.L.C.**

By: _____

Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

and

**THE HADI LAW FIRM PLLC**

By: _____

Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax: (855) 423-4529
litigation@thehadilawfirm.com

*ATTORNEYS FOR PLAINTIFFS*

9

2/3/2020 8:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40487251
By: SHANNON NORTH-GONZALEZ
Filed: 2/3/2020 8:57 AM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| **DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN** | § § § § § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC. AND KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC.** | § § § § § § § § | |
| | § | |
| *Defendants*. | § | **133rd JUDICIAL DISTRICT** |

### PLAINTIFFS' AMENDED ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE JACLANEL MCFARLAND:

COMES NOW, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, and VI HOANG KIM WANNIGMAN ("Plaintiffs") and initiates this legal action against, WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC. ("Collectively as Defendants") and would show the Court as follows:

**I.**
**DISCOVERY LEVEL**

1.      Plaintiffs intend to conduct discovery under Level II of the Texas Rules of Civil Procedure 190.4.

**II.**
**REQUEST FOR DISCLOSURE**

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants to disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law office within 50 days of the service of this request.

**III.**
**PARTIES**

3.      Plaintiffs are residents of Harris County, Texas.

4.      Defendant Watson Grinding and Manufacturing Co. ("Defendant Watson Manufacturing") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Mr. John M. Watson at 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

5.       Defendant Watson Valve Services, Inc. ("Defendant Watson Valve") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Mr. John M. Watson at 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

6.      Defendant KMHJ Management Company, LLC is a domestic limited liability

company registered to do business in the State of Texas, whose managing member is a resident of Harris County, Texas. Defendant may be served through its registered agent, Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

7.     Defendant KMHJ, LTD. is a domestic limited partnership registered to do business in Texas whose general partner is a resident of Harris County, Texas. Defendant may be served through its registered agent, KMHJ Management Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

8.     Defendant Western International Gas & Cylinders, Inc. ("Defendant Western") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Ms. Denise C. Haugen, at 7173 Highway 159 East, Bellville, Texas 77418 or wherever she may be found.

9.     Defendant Matheson Tri-Gas, Inc. ("Defendant Matheson") is a domestic for-profit corporation incorporated under the laws of the State of Texas and operating in Texas. Defendant may be served through its registered agent, CT Corporation Services, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.     Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using the assumed names or common names of the Defendants listed above with regards to the events described in this and subsequent amended petitions. Plaintiff expressly invokes their rights under Rule 28 of the Texas Rules of Civil Procedure to have the true and correct names of the party or parties substituted at a later time upon the filing of a motion or action of the Court.

## IV.
## JURISDICTION & VENUE

11.     This Court has personal jurisdiction over Defendants because Defendants have in the past and continues to do business in Texas, has continuing contacts with the State, and are amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

12.     Harris County is the proper county of venue because it is where all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1).

## V.
## FACTUAL BACKGROUND

13.     Defendant Watson Manufacturing is a local company with its facility located at 4525 Gessner Road, Houston, Harris County, Texas 77041 (the "Watson Plant"). Defendant manufactures and services valves and pump components for the chemical, offshore, and aerospace industries. Since 2006, the Occupational Safety and Health Administration ("OSHA") has found at least three violations wherein individuals reported injuries at Defendant's facility. In 2013, OSHA fined Defendant for failing to properly control hazardous energy and materials.  In 2015, Defendant failed to include propylene, a hazardous chemical, in its mandatory inventory reporting to the state's governing and regulating authorities.

14.     On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of

propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with the Environmental Protection Agency.  Defendants did not and do not have a Risk Management Plan on file.

15.     Plaintiffs were within the blast radius and vicinity of the Watson Plant at the time of the explosion and were awoke by the unexpected blast. In an effort to protect themselves and escape their residences, Plaintiffs suffered serious bodily and emotional injuries.

16.     It has been reported that at least two individuals died as a result of the incident made the basis of this lawsuit. At the time of this filing, it is believed that over 200 residences within the vicinity of the Watson Plant have suffered varying degrees of damages.

## VI.
## NEGLIGENCE (ALL DEFENDANTS)

17.     Defendants owed a duty of reasonable care to the Plaintiffs. Defendants breached their duty in one or more of the following ways:

     a.  Failing to create and/or enforce safety rules and guidelines;

     b.  Failing to adhere to OSHA standards applicable to this case;

     c.  Failing to perform their businesses in a safe manner;

     d.  Failing to provide a safe workplace;

     e.  Failing to recognize and remediate hazards;

     f.  Failing to properly position the propylene and natural gases materials;

     g.  Failing to adequately respond to an emergency as to prevent the incident;

h.  Failing to provide timely assistance and help to prevent incident;

i.  Failing to ensure protections were in place to prevent incident;

j.  Failing to warn of a known hazard;

k.  Failing to read, understand, and follow published safe policies/procedures;

l.  Failing to identify and eliminate unsafe work policies/procedures;

m. Failing to prevent the creation of latent dangers;

n.  Failing to have policies/procedures in place to recognize latent dangers;

o.  Failing to have policies/procedures in place to eliminate latent dangers;

p.  Failing to provide adequate equipment and competent personnel;

q.  Failing to institute precautionary measure to protect local communities;

r.  Failing to use proper equipment;

s.  Failing to properly plan for emergent situations;

t.  Failing to safely monitor propylene and the gas at the Watson Plant;

u.  Failing to adequately place the propylene and natural gas on premises; and

v.  Failing to implement effective systems for the safe storage and use of propylene and natural gas at the Watson Plant.

18.    Defendants' acts and omissions were a proximate cause of Plaintiffs' injuries.

**VII.**
**RESPONDEAT SUPERIOR**

19.    Defendants are liable for the torts committed by its employees during the course and scope of the employee's employment. At the time of the incident made the basis of this lawsuit, Defendants' employees were negligent and grossly negligent while in the course and scope of their employment with Defendants (and in furtherance of Defendants' businesses). Defendants' employees and representatives had a general duty to exercise

6

reasonable care in performing their work. Defendants' employee, however, failed to exercise the requisite standard of care, were negligent, and were grossly negligent. As a result, Defendants are liable for all injuries sustained by Plaintiffs.

## VIII.
## GROSS NEGLIGENCE (ALL DEFENDANTS)

20.     Plaintiffs re-allege each aforementioned allegation in this petition. Defendants had a duty and responsibility to act (or not act) in ways that involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants have actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or wellbeing of others. Tex. Civ. Prac. Rem. Code §41.001(11). Defendants knew or should have known of the risk associated with using incorrect, insufficient, or defective piping for the propylene and/or natural gas as well as the risk associated with keeping the two extremely combustible materials in close proximity to each other at the Watson Plant. As a result of Defendants' actions or omissions, Plaintiffs pray that Defendants be found grossly negligent and Plaintiffs be awarded punitive damages against Defendants.

## IX.
## DAMAGES

21.     Plaintiffs, individually, seek damages in excess of $1,000,000.00 and seek any other relief which Plaintiffs may show themselves justly entitled. Plaintiffs seek the following damages:

      a.     Real property and personal property damages;

      b.     Physical pain and suffering in the past and future;

      c.     Mental anguish in the past and future;

      d.     Physical impairment in the past and future;

      e.     Disfigurement in the past and future;

      f.     Lost Wages;

      g.     Medical expenses in the past and future;

      h.     Loss of consortium and companionship in the past and future;

      i.     Loss of earning capacity in the past and future;

      j.     Loss of household services in the past and future;

      k.     Punitive damages;

      l.     Attorney's fees and expenses; and

      m.     Prejudgment and post-judgment interest.

### X.
### RULE 193.7 NOTICE

22.    Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

### XI.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that they obtain a judgment against Defendants, jointly and severally, for damages pled herein and for such other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**MᴄMɪʟʟᴀɴ Fɪʀᴍ, P.L.L.C.**

By: _____
Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

*ATTORNEY FOR PLAINTIFFS*

9

2/3/2020 4:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40516385
By: SHANNON NORTH-GONZALEZ
Filed: 2/3/2020 4:34 PM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| **DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN** | § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC., CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC.** | § § § § § § § § § § § § § § | |
| *Defendants*. | § | **133rd JUDICIAL DISTRICT** |

### PLAINTIFFS' MOTION FOR NON-SUIT WITHOUT PREJUDICE

TO THE HONORABLE JUDGE JACLANEL MCFARLAND:

COMES NOW, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN ("Plaintiffs") in the above entitled and numbered cause, and files their motion for Non-Suit without Prejudice as to Defendants CENTERPOINT ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC. Plaintiffs maintain their suit against all Defendants not specifically dismissed in this filing.

Respectfully submitted,

MᴄMɪʟʟᴀɴ Fɪʀᴍ, P.L.L.C.

By: _____
Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel in accordance with the Texas Rules of Civil Procedure on this the 3rd day of February 2020.

CHANCE A. MCMILLAN

2/3/2020 4:34:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40516385
By: NORTH, SHANNON
Filed: 2/3/2020 4:34:57 PM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| **DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN** | §<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | §<br>§ | |
| **v.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC., CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants*. | § | **133rd JUDICIAL DISTRICT** |

## ORDER

On this day came the Plaintiffs, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, by and through their attorney of record, and filed their Motion for Non-Suit without Prejudice as to Defendants, CENTERPOINT ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC, and it is, therefore,

ORDERED, ADJUDGED and DECREED by the Court that the suit filed by DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, against CENTERPOINT

ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC, be dismissed, without prejudice, at this Plaintiffs' cost as to their cause of action against Defendant, CENTERPOINT ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC. Plaintiffs maintain their suit against all Defendants not specifically dismissed in this filing.

SIGNED this _____ day of _____, 2020.


_____
**JUDGE PRESIDING**

2/6/2020 3:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40628331
By: SHANNON NORTH-GONZALEZ
Filed: 2/6/2020 3:54 PM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| Duong Tung La, et al. | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| v. | § | |
| | § | **133rd Judicial District** |
| Watson Grinding and Manufacturing | § | |
| Co., et al. | § | |
| | § | **Harris County, Texas** |
| **Defendants.** | § | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967.  This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MᴄDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

**PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Chance A. McMillan                 cam@mcmillanfirm.com
Matthew Mendoza               mem@mcmillanfirm.com
                                      filing@mcmillanfirm.com
Hussein Hadi                     litigation@thehadilawfirm.com
Jamil Thomas
Sedrick Stagg

                                   /s/ Jarrod B. Martin
                                   Jarrod B. Martin

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.



**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:01 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30967 |
| Billable Pages: | 1 | Cost: | 0.10 |

2/7/2020 4:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40671038
By: EVELYN PALMER
Filed: 2/7/2020 4:36 PM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| **Duong Tung La, et al.** | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| **v.** | § | |
| | § | **133rd Judicial District** |
| **Watson Grinding and Manufacturing** | § | |
| **Co., et al.** | § | |
| | § | **Harris County, Texas** |
| **Defendants.** | | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30698. This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 7, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
VALVE SERVICES, INC.***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Chance A. McMillan         cam@mcmillanfirm.com
Matthew Mendoza          mem@mcmillanfirm.com
                                    filing@mcmillanfirm.com
Hussein Hadi                 litigation@thehadilawfirm.com
Jamil Thomas
Sedrick Stagg

                                 /s/ Jarrod B. Martin_____
                                 Jarrod B. Martin

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.

**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:57 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30968 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

2/3/2020 4:34:57 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40516385
By: NORTH, SHANNON
Filed: 2/3/2020 4:34:57 PM

**CAUSE NO. 2020-05281**

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN<br><br>*Plaintiffs,*<br><br>v.<br><br>WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC., CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br><br><br><br><br><br>133rd JUDICIAL DISTRICT |

## ORDER

On this day came the Plaintiffs, DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, by and through their attorney of record, and filed their Motion for Non-Suit without Prejudice as to Defendants, CENTERPOINT ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GAS SERVICES, INC, and it is, therefore,

ORDERED, ADJUDGED and DECREED by the Court that the suit filed by DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, against CENTERPOINT

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

ENERGY, INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT

ENERGY SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND

CENTERPOINT ENERGY GAS SERVICES, INC, be dismissed, without prejudice, at this

Plaintiffs' cost as to their cause of action against Defendant, CENTERPOINT ENERGY,

INC. CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY

SERVICES, INC., CENTERPOINT ENERGY RESOURCES CORP., AND

CENTERPOINT ENERGY GAS SERVICES, INC. Plaintiffs maintain their suit against all

Defendants not specifically dismissed in this filing.


SIGNED this ____20____ day of ____February____, 2020.


**JUDGE PRESIDING**

3/26/2020 9:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41931815
By: SHANNON NORTH-GONZALEZ
Filed: 3/26/2020 9:20 AM

## CAUSE NO. 2020-05281

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | §<br>§ | |
| **vs.** | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO.; WATSON VALVE SERVICES, INC; KMHJ MANAGEMENT COMPANY, LLC; KMHJ, LTD.; WESTERN INTERNATIONAL GAS & CYCLINDERS, INC.; AND MATHESON TRI-GAS, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants.** | § | 133rd JUDICIAL DISTRCT |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC, and subject to the pending bankruptcy proceedings filed by Watson Grinding and Manufacturing Company and/or Motion to Stay pending bankruptcy, files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the Court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' Petition and demand strict proof thereof by a preponderance of the evidence.  Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.  Defendants were not engaged in business operations that utilized, stored or maintained flammable, explosive or volatile chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.   Defendants were not engaged in business operations that utilized, stored or maintained flammable, explosive or volatile chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002;  §41.002(a)(b)(c)  and  (d);  §41.003;  §41.004;  §41.006;  §41.007;  §41.008;  §41.009; §41.010; §41.011; §41.012 and §41.013.

## VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as

provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants KMHJ, Ltd. and KMHJ Management Company, LLC pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:  */s/ Robert C. Turner*
ROBERT C. TURNER
State Bar No. 00791831
17070 Dallas Parkway, Suite 100
Dallas, Texas  75248
TELEPHONE (972) 715-1750
FACSIMILE (972) 715-1759
robertturner@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD. and KMHJ MANAGEMENT
COMPANY, LLC

# EXHIBIT A – STATE COURT PLEADINGS

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 26th day of March 2020.

Chance A. McMillan                 *Via Email:* cam@mcmillanfirm.com
Mathew Mendoza                 *Via Email:* mem@mcmillanfirm.com
McMillan Firm, P.L.L.C.            *Via Email:* filing@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
      *Attorneys for Plaintiffs*

Husein Hadi                       *Via Email:* litigation@thehadilawfirm.com
Jamil Thomas
Carnegie H. Mims, III
Sedrick Stagg
7100 Regency Square Blvd, Ste 140
Houston, TX 77036
      *Attorneys for Plaintiffs*

Jarrod B. Martin               *Via Email* Jarrod.Martin@mhllp.com
McDowell Hetherington, LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002

Erin E. Jones                 *Via Email:* Erin@jmbllp.com
Jones Murray & Beatty, LLP
4119 Montrose, Suite 230
Houston, TX 77006
*Proposed Bankruptcy Counsel for Watson*
*Grinding and Manufacturing Co.*

                     */s/ Robert C. Turner*
                     ROBERT C. TURNER