## THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **SEAN ROBERT RANGEL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **ADVERSARY NO. _____** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | |
| **KMHJ, LTD, AND KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| | | |
| Defendants. | | |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Sean Robert Rangel* v. *Watson Valve Services, Inc., Watson Grinding & Manufacturing, Co., KMHJ, Ltd. and KMHJ Management Company, LLC,* Cause No. 2020-05585, pending in the 269th Judicial District Court of Harris County, Texas (the "State Court Action").

### I.      Procedural Background and Nature of Suit

1.      On January 2, 2020, *Sean Robert Rangel* (the "Plaintiff") filed a First Amended Original Petition against Watson Valve Services, Inc., Watson Grinding & Manufacturing Co., KMHJ, Ltd., and KMHJ Management Company, LLC (collectively, the "Defendants").  In his First Amended

Original Petition, the Plaintiff asserts claims of negligence and gross negligence against the Defendants.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

3.      On March 27, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC and Original Answer.

## II.    Basis for Removal

4.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

5.      The State Court Action was initiated prior to the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

8.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

9.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

10.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     <u>Core or Non-Core Bankruptcy Jurisdiction</u>

11.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

12.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

## IV.  Parties and Notice

13.      Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 269th Judicial District Court of Harris County, Texas.

14.      In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Fernelius Simon Mace Robertson Perdue PLLC<br>Joel C. Simon<br>Stephen M. Fernelius<br>Ryan M. Perdue<br>4119 Montrose Blvd, Ste 500<br>Houston, TX 77006<br>Joel.simon@trialattorneytx.com<br>Steve.fernelius@trialattorneytx.com<br>Ryan.perdue@trialattorneytx.com<br>**ATTORNEYS FOR PLAINTIFF** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

## V.  Process and Pleadings

15.      Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

16.     In the State Court Action, no summons was issued.

17.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 20, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 20, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) to the following:

| | |
|---|---|
| Fernelius Simon Mace Robertson Perdue PLLC<br>Joel C. Simon<br>Stephen M. Fernelius<br>Ryan M. Perdue<br>4119 Montrose Blvd, Ste 500<br>Houston, TX 77006<br>Joel.simon@trialattorneytx.com<br>Steve.fernelius@trialattorneytx.com<br>Ryan.perdue@trialattorneytx.com<br>**ATTORNEYS FOR PLAINTIFF** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| **HCDistrictclerk.com** | RANGEL, SEAN ROBERT vs. WATSON VALVE SERVICES INC | 4/17/2020 |
|---|---|---|

Cause: 202005585      CDI: 7      Court: 269

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90066028 | Original Answer of Defendnats KMHJ, LTD, and KMHJ Management Company, LLC | | 03/27/2020 | 5 |
| | Original Answer of Defendnats KMHJ, LTD, and KMHJ Management Company, LLC | | 03/27/2020 | |
| 89304294 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89304295 | Exhibit A | | 02/06/2020 | 3 |
| 89304296 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89304297 | Exhibit A | | 02/06/2020 | 3 |
| 89172331 | Plaintiff's First Amended Original Petition | | 01/29/2020 | 7 |
| 89123079 | PLAINTIFF'S ORIGINAL PETITION | | 01/27/2020 | 7 |

1/27/2020 6:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40321700
By: Joshua Hall
Filed: 1/27/2020 6:31 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SEAN ROBERT RANGEL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC.; | § | |
| WATSON GRINDING & | § | |
| MANUFACTURING Co., | § | |
| KMHJ, LTD., KMHJ MANAGEMENT | § | |
| COMPANY, LLC | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Sean Robert Rangel files this, his Original Petition and submits the following.

### **Discovery Plan**

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, discovery in this case is to be conducted under *Level 3*.

### **Parties**

2. Plaintiff Sean Robert Rangel ("Rangel") is an individual residing in Harris County, Houston, Texas.

3. Defendant Watson Valve Services, Inc., is a domestic for-profit corporation that has its principal place of business located in Harris County, Texas. Defendant Watson Valve Services, Inc., may be served via its registered agent John M. Watson at 4525 Gessner Road, Houston, Texas 77401.

4. Defendant Watson Grinding & Manufacturing Company is a domestic for-profit corporation that has its principal place of business located in Harris County, Texas. Defendant Watson

1

Grinding & Manufacturing Co., may be served via its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77401.

5. Defendant KMHJ, Ltd., is a domestic limited partnership that maintains its principal place of business in Harris County, Texas. KHMJ, Ltd., may be served via its registered agent, KMHJ Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

6. Defendant KMHJ Management Company, LLC, is a domestic limited liability company that maintains its principal place of business in Harris County, Texas. KMHJ Management Company, LLC, may be served via its registered agent Kelly Lee Watson at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

## Jurisdiction and Venue

7. Venue is appropriate in this Court because one or more defendants maintain their principal office / place of business in Harris County and because a substantial amount of the events giving rise to this lawsuit occurred in Harris County, Texas. This suit is not removable because it does not involve a federal question, and there is not complete diversity of parties. Jurisdiction in this court is appropriate because Plaintiffs seek more than $1,000,000 in damages from Defendants.

## Facts

8. This matter reflects the damage and human toll caused by the failure of large corporations from putting safety and common sense first. At approximately 4:25 am on January 24, 2020, a massive explosion occurred at the Houston, Texas facility owned, operated, and maintained by Defendants. Indeed, the force of the January 24 explosion was so strong that it was felt miles away, and effectively leveled the area near the Gessner facility:

2



9.  Based on information gathered to-date, the explosion appears to have been preceded by a loud "hissing" noise heard.  Rangel is aware of multiple instances in which Defendants' facility suffered leaks and maintenance problems prior to January 24, 2020.  Instead of repairing such issues in a timely manner, Defendants would often employ temporary fixes.

10. Rangel, who works for Watson Grinding & Manufacturing Company, was driving on Steffani Lane, when the explosion occurred.  The force of the explosion resulted in Rangel's truck being flung like a ragdoll to a nearby warehouse.  Rangel, who believed he must have been hit by a large vehicle travelling at a high-rate of speed, had to be rescued by emergency medical personnel.  He had to be taken to the emergency room for treatment.  Most immediately, Rangel had to be treated for severe damage to his left eye:

3



11. Rangel still has incessant ringing in his left ear and is still in the process of evaluating the extent of his physical injuries.

12. In addition to the physical trauma, Rangel has already begun to experience issues such as flashbacks and sleeplessness. These consequences of the January 24 explosion are also in the process of being evaluated.

## Causes of Action

### *NEGLIGENCE*

13. Rangel incorporates by reference and for all purposes all factual statements contained elsewhere in this petition as if they were set forth herein.

14. Defendants owed a legal duty to Rangel.

15. Defendants breached their legal duties by, among other things,:

   a. Failing to control, monitor, and prevent the explosion giving rise to this lawsuit;

   b. Failing to properly maintain and repair equipment;

4

    c. Failing to take reasonable steps to prevent serious, foreseeable harm to individuals located near Defendants' Gessner facility; and

    d. Failing to adequately train or employ individuals such the January 24 explosion would not have occurred.

16. Defendants' breach of their legal duties proximately caused Rangel's damages.

### *GROSS NEGLIGENCE*

17. Rangel incorporate by reference and for all purposes all factual statements contained elsewhere in this petition as if they were set forth herein.

18. Defendants were as consciously aware of an extreme degree of risk, but consciously decided to proceed with its operations despite knowing that serious harm could be inflicted on individuals, such as Rangel. As a consequence, Defendants were guilty of gross negligence in connection with the explosion and are liable for punitive damages.

### **Damages**

19. Plaintiffs have suffered legal damages within the jurisdictional limits of this Court, for which they now sue. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of more than $1,000,000.

### **Jury Demand**

20. Plaintiffs request that this matter be decided at trial by a jury. Plaintiffs are tendering the requisite jury fee.

### **Request for Disclosure**

21. Plaintiffs request that Defendants disclose those items and information identified in Texas Rule of Civil Procedure 194.

## Prayer

22. Plaintiff Sean Rangel requests that Defendants be cited to appear and answer and that, upon

final trial, Plaintiffs be awarded:

- Damages for past and future medical expenses;

- Damages for past and future pain, suffering, and mental anguish;

- Damages for past and future disfigurement;

- Damages for past and future wage loss;

- Punitive damages;

- Pre- and post-judgment interest;

- Costs; and

- All other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC**

By: */s/ Joel C. Simon*
Joel C. Simon
State Bar No. 24046850
Email: joel.simon@trialattorneytx.com
Stephen M. Fernelius
State Bar No. 06934340
Email: steve.fernelius@trialattorneytx.com
Ryan M. Perdue
State Bar No. 24046611
Email: ryan.perdue@trialattorneytx.com
4119 Montrose Blvd., Suite 500
Houston, Texas 77006
Telephone: 713-654-1200
Facsimile: 713-654-4039

**COUNSEL FOR PLAINTIFF**

6

## CERTIFICATE OF SERVICE

I certify that on this, the 27th day of January, 2020 a true and correct copy of the foregoing document was served to all counsel of record according to the Texas Rules of Civil Procedure.

Tracey Rice
Copeland & Rice
2777 Allen Parkway, Suite 977
Houston, Texas 77010

/s/ Joel C. Simon
Joel C. Simon

7

1/29/2020 5:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40401718
By: Brittany Hall
Filed: 1/29/2020 5:49 PM

CAUSE NO. 2020-05585

| | | |
|---|---|---|
| SEAN ROBERT RANGEL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC.; | § | |
| WATSON GRINDING & | § | |
| MANUFACTURING Co., | § | |
| KMHJ, LTD., KMHJ MANAGEMENT | § | |
| COMPANY, LLC | § | |
| | § | |
| Defendants. | § | 269TH JUDICIAL DISTRICT |

## **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

Plaintiff Sean Robert Rangel files this, his First Amended Original Petition and submits the following.

### **Discovery Plan**

1.  Pursuant to Rule 190 of the Texas Rules of Civil Procedure, discovery in this case is to be conducted under *Level 3*.

### **Parties**

2.  Plaintiff Sean Robert Rangel ("Rangel") is an individual residing in Harris County, Houston, Texas.

3.  Defendant Watson Valve Services, Inc., is a domestic for-profit corporation that has its principal place of business located in Harris County, Texas. Defendant Watson Valve Services, Inc., may be served via its registered agent John M. Watson at 4525 Gessner Road, Houston, Texas 77401.

4.  Defendant Watson Grinding & Manufacturing Company is a domestic for-profit corporation

1

that has its principal place of business located in Harris County, Texas. Defendant Watson Grinding & Manufacturing Co., may be served via its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77401.

5. Defendant KMHJ, Ltd., is a domestic limited partnership that maintains its principal place of business in Harris County, Texas. KHMJ, Ltd., may be served via its registered agent, KMHJ Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

6. Defendant KMHJ Management Company, LLC, is a domestic limited liability company that maintains its principal place of business in Harris County, Texas. KMHJ Management Company, LLC, may be served via its registered agent Kelly Lee Watson at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

## Jurisdiction and Venue

7. Venue is appropriate in this Court because one or more defendants maintain their principal office / place of business in Harris County and because a substantial amount of the events giving rise to this lawsuit occurred in Harris County, Texas. This suit is not removable because it does not involve a federal question, and there is not complete diversity of parties. Jurisdiction in this court is appropriate because Plaintiffs seek more than $1,000,000 in damages from Defendants.

## Facts

8. This matter reflects the damage and human toll caused by the failure of large corporations from putting safety and common sense first. At approximately 4:25 am on January 24, 2020, a massive explosion occurred at the Houston, Texas facility owned, operated, and maintained by Defendants. Indeed, the force of the January 24 explosion was so strong that it was felt miles away, and effectively leveled the area near the Gessner facility:

2



9.  Based on information gathered to-date, the explosion appears to have been preceded by a loud
    "hissing" noise heard.  Rangel is aware of multiple instances in which Defendants' facility
    suffered leaks and maintenance problems prior to January 24, 2020.  Instead of repairing such
    issues in a timely manner, Defendants would often employ temporary fixes.

10. Rangel, who works for Watson Grinding & Manufacturing Company, was driving on Steffani
    Lane, when the explosion occurred.  The force of the explosion resulted in Rangel's truck being
    flung like a ragdoll to a nearby warehouse.  Rangel, who believed he must have been hit by a
    large vehicle travelling at a high-rate of speed, had to be rescued by emergency medical
    personnel.  He had to be taken to the emergency room for treatment.  Most immediately, Rangel
    had to be treated for severe damage to his left eye:



11. Rangel still has incessant ringing in his left ear and is still in the process of evaluating the extent of his physical injuries.

12. In addition to the physical trauma, Rangel has already begun to experience issues such as flashbacks and sleeplessness.  These consequences of the January 24 explosion are also in the process of being evaluated.

## **Causes of Action**

### *NEGLIGENCE*

13. Rangel incorporates by reference and for all purposes all factual statements contained elsewhere in this petition as if they were set forth herein.

14. Defendants owed a legal duty to Rangel.

15. Defendants breached their legal duties by, among other things,:

    a.   Failing to control, monitor, and prevent the explosion giving rise to this lawsuit;

    b.   Failing to properly maintain and repair equipment;

4

    c.  Failing to take reasonable steps to prevent serious, foreseeable harm to individuals located near Defendants' Gessner facility; and

    d.  Failing to adequately train or employ individuals such the January 24 explosion would not have occurred.

16. Defendants' breach of their legal duties proximately caused Rangel's damages.

***GROSS NEGLIGENCE***

17. Rangel incorporate by reference and for all purposes all factual statements contained elsewhere in this petition as if they were set forth herein.

18. Defendants were as consciously aware of an extreme degree of risk, but consciously decided to proceed with its operations despite knowing that serious harm could be inflicted on individuals, such as Rangel. As a consequence, Defendants were guilty of gross negligence in connection with the explosion and are liable for punitive damages.

## Damages

19. Plaintiffs have suffered legal damages within the jurisdictional limits of this Court, for which they now sue. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of more than $1,000,000.

## Jury Demand

20. Plaintiffs request that this matter be decided at trial by a jury. Plaintiffs are tendering the requisite jury fee.

## Request for Disclosure

21. Plaintiffs request that Defendants disclose those items and information identified in Texas Rule of Civil Procedure 194.

## **Prayer**

22. Plaintiff Sean Rangel requests that Defendants be cited to appear and answer and that, upon

final trial, Plaintiffs be awarded:

- Damages for past and future medical expenses;

- Damages for past and future pain, suffering, and mental anguish;

- Damages for past and future disfigurement;

- Damages for past and future wage loss;

- Punitive damages;

- Pre- and post-judgment interest;

- Costs; and

- All other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC**

By: */s/  Joel C. Simon*
Joel C. Simon
State Bar No. 24046850
Email: joel.simon@trialattorneytx.com
Stephen M. Fernelius
State Bar No. 06934340
Email: steve.fernelius@trialattorneytx.com
Ryan M. Perdue
State Bar No. 24046611
Email: ryan.perdue@trialattorneytx.com
4119 Montrose Blvd., Suite 500
Houston, Texas 77006
Telephone: 713-654-1200
Facsimile: 713-654-4039

**COUNSEL FOR PLAINTIFF**

6

## CERTIFICATE OF SERVICE

I certify that on this, the 29th day of January, 2020 a true and correct copy of the foregoing document was served to all counsel of record according to the Texas Rules of Civil Procedure.


*/s/ Joel C. Simon*
Joel C. Simon

7

2/6/2020 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40622771
By: F Abdul-Bari
Filed: 2/6/2020 2:40 PM

## CAUSE NO. 2020-05585

| | | |
|---|---|---|
| Sean Robert Rangel, | § | |
| | § | In the District Court |
| Plaintiff | § | |
| v. | § | |
| | § | 269th Judicial District |
| Watson Valve Services, Inc., et al. | § | |
| | § | |
| Defendants. | § | Harris County, Texas |

---

### SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967.   This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

McDowell Hetherington LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


Jones Murray & Beatty LLP
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com

**PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Joel C. Simon | joel.simon@trialattorneytx.com |
| Stephen M. Fernelius | steve.fernelius@trialattorneytx.com |
| Ryan M. Perdue | ryan.perdue@trialattorneytx.com |

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:01 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30967 |
| Billable Pages: | 1 | Cost: | 0.10 |

2/6/2020 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40622771
By: F Abdul-Bari
Filed: 2/6/2020 2:40 PM

## CAUSE NO. 2020-05585

| | | |
|---|---|---|
| Sean Robert Rangel, | § | |
| | § | **In the District Court** |
| **Plaintiff** | § | |
| v. | § | |
| | § | **269th Judicial District** |
| Watson Valve Services, Inc., et al. | § | |
| | § | |
| **Defendants.** | § | **Harris County, Texas** |

Sean Robert Rangel,   §

   §   **In the District Court**

   Plaintiff   §

v.   §

   §   269th **Judicial District**

Watson Valve Services, Inc., et al.   §

   §

   Defendants.   §   **Harris County, Texas**

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968. This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
VALVE SERVICES, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Joel C. Simon | joel.simon@trialattorneytx.com |
| Stephen M. Fernelius | steve.fernelius@trialattorneytx.com |
| Ryan M. Perdue | ryan.perdue@trialattorneytx.com |

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.

**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:57 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30968 |
| Billable Pages: | 1 | Cost: | 0.10 |

3/27/2020 12:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41968344
By: JESSICA MOIR
Filed: 3/27/2020 12:37 PM

## CAUSE NO. 2020-05585

| | | |
|---|---|---|
| SEAN ROBERT RANGEL | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON VALVE SERVICES, INC.; | § | **HARRIS COUNTY, TEXAS** |
| WATSON GRINDING & | § | |
| MANUFACTURING CO.; KMHJ, LTD.; | § | |
| AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC | § | |
| | § | |
| **Defendants.** | § | 269TH  JUDICIAL DISTRCT |

### ORIGINAL ANSWER OF DEFENDANTS
### KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC, and subject to the pending bankruptcy proceedings filed by Watson Grinding and Manufacturing Company and/or motions to stay pending bankruptcy, file this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the Court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' Petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

### II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not own, operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**          **Page 1**
RCT/PC 73-027

### III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not own, operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.

### IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

### V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

### VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

### VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or

law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence

admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants KMHJ, Ltd. and KMHJ Management Company, LLC pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation


BY:   /s/ Robert C. Turner
      ROBERT C. TURNER
      State Bar No. 00791831
      17070 Dallas Parkway, Suite 100
      Dallas, Texas  75248
      Telephone (972) 715-1750
      Facsimile (972) 715-1759
      robertturner@silveralaw.com
      notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD. and KMHJ MANAGEMENT
COMPANY, LLC

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 26TH day of March 2020.

Joel C. Simon        *Via Email:* [joel.simon@trialattorneytx.com](mailto:joel.simon@trialattorneytx.com)
Stephen M. Fernelius     *Via Email:* [steve.fernelius@trialattorneytx.com](mailto:steve.fernelius@trialattorneytx.com)
Ryan M. Perdue       *Via Email:* [r.perdue@trialattorneytx.com](mailto:r.perdue@trialattorneytx.com)
Fernelius Simon Mace Robertson Perdue PLLC
4119 Montrose Blvd., Suite 500
Houston, Texas 77006
*Attorneys for Plaintiff*

Jarrod B. Martin       *Via Email* [Jarrod.Martin@mhllp.com](mailto:Jarrod.Martin@mhllp.com)
Mcdowell Hetherington, LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002

Erin E. Jones        *Via Email:* [Erin@jmbllp.com](mailto:Erin@jmbllp.com)
Jones Murray & Beatty, LLP
4119 Montrose, Suite 230
Houston, TX 77006
*Proposed Bankruptcy Counsel for Watson Grinding and Manufacturing Co.*

            */s/ Robert C. Turner*
            ROBERT C. TURNER