THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>**WATSON GRINDING &**<br>**MANUFACTURING CO.**<br><br>   Debtor. | §<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 20-30967**<br><br>**(Chapter 11)** |

| | | |
|---|---|---|
| **ANNA JUAREZ and RICARDO**<br>**CARREON,**<br><br>   **Plaintiffs,**<br><br>v.<br><br>**WATSON GRINDING AND**<br>**MANUFACTURING CO., WATSON**<br>**VALVE SERVICES, INC., WATSON**<br>**COATINGS LABORATORY,**<br>**KMHJ MANAGEMENT COMPANY,**<br>**LLC, KMHJ, LTD.,**<br><br>   **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. _____** |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the

state court action styled *Anna Juarez and Ricardo Carreon* v. *Watson Grinding & Manufacturing Co., Watson*

*Valve Services, Inc., KMHJ Management Company, LLC, and KMHJ, Ltd.,* Cause No. 2020-08058, pending

in the 334th Judicial District Court of Harris County, Texas (the "State Court Action").

### I.    Procedural Background and Nature of Suit

1.    On February 5, 2020, Anna Juarez and Ricardo Carreon (collectively, the "Plaintiffs")

filed a First Amended Original Petition, Request for Disclosure, Request for Production,

Interrogatories and Jury Demand (the "Amended Petition") against Watson Grinding &

Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ Management Company, LLC, and KMHJ, Ltd. (collectively, the "Defendants").  In their First Amended Original Petition, the Plaintiffs assert claims of negligence, gross negligence and trespass by abnormally dangerous activity against the Defendants.

2.     On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

3.     On March 26, 2020, KMHJ, Ltd., and KMHJ Management Company, LLC filed an Original Answer.

## II.     Basis for Removal

4.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

5.     The State Court Action was initiated prior to the commencement of the Chapter 11 Case.  This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court

Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

8.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

9.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

10.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

11.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

12.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

## IV.     Parties and Notice

13.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 334th Judicial District Court of Harris County, Texas.

14.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Law Offices of Manuel Solis, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, TX 77011<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd.** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

## V.     Process and Pleadings

15.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

16.     In the State Court Action, summons was issued on February 5, 2020, but return of summons has not been filed.

17.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 21, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By: */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 22, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| Law Offices of Manuel Solis, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, TX 77011<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Bruce J. Ruzinsky<br>Jackson Walker L.L.P.<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br>bruzinsky@jw.com<br><br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd.** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| | | |
|---|---|---|
| **HCDistrictclerk.com** | JUAREZ, ANNA vs. WATSON GRINDING AND MANUFACTURING CO | 4/17/2020 |
| | Cause: 202008058     CDI: 7     Court: 334 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90052076 | Original Answer Of Defendants KMHJ, And KMHJ Management Company, LLC: | | 03/26/2020 | 5 |
| 89304475 | Suggestion of Bankruptcy (Watson Grinding): | | 02/06/2020 | 3 |
| -> 89304476 | Notice of Bankruptcy Watson Grinding | | 02/06/2020 | 3 |
| 89304477 | Suggestion of Bankruptcy (Watson Valve) | | 02/06/2020 | 3 |
| -> 89304478 | Notice of Bankruptcy Watson Valve | | 02/06/2020 | 3 |
| 89282723 | Supplemental/Amended Petitions | | 02/05/2020 | 8 |
| 89282724 | Exhibits | | 02/05/2020 | 18 |
| 89264401 | ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND | | 02/04/2020 | 28 |

2/4/2020 5:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40557215
By: Joshua Carroll
Filed: 2/4/2020 5:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ANNA JUAREZ AND RICARDO CARREON,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., WATSON COATINGS LABORATORY, KMHJ MANAGEMENT COMPANY, LLC, AND KMHJ, LTD.,** | § § § § § § § | |
| | § | _____ **JUDICIAL DISTRICT** |
| *Defendants* | | |

## ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Anna Juarez and Ricardo Carreon (collectively or individually referred to as "Plaintiffs") and files this Original Petition against Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ Management Company, LLC, and KMHJ, Ltd. (collectively or individually referred to as "Defendants") and, in support of thereof, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.     Plaintiffs intends to conduct discovery under Level 3.  Tex. R. Civ. P. 190.4.

2.     Plaintiffs seeks monetary relief over $1,000,000.00.   Tex. R. Civ. P. 47(c)(5).

### II.   CONDITIONS PRECEDENT

3.      Pursuant to Tex. R. Civ. P. 54, Plaintiffs asserts that all conditions precedent to recovery have been performed or have occurred.

### III.     PARTIES, JURISDICTION AND VENUE

**A.     PARTIES**

4.      Plaintiffs resides at 10326 Sommerville Ave. Houston, Texas, 77041, Harris County, and are a Texas resident(s).

5.      Defendant Watson Grinding and Manufacturing Co. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

6.      Defendant Watson Valve Services, Inc. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

7.      Defendant Watson Coatings Laboratory is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

8.      Defendant KMHJ Management Company, LLC is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, Kelly Lee Watson, 1400 McKinney Street, #1212, Houston, Texas 77010.

9.      Defendant KMHJ, Ltd. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, KMHJ Management Company, LLC, 1400 McKinney Street, #1212, Houston, Texas 77010.

2

10.    As it relates to the event giving rise to this Petition, Plaintiffs invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of Defendants.   Pursuant to Tex. R. Civ. P. 28, Plaintiffs moves the Court to order Defendants to substitute its true name if different from the name stated herein.

**B.    JURISDICTION**

11.    The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

12.    The Court has both general and specific personal jurisdiction over Defendants. The Court has general jurisdiction over Defendants, as Defendants has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendants' contacts with this State, which are continuous and systematic, include doing business in Texas.  This activity was not the unilateral activity of another party or a third person.

13.    Defendants's contacts with Texas, relied upon by Plaintiffs, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities.  The Court has jurisdiction over Defendants because: (1) Defendants purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

14.    The Court has specific jurisdiction over this matter as a matter of law. Defendants conducted business in this State because, without limitation, Defendants conducted the business in Texas and committed one or more torts, in whole or in part in this State, against

Plaintiffs in Harris County, Texas.  Defendants has sufficient and/or minimum contacts with this State, and thus Plaintiffs affirmatively assert the Court's exercise of jurisdiction over Defendants comports with "traditional notions of fair play and substantial justice."

C.   VENUE

15.   Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).  Venue is proper in Harris County, Texas, becauseDefendants' principal office in this state is located in Harris County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

IV.   FACTUAL BACKGROUND

16.   On January 24, 2020, an explosion occurred in Northwest Houston atDefendants' business   located at 4525 Gessner Road, Houston, Texas 77041. This explosion resulted in injuries and/or damages to property and people.  Upon information and belief, the explosion was caused by a combination of chemicals and/or other flammable matters stored and/or used byDefendants' business.  As a result of the explosion, Plaintiffs suffered injuries and/or damages. Specifically, the explosion caused Anna Juarez and Ricardo Carreon's home to completely shift, which has compromised the home's entire structure. Furthermore, Anna Juarez and Ricardo Carreon were physically injured by falling debris.

V.   CAUSES OF ACTION

A.   NEGLIGENCE

17.     Plaintiffs incorporates the foregoing for all purposes. Defendants owed a duty of reasonable care to the Plaintiffs. Defendants breached the duty of reasonable care in one or more of the following, including, but not limited to:

a.     Failing to create and/or enforce safety rules and guidelines;

b.     Contributing to and failing to provide an unsafe work site;

c.     Failing to recognize and remediate hazards, including hazards with an extreme degree of risk;

d.     Participating in and contributing to acts that caused the incident in question, including the positioning of a combination of chemicals and/or other flammable matters in close proximity of one another without adequate safety measures and protections;

e.     Failing to provide timely assistance, or to ensure other protections were in place;

f.     Failing to warn of a known hazard;

g.     Failing to read, understand, and follow published safe work policies and procedures;

h.     Promulgating and following unsafe work policies;

i.     Creating latent dangers, but failing to warn of same;

j.     Failing to provide adequate equipment and competent personnel;

k.     Failing to ensure a safe work area;

l.     Failing to institute precautionary measures to protect individuals such as Plaintiffs;

m.     Failing to use proper equipment;

n.     Failure to properly plan;

o.     Failing to properly and timely fix hazards;

p.     Using incorrect, insufficient, or defective systems for the combination of chemicals and/or other flammable matters, and keeping these extremely combustible materials in close proximity to one another;

q.      Failure to provide the proper training to its employees and independent contractors so as to ensure that the employees could properly and safely perform the jobs required;

r.      Failure to properly supervise its employees and independent contractors; and/or Negligent hiring and retention of employees and independent contractors.

18.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of Plaintiffs's injuries and/or damages.

**B.    GROSS NEGLIGENCE**

19.    Plaintiffs incorporates the foregoing for all purposes. Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.Defendants' acts and omissions, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiffs.   The gross negligence of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs. Plaintiffs seeks an exemplary damages award under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

**C.    TRESPASS - ABNORMALLY DANGEROUS ACTIVITY**

20.    Plaintiffs incorporates the foregoing for all purposes.   Additionally and/or alternatively, Defendants are strictly liable for trespass as a result of an abnormally dangerous activity.  There was a high degree of risk of some harm to the person, land or chattels of others. The likelihood that the resulting harm from it would be great.  There was an inability to eliminate

the risk by the exercise of reasonable care.  The activity is not a matter of common usage.  The activity was inappropriate in the place where it was taking place.  The dangerous attributes of the activity outweighed the value to the community.  The trespass of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs.

## VI.   VICARIOUS LIABILITY

21.    Plaintiffs incorporates the foregoing for all purposes.  At all times material hereto, Defendants are vicariously liable in all respects for the torts of their employees and agents under the theory of Respondeat Superior.   The negligent acts of the employees and agents of Defendants were a proximate cause of Plaintiffs's injuries, including, but not limited to, negligent acts. These torts were committed while the employees and agents were acting within their scope of employment with Defendants – that is, the acts were within the employees' or agents' general authority, in furtherance of business of Defendants and for the accomplishment of the object for which the employees and agents were hired.

## VII.   TEX. R. CIV. P. 193.7 NOTICE.

22.    Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby notifies all parties and counsel of record that Plaintiffs may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII.   REQUEST FOR DISCLOSURE

23.    Pursuant to Tex. R. Civ. P. 194 & 195, Plaintiffs serves this Request for Disclosures upon Defendants.  Plaintiffs requests that Defendants provide the information or

material described in Rules 194.2(a) through (l) and 195. Defendants' responses to the same are due within 50 days of the service of this request.

## IX.   JURY DEMAND

24.    Pursuant to Tex. R. Civ. P. 216, Plaintiffs hereby demands trial by jury and has tendered the appropriate fee.

## X.   PRAYER

25.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, and that, after due process of law, Plaintiffs have judgment against Defendants for actual damages, together with exemplary damages, pre-judgment interest, post-judgment interest, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By:/s/ Stephen R. Walker
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR Plaintiffs

## EXHIBIT A

Pursuant to Tex. R. Civ. P. 196, 197 and 198, Plaintiffs serves their Request for Production, Interrogatories and Request for Admissions upon Defendants. Defendants' responses to the same are due within 50 days of the service of these requests.

## DEFINITIONS

1.     The following terms are defined and used in these requests as follows:

2.     "Plaintiffs", "Plaintiffs" means Anna Juarez and Ricardo Carreon, and all representatives acting or purporting to act on their behalf with respect to any matter inquired about in these discovery requests.

3.     "Defendants", "Defendants" means Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ Management Company, LLC, and KMHJ, Ltd., and all representatives, purporting to act on its behalf with respect to any matter inquired about in these discovery requests.

4.     "You" or "Your" or "Yours" or "Yourself" means Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ Management Company, LLC, and KMHJ, Ltd., and all representatives acting or purporting to act on your behalf with respect to any matter inquired about in these discovery requests.

5.     The term "person" or "individual" or "entity" means and includes, without limitation, every natural person, association, firm, partnership, corporation, board, committee, agency, commission, legal entity of any form or type, and every other organization or entity, whether public or private.

6.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neutral.

7.     "Statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electronic or other recording or transcription thereof which is a substantially verbatim recital of an oral

statement by the person making it and contemporaneously recorded. This includes any "Witness Statement." See Tex. R. Civ. P. 192.3(h)

8.    "Document" or "Documents and Materials" includes, but is not limited to, the originals and all copies of written, reported, recorded or graphic matter however produced or reproduced, which is now or was at any time in the possession, custody, or control of the producing party, the party's attorneys, accountants, or any of their agents, including but not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form, or all of the foregoing upon which notations and writings have been made and which do not appear on the original.

9.    "Identify" when referring:

    a.    to a person, means to state his or her full name, present or last known business or residential address, e-mail address and phone number;

    b.    to a public or private corporation, partnership, association, or organization, or a governmental agency, means to state its full name, present or last known business address, e-mail address, and phone number;

    c.    to a statement, means to identify who made it, who took or recorded it, and all persons, if any, present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who was present or had last known possession, custody, or control thereof;

    d.    to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who was present or had last known possession, custody or control thereof; and,

    e.    to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify whom has present or had last known possession, custody or control thereof.

10.     The phrases "relating", "relating to", "all documents relating to", "all documents related to", and "all other documents relating to" (along with all similar phrases) mean and include all documents that relate in any way to the subject matter in question and/or the subject matter of the specific request, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter in question.

11.     "Communication" refers to any transmission of information, including without limitation correspondence, documents, reports, telephone calls, e-mail, text messages, private messages, or conversations.

12.     "Lawsuit" means the lawsuit styled captioned above in the "Petition" filed in the Judicial District Courts of Harris County, Texas.

13.     "Petition" refers to the Original Petition along with all amendments and supplements thereto.

14.     "Cause" or "Matter" are generic references encompassing any one or all the following: the Claim, Demand, Claim-related dispute, Lawsuit, and Petition.

15.     "Dwelling" or "Residence" means the Plaintiffs's home at the Date/time of the explosion.

16.     The "Relevant Time Frame," or "Relevant Period" (unless otherwise specified) is from January 24, 2020 through the present.  If a different period and/or time frame is relevant to a particular request, that request will say so.  If it does, follow the time frame specified.

17.     The "Explosion" or "Event" is explosion made the basis of the suit which occurred in Houston, Harris County Texas at Defendantss' business location 4525 Gessner Rd, Houston, TX 77041.

18.     "Third Party" means persons or entities other than the parties and their employees.

19.     "Insurance" or "Insurance Policy" is any insurance policy sold to Defendantss or otherwise procured by you and insuring you, the property upon which the explosion occurred.

20.     "Tank," or "storage device" or "storage vessel" refers to a storage device, tank or vessel used to store liquids, gas or chemicals.

21.     "Flammable" means capable of combusting, burning or exploding without regard to any ordinary or special condition for same.

22.     "Hazardous" is, without limitation as defined, in any local, state, or federal regulation or product or material safety data sheet possessed by you or known to you.

23.     "Facility Emergency Plan" or "Facility Emergency Action Plan," shall mean and shall be liberally construed to mean or include any formal or informal procedure or plan created to provide emergency response guidelines or guidance, including without limitation, fire, explosion, chemical or flammable material leak, whether or not you created such plan on a self-initiated basis, or as  required by any government or statutory requirement.

24.     All definitions should be given their common sense meaning and/or be construed as broadly as possible. If you do not understand a definition, or if you believe a definition precludes you response to discovery request absent further clarification, it is incumbent on you to clarify the definition versus objecting to same and using any such objection as the putative basis for refusing to respond and/or produce documents.   Likewise, if a particular definition does not apply to you / your company, explain this in your response.  By way of hypothetical example, if your company does not create a particular safety regulation, plan or guideline, explain this in your response, or identify the document, which carries a different name, but you (believe) serves the same or similar purpose.

## INSTRUCTIONS

24.     You have the duty to supplement under the rules.  Pursuant to Tex. R. Civ. P. 193.5, you are under an affirmative duty to supplement your responses to all discovery requests with information that you may acquire after filing your written response, if such information makes it known to you that your previous response was incorrect or incomplete when made, or, if the answer though correct and complete when made, is no longer true and complete and

circumstances are such that a failure to amend would be in substance misleading, you are hereby requested to agree to so supplement any of your written responses to these discovery requests, and in the absence of any written objection to this request, it will be presumed that you have agreed to do so.

25.     If you are withholding information pursuant to any privilege, produce a withholding statement and/or privilege log as specified in Tex. R. Civ. P. 193.3.

26.     Pursuant to Tex. R. Civ. P. 215, if you fail to comply with proper discovery requests, the Court may make such orders in regard to the failure as are just, including among others, an order requiring you or your attorney, or both, to pay reasonable expenses, including attorney's fees, caused by the failure.  This includes timely responses to all requests,  you are on notice that needless delays, improper and/or spurious objections will increase litigation fees and costs.  Plaintiffs will seek fees and costs for unnecessary delays.

27.     Plaintiffs will agree to a reasonable protective order, which complies with the rules.

    a.     Do not respond to these requests, withholding production, pending the entry of a court-ordered protective order. As stated herein, Plaintiffs will agree to reasonable extensions of time and a pre-agreed order on protection.

    b.     However, you must provide for and obtain an agreement on a protective order first.  After such an agreement is reached, Plaintiffs will agree to abide by the proposed protective order/confidentiality agreement pending court signature and/or entry.

    c.     Plaintiffs will agree to a protective order that 1) encompasses protection for information which is genuinely confidential, proprietary and/or private, 2) excludes protection for documents for which confidentiality has been waived, 3) complies with the Tex. R. Civ. P., and the local rules of court, 4) does not require document to be filed "under seal" simply because you marked them "confidential."

    d.     As to filing documents under "seal," any agreement will include a requirement that the proponent of any document's purported confidentially, which would require document be filed "under seal," must obtain a signed court order requiring such documents be filed under seal within 60 days of marking or producing marked documents as confidential.  Otherwise, this

filing requirement (will be) waived along with confidentiality of the documents for filling and/or use in any proceeding.

e.     Plaintiffs will not agree to any order which would also require documents be submitted under seal and/or for in-camera inspection, which also prevents such documents from being made part of the official record of the matter during the pendency of such determination. Likewise, the confidentiality agreement will also include a stipulation that any motion, or filing which would cause any document, on a temporary basis or otherwise, to not be made part of, or included in the Court's official record and/or record on appeal voids the confidentiality agreement.

28.     Plaintiffs seeks Discovery of Electronically Stored Information ("ESI").   In accordance with Tex. R. Civ. P. 196.4, Plaintiffs hereby request that all ESI and responsive data or information that exists in electronic or magnetic form be produced in the TIFF (or other format specified below).

29.     Plaintiffs seeks a conference regarding production of ESI documents as set forth below.   Plaintiffs agree to collaborate on an agreed method for producing ESI, which avoids undue burden and expense.   See In re Weekley Homes, L.P., 295 S.W.3d 309 (Tex. 2009). Plaintiffs will entertain (other) methods of production, other than those specified below, which preserve native document format, information, and metadata.   This includes Plaintiffs's willingness to consider and reasonably adopt previously utilized and/or prior court-adopted protocols within the relevant jurisdiction.   This may include through prior agreement, a tiered production process, which does not (initially) involve this protocol, but which includes later supplementation utilizing the protocol.     On request, Plaintiffs will agree to a reasonable extension and/or accommodation to facilitate the production of ESI in order to avoid (any) undue burden or expense.   Otherwise, images and information will be produced with all metadata preserved under the protocol below.

30.     Defendants must preserve Native format data.   Regardless of the preliminary production format, Defendants are demanded and must preserve and maintain all documents in their native format with all metadata intact.   This preservation must include a complete and unaltered archive of all documents made the subject of this request and/or relevant to this Matter.

If it is impossible or impracticable to convert native documents to the format specified below, then the production of said material/documents will be in either 1) another format which offers the same or similar content review, search and cross-reference capabilities, or 2) documents in their native format.

31.     All production will be electronic unless otherwise agreed.  Defendants shall produce ESI, documents, and data existing as electronic or magnetic data electronically. Production responses will be via USB, Flash or "Jump" drive, or external digital hard drive, or by a mutually agreeable digital file transfer protocol or method.  If particular document warrant production in a different format and/or a format not specified herein, Plaintiffs will cooperate with Defendants regarding a mutually acceptable format.

32.     Responses must include specific reference to documents by Bates number and range.  Documents and/or images must be marked sufficient to identify individual documents, which are responsive to each request including the beginning and ending range of the documents with the entire document produced in a consecutively numbered range.

33.     You must scan paper documents as high-quality images.  Defendants shall scan Black and white paper documents as TIFF files.  Defendants shall scan color documents and photographs, and images in color as 300 dpi single-page JPEG files with the quality setting at high.

34.     Defendants will produce documents as Group IV "TIFF" files.  Unless otherwise specified in this request (or as might otherwise be agreed by the Parties) Defendants shall produce all documents will be produced as 300 dpi single-page TIFF files, using CCITT Group IV compression.  Each page will contain a readable Bates number that does not obscure any information contained in the original and/or source document.

35.     Reference files will accompany the Tiff images.  All production documents will be produced with extracted text and load files, including the following:

a.     A "Reference file" in either .dat (Relativity), .opt (Relativity / Concordance / Opticon), .dii (Summation), or .lfp (IPRO) (or other format), so long as the format used by Defendants are readily and accurately convertible to the other formats listed without loss of any

information.   This  "reference file" will associate each Bates number with its corresponding single-page image file; and

b.      The parties shall also provide an ASCII delimited "load file," such as a data (.dat) or delimited text file (.csv), that will populate fields in a searchable flat database environment, containing one line for each document and fields for first and last Bates number

c.      To the extent extractable information exists, data in the load file shall include the following fields of information:

i.      Beginning and ending document numbers;

ii.      Beginning and ending attachment ranges (calculated from the first page of the parent document to the last page of the last attached document);

iii.      "Parent" identification for attachments, i.e., information establishing the relationship between documents and attachments;

iv.      Page count within a document;

v.      Date and time created, modified and accessed;

vi.      Author, page count, title and/or the text in the "Title" field of the application file;

vii.      File type and path;

viii.      The name of the application that generated the native file;

ix.      A link to the native file if produced; and,

x.      Custodian information.

36.      Defendants will save and serve Optical Character Recognition (OCR) generated text, in a text file named containing the Bates number of the document, saved in the same directory as the images.   For example,Defendants' Production 0000001.tiff andDefendants' Production 0000001.txt.

37.      Word Processing Documents.   Defendants will convert and produce Word, WordPerfect, and PDF documents produced consistent with the above.   The text load file accompanying these images will include the filename of the document as a metadata field. Defendants will produce extracted text (instead of OCR) unless Defendants redact the document. In that case, Defendants can produce OCR text.

38.     E-mails will be produced in date and temporal order with attachments extracted. Defendants will preserve all associations between emails and attachments, along with the attachment themselves.  Defendants must produce e-mail attachments in consecutive order, with attachments extracted produced proximately with the e-mail (which attached and sent or forwarded the attachment, such that the relationship between the two are identified and preserved using extracted metadata and/or custom metadata which identifies the "parent-child" relationship between e-mail and attachment along with relevant range.  Save for certain exceptions noted below, Defendants will convert Email and attachments to single-page images and produce same as per the specifications set forth herein.  Defendants will also produce a copy of the e-mails produced in their native form, as a .PST file.

39.     Specifically as to e-mails, the text load file shall contain, in addition to first and last Bates numbers and delimited fields that capture the data in each of the following metadata fields: To, From, CC, BCC, Subject, date sent, time sent, e-mail thread, number of attachments for emails captured from Microsoft Outlook or Lotus Notes, Conversation Index.  The text file accompanying the TIFF images shall contain the extracted text from the email, with fields, which include the above, as well as information described in 12(a-c) above, without limitation.

40.     Production of OCR text is acceptable for redacted e-mail documents. Attachments shall be processed as though they were separate documents, and the text load file shall identify, for each email, the Bates range of any attachment and/or consistent with the above.

41.     Defendants will produce Excel files and other spreadsheets and digital photographs in native file format, in a separate folder and/or file folder contained on the production media.  The corresponding text load file must contain a field that identifies the file path of the native file corresponding to (these) document.  Do not scan, image, or PDF Spreadsheets.  Unless previously agreed, these are to be produced in native format, or in a format which 1) produces active/working fields from the spreadsheet, and 2) preserves metadata information described herein and avoids the production of voluminous and needless empty excel and/or spreadsheet files.

42.     A placeholder image with Bates number must be included in the location (within the sequence of other documents produced) which identifies the document by name or Bates

number and range and indicates where the spreadsheet is located, i.e., the separate folder.  For example, if an excel spreadsheet is attached to an e-mail, a placeholder document should be included in the e-mail production, but the extracted excel attachment must be served in the separate folder discussed above.  Responses and/or sufficient information must be provided in/on the placeholder, text load file, or other reference to allow the Parties to search for either the e-mail or the attached spreadsheet and locate and/or identify both, i.e., all communications/attachments within a specific parent-child (document) relationship.

43.     Again, Plaintiffs is/are amenable to alternative methods of production, which preserve native content and/or metadata.  But insofar as production involves imaging, the method should ensure that superfluous pages containing zero relevant data or information are not produced.

44.     ESI and/or document subject to the ESI protocol include, without limitation:

    a.     Spreadsheets and tables, e.g., Excel or Lotus 123 worksheets;

    b.     Accounting application data, e.g., QuickBooks, Money, Peachtree data files;

    c.     Sound recordings, e.g., WAV and MP3 files;

    d.     Video and animation, e.g., AVI and MOV files;

    e.     Computer aided design/drawing files e.g., .dwg, .dxf, .rvt;

    f.     PowerPoint presentations, e.g., .PPT and .PPTX

    g.     Microsoft Access databases, e.g., .MDB and .ACCDB;

    h.     Images, e.g., -JPG, .JPEG, and .PNG;

    i.     Scheduling files e.g., .P3, .P3C, .PRY, and .XER'; and,

    j.     Any other non-text based file type, e.g., other than Microsoft Word, or Word Perfect formats such as .doc, .txt, docx., .rtf, .wpd.

45.     Defendants will seek to avoid unnecessary duplication of identical documents.  If identical documents can be identified by metadata or otherwise, and substituted with single page placeholder documents identifying the same document, Defendants shall do so.  For example, a document attached to an e-mail sent, forwarded, forwarded multiple times, Defendants should

produce said document/attachment once and provide place holders elsewhere in lieu of producing the same document multiple times.

46.     In addition to the above, Defendants shall produce a PDF version of the documents made responsive to Requests 1, 2, and 3.  These versions will contain the same Bates range as their TIF counterparts, but will also include the terms "PDF Version", which follows the relevant Bates range.

## NOTICE OF AUTHENTICATION

47.     As per Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produce between the Parties, including but not limited to correspondence and discovery responses during the trial of the matter styled and captioned above.

## PLAINTIFF(S) FIRST REQUEST FOR PRODUCTION
## AND
## FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

**Request for Production No. 1:**

Please produce documents evidencing each type of flammable liquid, gas or chemicals stored on the Plant and/or the location of the explosion made the basis of the suit.

**Response:**

**Request for Production No. 2:**

Please produce chemical or material safety sheets and/or "MSDS" sheets for all flammable liquid, gas or chemicals, or hazardous materials stored or utilized by you at the Plant and/or the location of the explosion made the basis of the suit.

**Response:**

**Request for Production No. 3:**

Please produce documents identifying each tank, vessel or container ("Tank") containing flammable liquid, gas or chemicals located at/on the Plant and/or the location of the

explosion made the basis of the suit, on the date of the explosion.  Include in your response, a description of each type of flammable liquid, gas or chemicals, stored in each tank or container and how much was stored in each on and prior to the explosion.

**Response:**

**Request for Production No. 4:**

Please produce documents evidencing, for <u>each</u> tank, vessel or container ("Tank"), identified in your responses hereto, the 1) physical dimensions and 2) storage capacity in gallons of water, 3) Tank roof type, 4) Tank surface area, 5) Tank Internal diameter, 6) Tank height 7) Tank insulation, 8) for any dike or spill retention structure ("dike") surrounding any Tank, the total dike surface area, dike capacity, dike drain valve location, 9) the proximity to and/or distancer in feet from other Tank, 10) the contents of these other tanks and storage devices, and 11) the proximity to and/or distancer in feet from other structures, and 12) a general description of the location of the Tank.

**Response:**

**Request for Production No. 5:**

Please produce documents to identify the supplier and manufacturer of each tank or storage device, identified in your responses hereto.

**Response:**

**Request for Production No. 6:**

Please produce documents to identify the date of purchase, installation and first use of each tank or storage device, identified in your responses hereto.  Include in your response documents sufficient to identify the age of each tank or storage device.

**Response:**

**Request for Production No. 7:**

Please produce documents, drawings, schematics, pictures, depictions of any sort describing or showing the location of each tank or storage device identified in your responses hereto, including information sufficient to identify the distance between each tank or storage device and any other 1) tank or storage device, 2) building or other structure located on your premises.

**Response:**

**Request for Production No. 8:**

Produce all maintenance records, repair records, or reports regarding leaks, malfunctions, needed repairs or maintenance, or any safety related report, in relation to each liquid, gas, or chemical storage tank or vessel located on your premises.

**Response:**

**Request for Production No. 9:**

Produce all requisitions, invoices, delivery receipts, bill of lading for all flammable liquid, gas or chemicals, received and stored by you for the last five years.

**Response:**

**Request for Production No. 10:**

Produce all local, state, or federal regulatory reporting, made by you relative your storage or use of flammable liquid, gas or chemicals , for the last five years.

**Response:**

**Request for Production No. 12**

Produce all local, state, or federal regulatory citations, complaints, safety reports, "tag" or fines received by you related in any way to your storage or use of flammable liquid, gas or chemicals, for the years.

**Response:**

**Request for Production No. 13:**

Produce all safety manuals, procedures, rules or protocol, including written training materials, inclusive of proof of employee review and/or training of same, which relate to the storage, use, of flammable chemicals, liquids or gas, inclusive of leak, fire or explosion prevention and response.

**Response:**

**Request for Production No. 14:**

Produce any internal reports, complaints, suggestion, "tips" made to you relative to storage, use, of flammable chemicals, liquids or gas, inclusive of leak, fire or explosion prevention or response.

**Response:**

**Request for Production No. 15:**

Produce all reports of any leak, malfunction, or abnormal performance of any flammable liquid, gas, or chemical storage tank or vessel located on your premises.

**Response:**

**Request for Production No. 16:**

Produce any report, note or communication between you and any person, which relates to any concern, safety concern or regulatory concern, which relates to the storage of flammable materials in proximity to residences and or other businesses.

**Response:**

**Request for Production No. 17:**

Please produce a complete copy of each insurance policy, excess policy, reinsurance policy, blanket policy, insurance agreement, indemnity agreement in effect on the date of the explosion.

**Response:**

**Request for Production No. 18:**

Insofar as you are self-insured and/or maintain any self-insured retention of insurance coverage, produce documents which identify 1) the amounts of such retention and 2) which policies, if any, operate and/or offer coverage only in excess of any self-insured amount.

**Response:**

**Request for Production No. 19:**

Produce all insurance applications and insurance underwriting reports in your possession, created in the last ten years.

**Response:**

**Request for Production No. 20:**

If your insurance coverage has been involuntarily reduced or denied, for the last ten years, produce documents reflecting such reduction or denial.

**Response:**

**Request for Production No. 21:**

Produce all photographs or video recordings of the explosion and its aftermath.

**Response:**

**Request for Production No. 22:**

Produce all photographs and video recording of the property for period three proceeding the explosion.

**Response:**

**Request for Production No. 23:**

Produce all communications between you, your employees and agents, discussing any safety or maintenance concerns with liquid, gas, or chemical storage tank or vessel located on your premises for the last three years.

**Response:**

**Request for Production No. 24:**

Produce all communications between you, your employees and agents, discussing any safety or maintenance concerns with liquid, gas, or chemical storage tank or vessel located on your premises which were involved in the explosion, or damaged by the explosion.

**Response:**

**Request for Production No. 25:**

Produce all communications between you, your employees and agents, discussing any safety or maintenance concerns with liquid, gas, or chemical storage tank or vessel located on your premises for the last three years.

**Response:**

**Request for Production No. 26:**

Please produce your Facility Emergency Plan or Facility Emergency Action Plan, if any. Produce documents sufficient to identify when such a plan was created, revised and any whether the plan was created pursuant to any statutory, local, state or federal requirement.

**Response:**

**Request for Production No. 27:**

Please produce all private, local, state or federal safety inspections of your premises for the last ten years.

**Response:**

**Request for Production No. 28:**

Please produce any report or complaint referred to or described in response to any interrogatory.

**Response:**


**Request for Production No. 29:**

Please produce any statement or report, given to any person or entity regarding the explosion.

**Response:**


**Request for Production No. 30:**

Please produce a copy of, or documents sufficient to identify, any statutory, local, state or federal regulations which govern your storage and use of flammable liquids, gas, or chemicals.

**Response:**


**Interrogatory No. 1:**

Identify each liquid, gas, or chemical storage tank or vessel which exploded, caught fire or was involved, in any way in the explosion made the basis of this suit.

**Response:**


**Interrogatory No. 2:**

Identify the type of liquid, gas or chemical involved in, or stored in tanks or vessels involved in the explosion made the basis of this suit.

**Response:**


**Interrogatory No. 3:**

Describe in detail the explosion and what you contend caused the explosion.

**Response:**

**Interrogatory No. 4:**

Identify the name, address and telephone number of all safety personnel, employed by you for the last ten years.

**Response:**

**Interrogatory No. 5:**

Describe the purpose and use by you, of each flammable chemical, liquid or gas stored on your premises.

**Response:**

**Interrogatory No. 6:**

As far as you assert you were/are <u>not</u> subject to any local, state, or federal regulation and/or regulatory reporting relative to your use or storage of any flammable liquid, gas or chemical, explain why this is so.

**Response:**

**Interrogatory No. 7:**

As far as you assert you <u>were/are</u> subject to any local, state, or federal regulation and/or regulatory reporting relative to your use or storage of any flammable liquid, gas or chemical, explain why this is so.

**Response:**

**Interrogatory No. 8:**

As far as you assert you <u>were/are</u> subject to any local, state, or federal regulation and/or regulatory reporting relative to your use or storage of any flammable liquid, gas or chemical, describe this reporting.  Include in your answer the location and custodian of such reporting records.

**Response:**

**Interrogatory No. 9:**

Describe any safety report or complaint received by you regarding the use or storage of any flammable chemical, liquid or gas stored on your premises.

**Response:**

**Interrogatory No. 10:**

If you know the location of documents and/or persons or entities possessing documents responsive to any request for production, which you do not possess, please identify the location of, and/or person or entity possessing documents which are responsive.

**Response:**

**Interrogatory No. 11:**

Identify, including name, address, telephone number, date and location of statement, for all persons or entities to whom you have given any statement or report regarding the explosion.

**Response:**

2/5/2020 4:17:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40592534
By: CLAUDELL CYNTHIA
Filed: 2/5/2020 4:17:00 PM

CAUSE NO. 2020-08058

| | | |
|---|---|---|
| ANNA JUAREZ and<br>RICARDO CARREON, | §<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiffs* | §<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND<br>MANUFACTURING CO., WATSON<br>VALVE SERVICES, INC., WATSON<br>COATINGS LABORATORY, KMHJ<br>MANAGEMENT COMPANY, LLC,<br>AND KMHJ, LTD., | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | §<br>§ | 334TH JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR PRODUCTION, INTERROGATORIES AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Anna Juarez and Ricardo Carreon (referred to as "Plaintiffs") and file this First Amended Original Petition against Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ Management Company, LLC, and KMHJ, Ltd. (referred to as "Defendants") and, in support of thereof, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.    Plaintiffs intend to conduct discovery under Level 3.  Tex. R. Civ. P. 190.4.

2.    Plaintiffs seek monetary relief over $1,000,000.00.   Tex. R. Civ. P. 47(c)(5).

### II.   CONDITIONS PRECEDENT

3.    Pursuant to Tex. R. Civ. P. 54, Plaintiffs assert that all conditions precedent to recovery have been performed or have occurred.

### III.   PARTIES, JURISDICTION AND VENUE

**A.   PARTIES**

4.      Plaintiffs reside at 10326 Sommerville Avenue, Houston, Harris County, Texas, 77041.

5.      Defendant Watson Grinding and Manufacturing Co. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

6.      Defendant Watson Valve Services, Inc. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

7.      Defendant Watson Coatings Laboratory is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

8.      Defendant KMHJ Management Company, LLC is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, Kelly Lee Watson, 1400 McKinney Street, #1212, Houston, Texas 77010.

9.      Defendant KMHJ, Ltd. is a domestic for-profit company doing business in the State of Texas and may be served with process by serving its registered agent, KMHJ Management Company, LLC, 1400 McKinney Street, #1212, Houston, Texas 77010.

10.      As it relates to the event giving rise to this Petition, Plaintiffs invoke the right to institute this suit against any entity that was conducting business using the assumed or common name of Defendants.   Pursuant to Tex. R. Civ. P. 28, Plaintiffs move the Court to order Defendants to substitute their true names if different from the names stated herein.

2

**B.**     **JURISDICTION**

11.     The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

12.     The Court has both general and specific personal jurisdiction over Defendants. The Court has general jurisdiction over Defendants, as Defendants have sufficient minimum contacts with and within this State and has purposefully availed themselves of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendants' contacts with this State, which are continuous and systematic, include doing business in Texas.  This activity was not the unilateral activity of another party or a third person.

13.     Defendants' contacts with Texas, relied upon by Plaintiffs, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on their activities.   The Court has jurisdiction over Defendants because: (1) Defendants purposefully availed themselves of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

14.     The Court has specific jurisdiction over this matter as a matter of law. Defendants conducted business in this State because, without limitation, Defendants conducted the business in Texas and committed one or more torts, in whole or in part in this State, against Plaintiffs in Harris County, Texas.  Defendants have sufficient and/or minimum contacts with this State, and thus Plaintiffs affirmatively assert the Court's exercise of jurisdiction over Defendants comports with "traditional notions of fair play and substantial justice."

C.   **VENUE**

15.     Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).  Venue is proper in Harris County, Texas, because Defendants' principal offices in this state are located in Harris County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

### IV.   FACTUAL BACKGROUND

16.     On January 24, 2020, an explosion occurred in Northwest Houston at Defendants' business  located at 4525 Gessner Road, Houston, Texas 77041. This explosion resulted in injuries and/or damages to property and people.  Upon information and belief, the explosion was caused by a combination of chemicals and/or other flammable matters stored and/or used by Defendants' business.  As a result of the explosion, Plaintiffs suffered injuries and/or damages. Specifically, the explosion caused Plaintiffs' home to completely shift, which has compromised the home's entire structure. Furthermore, Plaintiffs were physically injured by falling debris.

### V.   CAUSES OF ACTION

A.   **NEGLIGENCE**

17.     Plaintiffs incorporate the foregoing for all purposes. Defendants owed a duty of reasonable care to the Plaintiffs. Defendants breached the duty of reasonable care in one or more of the following, including, but not limited to:

a.     Failing to create and/or enforce safety rules and guidelines;

b.     Contributing to and failing to provide an unsafe work site;

c.     Failing to recognize and remediate hazards, including hazards with an extreme degree of risk;

d.     Participating in and contributing to acts that caused the incident in question, including the positioning of a combination of chemicals and/or other flammable matters in close proximity of one another without adequate safety measures and protections;

4

e. Failing to provide timely assistance, or to ensure other protections were in place;

f. Failing to warn of a known hazard;

g. Failing to read, understand, and follow published safe work policies and procedures;

h. Promulgating and following unsafe work policies;

i. Creating latent dangers, but failing to warn of same;

j. Failing to provide adequate equipment and competent personnel;

k. Failing to ensure a safe work area;

l. Failing to institute precautionary measures to protect individuals such as Plaintiffs;

m. Failing to use proper equipment;

n. Failure to properly plan;

o. Failing to properly and timely fix hazards;

p. Using incorrect, insufficient, or defective systems for the combination of chemicals and/or other flammable matters, and keeping these extremely combustible materials in close proximity to one another;

q. Failure to provide the proper training to their employees and independent contractors so as to ensure that the employees could properly and safely perform the jobs required;

r. Failure to properly supervise their employees and independent contractors; and/or Negligent hiring and retention of employees and independent contractors.

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of Plaintiffs' injuries and/or damages.

## B.   GROSS NEGLIGENCE

19. Plaintiffs incorporate the foregoing for all purposes. Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others. Defendants' acts and omissions, when viewed objectively from the standpoint of

Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiffs.  The gross negligence of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs. Plaintiffs seek an exemplary damages award under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

## C.    TRESPASS - ABNORMALLY DANGEROUS ACTIVITY

20.    Plaintiffs incorporate the foregoing for all purposes.    Additionally and/or alternatively, Defendants are strictly liable for trespass as a result of an abnormally dangerous activity.  There was a high degree of risk of some harm to the person, land or chattels of others. The likelihood that the resulting harm from it would be great.  There was an inability to eliminate the risk by the exercise of reasonable care.  The activity is not a matter of common usage.  The activity was inappropriate in the place where it was taking place.  The dangerous attributes of the activity outweighed the value to the community.  The trespass of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs.

## VI.    VICARIOUS LIABILITY

21.    Plaintiffs incorporate the foregoing for all purposes.  At all times material hereto, Defendants are vicariously liable in all respects for the torts of their employees and agents under the theory of Respondeat Superior.   The negligent acts of the employees and agents of Defendants were a proximate cause of Plaintiffs' injuries, including, but not limited to, negligent acts. These torts were committed while the employees and agents were acting within their scope of employment with Defendants – that is, the acts were within the employees' or agents' general authority, in furtherance of business of Defendants and for the accomplishment of the object for which the employees and agents were hired.

## VII.   TEX. R. CIV. P. 193.7 NOTICE.

22.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby notify all parties and counsel of record that Plaintiffs may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII.   DISCOVERY REQUESTS

23.     Pursuant to Tex. R. Civ. P.  194, 195, 196 and 197, and in accordance with the instructions stated therein, Plaintiffs request that Defendants respond to the attached Request for Disclosures, Request for Production and Interrogatories within fifty (50) days of receipt of the same.  See Exhibit A, attached hereto.

## IX.    JURY DEMAND

24.     Pursuant to Tex. R. Civ. P. 216, Plaintiffs hereby demand trial by jury and have tendered the appropriate fee.

## X.    PRAYER

25.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that, after due process of law, Plaintiffs have judgment against Defendants for actual damages, together with exemplary damages, pre-judgment interest, post-judgment interest, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By:/s/ *Stephen R. Walker*
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR PLAINTIFFS