

ENTERED
04/21/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WATSON GRINDING AND MANUFACTURING CO. | § § | Case No. 20-30967 (MI) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

**AMENDED ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF PORTER HEDGES LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS**

Upon consideration of the Official Committee of January 24 Claimant's (the "Committee") application (the "Application")[1] for entry of an order pursuant to sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rule 2014-1 authorizing the employment and retention of Porter Hedges LLP ("PH") as the Committee's counsel as of the Petition Date; and the Court being satisfied, based on the representations made in the Application and the Wolfshohl Declaration, that PH is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(c) of the Bankruptcy Code, and that PH represents no interest adverse to the Committee with respect to the matters upon which it is to be engaged; and it appearing that the relief requested is in the best interest of the Committee, and other parties in interest; and it appearing that the Court has jurisdiction to consider the Application and the relief requested under 28 U.S.C. § 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that

---

[1] Capitalized terms used but not otherwise defined shall have the meanings set forth in the Application.

10467375v2

the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. § 1408; and the Committee providing adequate notice of the Application and opportunity for objection; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Bankruptcy Local Rule 2014-1, the Committee is authorized to employ and retain PH as their bankruptcy counsel effective as of the Petition Date.

2. PH shall be compensated in accordance with the applicable procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and further orders of this Court for all services performed and expenses incurred on or after the Petition Date.

3. PH shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Bankruptcy Case in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court; *provided, however*, that PH shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of its fee applications in this Bankruptcy Case, and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for additional information and disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by PH in this Bankruptcy Case.

10467375v2

4. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the United States Trustee's standard project categories. All billings will be recorded in increments of 0.1 of an hour.

5. Notwithstanding anything to the contrary in the Application, the Wolfshohl Declaration, or the Committee Declaration, PH shall not be entitled to reimbursement for fees and expenses in connection with responding to any objection to its fees.

6. To the extent that PH uses the services of contract attorneys in these cases, PH (i) shall pass-through the cost of such contract attorneys to the Committee at the same rate that PH pays the contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of PH by Bankruptcy Rule 2014.

7. PH shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any other official committee before implementing any rate increase to the rates set forth in the Application and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. PH shall use its reasonable efforts to avoid any duplication of services provided by any other retained professionals in this Bankruptcy Case.

9. PH will review its files periodically during the pendency of this Bankruptcy Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

relevant facts or relationships arise or are discovered, PH will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. To the extent the Application or the Wolfshohl Declaration is inconsistent with this Order, the terms of this Order shall govern.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: April 21, 2020

_____
Marvin Isgur
United States Bankruptcy Judge