THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **PHILIP BURNAM AND DEZTINI** | § | |
| **SOUTHALL, INDIVIDUALLY AND** | § | |
| **AS NEXT FRIENDS AND** | § | |
| **GUARDIANS OF P.B. and P.B.,** | § | |
| **MINORS** | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. _____** |
| | § | |
| v. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Philip Burnam and Deztini Southall, individually and as next friends and guardians of P.B. and P.B., Minors v. Watson Grinding & Manufacturing Co.,* Cause No. 2020-05726, pending in the 165th Judicial District Court of Harris County, Texas (the "State Court Action").

### I.        Procedural Background and Nature of Suit

1.        On January 28, 2020, Philip Burnam and Deztini Southall, individually and as next friends and guardians of P.B. and P.B., Minors, (collectively, the "Plaintiffs") filed an Original Petition and Request for Disclosure (the "Original Petition") against Watson Grinding & Manufacturing Co.

In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence against Watson Grinding & Manufacturing Co.

2.     On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.     Basis for Removal

3.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4.     The State Court Action was initiated prior to the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under

title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.    The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.    Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.    Core or Non-Core Bankruptcy Jurisdiction

10.    This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.    Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.    Parties and Notice

12.    Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of

this Notice of Removal is being filed with the clerk of the 165th Judicial District Court of Harris County, Texas.

13.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| Zehl & Associates, PC | McCoy Leavitt Laskey LLC |
|---|---|
| Ryan H. Zehl | John V. McCoy |
| Mathew O. Greenberg | Michael I. Ramirez |
| Matt Martin | N19 W24200 Riverwood Dr., Suite 125 |
| 2700 Post Oak Blvd, Ste 1000 | Waukesha, WI 53188 |
| Houston, TX 77056-5778 | **ATTORNEYS FOR WATSON GRINDING &** |
| rzehl@zehllaw.com | **MANUFACTURING CO.** |
| **ATTORNEYS FOR PLAINTIFFS** | |

## V.     Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

15.     In the State Court Action, a summons was issued on January 30, 2020, and the returned summons was filed on February 7, 2020.

16.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 21, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 22, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| Zehl & Associates, PC<br>Ryan H. Zehl<br>Mathew O. Greenberg<br>Matt Martin<br>2700 Post Oak Blvd, Ste 1000<br>Houston, TX 77056-5778<br>rzehl@zehllaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING AND MANUFACTURING CO.** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| HCDistrictclerk.com | BURNAM, PHILLIP vs. WATSON GRINDING AND MANUFACTURING CO | 4/17/2020 |
| --- | --- | --- |

Cause: 202005726        CDI: 7        Court: 165

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
| --- | --- | --- | --- | --- |
| 89311085 | Citation Corporate Return | | 02/07/2020 | 2 |
| 89299015 | redacted-Suggestion of Bankruptcy | | 02/06/2020 | 5 |
| -> 89299016 | Exhibit A | | 02/06/2020 | 3 |
| 89193349 | Civil Process Pick-Up Form | | 01/30/2020 | 1 |
| restricted | Plaintiff's Original Petition & Request for Disclosure | | 01/28/2020 | 8 |
| | Plaintiff's Original Petition & Request For Disclosure | | 01/28/2020 | |
| -> 89132447 | CIVIL PROCESS REQUEST FORM | | 01/28/2020 | 2 |
| | CIVIL PROCESS REQUEST FORM | | 01/28/2020 | |
| restricted | Plaintiff's Original Petition & Request For Disclosure | | 01/28/2020 | 8 |
| -> 89132447 | CIVIL PROCESS REQUEST FORM | | 01/28/2020 | 2 |

1/28/2020 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40339898
By: Joshua Hall
Filed: 1/28/2020 12:09 PM

CAUSE NO._____

| | | |
|---|---|---|
| Phillip Burnam and Deztini Southall, | § | IN THE DISTRICT COURT OF |
| individually, and as next friends and | § | |
| guardians of P.B. and P.B., minors, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Watson Grinding and Manufacturing Co., | § | |
| | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**COME NOW** Phillip Burnam and Deztini Southall, individually, and as next friends and guardians of P.B. and P.B., minors, and file this Original Petition and Request for Disclosure and show the court the following:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery in this case under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure and respectfully request the Court issue a scheduling order to that effect.

### II.    PARTIES

2.    Plaintiffs Philip Burnam, Deztini Southall, P.B., a minor, and P.B., a minor, are individuals who live and reside in Harris County, Texas. They may be contacted through their counsel of record, Zehl & Associates PC.

3.    Defendant Watson Grinding and Manufacturing Co. is a Texas corporation doing business in the State of Texas and may be served with process through its registered agent, John Watson, 4525 Gessner Rd., Houston, TX 77041. Plaintiffs request a citation.

### III.   VENUE AND JURISDICTION

4.     The subject matter in controversy is within the jurisdictional limits of this court.

5.     This court has personal jurisdiction over all Defendant because they are licensed to do business in the State of Texas, conduct business on a regular and systematic basis in the State of Texas, are citizens of and/or have principal places of business in the State of Texas, and committed a tort in the State of Texas.

6.     All other jurisdictional prerequisites and conditions precedent to suit have been met.

7.     This case cannot be removed to federal court under 28 U.S.C. § 1441(b) because Defendant is a resident of the forum state.

8.     Venue is proper in Harris County under section 15.002(a) of the Texas Civil Practice and Remedies Code because Defendant has its principal places of business in Harris County and all the events or omission giving rise to this claim occurred in Harris County.

### IV.   FACTUAL BACKGROUND

9.     Around 4:30 a.m. on Friday, January 24, 2020, Plaintiffs were awakened by an explosion that rocked southwest Houston. The Watson Grinding and Manufacturing plant at 4525 Gessner Road in Houston, Texas 77401 (the "Watson plant") exploded without warning. The blast and resulting shockwave destroyed nearby homes and buildings and injured countless individuals. At least two people were killed, and the blast radius covered more than one-half square mile. The cause of the explosion is believed to be a dangerous combination of propylene and natural gas.

10.     Among those individuals injured are Plaintiffs, Phillip Burnam, Deztini Southall, P.B., a minor, and P.B., a minor, who were present in their home located near the Watson plant.

When the Watson plant exploded, the roof of Plaintiffs' house collapsed and fell on Plaintiffs, causing severe physical and emotional injuries and property damage.

11.     The photos below show only a fraction of the devastating damage to Plaintiffs' house, including the roof that collapsed on the minor Plaintiffs while they were sound asleep in their bedrooms. As a result, both minor children were (and still remain) hospitalized with serious injuries.

 



## V.    CAUSES OF ACTION

### A.  NEGLIGENCE

12.    Defendant owed a duty of reasonable care to Plaintiffs. Nevertheless, Defendant breached that duty of reasonable care in one or more of the following non-exhaustive ways:

a.  Failing to create, implement, and enforce necessary and adequate safety policies and procedures;

b.  Failing to eliminate extreme hazards from and maintain the Watson premises in a safe condition;

c.  Failing to assess, identify, and correct dangerous hazards on the Watson premises, including those posing an extreme degree of harm;

d.  Failing to properly store and maintain propylene, natural gas and other combustible materials;

e.  Failing to warn of and/or correct the dangerous hazards located on the Watson premises; and

f.  Failing to comply with industry and safety policies and procedures.

Each of these acts and omissions, individually and in combination with each other, constitute the negligence that proximately caused the explosion and Plaintiffs' injuries and damages.

**B.  GROSS NEGLIGENCE**

13.     Plaintiffs re-allege each of the previous paragraphs as if fully set forth herein.

14.     Plaintiffs will show that the acts and omissions of Defendant, when viewed objectively from each Defendant's standpoint involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including those on and in the vicinity of the Watson premises. Defendant had actual subjective awareness of these risks, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others, including Plaintiffs.

15.     More specifically, Defendant knew, *inter alia*, of the risks associated with the storage and/or use of propylene, natural gas, and other highly hazardous and combustible materials, yet failed to take the necessary precautions and safeguards needed to prevent a catastrophic explosion. These acts and omissions constitute gross negligence and malice, entitling Plaintiffs to the punitive damages requested.

**VI.     RESPONDEAT SUPERIOR**

16.     Plaintiffs re-allege each of the previous paragraphs as if fully set forth herein.

17.     Whenever in this Petition it is alleged that Defendant did or failed to do any particular act and/or omission, it is meant that Defendant, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of their employment, agency or contract with Defendant, and in furtherance of Defendant's business.

18.     Therefore, under the doctrine of respondeat superior, Defendant is vicariously liable for the acts and omissions of its agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this petition and incorporated by reference here fully.

## VII.     DAMAGES

19.     As a result of Defendant's negligence conduct, Plaintiffs have suffered damages for which they now seek redress, including, but not limited to:

    a.   Loss of use;

    b.   Cost of replacement, repairs and/or relocation;

    c.   Loss and diminution in value;

    d.   Physical pain in the past;

    e.   Physical pain in the future;

    f.   Mental anguish in the past;

    g.   Mental anguish in the future;

    h.   Physical impairment in the past;

    i.   Physical impairment in the future;

    j.   Medical expenses in the past;

    k.   Medical expenses in the future;

    l.   Loss of consortium in the past;

    m.  Loss of consortium in the future;

    n.   Loss of earning capacity in the past;

    o.   Loss of earning capacity in the future;

    p.   Punitive damages;

    q.   Costs of suit;

    r.   Pre-judgment interest;

s.   Post-judgment interest;

t.   All other relief to which Plaintiffs are entitled under the law.

### VIII.   NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

20.   Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that they intend to use at trial or any pre-trial proceeding all discovery instruments and documents Defendant has produced in response to written discovery requests.

### IX.   RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

21.   Rule 47 of the Texas Rules of Civil Procedure requires Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs state that monetary relief of over $1,000,000, in amount to be determined by the jury, is being sought.

### X.   REQUEST FOR DISCLOSURE

22.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs hereby request that Defendant disclose and produce the information or material described in Rule 194.2(a)–(l).

### XI.   JURY TRIAL REQUESTED

23.   Plaintiffs hereby request a jury trial of this matter and have paid or will pay the appropriate jury fee.

### XII.   RESERVATION OF RIGHTS

24.   The allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, continue in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## XIII.    CONCLUSION & PRAYER

For these reasons, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; for exemplary damages; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

*/s/ Ryan H. Zehl*
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matthew O. Greenberg
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
Matt L. Martin
Texas State Bar No. 24090246
mmartin@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-8545

**ATTORNEYS FOR PLAINTIFFS**

1/28/2020 12:09:52 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40339898
By: HALL, JOSHUA E
Filed: 1/28/2020 12:09:52 PM

## CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): __Plaintiffs' Original Petition and Request for Disclosure__

**FILE DATE OF MOTION:** _____
                                    01            28            2020
                                    Month/      Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:  Watson Grinding and Manufacturing Co.

    ADDRESS:  4525 Gessner Road, Houston, Texas 77041

    AGENT, (*if applicable*):  John Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Court Record Research BOX 107   Phone: (713) 227-3353
- [ ] **MAIL**                                         [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:          [ ] **COURTHOUSE DOOR, or**
                                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

### ATTENTION:  Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**********************************************************************************************

2.  NAME:  _____

    ADDRESS:  _____

    AGENT, (*if applicable*):  _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                                         [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:          [ ] **COURTHOUSE DOOR, or**
                                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Matthew Greenberg            TEXAS BAR NO./ID NO.  24090136

MAILING ADDRESS:  2700 Post Oak Blvd., Suite 1000, Houston, Texas 77056

PHONE NUMBER:  713        491-6064            FAX NUMBER:  713        583-8584
                          area code    phone number                                area code    fax number

EMAIL ADDRESS:  mgreenberg@zehllaw.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

X   ORIGINAL PETITION
_____   AMENDED PETITION
_____   SUPPLEMENTAL PETITION

COUNTERCLAIM
_____   AMENDED COUNTERCLAIM
_____   SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____   AMENDED CROSS-ACTION
_____   SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____   AMENDED THIRD-PARTY PETITION
_____   SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____   AMENDED INTERVENTION
_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____   AMENDED INTERPLEADER
_____   SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO:  _____
(specify)

MOTION TO:  _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER: 2020-05726

**ATY**            **CIV X**                    **COURT 165**

---

REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY: GREENBERG, MATTHEW O   PH: 713-491-6064**

**\*CIVIL PROCESS SERVER: COURT RECORD RESEARCH**

**\*PH: 713-227-3353**                    **BOX: 107**

**\*PERSON NOTIFIED SVC READY:** _Derick Rocha_

**\* NOTIFIED BY: JOSHUA HALL** _Cecilia Othaer_

**DATE:** _1·30·2020_

---

Type of Service Document: Citation        Tracking Number **73719136**
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____

**Process papers prepared by:**        **J. HALL**

**Date:  01/30/2020**            **30 days   waiting**            **02/29/2020**

---

**\*Process papers released to:** _____
                                 (PRINT NAME)

_7 · 274-335)_
**\*(CONTACT NUMBER)**            (SIGNATURE)

 **\*Process papers released by:** _I. Collins_
                                   (PRINT NAME)

                                  (SIGNATURE)

**\* Date:** _1/30/20_ , 2019  Time: _330_     AM PM

---

**RECORDER'S MEMORANDUM**
This instrument is of poor quality   Revised 12-15-2014
at the time of imaging

2/6/2020 1:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40617622
By: Mercedes Ramey
Filed: 2/6/2020 1:23 PM

## CAUSE NO. 2020-05726

| | | |
|---|---|---|
| **Phillip Burman, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | **In the District Court** |
| | § | |
| **v.** | § | |
| | § | **165th Judicial District** |
| **Watson Grinding and Manufacturing Co.,** | § | |
| | § | |
| **Defendant.** | § | **Harris County, Texas** |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967. This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted

MCDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com

JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Ryan H. Zehl                    rzehl@zehllaw.com
Matthew O. Greenberg            mgreenberg@zehllaw.com
Matt L. Martin                  mmartin@zehllaw.com


/s/ Jarrod B. Martin
Jarrod B. Martin

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX
Tax ID / EIN: ██████████

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:01 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30967 |
| Billable Pages: | 1 | Cost: | 0.10 |

# Exhibit A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:01 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30967 |
| Billable Pages: | 1 | Cost: | 0.10 |

01446754
02447519

2/7/2020 9:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40642185
By: Mercedes Ramey
Filed: 2/7/2020 9:13 AM

| RECEIPT NUMBER | 0.00 |
|---|---|
| TRACKING NUMBER | 73719136 CIV |

**CAUSE NUMBER**    202005726

| | |
|---|---|
| **PLAINTIFF:** BURNAM, PHILLIP | **In The** 165th |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT:** WATSON GRINDING AND MANUFACTURING CO | **Harris County, Texas** |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: WATSON GRINDING AND MANUFACTURING CO (A TEXAS CORPORATION) MAY
BE SERVED WITH PROCESS BY SERVING THROUGH ITS REGISTERED AGENT
JOHN WATSON

4525 GESSNER RD    HOUSTON TX 77041

Attached is a copy of  PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on the ___28th___ day of ___January___, 20 __20__, in the above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___30th___ day of ___January___, 20 __20__.

Issued at request of:
GREENBERG, MATTHEW O.
2700 POST OAK BLVD, SUITE 1000
HOUSTON, TX 77056
TEL: (713) 491-6064
Bar Number: 24090136

*(seal: DISTRICT COURT OF HARRIS COUNTY TEXAS)*

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

**Generated by:** HALL, JOSHUA EVERETT  GLH//11427268

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____, _____,
                                                                    (STREET ADDRESS)                                    (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                            (DESCRIPTION OF PETITION, R-2, "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
                                                (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20 ___.

FEE: $_____          By: _____
                                                (SIGNATURE OF OFFICER)

                              Printed Name: _____

                              As Deputy for: _____
_____                    (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

                              _____
                                          Notary Public

N.INT.CITC.P                    *73719136*

## CAUSE NUMBER: 2020-05726

**PHILLIP BURNAM, ET AL**
**PLAINTIFF**

**IN THE 165TH JUDICIAL DISTRICT**
**VS.**
**COURT OF HARRIS COUNTY, TEXAS**

**WATSON GRINDING AND**
**MANUFACTURING CO.**
**DEFENDANT**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **DUSTIN W. TIERNEY**, personally appeared before me and stated under oath as follows:

My name is **DUSTIN W. TIERNEY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Monday February 03, 2020 AT 05:01 PM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE**, came to hand for service upon **WATSON GRINDING AND MANUFACTURING CO (A TEXAS CORPORATION). BY SERVING ITS REGISTERED AGENT, JOHN WATSON**.

On **Tuesday February 04, 2020** at **08:15 PM** - The above named documents were hand delivered to: **WATSON GRINDING AND MANUFACTURING CO (A TEXAS CORPORATION) BY DELIVERING TO ITS REGISTERED AGENT, JOHN WATSON @ 4002 CHATHAM LANE, HOUSTON, TX 77027, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

**DUSTIN W. TIERNEY**
**PSC# 10178 EXP 02/28/21**

**SWORN TO AND SUBSCRIBED** before me by **DUSTIN W. TIERNEY** appeared on this _6_ day of FEBRUARY, 2020 to attest witness my hand and seal of office.

CLAUDIA LEWIS
Notary Public, State of Texas
Comm. Expires 11-11-2022
Notary ID 125713496

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2020.02.447519