THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **CAROLE GOFF,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **WATSON GRINDING AND** | § | **ADVERSARY NO. _____** |
| **MANUFACTURING CO. AND** | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Carole Goff* v. *Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc.,* Cause No. 2020-07220, pending in the 11th Judicial District Court of Harris County, Texas (the "State Court Action").

### I.       Procedural Background and Nature of Suit

1.       On January 31, 2020, Carole Goff (the "Plaintiff") filed an Original Petition along with Written Discovery Requests to Defendants (the "Original Petition") against Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc., (collectively, the "Defendants").  In her Original Petition, the Plaintiff asserts claims of negligence and gross negligence against the Defendants.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967 in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

3.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4.      The State Court Action was initiated prior to the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose

outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.      Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.      Core or Non-Core Bankruptcy Jurisdiction

10.      This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.      Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.      Parties and Notice

12.      Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 11th Judicial District Court of Harris County, Texas.

13.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Bain & Barkley<br>Michael Tate Barkley<br>Karl R. Schneider<br>14090 Southwest Freeway, Ste 450<br>Sugar Land, TX 77478<br>tate@bainlaw.net<br>karl@bainlaw.net<br>**ATTORNEYS FOR PLAINTIFF** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |

## V.     Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

15.     In the State Court Action, summons was issued on February 4, 2020, but no return of summons has been filed..

16.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 21, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 21, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 22, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| Bain & Barkley<br>Michael Tate Barkley<br>Karl R. Schneider<br>14090 Southwest Freeway, Ste 450<br>Sugar Land, TX 77478<br>tate@bainlaw.net<br>karl@bainlaw.net<br>**ATTORNEYS FOR PLAINTIFF** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| HCDistrictclerk.com | GOFF, CAROLE vs. WATSON GRINDING AND MANUFACTURING CO | 4/17/2020 |
|---|---|---|

Cause: 202007220          CDI: 7          Court: 011

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89305428 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89305429 | Exhibit A | | 02/06/2020 | 3 |
| 89305430 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89305431 | Exhibit A | | 02/06/2020 | 3 |
| 89208176 | Plaintiff's original Petition with Written Discovery Requests to Defendants | | 01/31/2020 | 7 |
| -> 89208177 | Civil Process Form | | 01/31/2020 | 1 |
| -> 89208178 | Civil Process Form | | 01/31/2020 | 1 |

1/31/2020 4:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40475516
By: Brittany Hall
Filed: 1/31/2020 4:27 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **CAROLE GOFF** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **WATSON GRINDING AND** | § | **_____ JUDICIAL DISTRICT** |
| **MANUFACTURING CO. AND WATSON** | | |
| **VALVE SERVICES, INC.** | | |

### PLAINTIFF'S ORIGINAL PETITION
### WITH WRITTEN DISCOVERY REQUESTS TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, CAROLE GOFF, Plaintiff, hereby complaining of WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC., Defendants and for her cause of action, would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to proceed under a Level II Discovery Control Plan, pursuant to Rules 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

Plaintiff, CAROLE GOFF (hereinafter "Plaintiff") is an individual and a resident of Harris County, Texas.

Defendant, WATSON GRINDING AND MANUAFACTURING CO. (hereinafter, "WATSON GRINDING") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit. Defendant maybe  served with process through its registered agent John M. Watson, 4525 Gessner Road, Houston, Texas 77041.  Defendant may be

1

served at this address or wherever he may be found. Plaintiff requests a citation be issued for this Defendant at this time.

Defendant, WATSON VALVE SERVICES, INC.. (hereinafter, "WATSON VALVE") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit. Defendant may be served with process through its registered agent John M. Watson, 4525 Gessner Road, Houston, Texas 77041. Defendant may be served at this address or wherever he may be found. Plaintiff requests a citation be issued for this Defendant at this time.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(2), as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

Plaintiff specifies that she is seeking monetary relief more than $100,000.00. Further, the amounts of the Plaintiff's damages are in excess of the jurisdictional minimums of this Court. Many elements of damage, including property damage, pain, suffering and mental anguish in the past and future, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amounts of damages for any of these particular elements of damage but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate him. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be too high or too low.

## IV.
## FACTS

In the early morning hours of January 24, 2020, a violent explosion occurred at Watson Grinding and Manufacturing located at 4525 Gessner Road in Houston, Texas.  Plaintiff Plaintiff's home was completely destroyed by the explosion and has been or will be condemned as unfit to live in.  At all times relevant to the incident, Defendants WATSON GRINDING and WATSON VALVE controlled and continues to control the premises where the explosion originated. As a result of the explosion, Plaintiff suffered significant damages to their personal property,  dwelling, in addition to bodily injuries.

## V.
## NEGLIGENCE OF DEFENDANTS

Defendant had a duty to exercise a degree of care that reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

Defendants' contemporaneous conduct constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendants directly and personally participated in the conduct given rise to Plaintiffs' negligence claims through their joint and several actions and omissions. Defendants, acting in the course and scope of their employment owed an independent duty to Plaintiff and were guilty of negligence in the following respects:

      a.      Failing to furnish reasonably safe instrumentalities
      b.      Failing to provide and enforce safety regulations;
      c.      Failing to properly inspect, maintain and store volatile gasses on the premises;
      d.      Failing to properly inspect and maintain pressure regulators on the premises;
      e.      Failing to properly inspect the premises for gas leaks
      f.      Failing to properly repair storage tanks, gas lines and valves

g.    Failing to timely repair tanks, gas lines and valves;
h.    Failing to properly screen, hire, train, control, manage and supervise their agents and employees;
i.    Failing to cordon off the hazardous area from all traffic, tools and equipment near the ignition source;
j.    Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and
k.    Failing to ensure a safe work area.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and negligence per se.  Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting serious, permanent damages suffered by Plaintiff.

## VI.
## GROSS NEGLIGENCE OF DEFENDANTS

The occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff was proximately caused by Defendants wanton and reckless disregard for the safety of Plaintiff, consisting of, but not limited to, the following acts and/or omissions:

a.    Failing to furnish reasonably safe instrumentalities
b.    Failing to provide and enforce safety regulations;
c.    Failing to properly inspect, maintain and store volatile gasses on the premises;
d.    Failing to properly inspect and maintain pressure regulators on the premises;
e.    Failing to properly inspect the premises for gas leaks
f.    Failing to properly repair storage tanks, gas lines and valves
g.    Failing to timely repair tanks, gas lines and valves;
h.    Failing to properly screen, hire, train, control, manage and supervise their agents and employees;
i.    Failing to cordon off the hazardous area from all traffic, tools and equipment near the ignition source;
j.    Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and
k.    Failing to ensure a safe work area.

Each of these acts and omissions of Defendants constitutes a wanton and reckless disregard for the safety of the Plaintiff and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Plaintiff as described below.

When viewed objectively from the standpoint of Defendants at the time of its occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition each were actually, subjectively aware of the risk involved, but nevertheless proceed with conscious indifference to the rights, safety or welfare of others; therefor Plaintiff sues for exemplary damages in an amount to be determined by the trier of the fact.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief:

A.  Remedial costs for real property damage;

B.  Replacement costs for personal property damage;

C.  Costs of completion;

D.  Expenses of temporary/alternate housing;

E.  Mental anguish in the past and future;

F.  Medical Expenses in the past and in the future;

G.  Physical pain and suffering in the past and future;

H.  Loss of earnings and earnings capacity in the past and future;

I.  Disfigurement in the past and future;

J.  Loss of household services in the past and future;

K.  Loss of use;

L.  Costs of suit;

M. Prejudgment and post-judgment interest;

N. Cost of replacement

O. Incidental and consequential damages;

P. Business interruption damages; and

Q. All other relief to which Plaintiff may be justly entitled.


## VIII.
## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.
## WRITTEN DISCOVERY REQUESTS

A. REQUEST FOR DISCLOSURE

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

## X.
## NOTICE OF DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

Plaintiff ask Court to order Defendants WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC. to preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause in accordance with specific notice previsions as if same was set for the herein for all purposes.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover:

(a)  Actual and statutory damages;

(b)  Pre-judgment interest at the highest legal rate;

(c)  Taxable costs of Court, to include Plaintiff's reasonable and necessary attorney's fees;

(d)  Post-judgment interest at the highest legal rate; and

(e)  Such other and further relief to which Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

**BAIN & BARKLEY**
*A Partnership of Professional Corporations*

**BY:** _____
Michael Tate Barkley
Texas State Bar Number: 01750065
Email: tate@bainlaw.net
Karl R. Schneider
Texas State Bar Number: 00788366
Email: karl@bainlaw.net
14090 Southwest Freeway, Suite 450
Sugar Land, Texas 77478
Tel:     281-980-3100
Fax:     281-980-3195
**ATTORNEYS FOR PLAINTIFF**
**CAROLE GOFF**

7

1/31/2020 4:27:13 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40475516
By: HALL, BRITTANY
Filed: 1/31/2020 4:27:13 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition with Written Discovery Requests to Defendants

**FILE DATE:** January 31, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Valve Services, Inc.

Address of Service: 4525 Gessner Road

City, State & Zip: Houston, Texas 77041

Agent (if applicable) John. M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: Michael Tate Barkley Bar # or ID   01750065

Mailing Address: 14090 Southwest Freeway,m #450, Sugar

Phone Number: 281-980-3100

1/31/2020 4:27:13 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40475516
By: HALL, BRITTANY
Filed: 1/31/2020 4:27:13 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served: __Plaintiff's Original Petition with Written Discovery Requests to Defendant__

**FILE DATE:** _January 31, 2020_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** __Watson Grinding and Manufacturing Co._____

Address of Service: __4525 Gessner Road_____

City, State & Zip: _Houston, Texas 77041_____

Agent (if applicable) _John. M. Watson_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | | **Newspaper_____** | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** | |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** | |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** | |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe) _____** | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP (phone)** _____    ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _Michael Tate Barkley_ Bar # or ID __01750065__

Mailing Address: _14090 Southwest Freeway,m #450, Sugar_

Phone Number: _281-980-3100_____

2/6/2020 4:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40632665
By: Lewis John-Miller
Filed: 2/6/2020 4:45 PM

## CAUSE NO. 2020-07220

| | | |
|---|---|---|
| Carole Goff, | § | |
| | § | **In the District Court** |
|     Plaintiff | § | |
| v. | § | |
| | § | **11th Judicial District** |
| Watson Grinding and Manufacturing | § | |
| Co., et al. | § | |
| | § | **Harris County, Texas** |
|     Defendants. | | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967.   This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Michael Tate Barkley                tate@bainlaw.net
Karl R. Schneider                  karl@bainlaw.net

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:01 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30967 |
| Billable Pages: | 1 | Cost: | 0.10 |

2/6/2020 4:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40632665
By: Lewis John-Miller
Filed: 2/6/2020 4:45 PM

## CAUSE NO. 2020-07220

| | | |
|---|---|---|
| Carole Goff, | § | |
| | § | **In the District Court** |
| **Plaintiff** | § | |
| v. | § | |
| | § | **11ᵗʰ Judicial District** |
| **Watson Grinding and Manufacturing** | § | |
| **Co., et al.** | § | |
| | § | **Harris County, Texas** |
| **Defendants.** | | |

---

## SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968.  This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

**PROPOSED COUNSEL FOR WATSON VALVE SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Michael Tate Barkley                tate@bainlaw.net
Karl R. Schneider                     karl@bainlaw.net

                         /s/ Jarrod B. Martin
                         Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.

**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/06/2020 12:28:57 | | | |
| PACER Login: | mhllp123:3421775:0 | Client Code: | 7058 |
| Description: | Notice of Filing | Search Criteria: | 20-30968 |
| Billable Pages: | 1 | Cost: | 0.10 |