## THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **HECTOR MONDRAGON OLVERA** | § | |
| **AND ESMERALDA GONZALEZ** | § | |
| **GARCIA, INDIVIDUALLY AND AS** | § | |
| **NEXT FRIEND OF F.M., Z.M., AND** | § | |
| **H.M. (MINORS),** | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. _____** |
| | § | |
| v. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.** | § | |
| | | |
| Defendants. | | |

## <u>NOTICE OF REMOVAL</u>

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Hector Mondragon Olvera and Esmeralda Gonzalez Garcia, individually and as next friend of F.M., Z.M. and H.M. (minors)* v. *Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC, KMHJ, Ltd., Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause No. 2020-08060, pending in the 133rd Judicial District Court of Harris County, Texas (the "State Court Action").

## I.     Procedural Background and Nature of Suit

1.      On February 4, 2020, Hector Mondragon Olvera and Esmeralda Gonzalez Garcia, individually and as next friend of F.M., Z.M. and H.M. (Minors) (collectively, the "Plaintiffs") filed an Original Petition, Request for Disclosure and Rule 193.7 Notice (the "Original Petaton") against Watson Grinding & Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC, KMHJ, Ltd., Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").  In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence against the Defendants.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967 in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

3.      On March 24, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed an Original Answer.

## II.     Basis for Removal

4.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

5.      The State Court Action was initiated prior to the commencement of the Chapter 11 Case.  This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

8.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

9.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

10.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

11.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under

28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

12.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

13.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 133rd Judicial District Court of Harris County, Texas.

14.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management<br>Company, LLC and KMHJ, Ltd** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |

| Christopher M. LaVigne<br>Greenberg Traurig, LLP<br>2200 ROSS AVENUE, SUITE 5200<br>DALLAS, TX 75201<br>LAVIGNEC@GTLAW.COM<br>ESERVICE@ZEHLLAW.COM<br><br>Greenberg Traurig, LLP<br>PAUL KERLIN<br>1000 LOUISIANA ST., STE 1700<br>HOUSTON, TX 77002<br>KERLINP@GTLAW.COM<br>**ATTORNEYS FOR MATHESON TRI-GAS &**<br>**WESTERN INTERNATIONAL GAS &**<br>**CYLINDER** | |

## V.      Process and Pleadings

15.      Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

16.      In the State Court Action, summons was issued on February 6, 2020, but no return of summons has been filed..

17.      In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 22, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 22, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) to the following:

| | |
|---|---|
| McMillan Firm PLLC<br>Chance A. McMillan<br>Mathew Mendoza<br>Wayne Collins<br>440 Louisiana Street, Ste 1200<br>Houston, TX 77002-1691<br>cam@mcmillanfirm.com<br>mem@mcmillanfirm.com<br>wdc@mcmillanfirm.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd** | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Christopher M. LaVigne<br>Greenberg Traurig, LLP<br>2200 ROSS AVENUE, SUITE 5200<br>DALLAS, TX 75201<br>LaVigneC@gtlaw.com<br>eservice@zehllaw.com<br><br>Greenberg Traurig, LLP<br>PAUL KERLIN<br>1000 LOUISIANA ST., STE 1700<br>HOUSTON, TX 77002<br>KERLINP@GTLAW.COM<br>**ATTORNEYS FOR MATHESON TRI-GAS & WESTERN INTERNATIONAL GAS & CYLINDER** | |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

Harris County Docket Sheet

# 2020-08060

**COURT:**   133rd

**FILED DATE:**   2/4/2020

**CASE TYPE:**   Other Injury or Damage



---

**OLVERA, HECTOR MONDRAGON (INDIVIDUALLY ANF F M Z M**

Attorney: MCMILLAN, CHANCE ALLEN

**vs.**

**WATSON GRINDING AND MANUFACTURING CO**

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

2/4/2020 5:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40558795
By: Courtni Gilbert
Filed: 2/4/2020 5:06 PM

CAUSE NO. _____

| | | |
|---|---|---|
| HECTOR MONDRAGON OLVERA AND | § | IN THE DISTRICT COURT OF |
| ESMERALDA GONZALEZ GARCIA | § | |
| INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF F.M., Z.M., | § | |
| AND H.M. (MINORS) | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC. AND KMHJ | § | |
| MANAGEMENT COMPANY, LLC, | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND MATHESON TRI-GAS, INC. | § | |
| | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HECTOR MONDRAGON OLVERA and ESMERALDA GONZALEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS OF F.M., Z.M., AND H.M. (minors) ("Plaintiffs"), and initiates this legal action against, WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC. ("Collectively as Defendants") and would show the Court as follows:

## I.
## DISCOVERY LEVEL

1.    Plaintiffs intend to conduct discovery under Level II of the Texas Rules of Civil Procedure 190.4.

Certified Document Number: 89264631 - Page 1 of 9

## II.
## REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants to disclose, within 50 days of the service of this request, the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs specifically request the responding party to produce responsive documents at the undersigned law office within 50 days of the service of this request.

## III.
## PARTIES

3.      Plaintiffs are residents of Harris County, Texas. Plaintiffs, Hector Mondragon Olvera and Esmeralda Gonzalez Garcia, are the natural parents of the minor Plaintiffs.

4.      Defendant Watson Grinding and Manufacturing Co. ("Defendant Watson Manufacturing") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Mr. John M. Watson at 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

5.      Defendant Watson Valve Services, Inc. ("Defendant Watson Valve") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Mr. John M. Watson at 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

6.      Defendant KMHJ Management Company, LLC is a domestic limited liability company registered to do business in the State of Texas, whose managing member is a resident of Harris County, Texas. Defendant may be served through its registered agent,

Certified Document Number: 89264631 - Page 2 of 9

Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

7.      Defendant KMHJ, LTD. is a domestic limited partnership registered to do business in Texas whose general partner is a resident of Harris County, Texas. Defendant may be served through its registered agent, KMHJ Management Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

8.      Defendant Western International Gas & Cylinders, Inc. ("Defendant Western") is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Ms. Denise C. Haugen, at 7173 Highway 159 East, Bellville, Texas 77418 or wherever she may be found.

9.      Defendant Matheson Tri-Gas, Inc. ("Defendant Matheson") is a domestic for-profit corporation incorporated under the laws of the State of Texas and operating in Texas. Defendant may be served through its registered agent, CT Corporation Services, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.      Plaintiffs specifically invoke the right to institute this suit against whatever entities were conducting business using the assumed names or common names of the Defendants listed above with regards to the events described in this and subsequent amended petitions. Plaintiff expressly invokes their rights under Rule 28 of the Texas Rules of Civil Procedure to have the true and correct names of the party or parties substituted at a later time upon the filing of a motion or action of the Court.

**IV.**
**JURISDICTION & VENUE**

11.      This Court has personal jurisdiction over Defendants because Defendants have in

Certified Document Number: 89264631 - Page 3 of 9

the past and continues to do business in Texas, has continuing contacts with the State, and are amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

12.     Harris County is the proper county of venue because it is where all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1).

**V.**
**FACTUAL BACKGROUND**

13.     Defendant Watson Manufacturing is a local company with its facility located at 4525 Gessner Road, Houston, Harris County, Texas 77041 (the "Watson Plant"). Defendant manufactures and services valves and pump components for the chemical, offshore, and aerospace industries. Since 2006, the Occupational Safety and Health Administration ("OSHA") has found at least three violations wherein individuals reported injuries at Defendant's facility. In 2013, OSHA fined Defendant for failing to properly control hazardous energy and materials.  In 2015, Defendant failed to include propylene, a hazardous chemical, in its mandatory inventory reporting to the state's governing and regulating authorities.

14.     On January 24, 2020, Plaintiffs were at their respective homes in Northwest Houston when an explosion occurred at the Watson Plant.  The explosion destroyed nearby commercial and residential buildings and resulted in damages to Plaintiffs' personal property.  It is believed that the explosion was caused by a combination of propylene and natural gas which were near each other at the Watson Plant.  It is not yet known how propylene was stored at Defendants' facility, but if a company has more than 10,000 pounds of propylene, it is required to have a Risk Management Plan on file with

Certified Document Number: 89264631 - Page 4 of 9

the Environmental Protection Agency.   Defendants did not and do not have a Risk Management Plan on file.

15.    Plaintiffs were within the blast radius and vicinity of the Watson Plant at the time of the explosion and were awoke by the unexpected blast. In an effort to protect themselves and escape their residences, Plaintiffs suffered serious bodily and emotional injuries.

16.    It has been reported that at least two individuals died as a result of the incident made the basis of this lawsuit. At the time of this filing, it is believed that over 200 residences within the vicinity of the Watson Plant have suffered varying degrees of damages.

## VI.
## NEGLIGENCE (ALL DEFENDANTS)

17.    Defendants owed a duty of reasonable care to the Plaintiffs. Defendants breached their duty in one or more of the following ways:

    a.  Failing to create and/or enforce safety rules and guidelines;

    b.  Failing to adhere to OSHA standards applicable to this case;

    c.  Failing to perform their businesses in a safe manner;

    d.  Failing to provide a safe workplace;

    e.  Failing to recognize and remediate hazards;

    f.   Failing to properly position the propylene and natural gases materials;

    g.  Failing to adequately respond to an emergency as to prevent the incident;

    h.  Failing to provide timely assistance and help to prevent incident;

    i.   Failing to ensure protections were in place to prevent incident;

    j.   Failing to warn of a known hazard;

Certified Document Number: 89264631 - Page 6 of 9

k.   Failing to read, understand, and follow published safe policies/procedures;

l.   Failing to identify and eliminate unsafe work policies/procedures;

m.  Failing to prevent the creation of latent dangers;

n.   Failing to have policies/procedures in place to recognize latent dangers;

o.   Failing to have policies/procedures in place to eliminate latent dangers;

p.   Failing to provide adequate equipment and competent personnel;

q.   Failing to institute precautionary measure to protect local communities;

r.   Failing to use proper equipment;

s.   Failing to properly plan for emergent situations;

t.   Failing to safely monitor propylene and the gas at the Watson Plant;

u.   Failing to adequately place the propylene and natural gas on premises; and

v.   Failing to implement effective systems for the safe storage and use of propylene and natural gas at the Watson Plant.

18.   Defendants' acts and omissions were a proximate cause of Plaintiffs' injuries.

## VII.
## RESPONDEAT SUPERIOR

19.   Defendants are liable for the torts committed by its employees during the course and scope of the employee's employment. At the time of the incident made the basis of this lawsuit, Defendants' employees were negligent and grossly negligent while in the course and scope of their employment with Defendants (and in furtherance of Defendants' businesses). Defendants' employees and representatives had a general duty to exercise reasonable care in performing their work. Defendants' employee, however, failed to exercise the requisite standard of care, were negligent, and were grossly negligent. As a result, Defendants are liable for all injuries sustained by Plaintiffs.

## VIII.
## GROSS NEGLIGENCE (ALL DEFENDANTS)

20.     Plaintiffs re-allege each aforementioned allegation in this petition. Defendants had a duty and responsibility to act (or not act) in ways that involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants have actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or wellbeing of others. Tex. Civ. Prac. Rem. Code §41.001(11). Defendants knew or should have known of the risk associated with using incorrect, insufficient, or defective piping for the propylene and/or natural gas as well as the risk associated with keeping the two extremely combustible materials in close proximity to each other at the Watson Plant. As a result of Defendants' actions or omissions, Plaintiffs pray that Defendants be found grossly negligent and Plaintiffs be awarded punitive damages against Defendants.

## IX.
## DAMAGES

21.     Plaintiffs, individually, seek damages in excess of $1,000,000.00 and seek any other relief which Plaintiffs may show themselves justly entitled. Plaintiffs seek the following damages:

      a.      Real property and personal property damages;

      b.      Physical pain and suffering in the past and future;

      c.      Mental anguish in the past and future;

      d.      Physical impairment in the past and future;

      e.      Disfigurement in the past and future;

      f.      Lost Wages;

Certified Document Number: 89264631 - Page 7 of 9

g.     Medical expenses in the past and future;

h.     Loss of consortium and companionship in the past and future;

i.     Loss of earning capacity in the past and future;

j.     Loss of household services in the past and future;

k.     Punitive damages;

l.     Attorney's fees and expenses; and

m.     Prejudgment and post-judgment interest.

## X.
## RULE 193.7 NOTICE

22.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## XI.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that they obtain a judgment against Defendants, jointly and severally, for damages pled herein and for such other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Certified Document Number: 89264631 - Page 8 of 9

Respectfully submitted,

**MᴄMɪʟʟᴀɴ Fɪʀᴍ, P.L.L.C.**

By: _____

Chance A. McMillan
Bar No. 24078981
cam@mcmillanfirm.com
Mathew Mendoza
Bar No.: 24109548
mem@mcmillanfirm.com
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com

ATTORNEY FOR PLAINTIFFS



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 18, 2020

Certified Document Number:        89264631 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/24/2020 2:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41890667
By: SHANNON NORTH-GONZALEZ
Filed: 3/24/2020 2:28 PM

## CAUSE NO. 2020-08060

| | | |
|---|---|---|
| HECTOR MONDRAGON OLVERA, | § | IN THE DISTRICT COURT OF |
| AND ESMERALDA GONZALEZ | § | |
| GARCIA, INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF F.M., Z.M., AND H.M. | § | |
| (MINORS) | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO.; WATSON | § | |
| VALVE SERVICES, INC. AND KMHJ | § | |
| MANAGEMENT COMPANY, LLC, | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND MATHESON TRI-GAS, INC. | § | |
| | § | |
| **Defendants.** | § | 133rd JUDICIAL DISTRCT |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to the pending bankruptcy proceedings filed by Watson Grinding and Manufacturing Company and/or the motion to stay pending bankruptcy, files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the Court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' Petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not own, manage nor operate a manufacturing plant or facility in Houston, Harris County, Texas.  Defendants did not operate a business that utilized propylene or natural gas.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not own, manage nor operate a manufacturing plant or facility in Houston, Harris County, Texas.  Defendants did not operate a business that utilized propylene or natural gas.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as

provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants KMHJ, Ltd. and KMHJ Management Company, LLC pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation


BY:   /S/ Robert C. Turner
ROBERT C. TURNER
State Bar No. 00791831
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
TELEPHONE (972) 715-1750
FACSIMILE (972) 715-1759
robertturner@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD. and KMHJ MANAGEMENT
COMPANY, LLC

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 24th day of March 2020.

Charles A. McMillan                     *Via email: cam@mcmillanfirm.com*
Mathew Mendoza                     *Via email: mem@mcmillanfirm.com*
McMillan Firm, P.L.L.C.               *Via email: filing@mcmillanfirm.com*
440 Louisiana Street, Suite 1200
Houston, Texas 77002-1691
        <u>Attorneys for Plaintiffs</u>


                                     __*/S/ Robert C. Turner*__
                                    ROBERT C. TURNER