THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **ERIC YOUNG, ALBANO HOXHAJ,** | § | |
| **FLAVJA MUCKA, RAMIRO CRUZ,** | § | |
| **JOSE CRUZ, AND JANNETTE** | § | |
| **THOMAS,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **ADVERSARY NO. _____** |
| v. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., AND KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| Defendants. | | |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the

state court action styled *Eric Young, Albano Hoxhaj, Flavja Mucka, Ramiro Cruz,, Jose Cruz, and Jannette*

*Thomas* v. *Watson Grinding and Manufacturing Co., KMH, Ltd., and  KMHJ Management Company, LLC,*

Cause No. 2020-07378, pending in the 125th Judicial District Court of Harris County, Texas (the "State

Court Action").

### I.        Procedural Background and Nature of Suit

1.        On February 2, 2020, Eric Young, Albano Hoxhaj, Flavja Mucka, Ramiro Cruz, Jose

Cruz, and Jannette Thomas (collectively, the "Plaintiffs") filed an Original Petition (the "Original

Petition") against Watson Grinding & Manufacturing Co., KMHJ, Ltd., and KMHJ Management

Company, LLC (collectively, the "Defendants"). In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence against the Defendants.

2.  On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

3.  On March 24, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed an Original Answer.

## II.      Basis for Removal

4.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

5.  The State Court Action was initiated prior to the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7.  Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

8.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

9.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

10.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

11.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

12.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

## IV.    Parties and Notice

13.    Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 125th Judicial District Court of Harris County, Texas.

14.    In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Arnold & Itkin LLP<br>Kurt B. Arnold<br>6009 Memorial Drive<br>Houston, TX 77007<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd.** | |

## V.    Process and Pleadings

15.    Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

16.    In the State Court Action, summons was issued on February 6, 2020, and only one return of summons has been filed on February 15, 2020.

17.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 22, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By: */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 22, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) to the following:

| | |
|---|---|
| Arnold & Itkin LLP<br>Kurt B. Arnold<br>6009 Memorial Drive<br>Houston, TX 77007<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway,<br>Dallas, Texas 75248<br>**ATTORNEYS FOR KMHJ Management Company, LLC and KMHJ, Ltd** | |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

**HCDistrictclerk.com**        YOUNG, ERIC vs. WATSON GRINDING AND                    4/17/2020
MANUFACTURING COMPANY
Cause: 202007378        CDI: 7        Court: 125

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 90034094 | Original Answer of Defendants, KMHJ, LTD and KMHJ Management Company, LLC | | 03/24/2020 | 5 |
| 89460672 | Citation | | 02/17/2020 | 2 |
| 89300368 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89300370 | Exhibit A | | 02/06/2020 | 3 |
| 89224125 | Plaintiffs' Original Petition | | 02/03/2020 | 7 |
| | Plaintiffs' Original Petition | | 02/03/2020 | |
| 89255465 | Civil Process Request | | 02/03/2020 | 1 |
| -> 89255466 | Civil Process Request | | 02/03/2020 | 1 |
| -> 89255467 | Civil Process Request | | 02/03/2020 | 1 |

2/2/2020 10:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40484196
By: Carolina Salgado
Filed: 2/3/2020 12:00 AM

CAUSE NO. _____

| | |
|---|---|
| Eric Young, Albano Hoxhaj, Flavja Mucka, §<br>Ramiro Cruz, Jose Cruz and Janette Thomas, §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>Watson Grinding and Manufacturing §<br>Company; KMHJ, Ltd.; KMHJ Management §<br>Company, LLC, §<br>§<br>*Defendants.* § | IN THE DISTRICT COURT OF<br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>_____ JUDICIAL DISTRICT |

### **PLAINTIFFS' ORIGINAL PETITION**

Plaintiffs Eric Young, Albano Hoxhaj, Flavja Mucka Ramiro Cruz, Jose Cruz and Janette Thomas (hereinafter collectively referred to as "Plaintiffs") complain of Watson Grinding and Manufacturing Company, KMHJ, Ltd.; and KMHJ Management Company LLC (hereinafter collectively referred to as "Defendants") and would respectfully show the Court that:

## **I.**

### **JURISDICTION & VENUE**

1.      The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because the events giving rise to this lawsuit occurred in this County. TEX. CIV. PRAC. & REM. CODE § 15.002. Further, Defendants are residents of Harris County, Texas, and therefore, the case is not removable.

## **II.**

### **DISCOVERY LEVEL**

2.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of

Civil Procedure.

## III.

### PARTIES

3.  Plaintiff Eric Young is a Texas resident.

4.  Plaintiff Albano Hoxhaj is a Texas resident.

5.  Plaintiff Flavja Mucka is a Texas resident.

6.  Plaintiff Ramiro Cruz is a Texas resident.

7.  Plaintiff Jose Cruz is a Texas resident.

8.  Plaintiff Janette Thomas is a Texas resident.

9.  Defendant Watson Grinding and Manufacturing Company is a Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent, John Watson at 4525 Gessner Road, Houston, Texas 77041, or wherever he may be found.

10.  Defendant KMHJ, Ltd. is Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent, KMHJ Management Company, LLC, at 1400 McKinney Street, #1212, Houston, Texas 77010.

11.  Defendant KMHJ Management Company, LLC is Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent, Kelly Watson at 1400 McKinney Street, #1212, Houston, Texas 77010, or wherever she may be found.

## IV.

### NATURE OF THE ACTION

12.     On or about January 24, 2020, Plaintiffs suffered significant injuries and property damage as a result of Defendants' negligence and gross negligence. At all material times, Plaintiffs were home owners, residents and guests in a Northwest Houston neighborhood where Defendants' own, operate and manage an industrial facility. On that date Plaintiff were caused serious injuries and property damage due to a catastrophic explosion at Defendants' facility. The explosion was tremendous, and could be felt miles away. Given Plaintiffs' proximity to the explosion their homes and bodies were caused serious damage and personal injury, including but not limited to injuries to their heads, necks, backs, spines, knees, elbows, and other parts of their bodies.

**V.**

**CAUSES OF ACTION**

*A.*     ***Negligence and Gross Negligence Claims (against all Defendants)***

13.     Plaintiffs repeat and reallege each allegation contained above.

14.     Plaintiffs sustained injuries because of Defendants' negligence and gross negligence when Defendant:

  a.     failed to properly train their employees;

  b.     failed to provide adequate equipment;

  c.     failed to properly supervise their employees;

  d.     failed to conduct adequate maintenance;

  e.     failed to maintain their facility;

  f.     failed to maintain their equipment;

  g.     failed to properly supervise work being performed;

h.      failed to provide adequate warning to Plaintiffs of the dangerous condition;

i.      failed to inform Plaintiffs of the defective nature of the condition;

j.      failed to provide adequate instruction;

k.      failed to properly inspect the premises;

l.      failed to implement adequate safety policies and procedures;

m.      failed to ensure its safety systems were adequate and functional;

n.      failed to implement adequate explosion prevention systems;

o.      failed to implement adequate fire prevention systems;

p.      failed to properly train its safety personnel to prevent explosions such the one underlying this suit;

q.      violations of applicable rules, regulations and standards;

r.      vicariously liable for the act(s) and omission(s) of their employee(s) and agent(s); and

s.      other acts deemed negligent and grossly negligent.

15.      As a direct and proximate result of Defendants' conduct, Plaintiffs sustained severe injuries to their bodies which resulted in physical pain, mental anguish, and other medical problems.  Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiffs' physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiffs have incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Moreover, Plaintiffs have suffered property damage, including but not limited to loss of the

use and enjoyment of their property loss in value of property; and other property damage. Defendants are liable because their negligence and/or gross negligence proximately caused Plaintiffs' injuries.

16.     In addition, Plaintiffs are entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants acted with flagrant and malicious disregard of Plaintiffs' and others' health and safety.   Defendants were objectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiffs is entitled to and seeks exemplary damages.

## VI.

### DAMAGES

17.     As a result of Defendant's negligence, gross negligence and premises liability, Plaintiffs have suffered and seeks recovery for the following in an amount in excess of $1,000,000.00:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre and post-judgment) in accordance with the law;

- Costs of Court;

- Expert witness fees;

- Property use;

- Loss of use of property;

- Diminution in value of property;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VII.

### PRAYER

Plaintiffs prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, attorneys' fees, and all such other and further relief, to which they may show themselves justly entitled.

## VIII.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kala Sellers*

_____

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Jason A. Itkin
SBN:  24032461
jitkin@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Kala F. Sellers
SBN: 24087519
ksellers@arnolditkin.com
Adam D. Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

2/3/2020 5:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40519143
By: Brittany Hall
Filed: 2/3/2020 5:15 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: _____

Address of Service: _____

City, State & Zip: _____

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [ ] **Citation**     [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**       **Newspaper**_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**    [ ] **Capias (not an E-Issuance**    [ ] **Attachment**
- [ ] **Certiorari**    [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [ ] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus**    [ ] **Injunction**    [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP (phone)** _____  [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
     Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _____ Bar # or ID _____

Mailing Address:_____

Phone Number:_____

2/3/2020 5:15:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40519143
By: HALL, BRITTANY
Filed: 2/3/2020 5:15:19 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:** _____

Address of Service: _____

City, State & Zip: _____

Agent (if applicable) _____

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [ ] **Citation**    [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**                          **Newspaper**_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**                          [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**    [ ] **Capias (not an E-Issuance)**    [ ] **Attachment**
- [ ] **Certiorari**                          [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [ ] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus**                          [ ] **Injunction**                          [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____    [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____         **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**                          *Note*: The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
                                             Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _____Bar # or ID _____

Mailing Address:_____

Phone Number:_____

2/3/2020 5:15:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40519143
By: HALL, BRITTANY
Filed: 2/3/2020 5:15:19 PM

# Marilyn Burgess

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: _____

Address of Service: _____

City, State & Zip:_____

Agent (if applicable) _____

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [ ] **Citation**    [ ] **Citation by Posting**    [ ] **Citation by Publication**    [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**                 **Newspaper**_____
- [ ] **Temporary Restraining Order**    [ ] **Precept**    [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**    [ ] **Capias (not an E-Issuance)**    [ ] **Attachment**
- [ ] **Certiorari**    [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**    [ ] **Hague Convention ($16.00)**    [ ] **Garnishment**
- [ ] **Habeas Corpus**    [ ] **Injunction**    [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP (phone)** _____    [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____        **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
    Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone:  _____

- [ ] **OTHER,** *explain*  _____

**Issuance of Service Requested By:** Attorney/Party Name: _____Bar # or ID  _____

Mailing Address:_____

Phone Number:_____

2/6/2020 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40619440
By: JIMMY RODRIGUEZ
Filed: 2/6/2020 1:55 PM

## CAUSE NO. 2020-07378

| | | |
|---|---|---|
| Eric Young, et al., | § | |
| | § | In the District Court |
| Plaintiffs | § | |
| v. | § | |
| | § | 125th Judicial District |
| Watson Grinding and Manufacturing | § | |
| Company, et al. | § | |
| | § | Harris County, Texas |
| Defendants. | § | |

---

## SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967. This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

McDowell Hetherington LLP

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


Jones Murray & Beatty LLP
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com

**PROPOSED COUNSEL FOR WATSON
GRINDING AND MANUFACTURING CO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Kurt B. Arnold | karnold@arnolditkin.com |
| Jason A. Idkin | jidkin@arnolditkin.com |
| J. Kyle Findley | kfindley@arnolditkin.com |
| Kala F. Sellers | ksellers@arnolditkin.com |
| Adam D. Lewis | alewis@arnolditkin.com |

e-service@arnolditkin.com

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:01 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30967 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

2/17/2020 12:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40887313
By: JIMMY RODRIGUEZ
Filed: 2/17/2020 12:50 PM

Receipt Number: 877775
Tracking Number: 73721660

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202007378

| | |
|---|---|
| PLAINTIFF: YOUNG, ERIC | In the 125th Judicial |
| vs. | District Court of |
| DEFENDANT:   WATSON   GRINDING   AND   MANUFACTURING COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WATSON GRINDING AND MANUFACTURING COMPANY MAY BE SERVED BY SERVING ITS REGISTERED

AGENT JOHN WATSON

4525 GESSNER ROAD

HOUSTON TX 77041

OR WHEREVER HE MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on February 3, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this February 6, 2020.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: RHONDA MOMON

Issued at request of:
ARNOLD, KURT B.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800

Bar Number: 24036150

Tracking Number: 73721660

CAUSE NUMBER: 202007378

| PLAINTIFF: YOUNG, ERIC | In the 125th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: WATSON GRINDING AND MANUFACTURING COMPANY | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _2:00_ o'clock _P_ M., on the _11_ day of _February_ _2020_.

Executed at (address) _4002 Chatham Ln, Houston, TX_ in _Harris_ County

at _2:12_ o'clock _P_ M., on the _15_ day of _February_, 20_20_,

by delivering to _John Watson, Registered Agent for Watson Grinding_ defendant, _And Manufacturing Company_

in person, a true copy of this

Citation together with the accompanying _two_ copy(ies) of the _Plaintiff's Original_ Petition, _Interrogatories, Request for Production,_

attached thereto and I endorsed on said copy of the Citation the date of delivery.

→ _Request for Disclosures, Request for Admissions_

To certify which I affix my hand officially this _17_ day of _February_, 20 _20_.

FEE: $ _____

County, Texas

_____
Affiant

PIPKINS
**PI** INVESTIGATIONS

Larry W. Mueller
Process Server
PSC-911
Exp: 11-30-2020

By: _____
Deputy

On this day, _Larry W. Mueller_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _17th_ of _February_, 20 _20_.

_____
Notary Public

KAREN DUPRIEST
Notary Public
STATE OF TEXAS
ID#131245115
My Comm. Exp. Aug. 15, 2021

3/24/2020 1:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41887302
By: SHANNON NORTH-GONZALEZ
Filed: 3/24/2020 1:26 PM

### CAUSE NO. 2020-07378

| | | |
|---|---|---|
| **ERIC YOUNG, ALBANO HOXHAJ,** | § | **IN THE DISTRICT COURT OF** |
| **FLAVJA MUCKA, RAMIRO CRUZ,** | § | |
| **JOSE CRUZ AND JANETTE THOMAS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.; KMHJ, LTD.** | § | |
| **AND KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC** | § | |
| | § | |
| **Defendants.** | § | **125TH  JUDICIAL DISTRCT** |
| | § | |

### ORIGINAL ANSWER OF DEFENDANTS,
### KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC, and subject to the pending bankruptcy proceedings filed by Watson Grinding and Manufacturing Company and/or motions to stay pending bankruptcy, files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the Court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' Petition and demand strict proof thereof by a preponderance of the evidence.  Defendants hereby enter a General Denial.

---

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not own, operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants KMHJ, Ltd. and KMHJ Management Company, LLC did not own, operate nor manage a manufacturing or production facility in Houston, Harris County, Texas.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as

provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants KMHJ, Ltd. and KMHJ Management Company, LLC pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation


BY:   _/s/ Robert C. Turner_
     ROBERT C. TURNER
     State Bar No. 00791831
     17070 Dallas Parkway, Suite 100
     Dallas, Texas  75248
     TELEPHONE (972) 715-1750
     FACSIMILE (972) 715-1759
     robertturner@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD. and KMHJ MANAGEMENT
COMPANY, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the  24th day of March 2020.

Kurt B. Arnold                                        *Via email:* karnold@arnolditkin.com
Jason A. Itkin                                        *Via email:* jitkin@arnolditkin.com
J. Kyle Findley                                       *Via email:* kfindley@arnolditkin.com
Kala F. Sellers                                       *Via email:* ksellers@arnolditkin.com
Adam D. Lewis                                         *Via email:* alewis@arnolditkin.com
Arnold & Itkin LLP                                    e-service@arnolditkin.com
6009 Memorial Drive
Houston Texas 77007
*Attorneys for Plaintiffs*

Jarrod B. Martin                                      *Via Email* Jarrod.Martin@mhllp.com
Mcdowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002

Jones Murray & Beatty LLP
Erin E. Jones                                         *Via Email:* Erin@jmbllp.com
4119 Montrose, Suite 230
Houston, TX 77006
*Proposed Bankruptcy Counsel for Watson*
*Grinding and Manufacturing Co.*

                                      */s/ Robert C. Turner*
                              ROBERT C. TURNER