THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

| | | |
|---|---|---|
| **TRAVIS HORTON, ANDREA** | § | |
| **HORTON, DAVID RAINS, DANIELA** | § | |
| **CORTEZ, MARIO RUIZ, DANIEL** | § | |
| **DRAWSAND, CATHERINE** | § | |
| **DRAWSAND, ANDRES** | § | |
| **URIOSTEGUI, MARIA** | § | |
| **URIOSTEGUI, BENITO** | § | **ADVERSARY NO. _____** |
| **HERNANDEZ, MARIA** | § | |
| **HERNANDEZ, JUAN TORRES,** | § | |
| **MARIA J. HERNANDEZ,** | § | |
| **ROZALINDA GOMEZ, FRANCISCO** | § | |
| **LOZANO, LETICIA ALARCON,** | § | |
| **MARIO GINALDO, MARIA** | § | |
| **GINALDO, MIGUEL PUENTE** | § | |
| **SALAZAR, MARIA SALAZAR, KEVIN** | § | |
| **ARGO, LEONOR BELTRAN, ELBA** | § | |
| **LEMUS, DANIEL JUAREZ,** | § | |
| **CATHERINE NORTON, BICH DAO** | § | |
| **NGUYEN, HOMERO REGALDO,** | § | |
| **ADAM ONTOYA-TORRES,** | § | |
| **VICTORIA TORRES, PAMELA** | § | |
| **ROBERSON, KAREN FORD TODD,** | § | |
| **TRIVIA DOUGLASS, CYNTHIA** | § | |
| **TATES, EDITH VAESA, PHONG** | § | |
| **NGUYEN, DAN BERRY ARGO,** | § | |
| **STACY ARGO, RICHARD GANNON,** | § | |
| **AMBER LANE, ALISON LONG,** | § | |
| **JOSEPH CROPPER, EVER OMAR** | § | |
| **BAUTISTA, JOSE ROMERO, MAYRA** | § | |
| **REYES, LUZ MARIA VILLA,** | § | |
| **FERNANDA PIERRE, ROBERT** | § | |
| **OJEDA, MARCOS RAMOS, EVELYN** | § | |
| **IBARRA, LAWRENCE SEPULVEDA,** | § | |
| **TERRI SEPULVEDA, CHRIS** | § | |
| **SANTIFF, CATHERINE LAAKE,** | § | |

1

|  |  |
|---|---|
| **SERGIO CRUZ, ARNOLD BALLINGER, LASHONDA M. HENDERSON, JULISSA RUIZ, BRIAN REGO AND VIET TRAN,** | § § § § § |
| **Plaintiffs,** | § § § |
| **v.** | § § |
| **WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO.,** | § § § § |
| **Defendants.** | § |

### NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Travis Horton et al.,* v. *Watson Valve Services, Inc. and Watson Grinding and Manufacturing Co.,* Cause No. 2020-05505, pending in the 55th Judicial District Court of Harris County, Texas (the "State Court Action").

## I.    Procedural Background and Nature of Suit

1.      On January 27, 2020, Travis Horton *et al.* (collectively, the "Plaintiffs") filed an Original Petition Along with Rule 194 Requests for Disclosure to All Defendants (the "Original Petition") against Watson Valve Services, Inc. and Watson Grinding & Manufacturing Co. (collectively, the "Defendants").  In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence.

2.      On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.     Basis for Removal

3.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4.      The State Court Action was initiated prior to the commencement of the Chapter 11 Case.  This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2).  *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at \*2 (Bankr. S.D. Tex. Aug. 8, 2012).

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities,

or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.       Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.       Core or Non-Core Bankruptcy Jurisdiction

10.       This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.       Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.       Parties and Notice

12.       Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 55th Judicial District Court of Harris County, Texas.

13.       In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING &**<br>**MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES,**<br>**INC.** |

## V.      Process and Pleadings

14.      Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

15.      In the State Court Action, summons was issued on January 28, 2020, but no return of summons has been filed.

16.      In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 23, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: *_/s/ Ruth Van Meter_*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jones Murray & Beatty, LLP
4119 Montrose Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

AND

**McCOY LEAVITT LASKEY LLC**

By: *_/s/ Michael I. Ramirez_*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on April 23, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 24, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>Ryan Loya<br>9805 Katy Freeway, Ste 850<br>Houston, TX 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A – STATE COURT PLEADINGS

| **HCDistrictclerk.com** | HORTON, TRAVIS vs. WATSON VALVE SERVICES INC | 4/17/2020 |
|---|---|---|
| | Cause: 202005505    CDI: 7    Court: 055 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89304872 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89304873 | Notice of Bankruptcy_Watson Grinding.PDF | | 02/06/2020 | 3 |
| 89304874 | Suggestion of Bankruptcy | | 02/06/2020 | 3 |
| -> 89304875 | Notice of Bankruptcy_Watson Valve.PDF | | 02/06/2020 | 3 |
| 89115736 | PLAINTIFFS ORIGINAL PETITION ALONG WITH RULE 194 REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS | | 01/27/2020 | 12 |
| -> 89115737 | REQUEST FOR ISSUANCE OF SERVICE | | 01/27/2020 | 2 |

1/27/2020 2:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40308218
By: Joshua Hall
Filed: 1/27/2020 1:10 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **TRAVIS HORTON, ANDREA HORTON,** | § | **IN THE DISTRICT COURT OF** |
| **DAVID RAINS, DANIELA CORTEZ,** | § | |
| **MARIO RUIZ, DANIEL DRAWSAND,** | § | |
| **CATHERINE DRAWSAND, ANDRES** | § | |
| **UNRIOSTEGUI, MARIA URIOSTEGUI,** | § | |
| **BENITO HERNANDEZ, MARIA** | § | |
| **HERNANDEZ, JUAN TORRES, MARIA J.** | § | |
| **HERNANDEZ, ROZALINDA GOMEZ,** | § | |
| **FRANCISCO LOZANO, LETICIA** | § | |
| **ALARCON, MARIO GINALDO MARIA** | § | |
| **GINALDO, MIGUEL PUENTE SALAZAR,** | § | |
| **MARIA SALAZAR, KEVIN ARGO,** | § | |
| **LEONOR BELTRAN, ELBA LEMUS,** | § | |
| **DANIEL JUAREZ, CATHERINE** | § | |
| **NORTON, BICH DAO NGUYEN,** | § | |
| **HOMERO REGALDO, ADAM ONTOYA-** | § | |
| **TORRES, VICTORIA TORRES, PAMELA** | § | |
| **ROBERSON, KAREN FORD TODD,** | § | |
| **TRIVIA DOUGLAS, CYNTHIA TATES,** | § | |
| **EDITH VAESA, PHONG NGUYEN,** | § | |
| **DAN BERRY ARGO STACY ARGO,** | § | |
| **RICHARD GANNON, AMBER LANE,** | § | |
| **ALISON LONG, JOSEPH CROPPER,** | § | |
| **EVER OMAR BAUTISTA, JOSE** | § | |
| **ROMERO, MAYRA REYES, LUZ MARIA** | § | |
| **VILLA, FERNANDA PIERRE, ROBERT** | § | |
| **OJEDA, MARCOS RAMOS, EVELYN** | § | |
| **IBARRA, LAWRENCE SEPULVEDA,** | § | |
| **TERRI SEPLUVEDA, CHRIS SANTIFF,** | § | |
| **CATHERINE LAAKE, SERGIO CRUZ,** | § | |
| **ARNOLD BALLINGER, LASHONDA M.** | § | |
| **HENDERSON, JULISSA RUIZ, BRIAN** | § | |
| **REGO AND VIET TRAN** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION ALONG WITH**
**RULE 194 REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS**
Page 1 of 12

**PLAINTIFFS' ORIGINAL PETITION ALONG WITH**
**RULE 194 REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TRAVIS HORTON, ANDREA HORTON, DAVID RAINS, DANIELA CORTEZ, MARIO RUIZ, DANIEL DRAWSAND, CATHERINE DRAWSAND, ANDRES UNRIOSTEGUI, MARIA URIOSTEGUI, BENITO HERNANDEZ, MARIA HERNANDEZ, JUAN TORRES, MARIA J. HERNANDEZ, ROZALINDA GOMEZ, FRANCISCO LOZANO, LETICIA ALARCON, MARIO GINALDO, MARIA GINALDO, MIGUEL PUENTE SALAZAR, MARIA SALAZAR, KEVIN ARGO, LEONOR BELTRAN, ELBA LEMUS, DANIEL JUAREZ, CATHERINE NORTON, BICHDAO NGUYEN, HOMERO REGALDO, ADAM ONTOYA-TORRES, VICTORIA ONTOYA-TORRES, PAMELA ROBERTSON, KAREN FORD TODD, TRIVIA DOUGLAS, CYNTHIA TATES, EDITH VAESA, PHONG NGUYEN, DAN BERRY ARGO, STACY ARGO, RICHARD GANNON, AMBER LANE, ALISON LONG, JOSEPH CROPPER, EVER OMAR BAUTISTA, JOSE ROMERO, MAYRA REYES, LUZ MARIA VILLA, FERNANDA PIERRE, ROBERT OJEDA, MARCOS RAMOS, EVELYN IBARRA, LAWRENCE SEPULVEDA, TERRI SEPLUVEDA, CHRIS SANTIFF, CATHERINE LAAKE, SERGIO CRUZ, ARNOLD BALLINGER, LASHONDA M. HENDERSON AND JULISSA RUIZ, BRIAN REGO and VIET TRAN Plaintiffs in the above-styled and numbered cause, files their Plaintiffs' Original Petition along with Rule 194 Requests for Disclosure to All Defendants complaining of Defendants, WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO. and for cause(s) of action would respectfully show this Honorable Court as follows:

**I.**
**DISCOVERY PLAN**

1.      Discovery in this case is to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure as the Plaintiffs seek monetary relief over $1,000,000.00

## II.
## REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.      To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand upon answering this suit, that the Defendants answer in their correct legal and assumed names.

## III.
## PARTIES

3.      Plaintiff TRAVIS HORTON is a natural person residing in Harris County, Texas.

4.      Plaintiff DAVID RAINS is a natural person residing in Harris County, Texas.

5.      Plaintiff DANIELA HERNANDEZ CORTEZ is a natural person residing in Harris County, Texas.

6.      Plaintiff MARIO RUIZ is a natural person residing in Harris County, Texas.

7.      Plaintiff DANIEL DRAWSAND is a natural person residing in Harris County, Texas.

8.      Plaintiff CATHERINE DRAWSAND is a natural person residing in Harris County, Texas.

9.      Plaintiff ANDRES URIOSTEGUI is a natural person residing in Harris County, Texas.

10.     Plaintiff MARIA URIOSTEGUI is a natural person residing in Harris County, Texas.

11.     Plaintiff BENITO HERNANDEZ is a natural person residing in Harris County, Texas.

12.     Plaintiff MARIA HERNANDEZ is a natural person residing in Harris County, Texas.

13.     Plaintiff JUAN FERNANDO TORRES is a natural person residing in Harris County, Texas.

14.     Plaintiff MARIA HERNANDEZ is a natural person residing in Harris County, Texas.

15.     Plaintiff FRANCISCO LOZANO is a natural person residing in Harris County, Texas.

16.     Plaintiff ROZALINDA GOMEZ is a natural person residing in Harris County, Texas.

17.     Plaintiff LETICIA ALARCON is a natural person residing in Harris County, Texas.

18.     Plaintiff MARIO GINALDO is a natural person residing in Harris County, Texas.

19.     Plaintiff MARIA GINALDO is a natural person residing in Harris County, Texas.

20.     Plaintiff MIGUEL PUENTE SALAZAR is a natural person residing in Harris County, Texas.

21.     Plaintiff MARIA SALAZAR is a natural person residing in Harris County, Texas.

22.     Plaintiff KEVIN ARGO is a natural person residing in Harris County, Texas.

23.     Plaintiff LEONOR BELTRAN is a natural person residing in Harris County, Texas.

24.     Plaintiff ELBA LEMUS is a natural person residing in Harris County, Texas.

25.     Plaintiff DANIEL JUAREZ is a natural person residing in Harris County, Texas.

26.     Plaintiff CATHERINE NORTON is a natural person residing in Harris County, Texas.

27.     Plaintiff BICH DAO NGUYEN is a natural person residing in Harris County, Texas.

28.     Plaintiff HOMERO REGALDO is a natural person residing in Harris County, Texas.

29.     Plaintiff ADAM ONTOYA-TORRES is a natural person residing in Harris County, Texas.

30.     Plaintiff PAMELA ROBERSON is a natural person residing in Harris County, Texas.

31.     Plaintiff KAREN FORD TODD is a natural person residing in Harris County, Texas.

32.     Plaintiff TRIVIA DOUGLAS is a natural person residing in Harris County, Texas.

33.     Plaintiff CYNTHIA TATES is a natural person residing in Harris County, Texas.

34.     Plaintiff EDITH VAESA is a natural person residing in Harris County, Texas.

35.     Plaintiff PHONG NGUYEN is a natural person residing in Harris County, Texas.

36.     Plaintiff DAN ARGO is a natural person residing in Harris County, Texas.

37.     Plaintiff STACY ARGO is a natural person residing in Harris County, Texas.

38.     Plaintiff RICHARD GANNON is a natural person residing in Harris County, Texas.

39.     Plaintiff AMBER LANE is a natural person residing in Harris County, Texas.

40.     Plaintiff ALISON LONG is a natural person residing in Harris County, Texas.

41.     Plaintiff JOSEPH CROPPER is a natural person residing in Harris County, Texas.

42.     Plaintiff EVER OMAR BAUTISTA is a natural person residing in Harris County, Texas.

43.     Plaintiff JOSE ROMERO is a natural person residing in Harris County, Texas.

44.     Plaintiff MAYRA REYES is a natural person residing in Harris County, Texas.

45.     Plaintiff LUZ MARIA VILLA is a natural person residing in Harris County, Texas.

46.     Plaintiff FERNANDA PIERRE is a natural person residing in Harris County, Texas.

47.     Plaintiff ROBERT OJEDA is a natural person residing in Harris County, Texas.

48.     Plaintiff MARCOS RAMOS is a natural person residing in Harris County, Texas.

49.     Plaintiff EVELYN IBARRA is a natural person residing in Harris County, Texas.

50.     Plaintiff LAWRENCE SEPULVEDA is a natural person residing in Harris County, Texas.

51.     Plaintiff TERRI SEPULVEDA is a natural person residing in Harris County, Texas.

52.     Plaintiff CHRIS SANTIFF is a natural person residing in Harris County, Texas.

53.     Plaintiff CATHERINE LAAKE is a natural person residing in Harris County, Texas.

54.     Plaintiff SERGIO CRUZ is a natural person residing in Harris County, Texas.

55.     Plaintiff ARNOLD BALLINGER is a natural person residing in Harris County, Texas.

56.     Plaintiff LASHONDA M. HENDERSON is a natural person residing in Harris County, Texas.

57.     Plaintiff JULISSA RUIZ is a natural person residing in Harris County, Texas.

58.     Plaintiff BRIAN REGO is a natural person residing in Harris County, Texas.

59.     Plaintiff VIET TRAN is a natural person residing in Harris County, Texas.

60.     Defendant WATSON VALVE SERVICES, INC. (hereinafter "WATSON VALVE") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit.  Defendant may be served with process through its registered agent, John M Watson, 4525 Gessner Road, Houston, Texas 77041.

61.     Defendant WATSON GRINDING AND MANUFACTURING, CO. (hereinafter "WATSON") is a domestic corporation doing business in the State of Texas for the purposes of accumulating monetary profit.  Defendant may be served with process through its registered agent, John M Watson, 4525 Gessner Road, Houston, Texas 77041.

## IV.
## VENUE AND JURISDICTION

62.     Venue is proper in Harris County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

63.     Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.  This Court has personal jurisdiction over all parties as set out in the below paragraph.

## V.
## FACTS

64.     In the early morning hours of January 24, 2020, a violent explosion occurred at Watson Grinding and Manufacturing located at 4525 Gessner Road in Houston, Texas.  Plaintiffs' homes were completely/partially destroyed by the explosion and many of their homes have been or will be condemned as unfit to live.   At all times relevant to the incident, Defendants WATSON and/or WATSON VALVE controlled and continues to control the premises where the explosion originated.  As a result of the explosion, Plaintiffs suffered significant damages to their personal

property and homes, in addition to bodily injuries.

## VI.
## NEGLIGENCE OF ALL DEFENDANTS

65.     Defendants contemporaneous conduct constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff.  Defendants directly and personally participated in the conduct giving rise to Plaintiffs' negligence claims through their joint and several actions and omissions.  Defendants, acting in the course and scope of their employment, owed an independent duty to Plaintiffs and were guilty of negligence in the following respects:

     a.  Failing to furnish reasonably safe instrumentalities;

     b.  Failing to provide and enforce safety regulations;

     c.  Failing to properly inspect, maintain and store volatile gasses on the premises;

     d.  Failing to properly inspect and maintain pressure regulators on the premises;

     e.  Failing to properly inspect the premises for gas leaks;

     f.  Failing to properly repair storage tanks, gas lines, and valves;

     g.  Failing to timely repair tanks, gas lines, and valves;

     h.  Failing to properly screen, hire, train, control, manage or supervise their agents and employees;

     i.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

     j.  Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and

     k.  Failing to ensure a safe work area.

66.     Each of the above referenced acts or omissions by Defendants led to the explosion.

## VII.
## GROSS NEGLIGENCE OF ALL DEFENDANTS

67.     The occurrence made the basis of this suit and the resulting injuries and damages

to Plaintiffs was proximately caused by Defendants' wanton and reckless disregard for the safety of Plaintiffs, consisted of, but is not limited to, the following acts and/or omissions:

    a.   Failing to furnish reasonably safe instrumentalities;

    b.  Failing to provide and enforce safety regulations;

    c.  Failing to properly inspect, maintain and store volatile gasses on the premises;

    d.  Failing to properly inspect and maintain pressure regulators on the premises;

    e.  Failing to properly inspect the premises for gas leaks;

    f.  Failing to properly repair storage tanks, gas lines, and valves;

    g.  Failing to timely repair tanks, gas lines, and valves;

    h.  Failing to properly screen, hire, train, control, manage or supervise their agents and employees;

    i.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

    j.  Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and

    k.  Failing to ensure a safe work area.

68.    Each of these acts and/or omissions of Defendants constitutes a wanton and reckless disregard for the safety of Plaintiffs, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Plaintiffs as described below.

69.    When viewed objectively from the standpoint of Defendants at the time of its occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, each were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Plaintiffs sue for exemplary damages in an amount to be determined by the trier of the fact.

## VIII.
## DAMAGES OF PLAINTIFFS

70.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiffs seek:

a.   Remedial costs for real property damage;

b.   Replacement costs for personal property damage;

c.   Costs of completion;

d.   Expenses of temporary/alternate housing;

e.   Mental anguish in the past and future;

f.   Physical pain and suffering in the past and future;

g.   Medical expenses in the past and future;

h.   Loss of earnings and earnings capacity in the past and future;

i.   Disfigurement in the past and future;

j.   Loss of earnings and earnings capacity in the past and future;

k.   Loss of household services in the past and future;

l.   Loss of use;

m.   Costs of suit;

n.   Prejudgment and post-judgment interest;

o.   Cost of replacement;

p.   Incidental and consequential damages;

q.   Business interruption damages; and

r.   All other relief to which Plaintiffs may be justly entitled.

## IX.
## RULE 194 REQUESTS FOR DISCLOSURE

71.     Pursuant to Tex. R. Civ. Proc. 194, ALL DEFENDANTS are requested to disclose,

within fifty (50) days of service of this request, the information and material described in Rule 194.2(a)-(l).

**X.**
**NOTICE OF DEMAND FOR PRESERVATION**
**OF ELECTRONICALLY STORED INFORMATION**

72.     Plaintiffs asks the Court to order Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO. to preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice previsions as if same was set for the herein for all purposes.

**XI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants WATSON VALVE SERVICES, INC. and/or WATSON GRINDING AND MANUFACTURING, CO., and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Plaintiffs further pray that Defendant WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO. be cited to appear and answer, and upon final hearing of this cause, Plaintiffs have judgment against Defendants for damages listed herein, for actual damages, exemplary damages, costs of suit, pre-judgment and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

[Signature on next page]

**KWOK DANIEL LTD., L.L.P.**

*/s/ Robert S. Kwok*

**Robert S. Kwok**
SBN:  00789430
**J. Ryan Loya**
SBN:  24086531
**Joshua R. Leal**
SBN: 24048609
**Alex P. Boylhart**
SBN: 24087198
**William W. Hoke***
SBN: 24046086
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: rkwok@kwoklaw.com
Email: rloya@kwoklaw.com
Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com
* Of Counsel

**ATTORNEYS FOR PLAINTIFFS**

1/27/2020 2:53:49 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40308218
By: HALL, JOSHUA E
Filed: 1/27/2020 1:10:51 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiffs' Original Petition along with Rule 194 Requests for Disclosures to All Defendants

**FILE DATE:** 01/27/2020        Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Valve Services, Inc

**Address of Service:** 4525 Gessner Road

**City, State & Zip:** Houston, Texas 77041

**Agent (if applicable)** John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ Citation ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☑ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☑ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____        ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____              **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                             *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**                      used to retrieve the E-Issuance Service Documents.
                                                            Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert S. Kwok    Bar # or ID  00789430

**Mailing Address:** 9805 Katy Freeway, Suite 850, Houston, Texas 77024

**Phone Number:** 713-773-3380



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiffs' Original Petition along with Rule 194 Requests for Disclosures to All Defendants

**FILE DATE:** 01/27/2020 _____   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Grinding and Manufacturing, Co.

**Address of Service:** 4525 Gessner Road

**City, State & Zip:** Houston, Texas 77041

**Agent (if applicable)** John M. Watson

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper** _____ | |
| ☑ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____
☐ **MAIL to attorney   at:** _____
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☑ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert S. Kwok   Bar # or ID 00789430

**Mailing Address:** 9805 Katy Freeway, Suite 850, Houston, Texas 77024

**Phone Number:** 713-773-3380

2/6/2020 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40630532
By: Lewis John-Miller
Filed: 2/6/2020 4:20 PM

## CAUSE NO. 2020-05505

| | | |
|---|---|---|
| **Travis Horton, et al.** | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| **v.** | § | |
| | § | **055ᵗʰ Judicial District** |
| **Watson Valve Services, Inc., et al.** | § | |
| | § | |
| **Defendants.** | § | **Harris County, Texas** |

---

### SUGGESTION OF BANKRUPTCY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Grinding and Manufacturing Co. ("**Watson Grinding**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30967.   This bankruptcy case was commenced on February 6, 2020.

Watson Grinding suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

McDowell Hetherington LLP

By: /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


Jones Murray & Beatty LLP
Erin E. Jones (TBN 24032478)
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-1999
Fax. 832-529-3393
erin@jmbllp.com

***PROPOSED COUNSEL FOR WATSON GRINDING AND MANUFACTURING CO.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

Robert S. Kwok   rkwok@kwoklaw.com
J. Ryan Loya    rloya@kwoklaw.com
Joshua R. Leal    jleal@kwoklaw.com
Alex P. Boylhart   aboylhart@kwoklaw.com
William W. Hoke   whoke@whokelaw.com

       /s/ Jarrod B. Martin
       Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:22 PM and
filed on 02/06/2020.

**Watson Grinding & Manufacturing Co.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 74-1739242

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30967.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:01 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30967 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

2/6/2020 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40630532
By: Lewis John-Miller
Filed: 2/6/2020 4:20 PM

## CAUSE NO. 2020-05505

| | | |
|---|---|---|
| Travis Horton, et al. | § | |
| | § | **In the District Court** |
| **Plaintiffs** | § | |
| v. | § | |
| | § | **055th Judicial District** |
| Watson Grinding and Manufacturing | § | |
| Co., et al. | § | |
| | § | **Harris County, Texas** |
| **Defendants.** | § | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Watson Valve Services, Inc. ("**Watson Valve**") and informs the Court of the bankruptcy case filed under Chapter 11 of the Bankruptcy Code now pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division under Case No. 20-30968. This bankruptcy case was commenced on February 6, 2020.

Watson Valve suggests to the Court that the Automatic Stay under 11 U.S.C. § 362 prohibits continuation of proceedings affecting the interests of the bankruptcy estate without prior approval of the bankruptcy court. A copy of the notice of bankruptcy case filing is attached hereto as **Exhibit A**.

Dated: February 6, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com


JONES MURRAY & BEATTY LLP
ERIN E. JONES (TBN 24032478)
4119 MONTROSE, SUITE 230
HOUSTON, TX 77006
TEL. 832-529-1999
FAX. 832-529-3393
ERIN@JMBLLP.COM

***PROPOSED COUNSEL FOR WATSON
VALVE SERVICES, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served in compliance with Fed. R. Civ. Pro. Rule 5 on all parties of record via email as follows:

| | |
|---|---|
| Robert S. Kwok | rkwok@kwoklaw.com |
| J. Ryan Loya | rloya@kwoklaw.com |
| Joshua R. Leal | jleal@kwoklaw.com |
| Alex P. Boylhart | aboylhart@kwoklaw.com |
| William W. Hoke | whoke@whokelaw.com |

/s/ Jarrod B. Martin
Jarrod B. Martin

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 111 of the United States
Bankruptcy Code, entered on 02/06/2020 at 12:26 PM and
filed on 02/06/2020.



**Watson Valve Services, Inc.**
4525 Gessner Road
Houston, TX 77041
Tax ID / EIN: 68-0493572

The case was filed by the debtor's attorney:

**Jarrod B. Martin**
McDowell Hetherington LLP
1001 Fannin St.
Suite 2700
Houston, TX 77002
713-337-5580

The case was assigned case number 20-30968.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://www.txs.uscourts.gov/ or at the Clerk's Office, United States
Bankruptcy Court, PO Box 61010, Houston, TX 77208.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**David J. Bradley**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2020 12:28:57 | | | |
| **PACER Login:** | mhllp123:3421775:0 | **Client Code:** | 7058 |
| **Description:** | Notice of Filing | **Search Criteria:** | 20-30968 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |