

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
04/24/2020

| | |
|---|---|
| In re: | § |
| | § |
| | §   Chapter 11 |
| WATSON GRINDING & | § |
| MANUFACTURING CO., | §   Case No. 20-30967 (MI) |
| | § |
| Debtor. | § |

**ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.**
**§ 362(d)(1) TO PERMIT MATHESON TRI-GAS, INC. AND WESTERN**
**INTERNATIONAL GAS & CYLINDERS, INC. TO (I) ADD WATSON**
**GRINDING & MANUFACTURING CO. TO CERTAIN PENDING**
**LITIGATION AND (II) REMOVE THE LITIGATION TO THIS COURT**
[RELATES TO DOCKET NO. 210]

This matter coming before this Court upon the motion (the "Motion") of Matheson Tri-Gas,

Inc. ("Matheson") and Western International Gas & Cylinders, Inc. ("Western," and together with

Matheson, the "Companies") for entry of an order, pursuant to section 362(d)(1) of title 11 of the

United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal

Rules of Bankruptcy Procedures, and Rules 4001-1 and 9013-1 of the Bankruptcy Local Rules for

the Southern District of Texas, modifying the automatic stay to authorize (a) the Companies to add

debtor Watson Grinding and Manufacturing Co. ("Watson Grinding") as a party to the litigation

styled: (i) *Delaunay, Richard v. Western and Matheson*, Cause No. 2020-08869 (234th District

Court of Harris County, Texas); (ii) *Martinez, Sonia v. KMHJ, KMHJ Management, Western, and

Matheson*, Cause No. 2020-09409 (333rd District Court of Harris County, Texas) and

(iii) *Wallingsford, William v. KMHJ Management Company, LLC, KMHJ, Ltd., Western

International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.*, Cause No. 2020-19265 (80th

District Court of Harris County, Texas) (collectively, the "Postpetition Litigation"); and (b) the

Companies, or any other party to the Postpetition Litigation, to remove the Postpetition Litigation

to this Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that the relief requested in the Motion is appropriate and justified; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      Omitted

2.      Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby modified solely (a) to permit the Companies to file and serve such pleadings as necessary to add Watson Grinding as a party to the Postpetition Litigation; and (b) to authorize the Companies, or any other party in the Postpetition Litigation, to remove the Postpetition Litigation to this Court.

3.      Except as expressly modified herein, the automatic stay shall remain in place for all other purposes.

4.      The Companies are hereby authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

*ACTIVE 50108798v1*

5.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Signed: April 24, 2020

Marvin Isgur
United States Bankruptcy Judge

ACTIVE 50108798v1