THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § § | CASE NO. 20-30967<br><br>(Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| CHRIS LE, JOAN DOAN, SEBASTIJAN BERENJI, VICTORIA WELLS, DAVID DIOSDADO, YOLANDA WELLS, JUNG S. YUN, JERLESA TATES, JAMES BOSTICK, MARY BOSTICK, WENDY HONDA, JOSEPH PHAM, JORGE PHAM, JORGE CHACON, ZACARIAS CHACON, DOMINGO DURON, MANUEL CORRAL, JOSE CORRAL, JAIME GONZALEZ, BIBIANO SANDOVAL, ANGELINA SANDOVAL, CELINA SANDOVAL, ABIGAIL HERNANDEZ, ROSALBA MARTINEZ, HILDA LIMAS, ANTHONY HOWARD, JR., JEANNE MERRITT, MERVIN ALBANIA, RIVIS HUSBAND, MIRIAN CRUZ, ROBERTO HERNANDEZ, ALVARO MENDIETA, ROSALBA MENDIETA, PAUL MARTINEZ, JANET MARTINEZ, ARMIN DENIC, LINDA DANG, MYRA JEFFERSON, TUYET DO, STEVEN TRAN, MARK TRAN, GILBERT ORELLANA, EDUARDO DOLPHER, MORGAN LEE, ELIZABETH RUEDA, SARA GLORIA, DORIS ARIAS, PABLO LOPEZ, SKYLAR DOUGLAS, DENIS HERNANDEZ, ABEL MARTINEZ, MARTIN ESQUEDA, BLANCA MOJICA, ANA SARPAS, SULMA BEJANO, ANDRES GOMEZ, LUIS REYES, PATRICIA CERVANTES, CRISTHIAN MARTINEZ, SINDY | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | ADVERSARY NO. _____ |

1

| | |
|---|---|
| SANCHEZ, ROSAURA CALIX, DIANA LOPEZ, SUSAN LOPEZ, LUIS MEDELLIN, MARIA MEDELLIN, NGUYEN HOANG, KEVIN VU, JULIA TALAMANTES, ONEIDA TALAMANTES, MELODY DOLPHER, LUCERO MEDELLIN AND HECTOR MEDELLIN, <br><br> Plaintiffs, <br><br> v. <br><br> WATSON VALVE SERVICES INC., and WATSON GRINDING AND MANUFACTURING CO. <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§ |

## NOTICE OF REMOVAL

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Chris Le, et al.* v. *Watson Valve Services, Inc. and Watson Grinding and Manufacturing, Co.,* Cause No. 2020-08475 in the 234th Judicial District Court of Harris County, Texas (the "State Court Action").

### I.   Procedural Background and Nature of Suit

1. On February 6, 2020, Chris Le, *et al.* (collectively, the "Plaintiffs") filed their Original Petition Along with Rule 194 Requests for Disclosures to All Defendants (the "Original Petition") against Watson Valve Services, Inc. and Watson Grinding & Manufacturing Co. (collectively, the "Defendants"). In their Original Petition, the Plaintiffs assert claims of negligence and gross negligence against the Defendants.

2. On February 6, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967 in the United

2

States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II. Basis for Removal

3. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4. The State Court Action was initiated on the same day as the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6. Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.      Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

10.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

12.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 234th Judicial District Court of Harris County, Texas.

13.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

## V.     Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided.

15.     In the State Court Action, summons issued on February 6, 2020, but no return of summons has been filed.

16.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: April 24, 2020.

        Respectfully submitted,

        **JONES MURRAY & BEATTY, LLP**

        By: */s/ Ruth Van Meter*
        Erin E. Jones
        Texas Bar No. 24032478
        Ruth Van Meter
        Texas Bar No. 20661570
        Jones Murray & Beatty, LLP
        4119 Montrose Suite 230
        Houston, Texas 77006
        Phone: 832-529-1999
        Fax: 832-529-5513
        erin@jmbllp.com
        ruth@jmbllp.com

        AND

        **McCOY LEAVITT LASKEY LLC**

        By: */s/ Michael I. Ramirez*
        Michael I. Ramirez
        Texas Bar No. 24008604
        20726 Stone Oak Parkway, Suite 116
        San Antonio, TX 78258
        Telephone (210) 446-2828
        Fax (262) 522-7020
        mramirez@mlllaw.com

        **ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**

**CERTIFICATE OF SERVICE**

      I certify that on April 24, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on April 27, 2020, via first class mail (without attachments) to the following:

| | |
|---|---|
| Kwok Daniel Ltd., L.L.P.<br>Robert S. Kwok<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com<br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.** |
| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br>egieger@glllaw.com<br>bdoherty@glllaw.com<br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

                                         */s/ Ruth Van Meter*
                                         Ruth Van Meter