**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Case No.:  20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.** | § | **CHAPTER 11** |
| | § | |
| Debtor. | § | |

## NOTICE OF SUBPOENAS AND DEPOSITIONS

Please take notice that pursuant to Federal Rule of Civil Procedure 45(a)(4), the Official

Committee of January 24 Claimants in the above-referenced case, intends to serve the Subpoenas

and Notice of Depositions attached hereto as Exhibits "A" – "E" on (i) Watson Grinding &

Manufacturing Co., (ii) John Watson, (iii) Al Thurmond Agency, Inc., (iv) KMHJ, Ltd., (v)

United Fire Group Companies (collectively, the "Parties").  Service of the Subpoenas and Notice

of Depositions will take place on May 13, 2020, or as soon thereafter as service may be

effectuated.

Dated:   May 14, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL**
**COMMITTEE OF JANUARY 24 CLAIMANTS**

## **CERTIFICATE OF SERVICE**

     This will certify that on May 14, 2020, a true and correct copy of the foregoing Notice was served via electronic transmission to all registered ECF users appearing in the case.

                                   */s/ Joshua W. Wolfshohl*
                                   Joshua W. Wolfshohl

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors.** | § | |

**Official Committee of January 24 Claimants'**
**Notice of Deposition to Watson Grinding & Manufacturing Co..**

To:     Watson Grinding & Manufacturing Co.by and through its attorneys of record and through its counsel of record, Jones Murray & Beatty LLP, Attn: Erin E. Jones, 4119 Montrose Blvd., Suite 230, Houston, Texas 77002 erin@jmbllp.com and McCoy Leavitt Laskey LLC, Attn: Michael I. Ramirez 20726 Stone Oak Parkway, Suite 116, San Antonio, Texas 78258.

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to this proceeding under Rule 7030 of the Federal Rules of Bankruptcy Procedure, Official Committee of January 24 Claimants (the "**Committee**"), parties in interest in the above-referenced case, will conduct the oral deposition of a designated representative of Watson Grinding & Manufacturing co. on **May 29, 2020 at 1:00 p.m., via Veritext Zoom Video**, or at such other time and location as agreed to by the parties in writing. The deposition shall be taken before a person duly authorized by law to administer oaths, and may be recorded by stenographic, audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter or as otherwise agreed by the parties, until completed. The scope of examination concerns the topics set forth in **Exhibit A**, attached to this Notice.

1

EXHIBIT A

Dated:  May 13, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF JANUARY 24 CLAIMANTS**

### Certificate of Service

This will certify that a true and correct copy of the foregoing document was served on the (i) parties listed below by electronic mail and/or first class, postage prepaid, and (ii) via electronic transmission to all registered ECF users appearing in the case on May 13 2020.

Watson Grinding & Manufacturing Co.
Jones Murray & Beatty LLP
Attn: Erin E. Jones
4119 Montrose Blvd., Suite 230
Houston, Texas 77002

McCoy Leavitt Laskey LLC
Attn: Michael I. Ramirez
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas 78258,

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

10567588v1

## Exhibit A

## Definitions

- "John Watson" means the father of Kelly Watson, Hailey Watson, Melany Watson, and John Watson, II.

- "KMHJ" means KMHJ, Ltd. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ, Ltd.

- "KMHJ Management" means KMHJ Management Company, LLC, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ Management Company, LLC.

- "Watson Grinding" means Watson Grinding & Manufacturing Co., Inc. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of Watson Grinding & Manufacturing Co., Inc.

- "United Fire" means United Fire Group Companies, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of United Fire Group Companies.

- "Thurmond" means the Al Thurmond Agency, Inc.

- "Gessner Building 1" means Building 1 as identified in United Fire Insurance Policy No. 85319121 and located at 4525 Gessner.

- "Steffani Building 3" means Building 3 as identified in United Fire Insurance Policy No. 85319121 and located at 4626 Steffani Lane.

3

## **Scope of Oral Deposition**

1.  Watson Grinding's relationship and interactions with Thurmond regarding United Fire Policy 8531912, both as to the current version and prior versions of the policy, including but not limited to, the following:

    a.   Commercial Property Coverage
    b.   Buildings/Structures covered by the policy
    c.   Declarations, Supplemental Declarations, Loss Payable Provisions, Payment of Losses endorsements, Building and Personal Property Coverage Form
    d.   Changes to additional insureds, additional interests, lender loss payables, first mortgagees, and loss payees

2.  Watson Grinding's relationship and interactions with United Fire regarding United Fire Policy 8531912, both as to the current version and prior versions of the policy, including but not limited to, the following:

    a.   Commercial Property Coverage
    b.   Buildings/Structures covered by the policy
    c.   Declarations, Supplemental Declarations, Loss Payable Provisions, Payment of Losses endorsements, Building and Personal Property Coverage Form
    d.   Changes to additional insureds, additional interests, lender loss payables, first mortgagees, and loss payees

3.  Watson Grinding's relationship and interactions with KMHJ, including but not limited to:

    a.   Insurance policies issued covering KMHJ relating to Gessner Building 1 and Steffani Building 3.
    b.   Communications with KMHJ regarding insurance policies issued to Watson Grinding.

4.  Watson Grinding's policies and procedures regarding changes to insurance policies.

5.  Insurance policies covering Gessner Building 1, including but not limited to:

    a.   Negotiation, changes, and amendments.

6.  Insurance policies covering Steffani Building 3, including but not limited to:

      a.     Negotiation, changes, and amendments.

7.     Watson Grinding's interactions with KMHJ, Thurmond, and United Fire, including but not limited to:

      a.     Relating to any insurance policies concerning KMHJ

      b.     Relating to United Fire Policy No. 85319121 and any changes thereto, including changes in additional interests, first mortgagees, lender loss payables, loss payees, or additional insureds.

      c.     Relating to the January 24, 2020 incident at Watson Grinding

10567588v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **WATSON GRINDING &** | § | Case No. 20-30967 (MI) |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors.** | § | |

**Subpoena to Testify at a Deposition**
**in a Bankruptcy Case (or Adversary Proceeding)**

To:   John Watson, c/o Charles Rubio, Diamond McCarthy LLP at Two Houston Center, 909 Fannin Street, 37th Floor, Houston, Texas 77010, crubio@diamondmccarthy.com.

*Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE:<br>Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002 | DATE AND TIME:<br>May 21, 2020 at 10:00 a.m., via Veritext<br>Zoom Video |
|---|---|

The deposition will be recorded by this method:

 Veritext - Zoom Video

*Production*: You, or your representatives, must also bring with you to the deposition the following documents,  electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   Date: May 13, 2020.

              CLERK OF COURT

                                O R

_____          _____
   *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing: Official Committee of January 24 Claimants, who issues or requests this subpoena, are: Porter Hedges, LLP, Amy Falcon at 1000 Main Street, 36th Floor, Houston, Texas 77002,  (713) 226-6000, afalcon@porterhedges.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT B

B2560 (Form 2560 — Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true and correct.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i)  is a party or a party's officer; or
  ( )  is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i)  fails to allow a reasonable time to comply;
  ( )  requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (i)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (ii)  subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i)  expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors.** | § | |

## Official Committee of January 24 Claimants'
## <u>Notice of Deposition to John Watson</u>

To:     John Watson, c/o Charles Rubio, Diamond McCarthy LLP at Two Houston Center, 909 Fannin Street, 37th Floor, Houston, Texas 77010, crubio@diamondmccarthy.com.

PLEASE TAKE NOTICE, that pursuant to Rules 26 and 30(b)(1) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), applicable to this proceeding under Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, Official Committee of January 24 Claimants (the "**Committee**"), parties in interest in the above-referenced case, will conduct the oral deposition of John Watson on **May 21, 2020 at 10:00a.m., via Veritext Zoom Video**, or at such other time and location as agreed to by the parties in writing. The deposition shall be taken before a person duly authorized by law to administer oaths, and may be recorded by stenographic, audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter or as otherwise agreed by the parties, until completed.

10565768v2

Dated: May 13, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF JANUARY 24 CLAIMANTS**

## Certificate of Service

This will certify that a true and correct copy of the foregoing document was served on the (i) parties listed below by electronic mail and/or first class, postage prepaid, and (ii) via electronic transmission to all registered ECF users appearing in the case on May 13, 2020.

John Watson
c/o Charles Rubio
Diamond McCarthy LLP
Two Houston Center
909 Fannin Street, 37th Floor
Houston, Texas 77010
crubio@diamondmccarthy.com

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | **Chapter 11** |
|  | § |  |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § |  |
|  | § |  |
| **Debtors.** | § |  |

**Subpoena to Testify at a Deposition**
**in a Bankruptcy Case (or Adversary Proceeding)**

To:    Al Thurmond Agency, Inc. by and through its attorney of record Thompson Coe, Attn: Cory Reed, One Riverway, Suite 1400, Houston Texas 77056, creed@thompsoncoe.com

*Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE:<br>Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002 | DATE AND TIME:<br>May 22, 2020 at 10:00 a.m., via Veritext Zoom Video |
|---|---|

The deposition will be recorded by this method:

*Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 13, 2020.

                    CLERK OF COURT

                                        O R

_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing: Official Committee of January 24 Claimants, who issues or requests this subpoena, are: Porter Hedges, LLP, Amy Falcon at 1000 Main Street, 36th Floor, Houston, Texas 77002, (713) 226-6000, afalcon@porterhedges.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT C

B2560 (Form 2560 — Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


      I declare under penalty of perjury that this information is true and correct.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i)  is a party or a party's officer; or
( )  is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i)  fails to allow a reasonable time to comply;
( )  requires a person to comply beyond the geographical limits specified in Rule 45(c);
(i)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(ii) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors.** | § | |

## Official Committee of January 24 Claimants'
## <u>Notice of Deposition to Al Thurmond Agency, Inc.</u>

To:   Al Thurmond Agency, Inc. by and through its attorney of record Thompson Coe, Attn:
Cory Reed, One Riverway, Suite 1400, Houston Texas 77056, creed@thompsoncoe.com

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, applicable to this proceeding under Rule 7030 of the Federal Rules of Bankruptcy

Procedure, Official Committee of January 24 Claimants (the "**Committee**"), parties in interest in

the above-referenced case, will conduct the oral deposition of a designated representative of Al

Thurmond Agency, Inc. on **May 22, 2020 at 10:00a.m., via Veritext Zoom Video**, or at such

other time and location as agreed to by the parties in writing. The deposition shall be taken before

a person duly authorized by law to administer oaths, and may be recorded by stenographic,

audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter

or as otherwise agreed by the parties, until completed. The scope of examination concerns the

topics set forth in **Exhibit A**, attached to this Notice.

1

10565778v1

Dated: May 13, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF JANUARY 24 CLAIMANTS**

## Certificate of Service

This will certify that a true and correct copy of the foregoing document was served on the (i) parties listed below by electronic mail and/or first class, postage prepaid, and (ii) via electronic transmission to all registered ECF users appearing in the case on May 13, 2020.

Al Thurmond Agency, Inc.
c/o Cory Reed
Thompson Coe
One Riverway, Suite 1400
Houston, TX 77056
creed@thompsoncoe.com

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

10565778v1

## Exhibit A

## Definitions

- "John Watson" means the father of Kelly Watson, Hailey Watson, Melany Watson, and John Watson, II.

- "KMHJ" means KMHJ, Ltd. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ, Ltd.

- "KMHJ Management" means KMHJ Management Company, LLC, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ Management Company, LLC.

- "Watson Grinding" means Watson Grinding & Manufacturing Co., Inc. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of Watson Grinding & Manufacturing Co., Inc.

- "United Fire" means United Fire Group Companies, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of United Fire Group Companies.

- "Thurmond" means the Al Thurmond Agency, Inc.

- "Gessner Building 1" means Building 1 as identified in United Fire Insurance Policy No. 85319121 and located at 4525 Gessner.

- "Steffani Building 3" means Building 3 as identified in United Fire Insurance Policy No. 85319121 and located at 4626 Steffani Lane.

10565778v1

## **Scope of Oral Deposition**

1.      Commercial Property Coverage in general.

2.      Thurmond's relationship and interactions with Watson Grinding regarding United Fire Policy 8531912, both as to the current version and prior versions of the policy, including but not limited to, the following:

   a.  Commercial Property Coverage
   b.  Buildings/Structures covered by the policy
   c.  Declarations, Supplemental Declarations, Loss Payable Provisions, Payment of Losses endorsements, Building and Personal Property Coverage Form
   d.  Changes to additional insureds, additional interests, lender loss payables, first mortgagees, and loss payees

3.      Thurmond's relationship and interactions with KMHJ, including but not limited to:

   a.  Insurance policies issued to KMHJ relating to Gessner Building 1 and Steffani Building 3.
   b.  Other insurance policies issued to KMHJ relating to the Watson Grinding complex.
   c.  Communications with KMHJ regarding insurance policies issued to Watson Grinding.

4.      Thurmond's relationship and interactions with John Watson regarding United Fire Policy 85319121 both as to the current version and under prior versions of the policy.

5.      Thurmond's policies and procedures regarding changes to insurance policies.

6.      Insurance policies covering Gessner Building 1, including but not limited to:

   a.      Negotiation, changes, and amendments.

7.      Insurance policies covering Steffani Building 3, including but not limited to:

   a.      Negotiation, changes, and amendments.

8.      Thurmond's interactions with KMHJ, United Fire, and Watson Grinding, including but not limited to:

   a.      Relating to any insurance policies concerning KMHJ

    b.  Relating to United Fire Policy No. 85319121 and any changes thereto, including changes in additional interests, first mortgagees, lender loss payables, loss payees, or additional insureds.

    c.  Relating to the January 24, 2020 incident at Watson Grinding

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WATSON GRINDING & | § | Case No. 20-30967 (MI) |
| MANUFACTURING CO. | § | |
| | § | |
| Debtors. | § | |

## Official Committee of January 24 Claimants'
## First Amended Notice of Deposition to KMHJ, Ltd.

To:    KMHJ, Ltd., c/o of Bruce J. Ruzinsky, Jackson Walker LLP at 1401 McKinney, Suite 1900, Houston, TX 77010.

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to this proceeding under Rule 7030 of the Federal Rules of Bankruptcy Procedure, Official Committee of January 24 Claimants (the "**Committee**"), parties in interest in the above-referenced case, will conduct the oral deposition of a designated representative of KMHJ, Ltd. on **May 19, 2020 at 10:00a.m., via Veritext Zoom Video**, or at such other time and location as agreed to by the parties in writing. The deposition shall be taken before a person duly authorized by law to administer oaths, and may be recorded by stenographic, audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter or as otherwise agreed by the parties, until completed. The scope of examination concerns the topics set forth in **Exhibit A**, attached to this Notice.

Dated: May 13, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF JANUARY 24 CLAIMANTS**

## Certificate of Service

This will certify that a true and correct copy of the foregoing document was served on the (i) parties listed below by electronic mail and/or first class, postage prepaid, and (ii) via electronic transmission to all registered ECF users appearing in the case on May 13, 2020.

KMHJ, Ltd.
c/o of Bruce J. Ruzinsky
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, TX 77010

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

10559982v2

# Exhibit A

# Definitions

- "John Watson" means the father of Kelly Watson, Hailey Watson, Melany Watson, and John Watson, II.

- "KMHJ" means KMHJ, Ltd. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ, Ltd.

- "KMHJ Management" means KMHJ Management Company, LLC, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ Management Company, LLC.

- "Watson Grinding" means Watson Grinding & Manufacturing Co., Inc. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of Watson Grinding & Manufacturing Co., Inc.

- "United Fire" means United Fire Group Companies, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of United Fire Group Companies.

- "Thurmond" means the Al Thurmond Agency, Inc.

- "Gessner Building 1" means Building 1 as identified in United Fire Insurance Policy No. 85319121.

- "Steffani Building 3" means Building 3 as identified in United Fire Insurance Policy No. 85319121.

10559982v2

## **Scope of Oral Deposition**

1.    KMHJ entity, including but not limited to:

        a.    Formation
        b.    Structure
        c.    Partners – past and present
        d.    Management – past and present
        e.    Transfer of John Watson's interest to KMHJ Management Company, LLC
        f.    KMHJ Management Company, LLC
            i.  Structure, members – past and present, management – past and present, operations, meetings and resolutions, sources of revenue
        g.    Operations
        h.    Assets
        i.    Annual and periodic meetings and resolutions
        j.    Sources of revenue

2.    John Watson, including but not limited to:

        a.    Past and current formal relationship to KMHJ
        b.    Involvement in KMHJ currently

3.    Transaction involving deed of 4606 Steffani Lane property to KMHJ, including but not limited to:

        a.    timing, deeds, purchase contracts, parties, consideration, recording

4.    Transaction involving deed of 4525 Gessner property to KMHJ, including but not limited to:

        a.    timing, deeds, purchase contracts, parties, consideration, recording

5.    Gessner Building 1, including but not limited to:

        a.    Construction - when, funding, how funded, mortgages, lenders, paid off
        b.    Ownership
        c.    Insurance policies for the building

6.      Steffani Building 3, including but not limited to:

      a.      Construction - when, funding, how funded, mortgages, lenders, paid off
      b.      Ownership
      c.      Insurance policies for the building

7.      March 1, 2001 lease between KMHJ and Watson Grinding, including but not limited to:

      a.      Negotiations
      b.      Premises – land and buildings
      c.      Insurance

8.      January 1, 2007 lease between KMHJ and Watson Grinding, including but not limited to:

      a.      Negotiations
      b.      Premises
      c.      Insurance

9.      January 1, 2014 lease between KMHJ and Watson Grinding, including but not limited to:

      a.      Negotiations
      b.      Premises – land and buildings
      c.      Insurance

10.     January 1, 2019 lease between KMHJ and Watson Grinding, including but not limited to:

      a.      Negotiations
      b.      Premises – land and buildings
      c.      Insurance

11.     Relationship and interactions between KMHJ and Watson Grinding over the 2000 – 2020 period.

12.     Relationship and interactions between KMHJ and United Fire.

13.     Relationship and interactions between KMHJ and Thurmond

14.     KMHJ interactions with United Fire, Thurmond, and Watson Grinding, including but not limited to:

     a.     Relating to any insurance policies concerning KMHJ

     b.     Relating to United Fire Policy No. 85319121 and any changes thereto, including changes in loss payees or additional insureds.

     c.     Relating to the January 24, 2020 incident at Watson Grinding

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors.** | § | |

## Official Committee of January 24 Claimants'
## <u>Notice of Deposition to United Fire Group Companies.</u>

To:     United Fire Group Companies by and through its attorneys of record Strong, Pipkin, Bissell & Ledyard, L.L.P., Attn. Mike Dodson, 595 Orleans, Suite 1400, Beaumont, Texas 77701.

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to this proceeding under Rule 7030 of the Federal Rules of Bankruptcy Procedure, Official Committee of January 24 Claimants (the "**Committee**"), parties in interest in the above-referenced case, will conduct the oral deposition of a designated representative of United Fire Group Companies on **May 28, 2020 at 10:00a.m., via Veritext Zoom Video**, or at such other time and location as agreed to by the parties in writing. The deposition shall be taken before a person duly authorized by law to administer oaths, and may be recorded by stenographic, audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter or as otherwise agreed by the parties, until completed. The scope of examination concerns the topics set forth in **Exhibit A**, attached to this Notice.

1

EXHIBIT E

Dated:  May 13, 2020.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
Aaron J. Power
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF JANUARY 24 CLAIMANTS**

## Certificate of Service

This will certify that a true and correct copy of the foregoing document was served on the (i) parties listed below by electronic mail and/or first class, postage prepaid, and (ii) via electronic transmission to all registered ECF users appearing in the case on May 13, 2020.

United Fire Group of Companies
c/o Strong Pipkin Bissell & Ledyard L.L.P.
Attn: Mike Dodson
595 Orleans
Suite 1400
Beaumont, Texas 77701


COUNSEL FOR UNITED FIRE GROUP
COMPANIES A/K/A UNITED FIRE
LLOYDS


*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

2

# Exhibit A

# Definitions

- "John Watson" means the father of Kelly Watson, Hailey Watson, Melany Watson, and John Watson, II.

- "KMHJ" means KMHJ, Ltd. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ, Ltd.

- "KMHJ Management" means KMHJ Management Company, LLC, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of KMHJ Management Company, LLC.

- "Watson Grinding" means Watson Grinding & Manufacturing Co., Inc. or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of Watson Grinding & Manufacturing Co., Inc.

- "United Fire" means United Fire Group Companies, or the affiliates, subsidiaries, officers, managers, directors, shareholders, employees, or agents, or any person or entity authorized to act on behalf of United Fire Group Companies.

- "Thurmond" means the Al Thurmond Agency, Inc.

- "Gessner Building 1" means Building 1 as identified in United Fire Insurance Policy No. 85319121 and located at 4525 Gessner.

- "Steffani Building 3" means Building 3 as identified in United Fire Insurance Policy No. 85319121 and located at 4626 Steffani Lane.

## **Scope of Oral Deposition**

1.    Commercial Property Coverage in general.

2.    United Fire's relationship and interactions with Thurmond regarding United Fire Policy 8531912, both as to the current version and prior versions of the policy, including but not limited to, the following:

      a.    Commercial Property Coverage
      b.    Buildings/Structures covered by the policy
      c.    Declarations, Supplemental Declarations, Loss Payable Provisions, Payment of Losses endorsements, Building and Personal Property Coverage Form
      d.    Changes to additional insureds, additional interests, lender loss payables, first mortgagees, and loss payees

3.    United Fire's relationship and interactions with Watson Grinding regarding United Fire Policy 8531912, both as to the current version and prior versions of the policy, including but not limited to, the following:

      a.    Commercial Property Coverage
      b.    Buildings/Structures covered by the policy
      c.    Declarations, Supplemental Declarations, Loss Payable Provisions, Payment of Losses endorsements, Building and Personal Property Coverage Form
      d.    Changes to additional insureds, additional interests, lender loss payables, first mortgagees, and loss payees

4.    United Fire's relationship and interactions with KMHJ, including but not limited to:

      a.    Insurance policies issued to KMHJ relating to Gessner Building 1 and Steffani Building 3.
      b.    Other insurance policies issued to KMHJ relating to the Watson Grinding complex.
      c.    Communications with KMHJ regarding insurance policies issued to Watson Grinding.

5.    United Fire's relationship and interactions with John Watson regarding United Fire Policy 85319121 both as to the current version and under prior versions of the policy.

6.    United Fire's policies and procedures regarding changes to insurance policies.

10567280v1

7.   Insurance policies covering Gessner Building 1, including but not limited to:

   a.   Negotiation, changes, and amendments.

8.   Insurance policies covering Steffani Building 3, including but not limited to:

   a.   Negotiation, changes, and amendments.

9.   United Fire's interactions with KMHJ, Thurmond, and Watson Grinding, including but not limited to:

   a.   Relating to any insurance policies concerning KMHJ
   b.   Relating to United Fire Policy No. 85319121 and any changes thereto, including changes in additional interests, first mortgagees, lender loss payables, loss payees, or additional insureds.
   c.   Relating to the January 24, 2020 incident at Watson Grinding

5