THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| JUAN SANTILLANA, LAURA | § | |
| SANTILLANA, MICHELLE | § | |
| SANTILLANA, AND LAURA | § | |
| SANTILLANA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| WESTERN INTERNATIONAL GAS | § | |
| & CYLANDERS, INC. AND | § | |
| MATHESON TRI-GAS, INC., | § | |
| | § | |
| Defendants and Third-Party | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO. AND | § | |
| WATSON VALVE SERVICES, INC. | § | |
| | § | |
| Third-Party Defendants. | § | |

## NOTICE OF REMOVAL

Watson Valve Services, Inc. ("**Watson Valve**") files this Notice of Removal of the

state court action styled, *Juan Santillana, et al.* v. *Western Internal Gas, Inc. and Matheson*

*Tri-Gas Inc.,, Defendants and Third-Party Plaintiffs v. Watson Grinding and Manufacturing*

*Co. and Watson Valve Services, Inc.,* Cause No. 2020-25744 in the 61ˢᵗ Judicial District Court of Harris County, Texas ("**State Court Action**").

### PROCEDURAL BACKGROUND AND NATURE OF SUIT

1.      On February 6, 2020 ("**Petition Date**"), Watson Grinding and Manufacturing, Co. ("**Watson Grinding**") filed its voluntary petition under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.,* Case No. 20-30967 in the United States Bankruptcy Court ("**Bankruptcy Court**") for the Southern District of Texas, Houston Division ("**Chapter 11 Bankruptcy Case**").

2.      On April 24, 2020, Juan Santillana, Laura Santillana, Michelle Santillana, and Laura Santillana (collectively "**Plaintiffs**") filed an Original Petition against Defendants / Third-Party Plaintiffs, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "**Defendants**," "**Matheson**," or "**Third-Party Plaintiffs**").

3.      On May 8, 2020, the Bankruptcy Court entered an Order [Dkt. No. 279] modifying the automatic stay and setting the deadline for filing notices of removal ("**Order**"). The deadlines for filing notices of removal is July 8, 2020.

4.      On May 21, 2020, the Defendants/Third-Party Plaintiffs filed their Answer and Third-Party Petition against Watson Valve and Watson Grinding.

5.      In their Third-Party Petition, Third-Party Plaintiffs assert contribution- and indemnity-based claims against Watson Valve and Watson Grinding.

## BASIS FOR REMOVAL

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      While the State Court Action was initiated after the commencement of the Chapter 11 Case. Pursuant to the Order, this Notice of Removal has been timely filed.

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings . . . arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

## CORE OR NON-CORE BANKRUPTCY JURISDICTION

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. §541.

14.     Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge and anticipates seeking withdrawal of the reference in this case to the United States District Court for the Southern District of Texas.

## PARTIES AND NOTICE

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 61st Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the

parties and counsel in the State Court Action, who have or will be served with the notice, are

as follows:

Chance A. McMillan
Wayne Collins
440 Louisiana Street, Suite 1200
Houston, TX 77002
***ATTORNEYS FOR PLAINTIFFS***

Mary-Olga Lovett
State Bar No. 0789289
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002

AND

Christopher M. LaVigne
Daniel P. Elms
Samuel G. Davison
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
***ATTORNEYS FOR DEFENDANTS WESTERN
INTERNATIONAL GAS & CYLINDERS, INC.
AND MATHESON TRI-GAS INC.***

MCCOY LEAVITT LASKEY LLC
John V. McCoy
Michael I. Ramirez
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188
***ATTORNEYS FOR WATSON GRINDING AND
MANUFACTURING CO.***

AND

Erin E Jones
JONES MURRAY & BEATTY LLP
4119 Montrose Blvd, Suite 230
Houston, TX 77006
***ATTORNEYS FOR WATSON GRINDING AND
MANUFACTURING CO.***

GIEGER, LABORDE & LAPEROUSE L.L.C.
Ernest P. Gieger, Jr.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
***ATTORNEYS FOR WATSON VALVE
SERVICES, INC.***

## PROCESS AND PLEADINGS

17.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-

1(b), true and correct copies of all process and pleadings filed in the State Court Action (as

set forth in the attached **Exhibit A**) have been provided.

18.     In the State Court Action, citations were issued as to Defendants and Third-

Party Plaintiff's on April 24, 2020. Citations were served on Defendants and Third-Party

Plaintiffs on April 30, 2020 and the return of the citation was filed on May 1, 2020.   Neither

Watson Valve, nor Watson Grinding have been served.

19.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a

notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the

Southern District of Texas, Houston Division, that the State Court Action is hereby removed

in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: May 21, 2020

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
Kate H. Easterling
Texas Bar No. 24053257
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: Jarrod.Martin@mhllp.com
E: Kate.Easterling@mhllp.com
E: Avi.Moshenberg@mhllp.com

AND

**GIEGER, LABORDE & LAPEROUSE, LLC**

By: /s/ *Brendan P. Doherty*
Ernest P. Gieger
Texas Bar No. 24054169
Brendan P. Doherty
Texas Bar No. 24075923
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001
Email: egieger@glllaw.com
Email: bdoherty@glllaw.com

*COUNSEL FOR WATSON VALVE SERVICES, INC.*

# CERTIFICATE OF SERVICE

I certify that on May 21, 2020, a true and correct copy of the foregoing Notice was served via first class mail (without attachments) to the following individuals no later than the next day after filing:

Chance A. McMillan
Wayne Collins
440 Louisiana Street, Suite 1200
Houston, TX 77002
*ATTORNEYS FOR PLAINTIFFS*

Mary-Olga Lovett
State Bar No. 0789289
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002

AND

Christopher M. LaVigne
Daniel P. Elms
Samuel G. Davison
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
**ATTORNEYS FOR DEFENDANTS WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS INC.**

MCCOY LEAVITT LASKEY LLC
John V. McCoy
Michael I. Ramirez
N19 W24200 Riverwood Dr., Suite 125
Waukesha, WI 53188
*ATTORNEYS FOR WATSON GRINDING AND MANUFACTURING CO.*

GIEGER, LABORDE & LAPEROUSE L.L.C.
Ernest P. Gieger, Jr.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
*ATTORNEYS FOR WATSON VALVE SERVICES, INC.*

*/s/ Jarrod B. Martin*
Jarrod B. Martin