UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967 (MI)** |
| **MANUFACTURING CO.** | § | |
| | § | |
| **Debtors** | § | |

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON VALVE SERVICES, INC.** | § | **Case No. 20-30968 (MI)** |
| | § | |
| | § | |
| **Debtor.** | § | |

**JANUARY 24 CLAIMANTS COMMITTEE'S EMERGENCY MOTION FOR
<u>APPOINTMENT OF CHAPTER 11 TRUSTEES</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

**IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION**

**WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1 (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS WWW.JOIN.ME. PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME MOTION.**

**ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING". THE CODE FOR JOINING THIS HEARING BEFORE JUDGE ISGUR IS "judgeisgur". THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

The Official Committee of January 24 Claimants (the "Committee") files this *Emergency Motion for Appointment of Chapter 11 Trustees* (the "Motion").

## SUMMARY

1. At the first day hearing, the Court immediately recognized that there were certain inherent conflicts of interest between the estates of Watson Grinding & Manufacturing Co. ("WGM") and Watson Valve Services, Inc. ("WVS"), and ordered that separate counsel be retained by each Debtor. Those conflicts continue to exist and have ripened to such a degree that the Committee believes the estates can no longer function without the appointment of independent fiduciaries.

2. John Watson is the majority owner of both WGM and WVS, but until the last two weeks all decision making authority for the Debtors rested in Bob White, the chief operating officer. To that end, Mr. White signed both Debtors' schedules and statements of financial affairs and appeared as the companies' representative at their meetings of creditors. This arrangement came to a screeching halt in Mid-May. Specifically, after employing an investment banker to explore a sale of WVS, John Watson struck a side deal with a prospective bidder, which provided

2

a $1 million payment directly to Watson in the form of a "non-compete." Thereafter, Bob White and his son submitted a competing *higher* bid through a newly formed entity to acquire WVS's assets. Immediately upon learning of the competing bid, John Watson retaliated against Bob White and his son by terminating their employment with both Debtors, effectively removing Bob White as the estates' representative and supplanting himself in those roles.

3. Since John Watson's unilateral termination of Bob White and appointment of himself as the sole estate "fiduciary," things have been amiss. The Debtors actions and approach to routine matters have been marred by delay, inconsistency and conflict. The Debtors' counsel, who the Committee firmly believes is making every effort to ensure that the Debtors are exercising their fiduciary duties, are being asked to take positions that run directly contrary to the interests of the estates and pursue objectives that benefit insiders at the expense of creditors and fly in the face of the fiduciary responsibilities afforded estate representatives. In sum, the Committee believes that John Watson is incapable of fulfilling his fiduciary duties to the estates. Instead of maximizing the value of the estates, he is focused on maximizing his personal recovery and protecting his and his children's interest. For the reasons set forth below, the Committee requests the Court appoint chapter 11 trustees in both the WGM and WVS cases.

**BASIS FOR EMERGENCY CONSIDERATION**

4. WVS filed an emergency motion seeking to provide significant bid protections to Mogas Industries, Inc. ("Mogas") on less than 24 hours' notice in order to protect the Mogas offer, which (as modified) includes a $300,000 payment to him individually and employment for his son, from being outbid by the Whites who have submitted a competing bid to purchase WVS. Despite the fact that the motion for bid procedures was filed without Mogas having even submitted a signed APA, Mogas informed WVS late last night that it would withdraw its offer if WVS agreed to the

3

Committee's request to continue the hearing just one day to Friday, May 29th. At the hearing on the motion to approve bid procedures, the Court directed the United States Trustee to investigate whether a chapter 11 trustee should be appointed. Accordingly, emergency consideration of this Motion is appropriate.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## BACKGROUND

6. In the early morning of January 24, 2020, a tragic explosion occurred at the WGM thermal spray coating facility. As a result, numerous parties began filing lawsuits in state court against the Debtors arising out of the January 24 incident.

7. On February 6, 2020 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). Both the Debtors continue to operate their business and manage their properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

8. On February 21, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee in the WGM case pursuant to sections 1102(a) and 1102 (b)(1) of the Bankruptcy Code. The Committee consists of the following claimants: (i) Travis Horton, (ii) Massiel Nunez, (iii) Houston Corvette Service, (iv) Margarita Flores, (v) Phillip Burnam, (vi) Janette Thomas, and (vii) Gerardo Castorena, Jr.

9. As the Court is aware, the Committee has been concerned with John Watson's involvement in this case since it discovered his role in modifying the "loss payee" designation on

4

10584948v2

the Debtors' insurance policies only days before the petition date—for the benefit of an entity owned by his children (KMHJ Ltd.).

10.  Until recently, the Committee's concerns were partially alleviated by the Debtors' representation that John Watson was not involved in the day-to-day operation of the estates, Bob White was the designated "estate representative" and Drew McManigle was being retained as the Debtors' financial advisor.  Consistent with these representations, Bob White, the Debtors' chief operating officer, signed the petitions, the statements of financial affairs, the schedules and the first day declarations for both Debtors.  For all practical purposes, until recently, Bob White was the Debtors representative and was making substantially all decisions related to these bankruptcy cases.[1]

11.  On May 14, 2020, however, WVS received a letter of intent from Mogas to purchase WVS' assets which included a non-compete agreement to be executed by John Watson.  The Committee has not seen this LOI, but, based on the JB Valve objection, John Watson would have directly received $1 million from Mogas under this offer in exchange for executing the non-compete.

12.  On May 15, 2020, WGM's counsel provided the Committee with a copy of an unexecuted asset purchase agreement for WVS' assets from JB Valve LLC ("JB Valve"), an entity created by Bob and Jason White for the purpose of attempting to acquire WVS' assets.  JB Valve offered a substantially higher amount to be paid to the WVS estate than the Mogas bid, *and its offer did not involve any side agreement with John Watson.*  To the contrary, the JB Valve bid seems premised on the Whites making a clean break with the Watsons.

---

[1] WGM is owned approximately 63.8% by John Watson and 36.2% by the Whites.  WVS is owned 70% by John Watson and 30% by the Whites.

13.     Immediately upon receipt of the JB Valve APA, on May 15, 2020, John Watson terminated the employment of Bob and Jason White from both Debtors in clear retaliation for having undermined the insider kickback associated with the original Mogus offer.

14.     Since John Watson's unilateral termination of the Whites, and self-promotion to "estate representative," the Debtors have pivoted dramatically on numerous important issues in these cases.  First, the Debtors and the Committee were in the process of negotiating non-controversial motions related to bar date noticing, procedures for allowing lawsuits to serve as proofs of claim and related relief to ensure efficiencies and due process in these cases.  Until days ago, these motions appeared to be largely agreed to by the Debtors and, in fact, were going to be filed as joint motions.  However, on the eve of filing the motions, John Watson and his counsel interjected themselves into the negotiations and demanded modifications clearly aimed at limiting notice and potential claims against WVS.  The only logical explanation for such requests is John Watson's belief that directing claims away from WVS and towards WGM increases the likelihood of a "surplus" in the WVS estate—which directly benefits him personally.

15.     By way of further example, the Debtors previously filed a Motion to Pay Watson Grinding Receivables Collected on Watson Grinding's Behalf seeking authorization WVS to pay $515,494.12—an amount which was paid to WVS by a customer for work performed by WGM.  This motion was filed at a time when Bob White was still in control of the Debtors.  Following White's termination by John Watson, WVS' counsel notified the Committee's counsel that John Watson was threatening to inexplicably withdraw the motion because John Watson did not want the funds to be transferred out of WVS to WGM.  While counsel appears to have talked John Watson out of this position (the Court entered an order granting the Motion on May 27, 2020), this

6

is a further example of Debtors' counsel continued struggles to ensure a clearly conflicted estate representative is fulfilling his fiduciary duties.

16. Finally, just before 1:00 p.m. on May 27, 2020—and apparently at John Watson's direction, WVS filed an emergency motion seeking approval of bid procedures and bid protections for Mogas on a modified LOI (Doc. No. 183) (the "Bid Procedures Motion"). According to footnote 1 in the Bid Procedures Motion, Mogas had not yet submitted a signed APA to WVS when the motion was filed. The Bid Procedures Motion was set on less than 24 hours' notice for 8:30 a.m. on May 28, 2020.

17. The Committee's counsel immediately requested WVS to continue the hearing for at least one day so the Committee could evaluate the motion and the parties could continue to negotiate potential global case resolutions less drastic than the appointment of a chapter 11 trustee, such as limiting and terminating exclusivity. WVS' counsel originally agreed to continue the hearing and informed the Court's case manager of this decision. Later that evening, WVS' counsel informed the Committee's counsel that WVS could not agree to continue the hearing because Mogas threatened to pull its offer unless WVS went forward on the Bid Procedures Motion at 8:30 a.m. on May 28, 2020.

18. The Bid Procedures Motion seeks approval of an APA with Mogas (which no party in interest has seen and was not even included in WVS' exhibit list for the hearing) and bid protections for Mogas in the form of a $100,000 break-up fee, a $75,000 expense reimbursement, and a $50,000 minimum initial overbid. The Bid Procedures Motion discloses that Mogas' offer includes $300,000 to be paid to John Watson personally in exchange for a non-compete and a consulting agreement for an undisclosed sum for John Watson Jr. (Doc. No. 183 at p. 12).

**RELIEF REQUESTED**

19. Bankruptcy courts will leave a debtor in possession of its assets and business only when current management "can be depended upon to carry out the fiduciary responsibilities of a trustee." *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985). The Court can appoint a trustee either based on a finding of cause (11 U.S.C. § 1104(a)(1)) or based on it being in the interest of creditors (11 U.S.C. § 1104(a)(2)). Although section 1104(a)(l) expressly identifies four bases upon which "cause" may be found—fraud, dishonesty, incompetence and gross mismanagement—these enumerated grounds are not exhaustive, merely illustrative. *See, e.g., In re Cajun Elec.*, 191 B.R. at 661 ("It is clear that the grounds for cause are not limited to those enumerated in section 1104(a)(1).").

20. The determination of whether cause exists to appoint a chapter 11 trustee is highly fact-intensive and requires the court to consider "whether the totality of the circumstances warrant appointment of a trustee." *In re Sundale, Ltd.*, 400 B.R. 890, 900 (Bankr. S.D. Fla. 2009) (citing *In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3d Cir. 1989)). Even if the Court does not find that "cause" exists to appoint a chapter 11 trustee under section 1104(a)(1), the Court has wide discretion to appoint a trustee under section 1104(a)(2) where, as here, doing so is in the best interests of the parties and the estate. *See also In re Cajun Elec. Power Cooperative, Inc.*, 191 B.R. 659, 661 (M.D. La. 1995) ("[u]nder [section 1104(a)(2)], there is a flexible standard for the Court to follow").

21. In exercising its discretion to appoint a trustee under section 1104(a)(2), the Court may consider many factors, including: (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence, or lack thereof, of the business community and of creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the

10584948v2

appointment. *See, e.g., In re Cajun Elec.*, 191 B.R. at 661-62 (listing factors); *In re Ionosphere Clubs. Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990) (same).

22. The totality of circumstances, as articulated above, evidence that John Watson is not capable of fulfilling his fiduciary duties and is putting his personal and familial interests ahead of the interests of creditors. From the Committee's standpoint, the Court need only look at John Watson's immediate and unilateral termination of Bob White as the estates' representative upon his submission of a competing/superior bid that did not provide a $1 million kickback to John Watson personally. This alone establishes that John Watson simply does not have the estate's interests in mind and is willing to retaliate against anyone who gets in the way of his personal agenda. John Watson's motivations are further evidenced by both his and his counsel's attempts at thwarting the legitimate objectives of estate professionals for John Watson's personal benefit. The Committee is concerned, based on extensive communications with Debtors' counsel, that estate professionals are being placed in the untenable position of answering to a client representative whose interests are not aligned with the fiduciary responsibilities of the Debtors. Given the state of the Debtors' business, the likely sale of the Debtors' only operating assets and the millions of dollars of claims asserted against the estates, John Watson cannot be left in charge.[2]

## CONCLUSION

23. Accordingly, the Committee respectfully requests that the Court enter orders appointing chapter 11 trustees in both cases and grant the Committee any other relief to which they may be entitled.

---

[2] As further indication of the inherent conflicts existing between the two estates, on May 8, 2020, WGM's insurance defense counsel sent a demand letter to WVS' insurance defense counsel stating WGM's position that it is a named insured under $26 million of WVS insurance policies. To date, the insurance companies have not responded to the tender letter. If they deny coverage, WGM may have to assert claims against WVS and also file an action for declaratory relief against the insurance companies and WVS to have this Court determine the coverage issue.

10584948v2

Dated: May 29, 2020.

>Respectfully submitted,
>
>PORTER HEDGES LLP
>
>*/s/ Joshua W. Wolfshohl*
>Joshua W. Wolfshohl
>State Bar No. 24038592
>Aaron J. Power
>State Bar No. 24058058
>1000 Main Street, 36th Floor
>Houston, Texas 77002
>(713) 226-6000
>(713) 226-6248 (fax)
>jwolfshohl@porterhedges.com
>apower@porterhedges.com
>
>COUNSEL FOR THE OFFICIAL COMMITTEE
>OF JANUARY 24 CLAIMANTS

## CERTIFICATE OF CONFERENCE

Committee counsel discussed the Motion and the relief sought with counsel for both Debtors prior to filing this Motion. The Debtors informed the Committee that they intend to promptly convene a board meeting following the filing of this Motion to determine the Debtors' position on the Motion.

>*/s/ Aaron J. Power*
>Aaron J. Power

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by U.S. First Class Mail and via electronic transmission to all registered ECF users appearing in the case on May 29, 2020.

>*/s/ Joshua W. Wolfshohl*
>Joshua W. Wolfshohl

10584948v2

SERVICE LIST

ERIN E JONES
CHRISTOPHER R MURRAY
JONES MURRAY & BEATTY LLP
4119 MONTROSE STE 230
HOUSTON TX 77006

STEPHEN DOUGLAS STATHAM
OFFICE OF US TRUSTEE
515 RUSK STE 3516
HOUSTON TX 77002

ASTRO ALLOYS INC
9155 EMMOTT RD
HOUSTON TX 77040

BAKER BOTTS LLP
910 LOUISIAN ST STE 3200
HOUSTON TX 77002

C&M TECHNOLOGIES GROUP INC
350 NORTH SAINT PAUL ST
DALLAS TX 75201

EARL M JORGENSEN
6201 LUMERDALE RD
HOUSTON TX 77092

GULFCO FORGE COMPANY
6817 INDUSTRIAL RD
HOUSTON TX 77005

HALCO METALS
9611 TELGE RD
HOUSTON TX 77095

HUNTER CHEMICAL LLC
220 COMMERCE DR
STE 200
FORT WASHINGTON PA 19034

LINEAGE ALLOYS
1901 ELLIS SCHOOL RD
BAYTOWN TX 77521

MATHESON TRI-GAS
166 KEYSTONE DR
MONTGOMERYVILLE PA 18936

NORTH AMERICAN HOGANAS CO
111 HOGANAS WA
HOLLSOPPLE PA 15935

NORTON ROSE FULBRIGHT
1301 MCKINNEY ST STE 1500
HOUSTON TX 77010

PARRISH INTERNATIONAL INC
PO BOX 468
HEMPSTEAD TX 77445

SCOTT STAINLESS SPECIALITIES
501 GEORGIA AVENUE
SOUTH HOUSTON TX 77587

TECHNICAL ENGINEERING LLC
100 CHAPEL RD
MANCHESTER CT 6042

THYSSENKRUPP
ATTN: GENERAL COUNSEL
111 W JACKSON BLVD
CHICAGO IL 60604

TRICOR METALS
3517 N LOOP 336 W
CONROE TX 77304

VICTORY METALS
4125 HOLLISTER RD
HOUSTON TX 77080

VINATECH ENGINEERING
7747 FORMULA PLACE
SAN DIEGO CA 92121

WEBB INDUSTRIAL LLC
2433 LOFTON TERRACE
FORT WORTH TX 76109

WATSON VALVE SERVICES INC
4525 GESSNER RD
HOUSTON TX 77041

TEXAS CAPITAL BANK
C/O TIMOTHY MILLION
600 TRAVIS ST
HOUSTON TX 77002

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SERVICE
300 E 8TH ST
MAIL STOP 5026AUS
AUSTIN TX 78701

RICHARD A KINCHELOE
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS
1000 LOUISIANA ST STE 2300
HOUSTON TX 77002

ABIGAIL RUSHING RYAN AAG
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
PO BOX 12548-MC 008
AUSTIN TX 78711-2548

JASON B BINFORD
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
P O BOX 12548-MC 008
AUSTIN TEXAS 78711-2548

MICHAEL I. RAMIREZ
MCCOY LEAVITT ET. AL.
20726 STONE OAK PKWY STE 116
SAN ANTONIO, TEXAS 78232

J SCOTT DOUGLASS
1811 BERING DR STE 420
HOUSTON TEXAS 77057

| | | |
|---|---|---|
| MUHAMMAD AZIZ<br>ABRAHAM WATKINS NICHOLS<br>SORRELS AGOSTO AZIZ & STOGNER<br>800 COMMERCE ST<br>HOUSTON TEXAS 77002 | HENRY FLORES<br>RAPP & KROCK PC<br>1980 POST OAK BLVD STE 1200<br>HOUSTON TEXAS 77056 | KENNETH M KROCK<br>RAPP & KROCK PC<br>1980 POST OAK BLVD STE 1200<br>HOUSTON TEXAS 77056 |
| JOHN P DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>PO BOX 3064<br>HOUSTON TX 77253-3064 | JARROD B MARTIN<br>MCDOWELL HETHERINGTON LLP<br>1001 FANNIN STE 2700<br>HOUSTON TX 77002 | KATE H EASTERLING<br>MCDOWELL HETHERINGTON LLP<br>1001 FANNIN STE 2700<br>HOUSTON TX 77002 |
| AVISHAY MOSHENBERG<br>MCDOWELL HETHERINGTON LLP<br>1001 FANNIN STE 2700<br>HOUSTON TX 7700 | ERIKA L MORABITO<br>FOLEY & LARDNER LLP<br>3000 K ST NW STE 600<br>WASHINGTON DC 20007 | HOLLAND N O'NEIL<br>FOLEY & LARDNER LLP<br>2021 MCKINNEY AVENUE STE 1600<br>DALLAS TX 75201 |
| RANDALL J POELMA JR<br>DOYEN SEBESTA & POELMA LLLP<br>450 GEARS RD STE 350<br>HOUSTON TX 77067 | WILLIAM T SEBESTA<br>DOYEN SEBESTA & POELMA LLLP<br>450 GEARS RD STE 350<br>HOUSTON TX 77067 | BRUCE J RUZINSKY<br>JACKSON WALKER LLP<br>1401 MCKINNEY ST STE 1900<br>HOUSTON TX 77010 |
| ELIZABETH C FREEMAN<br>JACKSON WALKER LLP<br>1401 MCKINNEY ST STE 1900<br>HOUSTON TX 77010 | RYAN E CHAPPLE<br>CAIRN & SKARNULIS PLLC<br>400 W 15TH ST STE 900<br>AUSTIN TX 78701 | TAYLOR R ROMERO<br>CAIRN & SKARNULIS PLLC<br>400 W 15TH ST STE 900<br>AUSTIN TX 78701 |
| RANDY W WILLIAMS<br>BYMAN & ASSOCIATES PLLC<br>7924 BRDWAY STE 104<br>PEARLAND TX 775 | ABIGAIL RUSHING RYAN AAG<br>OFFICE OF THE AG OF TEXAS<br>BANKRUPTCY & COLLECTIONS DIV<br>PO BOX 12548-MC 008<br>AUSTIN TX 78711-2548 | JASON B BINFORD<br>OFFICE OF THE AG OF TEXAS<br>BANKRUPTCY & COLLECTIONS DIV<br>P O BOX 12548-MC 008<br>AUSTIN TEXAS 78711-2548 |
| L LEE THWEATT<br>ONE GREENWAY PLAZA STE 100<br>HOUSTON TX 77046-0102 | JOSEPH D TERRY<br>ONE GREENWAY PLAZA STE 100<br>HOUSTON TX 77046-0102 | ANNA DEAN KAMINS<br>KAMINS LAW FIRM PLLC<br>2925 RICHMOND AVENUE STE 1200<br>HOUSTON TX 77098 |
| STEPHEN R WALKER<br>LAW OFFICES OF MANUEL SOLIS PC<br>6657 NAVIGATION BLVD<br>HOUSTON TX 77011 | GREGORY J FINNEY<br>LAW OFFICES OF MANUEL SOLIS PC<br>6657 NAVIGATION BLVD<br>HOUSTON TX 77011 | JUAN A SOLIS<br>LAW OFFICES OF MANUEL SOLIS PC<br>6657 NAVIGATION BLVD<br>HOUSTON TX 77011 |
| BYRON C ALFRED<br>2019 WICHITA ST<br>HOUSTON TX 77004 | RYAN H ZEHL<br>ZEHL & ASSOCIATES PC<br>2700 POST OAK BLVD STE 1000<br>HOUSTON TX 77056 | MATTHEW O GREENBERG<br>ZEHL & ASSOCIATES PC<br>2700 POST OAK BLVD STE 1000<br>HOUSTON TX 77056 |
| MATT L MARTIN<br>ZEHL & ASSOCIATES PC<br>2700 POST OAK BLVD STE 1000<br>HOUSTON TX 77056 | GREGORY F COX<br>MOSTYLN LAW<br>3810 WEST ALABAMA ST<br>HOUSTON TX 77027 | MICHAEL DOWNEY<br>MOSTYLN LAW<br>3810 WEST ALABAMA ST<br>HOUSTON TX 77027 |

CATHRYN J SCHEXNAIDER
MOSTYLN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

CHANCE A MCMILLAN
MCMILLAN FIRM PLLC
440 LOUISIANA ST STE 1200
HOUSTON TX 77002-1691

MATHEW MENDOZA
MCMILLAN FIRM PLLC
440 LOUISIANA ST STE 1200
HOUSTON TX 77002-1691

ANTHONY G BUZBEE
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

CHRISTOPHER J LEAVITT
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

RYAN S PIGG
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

JOHN J. RUTTER
ROETZEL & ANDRESS, LPA
222 SOUTH MAIN STREET
AKRON, OH 44308

KARL P LONG
800 COMMERCE ST
HOUSTON TX 77002

BILAAL BADAT
4151 SOUTHWEST FWY STE 320
HOUSTON TX 77027

MARTY HERRING
MARTY HERRING & ASSOCIATES
1616 S VOSS RD STE 890
HOUSTON TX 77057

CAMERON R TEBO
MARTY HERRING & ASSOCIATES
1616 S VOSS RD STE 890
HOUSTON TX 77057

MICHAEL TATE BARKLEY
BAIN & BARKLEY
14090 SOUTHWEST FWY STE 450
SUGAR LAND TX 77478

KARL R SCHNEIDER
BAIN & BARKLEY
14090 SOUTHWEST FWY STE 450
SUGAR LAND TX 77478

BRETT ANTHONY
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

ADAM ANTHONY
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

DONALD PETERSON
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

RUBEN BONILLA JR
BONILLA & CHAPPA PC
2600 GESSNER RD STE 136
HOUSTON TX 77080

VINCE RYAN
HARRIS COUNTY ATTORNEY
ENVIRONMENTAL GROUP
1019 CONGRESS 15TH FL
HOUSTON TX 77002

SARAH JANE UTLEY
HARRIS COUNTY ATTORNEY
ENVIRONMENTAL GROUP
1019 CONGRESS 15TH FLOOR
HOUSTON TX 77002

KATHY PORTER
AIR COMPLIANCE COORDINATOR
HARRIS COUNTY POLLUTION
CONTROL SVCS DEPT
101 SOUTH RICHEY STE H
PASADENA TX 77506

ROBERT S KWOK
9805 KATY FWY STE 850
HOUSTON TX 77024

J RYAN LOYA
9805 KATY FWY STE 850
HOUSTON TX 77024

JOSHUA R LEAL
9805 KATY FWY STE 850
HOUSTON TX 77024

ALEX P BOYLHART
9805 KATY FWY STE 850
HOUSTON TX 77024

WILLIAM W HOKE (OF COUNSEL)
9805 KATY FWY STE 850
HOUSTON TX 77024

HUSEIN HADI
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

JAMIL THOMAS
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

CARNEGIE H MIMS III
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

ERIC DICK LLM
3701 BROOKWOODS DR
HOUSTON TX 77092

JOEL C SIMON
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

STEPHEN M FERNELIUS
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

RYAN M PERDUE
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

DEREK H POTTS
POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

MICHAEL J BINS
POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

RILEY L BURNETT JR
BURNETT LAW FIRM
3737 BUFFALO SPEEDWAY STE 1850
HOUSTON TX 77098

PEGAH RAHGOZAR
2825 WILCREST DR STE 515
HOUSTON TX 77045

LESTER B NICHOLS III
2825 WILCREST DR STE 515
HOUSTON TX 77045

KURT B ARNOLD
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

JASON A ITKIN
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

J KYLE FINDLEY
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

KALA F SELLERS
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

ADAM D LEWIS
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

CHRISTOPHER L BELL
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

GREGORY F COX
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

MICHAEL A DOWNEY
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

CAROLINE L MAIDA
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

MARY-OLGA LOVETT
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

PAUL B KERLIN
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

CHRISTOPHER M LAVIGNE
GREENBERG TRAURIG LLP
2200 ROSS AVE STE 5200
DALLAS TX 75201

KARL D BURRER
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

JAMES R JONES
4185 TECHNOLOGY FOREST BLVD
STE 160
THE WOODLANDS TX 77381

JOHN V MCCOY
MCCOY LEAVITT & LASKEY
N19 W242000 RIVERWOOD DR
STE 125
WAUKESHA WI 53188

ANA M ENE
CLARK LOVE & HUTSON PLLC
440 LOUISIANA STE 1700
HOUSTON TX 77002

MATHESON TRI-GAS INC
ATTN: GENERAL COUNSEL
150 ALLEN RD - STE 302
BASKING RIDGE NJ 07920

AUTOMATION PLUS
ATTN: FRANK LOMELO
8930 LAWNDALE ST STE F
HOUSTON TX 77012

ADAM D PEAVY
CLARK LOVE & HUTSON PLLC
440 LOUISIANA STE 1700
HOUSTON TX 77002

KEVIN M MADDEN
LAW OFFICES OF KEVIN M MADDEN
5225 KATY FWY STE 520
HOUSTON TX 77007

MARK W MORAN
MUNCK WILSON MANDALA LLP
12770 COIT RD STE 600
DALLAS TX 75251

ARC SPECIALTIES INC
ATTN: L DON KNIGHT
8100 WASHINGTON STE 1000
HOUSTON TX 77007

ARC SPECIALTIES INC
1730 STEBBINS DR
HOUSTON TX 7704

CENTERPOINT ENERGY RESOURCES CORP
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

3M
3M CORPORATE HEADQUARTERS
2501 HUDSON RD
MAPLEWOOD MN 55144

DETCON
4055 TECHNOLOGY FOREST BLVD
THE WOODLANDS TX 77381

RADNOR
AIRGAS INC
259 NORTH RADNOR-CHESTER RD
STE 100
RADNOR PA 19087-5283

MILLER SCAMARDI AND CARRABA
ATTN: DAVID MILLER
6525 WASHINGTON AVE
HOUSTON TEXAS 77007

KENNAMETAL INC
ATTN: MICHELLE R KEATING
525 WILLIAM PENN PLACE STE 3300
PITTSBURGH PA 15219

ABB
13609 INDUSTRIAL RD GATE 5
COMPLEX 3G WEST
HOUSTON TX 77015

BASS TOOL & SUPPLY, INC.
2300 FAIRWAY PARK DR.
HOUSTON, TX 77092

GROVES INDUSTRIAL SUPPLY
7301 PINEMONT DR.
HOUSTON, TX 77040

CENTERPOINT ENERGY SERVICE COMPANY LCC
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

CENTERPOINT ENERGY GAS SERVICES INC – NATURAL GAS
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

DETCON
3M CENTER BLDG 224-5N40
SAINT PAUL MN 55144-1001

FIRESTONE CRYOGENIC EQUIPMENT
14954 EAST DR
CONROE TX 77302-6600

OLDHAM A/K/A TELEDYNE GAS & FLAME AMERICAS – THE WOODLANDS
DETCON INC
4055 TECHNOLOGY FOREST BLVD
THE WOODLANDS TX 77381

B-W GRINDING SERVICE, INC.
5807 NUNN ST.
HOUSTON, TX 77087

TECHNICAL ENGINEERING LLC
100 CHAPEL RD
MANCHESTER CT 06042

ACCUWELD INC.
845 BUSCHONG
HOUSTON, TX 77039-1001

CARBIDE & METAL, C&M TECH LLC
7425 CARBIDE LANE
HOUSTON, TX 77040

GULF COAST METAL SALES
PO BOX 7310
HOUSTON, TX 77248

CENTERPOINT ENERGY SERVICES INC
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST
39TH FLOOR
HOUSTON TX 77002

STM & ASSOCIATES
8554 KATY FWY STE 112
HOUSTON TX 77024

DETCON
3200 RESEARCH FOREST DR
THE WOODLANDS TX 77381-4219

FIRESTONE CRYOGENIC EQUIPMENT
ATTN: LINDA PLUMMER
12446 CUTTEN RD
HOUSTON TX 77066

WESTERN INTERNATIONAL GAS & CYLINDER INC
ATTN: DENISE C HAUGEN
7173 HIGHWAY 159 E PO BOX 668
BELLVILLE TX 77418

NATIONAL ALLOY SOLUTIONS
C/O GONZALEZ & ASSOCIATES
ATTN: EDWARD GONZALEZ
2205 FULTON ST
HOUSTON TX 77009

VERTECS
8402 RAYSON RD
HOUSTON TX 77080

AMERICAN EXPRESS
THREE WORLD FINANCIAL CENTER
200 VESEY S
NEW YORK, NY 10285

CORROSION MATERIALS
22416 NETWORK PLACE
CHICAGO, IL 60673

HOUSTON PLATING COMPANY LLP
PO BOX 418
SOUTH HOUSTON, TX 77587

LARK HEAT TREAT, INC.
6640 MAYNARD
HOUSTON, TX 77041

LIBERTY FORGE, INC.
PO DRAWER 1210
LIBERTY, TX 77575

MATHESON TRI-GAS, INC.
10430 MULA ROAD
STAFFORD, TX 77477

MYERS TECHNOLOGY CO. LLC
2150 TOUCHY AVE.
ELK GROVE VILLAGE, IL 60007

NATIONAL SPECIALTY ALLOWS
18250 KEITH HARROW
HOUSTON, TX 77084

PARISH INTERNATIONAL, INC.
1075 ZACH RAD
HEMPSTEAD, TX 77445

THYSSENKRUP MATERIALS, NA
10648 WEST LITTLE YORK RD
HOUSTON, TX 77041

PT HUAYUE NICKEL COBALT
GEDUNG WISMA MULIA LT. 41 JI
.JEND GATOT
SUBROTO NO. 42, KUNINGAN BARAT, MAMPANG
PRAPATAN. 12710 JAKARTA,
INDONESIA

R&M FORGE & FITTINGS
6455 WESCO WAY
HOUSTON, TX 77041

RS MACHINE COMPANY, LLC
6926 GUHN ROAD
HOUSTON, TX 77040

VERTECS
PO BOX 801523
HOUSTON, TX 77280

VICTORY METALS, LLC
12335 KINGSRIDE LN
HOUSTON, TX 77024

VINATECH INDUSTRIES, INC.
5439 BRITTMORE RD.
HOUSTON, TX 77041

WEB INDUSTRIAL DIAMOND CO. INC.
2117 N. HOUSTON AVE.
PEARLAND, TX 77581

JACK SKAGGS
JASON S. SCHULZE
LYONDELLBASELL TOWER
1221 MCKINNEY, STE. 2900
HOUSTON, TEXAS 77010

ACCROSEAL
316 BRIGGS STREET
VICKSBURG, MI 49097

MSO SEALS & GASKETS INC.
4702 STEFFANI LANE
HOUSTON, TX 77041

SCORE VALVE SERVICES INC.
BUILDING B
6410 LANGFIELD ROAD
HOUSTON, TX 77092

THE NUT PLACE
6605 GESSNER ROAD
HOUSTON, TX 77040

WATSON VALVE SERVICES AUSTRALIA
13 LINK CRESENT
COOLUM BEACH, QUEENSLAND 4573

AFCO
5600 NORTH RIVER ROADSUITE 400
DES PLAINES, IL 60018

AIV, LPL
7140 W. SAM HOUSTON PKWY N
SUITE 100
HOUSTON, TX 77040

AMERICAN HELI-ARC
5009 PINEMONT DR
HOUSTON, TX 77092

AMUR HMP, LLC
5, MASHINOSTROITELIEI SHOSSE, AMURSK
KHABAROVSK KRAI, THE RUSSIAN
FEDERATION
682640

DIRECT BOLT AND SUPPLY
7117 BELGOLDSUITE D
HOUSTON, TX 77066

EGC ENTERPRISES
140 PARKER CT
CHARDON, OH 44024

GARLOCK SEALING TECH
13288 COLLECTION CENTER DR
CHICAGO, IL 60693

GHX INDUSTRIAL LLC
3440 SOUTH SAM HOUSTON PARKWAY
SUITE 300
HOUSTON, TX 77047

GRAINGER
PO BOX 419267
KANSAS CITY, MO 64141

HYTORC
12420 TEXACO ROAD
HOUSTON, TX 77013

| | | |
|---|---|---|
| INDUSTRIAL BEARING AND SERVICES<br>PO BOX 41325<br>HOUSTON, TX 77241 | LAMONS GASKET COMPANY<br>7300 AIRPORT BLVD<br>HOUSTON, TX 77061 | SUHM SPRING WORKS, LTD<br>14650 HEATHROW FOREST PARKWAY<br>HOUSTON, TX 77032 |
| SURFACE PREPARATION<br>5973 SOUTH LOOP EAST<br>HOUSTON, TX 77033 | TEADIT<br>10545 RED BLUFF ROAD<br>PASADENA, TX 77507 | U-LINE, INC.<br>2200 S. LAKESIDE DRIVE<br>CHICAGO, IL 60693 |
| UNIVERSE TECHNICAL TRANSLATE<br>9225 KATY FREEWAYSUITE 400<br>HOUSTON, TX 77024 | VANAIRE INC<br>840 CLARK DRIVE<br>GLADSTONE, MI 49837 | ERNEST P. GIEGER, JR.<br>BRENDAN P. DOHERTY<br>GIEGER, LABORDE & LAPEROUSE, LLC<br>5151 SAN FELIPE STREET, SUITE 750<br>HOUSTON, TEXAS 77056 |
| MATTHEW B. PROBUS<br>WAUSON \| PROBUS<br>ONE SUGAR CREEK CENTER BLVD.,<br>SUITE 880<br>SUGAR LAND, TEXAS 77478 | JOHN ROBERT JONES<br>J. R. JONES LAW PLLC<br>6026 REMSON HOLLOW LANE<br>KATY, TX 77494 | Watson Grinding & Manufacturing Co.<br>4525 Gessner Road<br>Houston, TX 77041 |