**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **NATIONWIDE GENERAL** | § | |
| **INSURANCE COMPANY,** | § | |
| **NATIONWIDE PROPERTY &** | § | |
| **CASUALTY INSURANCE** | § | |
| **COMPANY, NATIONWIDE LLOYDS** | § | |
| **INSURANCE COMPANY,** | § | |
| **SCOTTSDALE INSURANCE** | § | **ADVERSARY NO. _____** |
| **COMPANY, NATIONWIDE** | § | |
| **INSURANCE COMPANY OF** | § | |
| **AMERICA, NATIONWIDE MUTUAL** | § | |
| **INSURANCE COMPANY, AND** | § | |
| **ALLIED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

Watson Grinding & Manufacturing Co. (the "Debtor") files this Notice of Removal of the

state court action styled *Nationwide General Insurance Company, Nationwide Property & Casualty Insurance*

1

*Company, Nationwide Lloyds Insurance Company, Scottsdale Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, and Allied Property & Casualty Insurance Company vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause No. 2020-37778, pending in the 165th Judicial District Court of Harris County, Texas (the "State Court Action").

## I.    Procedural Background and Nature of Suit

1.     On June 24, 2020, Nationwide General Insurance Company, Nationwide Property & Casualty Insurance Company, Nationwide Lloyds Insurance Company, Scottsdale Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, and Allied Property & Casualty Insurance Company (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").  In their Original Petition, the Plaintiffs assert claims of negligence (on behalf of the listed Insureds) against the Defendants.

2.     On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.    Basis for Removal

3.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

10.    This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11.    Upon removal of the State Court Action, the Debtor consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

12.    Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 165th Judicial District Court of Harris County, Texas.

13.    In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

The Law Office of James A. Lawrence
Jeffery Ryan Cagle
105 Decker Court, Suite 150
Irving, Texas  75062

**ATTORNEYS FOR PLAINTIFFS**

### V.      Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

15.     In the State Court Action, citations were issued on June 26, 2020, on all the Defendants.  No return of citations has been filed.

16.     In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Debtor notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  June 29, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HughesWattersAskanase, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**Proposed Counsel for Janet S. Northrup, Chapter 11 Trustee of Watson Grinding & Manufacturing Co.**

AND

**McCoy Leavitt Laskey LLC**

By:  */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**Counsel for Watson Grinding & Manufacturing Co.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 29, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and on June 30, 2020, via first class mail (without attachments) to the following:

The Law Office of James A. Lawrence
Jeffery Ryan Cagle
105 Decker Court, Suite 150
Irving, Texas  75062

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

Harris County Docket Sheet

# 2020-37778

**COURT:** 165th

**FILED DATE:** 6/24/2020

**CASE TYPE:** OTHER CIVIL



### NATIONWIDE GENERAL INSURANCE COMPANY

Attorney: CAGLE, JEFFREY RYAN

### vs.

### WATSON VALVE SERVICES INC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

6/24/2020 12:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43998159
By: Carolina Salgado
Filed: 6/24/2020 12:12 PM

Certified Document Number: 91058373 - Page 1 of 13

## CAUSE NUMBER: _____

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, NATIONWIDE LLOYDS INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL INSURANCE COMPANY, AND ALLIED PROPERTY & CASUALTY INSURANCE COMPANY | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| V. | § § | _____ JUDICIAL DISTRICT |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC. | § § § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Plaintiffs, Nationwide General Insurance Company, Nationwide Property & Casualty Insurance Company, Nationwide Lloyds Insurance Company, Scottsdale Insurance Company, Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, and Allied Property & Casualty Insurance Company (hereinafter referred to as "Plaintiffs" or "Insurers") complaining of defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, LTD, KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. and in support of their causes of action shall show unto this Court as follows:

# I.
# DISCOVERY CONTROL PLAN

1.     Plaintiffs request that this matter be governed under a Level 3 discovery control plan and the Court enter a docket control order for this matter.

# II.
# PARTIES

### A.     Introductory Statement

2.     Plaintiffs are insurance companies that, at all times relevant thereto, provided insurance policies that insured, among other things, real and personal property damage in the January 24, 2020 explosion at defendants Watson Valve Services, Inc's and Watson Grinding and Manufacturing Co.'s facility (the "Facility") located at 4525 Gesner Road, Houston, Texas. A majority of the Plaintiffs named in this petition insured multiple properties that sustained damages as a result of the explosion. As such, Plaintiffs have listed each first-part claim submitted as a result of the explosion.

### B.     Plaintiffs

3.     Nationwide General Insurance Company, is an insurance company that, at all times relevant thereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Javier Martinez | 10263 Sunwood Drive, Houston, Tx 77041 | $134,607.46 |
| 2. | Steven Titley & Imelda Ibarra | 10606 Brookshire Lane, Houston, Tx 77041 | $9,309.43 |
| 3. | Moyseys & Ana Escamilla | 10415 Rockcrest Rd, Houston, Tx 77041 | $10,302.70 |

Certified Document Number: 91058373 - Page 2 of 13

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 4. | Jean Rice | 10314 Bell Gardens Drive, Houston, Tx 77041 | $40,849.13 |
| 5. | Carlos & Alma Romero | 10627 Rockcrest Road, Houston, Tx 77041 | $7,100.00 |
| 6. | Kathryn Olson | 10302 Ivy Oaks Ln, Houston, Tx 77041 | $20,625.42 |
| 7. | Chun McPherson | 10710 Rockcrest Road, Houston, Tx 77041 | $8,716.04 |

b.      Nationwide Property & Casualty Insurance Company, is an insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Joseph Boyd | 4520 Stanford Court, Houston, Tx 77041 | $303,624.50 |
| 2. | Mark & Nola Jensen | 10255 Valleywood Drive, Houston, Tx 77041 | $245,901.93 |
| 3. | John & Patricia Bradley | 3051 Teague Road, Houston, Tx 77080 | $2,126.96 |
| 4. | Cesar Cortez | 4934 Talina Way, Houston, Tx 77041 | $12,593.73 |
| 5. | Francisco & Margarita Ayala | 4914 Shadowdale Drive, Houston, Tx 77041 | $15,454.92 |
| 6. | Elsa Silva & Juan Silva-Ledezma | 4926 Shadowdale Dr, Houston, Tx 77041-7875 | $5,175.54 |
| 7. | Mayola & Delia Ceron | 10319 Rockcrest Drive, Houston, Tx 77041-8834 | $111,500.84 |
| 8. | Gladys Reyes & Humberto Sotomayor | 10606 Heatherford Drive, Houston, Tx 77041 | $24,500.00 |

c.      Nationwide Lloyds Insurance Company, is an insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and

personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Elizabeth Salazar | 10510 Ivy Oaks Lane, Houston, Tx 77041 | $9,693.79 |
| 2. | Mohsen & Kathleen Roohi | 4702 Shadowdale Drive, Houston, Tx 77041 | $20,941.57 |
| 3. | Jose & Maria Ortega | 4509 Hollow Hook Road, Houston, Tx 77041 | $8,855.71 |
| 4. | Adrienne Ramirez | 10252 Cottage Field Road, Houston, Tx 77041 | $118,456.84 |

      d.     Scottsdale Insurance Company, is an insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Maria Ortega | 10426 Rockcrest Rd, Houston, Tx 77041 | $12,085.18 |
| 2. | Guadalupe Sanchez | 10623 Rockcrest Rd, Houston, Tx 77041 | $11,095.54 |
| 3. | Mariela and Leonel Garcia | 4607 Laureldale Rd, Houston, Tx 77041 | $8,908.39 |
| 4. | Jose Ramirez | 10423 Clear Cove Ln, Houston, Tx 77041 | $16,855.73 |
| 5. | MSO Seals & Gasket Inc DBA Metric Standard Odd Etal | 4710 Steffani Ln, Houston, Tx 77041 | $150,000.00 |
| 6. | M Vogel Sons LLC Susan | 3030 Teague Road, Houston, Tx 77080 | $2,398.13 |

      e.     Nationwide Insurance Company of America, is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the

Certified Document Number: 91058373 - Page 4 of 13

real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Jose & Maricela Calderon | 10342 Lone Brook Drive, Houston, Tx 77041 | $57,617.42 |
| 2. | Cynthia Gloyna | 4918 E. Laureldale Drive, Houston, Tx 77041 | $1,834.40 |

      f.      Nationwide Mutual Insurance Company, is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Sean Gambini & Juan Montoya | 9919 Hornpipe Lane, Houston, Tx 77080 | $25,000.00 |

      g.      Allied Property & Casualty Insurance Company, is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Third Coast Environmental Services Inc. | 5042 Gessner Road, Houston, Tx 77041 | $2,619.12 |

**C.**    **Defendants**

4.    Defendant Watson Valve Services, Inc. ("WV") is a domestic corporation that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WV may be served

Certified Document Number: 91058373 - Page 5 of 13

with citation and a copy of Plaintiff's Original Petition by serving its registered agent, to wit: <u>John M. Warson, 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.</u>

5.      Defendant Watson Grinding and Manufacturing Co. ("WGM") is a domestic corporation, company or organization that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WGM may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent to wit: <u>John M. Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.</u>

6.      Defendant KMHJ, Ltd is a domestic limited partnership doing business in the state of Texas. KMHJ, Ltd. May be served with citation and a copy of Plaintiff's Original Petition by serving its registered agent, to wit: <u>KMHJ Management Company, LLC, 1400 McKinney Street, Suite 1212 Houston, Texas 77010.</u>

7.      Defendant KMHJ Management Company, LLC is a domestic liability company doing business in the State of Texas. KMHJ Management Company, LLC may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: <u>Kelly Lee Watson, 1400 McKinney Street, Suite 1212 Houston, Texas 77010 or wherever she may be found.</u>

8.      Defendant Western International Gas & Cylinders, Inc. ("Western Gas") is a domestic corporation doing business in the State of Texas. Western Gas may be served with citation and Plaintiffs' Original Petition by serving its registered agent, to wit: <u>Denise C. Haugen, 7173 Highway 159 E., Bellville, Texas 77418 or wherever she may be found.</u>

9.      Defendant Matheson Tri-Gas, Inc. ("Matheson") is a foreign corporation doing business in the State of Texas. Matheson may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: <u>CT Corporation, 1999 Bryan Street, Ste 900, Dallas, Texas 75201.</u>

Certified Document Number: 91058373 - Page 6 of 13

### III.
### JURISDICTION AND VENUE

10.    The Court has subject-matter jurisdiction over this dispute because the aggregate amount in controversy for each plaintiff exceeds the Court's minimum jurisdictional limits.

11.    The Court has personal jurisdiction over all defendants because they are domestic corporations, partnerships and/or business organizations or, alternatively, they are foreign corporations, partnerships and/or business organizations that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

12.    Venue is proper in this Court because all or substantially all of the acts and/or omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas.

### IV.
### BRIEF STATEMENT OF FACTS

13.    On or about Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at a manufacturing plant located at 4525 Gessner, Houston, Texas 77041 (the "Facility"). The Facility consisted of several buildings spread over approximately 4 acres.

14.    Upon information and belief, WV and WGM were tenants that operated several manufacturing processes at the Facility. WV was primarily engaged in the business of manufacturing industrial valves for the mining business. WGM was primarily engaged in other manufacturing processes and maintenance on oil field and mining equipment.

15.    The property and improvements attached thereon at the Facility were owned, operated, maintained and supervised by defendants KMHJ, Ltd. And KMHJ Management Company.

16.    The epicenter of the explosion was centered at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing

Certified Document Number: 91058373 - Page 7 of 13

a robotic arm. The robotic arm ignited propylene to heat the coatings material before being applied to the valves.

17.    Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The facility was equipped with a 2,000 gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system or high-pressure piping and valves to move the propylene from the storage tank to the coatings building. Upon information and belief, the valves for the propylene high-pressure piping were left in the open (flow) position the night before the explosion rather than being closer per WV's and/or WGM's end-of-shift shutdown procedures.

18.    Western Gas and/or Matheson were responsible for selling, delivering and loading the propylene to the 2,000 gallon storage tank. Upon information and belief, Western Gas and/or Matheson also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

19.    The explosion was caused by propylene leak at or inside the coatings building, upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

20.    It was reported that the blast was heard and felt for over 30 miles. Sadly, the explosion killed several people and injured many other residents living around the Facility. The explosion damaged hundreds of homes, commercial buildings and other structures.

21.    Plaintiffs are property insurers that insured homes and commercial buildings that were damaged by the explosion. After the explosion, Plaintiffs' insureds submitted first-party claims for the damages caused by the explosion. Most Plaintiffs insured several properties that were damaged by the explosion and received multiple first-party claims. The first-party claims have been adjusted

Certified Document Number: 91058373 - Page 8 of 13

to continue to be adjusted and Plaintiffs' have paid to or on behalf of their insureds money to repair the damages. Plaintiffs' insurance policies provide that, upon payment of a covered loss, that the insureds' rights and causes of action against any responsible party are transferred to Plaintiffs. Thus, after making payments for a covered loss, Plaintiffs are contractually subrogated to the rights of their insureds.

22.     Alternatively, Plaintiffs satisfied a debt (property damage) that was owed to its insureds by third-parties. Upon satisfaction of that debt, Plaintiffs are equitably subrogated to the rights and causes of action of their insureds.

<strong>V.</strong>

<strong><u>CAUSES OF ACTION</u></strong>

A.     Count One: Negligence of WV and WGM

23.     WV and WGM; their employees, agents and servants owed Plaintiffs the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners. WV and WGM breached their duty of care in one ow more of the following manners:

a.     Failing to properly inspect and maintain the propylene piping, when such inspections and maintenance would have corrected and repaired any leaks;

b.     Failing to have an adequate leak detection system for the 2,000 gallon propylene tank that would have alerted employees and the surrounding residents about the existence of a propylene leak;

c.     Failing to employ appropriate and safe shutdown procedure, where such procedures would have stopped the flow of propylene during non-working hours;

Certified Document Number: 91058373 - Page 9 of 13

d.    Failing to adequately and properly repair any pre-existing leaks;

e.    Failing to properly inspect and maintain the coatings robots and all associated propylene piping located inside the coatings building-including piping segments that experienced a history of leaks-when such inspections and maintenance would have prevented leaks from occurring;

f.    Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

g.    Other acts of negligence that will be more fully identified during the course of discovery.

24.    Each of the foregoing acts and/or admissions, whether taken singularly or in any combination, constituted a breach of WV's and WGM's duty of care. WV's and WGM's breach was a proximate cause of Plaintiffs' damages.

**B.    County Two: Negligence of KMHJ, Ltd. And KMHJ Management Company**

25.    Defendants KMHJ, Ltd, and KMGJ Management Company (collectively referred to here as "KMHJ" owed Plaintiffs the same duty of care as a reasonably prudent owner of an industrial property that used, stored and maintained a highly combustible gas such as propylene would owe to neighboring property owners. Upon information and belief, KMHJ knew or should have known that its tenants (WV and WGM) were operating a propylene gas piping system that was in poor condition, had sustained several leaks and had an inoperative low explosive limit detection system. KMHJ's failure to act as a reasonably prudent property owner was a proximate cause of Plaintiffs' damages.

### C.      Count Three: Negligence of Western Gas Matheson

26.      Defendants Western Gas and Matheson (collectively referred to here as "Western Gas") owed Plaintiffs the same duty of care that a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. Western Gas breached its duty of care in one or more of the following manners:

     a.      Failing to properly monitor the propylene storage tank at the Facility;

     b.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene piping system was unsafe and had experienced leaks;

     c.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene system was not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

     d.      Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

     e.      Other acts of negligence that will be more fully identified and described during the course of discovery.

27.      Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of Western Gas's duty of care. Western Gas's breach of care was a proximate cause of Plaintiffs' damages.

Certified Document Number: 91058373 - Page 11 of 13

## VI.
## <u>DAMAGES</u>

28.     As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs sustained

damages for:

  a.  Costs to repair structural damages to home sand commercial properties;

  b.  Costs to repair or replace personal property;

  c.  Additional expenses and living expenses that were incurred while any property was

     uninhabitable;

  d.  Lost revenue;

  e.  Costs of court; and

  f.  Pre- and post-judgment interest.

## VII.
## <u>NOTICE UNDER TEXAS RULE OF CIVIL PROCEDURE 193.7</u>

29.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are notified that any

documents produced in response to written discovery will be used in pretrial proceedings and trial

and will be deemed authentic unless Defendants make a valid objection to authenticity.

## VIII.
## <u>RULE 194 REQUEST FOR DISCLOSURE</u>

30.     Pursuant to Texas Rule of Civil Procedure 194.1, et swq., Defendants are requested to

provide the information and material described in Texas Rule of Civil Procedure 194.2 within 50

days of service of Plaintiffs' Original Petition.

## IX.
## <u>JURY DEMAND</u>

31.     Plaintiffs request trial by jury and have tendered the appropriate jury fee.

Certified Document Number: 91058373 - Page 12 of 13

# X.
# PRAYER

FORSE THESE REASONS, Plaintiffs request that citation be issued and Defendants be made to appear herein and, after a jury trial of the merits, that a final judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for Plaintiffs' actual damages, costs of court, prejudgment interest and post-judgment interest and for all other relief for which Plaintiffs may be justly entitled to.

Respectfully submitted,

THE LAW OFFICE OF JAMES A. LAWRENCE

JEFFREY RYAN CAGLE
State Bar Number:  24003676
105 Decker Court, Suite 150
Irving, Texas  75062-2211
(972) 650-8048 (Telephone)
(972) 536-7304 (Direct)
(855) 717-5349 (Facsimile)
caglej5@nationwide.com
ATTORNEY FOR PLAINTIFF

Certified Document Number: 91058373 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 26, 2020

Certified Document Number:        91058373 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/24/2020 12:12:47 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 43998159
By: SALGADO, CAROLINA
Filed: 6/24/2020 12:12:47 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE O...* _____

STYLED Nationwide General Insurance Company et al v. Watson Valve Services, Inc. et al.

*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Jeffrey R. Cagle | Email: Caglej5@nationwide.com | Plaintiff(s)/Petitioner(s): Nationwide General Insurance Company, et al. | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 105 Decker Court, Ste 150 | Telephone: (972) 650-8048 | | Additional Parties in Child Support Case: |
| City/State/Zip: Irving, TX 75062 | Fax: (855) 717-5349 | Defendant(s)/Respondent(s): Watson Valve Services, Inc. et al | Custodial Parent: |
| Signature: /s/ Jeffrey R. Cagle | State Bar No: 24003676 | | Non-Custodial Parent: |
| | | | Presumed Father: |
| | | *(Attach additional page as necessary to list all parties)* | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| | Civil | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☒Other Injury or Damage: | | | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Certified Document Number: 91058371 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 26, 2020

Certified Document Number:        91058374 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

6/25/2020 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44034235
By: Adiliani Solis
Filed: 6/25/2020 11:55 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 202037778          **CURRENT COURT:** 165th Judicial District Court

**Name(s) of Documents to be served:** Plaintiffs' Original Petition

**FILE DATE:** 06/24/2020          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Grinding and Manufacturing Co.

Address of Service: 4525 Gessner Road

City, State & Zip: Houston, Texas 77041

Agent (if applicable) John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |

[ ] **Citation Scire Facias**     Newspaper_____

[ ] **Temporary Restraining Order**     [ ] **Precept**          [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**     [ ] **Capias** (not by E-Issuance)     [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**          [ ] **Highway Commission ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**     [ ] **Hague Convention ($16.00)**     [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)     [ ] **Injunction**          [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____     [X] **E-Issuance by District Clerk**
[ ] **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**          *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**          used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____

[ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: Jeffrey R. Cagle          Bar # or ID  24003676

Mailing Address: 105 Decker Court, Suite 150, Irving, Texas 75062

Phone Number: (972) 650-8048

Certified Document Number: 91078264 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 26, 2020

Certified Document Number:        91078264 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/25/2020 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44034235
By: Adiliani Solis
Filed: 6/25/2020 11:55 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 202037778

**CURRENT COURT:** 165th Judicial District Court

**Name(s) of Documents to be served:** Plaintiffs' Original Petition

**FILE DATE:** 06/24/2020 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Watson Valve Services, Inc.

**Address of Service:** 4525 Gessner Road

**City, State & Zip:** Houston, Texas 77041

**Agent (if applicable)** John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] Citation | [ ] Citation by Posting | [ ] Citation by Publication | [ ] Citations Rule 106 Service |
| [ ] Citation Scire Facias | Newspaper_____ | | |
| [ ] Temporary Restraining Order | [ ] Precept | | [ ] Notice |
| [ ] Protective Order | | | |
| [ ] Secretary of State Citation ($12.00) | [ ] Capias (not by E-Issuance) | | [ ] Attachment (not by E-Issuance) |
| [ ] Certiorari | [ ] Highway Commission ($12.00) | | |
| [ ] Commissioner of Insurance ($12.00) | [ ] Hague Convention ($16.00) | | [ ] Garnishment |
| [ ] Habeas Corpus (not by E-Issuance) | [ ] Injunction | | [ ] Sequestration |
| [ ] Subpoena | | | |
| [ ] Other (Please Describe) _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
[ ] **ATTORNEY PICK-UP (phone)** _____
[ ] **MAIL to attorney at:** _____
[ ] **CONSTABLE**
[ ] **CERTIFIED MAIL by District Clerk**

[X] **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Jeffrey R. Cagle   **Bar # or ID** 24003676

**Mailing Address:** 105 Decker Court, Suite 150, Irving, Texas 75062

**Phone Number:** (972) 650-8048

Certified Document Number: 91078265 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 26, 2020


Certified Document Number:        91078265 Total Pages:  1


Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**