IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **ALFONSO VEGA, ANTONIO** | § | |
| **GUZMAN, ROSA RANGEL, MARTA** | § | |
| **CHAVEZ, JOCABETH CONTRERAS,** | § | |
| **FERNANDO GONZALEZ,** | § | |
| **FRANCISCO SANCHEZ, FAUSTINO** | § | |
| **CASTILLO, LECTERIO FERMAN,** | § | |
| **SANTA MONICA ZAMARRON,** | § | **ADVERSARY NO. _____** |
| **GAUDENCIO GUZMAN FIGUEROA,** | § | |
| **MISAEL PEREZ, AND JOSE** | § | |
| **CALDERON SANCHEZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., WATSON** | § | |
| **COATINGS LABORATORY, KMHJ** | § | |
| **MANAGEMENT COMPANY, KMHJ,** | § | |
| **LTD., LLC, MATHESON TRI-GAS,** | § | |
| **INC., WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, INC., 3M** | § | |
| **COMPANY, FIRESTONE** | § | |
| **CRYOGENICS, INC., FIRESTONE** | § | |
| **CRYOGENIC EQUIPMENT, INC.,** | § | |
| **TELEDYNE EXPLORATION** | § | |
| **COMPANY, TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A** | § | |
| **DETCON INC., TELEDYNE** | § | |
| **DETCON, INC., DETCON, INC.** | § | |
| **D/B/A OLDHAM, ARC** | § | |
| **SPECIALTIES INC., AUTOMATION** | § | |
| **PLUS, INC., AUTOMATION** | § | |
| **PROCESS, INC., TRCC, LLC,** | § | |

| DATAONLINE, LLC, AND | § |
| INDUSTRIAL SCIENTIFIC | § |
| CORPORATION, | § |
| | § |
| Defendants. | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee) of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled *Alfonso*

*Vega, Antonio Guzman, Rosa Rangel, Marta Chavez, Jocabeth Contreras, Fernando Gonzalez, Francisco Sanchez,*

*Faustino Castillo, Lecterio Ferman, Santa Monica Zamarron, Gaudencio Guzman Figueroa, Misael Perez, and Jose*

*Calderon Sanchez vs. Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings*

*Laboratory, KMHJ Management Company, KMHJ, Ltd., LLC, Matheson Tri-Gas, Inc., Western International*

*Gas & Cylinders, Inc., 3m Company, Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., Teledyne*

*Exploration Company, Teledyne Technologies, Inc. f/k/a Detcon Inc., Teledyne Detcon, Inc., Detcon, Inc. d/b/a*

*Oldham, Arc Specialties Inc., Automation Plus, Inc., Automation Process, Inc., TRCC, LLC, Dataonline, LLC,*

*and Industrial Scientific Corporation,* Cause No. 2020-39923, pending in the 55th Judicial District Court of

Harris County, Texas (the "State Court Action").

### I.      Procedural Background and Nature of Suit

1.      On July 6, 2020, Alfonso Vega, Antonio Guzman, Rosa Rangel, Marta Chavez,

Jocabeth Contreras, Fernando Gonzalez, Francisco Sanchez, Faustino Castillo, Lecterio Ferman,

Santa Monica Zamarron, Gaudencio Guzman Figueroa, Misael Perez, and Jose Calderon Sanchez

(collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson

Grinding and Manufacturing Co., Watson Valve Services, Inc., Watson Coatings Laboratory, KMHJ

Management Company, KMHJ, Ltd., LLC, Matheson Tri-Gas, Inc., Western International Gas &

Cylinders, Inc., 3m Company, Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., Teledyne Exploration Company, Teledyne Technologies, Inc. f/k/a Detcon Inc., Teledyne Detcon, Inc., Detcon, Inc. d/b/a Oldham, Arc Specialties Inc., Automation Plus, Inc., Automation Process, Inc., TRCC, LLC, Dataonline, LLC, and Industrial Scientific Corporation, (collectively, the "Defendants"). In their Original Petition, the Plaintiffs assert claims of negligence, gross negligence, trespass-abnormally dangerous activity, strict liability and/or breach of warranty against the Defendants.

2. On July 7, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

3. On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

4. On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.    Basis for Removal

5. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

6. The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

8.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

9.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

10.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

11.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.    Core or Non-Core Bankruptcy Jurisdiction

12.    This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

13.    Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.    Parties and Notice

14.    Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 55th Judicial District Court of Harris County, Texas.

15.    In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Law Offices of Manuel Solis, P.C.<br>Stephen R. Walker<br>6657 Navigation Blvd.<br>Houston, TX 77011<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| | |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.   Process and Pleadings

16.    Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

17.    In the State Court Action, citations of service were issued on July 7, 2020.  No citations have been returned.

18.    In accordance with Bankruptcy Rule 9027(c), the Debtor will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 16, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HughesWattersAskanase, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**PROPOSED COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:  /s/ *Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING &
MANUFACTURING CO.**

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on the date as supplemented to the following:

| | |
|---|---|
| Law Offices of Manuel Solis, P.C.<br>Stephen R. Walker<br>6657 Navigation Blvd.<br>Houston, TX 77011<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |
| | |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010 |
| Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201 | The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248 |
| **ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | **ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

**EXHIBIT A**

Harris County Docket Sheet

# 2020-39923

**COURT:**   055th

**FILED DATE:**   7/6/2020

**CASE TYPE:**   DAMAGES (OTHER)



### VEGA, ALFONSO

Attorney: WALKER, STEPHEN R

### vs.

### WATSON GRINDING AND MANUFACTURING CO

| Docket Sheet Entries | |
| --- | --- |
| Date | Comment |

7/6/2020 7:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44287995
By: Lisa Thomas
Filed: 7/6/2020 7:17 PM

Certified Document Number: 91188998 - Page 1 of 16

## CAUSE NO. _____

| | | |
|---|---|---|
| **ALFONSO VEGA, ANTONIO GUZMAN, ROSA RANGEL, MARTA CHAVEZ, JOCABETH CONTRERAS, FERNANDO GONZALEZ, FRANCISCO SANCHEZ, FAUSTINO CASTILLO, LECTERIO FERMAN, SANTA MONICA ZAMARRON, GAUDENCIO GUZMAN FIGUEROA, MISAEL PEREZ, and JOSE CALDERON SANCHEZ** | § § § § § § § § § § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., WATSON COATINGS LABORATORY, KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., 3M COMPANY, FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE EXPLORATION COMPANY, TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON, INC., TELEDYNE DETCON, INC., DETCON, INC. D/B/A OLDHAM, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., TRCC, LLC, DATAONLINE, LLC, and INDUSTRIAL SCIENTIFIC CORPORATION** | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs and file this Original Petition against Defendants WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., WATSON COATINGS LABORATORY, KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., 3M COMPANY, FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE EXPLORATION COMPANY, TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON, INC., TELEDYNE DETCON, INC., DETCON, INC. D/B/A OLDHAM, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., TRCC, LLC, DATAONLINE, LLC, and INDUSTRIAL SCIENTIFIC CORPORATION (referred to individually, or collectively as "Defendants") and, in support of thereof, would respectfully show the Court the following:

## I.     DISCOVERY CONTROL PLAN AND MONETARY RELIEF

Plaintiffs intend to conduct discovery under Level 3.  Tex. R. Civ. P. 190.4.

Plaintiffs seek monetary relief over $1,000,000.00.   Tex. R. Civ. P. 47(c)(5).

## II.     CONDITIONS PRECEDENT

Pursuant to Tex. R. Civ. P. 54, Plaintiffs assert that all conditions precedent to recovery have been performed or have occurred.

## III.     PARTIES

Plaintiffs Alfonso Vega, Antonio Guzman, Rosa Rangel, Marta Chavez, Jocabeth Contreras, Fernando Gonzalez, Francisco Sanchez, Faustino Castillo, Lecterio Ferman, Santa Monica Zamarron, Gaudencio Guzman Figueroa, Misael Perez, and Jose Calderon Sanchez reside in Harris County, Texas.

Certified Document Number: 91188998 - Page 2 of 16

Defendant WATSON GRINDING AND MANUFACTURING CO. ("WATSON GRINDING") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, John M. Watson located at 4525 Gessner Road, Houston, Texas 77041, and/or wherever he may be found for service.

Defendant WATSON VALVE SERVICES, INC. ("WATSON VALVE") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served with process through its registered agent, John M. Watson located at 4525 Gessner Road, Houston, Texas 77041, and/or wherever he may be found for service.

Defendant WATSON COATINGS LABORATORY ("WATSON COATINGS") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, John M. Watson located at 4525 Gessner Road, Houston, Texas 77041, and/or wherever he may be found for service.

Defendant KMHJ MANAGEMENT COMPANY, LLC ("KMHJ MANAGEMENT") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, Kelly Watson located at 1400 McKinney Street, #1212, Houston, Texas 77010, and/or wherever she may be found for service.

Defendant KMHJ, LTD. ("KMHJ") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, KMHJ Management Company, LLC located at 1400 McKinney Street, #1212, Houston, Texas 77010, and/or wherever it may be found for service.

Defendant MATHESON TRI-GAS, INC. ("MATHESON") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, CT

Certified Document Number: 91188998 - Page 3 of 16

Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and/or wherever it may be found for service.

Defendant WESTERN INTERNATIONAL GAS & CYLINDERS, INC. ("WESTERN") is a domestic entity with a principal place of business in Dallas County, Texas. This defendant may be served through its registered agent, Denise C. Haugen located at 7173 Highway 159 E., Bellville, Texas 77418, and/or wherever she may be found for service.

Defendant 3M COMPANY ("3M") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, CSC-Lawyers Incorporating Service Company located at 211 E. 7th St, Suite 620, Austin, Texas 78701, and/or wherever it may be found for service.

Defendant FIRESTONE CRYOGENICS, INC. ("FIRESTONE") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, Linda Plummer located at 12446 Cutten Road, Houston Texas 77066, and/or wherever she may be found for service.

Defendant FIRESTONE CRYOGENIC EQUIPMENT, INC. ("FIRESTONE EQUIPMENT") is a domestic entity with a principal place of business in Montgomery County, Texas. This defendant may be served through its registered agent, Linda Plummer located at 12446 Cutten Road, Houston, Texas 77066, and/or wherever she may be found for service.

Defendant TELEDYNE EXPLORATION COMPANY ("TELEDYNE") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, CT Corporation located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and/or wherever it may be found for service.

Certified Document Number: 91188998 - Page 4 of 16

Defendant TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON, INC. ("TELEDYNE TECHNOLOGIES") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, Cogency Global, Inc. located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, and/or wherever it may be found for service.

Defendant TELEDYNE DETCON, INC. ("TELEDYNE DETCON") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, Cogency Global, Inc. located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, and/or wherever it may be found for service.

Defendant DETCON, INC. D/B/A OLDHAM ("DETCON") is a domestic entity with a principal place of business in Montgomery County, Texas. This defendant may be served through its registered agent, Cogency Global, Inc. - located at 1601 Elm St., Suite 4360, Dallas, Texas 75201, and/or wherever it may be found for service.

Defendant ARC SPECIALTIES, INC. ("ARC") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, L. Don Knight located at 8100 Washington Ave, Ste 1000, Houston, Texas 77007, and/or wherever he may be found for service.

Defendant AUTOMATION PLUS, INC. ("AUTOMATION PLUS") is a domestic entity with a principal place of business in Harris County, Texas. This defendant may be served through its registered agent, Frank Lomelo located at 3705 Pine Lawn Drive, Pearland, Texas 77581, and/or wherever he may be found for service.

Defendant AUTOMATION PROCESS, INC. ("AUTOMATION PROCESS") is a Texas corporation with a principal place of business in Harris County, Texas. This defendant may be

served through its registered agent, Business Filings, Inc. located at 701 Brazos Street, Ste. 720, Austin, Texas 78701 and/or wherever it may be found for service.

Defendant TRCC, LLC ("TRCC") is a domestic entity with a principal place of business in Fort Bend County, Texas. This defendant may be served through its registered agent, Nader Salim located at 3303 Falling Brook Court, Sugar Land, Texas 77479, and/or wherever he may be found for service.

Defendant DATAONLINE, LLC ("DATAONLINE") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, Lloyd M. Eddings located at 3142 Waldrop Dr., Dallas, Texas 75229, and/or wherever he may be found for service.

Defendant INDUSTRIAL SCIENTIFIC CORPORATION ("INDUSTRIAL") is a foreign entity doing business in the State of Texas. This defendant may be served through its registered agent, CT Corp. System located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, and/or wherever it may be found for service.

As it relates to the event giving rise to this Petition, Plaintiffs invoke the right to institute this suit against any entity that was conducting business using the assumed or common name of Defendants. Pursuant to Tex. R. Civ. P. 28, Plaintiffs move the Court to order Defendants to substitute their true names if different from the names stated herein.

## IV.    JURISDICTION

The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

The Court has both general and specific personal jurisdiction over Defendants. The Court has general jurisdiction over Defendants, as Defendants have sufficient minimum contacts with

Certified Document Number: 91188998 - Page 6 of 16

and within this State and has purposefully availed themselves of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendants' contacts with this State, which are continuous and systematic, include doing business in Texas.  This activity was not the unilateral activity of another party or a third person.

Defendants' contacts with Texas, relied upon by Plaintiffs, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on their activities.  The Court has jurisdiction over Defendants because: (1) Defendants purposefully availed themselves of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

The Court has specific jurisdiction over this matter as a matter of law.  Defendants conducted business in this State because, without limitation, Defendants conducted the business in Texas and committed one or more torts, in whole or in part in this State, against Plaintiffs in Harris County, Texas.  Defendants have sufficient and/or minimum contacts with this State, and thus Plaintiffs affirmatively assert the Court's exercise of jurisdiction over Defendants comports with "traditional notions of fair play and substantial justice."

Removal would be improper because there is no federal question.  Plaintiffs have not asserted any claims arising under the Constitution, treaties or laws of the United States of America.  28 U.S. Code § 1331.  Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as there is incomplete diversity of citizenship due to the presence of Texas Defendants.  28 U.S. Code § 1332.

## V.    VENUE

Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Tex. Civ. Prac. & Rem.

Certified Document Number: 91188998 - Page 7 of 16

Code § 15.002(a)(l).  Venue is proper in Harris County, Texas, because the principal offices of

Defendants WATSON GRINDING, WATSON VALVE, WATSON COATINGS, KMHJ,

KMHJ MANAGEMENT, FIRESTONE, FIRESTONE EQUIPMENT, ARC, AUTOMATION

PLUS AND AUTOMATION PROCESS are located in Harris County, Texas.  Tex. Civ. Prac. &

Rem. Code § 15.002(a)(3).  Venue is proper in Harris County as to all other defendants because

Plaintiffs' claims against all defendants arise from the same occurrence.  Tex. Civ. Prac. & Rem.

Code § 15.005.

## VI.      FACTUAL BACKGROUND

On January 24, 2020, a violent explosion occurred at the Watson Grinding and

Manufacturing facility located at 4525 Gessner Road in Houston, Texas (the "WATSON

Facility").

Plaintiffs' homes are located at near the explosion and, as a result, suffered significant

damages, including disruption of their lives, damages to personal property, homes, and/or bodily

injuries.

At all times relevant to the explosion, Defendants WATSON, WATSON VALVE,

WATSON COATINGS, KMHJ, and/or KMHJ MANAGEMENT (the "WATSON Defendants")

controlled the premises where the explosion occurred.

Defendants MATHESON, WESTERN, 3M, ARC, AUTOMATION PLUS,

AUTOMATION PROCESS, TELEDYNE, TELEDYNE DETCON, TELEDYNE

TECHNOLOGIES, DETCON, TRCC, and DATAONLINE marketed, sold, maintained, and/or

provided the propylene gas, gas lines, gas tanks, component parts of warning systems for gas

leak detection, LEL monitoring system, safety equipment, safety system, and all other direct-

reading instruments for gas detection at the WATSON Facility which failed, causing the

Certified Document Number: 91188998 - Page 8 of 16

explosion.  Defendants MATHESON and/or WESTERN's monitoring of the propylene levels inside the storage tank failed, causing the explosion.  Defendants ARC, AUTOMATION PLUS, AUTOMATION PROCESS, FIRESTONE, FIRESTONE EQUIPMENT, and INDUSTRIAL designed, installed, maintained and/or monitored the safety equipment, safety system, and direct-reading instruments at the WATSON Facility which failed, allowing copious amounts of propylene to escape without detection/warning, causing the explosion.

## VII.    CAUSES OF ACTION

### A.    NEGLIGENCE-ALL DEFENDANTS

Defendants owed a duty of reasonable care to the Plaintiffs.  Defendants breached the duty of reasonable care in one or more of the following, including, but not limited to:

    a.  Failing to furnish reasonably safe instrumentalities;

    b.  Failing to create, provide and enforce safety regulations, rules and guidelines;

    c.  Failing to maintain properly functioning gas/LEL monitors and alarms at the WATSON Facility;

    d.  Failing to properly maintain, inspect and service the propylene tanks and piping on site;

    e.  Failing to monitor the amount of propylene in the storage tank and warn of a significant decrease in pressure;

    f.  Failing to use correct and sufficient systems for propylene gases;

    g.  Failing to provide adequate equipment and competent personnel;

    h.  Creating latent dangers and failing to warn of the same;

    i.  Failing to recognize and remediate hazards with an extreme degree of risk;

    j.  Failing to have an adequate risk management plan;

    k.  Failing to read, understand, and follow published safe work policies and procedures;

Certified Document Number: 91188998 - Page 9 of 16

l.  Violating governmental regulations and standards including, but not limited to OSHA and the EPA;

m.  Failing to institute precautionary measures to protect individuals such as Plaintiffs;

n.  Failing to properly inspect, maintain and store volatile gasses on the premises;

o.  Failing to properly inspect and maintain pressure regulators on the premises;

p.  Failing to properly inspect the premises for gas leaks;

q.  Failing to properly maintain and repair storage tanks, gas lines, and valves;

r.  Failing to timely repair tanks, gas lines, and valves;

s.  Failing to properly screen, hire, train, control, manage or supervise their agents and employees;

t.  Failing to cordon off the hazardous area from all traffic, tools, and equipment near the ignition source;

u.  Failing to institute precautionary measures to prevent volatile gasses from escaping high-pressure gas lines; and/or

v.  Failing to ensure a safe work area and workplace.

Each and every, all and singular of the foregoing acts, both of omission and commission – without limitation – constitute and were negligence on the part of Defendants, and each and all separately and concurrently were a proximate cause of the occurrence in question and the resulting injuries and/or damages suffered by Plaintiffs.  Such acts and omissions constitute a failure to exercise that degree of care, which an ordinarily prudent person would have exercised in a same or similar circumstance.

**B.    GROSS NEGLIGENCE-ALL DEFENDANTS**

Plaintiffs incorporate the foregoing for all purposes.  Additionally, and/or alternatively, Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or

Certified Document Number: 91188998 - Page 10 of 16

welfare of Plaintiffs and others. Defendants' acts and omissions, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiffs. The gross negligence of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs.

**C.      TRESPASS-ABNORMALLY DANGEROUS ACTIVITY-ALL DEFENDANTS**

Plaintiffs incorporate the foregoing for all purposes.  Additionally, and/or alternatively, Defendants are strictly liable for trespass as a result of an abnormally dangerous activity.  There was a high degree of risk of some harm to the person, land or chattels of others.  The likelihood that the resulting harm from it would be great.  There was an inability to eliminate the risk by the exercise of reasonable care.  The activity is not a matter of common usage.  The activity was inappropriate in the place where it was taking place.  The dangerous attributes of the activity outweighed the value to the community.  The trespass of Defendants was a proximate cause of the injuries and/or damages to Plaintiffs.

**D.      STRICT LIABILITY AGAINST DEFENDANTS WESTERN, MATHESON, 3M, TELEDYNE, TELEDYNE DETCON, TELEDYNE TECHNOLOGIES, DETCON, ARC, AUTOMATION PLUS, AUTOMATION PROCESS, FIRESTONE, FIRESTONE EQUIPMENT, AND INDUSTRIAL.**

Plaintiffs incorporate the foregoing for all purposes.  Additionally, and/or alternatively, for the following section, "the products" shall refer to: tank(s) and associated piping/equipment for Defendants WESTERN and MATHESON; piping and associated equipment for Defendants ARC, AUTOMATION PLUS, AUTOMATION PROCESS, INDUSTRIAL, FIRESTONE and FIRESTONE EQUIPMENT; gas detection and monitoring equipment for Defendants 3M, WESTERN, DETCON, TELEDYNE, TELEDYNE DETCON and TELEDYNE TECHNOLOGIES.

Certified Document Number: 91188998 - Page 11 of 16

Defendants listed herein manufactured, designed, distributed and/or sold the products that injured Plaintiffs, which contained design, manufacturing, and/or marketing defects.

<u>Marketing Defects and Failure to Warn</u>: Defendants listed herein designed, manufactured, distributed, and/or sold the alleged defective products with one or more marketing defects.

      a.  There was an unreasonable risk in the intended or reasonably foreseeable use of such products;

      b.  Defendants knew, foresaw, or should have known for foreseen the above risks;

      c.  Defendants failed to adequately warn Plaintiffs of the risks, failed to instruct Plaintiffs of the above risks, and/or failed to adequately instruct Plaintiffs and other third parties how to avoid the dangers; and

      d.  The marketing defects rendered the products unreasonably dangerous.

<u>Design Defects</u>: The products were designed, manufactured, distributed and/or sold with one or more design defects.

      a.  Defendants designed the products and knew of safer alternatives designs that were available at the time of production;

      b.  The safer alternative designs would have prevented or significantly reduced the above risks without substantially impairing the products' utility;

      c.  The safer alternative design was economically and technologically feasible at the time the products left Defendants' control;

      d.  The design defects rendered the products unreasonably dangerous.

<u>Manufacturing Defects</u>: The complained of products were designed, manufactured, distributed, and/or sold with one or more manufacturing defects. Defendants manufactured the condition and at the time deviated in the quality of construction, plan and/or specifications rendering the condition unreasonably dangerous.

Certified Document Number: 91188998 - Page 12 of 16

The design, manufacturing, and/or marketing defects rendered the products unreasonably dangerous.

The design, manufacturing, and/or marketing defects, which rendered the products unreasonably dangerous were the producing cause of the injuries and/or damages to Plaintiffs.

**E.      BREACH OF WARRANTY AGAINST DEFENDANTS WESTERN, MATHESON, 3M, TELEDYNE, TELEDYNE DETCON, TELEDYNE TECHNOLOGIES, DETCON, ARC, AUTOMATION PLUS, AUTOMATION PROCESS, FIRESTONE, FIRESTONE EQUIPMENT, AND INDUSTRIAL.**

Plaintiffs incorporate the foregoing for all purposes.  Additionally, and/or alternatively, Defendants, their agents, servants and employees impliedly and expressly warranted that they would properly, adequately and safely design, construct, test, maintain and install the tank(s) and associated equipment and systems at the WATSON Facility, including, but not limited to, all of its components, and the detection, prevention and safety system(s). Defendants, their agents, servants and employees breached these warranties in one or more of the following ways:

a.  Failing to perform their work in a good and workmanlike manner;

b.  Failing to adequately design the tank systems;

c.  Failing to adequately design the safety and detection systems;

d.  Failing to adequately design the system component parts;

e.  Failing to properly test the tank systems;

f.  Failing to properly test the safety and detection systems;

g.  Failing to properly test the component parts;

h.  Failing to provide the tank systems for its intended purpose;

i.  Failing to provide the safety and detection systems for its intended purpose;

j.  Failing to provide the components parts for their intended purpose; and

Certified Document Number: 91188998 - Page 13 of 16

Certified Document Number: 91188998 - Page 14 of 16

k. Other various breaches of warranty.

Plaintiffs suffered injuries and direct damages as a proximate result of Defendants' breach of the express and implied warranties.   Further, Plaintiffs suffered actual and consequential damages as a proximate result of Defendants' breach of express and implied warranties.

## VIII.   <u>VICARIOUS LIABILITY</u>

Plaintiffs incorporate the foregoing for all purposes.  Additionally, and/or alternatively, at all times material hereto, Defendants are vicariously liable in all respects for the torts of their employees and agents under the theory of Respondeat Superior.   The negligent acts of the employees and agents of Defendants were a proximate cause of Plaintiffs' injuries, including, but not limited to, negligent acts. These torts were committed while the employees and agents were acting within their scope of employment with Defendants – that is, the acts were within the employees' or agents' general authority, in furtherance of business of Defendants and for the accomplishment of the object for which the employees and agents were hired.

## IX.   <u>DAMAGES</u>

Plaintiffs seek to recover any and all damages Plaintiffs may be entitled to under Texas law, both in the past and the future.  Plaintiffs seek prejudgment and post-judgment interest in accordance with and at the maximum rate allowed by law, as well as costs of court.  In addition, Plaintiffs seek an exemplary damages award against Defendants under Section 41.003(a) of the Texas Civil Practice & Remedies Code.

## X.   <u>TEX. R. CIV. P. 193.7 NOTICE</u>

Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby notify all parties and counsel of record that Plaintiffs may introduce into evidence at the time of trial or pre-trial, those documents

14

produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## XI.    JURY DEMAND

Pursuant to Tex. R. Civ. P. 216, Plaintiffs hereby demand trial by jury and have tendered the appropriate fee.

## XII.    REQUEST FOR DISCLOSURE

Plaintiffs request that Defendants individually disclose, within fifty (50) days of the service of this Petition and Request, the information or material described in Rules 194.2(a) through (l) and 195.

## XIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that, after due process of law, Plaintiffs have judgment against Defendants for actual damages, nominal damages, exemplary damages, pre-judgment interest, post-judgment interest, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By: /s/ Stephen R. Walker
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney

Certified Document Number: 91188998 - Page 15 of 16

Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR PLAINTIFFS

Certified Document Number: 91188998 - Page 16 of 16



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 12, 2020

Certified Document Number:        91188998 Total Pages:  16

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/7/2020 5:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44326813
By: Lewis John-Miller
Filed: 7/7/2020 5:15 PM

## CAUSE NO. 2020-39923

| | | |
|---|---|---|
| ALFONSO VEGA, ANTONIO GUZMAN, ROSA RANGEL, MARTA CHAVEZ, JOCABETH CONTRERAS, FERNANDO GONZALEZ, FRANCISCO SANCHEZ, FAUSTINO CASTILLO, LECTERIO FERMAN, SANTA MONICA ZAMARRON, GAUDENCIO GUZMAN FIGUEROA, MISAEL PEREZ AND JOSE CALDERSON SANCHEZ | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., WATSON COATINGS LABORATORY, KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., 3M COMPANY, FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE EXPLORATION COMPANY, TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON, INC., TELEDYNE DETCON, INC., DETCON, INC. D/B/A OLDHAM, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., TRCC, LLC, DATAONLINE, LLC, and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| **Defendants.** | § | **55TH JUDICIAL DISTRCT** |

### ORIGINAL ANSWER OF DEFENDANTS
### KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

Certified Document Number: 91208414 - Page 1 of 5

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Grinding and Manufacturing Co.'s and Watson Valve Services, Inc.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

## I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence.  Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 2**
**RCT/CJR**

provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

**VII.**

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

**VIII.**

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008.

Certified Document Number: 91208414 - Page 3 of 5

Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution. Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:  */s/ Robert C. Turner*
             Robert C. Turner
             State Bar No. 00791831
             17070 Dallas Parkway, Suite 100
             Dallas, Texas 75248
             Telephone (972) 715-1750
             Facsimile (972) 715-1759
             robertturner@silveralaw.com
             notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 7th day of July 2020.

| | |
|---|---|
| Stephen R. Walker | swalker@manuelsolis.com |
| Gregory J. Finney | gfinney@manuelsolis.com |
| Juan A. Solis | jusolis@manuelsolis.com |
| Law Offices Of Manuel Solis, PC | |
| 6657 Navigation Blvd. | |
| Houston, TX 77011 | |

                                   */s/ Robert C. Turner*
                                   Robert C. Turner

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**             **Page 5**
RCT/CJR



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 12, 2020

Certified Document Number:        91208414 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/8/2020 2:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44356931
By: Kevin Childs
Filed: 7/8/2020 2:59 PM

## CAUSE NO. 2020-39923

| | | |
|---|---|---|
| **ALFONSO VEGA, ANTONIO GUZMAN, ROSA RANGEL, MARTA CHAVEZ, JOCABETH CONTRERAS, FERNANDO GONZALEZ, FRANCISCO SANCHEZ, FAUSTINO CASTILLO, LECTERIO FERMAN, SANTA MONICA ZAMARRON, GAUDENCIO GUZMAN FIGUEROA, MISAEL PEREZ, and JOSE CALDERON SANCHEZ** | § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § § § | |
| **vs.** | § § § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., WATSON COATINGS LABORATORY, KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., 3M COMPANY, FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE EXPLORATION COMPANY, TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON, INC., TELEDYNE DETCON, INC., DETCON, INC. D/B/A OLDHAM, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., TRCC, LLC, DATAONLINE, LLC, and INDUSTRIAL SCIENTIFIC CORPORATION** | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § § | **55ᵗʰ JUDICIAL DISTRICT** |

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

Certified Document Number: 91221417 - Page 1 of 6

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("<u>Western</u>") and Matheson Tri-Gas, Inc. ("<u>Matheson</u>" and collectively with Western the "<u>Cross-Claimants</u>"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("<u>Watson Grinding</u>") and Watson Valve Services, Inc. ("<u>Watson Valve</u>", and collectively with Watson Grinding, the "<u>Crossclaim Defendants</u>") as follows:

## I.   <u>FACTUAL BACKGROUND</u>

1.     This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "<u>Watson Facilities</u>") located in Houston, Texas.   The cause of the fire and explosion is currently unknown.

2.     Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.     Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.     Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.   <u>CROSSCLAIMS</u>

### A.  Comparative Liability and Contribution

5.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.   To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion

Certified Document Number: 91221417 - Page 2 of 6

and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

**B.  Indemnity**

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense,

Certified Document Number: 91221417 - Page 3 of 6

indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.    Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

## III.    **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.


*[Remainder of the Page Intentionally Left Blank]*

WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC. - Page 4
*ACTIVE 51346118v1*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

_/s/_ Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

Certified Document Number: 91221417 - Page 5 of 6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

*/s/ Christopher M. LaVigne*

Christopher M. LaVigne

I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 12, 2020

Certified Document Number:        91221417 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**