## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **CONCEPCION ESTRADA AND** | § | |
| **TIBURCIO ESTRADA,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | **ADVERSARY NO. _____** |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC.,** | § | |
| **KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor") files this Notice of Removal of the state court action styled

*Concepcion Estrada and Tiburcio Estrada vs. Watson Grinding and Manufacturing Co., Watson Valve Services,*

*Inc., KMHJ Management Company, LLC., KMHJ, Ltd., Western International Gas & Cylinders Inc., and*

*Matheson Tri-Gas, Inc.,* Cause No. 2020-39709, pending in the 127th Judicial District Court of Harris

County, Texas (the "State Court Action").

1

## I.    Procedural Background and Nature of Suit

1.      On July 5, 2020, Concepcion Estrada and Tiburcio Estrada (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC., KMHJ, Ltd., Western International Gas & Cylinders Inc., and Matheson Tri-Gas, Inc., (collectively, the "Defendants").  In their Original Petition, the Plaintiffs assert claims of negligence, gross negligence, and/or negligent trespass against the Defendants.

2.      On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.      On July 9, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

4.      On July 16, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.    Basis for Removal

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.     The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.    The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 127th Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Beck Redden LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |

| | Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
|---|---|
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.    Process and Pleadings

17.    Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.    In the State Court Action, citations of service were issued on July 7, 2020.  One return of citation has been returned.

19.    In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 16, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HughesWattersAskanase, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**PROPOSED COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:  _/s/ Michael I. Ramirez_
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on July 16, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Beck Redden LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| | |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

**Harris County Docket Sheet**

# 2020-39709

**COURT:**   127th

**FILED DATE:**   7/6/2020

**CASE TYPE:**   Other Injury or Damage



### ESTRADA, CONCEPCION

Attorney: WEBB, WILLIAM CURTIS

vs.

### WATSON GRINDING AND MANUFACTURING CO

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

7/5/2020 9:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44252342
By: C Ougrah
Filed: 7/6/2020 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CONCEPCION ESTRADA AND | § | IN THE DISTRICT COURT OF |
| TIBURCIO ESTRADA | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND | § | HARRIS COUNTY, TEXAS |
| MANUFACTURING CO., | § | |
| WATSON VALVE SERVICES, INC., | § | |
| KMHJ MANAGEMENT COMPANY, LLC. | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND MATHESON TRI-GAS, INC. | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Concepcion Estrada and Tiburcio Estrada file this Original Petition against Defendants Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ Management Company, LLC, KMHJ, LTD., Western International Gas & Cylinders, Inc. and Matheson Tri-Gas (collectively "Defendants") and, in support of their causes of action, would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.      Because this case involves complex issues that require extensive discovery, Plaintiffs will ask the Court to enter an order that discovery should be conducted in accordance with a level 3 discovery plan that is tailored to the particular circumstances of this case, in accordance with Rule 190 of the Texas Rules of Civil Procedure.

2488.001/674898

Certified Document Number: 91173591 - Page 1 of 8

## II.
## PARTIES

2.      Plaintiffs Concepcion Estrada and Tiburcio Estrada are Texas residents who reside in Harris County.

3.      Defendant Watson Grinding and Manufacturing Co. is a domestic company engaged in business in the State of Texas.  Watson Grinding and Manufacturing Co. regularly conducts business in a systematic and continuous manner in Texas and may be served by certified mail, return receipt requested, through its registered agent John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

4.      Defendant Watson Valve Services, Inc. is a domestic for-profit corporation doing business in the State of Texas. Defendant's principal place of business is located in Harris County, Texas.  Defendant may be served through its registered agent:  John M. Watson, 4525 Gessner Road, Houston, Texas 77041.

5.      Defendant KMHJ Management Company, LLC is a domestic limited liability company registered to do business in the State of Texas, whose managing member is a resident of Harris County, Texas.  Defendant may be served through its registered agent, Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

6.      Defendant KMHJ, LTD. is a domestic limited partnership registered to do business in Texas whose general partner is a resident in Harris County, Texas.  Defendant may be served through its registered agent, KMHJ Management Company, LLC at 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever it may be found.

7.      Defendant Western International Gas & Cylinders, Inc. is a domestic for-profit corporation incorporated under the laws of the State of Texas with its principal place of business in

Certified Document Number: 91173591 - Page 2 of 8

2488.001/674898

Houston, Harris County, Texas.  Defendant may be served through its registered agent, Ms. Denise C. Haugen at 7173 Highway 159, East Bellville, Texas 77418 or wherever it may be found.

8.      Defendant Matheson Tri-Gas, Inc., is a  domestic  for-profit  corporation incorporated under the laws of the State of Texas and operating in Texas.  Defendant may be served through its registered agent, CT Corporation Services, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

9.      Plaintiffs specifically invoke the right to institute this suit against whatever entity was conducting business using the assumed or common name of Watson Grinding and Manufacturing Co. regarding the events described in this Petition.  Plaintiffs invoke the right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted later upon the motion of any party or of the court.

### III.
### JURISDICTION AND VENUE

10.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdiction limits of this Court.

11.     Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), because all or a substantial portion of all of the events or omissions giving rise to this lawsuit occurred in Harris County.  In addition, Plaintiffs' property is in Harris County, the loss and damages at issue occurred in Harris County, the Defendants' conduct that caused all of Plaintiffs' injuries occurred in Harris County, and the Defendants maintain their principal place of business in Harris County.

12.     The damages sought are within the jurisdictional limits of this court.  Plaintiffs currently seek monetary relief over $200,000 but not more that 1,000,000, including damages of any kind, penalties, costs, expenses and pre- and post-judgment interest.

Certified Document Number: 91173591 - Page 3 of 8

2488.001/674898

## IV.
## FACTUAL BACKGROUND

13.     In the early morning hours on January 24, 2020, the Plaintiffs were asleep in their home on Lybert in Northwest Houston, in the immediate vicinity of Watson's manufacturing facility located at 4525 Gessner Road, Houston, Texas 77041.  At some point around 4:30 a.m., a massive explosion occurred at the Watson facility, resulting in casualties and significant damage to the surrounding homes and businesses.  The explosion was felt and heard for miles in every direction and left a debris field that stretched almost a half-mile from the explosion site.  The gas that was allegedly involved in the explosion was propylene, a dangerous and hazardous fuel gas that is highly flammable.

14.     Because Plaintiffs' home was close to the explosion site, it took a direct hit from the explosion.  Plaintiffs' home was significantly and permanently damaged by the explosion.

15.     The damages sustained include, but are not limited to:  broken windows, blown in garage doors, cracked and damaged stucco, broken doors, damaged roof, framing and structural damages, cracked sheetrock, electrical damages, personal property damages, etc.  The structural integrity of Plaintiffs' home was compromised.  These damages were all caused by the explosion at Defendants' manufacturing facility.  Significant and costly repairs will be required to bring the property to its pre-loss condition.

## V.
## CAUSES OF ACTION

### NEGLIGENCE

16.     At all material times, Defendants were under a duty to exercise reasonable or ordinary care in the operation and management of their manufacturing facility.  More specifically, Defendants were under a duty to exercise ordinary care, meaning that degree of care that would be

Certified Document Number: 91173591 - Page 4 of 8

2488.001/674898

used by a similar company under the same or similar circumstances, to refrain from negligent conduct that would cause explosions resulting in injuries to individuals in the area and damage to the surrounding property.

17.     Defendants knew or should have known that the acts and omissions described in this petition could result in damage to surrounding property and the individuals living inside those homes.

18.     Defendants failed to exercise reasonable or ordinary care in managing its facility and operations to ensure that the explosion did not occur, and thereby breached its duties to the Plaintiffs.

19.     Defendants failed to exercise reasonable and ordinary care when conducting its business and breached its duty to the Plaintiffs, including but not limited to one or more of the following ways:

     a.     In failing to properly store, maintain, inspect, supervise or otherwise control the operation of its manufacturing facility;

     b.     Failing to safely and properly contain and store dangerous materials, such that they are adequately protected from explosions;

     c.     Failing to provide adequate equipment, competent personnel and training to its employees;

     d.     Failing to create, promulgate, implement or enforce safety rules and guidelines pertaining to the safe operation of its facility;

     e.     Failing to have adequate procedures or contingencies in place to protect the safety of the community in the event of an explosions;

     f.     Failing to warn of known hazards.

20.     Each of these acts and omissions, singularly or in combination, constitute negligence which was the proximate cause of the explosion and Plaintiffs' injuries.

21.     At all times material hereto, all the agents and employees for Defendants who were connected in any way with the explosion were acting within the course and scope of their employment or official duties and in furtherance of their employment.   These agents and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them were authorized, approved, and ratified by Defendants.

22.     As a result of the explosion caused by Defendants, Plaintiffs suffered personal injuries, economic injuries and permanent damage to their property.

## GROSS NEGLIGENCE

23.     Plaintiffs re-allege each and every aforementioned allegation.  Plaintiffs will further show that the acts and/or omissions of the Defendants, when viewed objectively, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual and/or constructive knowledge of the facts and circumstances leading up to the explosion and knew that their failure to exercise reasonable care would cause significant losses to the citizens surrounding its building.

24.     Defendants' actions and inactions were grossly negligent, reckless, willful and/or wanton.  Defendants had actual subjective awareness of the risks involved in their operations, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including the Plaintiffs.   Therefore, Plaintiffs pray that punitive damages be awarded against Defendants.   Plaintiffs would show that nothing Plaintiffs did, or failed to do, in any way contributed to this incident.

**NEGLIGENT TRESPASS**

25.     Plaintiffs will further show that Defendants' negligence in causing the explosion also caused a trespass to Plaintiffs' real and personal property.

26.     The Defendants' negligence caused a significant interference or lack of possession of Plaintiffs' possessory interest in their personal property.   The Defendants' negligence and ultimate trespass is depriving the Plaintiffs of the use of their property, which appears to be for a substantial period.

**VI.**
**REQUEST FOR DISCLOURES**

27.     Pursuant to Tex. R. Civ. P. 194.2, Defendants are requested to disclose within fifty days after service of this request, the information and materials described in Rule 194.2(a)-(l).

**VII.**
**JURY DEMAND**

28.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury of citizens residing in Harris County Texas, and concurrently tender the appropriate jury fee with the filing of this petition.

**VIII.**
**PRAYER**

29.     For these reasons, Plaintiffs ask that the Defendants be cited to appear and answer and be held liable for the

      a.     For money damages in an amount to be determined by a jury;

      b.     Real property and personal property damages;

      c.     Mental anguish in the past and future;

      d.     Exemplary and punitive damages;

      e.     Prejudgment and post judgment interest;

Certified Document Number: 91173591 - Page 7 of 8

2488.001/674898

f.      Costs of suit;

g.      All other relief, in law or in equity, to which the Plaintiffs may be justly

entitled.

Dated: July 5, 2020                              Respectfully submitted,

                                                 **BECK REDDEN LLP**

                                                 By: _/s/  W. Curt Webb_
                                                        W. Curt Webb
                                                        State Bar No. 21035900
                                                        1221 McKinney Street, Suite 4500
                                                        Houston, Texas  77010
                                                        Telephone:  (713) 951-6206
                                                        Facsimile:  (713) 951-3720
                                                        Email:  cwebb@beckredden.com

                                                 **ATTORNEYS FOR PLAINTIFFS**

2488.001/674898

Certified Document Number: 91173591 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 14, 2020

Certified Document Number:        91173591 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**7018 1830 0001 4427 3177** 

CAUSE NO.   202039709

RECEIPT NO.   906293                    75.00      CTM
**\*\*\*\*\*\*\*\*\***                                    TR # 73764173

| | |
|---|---|
| PLAINTIFF: ESTRADA, CONCEPCION | In The  127th |
| vs. | Judicial District Court |
| DEFENDANT: WATSON GRINDING AND MANUFACTURING CO | of Harris County, Texas |
| | 127TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: WATSON GRINDING AND MANUFACTURING CO BY SERVING ITS
    REGISTERED AGENT JOHN M WATSON

    4525  GESSNER ROAD   HOUSTON TX  77041

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on the 6th day of July, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of July, 2020, under my hand and
seal of said Court.

Issued at request of:                     MARILYN BURGESS, District Clerk
WEBB, WILLIAM CURTIS                       Harris County, Texas
1221 MCKINNEY, SUITE 4500                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77010                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 951-6206
Bar No.:  21035900                         Generated By: OUGRAH, CHANCESAS  8D9//11528942

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____          ADDRESS

                                    Service was executed in accordance with Rule 106
                                       (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                          return receipt incorporated herein and attached
                                       hereto at

_____          on _____ day of _____, _____
                                    by U.S. Postal delivery to _____
                                    _____

                                    This citation was not executed for the following
                                    reason: _____
                                    _____

                                    MARILYN BURGESS, District Clerk
                                    Harris County, TEXAS

                                    By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

N.INT.CITM.P                              **\*73764173\***

Certified Document Number: 91209576 - Page 1 of 2

**7018 1830 0001 4427 3177**

CAUSE NO.  202039709

RECEIPT NO.  906293                    75.00      CTM
\*\*\*\*\*\*\*\*\*                    TR # 73764173

| | |
|---|---|
| PLAINTIFF: ESTRADA, CONCEPCION<br>vs.<br>DEFENDANT: WATSON GRINDING AND MANUFACTURING CO | In The    127th<br>Judicial District Court<br>of Harris County, Texas<br>127TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: WATSON GRINDING AND MANUFACTURING CO BY SERVING ITS
    REGISTERED AGENT JOHN M WATSON

    4525  GESSNER ROAD   HOUSTON  TX  77041

    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND</u>


This instrument was filed on the <u>6th day of July, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of July, 2020, under my hand and
seal of said Court.

<u>Issued at request of</u>:
WEBB, WILLIAM CURTIS
1221 MCKINNEY, SUITE 4500
HOUSTON, TX 77010
Tel: (713) 951-6206
<u>Bar No.</u>: 21035900

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: OUGRAH, CHANCESAS  8D9//11528942

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND
to the following addressee at address:

_____

_____
(a)ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the
        return receipt incorporated herein and attached
        hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

_____

This citation was not executed for the following
reason: _____

_____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                              **\*73764173\***

Certified Document Number: 91209576 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 14, 2020

Certified Document Number:        91209576 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/8/2020 11:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44342039
By: Iliana Perez
Filed: 7/8/2020 11:07 AM

CAUSE NO. 2020-39709

| | | |
|---|---|---|
| CONCEPCION ESTRADA AND TIBURCIO ESTRADA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC. KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC. | § | HARRIS COUNTY, TEXAS |
| | § | |
| *Defendants.* | § | 127th JUDICIAL DISTRICT |

---

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

### I.    FACTUAL BACKGROUND

1.      This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "Watson Facilities") located in Houston, Texas.  The cause of the fire and explosion is currently unknown.

Certified Document Number: 91216524 - Page 1 of 6

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      CROSSCLAIMS

### A. Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion

Certified Document Number: 91216524 - Page 2 of 6

and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

### B.  Indemnity

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact

Certified Document Number: 91216524 - Page 3 of 6

for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

**WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.** - Page 4
*ACTIVE 51338059v1*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

/s/ Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.**

**WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.** - Page 5
*ACTIVE 51338059v1*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

*/s/ Christopher M. LaVigne*

Christopher M. LaVigne

<u>WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.</u> - Page 6

*ACTIVE 51338059v1*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 14, 2020

Certified Document Number:       91216524 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/9/2020 5:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44402851
By: CAROL WILLIAMS
Filed: 7/9/2020 5:03 PM

**CAUSE NO. 2020-39709**

| | | |
|---|---|---|
| **CONCEPCION ESTRADA AND** | § | **IN THE DISTRICT COURT OF** |
| **TIBURCIO ESTRADA** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WATSON GRINDING AND** | § | **HARRIS COUNTY, TEXAS** |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS INC., MATHESON** | § | |
| **TRI-GAS INC.,** | § | |
| **Defendants.** | § | **127th JUDICIAL DISTRCT** |

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

**I.**

**GENERAL DENIAL**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**          **Page 1**
RCT/CJR

Certified Document Number: 9124537 - Page 1 of 5

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002;  §41.002(a)(b)(c) and  (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants,

Certified Document Number: 9124453 - Page 2 of 5

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

Certified Document Number: 9124537 - Page 3 of 5

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:  ___/s/ Robert C. Turner_____
      Robert C. Turner
      State Bar No. 00791831
      17070 Dallas Parkway, Suite 100
      Dallas, Texas 75248
      Telephone (972) 715-1750
      Facsimile (972) 715-1759
      robertturner@silveralaw.com
      notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

Certified Document Number: 9124453 7 - Page 4 of 5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 9th day of July 2020.

W. Curt Webb       cwebb@beckredden.com
Beck Redden, LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
*Counsel for Plaintiffs*

Mary-Olga   Lovett   lovettm@gtlaw.com
Karl D. Burrer       burrerk@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002

Christopher M. LaVigne lavignec@gtlaw.com
Daniel P. Elms          elmsd@gtlaw.com
Samuel G. Davison       davisons@gtlaw.com
Sarah-Michelle Stearns  stearnssa@gtlaw.com
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
*Counsel for Western Cylinder and Matheson Tri-Gas*

/s/ Robert C. Turner
Robert C. Turner

**ORIGINAL ANSWER OF DEFENDANTS
KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**          **Page 5**
RCT/CJR



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 14, 2020

Certified Document Number:      91244537 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**