IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING | § | |
| AND MANUFACTURING CO., INC., | § | Case No.: 20-30967-h1-11 |
| | § | |
| DEBTOR, | § | |
| | § | (Chapter 11) |

**TRUSTEE'S *EMERGENCY* MOTION FOR AUTHORITY TO SELL ESTATE'S INTEREST IN CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**\*\*\*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**\*\*\*Emergency relief is requested because the buyer has contract deadlines it is seeking to meet which contract requires some of the assets being acquired herein. The Trustee seeks consideration of this Motion as soon as the Court calendar allows but no later than Friday, July 24, 2020.**

**\*\*\*Please note that on March 24, 2020, through the entry of General Order 2020-10, the Court invoked the Protocol for Emergency Public Health or Safety Conditions. The Order may be found at: https://www.txs.uscourts.gov/bankruptcy/genord.**
**Electronic Appearances**

**It is anticipated that all persons will appear telephonically and also may appear via video at this hearing.**

**Audio Communication**

**Audio communication will be by use of the Court's regular dial-in number. The dial-in number is 1-832-917-1510. You will be responsible for your own long-distance charges. You will be asked to key in the conference room number. Judge Isgur' conference room number is 954554. Parties are encouraged to review the Court's procedures for telephonic appearances located at https://www.txs.uscourts.gov/content/united-states-bankruptcyjudge-marvin-isgur Attorneys and parties-in-interest wishing to participate in the hearing must connect to the hearing by audio communication. Any person wishing to observe the proceeding may also dial in to the audio conference dialin number. Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.**

**Video Communication**

**Parties may participate in electronic hearings by use of an internet connection. The internet site is www.join.me. Persons connecting by mobile device will need to download the free join.me application. Once connected to www.join.me, a participant must select "Join a Meeting". The code for joining this hearing before Judge Isgur is "judgeisgur." The next screen will have a place for the participant's name in the lower left corner. Please complete the name and click "Notify".**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Janet S. Northrup, the Chapter 11 Trustee (the "***Trustee***") of the bankruptcy estate of Watson Grinding & Manufacturing Co. ("***WGM***" or "***Debtor***") and files this *Motion for Authority to Sell Estate's Interest in Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. § 363(b)* (the "***Motion***") and would show the Court as follows:

**SUMMARY OF MOTION**

1. The Trustee seeks to sell the estate's interest in certain assets, as described on Exhibit "A" attached hereto (the "***Assets***"), free and clear of all liens, claims, interests and encumbrances under 11 U.S.C. § 363(f) for a total payment of **$585,000.00**, which will be paid

2

3079557

by cash payment (the "*Purchase Price*").  The Trustee seeks to sell the Assets to Mogas Industries, Inc. ("*Mogas*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

3. The bases for the relief requested herein are Sections 105(a), 363, 365, and 503 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and modified, the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of Texas.

4. This Court has constitutional authority to enter a final order with respect to this Motion. The sale of property of the estate under 11 U.S.C. § 363(b) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, — U.S.—, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)). In the alternative, the sale of estate property outside the ordinary course of business is an essential bankruptcy matter which triggers the "public rights" exception. *See id*.

## FACTUAL BACKGROUND

5. General Background.  On February 6, 2020 (the "*Petition Date*"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "*Case*"). As of the Petition Date, the Debtor was not operating its business in the ordinary course of business but

was engaged in limited operations.[1]  Also, on February 6, 2020, Watson Valve Services, Inc. ("**Watson Valve**" or "**WVS**") (a company related to the Debtor) filed its own Chapter 11 case in this Court under Case No. 20-30968.  Following the first-day hearing on February 10, 2020, the Court designated this case as a complex Chapter 11 case.

6. The Debtor operated as a debtor-in-possession from February 6, 2020 until June 4, 2020, when Janet S. Northrup was appointed as the Chapter 11 Trustee of the bankruptcy estate of the Debtor [Docket No. 331].

7. Since her appointment, the Trustee has determined that selling these Assets is in the best interest of the estate and will maximize value to the estate and its creditors.

8. Mogas recently acquired the assets of WVS per this Court's *Order Granting Chapter 11 Trustee's Expedited Motion for an Order Authorizing the Sale Free and Clear of Liens, Claims, Interests and Encumbrances to Mogas Industries, Inc. of Certain Assets* [Case No. 20-30968; Docket No. 242] (the "WVS Sale Order").

9. <u>Assets to be Sold – WVS WIP</u>.  WGM was in the process of fulfilling certain purchase orders for WVS (the works in process or "**WVS WIP**") when the events occurred that gave rise to the need to file bankruptcy.  Because Mogas acquired the WVS assets and related ongoing contracts of WVS [Case No. 20-30968; Docket No. 242], Mogas is likely the most (and likely only) interested party in acquiring the WVS WIP that WGM owns.

10. The WVS WIP pertains to various WVS customer contracts acquired by Mogas:

   a. "China WIP" as attached on Exhibit "A-1".  This relates to a contract with PT. Huayou Nickel Cobalt.  On April 25, 2019, Watson Valve and PT. Huayue Nickel Cobalt entered into that certain Procurement Contract No: MOR-203-009-0 of Severe Service Ball Valve for HUAYOU Indonesian Laterite-Nickel Ore (the "Huayou Contract").  The Huayou Contract is

---

[1] Additional information about the Debtor and its business can be found in the Declaration of Robert L. White filed at Docket No. 10 in this case.

        valuable to Mogas and was an important consideration for Mogas acquiring the WVS assets.

    b.    "Other WIP" as attached on Exhibits "A-2", "A-3" and "A-4". This pertains to other ongoing contracts that Mogas acquired from WVS that WGM was in the process of fulfilling for WVS.

11.    Exhibit A-1, A-2, A-3 and A-4 comprise the WVS WIP.

12.    <u>Assets to be Sold – Blades</u>. Additionally, WGM owns 80 agitator blades (the "**Blades**") which Mogas seeks to buy along with the WVS WIP as identified on Exhibit A-5.

13.    Mogas has agreed to pay the Purchase Price for the Assets, which amount also satisfies any cure amounts Mogas would be responsible for to WGM pursuant to the WVS Sale Order and which agreement is contingent on acquiring all of the Assets together.

14.    The Trustee believes Mogas is the most likely interested party in acquiring the Assets due to its purchase of the WVS assets. The Trustee has conferred with other parties; but there has been little interest in these assets as a whole, much less at this Purchase Price. The Trustee has received interest solely in the Blades. However, the sale of the WVS WIP to Mogas is contingent on Mogas also acquiring the Blades; and, the Purchase Price greatly exceeds what the Trustee believes the Estate would gain by selling the Blades separately.

## TERMS OF THE PROPOSED SALE

15.    The Trustee seeks approval to sell all right, title and interest of the bankruptcy estate in and to the Assets to the Proposed Buyer on the following terms:

    a)    The Proposed Buyer shall deliver to the Trustee the Purchase Price within five (5) Business Days of the entry of the Order approving this Motion.

    b)    Pursuant to 11 U.S.C. § 363(f), the sale of the Assets will be free and clear of all liens, claims, encumbrances and other interests, if any.

    c)    The sale of the Assets will be "as is, where is", without representations or warranties of any kind, express or implied.

  d)  The conveyance of the Assets will be by bill of sale on terms mutually agreeable to the Parties.

  e)  Mogas shall be afforded all protections under §363(m) as a good faith purchaser.

  f)  The stay of Federal Rule of Bankruptcy Procedure 6004(h) is to be waived.

  g)  The Bankruptcy Court shall retain exclusive jurisdiction as to all matter related to the sale and transfer of the Assets.

## AUTHORITY FOR SALE

16. Bankruptcy Code section 363(b) allows for a sale of estate property. The Trustee is not aware of any liens or other claims against the Assets. However, to the extent they exist, then all valid liens, claims, charges and interests, if any, will attach to the net sale proceeds, subject to the Trustee's avoidance powers, to the extent necessary.

17. The Trustee also requests that any person or entity served with this Motion who claims a lien on or interest in the Assets must file a written notice with the Court and serve it on the Trustee no later than 30 days after entry of an Order approving this Motion or be forever barred from asserting such claim or interest.

18. Pursuant to 11 U.S.C. § 363(b) and (f), the Assets will be sold free and clear of all liens, claims and other encumbrances of any kind or character, with any valid liens to attach to the net sales proceeds, subject to the Trustee's avoidance powers, to the extent necessary as set forth above.

19. In the exercise of her business judgment, the Trustee has determined that the proposed sale is reasonable and will maximize the value to the estate.

### Emergency Relief Requested

20. The Trustee understands that Mogas has pending contracts that require some of the Assets to complete and such deadlines require emergency consideration of this Motion.

3079557

21. Pursuant to Local Rule 9013-1(i), the undersigned hereby certifies that this Motion is accurate to the best of her knowledge after diligent inquiry.

WHEREFORE, PREMISES CONSIDERED, Janet S. Northrup, the Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of Watson Grinding & Manufacturing Co., moves this Court to grant this Motion, and for such other and further relief that she may be justly entitled.

Dated: July 17, 2020.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens       TBN 11541110
wkitchens@hwa.com
Heather McIntyre       TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
**PROPOSED ATTORNEYS FOR CHAPTER 11 TRUSTEE, JANET S. NORTHRUP**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on parties receiving ECF notice via ECF in the above-referenced case and as indicated on the attached Master Service List and List of Interested Parties on this 17th day of July, 2020.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

3079557