IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **OPAL WILEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON GRINDING AND** | § | **ADVERSARY NO. _____** |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, 3M COMPANY,** | § | |
| **FIRESTONE CRYOGENICS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., MATHESON** | § | |
| **TRI-GAS, INC., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., TELEDYNE** | § | |
| **EXPLORATION COMPANY,** | § | |
| **TELEDYNE TECHNOLOGIES, INC.** | § | |
| **D/B/A DETCON, INC., AND** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| | § | |
| Defendants. | | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Opal*

*Wiley vs. Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ, Ltd., KMHJ Management*

*Company, LLC, 3M Company, Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., Matheson Tri-Gas,*

1

*Inc., Western International Gas & Cylinders, Inc., Teledyne Exploration Company, Teledyne Technologies, Inc. d/b/a Detcon, Inc., and Automation Plus, Inc.,* Cause No. 2020-40301, pending in the 189th Judicial District Court of Harris County, Texas (the "State Court Action").

## I.      Procedural Background and Nature of Suit

1.      On July 7, 2020, Opal Wiley filed an Original Petition (the "Original Petition") against Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ, Ltd., KMHJ Management Company, LLC, 3M Company, Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., Matheson Tri-Gas, Inc., Western International Gas & Cylinders, Inc., Teledyne Exploration Company, Teledyne Technologies, Inc. d/b/a Detcon, Inc., and Automation Plus, Inc. (collectively, the "Defendants").  In the Original Petition, the Plaintiff asserts claims of negligence, gross negligence, and/or products liability - design defect against the Defendants.

2.      On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.      On July 14, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

4.      On July 16, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.   Basis for Removal

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities,

or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 189th Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Fitts Law Firm, PLLC<br>Bryan Fitts<br>Rachel Martin-Deckelmann<br>4801 Richmond Avenue<br>Houston, Texas 77027<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &**<br>**MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES,**<br>**INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC.**<br>**AND WESTERN INTERNATIONAL GAS &**<br>**CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ**<br>**MANAGEMENT COMPANY, LLC** |

## V.    Process and Pleadings

17.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.     In the State Court Action, citations of service were issued on July 15, 2020.  No return of citations have been returned.

19.     In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: July 24, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd, Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

**HUGHESWATTERSASKANASE, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**PROPOSED COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By: _/s/ Michael I. Ramirez_
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX 78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING &
MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on July 24, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Fitts Law Firm, PLLC<br>Bryan Fitts<br>Rachel Martin-Deckelmann<br>4801 Richmond Avenue<br>Houston, Texas 77027<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |
| | |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC.<br>& WESTERN INTERNATIONAL GAS &<br>CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ<br>MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

Harris County Docket Sheet

# 2020-40301

**COURT:**   189th

**FILED DATE:**   7/7/2020

**CASE TYPE:**   Other Injury or Damage



---

**WILEY, OPAL**

Attorney: FITTS, BRYANT ALLEN

**vs.**

**WATSON GRINDING AND MANUFACTURING CO**

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

7/7/2020 5:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44327601
By: Brittany Hall
Filed: 7/7/2020 5:49 PM

CAUSE NO. _____

| | | |
|---|---|---|
| OPAL WILEY, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | HARRIS     COUNTY, TEXAS |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO.,WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, LLC. | § | |
| 3M COMPANY, FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| MATHESON TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., AND TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Plaintiff, Opal Wiley (hereinafter collectively referred to as "Plaintiff"), complains of Defendants, Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ, Ltd., KMHJ Management Company, LLC., 3M Company. Firestone Cryogenic Equipment, Inc., Matheson Tri-Gas, Inc., Western International Gas & Cylinders, Inc., Teledyne Exploration Company, Teledyne Technologies, Inc. f/k/a Detcon, Inc. and Automation Plus, Inc. (hereinafter collectively referred to as "Defendants") and would respectfully show the Court that:

### I. JURISDICTION AND VENUE

1.    Court has jurisdiction and venue is proper because the events giving rise to this lawsuit occurred in this County. TEX. CIV. PRAC. & REM. CODE § 15.002.   Plaintiff's claims arise from Texas Common Law.  Further, Defendants are residents of Harris County, Texas, and therefore, the case is not removable.

1

## II. DISCOVERY LEVEL

2.      Discovery in this matter may be conducted under level 2 of the Texas Rules of Civil Procedure.

### III. PARTIES

3.      Plaintiff, Opal Wiley, is an individual who resides in Harris County, Texas.

4.      Defendant, Watson Grinding and Manufacturing Co. ('Watson Grinding") is a Texas entity with a principal place of business in Harris County. The Defendant may be served through its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77041, or wherever he may be found.

5.      Defendant, Watson Valve Services, Inc. ("Watson Valve") is a Texas entity with a principal place of business in Harris County. This Defendant may be served with process through its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77041, or wherever he may be found.

6.      Defendant KMHJ, Ltd. ("KMHJ") is Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent, KMHJ Management Company, LLC, at 1400 McKinney Street, Unit 1212, Houston, Texas 77010.

7.      Defendant KMHJ Management Company, LLC ("KMHJ Management") is Texas entity with a principal place of business located in Harris County. This Defendant may be  served through its registered agent, Kelly Watson at 1400 McKinney Street, #1212, Houston, Texas 77010, or wherever she may be found.

8.      Defendant 3M Company ("3M") is a foreign corporation that is registered and does a substantial amount of business in the state of Texas. This Defendant may be served through its

Certified Document Number: 91208444 - Page 2 of 11

registered agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th St, Suite 620, Austin, Texas 78701.

9.      Firestone Cryogenics, Inc. ("Firestone") is a Texas entity with its principal place of business in Conroe, Texas and does a substantial amount of business in Harris County. This Defendant may be served through its registered agent, Linda Plummer at 12446 Cutten Road, Houston, Texas 77066 or wherever she may be found.

10.     Firestone Cryogenic Equipment, Inc. ("Firestone Equipment") is a Texas entity with its principal place of business in Conroe, Texas and does a substantial amount of business in Harris County. This Defendant may be served through its registered agent, Linda Plummer at 12446 Cutten Road, Houston, Texas 77066 or wherever she may be found.

11.     Defendant Matheson Tri-Gas, Inc. ("Matheson") is a foreign corporation with its principal place of business in Basking Ridge, New Jersey and does a substantial amount of business in Texas. This Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

12.     Western International Gas & Cylinders, Inc. ("Western") is a Texas entity with its principal place of business in Irving, Texas. This Defendant may be served through its registered agent Denise C. Haugen at 7173 Highway 159 E., Bellville, Texas 77418 or wherever she may be found.

13.     Teledyne Exploration Company ("Teledyne") is a foreign corporation with its principal place of business in Pittsburgh, Pennsylvania and does a substantial amount of business in Texas. This Defendant may be served through its registered agent, CT Corporation at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Certified Document Number: 91208444 - Page 3 of 11

14.     Teledyne Technologies Inc. f/k/a Detcon, Inc.  ("Teledyne Technologies") is a foreign corporation with its principal place of business in Thousand Oaks, California and does a substantial amount of business in Texas. This Defendant may be served through its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

15.     Automation Plus, Inc. ("Automation") is a Texas corporation with a principal place of business in Harris County, Texas. This Defendant may be served through its registered agent, Frank Lomelo at 3705 Pine Lawn Drive, Pearland, Texas 77581.

### IV. FACTUAL BACKGROUND

16.     On or about January 24, 2020, Plaintiff suffered significant injuries and property damage as a result of Defendants' negligence and gross negligence at an industrial facility ("the Facility") in northwest Houston. At all material times, Plaintiff was a resident and guest in the area(s) nearby the Facility. The Facility is owned, operated and maintained by Defendants Watson Valve, Watson Grinding, KMHJ and KMHJ Management.

17.     On the date of the underlying incident, Plaintiff suffered serious injuries and property damage when a catastrophic explosion occurred related to tanks and associated equipment at the Facility. The explosion was tremendous and could be felt miles away. Given Plaintiff's proximity to the explosion her home and body sustained serious damage and personal injury, including but not limited to injury to her head, neck, back, spine, knee, elbow, and other parts of her body.

18.     Upon information and belief, Defendants, Western and Matheson, provided tank(s), tank contents and associated equipment which were involved in the incident. Moreover, Defendants 3M, Western, Teledyne and Teledyne Technologies provided safety equipment/systems, including those related to chemical/gas detection.   This equipment was part of the Facility

Certified Document Number: 91208444 - Page 4 of 11

infrastructure and designed to monitor and regulate gas as it flowed through piping, which was installed by Defendants Automation, Firestone and Firestone Equipment.

**V. CAUSES OF ACTION**

**A.**     ***Negligence and Gross Negligence Claims (against all Defendants)***

19.     Plaintiff repeats and re-alleges each allegation contained above.

20.     Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

a.      failed to properly train their employees;

b.      failed to provide adequate equipment;

c.      failed to properly supervise their employees;

d.      failed to conduct adequate maintenance;

e.      failed to maintain their facility;

f.      failed to maintain their equipment;

g.      failed to properly supervise work being performed;

h.      failed to provide adequate warning to Plaintiff of the dangerous condition;

i.      failed to inform Plaintiff of the defective nature of the condition;

j.      failed to provide adequate instruction;

k.      failed to properly inspect the premises;

l.      failed to implement adequate safety policies and procedures;

m.      failed to ensure its safety systems were adequate and functional;

n.      failed to implement adequate explosion prevention systems;

o.      failed to implement adequate fire prevention systems;

Certified Document Number: 91208444 - Page 5 of 11

Certified Document Number: 91208444 - Page 6 of 11

      p.      failed to properly train its safety personnel to prevent explosions such the one underlying this suit;

      q.      violations of applicable rules, regulations and standards;

      r.      vicariously liable for the act(s) and omission(s) of their employee(s) and agent(s); and

      s.      other acts deemed negligent and grossly negligent.

21.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe injuries to her body which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Moreover, Plaintiff has suffered property damage, including but not limited to loss of the use and enjoyment of her property loss in value of property; and other property damage. Defendants are liable because their negligence and/or gross negligence proximately caused Plaintiff's injuries.

22.     In addition, Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's and others' health and safety. Defendants were objectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective

awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to and seeks exemplary damages.

**B.** *Strict Liability (against Defendants Western, Matheson, 3M, Western, Teledyne, Teledyne Technologies, Automation, Firestone and Firestone Equipment).*

23.     Plaintiff repeats and re-alleges each allegation contained above.

24.     For the following section, "the product" shall refer to: tank(s) and associated equipment for Defendants Western and Matheson; piping and associated equipment for Defendants Automation, Firestone and Firestone Equipment; gas detection and monitoring equipment for Defendants 3M, Western, Teledyne and Teledyne Technologies.

25.     Defendants manufactured, designed, distributed and/or sold the product that injured Plaintiffs with design, manufacturing, and/or marketing defects.

26.     *Marketing Defect and Failure to Warn*: The product was designed, manufactured, distributed, and/or sold with one or more marketing defects.

     a.     There was an unreasonable risk in the intended or reasonably foreseeable use of such product;

     b.     Defendants knew, foresaw, or should have known or foreseen the above risk;

     c.     Defendants failed to adequately warn Plaintiff of the risks, failed to instruct Plaintiff of the above risks, and/or failed to adequately instruct Plaintiff on how to avoid the dangers; and

     d.     The marketing defect(s) rendered the product unreasonably dangerous.

27.     *Design Defect:* The product was designed, manufactured, distributed and/or sold with one or more design defect.

     a.     Defendants designed the product and knew of safer alternative designs that were available at the time of production.

     b.     The safer alternative designs would have prevented or significantly reduced the above risks without substantially impairing the product's utility;

Certified Document Number: 91208444 - Page 7 of 11

      c.      The safer alternative designs was economically and technologically feasible at the time the product left the control of Defendants; and

      d.      The design defect(s) rendered the product unreasonably dangerous.

28.    *Manufacturing Defect*: The product was designed, manufactured, distributed, and/or sold with one or more manufacturing defects. The Defendants manufactured the condition and at the time deviated in the quality of construction, plan and/or specifications rendering the condition unreasonably dangerous.

29.    The design, manufacturing, and/or marketing defect(s) rendered the product unreasonably dangerous.

30.    The design, manufacturing, and/or marketing defect(s), which rendered the product unreasonably dangerous were the producing causes to Plaintiffs' injuries.

**C.    Breach of Warranty (against Defendants Western, Matheson, 3M, Western, Teledyne, Teledyne Technologies, Automation, Firestone and Firestone Equipment).**

31.    Plaintiff repeats and re-alleges each allegation contained above.

32.    Defendants, their agents, servants and employees impliedly and expressly warranted that they would properly, adequately and safely design, construct, test and install the tank(s) and associated equipment and systems at the Facility, including all its components, including but not limited to the detection, prevention and safety system(s). Defendants, their agents, servants and employees breached these warranties in one or more of the following ways:

      a.      Failing to perform their work in a good and workmanlike manner;

      b.      Failing to adequately design the tank systems;

      c.      Failing to adequately design the safety and detection systems;

      d.      Failing to adequately design the system component parts;

8

     e.      Failing to properly test the tank systems;

     f.      Failing to properly test the safety and detection systems;

     g.     Failing to properly test the component parts;

     h.     Failing to provide the tank systems for its intended purpose;

     i.      Failing to provide the safety and detection systems for its intended purpose;

     j.      Failing to provide the components parts for their intended purpose; and

     k.     Other various breaches of warranty.

33.     Plaintiff suffered injuries and direct damages as a proximate result of Defendants' breach of the express and implied warranties.   Further, Plaintiff suffered actual and consequential damages as a proximate result of Defendants' breach of express and implied warranties.

## VI. DAMAGES

34.     As a result of Defendants' negligence, gross negligence and premises liability, Plaintiff has suffered and seeks recover for the following in an amount in excess of $100,000.00:

     a.     Compensatory damages against the Defendants;

     b.     Actual damages;

     c.     Consequential damages;

     d.     Pain and suffering;

     e.     Exemplary damages;

     f.      Past and future mental anguish;

     g.     Past and future impairment;

     h.     Past and future disfigurement;

     i.      Interest on damages (pre and post-judgment) in accordance with the law;

     j.      Costs of Court;

Certified Document Number: 91208444 - Page 9 of 11

9

k.      Expert witness fees;

l.      Property use;

m.      Loss of use of property;

n.      Diminution in value of property;

o.      Costs of copies of depositions; and

p.      Such other and further relief as the Court may deem just and proper.

## VII. REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

35.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## VIII. JURY DEMAND

36.    Plaintiff hereby demands a trial by jury.

## IX. PRAYER

37.    Plaintiff prays that this citation is issued and will be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, exemplary damages, attorneys' fees, and all such other and further relief, to which she may be justly entitled.

Certified Document Number: 91208444 - Page 10 of 11

Respectfully submitted,

**FITTS LAW FIRM, PLLC**

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
**Rachel Martin-Deckelmann**
Texas State Bar No. 24118263
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile  713.583.1492
SERVICE EMAIL
efile@fittslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 91208444 - Page 11 of 11

11



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2020

Certified Document Number:        91208444 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/7/2020 5:49:38 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44327601
By: HALL, BRITTANY
Filed: 7/7/2020 5:49:38 PM

CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): _____    COURT (FOR CLERK USE ONLY): _____

STYLED Opal Wiley v. Texas Watson Grinding & Manufacturing Co., et al
(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Bryant Fitts    Email: bfitts@fittslawfirm.com | Plaintiff(s)/Petitioner(s): Opal Wiley | ☑ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 4807 Richmond Ave.    Telephone: 713.871-1670 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77027    Fax: 713-583-1492 | Defendant(s)/Respondent(s): Texas Watson Grinding & Manufacturing Co, et al | Custodial Parent: Non-Custodial Parent: |
| Signature:    State Bar No: 24040904 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| *Foreclosure* | ☐ Legal | | | ☐ Paternity |
| ☐ Home Equity—Expedited | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Other Foreclosure | ☐ Other Professional Liability | **Related to Criminal Matters** | | ☐ Support Order |
| ☐ Franchise | | ☐ Expunction | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| | | | ☐ Other: | ☐ Grandparent Access |
| | ☑ Other Injury or Damage: Personal Injury (Non-Auto) | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |

| **Employment** | | Other Civil | | |
|---|---|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Additional Defendant(s)

Watson Valve Services, Inc. KMHJ, LTD., KMHJ Management Company, LLC., 3M Company,
Firestone Cryogenic's Inc., Firestone Cryogenic Equipment, Inc., Matheson Tri-Gas, Inc.,
Western International Gas & Cylinders, Inc., and Teledyne Exploration Company

Certified Document Number: 91208446 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2020

Certified Document Number:        91208446 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/7/2020 5:49:38 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44327601
By: HALL, BRITTANY
Filed: 7/7/2020 5:49:38 PM



# FITTS LAW FIRM, PLLC

201 Richmond Avenue
Houston, Texas 77027
Voice: (713) 871-1670
Facsimile (713) 583-1492

**July 7, 2020**

***Via Texas E-filing System***

Harris County District Clerk Office
201 Caroline Street
Houston, Texas 77002

Re:      Cause No. _____; Harris District Court; *Opal Wiley v. Texas Watson Grinding and Manufacturing Co., Watson Valve Services, Inc. KMHJ, LTD., KMHJ Management Company, LLC., 3M Company, Firestone Cryogenic's Inc., Firestone Cryogenic Equipment, Inc., Matheson Tri-Gas, Inc., Western International Gas & Cylinders, Inc., and Teledyne Exploration Company*

Dear Sir or Madam:

We recently file an Original petition and Request For Disclosures in the above styled case.

Can you please electronically send a copy of the citations to Stacey Powell at spowell@fittslawfirm.com or facsimile: (713) 583-1492?

Please contact our office relative to any questions or concerns that you may have.

Very truly yours,

FITTS LAW FIRM, PLLC

Stacey L. Powell
Senior Paralegal



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2020

Certified Document Number:          91208447 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/8/2020 6:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44369060
By: Iliana Perez
Filed: 7/8/2020 6:43 PM

**CAUSE NO. 2020-40301**

| | | |
|---|---|---|
| OPAL WILEY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND | § | HARRIS COUNTY, TEXAS |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC. 3M COMPANY, FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| MATHESON TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND TELEDYNE EXPLORATION | § | |
| COMPANY, | § | |
| | § | |
| *Defendants.* | § | 189th JUDICIAL DISTRICT |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

### I.    FACTUAL BACKGROUND

1.    This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively,

Certified Document Number: 91228216 - Page 1 of 6

the "Watson Facilities") located in Houston, Texas. The cause of the fire and explosion is currently unknown.

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiff's claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      CROSSCLAIMS

### A.  Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations. To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiff's claims in this litigation occurred at the Watson Facilities. Watson Grinding is or may be liable to Cross-Claimants or Plaintiff for all or part of Plaintiff's claims.

Certified Document Number: 9122816 - Page 2 of 6

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiff's claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiff for all or part of Plaintiff's claims.

**B.  Indemnity**

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

**WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC**.- Page 4
*ACTIVE 51344893v1*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

_/s/_ Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

/s/ Christopher M. LaVigne
Christopher M. LaVigne



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 23, 2020

Certified Document Number:      91228216 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/14/2020 3:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44511960
By: Deandra Mosley
Filed: 7/14/2020 3:15 PM

## CAUSE NO. 2020-40301

| | | |
|---|---|---|
| OPAL WILEY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, 3M COMPANY, FIRESTONE | § | HARRIS COUNTY, TEXAS |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| MATHESON TRI-GAS, INC., | § | |
| WESTERN INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| TELEDYNE TECHNOLOGIES, INC. | § | |
| F/K/A DETCOM, INC., AUTOMATION | § | |
| PLUS, INC. | § | |
| Defendants. | § | 189th JUDICIAL DISTRCT |

### ORIGINAL ANSWER OF DEFENDANTS
### KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiff's Original Petition and would respectfully show the court and the parties as follows:

Certified Document Number: 91297574 - Page 1 of 5

## I.

## GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiff's petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001;

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                                    **Page 2**
**RCT/CJR**

§41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiff or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

**VII.**

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**VIII.**

Further pleading, Defendants submit Plaintiff's claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000. *See* Texas Civil Practice Remedies Code §41.008. Plaintiff further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

**IX.**

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the

Certified Document Number: 91297574 - Page 3 of 5

Eighth Amendment of the United States Constitution. Plaintiff's claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiff's claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiff's claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**          **Page 4**
**RCT/CJR**

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:  ___*/s/ Robert C. Turner*_____
       Robert C. Turner
       State Bar No. 00791831
       17070 Dallas Parkway, Suite 100
       Dallas, Texas 75248
       Telephone (972) 715-1750
       Facsimile (972) 715-1759
       robertturner@silveralaw.com
       notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 14th day of July 2020.

| | |
|---|---|
| Bryant Fitts  bfitts@fittslawfirm.com<br>Rachel Martin-Deckelmann<br>rdeckelmann@fittslawfirm.com<br>Fitts Law Firm, PLLC<br>4801 Richmond Avenue<br>Houston, Texas 77027<br>efile@fittslawfirm.com<br>*Counsel for Plaintiff* | Mary-Olga Lovett  lovettm@gtlaw.com<br>Karl D. Burrer  burrerk@gtlaw.com<br>Greenberg Traurig, LLP<br>1000 Louisiana, Suite 1700<br>Houston, TX 77002<br><br>Christopher M. LaVigne lavignec@gtlaw.com<br>Daniel P. Elms  elmsd@gtlaw.com<br>Samuel G. Davison  davisons@gtlaw.com<br>Sarah-Michelle Stearns stearnssa@gtlaw.com<br>Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br>*Counsel for Defendants Western International Gas*<br>*& Cylinder, Inc., and Matheson Tri-Gas, Inc.* |

                 ___*/s/ Robert C. Turner*_____
                  Robert C. Turner

Certified Document Number: 91297574 - Page 5 of 5



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2020

Certified Document Number:        91297574 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/16/2020 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44592380
By: Ozuqui Quintanilla
Filed: 7/16/2020 4:13 PM

## CAUSE NO. 2020-40301

| | | |
|---|---|---|
| **OPAL WILEY,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON GRINDING AND** | § | **HARRIS COUNTY, TEXAS** |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC. 3M COMPANY, FIRESTONE** | § | |
| **CRYOGENICS, INC., FIRESTONE** | § | |
| **CRYOGENIC EQUIPMENT, INC.,** | § | |
| **MATHESON TRI-GAS, INC., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., AND TELEDYNE EXPLORATION** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendants.* | § | **189th JUDICIAL DISTRICT** |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER

---

Defendants, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "Defendants"), hereby file their Original Answer as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim and cause of action asserted by Plaintiffs and demand strict proof thereof.

Certified Document Number: 91336169 - Page 1 of 3

## II.    REQUEST FOR RELIEF

WHEREFORE, Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. respectfully request that Plaintiffs take nothing by reason of their suit against Defendants, and that the Court grant such other and further relief, at law or in equity, to which Defendants are justly entitled.

Dated:  July 16, 2020                     Respectfully submitted,

Mary-Olga Lovett
   State Bar No. 00789289
   lovettm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

<u>/s/ Christopher M. LaVigne</u>
Christopher M. LaVigne
   State Bar No. 24026984
   lavignec@gtlaw.com
P. William Stark
   State Bar No. 24046902
   starkb@gtlaw.com
Samuel G. Davison
   State Bar No. 24084280
   davisons@gtlaw.com
Sarah-Michelle Stearns
   State Bar No. 24099029
   stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.**

Certified Document Number: 91336169 - Page 2 of 3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 16, 2020 via the Court's emailing system to all counsel of record.


<u>/s/ Christopher M. LaVigne</u>
Christopher M. LaVigne



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 23, 2020

Certified Document Number:        91336169 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**