## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **LUIS MATZAR, JOSE MUNDO,** | § | |
| **MIRNA MUNDO, VICTOR** | § | |
| **GUERRERO, ABEL PEREZ** | § | |
| **MARQUEZ, MARIA RODRIGUEZ,** | § | |
| **AND ROSA MARIA TORRES,** | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. _____** |
| | § | |
| vs. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *AMM*

*Services, LLC and Mary Bui vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ,*

*Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas,*

Cause No. 2020-40297, pending in the 151st Judicial District Court of Harris County, Texas (the "State

Court Action").

1

## I.        Procedural Background and Nature of Suit

1.        On July 8, 2020, Luis Matzar, Jose Mundo, Mirna Mundo, Victor Guerrero, Abel Perez Marquez, Maria Rodriguez, and Rosa Maria Torres (collectively, the "Plaintiffs") filed a First Amended Petition (the "Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").   In the Petition, the Plaintiffs assert claims of negligence, gross negligence, and/or intentional tort against the Defendants.

2.        On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.        On July 14, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed their Original Answer.

4.        On July 16, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.        On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.        Basis for Removal

6.        This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12. Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III. Core or Non-Core Bankruptcy Jurisdiction

13. This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14. Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV. Parties and Notice

15. Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 151st Judicial District Court of Harris County, Texas.

16. In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Pierce Skrabanek PLLC<br>Michael E. Pierce<br>3701 Kirby Drive, Suite 760<br>Houston, Texas 77098<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |

|  | Gieger, Laborde & Laperouse L.L.C. Ernest P. Gieger, Jr. 701 Poydras Street, Suite 4800 New Orleans, Louisiana 70139  **ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| --- | --- |
| Greenberg Traurig, LLP Mary-Olga Lovett 1000 Louisiana St., Suite 1700 Houston, Texas 77002  Greenberg Traurig, LLP Christopher M. LaVigne 2200 Ross Avenue, Suite 5200 Dallas, Texas 75201  **ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P. Bruce J. Ruzinsky 1401 McKinney, Suite 1900 Houston, Texas  77010  The Silvera Firm Robert C. Turner 17070 Dallas Parkway, Suite 100 Dallas, Texas 75248  **ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.    Process and Pleadings

17.    Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.    In the State Court Action, citations of service were issued on July 9, 2020.  No return of citations have been returned.

19.    In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 24, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HUGHESWATTERSASKANASE, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**PROPOSED COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:  _/s/ Michael I. Ramirez_
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING & MANUFACTURING CO.**

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Pierce Skrabanek PLLC<br>Michael E. Pierce<br>3701 Kirby Drive, Suite 760<br>Houston, Texas 77098<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010 |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. & WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

**Harris County Docket Sheet**

# 2020-40297

**COURT:**   151st

**FILED DATE:**   7/7/2020

**CASE TYPE:**   Other Injury or Damage



---

### MATZAR, LUIS

Attorney: PIERCE, MICHAEL ELTON

### vs.

### WATSON VALVE SERVICES INC

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

7/7/2020 6:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44328741
By: Adiliani Solis
Filed: 7/7/2020 6:27 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, and ROSA MARIA TORRES, | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Luis Matzar, Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, and Rosa Maria Torres complain of Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc., and would respectfully show that:

### I.
### DISCOVERY CONTROL PLAN

1.     Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.     The claims asserted arise under the statutory and common law of Texas.

Certified Document Number: 91208124 - Page 1 of 13

3.      This Court has jurisdiction and venue is proper because a substantial part of the acts and/or omissions giving rise to Plaintiffs' cause(s) of action occurred in Harris County, Texas.

4.      Plaintiffs seek recovery of damages within the jurisdictional limits of this Court.

## III.
## STATEMENT REGARDING MONETARY RELIEF SOUGHT

5.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief in excess of $1 million.  Discovery in this matter has just commenced and, therefore, Plaintiffs cannot reliably state a maximum amount of damages they are seeking at this time and reserves their right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

6.      Plaintiffs are residents of the State of Texas.

7.      Defendant Watson Valve Services, Inc., ("Watson Valve") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Watson Valve Services, Inc., may be served by and through its registered agent for service of process, John M. Watson, at 4525 Gessner Road, Houston, Texas 77401.

8.      Defendant Watson Grinding and Manufacturing Co. ("Watson Grinding") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Watson Grinding and Manufacturing Co. may be served by and through its registered agent for service of process, John M. Watson, at 4525 Gessner Road, Houston, Texas 77401.

9.      Defendant KMHJ, Ltd. ("KMHJ") is a Texas limited partnership doing substantial and continuous business within the State of Texas and has purposefully availed itself of the

Certified Document Number: 91208124 - Page 2 of 13

privileges of conducting business within the State. Defendant KMHJ, Ltd. may be served by and through its registered agent for service of process, KMHJ Management Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

10. Defendant KMHJ Management Company, LLC, ("KMHJ Management") is a Texas limited liability company doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant KMHJ Management Company, LLC, may be served by and through its registered agent for service of process, Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

11. Defendant Western International Gas & Cylinders, Inc., ("Western") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Western International Gas & Cylinders, Inc., may be served by and through its registered agent for service of process, Denis C. Haugen, at 7173 Highway 159 E., Bellville, Texas 77418.

12. Defendant Matheson Tri-Gas, Inc., ("Matheson") is a Delaware corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Matheson Tri-Gas, Inc., may be served by and through its registered agent for service of process, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. To the extent that an above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Texas Rule of Civil Procedure 28, and Plaintiffs demand that, upon answering this suit, each Defendant answer in its correct legal name and assumed name.

3

## V.
## FACTS

14.     Around 4:25 a.m. on the morning of Friday, January 24, 2020, a massive explosion rocked the city of Houston awake and caused Plaintiffs' injuries and losses. The explosion occurred at the facility owned and operated by Defendant Watson Valve, Watson Grinding, KMHJ, and KMHJ Management, (collectively, the "Watson Defendants") which is located at 4525 Gessner Road in Houston. That morning, Plaintiff Luis Matzar arrived at the premises where he worked, but had not clocked in, when the explosion occurred, injuring Plaintiff Matzar and killing two others. The explosion was so violent that the Houston Chief of Police, Art Acevedo, labeled the site and surrounding areas a "disaster area" because of the widespread destruction that resulted in two (2) deaths, dozens of injuries, over 50 homes that were completely destroyed and hundreds of homes that sustained significant damage. Plaintiffs Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, and Rosa Maria Torres were residents who lived in close proximity to the explosion and  sustained and/or injuries and damage to their property.

15.     Houston fire officials identified propylene as the chemical involved in the explosion. Propylene is a hazardous chemical and the Houston Fire Department advised that HazMat crews secure a 2,000-gallon tank of propylene gas that was leaking at the blast site. Propylene is a gas at room temperature but becomes a liquid when placed under great pressure. With a flash point of 162 degrees Fahrenheit, propylene is highly flammable and can react vigorously with other materials to produce explosive mixtures.

16.     While currently unknown how much propylene was stored at Defendants' facility, if a company has more than 10,000 pounds of propylene it is required to file a Risk Management Plan ("RPM") with the EPA. Defendants do not have an RMP on file. Additionally, under the Emergency Planning and Community Right to Know Act, companies with more than 10,000

4

Certified Document Number: 91208124 - Page 4 of 13

pounds of propylene have to include it in its Tier II chemical inventory. Companies have to file those inventories with the state, its local emergency planning committee, and the local fire department. On its 2015 inventory, Defendants did not include propylene; they only listed liquefied oxygen

17.     The Watson Defendants owned, occupied, and controlled the facility and area where the explosion occurred and Plaintiff Matzar was injured. The condition of the area posed an unreasonable risk of harm and the Watson Defendants knew, or reasonably should have known, of the unreasonably dangerous condition. Neither Plaintiff Matzar, nor Plaintiffs Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, and Rosa Maria Torres, had any knowledge of the unreasonably dangerous condition.

18.     Defendants Western and Matheson designed, marketed, manufactured, and/or modified some of the equipment, and their constitutive parts, which failed. Defendants Western and Matheson were negligent for breaching their product stewardship duties. These duties involve making products safer and imposes a duty on whoever produces, sells, or uses a product to take responsibility for minimizing that product's impact throughout all stages of the product's life cycle, including end of life management. Product stewardship calls on those in the product life cycle to share responsibility for the impacts of products to make products safer for people and the environment, from design to disposal. Here, Western and Matheson was negligent in their product stewardship in relation to the propylene because they failed to provide adequate customer support, maintenance services, inspection and site visits, warnings and/or recall information about the propylene, its tank and/or piping. The failure to do so contributed to causing the release of propylene and subsequent explosion, which resulted in Plaintiffs' injuries and losses.

19.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Watson Valve be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Watson Valve should be held liable under the doctrine of *respondeat superior*.

20.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Watson Grinding be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Watson Grinding should be held liable under the doctrine of *respondeat superior*.

21.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant KMHJ be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant KMHJ should be held liable under the doctrine of *respondeat superior*.

22.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant KMHJ Management be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant KMHJ Mangement should be held liable under the doctrine of *respondeat superior*.

23.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Western be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Western should be held liable under the doctrine of *respondeat superior*.

24.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Matheson be found to be a proximate cause of

Plaintiffs' injuries and losses, Defendant Matheson should be held liable under the doctrine of *respondeat superior.*

## VI.
## CAUSES OF ACTION

*A.      Negligence, Gross Negligence, and Intentional Tort against the Watson Defendants*

25.      Defendants are liable to Plaintiffs under the theories of negligence, gross negligence, and the intentional infliction of a tort. Plaintiffs sustained injuries because of Defendants when Defendants:

a.   Failed to provide a reasonably safe work environment;

b.   Failed to properly maintain and clean the work environment;

c.   Failed to properly inspect the premises;

d.   Failed to properly report safety hazards;;

e.   Failed to develop, implement, and/or enforce proper safety policies and procedures;

f.   Failed to properly train and supervise their employees;

g.   Failed to have properly functioning monitors and alarms;

h.   Failed to properly maintain, inspect, and service the propylene tanks and piping on site;

i.   Failed to read, understand, and follow published safe work policies and practices;

j.   Failed to warn of a known hazardous and dangerous condition;

k.   Violated governmental regulations and standards including, but not necessarily limited to, OSHA and the EPA; and

l.   Other acts and/or omissions so deemed negligent, grossly negligent, and/or intentional.

26.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of its conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damage.

27.     The dangers and risks at play were so great and manifest to Defendants that Defendants ought to be found and charged with intentionally or knowingly causing the complained of injuries and losses to Plaintiffs.

28.     Defendants are liable for the torts committed by its employees, servants, or agents during the course and scope of employment. Specifically, Defendants' employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendants business, had a general duty to exercise reasonable care in performing their work. Should negligent or grossly negligent acts and/or omissions on the part of Defendants employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiffs' injuries, Defendants are liable for those negligent or grossly negligent acts and omissions under the doctrine of *respondeat superior.*

**B.      *Premises Liability against the Watson Defendants***

29.     Defendants owned, occupied, and controlled the facility and area where the explosion occurred.

30.     The condition of the area where the explosion occurred posed an unreasonable risk of harm and Defendants had actual knowledge or reasonably should have known of the

Certified Document Number: 91208124 - Page 8 of 13

unreasonably dangerous condition. Moreover, Plaintiffs did not have actual knowledge of the unreasonably dangerous condition.

31.      Plaintiff Matzar was an invitee who entered Defendants' premises with Defendants' knowledge and for their benefit. Defendants had a duty to warn Plaintiff Matzar of unreasonably dangerous conditions upon their premises or to make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to warn Plaintiff Matzar of the known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

**C.    *Negligence and Gross Negligence against Defendants Western and Matheson***

32.      Defendants are liable to Plaintiffs under the theories of negligence, gross negligence, and the intentional infliction of a tort. Plaintiffs sustained injuries because of Defendants when Defendants:

     a.   Failed to properly inspect the premises;

     b.   Failed to properly report safety hazards;;

     c.   Failed to develop, implement, and/or enforce proper safety policies and procedures;

     d.   Failed to properly train and supervise their employees;

     e.   Failed to have properly functioning monitors and alarms;

     f.   Failed to properly maintain, inspect, and service the propylene tanks and piping on site;

     g.   Failed to read, understand, and follow published safe work policies and practices;

     h.   Failed to warn of a known hazardous and dangerous condition;

     i.   Other acts and/or omissions so deemed negligent and/or grossly negligent.

Certified Document Number: 91208124 - Page 9 of 13

33.     Defendants Western and Matheson were negligent for breaching their product stewardship duties. These duties involve making products safer and imposes a duty on whoever produces, sells, or uses a product to take responsibility for minimizing that product's impact throughout all stages of the product's life cycle, including end of life management. Product stewardship calls on those in the product life cycle to share responsibility for the impacts of products to make products safer for people and the environment, from design to disposal. Here, Western and Matheson was negligent in their product stewardship in relation to the propylene because they failed to provide adequate customer support, maintenance services, inspection and site visits, warnings and/or recall information about the propylene, its tank and/or piping. The failure to do so contributed to causing the release of propylene and subsequent explosion, which resulted in Plaintiffs' injuries and losses.

34.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of its conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damages.

## VII.
## DAMAGES

35.     As a direct and proximate result of the negligence, gross negligence, premises liability, and intentional tortious activity of Defendants, Plaintiffs sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems as well as various damages to their property. Plaintiffs will show that they have also sustained pain

Certified Document Number: 91208124 - Page 10 of 13

and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' failures. Plaintiffs have suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with their injuries. Plaintiffs have suffered damages to their property and seek to be fairly compensated for those damages, the costs associated with restoring their property to its pre-incident condition, and for the loss of use and value to the property.

36.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct.  Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damages.

**VIII.**
**RULE 193.7 NOTICE**

37.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

Certified Document Number: 91208124 - Page 11 of 13

## IX.
## REQUESTS FOR DISCLOSURE TO DEFENDANTS

38.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within the time required under Texas law, the information or material described in Rule 194.2 (a) through (l).

## X.
## CONDITIONS PRECEDENT

39.     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XI.
## JURY DEMAND

40.     Plaintiffs hereby demands a trial by jury.

## XII.
## PRAYER

41.     For the reasons discussed herein, Plaintiffs pray this court cite Defendants to appear and to answer herein and that Plaintiffs have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Actual damages;

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

Certified Document Number: 91208124 - Page 12 of 13

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages;

- Property damage;

- Costs of repair;

- Loss of use;

- Loss of value

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ Michael E. Pierce*

_____

MICHAEL E. PIERCE
State Bar No. 24039117
KYLE W. CHAPEL
State Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: kyle@pstriallaw.com
        michael@pstriallaw.com
        service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 91208124 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020

Certified Document Number:        91208124 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/7/2020 6:27:38 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44328741
By: SOLIS, ADILIANI A
Filed: 7/7/2020 6:27:38 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiffs' Original Petition

**FILE DATE:** _____7-07-20_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Watson Valve Services, Inc.

Address of Service:    4525 Gessner Road

City, State & Zip:    Houston, TX 77401

Agent (if applicable)   John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☑ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**     **Newspaper**_____

☐ **Temporary Restraining Order**     ☐ **Precept**     ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**   ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Michael E. Pierce   Bar # or ID   24039117

Mailing Address:   3701 Kirby Drive, Suite 760, Houston, TX 77098

Phone Number:   832-690-7000

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**   Plaintiffs' Original Petition

**FILE DATE:** _____7-07-20_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Watson Grinding and Manufacturing Co.

Address of Service:   4525 Gessner Road

City, State & Zip:   Houston, TX 77401

Agent (if applicable)   John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Michael E. Pierce   Bar # or ID   24039117

Mailing Address:   3701 Kirby Drive, Suite 760, Houston, TX 77098

Phone Number:   832-690-7000

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**   Plaintiffs' Original Petition

**FILE DATE:** _____ 7-07-20 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   KMHJ, Ltd.

**Address of Service:**   1400 McKinney Street, Suite 1212

**City, State & Zip:**   Houston, TX 77010

**Agent (if applicable)**   KMHJ Management Company, LLC

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☑ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**   **Newspaper**_____
- ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**   ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**   *Note: The email registered with EfileTexas.gov must be*
- ☐ **CERTIFIED MAIL by District Clerk**   *used to retrieve the E-Issuance Service Documents.*
  *Visit www.hcdistrictclerk.com for more instructions.*

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- ☐ **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name:   Michael E. Pierce   Bar # or ID   24039117

**Mailing Address:**   3701 Kirby Drive, Suite 760, Houston, TX 77098

**Phone Number:**   832-690-7000

Certified Document Number: 91208125 - Page 3 of 6

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Plaintiffs' Original Petition</u>

**FILE DATE:** _____<u>7-07-20</u>_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>KMHJ Management Company, LLC</u>

Address of Service: <u>1400 McKinney Street, Suite 1212</u>

City, State & Zip: <u>Houston, TX 77010</u>

Agent (if applicable) <u>Kelly Lee Watson</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Michael E. Pierce</u>  Bar # or ID <u>24039117</u>

Mailing Address: <u>3701 Kirby Drive, Suite 760, Houston, TX 77098</u>

Phone Number: <u>832-690-7000</u>

Certified Document Number: 91208125 - Page 4 of 6

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**   Plaintiffs' Original Petition

**FILE DATE:** _____7-07-20_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Western International Gas & Cylinders, Inc.

**Address of Service:**   7173 Highway 159 E.

**City, State & Zip:**   Bellville, TX 77418

**Agent (if applicable)**   Denis C. Haugen

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**     **Newspaper**_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   Michael E. Pierce   Bar # or ID   24039117

Mailing Address:   3701 Kirby Drive, Suite 760, Houston, TX 77098

Phone Number:   832-690-7000

Certified Document Number: 91208125 - Page 5 of 6

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiffs' Original Petition

**FILE DATE:** _____ 7-07-20 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Matheson Tri-Gas, Inc.

Address of Service:  1999 Bryan St., Suite 900

City, State & Zip:  Dallas, TX 75201

Agent (if applicable)  CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☑ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**   Newspaper_____
- ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**   ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- ☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Michael E. Pierce   Bar # or ID  24039117

Mailing Address:  3701 Kirby Drive, Suite 760, Houston, TX 77098

Phone Number:  832-690-7000

Certified Document Number: 91208125 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020

Certified Document Number:        91208125 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/8/2020 11:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44345380
By: Devanshi Patel
Filed: 7/8/2020 11:48 AM

CAUSE NO. 2020-40297

| | | |
|---|---|---|
| LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, and ROSA MARIA TORRES, | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| *Defendants*. | § | 151ST JUDICIAL DISTRICT |

---

**PLAINTIFFS' FIRST AMENDED PETITION**

---

Luis Matzar, Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, Rosa Maria Torres, and Veronica Zamora complain of Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc., and would respectfully show that:

## I.
## DISCOVERY CONTROL PLAN

1.  Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

Certified Document Number: 91217033 - Page 1 of 13

## II.
## JURISDICTION AND VENUE

2.      The claims asserted arise under the statutory and common law of Texas.

3.      This Court has jurisdiction and venue is proper because a substantial part of the acts and/or omissions giving rise to Plaintiffs' cause(s) of action occurred in Harris County, Texas.

4.      Plaintiffs seek recovery of damages within the jurisdictional limits of this Court.

## III.
## STATEMENT REGARDING MONETARY RELIEF SOUGHT

5.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief in excess of $1 million.  Discovery in this matter has just commenced and, therefore, Plaintiffs cannot reliably state a maximum amount of damages they are seeking at this time and reserve their right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

6.      Plaintiffs are residents of the State of Texas.

7.      Defendant Watson Valve Services, Inc., ("Watson Valve") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Watson Valve Services, Inc., may be served by and through its registered agent for service of process, John M. Watson, at 4525 Gessner Road, Houston, Texas 77401.

8.      Defendant Watson Grinding and Manufacturing Co. ("Watson Grinding") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Watson Grinding and Manufacturing Co. may be served by and through its registered agent for service of process, John M. Watson, at 4525 Gessner Road, Houston, Texas 77401.

2

9.      Defendant KMHJ, Ltd. ("KMHJ") is a Texas limited partnership doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant KMHJ, Ltd. may be served by and through its registered agent for service of process, KMHJ Management Company, LLC, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

10.     Defendant KMHJ Management Company, LLC, ("KMHJ Management") is a Texas limited liability company doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant KMHJ Management Company, LLC, may be served by and through its registered agent for service of process, Kelly Lee Watson, at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

11.     Defendant Western International Gas & Cylinders, Inc., ("Western") is a Texas corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Western International Gas & Cylinders, Inc., may be served by and through its registered agent for service of process, Denis C. Haugen, at 7173 Highway 159 E., Bellville, Texas 77418.

12.     Defendant Matheson Tri-Gas, Inc., ("Matheson") is a Delaware corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of conducting business within the State. Defendant Matheson Tri-Gas, Inc., may be served by and through its registered agent for service of process, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13.     To the extent that an above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Texas Rule of

Certified Document Number: 91217033 - Page 3 of 13

Civil Procedure 28, and Plaintiffs demand that, upon answering this suit, each Defendant answer in its correct legal name and assumed name.

## V.
## FACTS

14.     Around 4:25 a.m. on the morning of Friday, January 24, 2020, a massive explosion rocked the city of Houston awake and caused Plaintiffs' injuries and losses. The explosion occurred at the facility owned and operated by Defendant Watson Valve, Watson Grinding, KMHJ, and KMHJ Management, (collectively, the "Watson Defendants") which is located at 4525 Gessner Road in Houston. That morning, Plaintiff Luis Matzar arrived at the premises where he worked, but had not clocked in, when the explosion occurred, injuring Plaintiff Matzar and killing two others. The explosion was so violent that the Houston Chief of Police, Art Acevedo, labeled the site and surrounding areas a "disaster area" because of the widespread destruction that resulted in two (2) deaths, dozens of injuries, over 50 homes that were completely destroyed and hundreds of homes that sustained significant damage. Plaintiffs Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, Rosa Maria Torres, and Veronica Zamora were residents who lived in close proximity to the explosion and sustained and/or injuries and damage to their property.

15.     Houston fire officials identified propylene as the chemical involved in the explosion. Propylene is a hazardous chemical and the Houston Fire Department advised that HazMat crews secure a 2,000-gallon tank of propylene gas that was leaking at the blast site. Propylene is a gas at room temperature but becomes a liquid when placed under great pressure. With a flash point of 162 degrees Fahrenheit, propylene is highly flammable and can react vigorously with other materials to produce explosive mixtures.

Certified Document Number: 91217033 - Page 4 of 13

16.     While currently unknown how much propylene was stored at Defendants' facility, if a company has more than 10,000 pounds of propylene it is required to file a Risk Management Plan ("RPM") with the EPA. Defendants do not have an RMP on file. Additionally, under the Emergency Planning and Community Right to Know Act, companies with more than 10,000 pounds of propylene have to include it in its Tier II chemical inventory. Companies have to file those inventories with the state, its local emergency planning committee, and the local fire department. On its 2015 inventory, Defendants did not include propylene; they only listed liquefied oxygen

17.     The Watson Defendants owned, occupied, and controlled the facility and area where the explosion occurred and Plaintiff Matzar was injured. The condition of the area posed an unreasonable risk of harm and the Watson Defendants knew, or reasonably should have known, of the unreasonably dangerous condition. Neither Plaintiff Matzar, nor Plaintiffs Jose Mundo, Mirna Mundo, Victor Guerro, Abel Perez Marquez, Maria Rodriguez, Rosa Maria Torres, and Veronica Zamora had any knowledge of the unreasonably dangerous condition.

18.     Defendants Western and Matheson designed, marketed, manufactured, and/or modified some of the equipment, and their constitutive parts, which failed. Defendants Western and Matheson were negligent for breaching their product stewardship duties. These duties involve making products safer and imposes a duty on whoever produces, sells, or uses a product to take responsibility for minimizing that product's impact throughout all stages of the product's life cycle, including end of life management. Product stewardship calls on those in the product life cycle to share responsibility for the impacts of products to make products safer for people and the environment, from design to disposal. Here, Western and Matheson were negligent in their product stewardship in relation to the propylene because they failed to provide adequate customer support,

Certified Document Number: 91217033 - Page 5 of 13

maintenance services, inspection and site visits, warnings and/or recall information about the propylene, its tank and/or piping. The failure to do so contributed to causing the release of propylene and subsequent explosion, which resulted in Plaintiffs' injuries and losses.

19.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Watson Valve be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Watson Valve should be held liable under the doctrine of *respondeat superior*.

20.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Watson Grinding be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Watson Grinding should be held liable under the doctrine of *respondeat superior.*

21.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant KMHJ be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant KMHJ should be held liable under the doctrine of *respondeat superior*.

22.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant KMHJ Management be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant KMHJ Mangement should be held liable under the doctrine of *respondeat superior.*

23.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Western be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Western should be held liable under the doctrine of *respondeat superior.*

Certified Document Number: 91217033 - Page 6 of 13

24.     Should any negligent acts and/or omissions on the part of any employee(s), agent(s), and/or representative(s) of Defendant Matheson be found to be a proximate cause of Plaintiffs' injuries and losses, Defendant Matheson should be held liable under the doctrine of *respondeat superior.*

**VI.**
**CAUSES OF ACTION**

*A.     Negligence, Gross Negligence, and Intentional Tort against the Watson Defendants*

25.     Defendants are liable to Plaintiffs under the theories of negligence, gross negligence, and the intentional infliction of a tort. Plaintiffs sustained injuries because of Defendants when Defendants:

a.   Failed to provide a reasonably safe work environment;

b.   Failed to properly maintain and clean the work environment;

c.   Failed to properly inspect the premises;

d.   Failed to properly report safety hazards;

e.   Failed to develop, implement, and/or enforce proper safety policies and procedures;

f.   Failed to properly train and supervise their employees;

g.   Failed to have properly functioning monitors and alarms;

h.   Failed to properly maintain, inspect, and service the propylene tanks and piping on site;

i.   Failed to read, understand, and follow published safe work policies and practices;

j.   Failed to warn of a known hazardous and dangerous condition;

k.   Violated governmental regulations and standards including, but not necessarily limited to, OSHA and the EPA; and

Certified Document Number: 91217033 - Page 7 of 13

l.   Other acts and/or omissions so deemed negligent, grossly negligent, and/or intentional.

26.   Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of its conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damage.

27.   The dangers and risks at play were so great and manifest to Defendants that Defendants ought to be found and charged with intentionally or knowingly causing the complained of injuries and losses to Plaintiffs.

28.   Defendants are liable for the torts committed by its employees, servants, or agents during the course and scope of employment. Specifically, Defendants' employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendants business, had a general duty to exercise reasonable care in performing their work. Should negligent or grossly negligent acts and/or omissions on the part of Defendants employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiffs' injuries, Defendants are liable for those negligent or grossly negligent acts and omissions under the doctrine of *respondeat superior*.

**B.**     ***Premises Liability against the Watson Defendants***

29.   Defendants owned, occupied, and controlled the facility and area where the explosion occurred.

30.     The condition of the area where the explosion occurred posed an unreasonable risk of harm and Defendants had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiffs did not have actual knowledge of the unreasonably dangerous condition.

31.     Plaintiff Matzar was an invitee who entered Defendants' premises with Defendants' knowledge and for their benefit. Defendants had a duty to warn Plaintiff Matzar of unreasonably dangerous conditions upon their premises or to make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to warn Plaintiff Matzar of the known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

**C.     *Negligence and Gross Negligence against Defendants Western and Matheson***

32.     Defendants are liable to Plaintiffs under the theories of negligence, gross negligence, and the intentional infliction of a tort. Plaintiffs sustained injuries because of Defendants when Defendants:

      a.   Failed to properly inspect the premises;

      b.   Failed to properly report safety hazards;

      c.   Failed to develop, implement, and/or enforce proper safety policies and procedures;

      d.   Failed to properly train and supervise their employees;

      e.   Failed to have properly functioning monitors and alarms;

      f.   Failed to properly maintain, inspect, and service the propylene tanks and piping on site;

      g.   Failed to read, understand, and follow published safe work policies and practices;

      h.   Failed to warn of a known hazardous and dangerous condition; and

Certified Document Number: 91217033 - Page 9 of 13

i.   Other acts and/or omissions so deemed negligent and/or grossly negligent.

33.    Defendants Western and Matheson were negligent for breaching their product stewardship duties. These duties involve making products safer and imposes a duty on whoever produces, sells, or uses a product to take responsibility for minimizing that product's impact throughout all stages of the product's life cycle, including end of life management. Product stewardship calls on those in the product life cycle to share responsibility for the impacts of products to make products safer for people and the environment, from design to disposal. Here, Western and Matheson was negligent in their product stewardship in relation to the propylene because they failed to provide adequate customer support, maintenance services, inspection and site visits, warnings and/or recall information about the propylene, its tank and/or piping. The failure to do so contributed to causing the release of propylene and subsequent explosion, which resulted in Plaintiffs' injuries and losses.

34.    Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of its conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damages.

## VII.
## DAMAGES

35.    As a direct and proximate result of the negligence, gross negligence, premises liability, and intentional tortious activity of Defendants, Plaintiffs sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems as

well as various damages to their property. Plaintiffs will show that they have also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' failures. Plaintiffs have suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with their injuries. Plaintiffs have suffered damages to their property and seek to be fairly compensated for those damages, the costs associated with restoring their property to its pre-incident condition, and for the loss of use and value to the property.

36.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct.  Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Defendants are therefore liable for exemplary damages.

**VIII.**
**RULE 193.7 NOTICE**

37.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

11

## IX.
## REQUESTS FOR DISCLOSURE TO DEFENDANTS

38.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within the time required under Texas law, the information or material described in Rule 194.2 (a) through (l).

## X.
## CONDITIONS PRECEDENT

39.     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XI.
## JURY DEMAND

40.     Plaintiffs hereby demands a trial by jury.

## XII.
## PRAYER

41.     For the reasons discussed herein, Plaintiffs pray this court cite Defendants to appear and to answer herein and that Plaintiffs have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Actual damages;

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

Certified Document Number: 91217033 - Page 12 of 13

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages;

- Property damage;

- Costs of repair;

- Loss of use;

- Loss of value;

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ Michael E. Pierce*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
KYLE W. CHAPEL
State Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: kyle@pstriallaw.com
   michael@pstriallaw.com
   service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 91217033 - Page 13 of 13

13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020

Certified Document Number:        91217033 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/8/2020 3:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44359961
By: Kevin Childs
Filed: 7/8/2020 3:37 PM

CAUSE NO. 2020-40297

| | | |
|---|---|---|
| LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, and ROSA MARIA TORRES, | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| *Defendants.* | § § | 151st JUDICIAL DISTRICT |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

### I.     FACTUAL BACKGROUND

1.     This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "Watson Facilities") located in Houston, Texas.  The cause of the fire and explosion is currently unknown.

**WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC. - Page 1**
*ACTIVE 51347140v1*

Certified Document Number: 91222396 - Page 1 of 6

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      CROSSCLAIMS

### A. Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion

Certified Document Number: 91222396 - Page 2 of 6

and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

### B. Indemnity

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact

for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

**WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.** - Page 4
*ACTIVE 51347140v1*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

Certified Document Number: 91222396 - Page 5 of 6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

*/s/ Christopher M. LaVigne*
Christopher M. LaVigne

I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020


Certified Document Number:        91222396 Total Pages:  6


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7/14/2020 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44520259
By: Devanshi Patel
Filed: 7/14/2020 5:04 PM

**CAUSE NO. 2020-40297**

| | | |
|---|---|---|
| **LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, AND ROSA MARIA TORRES** | § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC.,** | § § § § § § § § | |
| **Defendants.** | § | **151st JUDICIAL DISTRCT** |

**ORIGINAL ANSWER OF DEFENDANTS
KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

**I.**

**GENERAL DENIAL**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

**ORIGINAL ANSWER OF DEFENDANTS
KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**  **Page 1**
RCT/CJR

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants,

Certified Document Number: 91302022 - Page 2 of 5

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

**VII.**

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

**VIII.**

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

**IX.**

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 3**
RCT/CJR

**X.**

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:   */s/ Robert C. Turner*
       Robert C. Turner
       State Bar No. 00791831
       17070 Dallas Parkway, Suite 100
       Dallas, Texas 75248
       Telephone (972) 715-1750
       Facsimile (972) 715-1759
       robertturner@silveralaw.com
       notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

Certified Document Number: 91302022 - Page 4 of 5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 14TH day of July 2020.

Michael E. Pierce  michael@pstriallaw.com
Kyle W. Chapel        kyle@pstriallaw.com
Pierce Skrabanek PLLC
service@pstriallaw.com
3701 Kirby Drive, Suite 760
Houston, TX 77098
*Counsel for Plaintiffs*

Mary-Olga Lovett
lovettm@gtlaw.com
Karl D. Burrer
burrerk@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002

Christopher M. LaVigne
lavignec@gtlaw.com
Daniel P. Elms  elmsd@gtlaw.com
Samuel G. Davison  davisons@gtlaw.com
Sarah-Michelle Stearns stearnssa@gtlaw.com
 GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
*Counsel for Defendants Western International Gas & Cylinder, Inc., and Matheson Tri-Gas, Inc.*

_____
*/s/ Robert C. Turner*
Robert C. Turner

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 5**
RCT/CJR



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020

Certified Document Number:        91302022 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7/16/2020 3:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44587790
By: Devanshi Patel
Filed: 7/16/2020 3:17 PM

## CAUSE NO. 2020-40297

| | | |
|---|---|---|
| **LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, and ROSA MARIA TORRES,** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC.,** | § § § § § § § § | |
| *Defendants.* | § § | **151st JUDICIAL DISTRICT** |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER

---

Defendants, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "Defendants"), hereby file their Original Answer as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim and cause of action asserted by Plaintiffs and demand strict proof thereof.

Certified Document Number: 91333675 - Page 1 of 3

## II.     **REQUEST FOR RELIEF**

WHEREFORE, Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. respectfully request that Plaintiffs take nothing by reason of their suit against Defendants, and that the Court grant such other and further relief, at law or in equity, to which Defendants are justly entitled.

Dated:  July 16, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

_/s/_ Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  State Bar No. 24046902
  starkb@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.**

Certified Document Number: 91333675 - Page 2 of 3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 16, 2020 via the Court's emailing system to all counsel of record.


<u>/s/ Christopher M. LaVigne</u>
Christopher M. LaVigne

<u>**WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER**</u> - Page 3
*ACTIVE 51499288v1*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 24, 2020


Certified Document Number:        91333675 Total Pages:  3


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**