## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **ESSENTIA INSURANCE COMPANY,** | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA,** | § | |
| **SERVICE INSURANCE COMPANY,** | § | |
| **ACCEPTANCE INDEMNITY** | § | |
| **INSURANCE COMPANY, TEXAS** | § | |
| **FAIR PLAN ASSOCIATION, RVOS** | § | **ADVERSARY NO. _____** |
| **FARM MUTUAL INSURANCE** | § | |
| **COMPANY, ALLIED TRUST** | § | |
| **INSURANCE COMPANY, AND** | § | |
| **SOUTHERN VANGUARD** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Essentia*

*Insurance Company, Occidental Fire & Casualty Company of North Carolina, Service Insurance Company, Acceptance Indemnity Insurance Company, Texas Fair Plan Association, RVOS Farm Mutual Insurance Company, Allied Trust Insurance Company, and Southern Vanguard Insurance Company vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause No. 2020-40243, pending in the 133rd Judicial District Court of Harris County, Texas (the "State Court Action").

## I.       Procedural Background and Nature of Suit

1.       On July 7, 2020, Essentia Insurance Company, Occidental Fire & Casualty Company of North Carolina, Service Insurance Company, Acceptance Indemnity Insurance Company, Texas Fair Plan Association, RVOS Farm Mutual Insurance Company, Allied Trust Insurance Company, and Southern Vanguard Insurance Company (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc (collectively, the "Defendants").  In the Original Petition, the Plaintiffs assert claims of negligence (on behalf of the listed Insureds) against the Defendants.

2.       On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.       On July 15, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed their Original Answer.

4.       On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in

the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.  Basis for Removal

5.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

6.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

8.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

9.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

10.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

11.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.    Core or Non-Core Bankruptcy Jurisdiction

12.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

13.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.    Parties and Notice

14.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 133rd Judicial District Court of Harris County, Texas.

15.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Matthiesen, Wickert & Lehrer, S.C.<br>Mark A. Solomon<br>7703 N. Lamar, Suite 104<br>Austin, Texas 78752<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC.<br>AND WESTERN INTERNATIONAL GAS &<br>CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ<br>MANAGEMENT COMPANY, LLC** |

## V.     Process and Pleadings

16.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

17.     In the State Court Action, no citations of service have been issued.

18.     In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 25, 2020.

Respectfully submitted,

JONES MURRAY & BEATTY, LLP

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.

HughesWattersAskanase, LLP

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

PROPOSED COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.

AND

**McCOY LEAVITT LASKEY LLC**

By:  _/s/ *Michael I. Ramirez*_____
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING &
MANUFACTURING CO.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 25, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Matthiesen, Wickert & Lehrer, S.C.<br>Mark A. Solomon<br>7703 N. Lamar, Suite 104<br>Austin, Texas 78752<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. & WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

# 2020-40243

**COURT:**   133rd

**FILED DATE:**  7/7/2020

**CASE TYPE:**   Other Injury or Damage



### ESSENTIA INSURANCE COMPANY

**Attorney: SOLOMON, MARK ANDREW**

### vs.

### WATSON VALVE SERVICES INC

| Docket Sheet Entries | |
| --- | --- |
| Date | Comment |

7/7/2020 3:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44321187
By: C Ougrah
Filed: 7/7/2020 3:52 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ESSENTIA INSURANCE COMPANY, | § | IN THE DISTRICT COURT |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA, | § | |
| SERVICE INSURANCE COMPANY, | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
| TEXAS FAIR PLAN ASSOCIATION, | § | |
| RVOS FARM MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| ALLIED TRUST INSURANCE COMPANY, | § | |
| AND SOUTHERN VANGUARD INSURANCE | § | |
| COMPANY | § | |
| | § | |
| | § | |
| VS. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERNINTERNATIONAL | § | |
| GAS & CYLINDERS, | § | |
| INC., AND MATHESON TRI-GAS, INC. | § | HARRIS COUNTY, TEXAS |

## **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

ESSENTIA INSURANCE COMPANY, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, SERVICE INSURANCE COMPANY, ACCEPTANCE INDEMNITY INSURANCE COMPANY, TEXAS FAIR PLAN ASSOCIATION, RVOS FARM MUTUAL INSURANCE COMPANY, ALLIED TRUST INSURANCE COMPANY, AND SOUTHERN VANGUARD INSURANCE COMPANY (hereinafter referred to as "Plaintiffs"), Plaintiffs herein, files this Plaintiffs' Original Petition, complaining of WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., Defendants herein, and for cause of action, Plaintiffs show:

## I. DISCOVERY CONTROL PLAN

1.     Plaintiffs intends that discovery be conducted under Level 3 discovery plan and that the Court enter a docket control matter for this cause of action.

## II.  PARTIES

2.     Plaintiffs are domestic and foreign insurance companies, who at all relevant times hereto, provided real and personal property insurance policies to Texas residents.  On January 24, 2020, an explosion at Defendants WATSON VALVES SERVICES, INC.'S and WATSON GRINDING AND MANUFACTURING CO.'S facility (hereinafter, the "Facility") located at 4525 Gessner Road, Houston, Harris County, Texas 77041, caused damages to Plaintiffs' insureds real and personal property, for which Plaintiffs paid out damages.  Each of the named Plaintiffs insured multiple properties.  As such, each of Plaintiffs' first-party claims are listed herein.

3.     Plaintiff, ESSENTIA INSURANCE COMPANY, is a foreign corporation with its principle place of business at 4521 Highwoods Parkway, Glen Allen, VA 23060.  At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | William Keckeisen | 4411 Steffani Ln. Houston, Texas 77041 | $26,537.44 |
| 2. | Stanley Rossman | 4411 Steffani Ln. Houston, Texas 77041 | $23,814.32 |
| 3. | Michael Kamins | 4411 Steffani Ln. Houston, Texas 77041 | $32,609.27 |
| 4. | David Ressler | 4411 Steffani Ln. Houston, Texas 77041 | $13,893.00 |
| 5. | William Usher | 4411 Steffani Ln. Houston, Texas 77041 | $32,890.81 |
| 6. | Randall Eastburg | 4411 Steffani Ln. Houston, Texas 77041 | $14,847.99 |

4.      Plaintiff, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, is

a foreign corporation with its principle place of business at 702 Oberlin Road, Raleigh, NC 27605.

At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal

property of the following named insureds, loss location, and current amount of damages.  Plaintiff

reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | Julian De La Riva | 4519 Laureldale Rd. Houston, Texas 77041 | $3,164.95 |
| 2. | Linh Nguyen | 4810 E Laureldale Dr. Houston, Texas 77041 | $10,715.07 |
| 3. | Kerry Shirley | 10155 Kemp Forest Dr. Houston, Texas 77080 | $2,926.42 |
| 4. | Kerry Shirley | 3032 Gessner Rd. Houston, Texas 77080 | $1,935.27 |
| 5. | Prabhat Sharma | 1232 Westwick Forest Ln. Houston, Texas 77043 | $3,100.00 |
| 6. | Steven Tong | 10602 Eagle Glen Dr. Houston, Texas 77041 | $2,990.00 |
| 7. | Tae Kim | 4903 Shadowdale Dr. Houston, Texas 77041 | $6,885.67 |
| 8. | Dahn Nguyen | 5010 Newpark Dr. Houston, Texas 77041 | $6,490.83 |
| 9. | Carlisle Young | 4323 Spring Brook Ct. Houston, Texas 77041 | $2,510.00 |
| 10. | Joyce Owens | 10311 Colony Ct. Houston, Texas 77041 | $11,321.03 |
| 11. | Theresa Muir | 10503 White Fawn Dr. Houston, Texas 77041 | $10,177.07 |
| 12. | Cynthia Isome | 10260 Sunwood Dr. Houston, Texas 77041 | $126,061.82 |
| 13. | Jennifer Isome | 4823 E. Laureldale Dr. Houston, Texas 77041 | $8,428.98 |
| 14. | Ann Rawlinson | 4514 Stanford Ct. Houston, Texas 77041 | $141,826.40 |
| 15. | Lazaro Mercado | 5115 E. Fallen Bough Dr. Houston, Texas 77041 | Pending |

5.      Plaintiff, SERVICE INSURANCE COMPANY, is a foreign corporation with its principle

place of business at 702 Oberlin Road, Raleigh, NC 27605.  At all times relevant hereto, this

insurer provided insurance coverage for the real and/or personal property of the following named

insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | Ricardo Reyes | 10310 Bridgeland Ln. Houston, Texas 77041 | $42,632.92 |
| 2. | Westport Shores, LLC | 10321 Bridgeland Ln. Houston, Texas 77041 | $14,280.60 |
| 3 | Michael Brookings | 10322 Ivy Oaks Ln. Houston, Texas 77041 | $29,713.93 |

6.    Plaintiff, ACCEPTANCE INDEMNITY INSURANCE COMPANY, is a foreign corporation with its principle place of business at 702 Oberlin Road, Raleigh, NC 27605.  At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | Kum Sun Song | 4501 N. Gessner Rd. Houston, Texas 77041 | $391,000.00 |

7.    Plaintiff, TEXAS FAIR PLAN ASSOCIATION, is a Texas corporation with its principle place of business at PO Box 99080, Austin, Texas 78709.  At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | Michael Allender | 10406 N. Laureldale, Dr. Houston, Texas 77041 | $2,250.00 |
| 2. | Ramiro Alvarado | 10302 Goodrum Rd. Houston, Texas 77041 | $19,910.91 |
| 3. | Pablo Benitez | 10414 N. Laureldale Dr. Houston, Texas 77041 | $4,578.00 |
| 4. | Lucia Bermudez | 10320 Bell Gardens Dr. Houston, Texas 77041 | $50,079.39 |
| 5. | Matthew Bukovicky | 4707 Tenderwood Dr. | $7,792.98 |

| | | Houston, Texas 77041 | |
|---|---|---|---|
| 6. | Justino Castillo | 10218 Northview Dr.<br>Houston, Texas 77041 | $12,149.40 |
| 7. | Jorge A. Castillo-Mancia | 10320 Richmond Hill Dr.<br>Houston, Texas 77041 | $120,645.00 |
| 8. | Pauline Cheatham | 2307 Stevens St.<br>Houston, Texas 77026 | $8,663.00 |
| 9. | Sergio Cruz | 10407 Eagle Glen Dr.<br>Houston, Texas 77041 | $5,660.90 |
| 10. | Lisandro Duran | 10603 Rockcrest Rd.<br>Houston, Texas 77041 | $16,906.44 |
| 11. | Chris Glynn | 4414 Stanford Ct.<br>Houston, Texas 77041 | $23,537.02 |
| 12. | Francisco Grimaldo-Rangel | 4309 Talina Way<br>Houston, Texas 77041 | $24,960.98 |
| 13. | Mario Hernandez | 10247 Field Stone Dr.<br>Houston, Texas 77041 | $27,322.95 |
| 14. | Minh Ho | 4806 Shadowdale Dr.<br>Houston, Texas 77041 | $8,418.92 |
| 15. | Victoria Lazar | 10321 Gladewood<br>Houston, Texas 77041 | $34,382.07 |
| 16. | Van Le | 4524 Stanford Ct.<br>Houston, Texas 77041 | $23,421.77 |
| 17. | Jair Leal | 4522 Talina Way<br>Houston, TX 77041 | $36,966.82 |
| 18. | Luis Macias | 4426 Hollow Hood Rd.<br>Houston, Texas 77388 | $5,274.71 |
| 19. | Soan Maradiaga | 10446 N. Shadowdale Dr.<br>Houston, Texas 77041 | $9,518.15 |
| 20. | Delfino Mendez | 4530 Hollow Hook Rd.<br>Houston, Texas 77041 | $4,931.76 |
| 21. | Alvaro Mendieta | 10329 Colony Ct.<br>Houston, Texas 77041 | $22,763.28 |
| 22. | Efrain Alvarado Morales | 10406 White Fawn Dr.<br>Houston, Texas 77041 | $13,964.46 |
| 23. | Estella Moreno | 4438 Stanford Ct.<br>Houston, Texas 77041 | $101,899.00 |
| 24. | Ramprasath Muthuvarathan | 10614 Lybert Rd.<br>Houston, Texas 77041 | $19,772.21 |
| 25. | Chanh Ngo | 10319 Goodrum Rd.<br>Houston, Texas 77041 | $10,834.22 |
| 26. | Phuong Nguyen | 4614 Talina Way<br>Houston, Texas 77041 | $22,841.88 |
| 27. | Jong Pill Oh | 5931 Solar Point Ln.<br>Houston, Texas 77041 | $105,540.39 |
| 28. | Ormandy Properties, LLC | 10249 Field Stone<br>Houston, Texas 77041 | $37,054.46 |
| 29. | William Petry | 10506 Juniper Glen Dr. | $5,473.90 |

| NO. | | | |
|---|---|---|---|
| | | Houston, Texas 77041 | |
| 30. | Hector Rivas | 10249 Colony Ct. Houston, Texas 77041 | $23,981.04 |
| 31. | Inmer Rivas | 10311 Bridgeland Ln. Houston, Texas 77041 | $78,827.00 |
| 32. | Faustino Roman | 4408 Stanford Ct. Houston, Texas 77041 | $41,796.83 |
| 33. | Samuel Ruffino | 10323 Rockcrest Dr. Houston, Texas 77041 | $1,870.00 |
| 34. | Maria Salazar | 9834 La Vista Dr. Houston, Texas 77041 | $10,786.62 |
| 35. | Aggarwa Santosh | 4911 E. Fallen Bough Dr. Houston, Texas 77041 | Pending |
| 36. | Amanda Sutton | 10328 Bridgeland Ln. Houston, Texas 77041 | $220,619.68 |
| 37. | Giovana Tapia | 10318 Rockcrest Dr. Houston, Texas 77041 | $88,498.84 |
| 38. | Alex Tran | 4406 Stanford Ct. Houston, Texas 77041 | $99,934.00 |
| 39. | Luga Turrabiates | 10261 Field Stone Dr. Houston, Texas 77041 | $30,944.36 |
| 40. | Edith Vaesa | 10244 Bridgeland Ln. Houston, Texas 77041 | $69,054.00 |
| 41. | Ha Vo | 10526 Eagle Glen Dr. Houston, Texas 77041 | $8,895.91 |
| 42. | Allen Wu | 10314 Ivy Oaks Ln. Houston, Texas 77041 | $37,433.21 |
| 43. | Logan Zare | 10415 White Fawn Dr. Houston, Texas 77041 | $17,958.86 |

8.    Plaintiff, RVOS FARM MUTUAL INSURANCE COMPANY, is a Texas corporation with its principle place of business at 2301 S. 37th St., Temple, Texas 76504.  At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Esteban Hernandez | 4513 Hollow Hook Rd. Houston, Texas 77041 | $2,499.00 |
| 2. | Robb King | 10252 Colony Ct. Houston, Texas 77041 | $96,178.90 |

9.      Plaintiff, ALLIED TRUST INSURANCE COMPANY, is a foreign corporation with its principle place of business at 4200 W. Cypress St., Suite 520, Tampa, FL 33607.  At all times relevant hereto, this insurer provided insurance coverage for the real and personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|---------------|---------------|--------------|
| 1. | Maria Flores | 10411 N. Laureldale Dr. Houston, Texas 77041 | $6,386.73 |
| 2. | Myra Jefferson | 5417 N. Gessner Rd. Houston, Texas 77041 | $28,100.99 |
| 3. | Robert Jones | 4930 Steffani Ln. Houston, Texas 77041 | $12,232.16 |
| 4. | Norma Ortiz | 10502 Ivy Oaks Dr. Houston, Texas 77041 | Pending |

10.     Plaintiff, SOUTHERN VANGUARD INSURANCE COMPANY, is a Texas corporation with its principle place of business at 3730 Kirby Drive, Suite 850, Houston, Texas 77098.  At all times relevant hereto, this insurer provided insurance coverage for the real and/or personal property of the following named insureds, loss location, and current amount of damages.  Plaintiff reserves the right to amend the amounts of damages listed as not all claims have been finalized.

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|---------------|---------------|--------------|
| 1. | Saul Aguilar | 4417 Terrace Manor Ct. Houston, Texas 77041 | $25,477.68 |
| 2. | Latonia Cole | 10302 Heatherford Ct. Houston, Texas 77041 | $10,604.87 |
| 3. | Refugio Gutierrez | 10351 Lone Brook Dr. Houston, Texas 77041 | $10,209.65 |
| 4. | Anna Luisa Juarez | 10326 Sommerville Ave. Houston, Texas 77041 | $42,602.96 |
| 5. | Lynda Milner | 2627 Parana Dr. Houston, Texas 77080 | $82,038.74 |
| 6. | Erik Morales | 10502 Rockcrest Rd. Houston, Texas 77041 | $5,384.00 |
| 7. | Carlos Ortiz | 10322 Heatherford Ct. Houston, Texas 77041 | $23,515.23 |

| 8. | Rita Robles | 10314 Juniper Glen Dr. Houston, Texas 77041 | $4,471.47 |
| 9. | Misop Shin | 4707 Newpark Dr. Houston, Texas 77041 | $7,739.75 |
| 10. | Christina Anne Thurman | 4321 Talina Way Houston, Texas 77041 | $12,203.63 |
| 11. | Fernando Tienda | 4903 Tenderwood Dr. Houston, Texas 77041 | $9,761.45 |
| 12. | Maria Adela Uriostegui | 10251 Valleywood Dr. Houston, Texas 77041 | $113,878.00 |
| 13. | Raul Vargas | 10343 Lone Brook Dr. Houston, Texas 77041 | $9,575.53 |
| 14. | William Wallingsford | 4927 Shadowdale Dr. Houston, Texas 77041 | $6,554.38 |

11.    Defendant WATSON VALVE SERVICES, INC. (hereinafter "WV") is a domestic corporation with its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WV may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041, or wherever he may be found.  Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

12.    Defendant WATSON GRINDING AND MANUFACTURING CO. (hereinafter "WGM") is a domestic corporation with its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WGM may be served with process by serving its registered agent, John M. Watson, 4525 Gessner Road, Houston, Texas 77041, or wherever he may be found.  Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

13.    Defendant KMHJ, LTD., is a domestic limited partnership authorized to conduct business within the State of Texas. KMHJ, LTD. may be served with process by serving its registered agent, KMHJ Management Company, LLC, 1400 McKinney Street, Suite 1212, Houston, Texas 77010. Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

14.    Defendant KMHJ MANAGEMENT COMPANY, LLC, is a domestic limited liability company authorized to conduct business within the State of Texas. KMHJ MANAGEMENT COMPANY, LLC. may be served with process by serving its registered agent, Kelly Lee Watson,

1400 McKinney Street, Suite 1212, Houston, Texas 77010.  Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

15.     Defendant WESTERN INTERNATIONAL GAS & CYLINDERS, INC. (hereinafter "Western Gas"), is a corporation authorized to conduct business within the State of Texas. Western Gas may be served with process by serving its registered agent, Denise C. Haugen, 7173 Highway 159 E., Bellville, Texas 77418.  Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

16.     Defendant MATHESON TRI-GAS, INC. (hereinafter "Matheson"), is a corporation authorized to conduct business within the State of Texas. Western Gas may be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Service of process via Certified Mail, Return Receipt Requested, is hereby requested by Plaintiffs.

### III. JURISDICTION AND VENUE

17.     The amount in controversy for each of the Plaintiffs named herein exceeds the minimum jurisdictional limits of the Court.

18.     The Court has jurisdiction over all of the Defendants because they all maintain offices in Texas and/or maintained sufficient contacts within the State of Texas to satisfy the notions of fair play and substantial justice.

19.     Venue is proper in Harris County, Texas as all or substantially all of the acts and/or omissions giving rise to Plaintiffs' causes of action occurred in Harris County, Texas.

### IV. FACTS

20.     On or about January 24, 2020, at approximately 4:25 am, an explosion occurred at the Facility located at 4525 Gessner Road, Houston, Harris County, Texas 77041.  The Facility consisted of multiple buildings on an approximately four-acre tract of land.

21.     It is on information and belief that both WV and WGM were tenants that operated and

conducted various manufacturing processes at the Facility. It is believed that WV was primarily engaged in the business of manufacturing industrial valves for use in the mining business. It is believed that WGM was primarily engaged in the business of manufacturing equipment and maintaining oil filed and mining parts and equipment.

22.     The property and improvements at the Facility were owned, operated, maintained, and supervised by Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC.

23.     It is on information and belief that the epicenter of the explosion occurred at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing a robotic arm. Said robotic arm ignited propylene to heat coatings material before the material was applied to valves and other materials during the manufacturing process.

24.     Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The Facility was equipped with a 2,000-gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system of high-pressure piping and valves to transport propylene from the storage tank to the coatings building. Upon information and belief, the valves for the propylene high-pressure piping were left in the open (flow) position the night before the explosion rather than being closed per WV's and/or WGM's end-of-shift shutdown procedures.

25.     Western Gas and/or Matheson were responsible for selling, delivering, and loading the propylene to the 2,000-gallon storage tank at the Facility. It is on information and belief, Western Gas and/or Matheson monitored the gas levels inside the storage tank and received notifications when the propylene inside the storage tank reached a certain level.

26.     It is believed that the explosion was caused by a propylene leak at or inside of the coatings building. It is believed that propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

27.     The massive explosion that made the basis of this lawsuit was heard and felt upwards of 30 miles away.  The explosion caused damage to hundreds of houses, buildings, and structures within the blast zone of the explosion.  Additionally, numerous people were injured and tragically several people perished as a result of the explosion.

28.     The Plaintiffs named herein all provided insurance coverage to their insureds for their real and/or personal property.  Following the explosion, Plaintiffs' insureds submitted first-party claims for damages caused by the explosion.  Once the payments were made, or will be made, Plaintiffs became, or will become, contractually subrogated to the rights of their insureds.  All the policies written by Plaintiffs for their insureds provide the assignment of rights to pursue any potential responsible party for any money paid out to or on behalf of their insureds.  Furthermore, because of the satisfaction of a debt owed by a third-party or third-parties, Plaintiffs are equitably subrogated to the amounts paid out to their insureds.

## V. CAUSES OF ACTION

28.     Defendants WV and WGM and/or their employees and/or agents were negligent in the installation, inspection, and work performed pertaining to the maintenance and storage of the propylene, including but not limited to, the tanks, piping, and other equipment which used or serviced the propylene at the Facility.  WV and WGM and/or their employees and/or agents failed to act as a reasonably prudent owner and operator of an industrial manufacturing facility.  WV and WGM and/or their employees and/or agents acts and/or omissions are as follows:

(a)     failure to properly inspect and maintain the propylene piping, when such inspections and maintenance would have corrected and repaired any leaks;

(b)     failure to employ and operate have an adequate leak detection system for the 2,000-gallon propylene tank that would have alerted employees and the surrounding residents, businesses, and individuals near the Facility about the existence of a propylene leak;

(c)     failure to employ appropriate and safe shutdown procedures, where such procedures would have stopped the flow of propylene during non-working hours;

(d)     failure to adequately and properly repair any pre-existing propylene leaks;

(e)     failure to properly inspect and maintain the coatings robots and all associated propylene piping located inside the coatings building, including piping segments that experienced a history of leaks, when such inspections and maintenance would have prevented leaks from occurring;

(f)     failure to have a properly operating lower explosive limit detection system at the Facility that would have detected any leaking propylene; and

(g)     other acts of negligence that will be more fully identified during the course of discovery.  WV and WGM and/or their employees and/or agents acts and/or omissions constituted a breach of duty which was a proximate cause of Plaintiffs' damages.

29.     Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC and/or their employees and/or agents knew of should have known that WV and WGM were operating a propylene gas piping system that was in poor condition, had sustained several leaks, had an inoperative low explosive limit detection system, and that the storage and maintenance of a highly combustible gas such as propylene constituted a danger to neighboring property owners and the general public.  Defendants KMHJ, LTD. and KMHJ MANAGEMENT COMPANY, LLC and/or their employees and/or agents failed to act as a reasonably prudent property owner.  These acts and/or omissions constituted a breach of duty which was a proximate cause of Plaintiffs' damages.

30.     Defendants Western Gas and Matheson and/or their employees and/or agents were negligent in the installation, supplying, and monitoring of the propylene, including but not limited to, the tanks, piping, and other equipment which used or serviced the propylene at the Facility. Western Gas and Matheson and/or their employees and/or agents acts and/or omissions are as follows:

(a)     failure to properly monitor the propylene storage tanks at the Facility;

(b)     negligently continuing to supply propylene gas to WV and/or WGM when it knew or should of known that the propylene piping system was unsafe and had experienced leaks;

(c)     negligently continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene system was not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

(d)     negligently continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

(e)     other acts of negligence that will be more fully identified during the course of discovery.  Western Gas and Matheson and/or their employees and/or agents acts and/or omissions constituted a breach of duty which was a proximate cause of Plaintiffs' damages.

## VI. DAMAGES

31.     As a proximate result of the forgoing acts and/or omission by Defendants, Plaintiffs sustained the following damages:

a.     Costs of repair to residential and commercial properties;

b.     Costs of repair to personal property;

c.     Costs to replace property which was completely destroyed;

d.     Loss of use damages;

e.     Additional living expenses while properties were uninhabitable.

## VII.  RULE 194 REQUEST FOR DISCOLSURE

32.     Pursuant to Texas Ruel of Civil Procedure 194.1, et. seq., Defendants are requested to provide within 50 days of service of Plaintiff's Original Petition, the information and material described in Texas Rule of Civil Procedure 194.2.

## VIII. PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have:

1) Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court.

2) Pre-judgment interest at the highest interest rate allowable by law from the date suit was filed, until judgment;

3) Post-judgment interest at the highest interest rate allowable by law;

4) Costs of suit; and

5) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**MATTHIESEN, WICKERT & LEHRER, S.C.**

By: /S/ Mark A. Solomon
_____
MARK A. SOLOMON
TBA #24052179
7703 N. Lamar, Suite 104
Austin, Texas 78752
(800) 637-9176 PHONE
(262) 673-3766 FAX
msolomon@mwl-law.com

ATTORNEY FOR PLAINTIFFS

7/8/2020 7:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44369248
By: Iliana Perez
Filed: 7/8/2020 7:03 PM

## CAUSE NO. 2020-40243

| | | |
|---|---|---|
| ESSENTIA INSURANCE COMPANY, OCCIDENTAL FIRE & CASUALTY COMP ANY OF NORTH CAROLINA, SERVICE INSURANCE COMP ANY, ACCEPTANCE INDEMNITY INSURANCE COMPANY, TEXAS FAIR PLAN ASSOCIATION, RVOS FARM MUTUAL INSURANCE COMPANY, ALLIED TRUST INSURANCE COMP ANY, AND SOUTHERN VAN GUARD INSURANCE COMPANY | § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| vs. | § § | 133ʳᵈ JUDICIAL DISTRICT |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERNINTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC. | § § § § § § § § | |
| **Defendants.** | § § § | HARRIS COUNTY, TEXAS |

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

## I.    FACTUAL BACKGROUND

1.     This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "Watson Facilities") located in Houston, Texas.   The cause of the fire and explosion is currently unknown.

2.     Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.     Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.     Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.    CROSSCLAIMS

### A.  Comparative Liability and Contribution

5.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

**B.  Indemnity**

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion

and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

## III.   <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

*/s/ Christopher M. LaVigne*
Christopher M. LaVigne

7/15/2020 1:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44544340
By: EVELYN PALMER
Filed: 7/15/2020 1:58 PM

## CAUSE NO. 2020-40243

| | | |
|---|---|---|
| **ESSENTIA INSURANCE COMPANY, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, SERVICE INSURANCE COMPANY, ACCEPTANCE INDEMNITY INSURANCE COMPANY, TEXAS FAIR PLAN ASSOCIATION, RVOS FARM MUTUAL INSURANCE COMPANY, ALLIED TRUST INSURANCE COMPANY, AND SOUTHERN VANGUARD INSURANCE COMPANY,** | § § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § § | |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, MATHESON TRI-GAS, INC.,** | § § § § § § § § | |
| **Defendants.** | § | **133rd JUDICIAL DISTRCT** |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                                    **Page 1**
RCT/CJR

## I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001;

§41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

## VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the

Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:   /s/ Robert C. Turner
        Robert C. Turner
        State Bar No. 00791831
        17070 Dallas Parkway, Suite 100
        Dallas, Texas 75248
        Telephone (972) 715-1750
        Facsimile (972) 715-1759
        robertturner@silveralaw.com
        notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 15th day of July 2020.

| | |
|---|---|
| Mark A. Solomon    msolomon@mwl-law.com | Mary-Olga Lovett    lovettm@gtlaw.com |
| Matthiesen, Wickert & Lehrer, S.C. | Karl D. Burrer    burrerk@gtlaw.com |
| 7703 N. Lamar, suite 104 | Greenberg Traurig, LLP |
| Austin, TX 78752 | 1000 Louisiana, Suite 1700 |
| *Counsel for Plaintiffs* | Houston, TX 77002 |

Christopher M. LaVigne lavignec@gtlaw.com
Daniel P. Elms    elmsd@gtlaw.com
Samuel G. Davison    davisons@gtlaw.com
Sarah-Michelle Stearns stearnssa@gtlaw.com
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
*Counsel for Defendants Western International Gas & Cylinder, Inc., and Matheson Tri-Gas, Inc.*

        /s/ Robert C. Turner
        Robert C. Turner