## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE** | § | |
| **COMPANY A/S/O CSAT** | § | |
| **INVESTMENT HOLDINGS LLC** | § | |
| **AND INSIGNIA HOSPITALITY** | § | |
| **GROUP, INC., SENTINEL** | § | |
| **INSURANCE COMPANY, LTD.** | § | |
| **A/S/O ART FOUNDRY CARPINO** | § | **ADVERSARY NO. _____** |
| **D/B/A MIKE CARPINO, PROPERTY** | § | |
| **& CASUALTY INSURANCE** | § | |
| **COMPANY OF HARTFORD A/S/O** | § | |
| **LAURALYN A. MICHAEL, and** | § | |
| **NAUTILUS INSURANCE COMPANY** | § | |
| **A/S/O TEXAS ENVIRONMENTAL** | § | |
| **CONTROL, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

1

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Hartford*

*Fire Insurance Company a/s/o CSAT Investment Holdings LLC and Insignia Hospitality Group, Inc., Sentinel*

*Insurance Company, Ltd. a/s/o Art Foundry Carpino d/b/a Mike Carpino, Property & Casualty Insurance*

*Company of Hartford a/s/o Lauralyn A. Michael, and Nautilus Insurance Company a/s/o Texas Environmental*

*Control, Inc. vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ*

*Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.*, Cause

No. 2020-40232, pending in the 190th Judicial District Court of Harris County, Texas (the "State Court

Action").

### I.      Procedural Background and Nature of Suit

1.      On July 7, 2020, Hartford Fire Insurance Company a/s/o CSAT Investment Holdings

LLC and Insignia Hospitality Group, Inc., Sentinel Insurance Company, Ltd. a/s/o Art Foundry

Carpino d/b/a Mike Carpino, Property & Casualty Insurance Company of Hartford a/s/o Lauralyn

A. Michael, and Nautilus Insurance Company a/s/o Texas Environmental Control, Inc., (collectively,

the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services,

Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC,

Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc., (collectively, the

"Defendants").  In their Original Petition, the Plaintiffs asserts claims of negligence (on behalf of the

listed Insureds) against the Defendants.

2.      On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas,

Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc.

was filed.

3.      On July 15, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed their Original Answer.

4.      On July 27, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

## IV.   Parties and Notice

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 190th Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Doyen Sebesta & Poelma, LLLP<br>Randall J. Poelma, Jr.<br>William T. Sebesta<br>16945 Northchase Drive, Suite 1400<br>Houston, Texas 77060<br><br>J. Benjamin Staherski<br>White & Williams, LLP<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA 19103-7395<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.      Process and Pleadings

17.      Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.      In the State Court Action, no citations of service have been issued.

19.      In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 28, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**PROPOSED SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HUGHESWATTERSASKANASE, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**PROPOSED COUNSEL FOR JANET S.
NORTHRUP, CHAPTER 11 TRUSTEE OF THE
ESTATE OF WATSON GRINDING &
MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:   */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING &
MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on July 28, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Doyen Sebesta & Poelma, LLLP<br>Randall J. Poelma, Jr.<br>William T. Sebesta<br>16945 Northchase Drive, Suite 1400<br>Houston, TX 77060<br><br>J. Benjamin Staherski<br>White & Williams, LLP<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA 19103-7395<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas 77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

# 2020-40232

**COURT:** 190th

**FILED DATE:** 7/7/2020

**CASE TYPE:** Other Injury or Damage



### HARTFORD FIRE INS CO ASO CSAT INVESTMENT HOLDINGS

**Attorney: POELMA, RANDALL J.**

**vs.**

### WATSON VALVE SERVICES INC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

7/7/2020 2:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44311712
By: D Burton
Filed: 7/7/2020 2:10 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY a/s/o CSAT INVESTMENT HOLDINGS LLC and INSIGNIA HOSPITALITY GROUP, INC.; SENTINEL INSURANCE COMPANY, LTD. a/s/o ART FOUNDRY CARPINO d/b/a MIKE CARPINO; PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD a/s/o LAURALYN A. MICHAEL; and NAUTILUS INSURANCE COMPANY a/s/o TEXAS ENVIRONMENTAL CONTROL, INC.** | § § § § § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.,** | § § § § § § § § | |
| **Defendants.** | § | **____ JUDICIAL DISTRICT COURT** |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW Plaintiffs, Hartford Fire Insurance Company a/s/o CSAT Investment Holdings LLC and Insignia Hospitality Group, Inc., Sentinel Insurance Company, Ltd. a/s/o Art Foundry Carpino d/b/a Mike Carpino, Property & Casualty Insurance Company of Hartford a/s/o Lauralyn A. Michael, and Nautilus Insurance Company a/s/o Texas Environmental Control, Inc. (hereinafter referred to as "Plaintiffs" or "Insurers") complaining of defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd, KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. and in support of their causes of action shall show unto this Court as follows:

## I.     DISCOVERY CONTROL PLAN

1.     Plaintiffs request that this matter be governed under a Level 3 discovery control plan and the Court enter a docket control order for this matter.

## II.     CLAIM FOR RELIEF

2.     Plaintiffs seek monetary relief over $1,000,000.

## III.     PARTIES

### A.     Introductory Statement

3.     Plaintiffs are foreign insurance companies that, at all times relevant hereto, provided insurance policies that insured, among other things, real and personal property damaged in the January 24, 2020 explosion at defendants Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s facility (the "Facility") located at 4525 Gessner Road, Houston, Texas. Plaintiffs have listed each first-party claim submitted as a result of the explosion.

### B.     Plaintiffs

4.     Plaintiffs:

a.     Hartford Fire Insurance Company is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss locations with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|-----|----------------|---------------|--------------|
| 1. | CSAT Investment Holdings LLC | 4949 Windfern Road Houston, TX 77041 | $293,195.78 paid $456,804.22 reserve $10,000.00 deductible |
| 2. | Insignia Hospitality Group, Inc. | 10421 Clay Road Houston, TX 77041 | $14,151.50 paid $10,000.00 deductible |

b.     Sentinel Insurance Company, Limited is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the

real and personal property located at the following loss location with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Art Foundry Carpino d/b/a Mike Carpino | 4427 Steffani Lane Houston, TX 77041 | $323,623.08 paid $107,976.92 reserve |

c.     Property & Casualty Insurance Company of Hartford is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss location with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Lauralyn A. Michael | 10257 Brideland Lane Houston, TX 77041 | $165,000.28 paid $36,599.72 reserve $500.00 deductible |

d.     Nautilus Insurance Company, Inc. is a foreign insurance company that, at all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property located at the following loss location with the associated named insured as listed in the policy:

| NO. | Insured's Name | Loss Location | Claim Amount |
|---|---|---|---|
| 1. | Texas Environmental Control, Inc. | 4623 Steffani Lane Houston, TX 77041 | $195,287.82 paid $35,000.00 reserve $1,000.00 deductible |

**C.     Defendants**

5.     Defendant Watson Valve Services, Inc. ("WV") is a domestic corporation that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WV may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: John M. Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

6.      Defendant Watson Grinding and Manufacturing Co. ("WGM") is a domestic corporation, company or organization that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WGM may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: John M. Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found.

7.      Defendant KMHJ, Ltd is a domestic limited partnership doing business in the State of Texas. KMHJ, Ltd. may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: KMHJ Management Company, LLC, 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

8.      Defendant KMHJ Management Company, LLC is a domestic limited liability company doing business in the State of Texas. KMHJ Management Company, LLC may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: Kelly Lee Watson, 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever she may be found.

9.      Defendant Western International Gas & Cylinders, Inc. ("Western Gas") is a domestic corporation doing business in the State of Texas. Western Gas may be served with citation and Plaintiffs' Original Petition by serving its registered agent, to wit: Denise C. Haugen, 7173 Highway 159 E., Bellville, Texas 77418 or wherever she may be found.

10.      Defendant Matheson Tri-Gas, Inc. ("Matheson") is a foreign corporation doing business in the State of Texas. Matheson may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## IV.      JURISDICTION AND VENUE

11.      The Court has subject-matter jurisdiction over this dispute because the aggregate amount in controversy for each plaintiff exceeds the Court's minimum jurisdictional limits.

-4-

12.     The Court has personal jurisdiction over all defendants because they are domestic corporations, partnerships and/or business organizations or, alternatively, they are foreign corporations, partnerships and/or business organizations that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

13.     Venue is proper in this Court because all or substantially all of the acts and/or omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas.

## V.     BRIEF STATEMENT OF FACTS

14.     On or about Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at a manufacturing plant located at 4525 Gessner, Houston, Texas 77041 (the "Facility"). The Facility consisted of several buildings spread over approximately 4 acres.

15.     Upon information and belief, WV and WGM were tenants that operated several manufacturing processes at the Facility. WV was primarily engaged in the business of manufacturing industrial valves for the mining business. WGM was primarily engaged in other manufacturing processes and maintenance on oil field and mining equipment.

16.     The property and improvements attached thereon at the Facility were owned, operated, maintained and supervised by defendants KMHJ, Ltd. and KMHJ Management Company.

17.     The epicenter of the explosion was centered at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing a robotic arm. The robotic arm ignited propylene to heat the coatings material before being applied to the valves.

18.     Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The Facility was equipped with a 2,000-gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system of high-pressure piping and valves to move the propylene from the storage tank to the coatings building. Upon information and belief, the valves for the propylene high-pressure piping were left

in the open (flow) position the night before the explosion rather than being closed per WV's and/or WGM's end-of-shift shutdown procedures.

19.     Western Gas and/or Matheson were responsible for selling, delivering and loading the propylene to the 2,000-gallon storage tank. Upon information and belief, Western Gas and/or Matheson also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

20.     The explosion was caused by propylene leak at or inside the coatings building. Upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

21.     It was reported that the blast was heard and felt for over 30 miles. Sadly, the explosion killed several people and injured many other residents living around the Facility. The explosion damaged hundreds of homes, commercial buildings and other structures.

22.     Plaintiffs are property insurers that insured homes and commercial buildings that were damaged by the explosion. After the explosion, Plaintiffs' insureds submitted first-party claims for the damages caused by the explosion. Plaintiffs insured properties that were damaged by the explosion and received first-party claims arising out of the explosion. The first-party claims have been adjusted or continue to be adjusted and Plaintiffs' have paid to or on behalf of their insureds money to repair the damages. Plaintiffs' insurance policies provide that, upon payment of a covered loss, that the insureds' rights and causes of action against any responsible party are transferred to Plaintiffs. Thus, after making payments for a covered loss, Plaintiffs are contractually subrogated to the rights of their insureds.

23.     Alternatively, Plaintiffs satisfied a debt (property damage) that was owed to its insureds by third-parties. Upon satisfaction of that debt, Plaintiffs are equitably subrogated to the rights and causes of action of their insureds.

## VI.   CAUSES OF ACTION

### A.   Count One: Negligence of WV and WGM

24.     WV and WGM; their employees, agents and servants owed Plaintiffs the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners. WV and WGM breached their duty of care in one or more of the following manners:

a.      Failing to properly inspect and maintain the propylene piping, when such inspections and maintenance would have corrected and repaired any leaks;

b.      Failing to have an adequate leak detection system for the 2,000-gallon propylene tank that would have alerted employees and the surrounding residents about the existence of a propylene leak;

c.      Failing to employ appropriate and safe shutdown procedure, where such procedures would have stopped the flow of propylene during non-working hours;

d.      Failing to adequately and properly repair any pre-existing leaks;

e.      Failing to properly inspect and maintain the coatings robots and all associated propylene piping located inside the coatings building—including piping segments that experienced a history of leaks—when such inspections and maintenance would have prevented leaks from occurring;

f.      Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

g.      Other acts of negligence that will be more fully identified during the course of discovery.

25.     Each of the foregoing acts and/or admissions, whether taken singularly or in any combination, constituted a breach of WV's and WGM's duty of care. WV's and WGM's breach were a proximate cause of Plaintiffs' damages.

### B.   Count Two: Negligence of KMHJ, Ltd. and KMHJ Management Company

26.     Defendants KMHJ, Ltd and KMHJ Management Company (collectively referred to here as "KMHJ") owed Plaintiffs the same duty of care as a reasonably prudent owner of an industrial property that used, stored and maintained a highly combustible gas such as propylene would owe

to neighboring property owners. Upon information and belief, KMHJ knew or should have known that its tenants (WV and WGM) were operating a propylene gas piping system that was in poor condition, had sustained several leaks and had an inoperative low explosive limit detection system. KMHJ's failure to act as a reasonably prudent property owner was a proximate cause of Plaintiffs' damages.

### C.   Count Three: Negligence of Western Gas and Matheson

27.   Defendants Western Gas and Matheson (collectively referred to here as "Western Gas") owed Plaintiffs the same duty of care that a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. Western Gas breached its duty of care in one or more of the following manners:

a.   Failing to properly monitor the propylene storage tank at the Facility;

b.   Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene piping system was unsafe and had experienced leaks;

c.   Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the propylene system was not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

d.   Continuing to supply propylene gas to WV and/or WGM when it knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

e.   Other acts of negligence that will be more fully identified and described during the course of discovery.

28.   Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of Western Gas's duty of care. Western Gas's breach of care was a proximate cause of Plaintiffs' damages.

### VII.   DAMAGES

29.   As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs sustained damages for:

a.   Costs to repair structural damages to homes and commercial properties;

b.   Costs to repair or replace personal property including vehicles;

c.   Additional expenses and living expenses that were incurred while any property was uninhabitable;

d.   Lost revenue;

e.   Costs of court; and

f.   Pre- and post-judgment interest.

30.   Plaintiffs' damages paid to-date are in excess of $900,000.00 and based on applicable reserves and estimates of damage resulting from the subject loss are expected to be between $1,000,000.00 - $1,500,000.00.

## VIII.   NOTICE UNDER TEXAS RULE OF CIVIL PROCEDURE 193.7

31.   Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are notified that any documents produced in response to written discovery will be used in pretrial proceedings and trial and will be deemed authentic unless Defendants make a valid objection to authenticity.

## IX.   RULE 194 REQUEST FOR DISCLOSURE

32.   Pursuant to Texas Rule of Civil Procedure 194.1, et seq., Defendants are requested to provide the information and material described in Texas Rule of Civil Procedure 194.2 within 50 days of service of Plaintiffs' Original Petition.

## X.   JURY DEMAND

33.   Plaintiffs request trial by jury and have tendered the appropriate jury fee.

## XI.   PRAYER

FORE THESE REASONS, Plaintiffs request that citation be issued and Defendants be made to appear herein and, after a jury trial of the merits, that a final judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for Plaintiffs' actual damages, costs of court,

prejudgment interest and post-judgment interest and for all other relief for which Plaintiffs may be justly entitled to.

Respectfully submitted,

DOYEN SEBESTA & POELMA, LLLP

By:   */s/ Randall J. Poelma, Jr.*
RANDALL J. POELMA, JR.
SBN: 24047823
rpoelma@ds-lawyers.com
WILLIAM T. SEBESTA
SBN: 00784941
wsebesta@ds-lawyers.com
16945 Northchase Drive, Suite 1400
Houston, TX 77060
Phone: (713) 580-8900
Fax: (713) 580-8910

~ and ~

J. BENJAMIN STAHERSKI (*pro hac admission pending*)
staherskib@whiteandwilliams.com
WHITE & WILLIAMS, LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: (215) 864-7020
Fax: (215) 399-9612

**ATTORNEYS FOR PLAINTIFFS HARTFORD FIRE INSURANCE COMPANY a/s/o CSAT INVESTMENT HOLDINGS LLC and INSIGNIA HOSPITALITY GROUP, INC.; SENTINEL INSURANCE COMPANY, LTD. a/s/o ART FOUNDRY CARPINO d/b/a MIKE CARPINO; PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD a/s/o LAURALYN A. MICHAEL; and NAUTILUS INSURANCE COMPANY a/s/o TEXAS ENVIRONMENTAL CONTROL, INC.**

7/8/2020 1:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44349991
By: Iris Collins
Filed: 7/8/2020 1:14 PM

### CAUSE NO. 2020-40232

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY a/s/o CSAT INVESTMENT HOLDINGS LLC and INSIGNIA HOSPITALITY GROUP, INC.; SENTINEL INSURANCE COMPANY, LTD. a/s/o ART FOUNDRY CARPINO d/b/a MIKE CARPINO; PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD a/s/o LAURALYN A. MICHAEL; and NAUTILUS INSURANCE COMP ANY a/s/o TEXAS ENVIRONMENTAL CONTROL, INC. | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MA THE SON TRI-GAS, INC., | § § § § § § § § § | |
| **Defendants.** | § § § | 190th JUDICIAL DISTRICT |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

## I. <u>FACTUAL BACKGROUND</u>

1. This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "<u>Watson Facilities</u>") located in Houston, Texas.  The cause of the fire and explosion is currently unknown.

2. Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3. Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4. Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II. <u>CROSSCLAIMS</u>

### A.  Comparative Liability and Contribution

5. Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

**B.  Indemnity**

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion

and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
Karl D. Burrer
  State Bar No. 24043584
  burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Daniel P. Elms
  State Bar No. 24002049
  elmsd@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

_/s/ Christopher M. LaVigne_____
Christopher M. LaVigne

7/15/2020 2:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44546332
By: Tammy Tolman
Filed: 7/15/2020 2:26 PM

## CAUSE NO. 2020-40242

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY A/S/O CSAT INVESTMENT** | § | |
| **HOLDINGS LLC AND INSIGNIA** | § | |
| **HOSPITALITY GROUP, INC.;** | § | |
| **SENTINEL INSURANCE COMPANY,** | § | |
| **LTD A/S/O ART FOUNDRY CARPINO** | § | |
| **D/B/A MIKE CARPINO; PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **OF HARTFORD A/S/O LAURALYN A.** | § | |
| **MICHAEL; AND NAUTILUS** | § | |
| **INSURANCE COMPANY A/S/O TEXAS** | § | **HARRIS COUNTY, TEXAS** |
| **ENVIRONMENTAL CONTROL, INC.,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, MATHESON TRI-** | § | |
| **GAS, INC.,** | § | |
|     **Defendants.** | § | **190th JUDICIAL DISTRCT** |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**       **Page 1**
RCT/CJR

# I.

## GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001;

§41.002;  §41.002(a)(b)(c)  and  (d);  §41.003;  §41.004;  §41.006;  §41.007;  §41.008;  §41.009; §41.010; §41.011; §41.012 and §41.013.

## VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## VIII.

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                              **Page 3**
RCT/CJR

Eighth Amendment of the United States Constitution. Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:   */s/ Robert C. Turner*
        Robert C. Turner
        State Bar No. 00791831
        17070 Dallas Parkway, Suite 100
        Dallas, Texas 75248
        Telephone (972) 715-1750
        Facsimile (972) 715-1759
        robertturner@silveralaw.com
        notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 15th day of July 2020.

| | |
|---|---|
| Randall J. Poelma, Jr.   rpoelma@ds-lawyers.com | Mary-Olga Lovett      lovettm@gtlaw.com |
| William T. Sebesta   wsebesta@ds-lawyers.com | Karl D. Burrer      burrerk@gtlaw.com |
| Doyen Sebest & Poelma, LLLP | Greenberg Traurig, LLP |
| 16945 Northchase Drive, Suite 1400 | 1000 Louisiana, Suite 1700 |
| Houston, TX 77060 | Houston, TX 77002 |
| | |
| J. Benjamin Staherski | Christopher M. LaVigne lavignec@gtlaw.com |
| staherskib@whiteandwilliams.com | Daniel P. Elms      elmsd@gtlaw.com |
| White & Williams, LLP | Samuel G. Davison   davisons@gtlaw.com |
| 1650 Market Street | Sarah-Michelle Stearns stearnssa@gtlaw.com |
| One Liberty Place, suite 1800 | Greenberg Traurig, LLP |
| Philadelphia, PA 19103-7395 | 2200 Ross Avenue, Suite 5200 |
| *Counsel for Plaintiffs* | Dallas, Texas 75201 |
| | *Counsel for Defendants Western International Gas* |
| | *& Cylinder, Inc., and Matheson Tri-Gas, Inc.* |

            */s/ Robert C. Turner*
            Robert C. Turner