**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **CYPRESS TEXAS INSURANCE** | § | |
| **COMPANY A/S/O LEONARDO** | § | |
| **FORTUNO, MARIBEL** | § | |
| **HERNANDEZ MEDELLIN, LUIS** | § | |
| **MELENDEZ, AND MERLIN** | § | |
| **RAMOS,** | § | |
| | § | **ADVERSARY NO. _____** |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| **WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC., KMHJ, LTD.,** | § | |
| **AND KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action *Cypress Texas*

*Insurance Company a/s/o Leonardo Fortuno, Maribel Hernandez Medellin, Luis Melendez, and Merlin Ramos vs.*

*Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., Matheson Tri-Gas, Inc., Western*

*International Gas & Cylinders, Inc., KMHJ, Ltd., and KMHJ Management Company, LLC,* Cause No. 2020-

40426, pending in the 333rd Judicial District Court of Harris County, Texas (the "State Court Action").

1

## I.      Procedural Background and Nature of Suit

1.      On July 8, 2020, Cypress Texas Insurance Company a/s/o Leonardo Fortuno, Maribel Hernandez Medellin, Luis Melendez, and Merlin Ramos (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., Matheson Tri-Gas, Inc., Western International Gas & Cylinders, Inc., KMHJ, Ltd., and KMHJ Management Company, LLC (collectively, the "Defendants").  In their Original Petition, the Plaintiffs asserts claims of negligence against the Defendants.

2.      On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.      On July 17, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC filed their Original Answer.

4.      On July 27, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.     The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 333rd Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Groelle & Salmon, P.A.<br>Robert G. May, III<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, Florida  33607<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |

| | Gieger, Laborde & Laperouse L.L.C. Ernest P. Gieger, Jr. 701 Poydras Street, Suite 4800 New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
|---|---|
| Greenberg Traurig, LLP Mary-Olga Lovett 1000 Louisiana St., Suite 1700 Houston, Texas 77002<br><br>Greenberg Traurig, LLP Christopher M. LaVigne 2200 Ross Avenue, Suite 5200 Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P. Bruce J. Ruzinsky 1401 McKinney, Suite 1900 Houston, Texas 77010<br><br>The Silvera Firm Robert C. Turner 17070 Dallas Parkway, Suite 100 Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.     Process and Pleadings

17.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.     In the State Court Action, citations of service were issued on July 17, 2020.  No citations of service have been returned.

19.     In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  July 29, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**SPECIAL COUNSEL FOR JANET S.
NORTHRUP, CHAPTER 11 TRUSTEE OF THE
ESTATE OF WATSON GRINDING &
MANUFACTURING CO.**

AND

**HughesWattersAskanase, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**COUNSEL FOR JANET S. NORTHRUP,
CHAPTER 11 TRUSTEE OF THE ESTATE OF
WATSON GRINDING & MANUFACTURING
CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:  /s/ *Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING &
MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on July 29, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Groelle & Salmon, P.A.<br>Robert G. May, III<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, Florida  33607<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

/s/ *Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

Harris County Docket Sheet

# 2020-40426

**COURT:** 333rd

**FILED DATE:** 7/8/2020

**CASE TYPE:** Other Injury or Damage



### CYPRESS TEXAS INSURANCE COMPANY (A/S/O LEONARDO FORTUNO

Attorney: MAY, ROBERT G

### vs.

### WATSON VALVE SERVICES INC

| Date | Comment |
|------|---------|
| Docket Sheet Entries | |

7/8/2020 10:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44334204
By: Cecilia Thayer
Filed: 7/8/2020 10:31 AM

Page -1-

NO. _____

| | | |
|---|---|---|
| CYPRESS TEXAS INSURANCE COMPANY  a/s/o LEONARDO FORTUNO, MARIBEL HERNANDEZ MEDELLIN, LUIS MELENDEZ and MERLIN RAMOS, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | HARRIS COUNTY, TEXAS |
| V. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO.; MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC.; KMHJ, LTD., and KMHJ MANAGEMENT COMPANY, LLC, | § § § § § § § § § | __ JUDICIAL DISTRICT |
| *Defendants,* | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

Respectfully submitted, Robert G. May, III, Esquire, Attorney for Plaintiff, 1715 N. Westshore Blvd., Suite 320, Tampa FL 33607, Telephone # (813) 849-7200, Fax # (813) 849-7201, email rmay@gspalaw.com.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, CYPRESS TEXAS INSURANCE COMPANY a/s/o LEONARDO FORTUNO, MARIBEL HERNANDEZ MEDELLIN, LUIS MELENDEZ and MERLIN RAMOS (collectively "INSUREDS"), complaining of the Defendants, WATSON VALVE SERVICES, INC.; WATSON GRINDING AND MANUFACTURING, CO.; MATHESON TRI-GAS, INC.; WESTERN INTERNATIONAL GAS & CYLINDERS, INC.; KMHJ, LTD.; and KMHJ MANAGEMENT COMPANY, LLC, and for cause of action would respectfully show unto the court the following:

Page -2-

## I. DISCOVERY CONTROL PLAN

1.      PLAINTIFF intends to conduct discovery under Level 3 and requests the Court enter a docket control order for this matter.

## II. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.      To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, suit is brought against them pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs demand upon answering this suit, that the Defendants answer in their correct legal and assumed names

## III. PARTIES AND SERVICE

3.      PLAINTIFF is CYPRESS TEXAS INSURANCE COMPANY ("CYPRESS"), a corporation organized under the laws of the State of Texas, licensed to conduct business in the State of Texas.

4.      Defendant WATSON GRINDING AND MANUFACTURING CO. ('WGM") is a Texas entity with a principal place of business in Harris County. This Defendant may be served through its registered agent, <u>John M. Watson located at 4525 Gessner Road, Houston, Texas 77041</u>, and/or wherever he may be found for service.

5.      Defendant WATSON VALVE SERVICES, INC. ("WV") is a Texas entity with a principal place of business in Harris County. This Defendant may be served with process through its registered agent, <u>John M. Watson located at 4525 Gessner Road, Houston, Texas 77041</u>, and/or wherever he may be found for service.

6.      Defendant KMHJ, LTD. ("KMHJ") is Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent,

KMHJ Management Company, LLC located at 1400 McKinney Street, #1212, Houston, Texas 77010, and/or wherever they may be found for service.

7.     Defendant KMHJ MANAGEMENT COMPANY, LLC ("KMHJ MANAGEMENT") is Texas entity with a principal place of business located in Harris County. This Defendant may be served through its registered agent, Kelly Watson located at 1400 McKinney Street, #1212, Houston, Texas 77010, and/or wherever she may be found for service.

8.     Defendant MATHESON TRI-GAS, INC. ("MATHESON") is a foreign corporation with its principal place of business in Basking Ridge, New Jersey and does a substantial amount of business in Texas. This Defendant may be served through its registered agent, CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and/or wherever they may be found for service.

9.     Defendant WESTERN INTERNATIONAL GAS & CYLINDERS, INC. ("WESTERN GAS") is a Texas entity with its principal place of business in Irving, Texas. This Defendant may be served through its registered agent, Denise C. Haugen located at 7173 Highway 159 E., Bellville, Texas 77418, and/or wherever she may be found for service.

**IV. JURISDICTION**

10.     The Court has personal jurisdiction over all Defendants because they are domestic corporations, partnerships and/or business organizations and a foreign corporation that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court because all or substantially all of the acts and/or omissions giving rise to Plaintiff's claims and causes of action occurred in Harris County, Texas.

Page -4-

## V. GENERAL ALLEGATIONS

12.    On or about Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at, a manufacturing plant located at 4525 Gessner Rd., Houston, Texas 77041 (the "Facility"). The Facility consisted of several buildings spread over approximately 4 acres.

13.    Upon information and belief, Defendants, WV and WGM, were tenants that operated several manufacturing processes at the Facility. WV was primarily engaged in the business of manufacturing industrial valves for the mining business. WGM was primarily engaged in other manufacturing processes and maintenance on oil field and mining equipment.

14.    Upon information and belief, the property and improvements attached thereon at the Facility were owned, operated, maintained and supervised by Defendants, KMHJ and KMHJ MANAGEMENT.

15.    The epicenter of the explosion was centered at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing a robotic arm. A robotic arm ignited propylene to heat the coatings material before being applied to the valves.

16.    Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The Facility was equipped with a 2,000-gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system of high-pressure piping and valves to move the propylene from the storage tank to the coatings building. Upon information and belief, the valves for the propylene high-pressure piping were left in the open (flow) position the night before the explosion rather than being closed per WV's and/or WGM's end-of-shift shutdown procedures.

Page -5-

17.     Defendants, WESTERN GAS and/or MATHESON, were responsible for selling, delivering and loading the propylene to the 2,000-gallon storage tank. Upon information and belief, WESTERN GAS and/or MATHESON also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

18.     The explosion was caused by a propylene leak at or inside the coatings building. Upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

19.     It was reported that the blast was heard and felt for over 30 miles. The explosion damaged hundreds of homes, commercial buildings and other structures in the vicinity of the Facility.

20.     CYPRESS is a property insurer and insured the following homes that were damaged by the explosion:

       a.     10256 Rockcrest Drive Houston TX 77041

       b.     336 Talina Way Houston TX 77041

       c.     4935 Talina Way Houston TX 77041

(collectively the "Premises")

21.     After the explosion, CYPRESS's insureds submitted first-party claims to CYPRESS for the damages to the Premises caused by the explosion. The first-party claims have been adjusted and/or continue to be adjusted and CYPRESS has paid to or on behalf of their insureds money to repair the damages. CYPRESS's insurance policies provide that, upon payment of a covered loss, the insureds' rights and causes of action against any responsible party

are transferred to CYPRESS. Thus, after making payments for covered losses, CYPRESS is contractually subrogated to the rights of their insureds.

22.     Alternatively, CYPRESS has satisfied debts (property damage) that were owed to its insureds by third-parties. Upon satisfaction of those debts, CYPRESS is equitably subrogated to the rights and causes of action of their insureds. CYPRESS is qualified to bring this lawsuit and is subrogated to any right of recovery or cause of action that its insureds have against Defendants for damages, including the claims and causes of action pled herein.

## VI. CAUSES OF ACTION

### A.  Count One: Negligence of WV and WGM

23.     Defendants, WV and WGM, and their employees, agents and servants owed CYPRESS the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners. WV and WGM breached their duty of care in one or more of the following manners:

> a.     Failing to properly inspect and maintain the propylene piping and piping system, when such inspections and maintenance would have identified, corrected and repaired any leaks;

> b.     Failing to have an adequate leak detection system for the 2,000-gallon propylene tank and propylene piping system with a functioning auditory alarm that would have alerted employees and the surrounding residents about the existence of a propylene leak;

c.      Operating facilities with a continuous supply of propylene gas when they knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids;

d.      Failing to employ appropriate and safe shutdown procedures, where such procedures would have stopped the flow of propylene during non-working hours;

e.      Failing to adequately and properly identify and repair any pre-existing leaks in propylene piping and piping system;

f.      Failing to properly inspect and maintain the coatings robots and all associated propylene piping and piping system located inside the coatings building— including piping segments that experienced a history of leaks—when such inspections and maintenance would have identified leaks and/or prevented leaks from occurring;

g.      Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

h.      Other acts of negligence that will be more fully identified during the course of discovery.

24.      Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of WV's and WGM's duty of care. WV's and WGM's breaches were a proximate cause of CYPRESS's damages.

**B. Count Two: Negligence of KMHJ and KMHJ MANAGEMENT**

25.      Defendants, KMHJ and KMHJ MANAGEMENT, owed CYPRESS the same duty of care as a reasonably prudent owner of industrial property that used, stored and maintained a

Page -8-

highly combustible gas such as propylene would owe to neighboring property owners. Upon

information and belief, KMHJ and KMHJ MANAGEMENT breached their duty of care in one

or more of the following manners:

       a.      Failing to properly inspect and maintain the propylene piping and piping

system, when such inspections and maintenance would have identified, corrected and

repaired any leaks;

       b.      Failing to have an adequate leak detection system for the 2,000-gallon

propylene tank and propylene piping system with a functioning auditory alarm that would

have alerted employees and the surrounding residents about the existence of a propylene

leak;

       c.      Operating facilities with a continuous supply of propylene gas when they

knew or should have known that the coatings building was not compliant with the

National Electric Code and/or the National Fuel Gas Code for buildings that use

flammable gases and liquids;

       d.      Failing to employ appropriate and safe shutdown procedure, where such

procedures would have stopped the flow of propylene during non-working hours;

       e.      Failing to adequately and properly identify and repair any pre-existing

leaks in propylene piping and piping system;

       f.      Failing to properly inspect and maintain propylene piping and piping

system located inside the coatings building—including piping segments that experienced

a history of leaks—when such inspections and maintenance would have identified leaks

and/or prevented leaks from occurring;

g.      Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

h.      Other acts of negligence that will be more fully identified during the course of discovery.

26.      Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of KMHJ and KMHJ MANAGEMENT's duty of care. KMHJ and KMHJ MANAGEMENT's failure to act as a reasonably prudent property owner was a proximate cause of CYPRESS's damages.

**C.  Count Three: Negligence of WESTERN GAS and MATHESON**

27.      Defendants, WESTERN GAS and MATHESON, owed CYPRESS the same duty of care that a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. WESTERN GAS and MATHESON breached their duty of care in one or more of the following manners:

a.      Failing to properly monitor the propylene storage tank and/or propylene piping system at the Facility;

b.      Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the propylene piping and piping system were unsafe and had experienced leaks;

c.      Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the propylene piping and piping system were not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

Page -10-

    d.    Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

    e.    Other acts of negligence that will be more fully identified and described during the course of discovery.

28.    Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of WESTERN GAS and MATHESON's duty of care. WESTERN GAS and MATHESON's breach of care was a proximate cause of CYPRESS's damages.

## VII. DAMAGES

29.    As a direct and proximate result of the foregoing acts and/or omissions, CYPRESS sustained damages for:

    a.    Costs to repair damages to houses and commercial properties;

    b.    Costs to repair or replace damaged personal property;

    c.    Mitigation and/or emergency repair damages;

    d.    Additional expenses and living expenses that were incurred while any property was uninhabitable or being repaired;

    e.    Lost revenue;

    f.    Costs of court; and

    g.    Pre-judgment interest.

## VIII. NOTICE UNDER TEXAS RULE OF CIVIL PROCEDURE 193.7

Page -11-

30.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are notified that any documents produced in response to written discovery will be used in pretrial proceedings and trial and will be deemed authentic unless Defendants make a valid objection to authenticity.

## IX. RULE 194 REQUEST FOR DISCLOSURE

31.     Pursuant to Texas Rule of Civil Procedure 194.1, et seq., Defendants are requested to provide the information and material described in Texas Rule of Civil Procedure 194.2 within 50 days of service of Plaintiffs' Original Petition.

## X. PRAYER

32.     WHEREFORE, Plaintiff, CYPRESS TEXAS INSURANCE COMPANY, requests that citations be issued and Defendants be made to appear herein and, after a trial of the merits, that a final judgment be entered in favor of CYPRESS against Defendants, jointly and severally, for Plaintiff's actual damages, costs of court, prejudgment interest and postjudgment interest and for all other relief for which Plaintiffs may be justly entitled to.

Date this 8th day of July, 2020

Respectfully submitted,
**GROELLE & SALMON, P.A.**

By: _____

ROBERT G. MAY, III., ESQ.
Texas Bar No.:  24090586
Primary: gstcourtdocs@gspalaw.com
Secondary: rmay@gspalaw.com
1715 N Westshore Blvd. Suite 320
Tampa, FL 33607
Tel: (813) 849-7200
Counsel for Plaintiff

7/8/2020 10:31:38 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44334204
By: TRAXER, CECILIA
Filed: 7/8/2020 10:31:38 AM

# CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY.
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition & Request for Disclosure _____

**FILE DATE OF MOTION:** _____ 07/08/2020 _____
                                                    Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: WATSON GRINDING AND MANUFACTURING CO. _____

    ADDRESS: John M. Watson located at 4525 Gessner Road, Houston, Texas 77041 _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): CITATION _____

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**             [ ] **CONSTABLE**
- XX **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Investigative Services of Tampa Phone: 813-964-9159
- [ ] **MAIL**                          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
    Type of Publication:    [ ] **COURTHOUSE DOOR, or**
                                       [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, explain _____

### ATTENTION:  Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

***********************************************************************************

2.  NAME: WATSON VALVE SERVICES, INC. _____

    ADDRESS: John M. Watson located at 4525 Gessner Road, Houston, Texas 77041 _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): CITATION _____

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**             [ ] **CONSTABLE**
- XX **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Investigative Services of Tampa Phone: 813-964-9159
- [ ] **MAIL**        [ ] _____ **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
    Type of Publication:    [ ] **COURTHOUSE DOOR, or**
                                       [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER**, explain _____

### ATTENTION:  Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

***********************************************************************************

3.  NAME: KMHJ, LTD. _____

    ADDRESS: KMHJ Management Company, LLC located at 1400 McKinney Street, #1212, Houston, Texas 77010

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): CITATION _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- XX **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:    ☐ **COURTHOUSE DOOR,  or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

ATTENTION:  Effective June 1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4.   NAME:  KMHJ MANAGEMENT COMPANY, LLC _____

   ADDRESS:  <u>Kelly Watson located at 1400 McKinney Street, #1212, Houston, Texas 77010</u> _____

   AGENT, (*if applicable*):  _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): CITATION _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- XX **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:    ☐ **COURTHOUSE DOOR,  or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

ATTENTION:  Effective June 1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

5.   NAME:  <u>MATHESON TRI-GAS, INC.</u> _____

   ADDRESS:  <u>CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201</u> _____

   AGENT, (*if applicable*):  _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): CITATION _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- XX **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:    ☐ **COURTHOUSE DOOR,  or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

ATTENTION:  Effective June 1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**6.** NAME: <u>WESTERN INTERNATIONAL GAS & CYLINDERS, INC.</u>

ADDRESS: <u>Denise C. Haugen located at 7173 Highway 159 E., Bellville, Texas 77418</u>

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): <u>CITATION</u>

**SERVICE BY** (*check one*):

☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**

**XX CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>

☐ **MAIL**          ☐ _____**CERTIFIED MAIL**

☐ **PUBLICATION:**
Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                      ☐ **NEWSPAPER OF YOUR CHOICE:** _____

☐ **OTHER**, *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: <u>ROBERT G. MAY, III</u>                     TEXAS BAR NO./ID NO. <u>24090586</u>

MAILING ADDRESS: <u>1715 N Westshore Blvd, Suite 320, Tampa, FL 33607</u>

PHONE NUMBER: <u>813</u>          <u>849-7200</u>               FAX NUMBER: <u>813</u>          <u>849-7201</u>
            area code          phone  number                              area code          fax  number

EMAIL ADDRESS: <u>RMAY@GSPALAW.COM</u>

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                                     Rev. 5/7/10

THIRD-PARTY PETITION:                                          SUBPOENA

_____   AMENDED THIRD-PARTY PETITION

_____   SUPPLEMENTAL THIRD-PARTY PETITION              WRITS:

                                                               ATTACHMENT (PROPERTY)
INTERVENTION:                                                  ATACHMENT (WITNESS)
_____   AMENDED INTERVENTION                                  ATTACHMENT (PERSON)

_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER                                                   CERTIORARI
_____   AMENDED INTERPLEADER

_____   SUPPLEMENTAL INTERPLEADER                             EXECUTION

                                                               EXECUTION AND ORDER OF SALE

                                                               GARNISHMENT BEFORE JUDGMENT

INJUNCTION                                                     GARNISHMENT AFTER JUDGMENT

MOTION TO MODIFY                                               HABEAS CORPUS
SHOW CAUSE ORDER                                               INJUNCTION
TEMPORARY RESTRAINING ORDER                                    TEMPORARY RESTRAINING ORDER

                                                               PROTECTIVE ORDER (FAMILY CODE)

                                                               PROTECTIVE ORDER (CIVIL CODE)

BILL OF DISCOVERY:

    ORDER TO:  _____          POSSESSION (PERSON)
                       (specify)                               POSSESSION (PROPERTY)

    MOTION TO:  _____
                        (specify)

                                                               SCIRE FACIAS

                                                               SEQUESTRATION

                                                               SUPERSEDEAS

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

7/8/2020 5:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44367443
By: Marcella Hill
Filed: 7/8/2020 5:29 PM

## CAUSE NO. 2020-40426

| | | |
|---|---|---|
| CYPRESS TEXAS INSURANCE COMPANY a/s/o LEONARDO FORTUNO, MARIBEL HERNANDEZ MEDELLIN, LUIS MELENDEZ and MERLIN RAMOS | § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| vs. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., KMHJ, LTD., and KMHJ MANAGEMENT COMPANY, LLC | § § § § § § § § | HARRIS COUNTY, TEXAS |
| **Defendants.** | § § § | 333rd JUDICIAL DISTRICT |

---

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

### I.     FACTUAL BACKGROUND

1.     This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively,

the "<u>Watson Facilities</u>") located in Houston, Texas.  The cause of the fire and explosion is currently unknown.

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      <u>CROSSCLAIMS</u>

### A.  Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.     The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

**B.  Indemnity**

9.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
   State Bar No. 00789289
   lovettm@gtlaw.com
Karl D. Burrer
   State Bar No. 24043584
   burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
   State Bar No. 24026984
   lavignec@gtlaw.com
Daniel P. Elms
   State Bar No. 24002049
   elmsd@gtlaw.com
Samuel G. Davison
   State Bar No. 24084280
   davisons@gtlaw.com
Sarah-Michelle Stearns
   State Bar No. 24099029
   stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

*/s/ Christopher M. LaVigne*
Christopher M. LaVigne

7/16/2020 2:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44582584
By: Marcella Hill
Filed: 7/16/2020 2:17 PM

# CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 202040426 _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition & Request for Disclosure _____

**FILE DATE OF MOTION:** _____ 07/16/2020 _____
Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: WATSON GRINDING AND MANUFACTURING CO. _____

   ADDRESS: John M. Watson located at 4525 Gessner Road, Houston, Texas 77041 _____

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): CITATION _____

   **SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- XX **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Investigative Services of Tampa Phone: 813-964-9159
- [ ] **MAIL**          [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:  [ ] **COURTHOUSE DOOR,  or**
  - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*******************************************************************************************************

2. NAME: WATSON VALVE SERVICES, INC. _____

   ADDRESS: John M. Watson located at 4525 Gessner Road, Houston, Texas 77041 _____

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): CITATION _____

   **SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- **XX CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: Investigative Services of Tampa Phone: 813-964-9159
- [ ] **MAIL**          [ ] _____**CERTIFIED MAIL**
- [ ] **PUBLICATION:**
  - Type of Publication:  [ ] **COURTHOUSE DOOR,  or**
  - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*******************************************************************************************************

3. NAME: KMHJ, LTD. _____

   ADDRESS: KMHJ Management Company, LLC located at 1400 McKinney Street, #1212, Houston, Texas 77010

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): <u>CITATION</u> _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- **XX CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
  ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**4.** NAME:  <u>KMHJ MANAGEMENT COMPANY, LLC</u> _____

ADDRESS:  <u>Kelly Watson located at 1400 McKinney Street, #1212, Houston, Texas 77010</u> _____

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): <u>CITATION</u> _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- **XX CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
  ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**5.** NAME:  <u>MATHESON TRI-GAS, INC.</u> _____

ADDRESS:  <u>CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201</u> _____

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): <u>CITATION</u> _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- **XX CIVIL PROCESS SERVER -** Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
  ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**6.**   NAME: <u>WESTERN INTERNATIONAL GAS & CYLINDERS, INC.</u> _____

   ADDRESS: <u>Denise C. Haugen located at 7173 Highway 159 E., Bellville, Texas 77418</u> _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): <u>CITATION</u> _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**

   **XX CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: <u>Investigative Services of Tampa</u> Phone: <u>813-964-9159</u>

   ☐ **MAIL**            ☐ _____**CERTIFIED MAIL**

   ☐ **PUBLICATION:**
      Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   <u>ROBERT G. MAY, III</u> _____   TEXAS BAR NO./ID NO. <u>24090586</u> __

MAILING ADDRESS: <u>1715 N Westshore Blvd, Suite 320, Tampa, FL 33607</u> _____

PHONE NUMBER: <u>813</u> _____   <u>849-7200</u> _____   FAX NUMBER: <u>813</u> _____   <u>849-7201</u> _____
                area code        phone  number                        area code       fax  number

EMAIL ADDRESS: <u>RMAY@GSPALAW.COM</u> _____

---

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

---

<u>INSTRUMENTS TO BE SERVED:</u>
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____  AMENDED PETITION
_____  SUPPLEMENTAL PETITION

COUNTERCLAIM
_____  AMENDED COUNTERCLAIM
_____  SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION
_____  AMENDED CROSS-ACTION
_____  SUPPLEMENTAL CROSS-ACTION

<u>PROCESS TYPES:</u>

<u>NON WRIT:</u>
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                    Rev. 5/7/10

THIRD-PARTY PETITION:                                          SUBPOENA

_____   AMENDED THIRD-PARTY PETITION

_____   SUPPLEMENTAL THIRD-PARTY PETITION              WRITS:

                                                         ATTACHMENT (PROPERTY)
INTERVENTION:                                            ATACHMENT (WITNESS)
_____   AMENDED INTERVENTION                            ATTACHMENT (PERSON)

_____   SUPPLEMENTAL INTERVENTION


INTERPLEADER                                             CERTIORARI
_____   AMENDED INTERPLEADER

_____   SUPPLEMENTAL INTERPLEADER                       EXECUTION

                                                         EXECUTION AND ORDER OF SALE


                                                         GARNISHMENT BEFORE JUDGMENT

INJUNCTION                                               GARNISHMENT AFTER JUDGMENT
MOTION TO MODIFY
SHOW CAUSE ORDER                                         HABEAS CORPUS
TEMPORARY RESTRAINING ORDER                              INJUNCTION
                                                         TEMPORARY RESTRAINING ORDER


                                                         PROTECTIVE ORDER (FAMILY CODE)

                                                         PROTECTIVE ORDER (CIVIL CODE)


BILL OF DISCOVERY:

     ORDER TO:   _____          POSSESSION (PERSON)
                        (specify)                         POSSESSION (PROPERTY)

     MOTION TO:  _____
                        (specify)

                                                         SCIRE FACIAS

                                                         SEQUESTRATION

                                                         SUPERSEDEAS

7/17/2020 8:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44635443
By: Kenya Kossie
Filed: 7/17/2020 8:01 PM

## CAUSE NO. 2020-40426

| | | |
|---|---|---|
| **CYPRESS TEXAS INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY A/S/O LEONARDO** | § | |
| **FORTUNO, MARIBEL HERNANDEZ** | § | |
| **MEDELLIN, LUIS MELENDEZ AND** | § | |
| **MERLIN RAMOS,** | § | |
|     **Plaintiff,** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., MATHESON** | § | |
| **TRI-GAS, INC., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
|     **Defendants.** | § | **333rd JUDICIAL DISTRCT** |

### ORIGINAL ANSWER OF DEFENDANTS
### KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiff's Original Petition and would respectfully show the court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiff's petition and demand strict proof thereof by a preponderance of the evidence.  Defendants hereby enter a General Denial.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 1**
RCT/CJR

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

## VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiff or any other party and any alleged acts or omissions of Defendants,

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## VIII.

Further pleading, Defendants submit Plaintiff's claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiff further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

**X.**

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiff's claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiff's claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:  /s/ Robert C. Turner
         Robert C. Turner
         State Bar No. 00791831
         17070 Dallas Parkway, Suite 100
         Dallas, Texas 75248
         Telephone (972) 715-1750
         Facsimile (972) 715-1759
         robertturner@silveralaw.com
         kmhjnotice@silveralaw.com

**ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ
MANAGEMENT COMPANY, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 17TH day of July 2020.

Robert G. May, III, ESQ        may@gsplaw.com
Groelle & Salmon, P.A.
1715 N. Westshore Blvd., Suite 320
Tampa, FL  33607
gstcourtdocs@gsplaw.com
*Counsel for Plaintiff*

            /s/ Robert C. Turner
            Robert C. Turner

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 5**
RCT/CJR

7/27/2020 3:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44858901
By: Kenya Kossie
Filed: 7/27/2020 3:27 PM

## CAUSE NO. 2020-40426

| | | |
|---|---|---|
| CYPRESS TEXAS INSURANCE COMPANY a/s/o LEONARDO FORTUNO, MARIBEL HERNANDEZ MEDELLIN, LUIS MELENDEZ and MERLIN RAMOS | § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| vs. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., KMHJ, LTD., and KMHJ MANAGEMENT COMPANY, LLC | § § § § § § § § | HARRIS COUNTY, TEXAS |
| **Defendants.** | § | 333rd JUDICIAL DISTRICT |

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER

Defendants, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "Defendants"), hereby file their Original Answer as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim and cause of action asserted by Plaintiffs and demand strict proof thereof.

## II.    REQUEST FOR RELIEF

WHEREFORE, Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. respectfully request that Plaintiffs take nothing by reason of their suit against Defendants, and that the Court grant such other and further relief, at law or in equity, to which Defendants are justly entitled.

Dated:  July 27, 2020                    Respectfully submitted,

                                        */s/ Mark A. Junell*
                                        Mark A. Junell
                                        State Bar No. 24032610

                                        THE JUNELL LAW FIRM, P.C.
                                        1903 Briarmead Drive
                                        Houston, Texas 77057
                                        mark@junellfirm.com

                                        **Attorneys for Defendants Western
                                        International Gas & Cylinders, Inc. and
                                        Matheson Tri-Gas, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 27, 2020 via the Court's emailing system to all counsel of record.

                                        */s/ Mark A. Junell*
                                        Mark A. Junell