**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **IVAN ALVARADO, INDIVIDUALLY** | § | |
| **AND AS NEXT FRIEND OF A.A.,** | § | |
| **I.A., AND I.A., JR., MINOR** | § | |
| **CHILDREN, BRENDA ALVARADO,** | § | |
| **JOSE CALDERON, INDIVIDUALLY** | § | |
| **AND AS NEXT FRIEND OF A.C.,** | § | |
| **MINOR CHILD, AND MARICELA** | § | **ADVERSARY NO. _____** |
| **CALDERON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ,** | § | |
| **LTD., AND KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**<u>NOTICE OF REMOVAL</u>**

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Ivan*

*Alvarado, Individually and as Next Friend of A.A., I.A., and I.A., Jr., Minor Children, Brenda Alvarado, Jose*

*Calderon, Individually and as Next Friend of A.C., Minor Child, and Maricela Calderon vs. Watson Grinding*

*and Manufacturing Co., Watson Valve Services, Inc ., KMHJ, Ltd., KMHJ Management Company, LLC,* Cause

No. 2020-40194, pending in the 125th Judicial District Court of Harris County, Texas (the "State Court Action").

## I.      Procedural Background and Nature of Suit

1.      On July 8, 2020, Ivan Alvarado, Individually and as Next of Friend of A.A., I.A., and I.A., Jr., Minor Children, Brenda Alvarado, Jose Calderon, Individually and as Next of Friend of A.C., Minor Child, and Maricela Calderon (the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Grinding and Manufacturing Co., Watson Valve Services, Inc., KMHJ, Ltd., and KMHJ Management Company, LLC (collectively, the "Defendants").  In their Original Petition, the Plaintiffs asserts claims of negligence and/or gross negligence against the Defendants.

2.      On July 15, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

3.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

4.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

5.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7.     Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

8.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

9.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

10.    Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.    Core or Non-Core Bankruptcy Jurisdiction

11.    This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under

28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

12.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

13.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 125th Judicial District Court of Harris County, Texas.

14.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Triplett Law Firm<br>Tony M. Triplett<br>1445 North Loop West, Suite 650<br>Houston, Texas 77018<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010 |

| | |
|---|---|
| Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.     Process and Pleadings

15.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

16.     In the State Court Action, no citations of service have been issued.

17.     In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  August 3, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com

**SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**


AND

**HUGHESWATTERSASKANASE, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCOY LEAVITT LASKEY LLC**

By:  /s/ *Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**COUNSEL FOR WATSON GRINDING & MANUFACTURING CO.**

## CERTIFICATE OF SERVICE

I certify that on August 3, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Triplett Law Firm<br>Tony M. Triplett<br>1445 North Loop West, Suite 650<br>Houston, Texas 77018<br><br>**ATTORNEYS FOR PLAINTIFFS** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| Greenberg Traurig, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>Greenberg Traurig, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | Jackson Walker L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>The Silvera Firm<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

**Harris County Docket Sheet**

# 2020-40194

**COURT:**    125th

**FILED DATE:**  7/7/2020

**CASE TYPE:**  Other Injury or Damage



---

### ALVARADO, IVAN

**Attorney: TRIPLETT, TONI M.**

#### vs.

### WATSON GRINDING AND MANUFACTURING CO

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

NO. _____

| | | |
|---|---|---|
| IVAN ALVARADO, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF A.A., I.A., | § | |
| AND I.A.JR., MINOR CHILDREN, | § | |
| BRENDA ALVARADO, | § | |
| JOSE CALDERON, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF A.C., | § | |
| MINOR CHILD, AND MARICELA | § | |
| CALDERON | § | HARRIS COUNTY, T E X A S |
| | § | |
| VS. | § | |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, NC., KMHJ, LTD, | § | |
| AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **Ivan Alvarado, Ind., and A/N/F A.A., I.A., I.A.Jr., Minor Children,**

**Brenda Alvarado, Jose Calderon, Ind., and A/N/F A.C., Minor Child, and Maricela Calderon**

hereinafter styled plaintiffs, complaining of **Watson Grinding and Manufacturing Co. ("Watson**

**Grinding"), Watson Valve Services, Inc. ("Watson Valve"), KMHJ, Ltd ("KMHJ, Ltd") and**

**KHMH Management Company, LLC ("KMHJ, LLC"),** hereinafter styled defendants, and for

cause of action would show to the Court the following:

### A.  Discovery Control Plan

1.      Pursuant to the provisions of Texas Rule of Civil Procedure 1090.3, Plaintiffs propose

to conduct discovery according to Discovery Control Plan Level 3.  This case will require extensive

discovery.  Plaintiffs ask that the Court enter a scheduling order appropriate to the particular

circumstances of this suit.

–1–

B.     Claim for Relief

2.     Plaintiffs seek monetary relief over $1,000,000.

C.  Parties

3.     Plaintiffs, **Ivan Alvarado** is a resident of Harris County, Texas and brings this suit individually and A/N/F of A.A., I.A. and I.A.Jr, Minor Children.

4.     Plaintiffs, **Brenda Alvarado** is a resident of Harris County, Texas and brings this suit individually.

5.     Plaintiffs, **Jose Calderon** is a resident of Harris County, Texas and brings this suit individually and A/N/F of A.C., Minor Child.

6.     Plaintiffs, **Maricela Calderon** is a resident of Harris County, Texas and brings this suit individually.

7.     To the extent that an of the herein named Defendants are conducting business pursuant to a trade name or assumed name, suit is brought against them pursuant to the provision of Rule 28 of the Texas Rules of Civil Procedure, and plaintiffs demand upon answering this suit, that the defendant answer in their correct legal and assumed names.

8.     Defendant **Watson Grinding** is a domestic manufacturing corporation doing business in the State of Texas.  Defendant's principal place of business is located in Harris County Texas.  Defendant may be served with citation through its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77041, or wherever this registered agent may be found.

9.     Defendant **Watson Valve** is a domestic corporation doing business in the State of Texas.  Defendant's principal place of business is located in Harris County Texas.  Defendant may be served with citation through its registered agent, John M. Watson at 4525 Gessner Road, Houston, Texas 77041, or wherever this registered agent may be found.

–2–

10.     Defendant KMHJ, Ltd is a limited partnership doing business in the State of Texas. Defendant's principal place of business is located in Harris County Texas.  Defendant may be served with citation through its registered agent, KMHJ Management Company, LLC at 1400 McKinney Street, Suite 1212, Houston, Texas 77010.

11.     Defendant KMHJ, LLC is a domestic limited liability company doing business in the State of Texas.  Defendant's principal place of business is located in Harris County Texas. Defendant may be served with citation through its registered agent, Kelly Le Watson at 1400 McKinney Street, Suite 1212, Houston, Texas 77010, or wherever this registered agent may be found.

### D.  Jurisdiction/Venue

12.     All things complained of herein occurred in Harris County, Texas, therefore, this Court has jurisdiction.  Venue is proper in this county pursuant Section 15.002 of the Texas Civil Practice and Remedies Code.

### E.  Facts

13.     On or about the 24th day of January, plaintiffs were asleep in their respective homes located in Northwest Houston, Harris County, Texas.  At approximately 4:25 a.m., an explosion occurred in Northwest Houston.   This explosion occurred at 4525 Gessner Road; a property controlled by the defendants.

14.      Houston fire officials identified propylene as the chemical involved in the explosion. Propylene is a hazardous chemical, and the Houston Fire Department advised HazMat crews who then secured a 2,000-gallon tank of propylene gas that was leaking at the subject site.  Propylene is a gas at room temperature but becomes a liquid when placed under pressure. With a flash point of 162 degrees Fahrenheit, propylene is highly flammable and can react vigorously with other materials to

–3–

produce explosive mixtures.

15.     While currently unknown how much propylene was stored at Defendants' facility, a company that has more than 10,000 pounds of propylene is required to file a Risk Management Plan with the EPA.  Defendants do not have a Risk Management Plan on file with the EPA.  Additionally, under the Emergency Planning and Community Right to Know Act, companies with more than 10,000 pounds of propylene have to include it in its Tier II Chemical Inventory. Companies must file those inventories with the state, its local emergency planning committee, and the local fire department.  On its 2015 inventory, defendants did not include propylene.

16.     The suspected cause of the explosion is either propylene or a combination including propylene.

17.     These defendants controlled the subject premises.

18.     This explosion sent a shock wave through neighboring communities.  The Houston Chronicle reported the explosion "knocked houses off foundations, blew doors off fames, shattered windows, cracked sheetrock and jerked residents awake as far as 14 miles away".  Further, "A velocity seismograph, 20 miles away in Hockley, Texas, recorded what looked like an earthquake that began at 4:24 a.m. and lasted 10 seconds".  Due to the explosion, homes were destroyed, and individuals were jolted from their beds as impacted by the shock wave.

19.     Plaintiffs were in the immediate vicinity of the explosion and in the path of the shock waves.  Plaintiffs' homes were destroyed, and their physical bodies injured by the explosion. Plaintiffs sustained serious damage to their home and personal property.  Plaintiffs had windows blown out, wall and foundation cracks, door breaks, electrical disruption and damage to furniture and belongings.  Additionally, plaintiffs each sustained severe mental and physical injuries arising from this event to their bodies, all to their damage in a sum that each may prove.

–4–

F.  <u>Count 1 - Negligence</u>

20.     Whenever it is alleged that defendants did any act or omission, it is meant that defendants' employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of defendants or was done in the normal and routine course and scope of employment of such person.  Under the doctrine of *Respondeat Superior*, defendants are liable to the plaintiffs for the conduct or omissions of their employees, agents and/or representatives.

G.  <u>Count 2 – Negligence</u>

21.     Defendants contemporaneous conduct, which collectively and separately, constituted negligence.  Defendants had a duty to exercise ordinary care to plaintiffs.  Defendants breached that duty.  Defendants directly and personally participated in the conduct giving rise to plaintiffs' negligence claims through their joint and several actions and/or omissions.  Defendant, acting in the course and scope of their employment, owed an independent duty to plaintiffs and committed the following negligent acts of omission and commission, each of which is a proximate cause of the incident herein and plaintiffs' damages as hereinafter alleged:

a.     Violating governmental regulations and standards including, but not limited to OSHA and the EPA;

b.     Failing to create and/or enforce safety rules and guidelines;

c.     Failing to read, understand, and follow published safe work policies, procedures and/or manuals;

d.     Promulgating and following unsafe work policies;

e.     Failing to provide adequate training;

f.     Failing to properly place equipment and/or materials;

g.     Failing to properly maintain equipment and/or materials;

h.     Failing to properly store equipment and/or materials;

i.     Failing to properly inspect equipment and/or materials;

j.     Failing to properly repair equipment and/or materials;

k.     Failing to provide proper equipment, personnel and/or materials;

l.     Failing to properly screen, hire, train, control, manage and/or supervise their agents and employees;

m.     Failing to identify and protect against hazards, including those with an extreme degree of risk;

n.     Failing to warn of a known danger;

o.     Creating and filing to warn of latent dangers;

p.     Failing to ensure all reasonable and necessary precautions were in place; and/or

q.     Failure to exercise that degree of care which would have been used by any person under same or similar circumstances.

## H.  Count 3 – Gross Negligence

22.     Plaintiffs allege that all the acts, conduct and/or omissions on the part of the defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of each plaintiff's injuries and damages.   Defendants' acts and/or omissions, when viewed objectively from defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety and welfare of plaintiffs with an intentions state of mind.   Such gross negligence was a proximate cause of the occurrence and plaintiffs' injuries and damages.   Therefore, plaintiffs are entitled to punitive and/or exemplary damages.

–6–

I.   <u>Damages</u>

23.     Defendants' breach of duty proximately caused injury to each plaintiff.  As a direct and proximate result of defendants' negligence**,** plaintiffs suffered the following damages:

a.      Each plaintiff has suffered physical pain and mental anguish in the past and in all probability will suffer physical pain and mental anguish in the future.

b.      Plaintiffs have each suffered physical impairment in the past and in all probability will suffer physical impairment in the future for which each plaintiff sues.

c.      Each plaintiff was caused to suffer bodily injuries requiring medical attention. Therefore, each plaintiff has incurred reasonable expenses for necessary medical treatment by physicians, nurses and hospitals, and for medical supplies, appliances and medicine.  The charges are reasonable and they were the customary charges made for such service in Harris County, Texas.  In all probability it is likely that each plaintiff will continue to incur expenses for future medical treatment for which each plaintiff sues.

d.      Plaintiff Brenda Alvarado has suffered physical disfigurement in the past and in all probability will suffer physical disfigurement in the future for which plaintiff sues.

e.      Remedial costs for real property damage.

f.      Replacement costs for personal property damage.

g.      Costs of completion.

h.      Expense of temporary/alternate housing.

i.      Loss of use.

j.      Cost of replacement.

k.      Incidental and consequential damages.

l.      Loss of household services in the past and future.

J.   <u>Interest</u>

24.     That pursuant to the laws of the State of Texas, the plaintiffs are entitled to pre-judgment interest on all existing damages from six months from the date of injury to the date of trial.

–7–

### K.  Amount Sought

25.     By reason of the above, plaintiffs have suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

26.      Plaintiffs state that they completely and fully rely on the discretions of a jury to determine the amount to be awarded in this case.  At this time, plaintiffs believe their damages to be over $1,000,000.00.  However, plaintiffs reserve the right to increase, decrease, or otherwise amend this amount prior to or during trial dependent on the outcome of the evidence.

### L.  Exemplary Damages

27.     Plaintiffs seek exemplary damages in an amount that the jury may award in its discretion as an example to others and as a penalty or punishment.  In that end, the jury should be instructed that there are certain factors that they may consider which include the following:

a.     The nature of the wrong;

b.     The character of the conduct involved;

c.     The degree of culpability of the wrongdoer;

d.     The situation and sensibilities of the parties concerned;

e.     The extent to which such conduct offends a public sense of justice and propriety;

f.     The net worth of the defendants; and

g.     Inconvenience, attorney's fees, expenses of litigation, and other expenses not recoverable as actual damages.

### M.  Jury Demand

28.     Plaintiffs here and now demand trial by jury.

–8–

N.  <u>Request for Disclosure</u>

29.     Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

O.  <u>Prayer</u>

30.     For these reasons, plaintiffs ask the court issue citation for defendants to appear and answer, and that plaintiffs be awarded a judgment against defendants, jointly and severally, for the following:

a.      Actual Damages.

b.      Exemplary Damages.

c.      Prejudgment and post-judgment interest.

d.      Court costs.

e.      All other relief to which plaintiffs are entitled.

Respectfully submitted,

**TRIPLETT LAW FIRM**

By
    **Toni M. Triplett**
    **TBA # 20228550**
    1445 North Loop West
    Suite 650
    Houston, Texas  77018
    tel.     (713) 290-1670
    fax      (713) 290-1681
    email   triplettlaw@yahoo.com
    **Attorney for Plaintiffs**

7/7/2020 2:00:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44311744
By: BURTON, DANCHELLE
Filed: 7/7/2020 2:00:30 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Plaintiffs' Original Petition</u> _____

## FILE DATE: _____ Month/Day/Year
## SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

**Issue Service to:** <u>Watson Grinding and Manufacturing Co.</u>

Address of Service: <u>4525 Gessner Road</u>

City, State & Zip:<u>Houston, Texas 77041</u>

Agent (if applicable) <u>John M. Watson</u>

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias    Newspaper** _____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: <u>Toni M. Triplett</u>   Bar # or ID <u>202228550</u>

Mailing Address:<u>1445 N. Loop West, Suite 650, Houston, Texas 77008</u>

Phone Number<u>(713) 290-1670</u>



7/7/2020 2:00:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44311744
By: BURTON, DANCHELLE
Filed: 7/7/2020 2:00:30 PM

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: <u>Plaintiffs' Original Petition</u> _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>Watson Valve Services, Inc.</u> _____

Address of Service: <u>4525 Gessner Road</u> _____

City, State & Zip:<u>Houston, Texas 77041</u> _____

Agent (if applicable) <u>John M. Watson</u> _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☒ Citation   ☐ Citation by Posting   ☐ Citation by Publication   ☐ Citations Rule 106 Service
☐ Citation Scire Facias   Newspaper_____
☐ Temporary Restraining Order   ☐ Precept   ☐ Notice
☐ Protective Order
☐ Secretary of State Citation ($12.00)   ☐ Capias (not by E-Issuance)   ☐ Attachment (not by E-Issuance)
☐ Certiorari   ☐ Highway Commission ($12.00)
☐ Commissioner of Insurance ($12.00)   ☐ Hague Convention ($16.00)   ☐ Garnishment
☐ Habeas Corpus (not by E-Issuance)   ☐ Injunction   ☐ Sequestration
☐ Subpoena
☐ Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Toni M. Triplett</u>   Bar # or ID <u>202228550</u>

Mailing Address:<u>1445 N. Loop West, Suite 650, Houston, Texas 77008</u>

Phone Number<u>(713) 290-1670</u>



7/7/2020 2:00:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44311744
By: BURTON, DANCHELLE
Filed: 7/7/2020 2:00:30 PM

### Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Plaintiffs' Original Petition</u> _____

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>KMHJ, Ltd</u> _____

Address of Service: <u>1400 McKinney Street, Suite 1212</u> _____

City, State & Zip:<u>Houston, Texas 77010</u> _____

Agent (if applicable) <u>KMHJ Management Company, LLC</u> _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**   **Newspaper**_____
- ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State of Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**   ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____
- ☐ **MAIL to attorney   at:** _____
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**

☒ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Toni M. Triplett</u>   Bar # or ID <u>202228550</u>

Mailing Address:<u>1445 N. Loop West, Suite 650, Houston, Texas 77008</u>

Phone Number<u>(713) 290-1670</u>



7/7/2020 2:00:30 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44311744
By: BURTON, DANCHELLE
Filed: 7/7/2020 2:00:30 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

Name(s) of Documents to be served: <u>Plaintiffs' Original Petition</u>

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>KMHJ, Management Company, LLC</u>

Address of Service: <u>1400 McKinney Street, Suite 1212</u>

City, State & Zip: <u>Houston, Texas 77010</u>

Agent (if applicable) <u>Kelly Lee Watson</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias   Newspaper**_____
- ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**   ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____
- ☐ **MAIL to attorney   at:** _____
- ☐ **CONSTABLE**
- ☐ **CERTIFIED MAIL by District Clerk**

☒ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Toni M. Triplett</u>   Bar # or ID <u>202228550</u>

Mailing Address: <u>1445 N. Loop West, Suite 650, Houston, Texas 77008</u>

Phone Number: <u>(713) 290-1670</u>

7/15/2020 3:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44551832
By: JIMMY RODRIGUEZ
Filed: 7/15/2020 3:39 PM

## CAUSE NO. 2020-

| | | |
|---|---|---|
| IVAN ALVARADO, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF A.A., L.A., | § | |
| AND L.A., JR., MINOR CHILDREN, | § | |
| BRENDA ALVARADO, JOSE | § | |
| CALDERON, INDIVIDUALLY, AND AS | § | |
| NEXT FRIEND OF A.C., MINOR | § | |
| CHILD, AND MARICELA CALDERON, | § | HARRIS COUNTY, TEXAS |
|    Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD, | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, | § | |
|    Defendants. | § | 133rd JUDICIAL DISTRCT |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiffs' Original Petition and would respectfully show the court and the parties as follows:

## I.

## GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiffs' petition and demand strict proof thereof by a preponderance of the evidence.  Defendants hereby enter a General Denial.

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**           **Page 1**
RCT/CJR

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002;  §41.002(a)(b)(c)  and  (d);  §41.003;  §41.004;  §41.006;  §41.007;  §41.008;  §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiffs or any other party and any alleged acts or omissions of Defendants,

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

**VII.**

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

**VIII.**

Further pleading, Defendants submit Plaintiffs' claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiffs further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

**IX.**

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiffs' claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiffs' claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiffs' claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:   _/s/ Robert C. Turner_
       Robert C. Turner
       State Bar No. 00791831
       17070 Dallas Parkway, Suite 100
       Dallas, Texas 75248
       Telephone (972) 715-1750
       Facsimile (972) 715-1759
       robertturner@silveralaw.com
       notice@silveralaw.com

ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ MANAGEMENT
COMPANY, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 15th day of July 2020.

Toni M. Triplett          triplettlaw@yahoo.com
Triplett Law Firm
1445 North Loop West, Suite 650
Houston, TX 77018
*Counsel for Plaintiffs*

/s/ Robert C. Turner
Robert C. Turner

**ORIGINAL ANSWER OF DEFENDANTS**
**KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC**                    **Page 5**
RCT/CJR