IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **AMICA MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | **ADVERSARY NO. _____** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding &

Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Amica*

*Mutual Insurance Company vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ,*

*Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas,*

*Inc.,* Cause No. 2020-40547, pending in the 234th Judicial District Court of Harris County, Texas (the

"State Court Action").

1

## I.      Procedural Background and Nature of Suit

1.      On July 8, 2020, Amica Mutual Insurance Company (the "Plaintiff") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").  In its Original Petition, the Plaintiff asserts claims of negligence against the Defendants.

2.      On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.      On July 17, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

4.      On July 27, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

5.      On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.      Basis for Removal

6.      This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.      The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12. Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III. Core or Non-Core Bankruptcy Jurisdiction

13. This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14. Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV. Parties and Notice

15. Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 234th Judicial District Court of Harris County, Texas.

16. In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| DEAN G. PAPPAS LAW FIRM, PLLC<br>Dean G. Pappas<br>Mary M. Markantonis<br>Frank G. Vlahakos<br>Teylor E. Mark<br>8588 Katy Freeway, Suite 100<br>Houston, Texas 77024<br><br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES,<br>INC.** |
| GREENBERG TRAURIG, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>GREENBERG TRAURIG, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC.<br>AND WESTERN INTERNATIONAL GAS &<br>CYLINDER, INC.** | JACKSON WALKER L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>THE SILVERA FIRM<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ<br>MANAGEMENT COMPANY, LLC** |

## V.        Process and Pleadings

17.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.     In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  August 5, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jacqueline Q. Pham
Texas Bar. No. 24116899
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com
jackie@jmbllp.com

**SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HughesWattersAskanase, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**Counsel for Janet S. Northrup, Chapter 11 Trustee of the Estate of Watson Grinding & Manufacturing Co.**

AND

**McCoy Leavitt Laskey, LLC**

By:   */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**Counsel for Watson Grinding & Manufacturing Co.**

## CERTIFICATE OF SERVICE

I certify that on August 5, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| DEAN G. PAPPAS LAW FIRM, PLLC<br>Dean G. Pappas<br>Mary M. Markantonis<br>Frank G. Vlahakos<br>Teylor E. Mark<br>8588 Katy Freeway, Suite 100<br>Houston, Texas 77024<br><br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| GREENBERG TRAURIG, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>GREENBERG TRAURIG, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | JACKSON WALKER L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>THE SILVERA FIRM<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

Harris County Docket Sheet

# 2020-40547

**COURT:** 234th

**FILED DATE:** 7/8/2020

**CASE TYPE:** Other Injury or Damage



### AMICA MUTUAL INSURANCE COMPANY

Attorney: PAPPAS, DEAN GEORGE

### vs.

### WATSON VALVE SERVICES INC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

7/8/2020 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44356321
By: Wanda Chambers
Filed: 7/8/2020 2:58 PM

CAUSE NO._____

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY,<br>Plaintiff, | § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § | HARRIS COUNTY TEXAS |
| WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.,<br>Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Plaintiff, AMICA MUTUAL INSURANCE COMPANY, (hereinafter referred to as "Plaintiff") complaining of Defendants Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd, KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. and in support of their causes of action shall show unto this Court as follows:

## I.    DISCOVERY

1.    Plaintiff requests that this matter be governed under a Level 3 discovery control plan and the Court enter a docket control order for this matter.

## II.    PARTIES, VENUE, AND JURISDICTION

2.      Plaintiff is an insurance company, that at all times relevant hereto, provided insurance policies that insured, among other things, real and personal property damaged in the January 24, 2020 explosion at Defendants WATSON VALVE SERVICES, INC.'S AND WATSON GRINDING AND MANUFACTURING CO.'S facility (the "Facility") located at 4525 Gessner Road, Houston, Texas.  The Plaintiff insured multiple properties that sustained damage because of the explosion.  As such, Plaintiff has listed in Exhibit 1 each claim submitted because of the explosion along with the current amount of the claim and such is incorporated herein for all purposes.   As the adjustment of these claims continues, the claim amounts are expected to increase.

### A. Plaintiff

3.      AMICA MUTUAL INSURANCE COMPANY is an insurance company whose principal place of business in Texas is Sugarland, Fort Bend County Texas.  At all times relevant hereto, provided a policy of insurance that insured, among other things, the real and personal property of its insureds in Houston, Harris County, Texas set forth in Exhibit

### B. Defendants

4.      Defendant WATSON VALVUE SERVICES INC. ("WV") is a domestic corporation that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WV may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: John  M. Watson, 4525 Gessner Road, Houston, Texas 77041 or wherever he may be found. Service is not being requested at this time.

5.      Defendant Watson Grinding and Manufacturing Co. ("WGM") is a domestic corporation, company or organization that maintains its principal place of business at 4525 Gessner Road, Houston, Texas 77041. WGM may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: John M. Watson, 4525 Gessner Road, Houston,  Texas 77041 or wherever he may be found. Service is not being requested at this time.

6.      Defendant KMHJ, Ltd is a domestic limited partnership doing business in the State of Texas. KMHJ, Ltd. may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: KMHJ Management Company, LLC, 1400 McKinney Street,  Suite 1212, Houston, Texas 77010. Service is not being requested at this time.

7.      Defendant KMHJ Management Company, LLC is a domestic limited liability company doing business in the State of Texas. KMHJ Management Company, LLC may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: Kelly Lee Watson, 1400 McKinney Street, Suite 1212, Houston, Texas 77010 or wherever she may be found. Service is not being requested at this time.

8.       Defendant Western International Gas & Cylinders, Inc. ("Western Gas") is a domestic corporation doing business in the State of Texas. Western Gas may be served with citation and Plaintiffs' Original Petition by serving its registered agent, to wit: Denise C. Haugen, 7173  Highway 159 E., Bellville, Texas 77418 or wherever she may be found. Service is not being requested at this time.

9.      Defendant Matheson Tri-Gas, Inc. ("Matheson") is a foreign corporation doing business in the State of Texas. Matheson may be served with citation and a copy of Plaintiffs' Original Petition by serving its registered agent, to wit: CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201. Service is not being requested at this time.

### III.   <u>JURISDICTION AND VENUE</u>

10.     The Court has subject-matter jurisdiction over this dispute because the aggregate amount in controversy exceeds the Court's minimum jurisdictional limits.

11.     The Court has personal jurisdiction over all Defendants because they are domestic corporations, partnerships and/or business organizations and a foreign corporation that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

12.     Venue is proper in this Court because all or substantially all the acts and/or omissions giving rise to Plaintiff's claims and causes of action occurred in Harris County, Texas.

### IV.   <u>FACTS</u>

13.     On Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at the Facility. The Facility consisted of several buildings spread over approximately 4 acres.

14.     Upon information and belief, Defendants WV and WGM were tenants that operated several manufacturing processes at the Facility. WV was primarily engaged in the business of manufacturing industrial valves for the mining business. WGM was

primarily engaged in manufacturing processes and maintenance of oil field and mining equipment.

15.     Upon information and belief, the property and improvements attached thereon at the Facility were owned, operated, and maintained by Defendants KMHJ, Ltd. and KMHJ Management Company.

16.     The explosion was centered at a building commonly referred to as the "coatings building." The coatings building housed several cells or bays with each bay containing a robotic arm. A robotic arm ignited propylene to heat the coatings material before being applied to the valves.

17.     Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous. The Facility was equipped with a 2,000-gallon propylene tank that was located on the south side of the property. WV and/or WGM used a system of high-pressure piping and valves to move the propylene from the storage tank to the coatings building. Upon information and belief, the valves for the propylene high-pressure piping were left in the open position the night before the explosion rather than being closed per WV's and/or WGM's end-of-shift shutdown procedures.

18.     Defendants Western Gas and/or Matheson were responsible for selling, delivering, and loading the propylene to the 2,000-gallon storage tank. Upon information and belief, Western Gas and/or Matheson also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

19.     The explosion was caused by propylene leak at or inside the coatings building. Upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

20.     It was reported that the blast was heard and felt for over 30 miles. The explosion killed several people and injured many other residents living around the Facility. The explosion damaged hundreds of homes and commercial buildings.

21.     Plaintiff is the property insurer that insured homes that were damaged by the explosion. After the explosion, Plaintiff's insureds submitted first-party claims to Plaintiff for the damages caused by the explosion. The first-party claims have been adjusted and/or continue to be adjusted and Plaintiffs have paid to or on behalf of their insureds money to repair the damages. Plaintiff's insurance policies provide that, upon payment of a covered loss, that the insureds' rights and causes of action against any responsible party are transferred to Plaintiff. Thus, after making payments for covered losses, Plaintiff is contractually subrogated to the rights of their insureds.

22.     Plaintiff is also equitably subrogated to the rights and causes of action of their insureds. Plaintiff is qualified to bring this lawsuit and is subrogated to any right of recovery or cause of action that their insureds have against Defendants for damages, including the claims and causes of action pled herein.

## V.     CAUSES OF ACTION

### A. Count One: Negligence of WV and WGM

23.     Defendants WV and WGM and their employees, agents and servants owed Plaintiff the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners. WV and WGM breached their duty of care in one or more of the following manners:

a.      Failing to properly inspect and maintain the propylene piping and piping system, when such inspections and maintenance would have identified, corrected and repaired any leaks;

b.      Failing to have an adequate leak detection system for the 2,000-gallon propylene tank and propylene piping system with a functioning auditory alarm that would have alerted employees and the surrounding residents about the existence of a propylene leak;

c.      Operating facilities with a continuous supply of propylene gas when they knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids;

d.      Failing to employ appropriate and safe shutdown procedures, where such procedures would have stopped the flow of propylene during non-working hours;

e.      Failing to identify and repair any pre-existing leaks in propylene piping and piping system; adequately and properly

f.      Failing to properly inspect and maintain the coatings robots and all associated propylene piping and piping system located inside the coatings building—including piping segments that experienced a history of leaks—when such inspections and maintenance would have identified leaks and/or prevented leaks from occurring;

g.      Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

h.      Other acts of negligence that will be more fully identified during discovery.

24.     Each of the foregoing acts and/or omissions constituted a breach of WV's and WGM's duty of care. WV's and WGM's breaches were a proximate cause of Plaintiffs' damages.

**B.     Count Two: Negligence of KMHJ, Ltd. and KMHJ Management Company**

25.     Defendants KMHJ, Ltd and KMHJ Management Company (collectively referred to here as "KMHJ") owed Plaintiff the same duty of care as a reasonably prudent owner of an industrial property that used, stored and maintained a highly combustible gas such as propylene would owe to neighboring property owners. Upon information and belief, KMHJ breached their duty of care in one or more of the following manners:

a.     Failing to thoroughly inspect and maintain the propylene piping and piping system, when such inspections and maintenance would have identified, corrected, and repaired any leaks;

b.     Failing to have an adequate leak detection system for the 2,000-gallon propylene tank and propylene piping system with a functioning auditory alarm that would have alerted employees and the surrounding residents about the existence of a propylene leak;

c.     Operating facilities with a continuous supply of propylene gas when they knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids;

d.     Failing to employ appropriate and safe shutdown procedure, where such procedures would have stopped the flow of propylene during non-working hours;

e.     Failing to identify and repair any pre-existing leaks in adequately and properly propylene piping and piping system;

f.     Failing to thoroughly inspect and maintain propylene piping and piping system

located inside the coatings building—including piping segments that experienced a history of leaks—when such inspections and maintenance would have identified leaks and/or prevented leaks from occurring;

g.      Failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

h.      Other acts of negligence that will be more fully identified during discovery.

39.    Each of the foregoing acts and/or omissions constituted a breach of KMHJ's duty of care. KMHJ's failure to act as a reasonably prudent property owner was a proximate cause of Plaintiff's damages.

## C.      Count Three: Negligence of Western Gas and Matheson

26.    Defendants Western Gas and Matheson owed Plaintiff the same duty of care that a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. Western Gas and Matheson breached their duty of care in one or more of the following manners:

a.      Failing to properly monitor the propylene storage tank and/or propylene piping system at the Facility;

b.      Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the propylene piping and piping system were unsafe and had experienced leaks;

c.      Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the propylene piping and piping system were not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

d.      Continuing to supply propylene gas to WV and/or WGM when they knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

e.  Other acts of negligence that will be more fully identified and described during discovery.

27.   Each of the foregoing acts and/or omissions constituted a breach of Western Gas and Matheson's duty of care. Western Gas and Matheson's breach of care was a proximate cause of Plaintiffs' damages.

## VI. DAMAGES

28.   As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs sustained damages for:

a.  Costs to repair damages to houses;

b.  Costs to repair or replace damaged personal property;

c.  Mitigation and/or emergency repair damages;

d.  Additional expenses and living expenses that were incurred while any property was uninhabitable or being repaired;

e.  Costs of court; and

f.  Pre- and post-judgment interest.

## VII.   NOTICE UNDER TEXAS RULE OF CIVIL PROCEDURE 193.7

29.   Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are notified that any documents produced in response to written discovery will be used in pretrial proceedings and trial and will be deemed authentic unless Defendants make a valid objection to authenticity.

## VIII. RULE 194 REQUEST FOR DISCLOSURE

30.     Pursuant to Texas Rule of Civil Procedure 194.1 Defendants are requested to provide the information and material described in Texas Rule of Civil Procedure 194.2 within 50 days of service of Plaintiff's Original Petition.

## IX.    PRAYER

31.     Plaintiff requests that Defendants be made to appear herein and, after a trial of the merits, that a final judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for Plaintiff's actual damages, costs of court, prejudgment interest and post judgment interest and or all other relief for which Plaintiff may be justly entitled to. Respectfully submitted,

DEAN G. PAPPAS LAW FIRM, PLLC

BY:_____
         Dean G. Pappas
         State Bar No. 15454375
         dpappas@dgplawfirm.com
         Mary M. Markantonis
         State Bar No.12986800
         mmarkantonis@dgplawfirm.com
         Frank G. Vlahakos
         State Bar No. 00794799
         fvlahakos@dgplawfirm.com
         Teylor E. Mark
         State Bar No. 24099704
         tmark@dgplawfirm.com
         8588 Katy Freeway, Suite 100
         Houston, Texas 77024
         (713) 914-6200
         (713) 914-6201 (Fax)

# EXHIBIT 1

| NO. | INSURED'S NAME/POLICY NO. | LOSS LOCATION | CURRENT CLAIM AMOUNT |
|---|---|---|---|
| | **AMICA MUTUAL INSURANCE COMPANY** | | |
| 1. | Peter Blake<br>60124205ET | 4831 Kentwalk Dr.<br>Houston, TX 77041 | $25,751.56 |
| 2. | Robert Cook<br>60054224RB | 8003 Woodway Dr, Apt 91<br>Houston, TX 77041 | $3,000.00 |
| 3. | Kelly Danzaer<br>60084232RF | 10018 Knoboak Dr., Apt. 4<br>Houston, TX 77080 | $6,375.34 |
| 4. | Maritza Deras<br>60064232EG | 10731 Brookshire Lane<br>Houston, TX 77041 | $8,849.14 |
| 5. | Lidia Doria<br>60034227TE | 4914 E. Fallen Bough Dr.<br>Houston, TX 77041 | $7,598.39 |
| 6. | Martin Esqueda<br>60044226NR | 4406 Talina Way<br>Houston, TX 77041 | $18,807.35 |
| 7. | Michael Karle<br>60104227US | 10323 Ivy Oaks Lane<br>Houston, TX 77041 | $8,437.00 |
| 8. | Christopher Kelly<br>60044205FY | 10265 Field Stone Drive<br>Houston, TX 77041 | $38,606.24 |
| 9. | Michael Martin<br>600442190 | 4406 Talina Way<br>Houston, TX 77041 | $5,315.62 |
| 10. | Cindy Dobias Micak<br>60104223UQ | 4506 Hollow Hook Road<br>Houston, TX 77041 | $28,611.27 |
| 11. | Iris D. Mora<br>60044227DA | 10523 White Fawn Dr.<br>Houston, TX 77041 | $20,652.25 |
| 12. | Binh Nguyen<br>60074227CU | 4910 E. Laureldale Drive<br>Houston, TX 77041 | $9,931.63 |
| 13. | Gene A. Reed<br>60104205NG | 10250 Rocket Crest Dr.<br>Houston, TX 77041 | $107,000.00 |
| 14. | Lynn Wolf<br>60104226NN | 1922 Ottawa Lane<br>Houston, TX 77043 | $ 5,527.34 |

7/8/2020 2:58:37 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44356321
By: CHAMBERS, WANDA R
Filed: 7/8/2020 2:58:37 PM



# DEAN G. PAPPAS, PLLC
ATTORNEYS AT LAW
8588 KATY FREEWAY
SUITE 100
HOUSTON, TEXAS 77024
Telephone:  713-914-6200
Fax:  713-914-6201

DEAN G. PAPPAS
dpappas@dgplawfirm.com

July 8, 2020

**Via Electronic Filing**
Marilyn Burgess
Harris County District Clerk
Post Office Box 4651
Houston, Texas 77210-4651

Re:   **New Cause No**. _____; *Amica Mutual Insurance Company, Plaintiff vs. Watson Valve Services, Inc. and Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMJH Management Company, LLC, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. Defendants;* In the ___ Judicial District Court of Harris County, Texas

Dear Ms. Burgess:

Regarding the above-referenced case, enclosed for electronic filing is:

- **Plaintiff Amica Mutual Insurance Company's Original Petition and Request for Disclosure.**

Thank you for your cooperation and assistance. Should you have any questions, please do not hesitate to contact me.

Sincerely,

The Dean G. Pappas Law Firm, PLLC

_____
Dean G. Pappas

7/8/2020 7:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44369330
By: Iris Collins
Filed: 7/8/2020 7:12 PM

## CAUSE NO. 2020-40547

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC., | § § § § § § § § § | HARRIS COUNTY TEXAS |
| Defendants. | § § | 234th JUDICIAL DISTRICT |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

## I.    FACTUAL BACKGROUND

1.    This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "Watson Facilities") located in Houston, Texas.  The cause of the fire and explosion is currently unknown.

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiffs' claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      CROSSCLAIMS

### A.  Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion

and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.     The explosion and fire that is the basis for Plaintiffs' claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiffs for all or part of Plaintiffs' claims.

**B. Indemnity**

9.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.     Cross-Claimants deny any and all liability in this litigation and deny Plaintiffs' allegations.  To the degree Cross-Claimants are found liable to Plaintiffs or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact

for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
   State Bar No. 00789289
   lovettm@gtlaw.com
Karl D. Burrer
   State Bar No. 24043584
   burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
   State Bar No. 24026984
   lavignec@gtlaw.com
Daniel P. Elms
   State Bar No. 24002049
   elmsd@gtlaw.com
Samuel G. Davison
   State Bar No. 24084280
   davisons@gtlaw.com
Sarah-Michelle Stearns
   State Bar No. 24099029
   stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

/s/ Christopher M. LaVigne
Christopher M. LaVigne

7/17/2020 7:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44635050
By: SHANNON NORTH-GONZALEZ
Filed: 7/17/2020 7:05 PM

## CAUSE NO. 2020-40547

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON VALVE SERVICES, INC., | § | **HARRIS COUNTY, TEXAS** |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC., | § | |
| **Defendants.** | § | **234TH JUDICIAL DISTRCT** |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiff's Original Petition and would respectfully show the court and the parties as follows:

## I.

## GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiff's petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

**II.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**III.**

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued. Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas. Defendants did not own nor operate a business utilizing propylene or other such chemicals.

**IV.**

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

**V.**

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

**VI.**

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiff or any other party and any alleged acts or omissions of Defendants,

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

**VII.**

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**VIII.**

Further pleading, Defendants submit Plaintiff's claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiff further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

**IX.**

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Plaintiff's claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution. Claims for punitive damages should be separated from compensatory damages in a bifurcated trial. Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiff's claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY: __/s/ Robert C. Turner__
      Robert C. Turner
      State Bar No. 00791831
      17070 Dallas Parkway, Suite 100
      Dallas, Texas 75248
      Telephone (972) 715-1750
      Facsimile (972) 715-1759
      robertturner@silveralaw.com
      kmhjnotice@silveralaw.com

**ATTORNEYS FOR DEFENDANTS**
**KMHJ, LTD., and KMHJ**
**MANAGEMENT COMPANY, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 17TH day of July 2020.

| | |
|---|---|
| Dean G. Pappas, PLLC<br>Dean Pappas<br>dpappas@dgplawfirm.com<br>Mary M. Markantonis<br>mmarkantonis@dgplawfirm.com<br>Frank G. Vlahakos<br>fvlahakos@dgplawfirm.com<br>Teylor E. Mark<br>tmark@dgplawfirm.com<br>8588 Katy Freeway, Suite 100<br>Houston, TX 77024  33607<br>*Counsel for Plaintiff* | Mary-Olga Lovett    lovettm@gtlaw.com<br>Karl D. Burrer       burrerk@gtlaw.com<br>Greenberg Traurig, LLP<br>1000 Louisiana, Suite 1700<br>Houston, TX 77002<br><br>Christopher M. LaVigne  lavignec@gtlaw.com<br>Samuel G. Davison    davisons@gtlaw.com<br>P. William Stark     starkb@gtlaw.com<br>Sarah-Michelle Stearns  stearnssa@gtlaw.com<br>Greenberg Traurig LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br>*Counsel for Western Cylinder and Matheson Tri-Gas* |

*/s/ Robert C. Turner*
Robert C. Turner

7/27/2020 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44859229
By: Charlie Keys
Filed: 7/27/2020 3:31 PM

## CAUSE NO. 2020-40547

| | | |
|---|---|---|
| **AMICA MUTUAL INSURANCE COMPANY,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.,** | § § § § § § § § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **Defendants.** | § § | **234th JUDICIAL DISTRICT** |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER

---

Defendants, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "Defendants"), hereby file their Original Answer as follows:

## I.      GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim and cause of action asserted by Plaintiffs and demand strict proof thereof.

## II.      REQUEST FOR RELIEF

WHEREFORE, Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. respectfully request that Plaintiffs take nothing by reason of their suit against Defendants, and that the Court grant such other and further relief, at law or in equity, to which Defendants are justly entitled.

Dated:  July 27, 2020                    Respectfully submitted,


                                         /s/ Mark A. Junell
                                         Mark A. Junell
                                         State Bar No. 24032610

                                         THE JUNELL LAW FIRM, P.C.
                                         1903 Briarmead Drive
                                         Houston, Texas 77057
                                         mark@junellfirm.com

                                         **Attorneys for Defendants Western
                                         International Gas & Cylinders, Inc. and
                                         Matheson Tri-Gas, Inc.**


### CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing document was served on all
parties on July 27, 2020 via the Court's emailing system to all counsel of record.


                                         /s/ Mark A. Junell
                                         Mark A. Junell