## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **ADVERSARY NO. _____** |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ,** | § | |
| **LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF REMOVAL

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding & Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Stag Houston 2, L.P. vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc.,* Cause No. 2020-40530, pending in the 152nd Judicial District Court of Harris County, Texas (the "State Court Action").

## I.        Procedural Background and Nature of Suit

1.        On July 8, 2020, Stag Houston 2, L.P. (the "Plaintiff") filed an Original Petition (the "Original Petition") against Stag Houston 2, L.P. vs. Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd., KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc. (collectively, the "Defendants").   In their Original Petition, the Plaintiff asserts claims of negligence against the Defendants.

2.        On July 8, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc.'s Crossclaims Against Watson Grinding and Manufacturing Co. and Watson Valve Services, Inc. was filed.

3.        On July 16, 2020, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. filed their Original Answer.

4.        On July 17, 2020, KMHJ, Ltd. and KMHJ Management Company, LLC, filed their Original Answer.

5.        On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.        Basis for Removal

6.        This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

7.      The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

9.      Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title").  The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court.  The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

10.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11").  The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

11.     The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor.  The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12.     Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

13.     This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O).  The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

14.     Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

15.     Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 152th Judicial District Court of Harris County, Texas.

16.     In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| KANE RUSSELL COLEMAN LOGAN PC<br>David H. Fisk<br>Lawrence T. Bowman<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br><br>**ATTORNEYS FOR PLAINTIFF** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING &<br>MANUFACTURING CO.** |

| | Gieger, Laborde & Laperouse L.L.C. Ernest P. Gieger, Jr. 701 Poydras Street, Suite 4800 New Orleans, Louisiana 70139 **ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
|---|---|
| GREENBERG TRAURIG, LLP Mary-Olga Lovett 1000 Louisiana St., Suite 1700 Houston, Texas 77002 GREENBERG TRAURIG, LLP Christopher M. LaVigne 2200 Ross Avenue, Suite 5200 Dallas, Texas 75201 **ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | JACKSON WALKER L.L.P. Bruce J. Ruzinsky 1401 McKinney, Suite 1900 Houston, Texas  77010 THE SILVERA FIRM Robert C. Turner 17070 Dallas Parkway, Suite 100 Dallas, Texas 75248 **ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

## V.      Process and Pleadings

17.      Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

18.      In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated:  August 6, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: */s/ Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jacqueline Q. Pham
Texas Bar. No. 24116899
4119 Montrose Blvd,  Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com
jackie@jmbllp.com

**SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**HUGHESWATTERSASKANASE, LLP**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCoy Leavitt Laskey, LLC**

By:  /s/ *Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**Counsel for Watson Grinding & Manufacturing Co.**

## CERTIFICATE OF SERVICE

I certify that on August 6, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| KANE RUSSELL COLEMAN LOGAN PC<br>David H. Fisk<br>Lawrence T. Bowman<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br><br>**ATTORNEYS FOR PLAINTIFF** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |
| GREENBERG TRAURIG, LLP<br>Mary-Olga Lovett<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br><br>GREENBERG TRAURIG, LLP<br>Christopher M. LaVigne<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR MATHESON TRI-GAS, INC. AND WESTERN INTERNATIONAL GAS & CYLINDER, INC.** | JACKSON WALKER L.L.P.<br>Bruce J. Ruzinsky<br>1401 McKinney, Suite 1900<br>Houston, Texas  77010<br><br>THE SILVERA FIRM<br>Robert C. Turner<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br><br>**ATTORNEYS FOR KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC** |

*/s/ Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

# 2020-40530

**COURT:**   152nd

**FILED DATE:**   7/8/2020

**CASE TYPE:**   Other Injury or Damage



### STAG HOUSTON 2 L P

**Attorney: FISK, DAVID HOLLYE**

### vs.

### WATSON VALVE SERVICES INC

| Docket Sheet Entries | |
| --- | --- |
| Date | Comment |

Case 20-30967    Document 545    Filed in TXSB on 08/06/20    Page 11 of 50

7/8/2020 1:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44349856
By: C Ougrah
Filed: 7/8/2020 1:34 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY, LLC,** | § | |
| **WESTERN INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., and MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **STAG HOUSTON 2, L.P.**, files its Original Petition against Defendants, **WATSON VALVE SERVICES, INC.**, **WATSON GRINDING AND MANUFACTURING CO.**, **KMHJ, LTD**, **KMHJ MANAGEMENT COMPANY, LLC**, **WESTERN INTERNATIONAL GAS & CYLINDERS, INC.**, and **MATHESON TRI-GAS, INC.**, and respectfully states as follows:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that it seeks monetary relief aggregating more than $100,000.

### PARTIES

2.     Plaintiff, STAG Houston 2, L.P., is a foreign limited partnership, registered and authorized to conduct business in the State of Texas and organized under the laws of the State of

Delaware, having its principal place of business at One Federal Street, Floor 23, Boston, Massachusetts 02110.

3.       Defendant, Watson Valve Services, Inc., is a domestic for-profit corporation, duly formed and existing under the laws of the State of Texas, with its principal office and place of business in Harris County, Texas at 4525 Gessner Road, Houston, Texas 77041.   Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

Watson Valve Services, Inc.
c/o John M. Watson
4525 Gessner Road
Houston, Texas 77041

4.       Defendant, Watson Grinding and Manufacturing Co., is a domestic for-profit corporation, duly formed and existing under the laws of the State of Texas, with its principal office and place of business in Harris County, Texas at 4525 Gessner Road, Houston, Texas 77041.   Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

Watson Grinding and Manufacturing Co.
c/o John M. Watson
4525 Gessner Road
Houston, Texas 77041

5.       Defendant, KMHJ, Ltd, is a domestic limited partnership, duly formed and existing under the laws of the State of Texas, with its principal office and place of business in Harris County, Texas at P.O. Box 53677, Houston, Texas 77052.   Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

KMHJ, Ltd
c/o KMHJ Management Company, LLC
1400 McKinney Street, #1212
Houston, Texas 77010

6.     Defendant, KMHJ Management Company, LLC, is a domestic limited liability company, duly formed and existing under the laws of the State of Texas, with its principal office and place of business in Harris County, Texas at 1400 McKinney Street, #1212, Houston, Texas 77010.   Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

KMHJ Management Company, LLC
c/o Kelly Lee Watson
1400 McKinney Street, #1212
Houston, Texas 77010

7.     Defendant, Western International Gas & Cylinders, Inc., is a domestic for-profit corporation, duly formed and existing under the laws of the State of Texas, with its principal office and place of business in Dallas County, Texas at 909 Lake Carolyn, Suite 1300, Irving, Texas 75039.    Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

Western International Gas & Cylinders, Inc.
c/o Denise C. Haugen
7173 Highway 159 E.
Bellville, Texas 77418

8.     Defendant, Matheson Tri-Gas, Inc., is a foreign for-profit corporation, registered and authorized to conduct business in the State of Texas, and duly formed and existing under the laws of the State of Delaware, having its principal place of business located in Dallas County, Texas at 909 Lake Carolyn, Suite 1300, Irving, Texas 75039.  Defendant may be served with citation in this action by serving its registered agent for service of process at the following address:

Matheson Tri-Gas, Inc.,
c/o C T Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

<u>JURISDICTION</u>

9.     The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.  Plaintiff seeks monetary relief over $100,000 but no more than $200,000.  The Court has jurisdiction over Defendants because they are domestic corporations, partnerships and/or business organizations and a foreign corporation that maintained sufficient contacts in and with Texas to satisfy traditional notions of fair play and substantial justice.

<u>VENUE</u>

10.     Venue is proper in Harris County, Texas, pursuant to section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County.

<u>FACTS</u>

11.     Since April 2013, STAG Houston 2, L.P. has owned a certain real property and improvements thereon, including a building, located in Harris County, Texas at 4949 Windfern Road, Houston, Texas 77041.

12.     On or about Friday, January 24, 2020, at approximately 4:25 a.m., a massive explosion occurred at a nearby manufacturing facility located at 4525 Gessner Road, Houston, Texas 77041 (the "Facility").

13.     The Facility consisted of several buildings spread over approximately four acres and was within one mile of STAG's property.

---

14.     Upon information and belief, Defendants Watson Valve Services, Inc. and Watson Grinding and Manufacturing Co. were tenants that operated several manufacturing processes at the Facility.

15.     Defendant Watson Valve was primarily engaged in the business of manufacturing industrial valves for the mining business.

16.     Defendant Watson Grinding was primarily engaged in other manufacturing processes and maintenance on oil field and mining equipment.

17.     The property and attached improvements at the Facility were owned, operated, maintained, and supervised by Defendants KMHJ, Ltd and KMHJ Management Company, LLC.

18.     The epicenter of the explosion was centered at a building commonly referred to as the "coatings building."

19.     The coatings building housed several cells or bays with each bay containing a robotic arm.

20.     The robotic arm ignited propylene to heat the coatings material before being applied to the valves.

21.     Propylene is a highly flammable gas with an extremely low "lower explosive limit" that makes using the gas extremely dangerous.

22.     The Facility was equipped with a 2,000 gallon propylene tank that was located on the south side of the property.

23.     Defendant Watson Valve and/or Defendant Watson Grinding used a system of high-pressure piping and valves to move the propylene from the storage tank to the coatings building.

24.     Upon information and belief, the valves for the propylene high-pressure piping were left in the open (flow) position the night before the explosion rather than being closed per Defendant Watson Valve's and/or Defendant Watson Grinding's end-of-shift shutdown procedures.

25.     Defendant Western International Gas & Cylinders, Inc. and/or Defendant Matheson Tri-Gas, Inc. were responsible for selling, delivering and loading the propylene to the 2,000 gallon storage tank.

26.     Upon information and belief, Defendant Western International Gas and/or Defendant Matheson Tri-Gas also monitored the gas levels inside the storage tank and received notification when there was a low level of propylene inside the storage tank.

27.     The explosion was caused by propylene leak at or inside the coatings building.

28.     Upon information and belief, propylene leaked into the coatings building overnight and was ignited after an employee entered the building shortly before the explosion.

29.     It was reported that the blast was heard and felt for over 30 miles.

30.     Sadly, the explosion killed several people and injured many other residents living around the Facility.

31.     The explosion damaged hundreds of homes, commercial buildings, and other structures, including STAG's building located at 4949 Windfern Road, Houston, Texas 77041 – the explosion damaged one of the risers for the building's fire suppression system, causing significant water damage to interior finishes.

<u>CAUSES OF ACTION</u>

**Count 1 – Negligence of Defendants Watson Valve and Watson Grinding**

32.    Defendants Watson Valve and Watson Grinding owed a duty to exercise reasonable care to avoid a foreseeable risk of injury to others and to exercise the same duty of care that a reasonably prudent owner and operator of an industrial valve manufacturing and maintenance company that maintained and stored extremely dangerous propylene would owe to neighboring property owners.   On the occasion in question, Defendants Watson Valve and Watson Grinding breached their duties in one or more of the following ways:

(a)    by failing to properly inspect and maintain the propylene piping, when such inspections and maintenance would have corrected and repaired any leaks;

(b)    by failing to have an adequate leak detection system for the 2,000 gallon propylene tank that would have alerted employees and the surrounding residents about the existence of a propylene leak;

(c)    by failing to employ appropriate and safe shutdown procedure, where such procedures would have stopped the flow of propylene during non-working hours;

(d)    by failing to adequately and properly repair any pre-existing leaks;

(e)    by failing to properly inspect and maintain the coatings robots and all associated propylene piping located inside the coatings building – including piping segments that experienced a history of leaks – when such inspections and maintenance would have prevented leaks from occurring;

(f)    by failing to have a properly operating lower explosive limit detection system that would have detected the leaking propylene; and

(g)    by failing to act as a reasonably prudent person would have under the same or similar circumstances.

Each of these acts and omissions, separately or in combination with others, constitutes negligence on the part of Defendants Watson Valve and Watson Grinding and is a direct and proximate cause of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

**Count 2 – Negligence of Defendants KMHJ and KMHJ Management**

33.     Defendants KMHJ and KMHJ Management owed a duty to exercise reasonable care to avoid a foreseeable risk of injury to others and to exercise the same duty of care as a reasonably prudent owner of an industrial property that used, stored, and maintained a highly combustible gas such as propylene would owe to neighboring property owners. Upon information and belief, Defendants KMHJ and KMHJ Management knew or should have known that its tenants (Defendants Watson Valve and Watson Grinding) were operating a propylene gas piping system that was in poor condition, had sustained several leaks, and had an inoperative low explosive limit detection system. Defendants KMHJ and KMHJ Management's failure to act as a reasonably prudent property owner was a direct and proximate cause of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

**Count 3 – Negligence of Defendants Western International Gas and Matheson Tri-Gas**

34.     Defendants Western International Gas and Matheson Tri-Gas owed a duty to exercise reasonable care to avoid a foreseeable risk of injury to others and to exercise the same duty of care as a reasonably prudent propylene retailer and supplier would owe to neighboring property owners nearby premises it serviced. On the occasion in question, Defendants Western International Gas and Matheson Tri-Gas breached their duties in one or more of the following ways:

(a)     by failing to properly monitor the propylene storage tank at the Facility;

(b)     by continuing to supply propylene gas to Defendant Watson Valve and/or Defendant Watson Grinding when it knew or should of known that the propylene piping system was unsafe and had experienced leaks;

(c)     by continuing to supply propylene gas to Defendant Watson Valve and/or Defendant Watson Grinding when it knew or should have known that the propylene system was not equipped with a lower explosive limit leak detection system with a functioning auditory alarm;

(d)     by continuing to supply propylene gas to Defendant Watson Valve and/or Defendant Watson Grinding when it knew or should have known that the coatings building was not compliant with the National Electric Code and/or the National Fuel Gas Code for buildings that use flammable gases and liquids; and

(e)     by failing to act as a reasonably prudent person would have under the same or similar circumstances.

Each of these acts and omissions, separately or in combination with others, constitutes negligence on the part of Defendants Western International Gas and Matheson Tri-Gas and is a direct and proximate cause of the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

35.     All conditions precedent have been performed or have occurred.

## DEMAND FOR JURY

36.     Plaintiff respectfully requests a trial by jury pursuant to Rule 216 of the Texas Rule of Civil Procedure.

## RESERVATION OF RIGHTS

37.     Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## REQUESTS FOR DISCLOSURE

38.     Plaintiff requests that each Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## FOR THE COURT ONLY, NOT TO BE READ TO THE JURY

39.     Plaintiff hereby gives notice to the Court and all parties concerned that this lawsuit is being brought and prosecuted by Westport Insurance Corporation, Underwriters at Lloyd's, London, General Security Indemnity Company of Arizona, United Specialty Insurance

Company, Everest Indemnity Insurance Company, Allied World Assurance Company, Generali U.S. Branch, and Endurance American Specialty Insurance Company (collectively, "Plaintiff's Insurers") pursuant to their subrogation rights with respect to payments they made to or on behalf of Plaintiff for the damages caused by the explosion that occurred on or about January 24, 2020. Plaintiff's Insurers participated in a quota share/multi-carrier insurance program that insured Plaintiff's property that was damaged by the explosion. Plaintiff's Insurers have collectively paid $93,918.75 for the damages caused by the explosion, while Plaintiff was responsible for a $25,000 deductible.

## PRAYER

For all of the foregoing reasons, Plaintiff asks that Defendants, Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., KMHJ, Ltd, KMHJ Management Company, LLC, Western International Gas & Cylinders, Inc., and Matheson Tri-Gas, Inc., be cited to appear and to answer herein and that upon a final hearing, the Court enter a judgment in favor of Plaintiff against Defendants, in excess of the jurisdictional limits of this Court, for compensatory and/or economic damages, reasonable attorney's fees, reasonable paralegal fees, reasonable costs, prejudgment interest at the highest legal rate, post-judgment interest at the highest legal rate, court costs, and for such other and further relief, general or special, both at law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

BY:  _____
David H. Fisk
Texas State Bar No. 24050602
Lawrence T. Bowman
Texas State Bar No. 00788993
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Facsimile: (214) 777-4299
Email: dfisk@krcl.com
Email: lbowman@krcl.com

**ATTORNEYS FOR PLAINTIFF**



7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chancesas
Filed: 7/8/2020 1:34:22 PM

## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original petition, Jury Demand, and Request for Disclosure

**FILE DATE:** July 8, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** KMHJ Management Company, LLC

Address of Service: 1400 McKinney Street, Suite 1212

City, State & Zip: Houston, Texas  77010

Agent (if applicable) Kelly Lee Watson

### TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

| | | | |
|---|---|---|---|
| [x] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper**_____ | | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission ($12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____ [x] **E-Issuance by District Clerk**
[ ] **MAIL to attorney   at:** _____ **(No Service Copy Fees Charged)**
[ ] **CONSTABLE** *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk** used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: David H. Fisk   Bar # or ID   24050602

Mailing Address: 901 Main Street, Suite 5200, Dallas, Texas  75202

Phone Number: 214-777-4229



7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chancesas
Filed: 7/8/2020 1:34:22 PM

**Marilyn Burgess**

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:   Plaintiff's Original Petition, Jury Demand, and Request for Disclosure

**FILE DATE:** July 8, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  KMHJ, Ltd., c/o KMHJ Management Company, LLC

Address of Service:  1400 McKinney Street, Suite 1212

City, State & Zip:  Houston, Texas  77010

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [x] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |

[ ] **Citation Scire Facias**     Newspaper_____

[ ] **Temporary Restraining Order**          [ ] **Precept**          [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**     [ ] **Capias** (not by E-Issuance)     [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**                    [ ] **Highway Commission ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**     [ ] **Hague Convention ($16.00)**     [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)     [ ] **Injunction**          [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____     [x] **E-Issuance by District Clerk**
[ ] **MAIL to attorney  at:** _____          **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**                    *Note:* The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**          used to retrieve the E-Issuance Service Documents.
                         Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____

[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  David H. Fisk     Bar # or ID   24050602

Mailing Address:  901 Main Street, Suite 5200, Dallas, Texas  75202

Phone Number:  214-777-4229



7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chanceas
Filed: 7/8/2020 1:34:22 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition, Jury Demand, and Request for Disclosure
_____

**FILE DATE:** July 8, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Matheson Tri-Gas, Inc.
_____

Address of Service: 1999 Bryan Street, Suite 900
_____

City, State & Zip: Dallas, Texas  75201
_____

Agent (if applicable) c/o CT Corporation System
_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [x] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper**_____ | | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission ($12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** (*check one*):
[ ] **ATTORNEY PICK-UP (phone)** _____  [x] **E-Issuance by District Clerk**
[ ] **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**                                      *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**               used to retrieve the E-Issuance Service Documents.
                                                        Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

[ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: David H. Fisk _____ Bar # or ID  24050602

Mailing Address:  901 Main Street, Suite 5200, Dallas, Texas  75202

Phone Number:  214-777-4229



7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chancesas
Filed: 7/8/2020 1:34:22 PM

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition, Jury Demand, and Request for Disclosure

**FILE DATE:**  July 8, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:**  Watson Grinding and Manufacturing Co.

Address of Service:  4525 Gessner Road,

City, State & Zip:  Houston, Texas  77041

Agent (if applicable)  John M. Watson

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):

☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                          *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
                                          Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  David H. Fisk      Bar # or ID   24050602

Mailing Address:  901 Main Street, Suite 5200, Dallas, Texas  75202

Phone Number:   214-777-4229

7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chancesas
Filed: 7/8/2020 1:34:22 PM



## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original, Petition, Jury Demand, and Request for Disclosure

**FILE DATE:** _July 8, 2020_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** _Western International Gas & Cylinders, Inc._

Address of Service: _7173 Highway 159 E._

City, State & Zip: _Bellville, Texas  77418_

Agent (if applicable) _Denise C. Haugen_

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |

[ ] **Citation Scire Facias**     Newspaper_____

[ ] **Temporary Restraining Order**     [ ] **Precept**     [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**     [ ] **Capias** (not by E-Issuance)     [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**     [ ] **Highway Commission ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**     [ ] **Hague Convention ($16.00)**     [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)     [ ] **Injunction**     [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____     [X] **E-Issuance by District Clerk**
[ ] **MAIL to attorney   at:** _____     **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**     *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**     used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____

[ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: _David H. Fisk_     Bar # or ID _24050602_

Mailing Address: _901 Main Street, Suite 5200, Dallas, Texas  75202_

Phone Number: _214-777-4229_



7/8/2020 1:34:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44349856
By: Ougrah, Chancesas
Filed: 7/8/2020 1:34:22 PM

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiff's Original Petition, Jury Demand and Request for Disclosure

**FILE DATE:**  July 8, 2020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Watson Valve Services, Inc. c/o John M. Watson

Address of Service:  4525 Gessner Road

City, State & Zip:  Houston, Texas  77041

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [x] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |
| [ ] **Citation Scire Facias** | **Newspaper**_____ | | |
| [ ] **Temporary Restraining Order** | [ ] **Precept** | | [ ] **Notice** |
| [ ] **Protective Order** | | | |
| [ ] **Secretary of State Citation ($12.00)** | [ ] **Capias** (not by E-Issuance) | | [ ] **Attachment** (not by E-Issuance) |
| [ ] **Certiorari** | [ ] **Highway Commission ($12.00)** | | |
| [ ] **Commissioner of Insurance ($12.00)** | [ ] **Hague Convention ($16.00)** | | [ ] **Garnishment** |
| [ ] **Habeas Corpus** (not by E-Issuance) | [ ] **Injunction** | | [ ] **Sequestration** |
| [ ] **Subpoena** | | | |
| [ ] **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
[ ] **ATTORNEY PICK-UP (phone)** _____   [x] **E-Issuance by District Clerk**
[ ] **MAIL to attorney**  at: _____   **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  David H. Fisk   Bar # or ID   24050602

Mailing Address:  901 Main Street, Suite 5200, Dallas, Texas  75202

Phone Number:   214-777-4229

7/8/2020 7:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44369355
By: Kevin Childs
Filed: 7/8/2020 7:15 PM

## CAUSE NO. 2020-40530

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC., and MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| **Defendants.** | § | **152nd JUDICIAL DISTRICT** |

---

### WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.'S CROSSCLAIMS AGAINST WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.

---

Defendants / Cross-Claimants, Western International Gas & Cylinders, Inc. ("Western") and Matheson Tri-Gas, Inc. ("Matheson" and collectively with Western the "Cross-Claimants"), hereby file their Crossclaims against Watson Grinding and Manufacturing Co. ("Watson Grinding") and Watson Valve Services, Inc. ("Watson Valve", and collectively with Watson Grinding, the "Crossclaim Defendants") as follows:

### I.   FACTUAL BACKGROUND

1.      This litigation arises out of a fire and explosion that occurred in the early-morning on Friday, January 24, 2020 at the Watson Grinding and Watson Valve facilities (collectively, the "Watson Facilities") located in Houston, Texas.   The cause of the fire and explosion is currently unknown.

2.      Matheson, through its wholly owned subsidiary, Western, supplied polymer grade propylene to Watson Grinding.

3.      Plaintiff's claims against Matheson and Western arise from and relate to the January 24 fire and explosion that occurred at the Watson Facilities.

4.      Pursuant to Texas statutory and common law, as well as a June 22, 2017 Product Supply Agreement between Matheson and Watson Grinding, Cross-Claimants are entitled to comparative liability, contribution, defense, and indemnity from Watson Grinding and Watson Valve as set forth below.

## II.      CROSSCLAIMS

### A.  Comparative Liability and Contribution

5.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Grinding pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

6.      The explosion and fire that is the basis for Plaintiff's claims in this litigation occurred at the Watson Facilities.  Watson Grinding is or may be liable to Cross-Claimants or Plaintiff for all or part of Plaintiff's claims.

7.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Matheson and Western are entitled to contribution from Watson Valve pursuant to Chapter 33 of the Texas Civil Practice & Remedies

Code, or as otherwise permitted by Texas statutory and common law, for any percentage of liability assigned to Cross-Claimants.

8.      The explosion and fire that is the basis for Plaintiff's claims in this litigation occurred at the Watson Facilities.  Watson Valve is or may be liable to Cross-Claimants or Plaintiff for all or part of Plaintiff's claims.

**B. Indemnity**

9.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Grinding relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Grinding pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

10.      Cross-Claimants deny any and all liability in this litigation and deny Plaintiff's allegations.  To the degree Cross-Claimants are found liable to Plaintiff or others for damages caused in whole or in part by any acts or omissions of Watson Valve relating to the explosion and fire at the Watson Facilities on January 24, 2020, Cross-Claimants are entitled to defense, indemnity, and to be held harmless by and from Watson Valve pursuant to the June 22, 2017 Product Supply Agreement, or as otherwise permitted by Texas statutory and common law.

### III.   <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants Matheson and Western pray that: (1) Watson Grinding's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (2) Watson Valve's negligence or comparative fault be submitted to the trier of fact for consideration for contribution, (3) Watson Grinding be held to

defend and indemnify Cross-Claimants for any liability caused by Watson Grinding, (4) Watson Valve be held to defend and indemnify Cross-Claimants for any liability caused by Watson Valve and (5) for such other and further relief to which Cross-Claimants may be justly entitled.

*[Remainder of the Page Intentionally Left Blank]*

Date: July 8, 2020

Respectfully submitted,

Mary-Olga Lovett
   State Bar No. 00789289
   lovettm@gtlaw.com
Karl D. Burrer
   State Bar No. 24043584
   burrerk@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

/s/ Christopher M. LaVigne
Christopher M. LaVigne
   State Bar No. 24026984
   lavignec@gtlaw.com
Daniel P. Elms
   State Bar No. 24002049
   elmsd@gtlaw.com
Samuel G. Davison
   State Bar No. 24084280
   davisons@gtlaw.com
Sarah-Michelle Stearns
   State Bar No. 24099029
   stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Western International Gas &
Cylinders, Inc. and Matheson Tri-Gas, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 8, 2020 via the Court's emailing system to all counsel of record.

/s/ Christopher M. LaVigne
Christopher M. LaVigne

7/13/2020 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44474781
By: Kimberly Garza
Filed: 7/13/2020 3:46 PM

## CAUSE NO. <u>202040530</u>

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **152ND JUDICIAL DISTRICT** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., et al.,** | § | |
| **Defendant(s).** | § | **HARRIS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **Friday, July 10, 2020 at 9:05 AM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
within the county of **DALLAS** at **9:15 AM, on Friday, July 10, 2020,**
by individually and personally delivering to the within named:

### MATHESON TRI-GAS INC (FOREIGN FOR-PROFIT CORPORATION)

By delivering to its **Registered Agent, C T CORPORATION SYSTEM**
By delivering to  **Authorized Agent, ANTOINETTE WILLIAMS**
a true copy of this

### CITATION CORPORATE and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

My name is Tracy Edwards, my date of birth is September 15, 1963 and my address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on Friday, July 10, 2020

By:_____
PSC 1872 - Exp 03/31/22
served@specialdelivery.com

CAUSE NO. 202040530

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 872353  TRACKING NO: 73765369
EML

| | |
|---|---|
| Plaintiff:<br>STAG HOUSTON 2 L P<br>vs.<br>Defendant:<br>WATSON VALVE SERVICES INC | In The 152nd<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** MATHESON TRI- GAS INC (FOREIGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on July 8, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on July 8, 2020, under my hand and seal of said court.

Issued at the request of:

FISK, DAVID HOLLYE
1601 ELM STREET SUITE 3700
DALLAS, TX 75201-7335
214-777-4229
Bar Number: 24050602



*Marilyn Burgess*
Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANCESAS OUGRAH

Tracking Number: 73765369

EML

**CAUSE NUMBER: 202040530**

| | |
|---|---|
| PLAINTIFF: STAG HOUSTON 2 L P | In the 152nd |
| vs. | Judicial District Court of |
| DEFENDANT: WATSON VALVE SERVICES INC | Harris County, Texas |

---

**OFFICER - AUTHORIZED PERSON RETURN**

Came to hand at _____ o'clock \_\_\_. M. on the _____ day of _____, 20\_\_\_\_\_. Executed at

(Address)_____
in

_____ County at o'clock \_\_\_. M. On the _____ day of _____, 20\_\_\_\_\_, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

| | |
|---|---|
| _____ | By_____ |
| Affiant | Deputy |

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20\_\_.

_____
Notary Public

## ** SEE ATTACHED **
## ***AFFIDAVIT***

7/16/2020 3:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44589900
By: Kimberly Garza
Filed: 7/16/2020 3:44 PM

## CAUSE NO. 2020-40530

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC., and MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **152nd JUDICIAL DISTRICT** |

---

## WESTERN INTERNATIONAL GAS & CYLINDERS, INC AND MATHESON TRI-GAS, INC.'S ORIGINAL ANSWER

---

Defendants, Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. (collectively, "Defendants"), hereby file their Original Answer as follows:

### I.     GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim and cause of action asserted by Plaintiffs and demand strict proof thereof.

### II.     REQUEST FOR RELIEF

WHEREFORE, Defendants Western International Gas & Cylinders, Inc. and Matheson Tri-Gas, Inc. respectfully request that Plaintiffs take nothing by reason of their suit against Defendants, and that the Court grant such other and further relief, at law or in equity, to which Defendants are justly entitled.

Dated:  July 16, 2020

Respectfully submitted,

Mary-Olga Lovett
  State Bar No. 00789289
  lovettm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone:  713-374-3500
Facsimile:  713-374-3505

*/s/* Christopher M. LaVigne
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
P. William Stark
  State Bar No. 24046902
  starkb@gtlaw.com
Samuel G. Davison
  State Bar No. 24084280
  davisons@gtlaw.com
Sarah-Michelle Stearns
  State Bar No. 24099029
  stearnssa@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  214-665-3600
Facsimile:  214-665-3601

**Attorneys for Defendants Western
International Gas & Cylinders, Inc. and
Matheson Tri-Gas, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all parties on July 16, 2020 via the Court's emailing system to all counsel of record.


/s/ Christopher M. LaVigne
Christopher M. LaVigne

7/17/2020 7:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44635216
By: KATINA WILLIAMS
Filed: 7/17/2020 7:24 PM

## CAUSE NO. 2020-40530

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | **HARRIS COUNTY, TEXAS** |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, INC., MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| **Defendants.** | § | **152ND JUDICIAL DISTRCT** |

## ORIGINAL ANSWER OF DEFENDANTS
## KMHJ, LTD. AND KMHJ MANAGEMENT COMPANY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KMHJ, LTD and KMHJ MANAGEMENT COMPANY, LLC, and subject to Watson Valve Services, Inc.'s and Watson Grinding and Manufacturing Co.'s bankruptcy proceedings and Motions to Stay, and any pending Temporary Restraining Orders or Temporary Injunctions, and files this, their Original Answer to Plaintiff's Original Petition and would respectfully show the court and the parties as follows:

### I.

### GENERAL DENIAL

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC generally deny each and every, all and singular, the material allegations in Plaintiff's petition and demand strict proof thereof by a preponderance of the evidence. Defendants hereby enter a General Denial.

## II.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert there is a defect of parties.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## III.

Defendants KMHJ, Ltd. and KMHJ Management Company, LLC assert that Defendants are not liable in the capacity in which they have been sued.  Defendants did not operate nor manage a manufacturing business or facility in Houston, Harris County, Texas.  Defendants did not own nor operate a business utilizing propylene or other such chemicals.

## IV.

Further pleading, Defendants allege the action in question and any resulting damages were as a result of the acts or omissions of other named parties or entities and Defendants invoke the provisions of Texas Civil Practice Remedies Code, including but not limited to Chapter 33 and §33.001; §33.002; §33.003; §33.004; §33.011; §33.012 and §33.013.

## V.

Further pleading, if necessary, Defendants allege and hereby invoke the privileges of Chapter 41 of the Texas Civil Practice Remedies Code, including but not limited to §41.001; §41.002; §41.002(a)(b)(c) and (d); §41.003; §41.004; §41.006; §41.007; §41.008; §41.009; §41.010; §41.011; §41.012 and §41.013.

## VI.

Further pleading, if necessary, in the alternative, Defendants allege that they did not breach any duty owed to Plaintiff or any other party and any alleged acts or omissions of Defendants,

KMHJ, Ltd. and KMHJ Management Company, LLC and were not a proximate cause of the alleged accident in question and the resulting damages.

## VII.

Further pleading, if necessary, in the alternative, Defendants assert all available defenses under §41.0105 of the Texas Civil Practice Remedies Code; in addition to any other limitation or law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## VIII.

Further pleading, Defendants submit Plaintiff's claims for punitive damages, exemplary damages, if any, are limited under the Texas Civil Practice and Remedies Code §41.008 with the amount of recovery of exemplary or punitive damages not to exceed two times the amount of economic damages, plus, an amount equal to any non-economic damages found by the jury, not to exceed the sum of $150,000; or $200,000.  *See* Texas Civil Practice Remedies Code §41.008. Plaintiff further may not recover any interests from any award of punitive or exemplary damages. *See* Texas Civil Practice Remedies Code §41.007.

## IX.

Further pleading, Defendants argue any award of punitive or exemplary damages is unconstitutional and that the award of such damages constitutes punishment and violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claims for punitive or exemplary damages violates both the U.S. and Texas Constitutions guaranteeing the right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, in addition to Article One, Section Nineteen of the Texas Constitution.

## X.

Further pleading, punitive and exemplary damages violate the double jeopardy clause of the Fifth Amendment to the United States Constitution.  Plaintiff's claim for punitive or exemplary damages also violates Defendants' right to protection from being subjected to excessive fines, as provided in Article One, Section Thirteen of the Texas Constitution.  Claims for punitive damages should be separated from compensatory damages in a bifurcated trial.  Otherwise, evidence admissible on the question of punitive damages may inflame and destroy a jury's assessment of compensatory damage liability.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants, and Defendants be discharged to go hence without delay and recover their cost, that Plaintiff's claims and/or causes of action be dismissed, and for such other and further relief to which Defendants, KMHJ, Ltd. and KMHJ Management Company, LLC may be justly entitled.

Respectfully submitted,

THE SILVERA FIRM
A Professional Corporation

BY:   _/s/ Robert C. Turner_
        Robert C. Turner
        State Bar No. 00791831
        17070 Dallas Parkway, Suite 100
        Dallas, Texas 75248
        Telephone (972) 715-1750
        Facsimile (972) 715-1759
        robertturner@silveralaw.com
        kmhjnotice@silveralaw.com

**ATTORNEYS FOR DEFENDANTS
KMHJ, LTD., and KMHJ
MANAGEMENT COMPANY, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Texas Rules of Civil Procedure on this the 17TH day of July 2020.

David H. Fisk        dfisk@krcl.com
Lawrence T. Bowman    lbowman@krcl.com
Kane Russell Coleman Logan PC
901 Maine Street, Suite 5200
Dallas, TX 75202
*Counsel for Plaintiff*

Mary-Olga Lovett      lovettm@gtlaw.com
Karl D. Burrer        burrerk@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002

Christopher M. LaVigne  lavignec@gtlaw.com
Samuel G. Davison       davisons@gtlaw.com
P. William Stark        starkb@gtlaw.com
Sarah-Michelle Stearns  stearnssa@gtlaw.com
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
*Counsel for Western Cylinder and Matheson Tri-Gas*

*/s/ Robert C. Turner*
Robert C. Turner

7/20/2020 2:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44662190
By: KATINA WILLIAMS
Filed: 7/20/2020 2:05 PM

## CAUSE NO. 202040530

| | | |
|---|---|---|
| STAG HOUSTON 2, L.P., | § | IN THE 281ST JUDICIAL DISTRICT |
| | § | |
| Plaintiff, | § | |
| VS. | § | COURT OF |
| | § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING | § | |
| AND MANUFACTURING CO., KMHJ, LTD, KMHJ, | | |
| MANAGEMENT COMPANY,LLC, WESTERN | | |
| INTERNATIONAL GAS & CYLINDERS, INC., AND | | |
| MATHESON TRI-GAS, INC., | | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared Scott Spykes who, being by me duly sworn, deposed and said:

"The following came to hand on Jun 9, 2020, 9:55 am,

**CITATION CORPORATE WITH PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

and was executed at **207 Briarwood Dr, Bellville, TX 77418** within the county of **Austin** at 11:00 AM on Fri, Jul 10 2020, by delivering a true copy to the within named

**WESTERN INTERNATIONAL GAS & CYLINDERS INC (DOMESTIC FOR PROFIT CORPORATION) BY SERVING ITS PRESIDENT DUSTY YANTIS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_Scott Spykes_

**Scott Spykes**
**Certification Number: PSC - 16218**
**Certification Expiration: 6/30/2021**

BEFORE ME, a Notary Public, on this day personally appeared Scott Spykes, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON JULY 17, 2020**

Kimberly Dawn Siertz
My Commission Expires
06/18/2024
ID No. 132527782

**Notary Public, State of Texas**

CAUSE NO. 202040530

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 872353  TRACKING NO: 73765365
EML

| | |
|---|---|
| Plaintiff: | In The 152nd |
| STAG HOUSTON 2 L P | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WATSON VALVE SERVICES INC | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

To:    **WESTERN INTERNATIONAL GAS & CYLINDERS INC (DOMESTIC FOR PROFIT CORPORATION)**
**BY SERVING ITS REGISTERED AGENT DENISE C HAUGEN**
**7173 HIGHWAY 159 E, BELLVILLE TX 77418**

Attached is a copy of: PLAINTIFF"S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR
DISCLOSURE

This instrument was filed on July 8, 2020 in the above cited cause number and court. The instrument attached describes the
claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on July 8, 2020, under my hand and seal of said court.

Issued at the request of:

FISK, DAVID HOLLYE
1601 ELM STREET SUITE 3700
DALLAS, TX 75201-7335
214-777-4229
Bar Number: 24050602

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANCESAS OUGRAH

Tracking Number: 73765365

EML

## CAUSE NUMBER: 202040530

| | |
|---|---|
| **PLAINTIFF: STAG HOUSTON 2 L P** | **In the 152nd** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: WATSON VALVE SERVICES INC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
              Affiant                                                  Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
              Notary Public

7/20/2020 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44662264
By: KATINA WILLIAMS
Filed: 7/20/2020 2:06 PM

## CAUSE NO. 202040530

| | | |
|---|---|---|
| STAG HOUSTON 2, L.P., | § | IN THE 281ST JUDICIAL DISTRICT |
| | § | |
| Plaintiff, | § | |
| VS. | § | COURT OF |
| | § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING | § | |
| AND MANUFACTURING CO., KMHJ, LTD, KMHJ, | | |
| MANAGEMENT COMPANY,LLC, WESTERN | | |
| INTERNATIONAL GAS & CYLINDERS, INC., AND | | |
| MATHESON TRI-GAS, INC., | | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared Scott Spykes who, being by me duly sworn, deposed and said:

"The following came to hand on Jun 9, 2020, 9:55 am,

**CITATION CORPORATE WITH PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

and was executed at **207 Briarwood Dr, Bellville, TX 77418** within the county of **Austin** at **11:00 AM on Fri, Jul 10 2020,** by delivering a true copy to the within named

**WESTERN INTERNATIONAL GAS & CYLINDERS INC (DOMESTIC FOR PROFIT CORPORATION) BY SERVING ITS PRESIDENT DUSTY YANTIS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_Scott Spykes_

**Scott Spykes**
**Certification Number: PSC - 16218**
**Certification Expiration: 6/30/2021**

BEFORE ME, a Notary Public, on this day personally appeared Scott Spykes, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON JULY 17, 2020**

Kimberly Dawn Startz
My Commission Expires
06/18/2024
ID No. 132527782

**Notary Public, State of Texas**

CAUSE NO. 202040530

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 872353  TRACKING NO: 73765365
EML

| | |
|---|---|
| Plaintiff: | In The 152nd |
| STAG HOUSTON 2 L P | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WATSON VALVE SERVICES INC | Houston, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

To:    **WESTERN INTERNATIONAL GAS & CYLINDERS INC (DOMESTIC FOR PROFIT CORPORATION)**
**BY SERVING ITS REGISTERED AGENT DENISE C HAUGEN**
**7173 HIGHWAY 159 E, BELLVILLE TX 77418**

Attached is a copy of: PLAINTIFF"S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR
DISCLOSURE

This instrument was filed on July 8, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on July 8, 2020, under my hand and seal of said court.

Issued at the request of:

FISK, DAVID HOLLYE
1601 ELM STREET SUITE 3700
DALLAS, TX 75201-7335
214-777-4229
Bar Number: 24050602

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANCESAS OUGRAH

Tracking Number: 73765365

EML

## CAUSE NUMBER: 202040530

| | |
|---|---|
| **PLAINTIFF: STAG HOUSTON 2 L P** | **In the 152nd** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: WATSON VALVE SERVICES INC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                **Affiant**                                              **Deputy**

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


                                          _____
                                          Notary Public