**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>WATSON GRINDING & MANUFACTURING CO.,<br><br>Debtor. | § § § § § § § | CASE NO. 20-30967<br><br>(Chapter 11) |
| JOHNYCE ADAMS, *ET AL.*,<br><br>Plaintiffs,<br><br>vs.<br><br>WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING, CO.,<br><br>Defendants. | § § § § § § § § § § § | ADVERSARY NO. _____ |

**NOTICE OF REMOVAL**

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding & Manufacturing Co. (the "Debtor"), files this Notice of Removal of the state court action styled *Johnyce Adams, et al. vs. Watson Valve Services, Inc. and Watson Grinding and Manufacturing Co.,* Cause No. 2020-40081, pending in the 125th Judicial District Court of Harris County, Texas (the "State Court Action").

**I.   Procedural Background and Nature of Suit**

1.   On July 7, 2020, Johnyce Adams, *et al.* (collectively, the "Plaintiffs") filed an Original Petition (the "Original Petition") against Watson Valve Services, Inc. and Watson Grinding and Manufacturing Co. (collectively, the "Defendants"). In their Original Petition, the Plaintiffs assert claims of negligence, nuisance, and trespass against the Defendants.

1

2. On February 6, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Watson Grinding & Manufacturing Co.*, Case No. 20-30967, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

## II.   Basis for Removal

3. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

4. The State Court Action was initiated after the commencement of the Chapter 11 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027. *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6. Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose

outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

8. The resolution of this State Court Action will have a direct impact on the bankruptcy estate of the Debtor. The State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of State Court Action could conceivably change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

9. Thus, the claims asserted in the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### III.     Core or Non-Core Bankruptcy Jurisdiction

10. This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B) and (C). The claims and causes of action in the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. § 541.

11. Upon removal of the State Court Action, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge.

### IV.     Parties and Notice

12. Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the 125th Judicial District Court of Harris County, Texas.

13. In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| BRENT COON & ASSOCIATES<br>Matthew R. Willis<br>300 Fannin, Suite 200<br>Houston, Texas 77002<br><br>**ATTORNEYS FOR PLAINTIFFS** | MCCOY LEAVITT LASKEY LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**ATTORNEYS FOR WATSON GRINDING & MANUFACTURING CO.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**ATTORNEYS FOR WATSON VALVE SERVICES, INC.** |

## V. Process and Pleadings

14. Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the State Court Action (as set forth in the attached Exhibit "A") have been provided to this Court.

15. In accordance with Bankruptcy Rule 9027(c), the Trustee will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

WHEREFORE, the Trustee notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: August 7, 2020.

Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**

By: /s/ *Ruth Van Meter*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
Jacqueline Q. Pham
Texas Bar. No. 24116899
4119 Montrose Blvd, Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com
jackie@jmbllp.com

**SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

**HUGHESWATTERSASKANASE, LLP**

By: /s/ *Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com

**COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

AND

**McCoy Leavitt Laskey, LLC**

By:  /s/ *Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604
20726 Stone Oak Parkway, Suite 116
San Antonio, TX  78258
Telephone (210) 446-2828
Fax (262) 522-7020
mramirez@mlllaw.com

**Counsel for Watson Grinding & Manufacturing Co.**

## CERTIFICATE OF SERVICE

I certify that on August 7, 2020, a true and correct copy of the foregoing Notice was served via ECF/PACER to all parties registered to receive such service and via first class mail (without attachments) on a date to be supplemented to the following:

| | |
|---|---|
| Brent Coon & Associates<br>Matthew R. Willis<br>300 Fannin, Suite 200<br>Houston, Texas 77002<br><br>**Attorneys for Plaintiffs** | McCoy Leavitt Laskey LLC<br>John V. McCoy<br>Michael I. Ramirez<br>N19 W24200 Riverwood Dr., Suite 125<br>Waukesha, WI 53188<br><br>**Attorneys For Watson Grinding & Manufacturing Co.**<br><br>Gieger, Laborde & Laperouse L.L.C.<br>Ernest P. Gieger, Jr.<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139<br><br>**Attorneys For Watson Valve Services, Inc.** |

/s/ *Ruth Van Meter*
Ruth Van Meter

# EXHIBIT A

Harris County Docket Sheet

# 2020-40081

**COURT:** 125th
**FILED DATE:** 7/7/2020
**CASE TYPE:** Premises



### ADAMS, JOHNYCE

Attorney: WILLIS, MATTHEW R.

**vs.**

### WATSON VALVE SERVICES, INC.

| Docket Sheet Entries ||
|---|---|
| Date | Comment |

Case 20-30967  Document 562  Filed in TXSB on 08/07/20  Page 9 of 19

7/7/2020 11:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44298953
By: Rhonda Momon
Filed: 7/7/2020 11:21 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JOHNCYE ADAMS, ET AL<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs | §<br>§ | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC.,<br>WATSON GRINDING AND<br>MANUFACTURING, CO.<br>Defendants. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, JOHNCYE ADAMS, ET AL, complaining of Defendants, Watson Valve Services, Inc., (Hereinafter referred to as "WATSON VALVE") and Watson Grinding and Manufacturing, Co. (Hereinafter referred to as "WATSON") and show the following:

**INTRODUCTION**

1. This is a civil action brought on behalf of Plaintiffs who suffered personal injuries (Personal Injury Plaintiffs), personal losses (Personal Loss Plaintiffs) and property losses (Property Loss Plaintiffs), all who seek monetary compensation for their damages and losses as a result of the WATSON incident described herein.

**DISCOVERY CONTROL PLAN**

2. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs assert that the complexities of this case will demand that the Court order a discovery control plan specific for this case.

## REQUEST FOR DISCLOSURE

3. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, WATSON is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PARTIES

4. Each individual plaintiff herein is listed in the spreadsheet attached hereto and fully incorporated by reference as **Exhibit A**. In addition to the name, the spreadsheet lists each plaintiff's county of residence, the last four digits of their social security number, and an indication as to the category of damages being asserted by each.

5. Defendant, WATSON VALVE SERVICES, INC. (hereinafter "WATSON VALVE") is a domestic corporation doing business in the State of Texas who may be served with process by and through its registered agent, John M. Watson, at 14525 Gessner Road, Houston, Texas 77041.

6. Defendant, WATSON GRINDING AND MANUFACTURING, CO. (hereinafter "WATSON") is a domestic corporation doing business in the State of Texas who may be served with process by and through its registered agent, John M. Watson, at 14525 Gessner Road, Houston, Texas 77041.

## JURISDICTION

7. Jurisdiction is proper because of the amount in controversy exceeds the minimum jurisdictional limits if this Court.

8. Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(l) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas.

## FACTS

9. In the early morning hours of January 24, 2020, an explosion occurred at Watson Grinding and Manufacturing, located at 4525 Gessner Road, Houston, Texas. Plaintiffs' properties were destroyed by the explosion. At all times relevant to the incident, Defendants WATSON and/or WATSON VALVE controlled and continues to control the premises where the explosion originated. As result of the explosion, Plaintiffs suffered significant physical injuries and damages to their personal and premises.

## CAUSES OF ACTION

## NEGLIGENCE

10. Plaintiffs repeat and re-allege each allegation above herein.

11. WATSON had a duty to exercise ordinary care as a reasonable and prudent company would have acted under the same or sear circumstances. WATSON breached its duty in one or more respects including, but not limited to failing to:

    a. Failing to create and /or enforce safety rules and guidelines;

    b. Contributing to and failing to provide an unsafe wok site;

    c. Failing to recognize and remediate hazards, including hazards with an extreme degree of risk;

    d. Participating in and contributing to acts that caused the incident in question, including the poisoning of propylene and natural gas in proximity of one another without adequate safety measures and protections;

    e. Failing to provide timely assistance, or to ensure other protections were in place;

    f. Failing to warn of know hazard;

    g. Failing to read, understand, and follow published safe work policies and procedures;

  h. Promulgating and following unsafe work policies;

  i. Creating latent dangers, but failing to warn of same;

  j. Failing to provide adequate equipment and competent personnel;

  k. Failing to ensure a safe work area;

  l. Failing to institute precautionary measures to protect individuals such as plaintiffs;

  m. Failing to use proper equipment

  n. Failure to properly plan;

  o. Failing to properly and timely fix hazards; and

  p. Using incorrect, insufficient or defective systems for propylene and /or natural gas and keeping these two extendedly combustible materials near one another.

12. Each of the WATSON's acts and/or omissions constituted negligence and each proximately caused the injuries and damages sustained by Plaintiffs.

## **NUISANCE**

13. Plaintiffs repeat and re-allege each allegation above herein.

14. The WATSON Incident created a *private nuisance* that substantially interfered with Plaintiffs' property owners' interest in the use and enjoyment of their properties and caused them unreasonable discomfort or annoyance. These Plaintiffs seek recovery of all of its actual, special, consequential, incidental, and other damages, harms, and losses resulting from the nuisance created by WATSON.

15. The WATSON Incident created a *public nuisance* causing harm that was different in kind from that suffered by the general public because WATSON's acts or omissions interfered with Plaintiffs' ability to access, operate and use their property.

16. WATSON's conduct interfered with a public right. WATSON's conduct adversely affected all or a substantial part of the community. WATSON's conduct was unreasonable because it involved a

significant interference with the public's health, safety, peace, comfort, or convenience and is continuing in nature and produced a permanent or long-lasting effect that WATSON knew or should have known would have a significant effect on a public right.

17. WATSON's conduct caused a special injury to Plaintiffs, for which they seek recovery of all special, consequential, incidental, and other damages, harm and losses resulting from the nuisance it created.

## TRESPASS

18. Plaintiffs repeat and re-allege each allegation above herein.

19. WATSON trespassed against Plaintiffs when it physically, intentionally, and voluntarily interfered with Plaintiffs' right to possess their properties. Accordingly, Plaintiffs seek recovery of all of its actual, special, consequential, incidental, and other damages, and losses, including cost of restoration or repair, loss of use of land, loss of expected profits from the use of land, loss of market value of land, loss of market value of buildings, and lost profits caused by WATSON's trespass. Plaintiffs also seek recovery of exemplary damages.

## DAMAGES

20. Plaintiffs repeat and re-allege each allegation above herein.

21. As a direct and proximate result of the wrongful acts and/or omissions of WATSON, Plaintiffs have suffered damages, including but not limited to the following:

    a. Real property and personal property damage;

    b. Medical expenses in the past and into the future;

    c. Pain and suffering in the past and into the future;

    d. Mental anguish in the past and into the future;

    e. Physical impairment in the past and into the future; and/or

    f. Loss of consortium and companionship in past and future;

    g. Loss of household services in the past and future;

    h. All other relief to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

22. Plaintiffs demand a trial by jury on all of their claims.

## PRAYER

23. Plaintiffs pray that WATSON be cited to appear and answer herein, and that upon final trial they recover judgment against WATSON for the following:

    a. All actual, special, consequential, incidental, and other damages, harms and losses, including but not limited to loss of market value of land, cost of repair, loss of use of land, out of pocket damages, lost profits and loss of business goodwill, as well as all bodily injury damages alleged and proven herein;

    b. Costs of court;

    c. Pre- and post-judgment interest at the maximum rate allowed by law;

    d. All other relief to which Plaintiffs are entitled, at law or in equity.

Respectfully submitted,

*/s/ Matthew R. Willis*
MATTHEW R. WILLIS
State Bar No. 21648600
Email: matt.willis@bcoonlaw.com
**BRENT COON & ASSOCIATES**
300 Fannin, Suite 200
Houston, Texas 77002
Telephone: (713) 225-1682
Facsimile: (713) 225-1785

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT A

| | First Name | Last Name | County of Residence | Last Four of Social Security Number | If Minor, Last Four of SSN for Adult Representative | Personal Injury Damages | Lost Wages | Property Damage |
|---|---|---|---|---|---|---|---|---|
| 1 | Johnyce | Adams | Harris | 5216 | | | | |
| 2 | Adam | Alani | Harris | 0055 | | | | |
| 3 | Mark | Allen | Harris | 0573 | | | | |
| 4 | J.A. | | Harris | | Daphne Griffin – 1351 | | | |
| 5 | John | Andresen | Harris | 7098 | | | | |
| 6 | Fernando | Arias | Harris | 1068 | | | | |
| 7 | Mike | Ayers | Harris | 9796 | | | | |
| 8 | Michael | Berry | Harris | 7827 | | | | |
| 9 | Tricia | Berry | Harris | 5803 | | | | |
| 10 | Vicente | Cardoso | Harris | 1490 | | | | |
| 11 | Tara | Carter | Harris | 3477 | | | | |
| 12 | Anna | Castro | Harris | 7441 | | | | |
| 13 | Reda | Choukair | Harris | 1680 | | | | |
| 14 | Ronnie | Ellis | Harris | 8411 | | | | |
| 15 | Johnathan | Galvan | Harris | 8930 | | | | |
| 16 | Linda | Garcia | Harris | 4105 | | | | |
| 17 | Martin | Garcia | Harris | 4961 | | | | |
| 18 | Veronica | Garcia | Harris | 5888 | | | | |
| 19 | Daphne | Griffin | Harris | 1351 | | | | |
| 20 | Dellia | Hall | Harris | 9949 | | | | |
| 21 | Fay | Hall | Harris | 4781 | | | | |
| 22 | Leslie | Hall | Harris | 3312 | | | | |
| 23 | Da'Aron | Harmon | Harris | 5633 | | | | |
| 24 | Michael | Jeffcoat | Harris | 1761 | | | | |
| 25 | Dwanae | Jorden | Harris | 2633 | | | | |
| 26 | Alexander | Lee | Harris | 1632 | | | | |
| 27 | Herbert | Maduro | Harris | 5949 | | | | |
| 28 | E.M. | | Harris | | Veronica Garcia – 5888 | | | |
| 29 | Valeriano | Mendoza | Harris | 8699 | | | | |
| 30 | Eric | Morales | Harris | 4486 | | | | |
| 31 | Rolando | Morales | Harris | 4788 | | | | |
| 32 | Salvador | Morales | Harris | 2942 | | | | |
| 33 | A.M. | | Harris | | Erica Moreno – 4520 | | | |
| 34 | Erica | Moreno | Harris | 4520 | | | | |
| 35 | J.M. | | Harris | | Erica Moreno – 4520 | | | |
| 36 | M.M. | | Harris | | Erica Moreno – 4520 | | | |
| 37 | R.M. | | Harris | | Erica Moreno – 4520 | | | |
| 38 | Eduardo | Ocon | Harris | 8074 | | | | |
| 39 | C.O. | | Harris | | Francisco Olivo – 9709 | | | |
| 40 | Francisco | Olivo | Harris | 9709 | | | | |
| 41 | J.O. | | Harris | | Francisco Olivo – 9709 | | | |
| 42 | Maria | Olivo | Harris | | | | | |
| 43 | E.Q. | | Harris | | Eunice Quill - 2757 | | | |
| 44 | Eunice | Quill | Harris | 2757 | | | | |
| 45 | Ray | Riley | Harris | 3168 | | | | |
| 46 | Rita | Rivera | Harris | 7011 | | | | |
| 47 | Jose | Sanchez | Harris | | | | | |
| 48 | Larry | Seligmann | Harris | 5209 | | | | |
| 49 | Dale | Singleton | Harris | 5104 | | | | |
| 50 | Nadia | Slack | Harris | 0793 | | | | |
| 51 | Ricardo | Sutton | Harris | 9181 | | | | |
| 52 | J.T. | | | | Dellia Hall – 9949 | | | |
| 53 | Jose | Vazquez | Harris | 2128 | | | | |
| 54 | Lenetta | Webbert | Harris | 1437 | | | | |
| 55 | Temika | Webbert | Harris | 1818 | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 56 | Joseph | Wells | Harris | 9119 | | | |
| 57 | Jaclyn | Williams | Harris | 1227 | | | |
| 58 | Stefanie | Young | Harris | 7356 | | | |

7/7/2020 11:21:38 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 44298953
By: MOMON, RHONDA M
Filed: 7/7/2020 11:21:38 AM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiffs' Original Petition and Request for Disclosure

FILE DATE: 07/07/2020     Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: Watson Valve Services, Inc.

Address of Service: 14525 Gessner Road

City, State & Zip: Houston, Texas 77041

Agent (if applicable): John W. Watson

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias      Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [X] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____     (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
- [ ] OTHER, *explain* _____

Issuance of Service Requested By: Attorney/Party Name: Matthew R. Willis    Bar # or ID  21648600

Mailing Address: 300 Fannin, Suite 200, Houston, Texas 77002

Phone Number: 713-225-1682



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiffs' Original Petition and Request for Disclosure

FILE DATE: 07/07/2020   Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

**Issue Service to:** Watson Grinding and Manufacturing, Co.

Address of Service: 14525 Gessner Road

City, State & Zip: Houston, Texas 77041

Agent (if applicable) John W. Watson

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias      Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk
- [X] E-Issuance by District Clerk (No Service Copy Fees Charged)

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, *explain* _____

Issuance of Service Requested By: Attorney/Party Name: Matthew R. Willis   Bar # or ID   21648600

Mailing Address: 300 Fannin, Suite 200, Houston, Texas 77002

Phone Number: 713-225-1682