IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

___

| | | |
|---|---|---|
| SEAN ROBERT RANGEL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03285 |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, MATHESON TRI-GAS INC., | § | |
| WESTERN INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., ARC | § | |
| SPECIALTIES, INC., AUTOMATION | § | |
| PLUS, INC., AUTOMATION | § | |
| PROCESS, INC., FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| TELEDYNE TECHNOLOGIES, INC. | § | |
| F/K/A DETCON, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| DETCON, INC. D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC. 3M | § | |
| COMPANY, TRCC, LLC | § | |
| DATAONLINE, LLC, AND | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | |

## INDUSTRIAL SCIENTIFIC CORPORATION'S ORIGINAL ANSWER

Industrial Scientific Corporation ("ISC") files this, its Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

<u>ANSWER TO SPECIFIC ALLEGATIONS</u>

### I.
<u>PARTIES</u>

1. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

2. Upon information and belief, ISC admits that Defendant Watson Valve Services, Inc. ("Watson Valve") is a for-profit corporation that does business at 4525 Gessner Road, Houston, Texas 77401. ISC is without knowledge or information sufficient to form a belief as to whether John M. Watson is Watson Valve's registered agent and therefore denies the same.

3. Upon information and belief, ISC admits that defendant Watson Grinding and Manufacturing Co. ("Watson Grinding" and collectively with Watson Valve "Watson") is a for-profit corporation that does business at 4525 Gessner Road, Houston, Texas 77401. Is without knowledge or information sufficient to form a belief as to whether John M. Watson is Watson Grinding's registered agent and therefore denies the same.

4. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

5. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

6. Upon information and belief, ISC admits Western International Gas & Cylinders, Inc. is a for-profit corporation that does business in the State of Texas with its principle place of

business in Bellville, Texas and was served through its registered agent, Denise Haugen, at 7173 Highway 159 E., Bellville, Texas.

7. Upon information and belief, ISC admits Matheson Tri-Gas, Inc. is a for-profit corporation doing business in the State of Texas with its principle place of business in Basking Ridge, New Jersey and it may be served through its registered agent, CT Corporation, at 1999 Bryan St., Suite 900, Dallas, Texas.

8. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

9. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

10. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

11. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

12. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

13. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

14. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

15. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

16. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

17. ISC admits it is a for-profit corporation doing business in the State of Texas and was served through its registered agent, CT Corporation, at 1999 Bryan St., Suite 900, Dallas, Texas.

## II.
### JURISDICTION & VENUE

18. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

19. Upon information and belief, Defendant admits that Western International Gas & Cylinders, Inc. is incorporated in Texas and has its principle place of business in Texas. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants in this paragraph and therefore denies the same.

20. Upon information and belief, ISC admits that Matheson Tri-Gas, Inc. is incorporated in Delaware. ISC is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore denies the same.

21. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

22. ISC admits Plaintiff claims the amount of controversy exceeds $75,000. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

23. ISC admits that that the United States Bankruptcy Court for the Southern District of Texas, Houston Division, has personal jurisdiction over ISC. ISC is without knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding whether

4

the Court has personal jurisdiction over all of the other defendants in this litigation and therefore denies the same.

24. ISC is without knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding whether the Court has personal jurisdiction over all of the other defendants in this litigation and therefore denies the same.

25. ISC admits it purposefully availed itself to Texas. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

26. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

27. ISC admits that, before selling the business in July or August 2013, it previously designed and manufactured fixed-point gas monitors ("iTrans Monitors") and that iTrans Monitors were sold in the state of Texas. ISC further admits that, before selling its iTrans Monitor sales and services business in July or August 2013, ISC serviced iTrans Monitors at the Watson facility. ISC is without knowledge or information sufficient to know: (i) whether iTrans Monitors were in use at the Watson facility at the time of the accident in question; or (ii) who sold and installed the iTrans Monitors that ISC serviced at the Watson facility before selling its iTrans Monitor sales and services business in July or August 2013. ISC further admits that the United States Bankruptcy Court for the Southern District of Texas, Houston Division, has personal jurisdiction over ISC. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

28. ISC incorporates herein by reference the foregoing answers and admits that the United States Bankruptcy Court for the Southern District of Texas, Houston Division, has

subject matter jurisdiction over the instant proceeding. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

## III.
### VENUE

29. ISC denies Texas Civil Practice & Remedies Code §15.002 applies to this lawsuit and denies that venue is proper in the District Courts of Harris County, Texas. ISC admits a substantial part of the events giving rise to Plaintiff's alleged claims occurred in Harris County, Texas. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants and therefore denies the same. ISC admits that venue is proper in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

## IV.
### FACTUAL BACKGROUND

30. Upon information and belief, ISC admits the Watson Defendants' facility was located at 4525 Gessner Road, Houston, Texas. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding KMHJ Defendants and therefore denies the same.

31. ISC admits the Watson Defendants' facility is located between Gessner Road and Steffani Lane. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

32. ISC admits that a fire and explosion occurred at the Watson Defendants' facility on the morning of Friday, January 24, 2020. ISC is without knowledge or information sufficient to

6

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

33. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

34. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

35. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

36. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

37. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

38. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

39. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

40. ISC denies the allegations regarding ISC contained in this paragraph. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants named in this paragraph and therefore denies the same.

41. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

42. ISC denies the allegations regarding ISC contained in this paragraph. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants named in this paragraph and therefore denies the same.

43. ISC incorporates herein by reference the foregoing answers. ISC admits that, before selling the business in July or August 2013, it previously designed and manufactured fixed-point gas monitors ("iTrans Monitors") ISC is without knowledge or information sufficient to know: (i) whether iTrans Monitors were in use at the Watson facility at the time of the accident in question; or (ii) who sold and installed the iTrans Monitors that ISC serviced at the Watson facility before selling its iTrans Monitor sales and services business in July or August 2013. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants named in this paragraph and therefore denies the same.

44. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## V.
### CAUSES OF ACTION AGAINST WATSON DEFENDANTS

45. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

46. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

47. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## VI.
### CAUSES OF ACTION AGAINST KMHJ DEFENDANTS

48. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

49. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

50. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## VII.
### CAUSES OF ACTION AGAINST DEFENDANTS WESTERN AND MATHESON

51. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

52. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

53. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

54. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## VIII.
## CAUSES OF ACTION AGAINST THE AUTOMATION DEFENDANTS

55. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

56. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## IX.
## CAUSES OF ACTION AGAINST FIRESTONE

57. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

58. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## X.
## CAUSES OF ACTION AGAINST DETCON, TELEDYNE AND 3M

59. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

60. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

61. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

62. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

63. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

64. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

65. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

66. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

67. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## XI.
### CAUSES OF ACTION AGAINST INDUSTRIAL

68. ISC incorporates herein by reference the foregoing answers. ISC admits it previously designed and manufactured iTrans Monitors before selling the iTrans business in July or August 2013. ISC is without knowledge or information sufficient to know whether any iTrans Monitors were in use at the Watson facility at the time of the accident in question. ISC denies the remaining allegations in this paragraph.

69. ISC denies the allegations contained in this paragraph.

70. ISC denies the allegations contained in this paragraph.

71. ISC denies the allegations contained in this paragraph.

72. ISC denies the allegations contained in this paragraph.

73. ISC denies the allegations contained in this paragraph.

74. ISC denies the allegations contained in this paragraph.

75. ISC denies the allegations contained in this paragraph.

## XII.
## CAUSES OF ACTION AGAINST ARC

76. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

77. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## XIII.
## CAUSES OF ACTION AGAINST TRCC

78. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

79. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## XIV.
### CAUSES OF ACTION AGAINST DATAONLINE

80. ISC incorporates herein by reference the foregoing answers. ISC admits that ordinary care generally means what a person of ordinary prudence would or would not have done under the same or similar circumstances. ISC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

81. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

82. ISC admits that a fire and explosion occurred at the Watson Defendants' facility on the morning of Friday, January 24, 2020. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## XV.
### DAMAGES

83. ISC denies the allegations in paragraph 83(a)-(h) of Plaintiff's Original Petition. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to the other defendants and therefore denies the same.

84. ISC denies the allegations in this paragraph. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to the other defendants and therefore denies the same.

## XVI.
### PRAYER

85. ISC denies that Plaintiff is entitled to any of the relief sought in his Original Petition. ISC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as to the other defendants.

## XVII.
## **A**FFIRMATIVE **D**EFENSES

86. Until ISC avails itself of its rights of discovery, it cannot determine with certainty which, if any, of the following defenses will be asserted at trial. These defenses are pled in order to preserve ISC's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid waiver of any defenses.

87. In further answer, ISC denies that it is liable to Plaintiff in the capacity in which it has been sued in this lawsuit and/or that it is a proper party to this lawsuit. Namely, ISC sold its fixed-gas-detection business on or about July 28, 2013.

88. In further answer, ISC specifically denies any act and/or omission of negligence or gross negligence on its part, which Plaintiff alleges proximately caused the incident giving rise to this lawsuit or the damages and injuries which Plaintiff claims resulted therefrom. Further, ISC denies that the occurrence in question was the result of any defect in design, development, manufacture, or testing of the alleged product at issue.

89. In further answer, ISC asserts that the alleged product at issue was reasonably fit, suitable, and safe for its intended purpose at the time it left ISC's control, and was not otherwise defective or unreasonably dangerous.

90. In further answer, ISC asserts that the alleged product at issue was materially altered and/or materially modified such that it was no longer in the same condition as when it left ISC's possession, including but not limited to improper maintenance by Plaintiff, other Defendants, and/or third parties.

91. In further answer, ISC asserts the provisions of Sections 82.005 and 82.008 of the Texas Civil Practice and Remedies Code as they relate and/or are applicable to Plaintiff' design defect allegations against ISC, if any.

14

92. In further answer, alternatively, ISC states that the alleged product at issue complied with any applicable safety standards.

93. In further answer, ISC states that Plaintiff's claims are barred because the alleged product at issue conformed to the technological, scientific, and industrial state-of-the-art at the time the product was first sold. Further, ISC asserts Plaintiff's design defect claims may be barred because there is no evidence of a safer alternative design. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.005.

94. In further answer, ISC affirmatively avers that the occurrence, injuries, and damages made the basis of this suit were proximately caused and produced in whole or in part by the acts and omissions of Plaintiff, other Defendants, and/or third parties over whom ISC had no control, nor right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of any injuries or damages to Plaintiff.

95. In further answer, ISC asserts that on the occasion in question, the Plaintiff failed to exercise that degree of care of which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of Plaintiff's alleged injuries.

96. In further answer, ISC also contends the occurrence, injury, and damages, if any, were the result of intervening, independent, and/or superseding causes, breaking the chain of causation between any act and/or omission alleged to have occurred on the part of ISC.

97. In further answer, ISC reserves its right to submit any persons or entities, known or unknown, including Plaintiff, Defendants, and/or other third parties, shown by the evidence as being responsible for their proportionate share of responsibility under Chapter 33 of the Texas Civil

Practice & Remedies Code, whether the result of their contributory negligence, assumption of the risk, or any other breach of a legal standard permitted under the statute.

98. In further answer, ISC asserts that in the unlikely event that a judgment is entered against ISC, ISC reserves its right of contribution to recover from each co-defendant against whom judgment is also rendered, pursuant to TEX. CIV. PRAC. & REM. CODE § 32.002. ISC further, and in the alternative, pleads that in the unlikely event it is found to be jointly and severally liable, and required to pay more than its share of comparative responsibility, it reserves its right of contribution against all other defendants herein, jointly and singularly, pursuant to TEX. CIV. PRAC. & REM. CODE § 32.001 *et seq.* and common law indemnity as it may apply. ISC reserves the right to assert such contribution rights in this action, or in a later action.

99. In further answer, ISC invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made to Plaintiff by other persons or entities, or by percentage reductions to which ISC would be entitled as a result of jury findings against Plaintiff or parties other than ISC, including those designated as responsible third parties. In this connection, ISC reserves the right to submit issues against parties, including but not limited to Plaintiff, co-defendants, and any other responsible third party who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

100. In further answer, ISC asserts the limitation on recovery of medical or healthcare expenses as set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code, which provides that recovery of medical or health care expenses, past or future, incurred must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.

101. In further answer, ISC asserts that Plaintiff's claims for damages may be barred in whole or in part, whether under the doctrine of failure to mitigate damages.

102. In further answer, ISC asserts that any damages assessed for loss of past or future wage-earning capacity, loss of inheritance, loss of contributions of pecuniary value, and/or loss of earnings must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to Federal Income Tax law. *See* TEX. CIV. PRAC. & REM. CODE § 18.091.

103. In further answer, ISC denies Plaintiff's allegations and hereby objects to the claims made for an award of exemplary damages and would show that any such award of exemplary damages would be a denial of ISC's constitutional rights pursuant to the Texas and United States Constitutions for reasons including, but not limited to, the following:

(A) ISC would show that the standard for an award of exemplary damages is unconstitutionally vague. It allows virtually standard-less discretion to the jury to determine punishment. It further deprives ISC of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, ISC would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Texas and United States Constitutions.

(B) ISC would show that any award of exemplary damages would violate ISC's rights to due process of law. Any award of exemplary damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of exemplary damages places few or no restrictions on a jury's discretion. ISC is given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of exemplary damages against ISC would violate due process rights pursuant to the Texas and United States Constitutions.

(C) ISC would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. ISC would show that any award of damages in excess of Plaintiff's actual damages would violate its rights to due process of law, equal protection of the law, and would constitute an unconstitutional excessive fine as forbidden by the Texas and United States Constitutions.

(D) ISC would show that the admission of any evidence concerning the size or wealth of ISC will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages and the measure of punitive damages. As such, the admission of any

17

such evidence violates rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

(E) ISC is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but ISC receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

104. In further answer, ISC asserts that any recovery of exemplary damages is limited by TEX. CIV. PRAC. & REM. CODE §41.008.

105. ISC reserves the right to raise any other affirmative defenses as may be available or made apparent during discovery or as may be raised or asserted by other defendants in this matter. ISC reserves the right to supplement its answer pursuant to the Federal Rules of Civil Procedure.

### PRAYER

106. WHEREFORE, PREMISES CONSIDERED, Defendant, Industrial Scientific Corporation further prays that Plaintiff takes nothing by his cause of action as against Industrial Scientific Corporation, assess costs against Plaintiff and award Industrial Scientific Corporation all other relief, in law and in equity, to which it is justly entitled.

Respectfully submitted,

JOHNSON, TRENT & TAYLOR, L.L.P.

By: /s/ Brian P. Johnson
    Brian P. Johnson
    State Bar No. 10685700
    Kealy C. Sehic
    State Bar No. 24040688
    Timothy V. Burns
    State Bar No. 24097439
919 Milam Street, Suite 1500
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
bjohnson@johnsontrent.com
ksehic@johnsontrent.com
tburns@johnsontrent.com

ATTORNEYS FOR DEFENDANT,<br>
INDUSTRIAL SCIENTIFIC<br>
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure. Parties may access this filing though the Court's system.

| | |
|---|---|
| Erin E. Jones<br>Ruth Van Meter<br>Jones Murray & Beatty, LLP<br>4119 Montrose Blvd., Suite 230<br>Houston, Texas 77006<br>(832) 529-1999 Telephone<br>(832) 529-5513 Facsimile<br>erin@jmbllp.com<br>ruth@jmbllp.com<br><br>Proposed Special Counsel for Janet S. Northrup, Chapter 11 Trustee of The Estate of Watson Grinding & Manufacturing Co.<br><br>Michael I. Ramirez<br>McCoy Leavitt Laskey, LLC<br>20726 Stone Oak Parkway, Suite 116<br>San Antonio, Texas 78258<br>(210) 446-2828 Telephone<br>(262) 522-7020 Facsimile<br>mramirez@mllaw.com<br><br>Counsel for Watson Grinding & Manufacturing Co. | Wayne Kitchens<br>Heather McIntyre<br>Hughes Watters and Askanase, LLP<br>1201 Louisiana, 28th Floor<br>Houston, Texas 77002<br>(713) 759-0818 Telephone<br>(713) 759-6834 Facsimile<br>wkitchens@hwa.com<br>hmcintyre@hwa.com<br><br>Proposed Counsel for Janet S. Northrup, Chapter 11 Trustee of the Estate of Watson Grinding & Manufacturing Co.<br><br>Joel C. Simon<br>Stephen M. Fernelius<br>Ryan Perdue<br>Fernelius Simon Mace Robertson Perdue, PLLC<br>4119 Montrose Blvd., Suite 500<br>Houston, Texas 77006<br>(713) 654-1200 Telephone<br>(713) 654-4039 Facsimile<br>Joel.Simon@trialattorneytx.com<br>Steve.Fernelius@trialattorneytx.com<br>Ryna.Perdue@trialattorneytx.com<br><br>Counsel for Sean Robert Rangel |

| | |
|---|---|
| Robert C. Turner<br>The Silvera Firm<br>17070 Dallas Parkway, Suite 100<br>Dallas, Texas 75248<br>(972) 715-1750 Telephone<br>(972) 715-1759 Facsimile<br>robertturner@silveralaw.com<br>notice@silveralaw.com<br><br>Counsel for Defendants<br>KMHJ, Ltd. & KMHJ Management Company, LLC | Mary-Olga Lovett<br>Karl D. Burrer<br>Greenberg Traurig, LLP<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br>(713) 374-3500 Telephone<br>(713) 374-3505 Facsimile<br>lovettm@gtlaw.com<br>burrerk@gtlaw.com<br><br>Christopher M. LaVigne<br>David P. Elms<br>Samuel G. Davison<br>Sarah-Michelle Stearns<br>Greenberg Traurig LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br>(214) 665-3600 Telephone<br>(214) 665-3601 Facsimile<br>lavignec@gtlaw.com<br>elmsd@gtlaw.com<br>davisons@gtlaw.com<br>stearnssa@gtlaw.com<br><br>Counsel for Defendants,<br>Western International Gas & Cylinders and<br>Matheson Tri-Gas |
| P. Jacob Paschal<br>Haney, Moorman, Paschal, P.C.<br>1300 11th Street, Suite 405<br>Huntsville, Texas 77340<br>(936) 295-3712 Telephone<br>(936) 295-3714 Facsimile<br>hmp@hmp-attorneys.com<br><br>Counsel for Defendant,<br>Firestone Cryogenic<br>Equipment, Inc. | |

                                          /s/ Brian P. Johnson
                                             Brian P. Johnson