IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WATSON GRINDING § | |
| AND MANUFACTURING CO., INC., § | Case No.: 20-30967-H1-11 |
| § | |
| DEBTOR, § | |
| § | (Chapter 11) |

**TRUSTEE'S MOTION TO (I) SELL REAL ESTATE FREE AND
CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS, AND (II) EMPLOY AND COMPENSATE
MARK THOMAS AUCTIONEERS, INC. AS AUCTIONEER**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

\*\*\*Please note that on March 24, 2020, through the entry of General Order 2020-10, the Court invoked the Protocol for Emergency Public Health or Safety Conditions. The Order may be found at: https://www.txs.uscourts.gov/bankruptcy/genord.

**Electronic Appearances**

**It is anticipated that all persons will appear telephonically and also may appear via video at this hearing.**

3080665

**Audio Communication**

**Audio communication will be by use of the Court's regular dial-in number. The dial-in number is 1-832-917-1510. You will be responsible for your own long-distance charges. You will be asked to key in the conference room number. Judge Isgur' conference room number is 954554. Parties are encouraged to review the Court's procedures for telephonic appearances located at https://www.txs.uscourts.gov/content/united-states-bankruptcyjudge-marvin-isgur Attorneys and parties-in-interest wishing to participate in the hearing must connect to the hearing by audio communication. Any person wishing to observe the proceeding may also dial in to the audio conference dialin number. Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.**

**Video Communication**

**Effective August 1, 2020, the Court will utilize GoToMeeting for all video hearings. You should download the free GoToMeeting application on each device that will be used to connect to a hearing. If you choose to connect via a web browser, available literature suggests that Chrome is the preferred browser. Please note that connecting through a browser may limit the availability of some GoToMeeting features. To connect to a hearing, you should enter the meeting code "JudgeIsgur". You can also connect using the link on each judge's homepage on the Southern District of Texas website. Once connected to GoToMeeting, click the settings icon in the upper right corner and enter your name under the personal information setting. The Court's dial-in facility for audio is unchanged. The number is 832-917-1510. The meeting room for Judge Isgur remains 954554.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Janet S. Northrup, the Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate of Watson Grinding & Manufacturing Co. ("**WGM**" or "**Debtor**") and files this *Emergency Motion To (I) Sell Real Estate Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (II) Employ Mark Thomas Auctioneers, Inc. as Auctioneer* (the "**Motion**"). In support of the Motion, the Trustee would respectfully submit as follows:

### SUMMARY OF MOTION

1. The Trustee seeks to sell the Debtor's real property via auction conducted by Mark Thomas Auctioneers, Inc. (the "**Auction Company**" or "**Mark Thomas**") as set forth in the Auction Agreement attached hereto as **Exhibit "1"**.

2

3080665

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

**STATUTORY PREDICATE FOR THE REQUESTED RELIEF**

3. The statutory predicate for the relief requested in the Motion is sections 105, 327, 328, 362, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

**BACKGROUND**

4. On February 6, 2020 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Case**"). As of the Petition Date, the Debtor was not operating its business in the ordinary course of business but was engaged in limited operations.[1] Following the first-day hearing on February 10, 2020, the Court designated this case as a complex Chapter 11 case.

5. The Debtor operated as a debtor-in-possession from February 6, 2020 until June 4, 2020, when Janet S. Northrup was appointed as the Chapter 11 Trustee of the bankruptcy estate of the Debtor [Docket No. 331].

6. As of the Petition Date, the Debtor owned real property known as 4522 Steffani Lane, Houston, Texas 77041 (the "**Real Property**"). Pursuant to section 541 of the Bankruptcy Code the Real Property became property of the Debtor's bankruptcy estate (the "**Estate**") as of the Petition Date.

---

[1] Additional information about the Debtor and its business can be found in the Declaration of Robert L. White filed at Docket No. 10 in this case.

3080665

7. Upon information and belief, the Debtor's Real Property is not encumbered by liens except for ad valorem taxes.

### III.  REQUESTED RELIEF

8. Through the Motion, the Trustee seeks the entry of an order that, among other things, authorizes the Trustee to conduct an auction in order to sell the Real Property pursuant to section 363 of the Bankruptcy Code.  Additionally, the Trustee seeks authority pursuant to sections 327 and 328 of the Bankruptcy Code, to employ an auctioneer to assist in her efforts to liquidate the Real Property, and to compensate said auctioneer as outlined herein.

A. **EMPLOYMENT OF THE AUCTIONEER**

9. In order to successfully market and sell the Real Property, the Trustee requires the assistance of a well-recognized firm, which has experience selling Real Property in bankruptcy auctions.  The Trustee selected Mark Thomas Auctioneers, Inc. in large part due to its (i) extensive experience in Real Property auctions; (ii) reputation in the industry; (iii) expertise in marketing and selling this type of property; and (iv) extensive industry contacts in Texas, and across the United States and globe.  Accordingly, the Trustee seeks authority to retain Mark Thomas pursuant to sections 327 and 328 of the Bankruptcy Code, with Mr. Mark Thomas to be designated as the professional in charge.  Mr. Thomas is the President of Mark Thomas.

10. Mark Thomas maintains offices at 15219 Stuebner Airline, Suite 48, Houston, Texas 77069.  Mark Thomas's contact information is 713.594.1576 (telephone); 832.461.1853 (fax); and mthomas@auctionsection.com (email).

11. Mark Thomas has prior experience in both conducting auctions and coordinating private sales for bankruptcy trustees.  Moreover, Mark Thomas has extensive experience selling Real Property similar to that of the Debtor.  As evidenced by the *Declaration of Mark Thomas* (the

4

"**Declaration**"), neither Mark Thomas nor Mr. Thomas have any connections with the Debtor, the Trustee, the United States Trustee, or any creditor or party-in-interest except as described below and in the Affidavit. A true and correct copy of the Declaration is attached hereto as **Exhibit "2"**. Due to the nature of Mark Thomas's business and industry, it is possible that some of the Debtor's creditors have in the past purchased property from Mark Thomas. Mark Thomas frequently works with Plant & Machinery Inc. ("PMI") on projects and often works together with PMI on real estate sales. PMI is employed to auction personal property in this case.

12. With respect to the Real Property, the Trustee proposes that Mark Thomas conduct an online auction of the Real Property to conclude on or before Tuesday, September 29, 2020. Trustee proposes that Mark Thomas be compensated for its services and expenses in connection with the sale of the Real Property through the collection of a ten percent (10%) buyer's premium from the buyer at the auction. For the auction services to be provided, including marketing, the Estate shall have zero cost. Mark Thomas will be compensated solely from the buyer's premium.

**B. PROPERTY TO BE SOLD**

13. Subject to this Court's approval, the Trustee intends to sell any and all of the Estate's Real Property via online auction. The sale(s) shall be to the highest and best bidder(s), in immediately available funds, on an "as is, where is," with all faults basis, free and clear of all liens, claims, encumbrances, and interests, pursuant to section 363(b)(1) and (f) of the Bankruptcy Code, with all valid and properly perfected pre-petition liens attaching to the sale proceeds to the same extent and validity as the liens encumbered the Real Property prior to the Petition Date.

14. Subsequent to her appointment, the Trustee, with the assistance of counsel, has undertaken an investigation of the Real Property to determine the existence, if any, of valid and

properly perfected liens against the Real Property. Upon information and belief, none of the Debtor's Real Property is encumbered by liens except for ad valorem taxes.

15. All valid liens, claims, charges and interests, if any, will attach to the net sale proceeds, subject to the Trustee's avoidance powers, to the extent necessary.

16. The Trustee requests that any person or entity served with this Motion who claims a lien on or interest in the Real Property must file a written notice with the Court and serve it on the Trustee no later than 30 days after entry of an Order approving this Motion or be forever barred from asserting such claim or interest.

## C. AUCTION TERMS

17. As described above, the Trustee intends to retain Mark Thomas to conduct an auction of the Real Property pursuant to the terms of Mark Thomas's Auction Agreement (the "**Auction Agreement**"). A true and correct copy of the Auction Agreement is attached hereto as **Exhibit "1"**. Generally, the proposed terms for the auction(s), which are set forth in greater detail in Exhibit 1, are as follows:

   a. the Trustee is to grant Mark Thomas sole and exclusive right to sell the Real Property;

   b. the Trustee is to provide Mark Thomas access to the Real Property;

   c. Mark Thomas is to market the Real Property utilizing, *inter alia*, direct mail, trade journal and newspaper advertising, and its website;

   d. Mark Thomas is to prepare the Real Property for auction;

   e. Mark Thomas is to utilize its proprietary an on-line bidding system for the sale of the Real Property to encourage national and international participation in the proposed auction(s);

   f. Mark Thomas is to conduct the auction(s) on a mutually agreeable date currently anticipated to be on or before Tuesday, September 29, 2020;

   g. Mark Thomas is to collect the Buyer's Premium (all as defined in the Auction Agreement) in exchange for providing its services;

h.  Mark Thomas is to collect and remit all auction proceeds along with a complete report of the details of the auction(s) to the Trustee within ten (10) banking days after the sale of the Real Property;

i.  Mark Thomas is to collect all applicable sales taxes and thereafter remit said sales taxes to the applicable taxing authorities; and

j.  Mark Thomas is to add the Trustee as an additional insured to its general liability insurance policies at no cost to the Trustee or the Estate.

k.  Mark Thomas shall be paid all sums due to it, pursuant to the terms of the Auction Agreement, at settlement of the sale as described herein, without further Order of the Court.

WHEREFORE, PREMISES CONSIDERED, Janet S. Northrup, the Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of Watson Grinding & Manufacturing Co., moves this Court to grant this Motion, and for such other and further relief that she may be justly entitled.

Dated: August 26, 2020.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens   TBN 11541110
wkitchens@hwa.com
Heather McIntyre   TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**PROPOSED ATTORNEYS FOR CHAPTER 11 TRUSTEE, JANET S. NORTHRUP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on parties receiving ECF notice via ECF in the above-referenced case and as indicated on the attached Master Service List and List of Interested Parties on this 26th day of August, 2020.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

3080665