UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Watson Grinding & Manufacturing Co.<br><br>Debtor. | Case No. 20-30967 (MI)<br><br>Chapter 11 |

**STATEMENT IN CONNECTION WITH COMMITTEE'S EXPEDITED MOTION FOR AN ORDER (1) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (2) SCHEDULING PLAN CONFIRMATION HEARING; (3) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION; (4) TEMPORARILY ALLOWING CERTAIN CLAIMS FOR VOTING PURPOSES ONLY; (5) APPROVING FORM OF BALLOTS; AND (6) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES**

John M. Watson ("Watson") files this statement in connection with The Official Committee of January 24 Claimants' (the "Committee") *Expedited Motion For An Order (1) Conditionally Approving Disclosure Statement; (2) Scheduling Plan Confirmation Hearing; (3) Establishing Voting Deadline And Procedures For Filing Objections To Confirmation; (4) Temporarily Allowing Certain Claims For Voting Purposes Only; (5) Approving Form of Ballots; And (6) Establishing Solicitation And Tabulation Procedures* [ECF 687] and the associated *Combined Disclosure Statement And Plan of Liquidation of Watson Grinding & Manufacturing Co. Under Chapter 11 of the Bankruptcy Code Filed By the January 24 Claimants Committee* [ECF 683] (the "Combined Plan and Disclosure Statement") and states the following:

Votes on the Committee's Combined Plan and Disclosure Statement should not be solicited at this time. The Combined Plan and the Disclosure Statement is seriously, if not fatally flawed, and it should be corrected, revised and re-noticed for hearing on normal notice before proceeding to seek approval of the disclosure statement and the solicitation of plan votes. Watson reserves

his rights to file plan objections to the plan in its current form or to another plan that may be filed by the Committee or others. Watson has identified certain fatal flaws in the Combined Plan and Disclosure Statement which include the following:

1. The Combined Plan and Disclosure Statement provides that if the plan is confirmed then all Removed Lawsuits (as such term is defined in the Committee's Plan and Disclosure Statement) will be remanded to state court. This is an improper attempt to dash the rights of this Court to adjudicate whether the Removed Lawsuits should be remanded to state court, now set for hearing on October 22, 2020. Further, this is an improper attempt to summarily prevent the other litigants in these lawsuits from having their day in court to argue the merits of whether the Removed Lawsuits should stay in federal court. By attempting to strip this Court and other litigants of these rights, the Committee's Plan and Disclosure Statement is not being proposed in good faith and is being proposed in manner forbidden by law. Therefore, the Combined Plan and Disclosure Statement violates section 1129(a)(3) of the Bankruptcy Code and is patently unconfirmable.

2. In addition, the Combined Plan and Disclosure Statement does not treat existing equity fair and equitably as required under section 1129(b) of the Bankruptcy Code.

    a. The Committee's Plan and Disclosure Statement creates a fictional class of "Subordinated Claims" that receives the residual interest of the estate if all the other creditors are paid in full. However, according to the same Combined Plan and Disclosure Statement, there are no Subordinated Claims. The Committee created this faux class to improperly prevent the existing equity holders from receiving the residual interest of the estate.

    b. Prior to the tragic explosion that occurred on January 24, 2020, Watson Grinding & Manufacturing Co. was a very successful company. Watson believes the value of the company the day prior to the explosion would have been in an amount of not less than $20 million. Considering that there are still ongoing investigations related to the explosion and considering that there are numerous potential responsible parties that may be liable to injured tort claimants, it is premature to summarily exclude existing equity holders as the residual interest holders of the estate.

3. The Committee is seeking "conditional" approval of the Combined Plan and Disclosure Statement on an expedited basis to pre-empt this Court's omnibus hearing on the remand motions scheduled for October 22, 2020. The Court can reschedule this hearing to a later date and eliminate any "emergency" underpinning the Committee's request for expedited relief.

Simply put, there is no emergency to warrant expedited consideration of the flawed Combined Plan and Disclosure Statement.

If there is a confirmation hearing on the Combined Plan and Disclosure Statement, as now filed, Watson will hold the Committee to its burden to establish that it satisfied all the requirements to confirmation under the Bankruptcy Code including the burden to establish by empirical competent evidence that the assets of the estate, including the estate's claims against other potential responsible parties, are insufficient to satisfy the creditor claims in full.

Dated: September 8, 2020

/s/ Charles M. Rubio
PARKINS LEE & RUBIO LLP
Lenard M. Parkins PLLC
TX Bar No. 15518200
Charles M. Rubio P.C.
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: lparkins@parkinslee.com
　　　　　crubio@parkinslee.com
Phone: 713-715-1660

*Counsel for John M. Watson*

CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2020 a true and correct copy of the foregoing document was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

/s/ Charles M. Rubio