

ENTERED
09/21/2020

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WATSON GRINDING § | |
| AND MANUFACTURING CO., INC., § | Case No.: 20-30967-H1-11 |
| § | |
| DEBTOR, § | |
| § | (Chapter 11) |

**ORDER APPROVING THE TRUSTEE'S MOTION TO
(I) SELL REAL ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS, AND (II) EMPLOY AND COMPENSATE
MARK THOMAS AUCTIONEERS, INC. AS AUCTIONEER**
(Relates to Docket No. __663__)

The Court has considered the *Trustee's Motion to (I) Sell Real Estate Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (II) Employ Mark Thomas Auctioneers, Inc. as Auctioneer* (the "**Motion**").[1] After consideration of the Motion, the Court finds that under the circumstances expedited consideration of the Motion is proper, that notice of the Motion is proper, that the Motion is well-founded, that the retention of Mark Thomas Auctioneers, Inc. is in the best interest of the Estate, and that the proposed sale of the Real Property is in the best interest of the Estate and is proper pursuant to sections 363(b)(1) and (f) of the Bankruptcy Code. It is therefore:

**ORDERED**, that the Trustee is authorized to conduct an auction(s), as described in the Motion, in order to sell the Real Property free and clear of all liens, claims, charges, encumbrances, and interests pursuant to sections 363(b) and (f) of the Bankruptcy Code with all valid and properly perfected pre-petition liens attaching to the Auction Proceeds to the same extent and validity and in the same order of priority as the liens encumbered the Real Property prior to the Petition Date; it is further

---

[1] All capitalized terms unless otherwise defined herein shall have the meaning ascribed to them in the Motion.

3080665

**ORDERED**, that the Trustee is authorized to retain Mark Thomas Auctioneers, Inc. to provide those services necessary to complete the auction, as more particularly described in the Motion and as set forth in the Auction Agreement attached to the Motion as **Exhibit "1"**; it is further

**ORDERED**, that Mark Thomas Auctioneers, Inc. is authorized to collect the Buyer's Premium from the winning bidder(s) at the conclusion of the auction(s) of the Real Property; it is further

**ORDERED**, that Mark Thomas Auctioneers, Inc. shall collect and remit all auction(s) proceeds with a complete report of the details of the auction(s) to the Trustee, within ten (10) banking days after the sale of the Real Property; it is further

**ORDERED**, that Mark Thomas Auctioneers, Inc. shall collect all applicable sales taxes related to the sale of the Real Property and thereafter remit said sales taxes to the applicable taxing authorities; it is further

**ORDERED**, that Mark Thomas Auctioneers, Inc. shall be compensated all sums due to it, pursuant to the terms of the Auction Agreement, at settlement of the sale(s) as described herein, without further Order of the Court; it is further

**ORDERED**, that subsequent to Trustee's receipt of the Auction Proceeds from Mark Thomas Auctioneers, Inc., subject to any claim objection filed by the Trustee or any party-in-interest, the Trustee is authorized to use those portions of the Auction Proceeds necessary to pay the applicable taxing authorities the outstanding *ad valorem* taxes related to the Real Property, or as otherwise may be agreed among the Trustee, the applicable taxing authority; it is further

**ORDERED,** that the Trustee may take all such other and further action and execute all such documents as may be necessary to effectuate the sale of the Real Property authorized herein.

Signed: September 21, 2020

_____
Marvin Isgur
United States Bankruptcy Judge