## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **Case No. 20-30968** |
| | § | |
| Debtor. | § | |
| | § | |

## EXPEDITED MOTION FOR AN ORDER (1) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (2) SCHEDULING PLAN CONFIRMATION HEARING; (3) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION; (4) TEMPORARILY ALLOWING CERTAIN CLAIMS FOR VOTING PURPOSES ONLY; (5) APPROVING FORM OF BALLOTS; AND (6) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES

(Relates to Case No. 20-30967, Doc. No. 844 and Case No. 20-30968, Doc. No. 404)

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING, UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

**A TELEPHONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 30, 2020, AT 1:30 P.M. (CST).**

**PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**

**IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1 (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE COURT UTILIZES GOTOMEETING FOR ALL VIDEO HEARING. TO CONNECT TO A HEARING, YOU MAY CONNECT USING THE LINK ON JUDGE ISGUR'S HOMEPAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE OR CONNECT DIRECTLY VIA THE GOTOMEETING APP.**

**TO CONNECT TO A HEARING, YOU SHOULD ENTER THE MEETING CODE "JudgeIsgur". IT IS RECOMMENDED THAT YOU DOWNLOAD THE FREE GOTOMEETING APP ON EACH DEVICE THAT WILL BE USED TO CONNECT TO A HEARING. CONNECTING VIA WEB BROWSER ONLY MAY LIMIT THE AVAILABILITY OF SOME GOTOMEETING FEATURES.**

**ONCE CONNECTED TO GOTOMEETING, A PARTICIPANT MUST CLICK THE SETTING ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

The January 24 Claimants' Committee (the "Committee" or the "Plan Proponents") file

this Expedited Motion for an Order (1) Conditionally Approving Disclosure Statement; (2)

Scheduling Plan Confirmation Hearing; (3) Establishing Voting Deadline and Procedures for

10783357v2

Filing Objections to Confirmation; (4) Temporarily Allowing Certain Claims for Voting Purposes Only; (5) Approving Form of Ballots; and (6) Establishing Solicitation and Tabulation Procedures (the "Motion").

## BACKGROUND

1.       On February 6, 2020, Watson Grinding & Manufacturing Co. (the "WGM") and Watson Valve Services, Inc. ("WVS" and with WGM, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The WGM and WVS cases are not being jointly administered.

2.       On February 10, 2020, the Court ordered the appointment of the Committee to represent parties with claims arising out of the pre-petition explosion at the Debtor's facility (WGM Case, Doc. No. 25).  On February 21, 2020, the United States Trustee filed a notice of appointment of the members of the Committee (WGM Case, Doc. No. 89).  The Committee is only appointed in the WGM case.

3.       On May 28, 2020, the Court entered the Order Recognizing Pending Litigation Complaints as Proofs of Claim (WGM Case, Doc. No. 310; WVS Case, Doc. No. 200) (the "Litigation Order").  Pursuant to this Order, the Debtors agreed that the plaintiffs in over 100 lawsuits that had been filed in state court and removed by the Debtors to Bankruptcy Court would not have to file proofs of claim (the "Plaintiff Claims").

4.       On October 16, 2020, the Committee filed the *Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code Filed by the January 24 Claimants Committee* (the "Plan" and the "Disclosure Statement," as applicable) (WGM Case, Doc. No. 844, WVS Case, Doc. No. 404).

## RELIEF REQUESTED

### A. Overview

5.     The following table summarizes the proposed schedule for the combined hearing

on final approval of the Disclosure Statement and confirmation of the Plan sought in this Motion:

| Event | Deadline |
|---|---|
| Voting Record Date | October 16, 2020 |
| Hearing on Conditional Approval of Disclosure Statement | October 30, 2020 at 1:30 p.m. |
| Commencement of Plan Solicitation and Mailing of Combined Notice | No later than November 4, 2020 |
| Plan Supplement Filing Deadline | November 24, 2020 |
| Plan Voting Deadline and Deadline to Object to Disclosure Statement and Confirmation | December 4, 2020 at 5:00 p.m. |
| Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan | December [9, 10, or 11], 2020 at [_____] |

6.     Listed below are the attachments and exhibits cited in this Motion:

| Form/Notice | Exhibit |
|---|---|
| Cover Letter and Ballot for Plaintiff Claims (Includes Class 3 and Class 4 Claims) | Exhibit 1 |
| Ballot for Class 3 (January 24 Claims against Watson Grinding for which a proof of claim was filed but is not one of the Plaintiff Claims) | Exhibit 2 |
| Ballot for Class 4 (Minor Damage Claims against Watson Grinding) | Exhibit 3 |
| Ballot for Class 5 (General Unsecured Claims against Watson Grinding) | Exhibit 4 |
| Ballot for Class 6 (Indemnity Claims against Watson Grinding) | Exhibit 5 |
| Ballot for Class 7 (Interests in Watson Grinding) | Exhibit 6 |
| Ballot for Class 10 (January 24 Claims against Watson Valve for which a proof of | Exhibit 7 |

| | |
|---|---|
| claim was filed but is not one of the Plaintiff Claims) | |
| Ballot for Class 11 (Minor Damage Claims against Watson Valve) | Exhibit 8 |
| Ballot for Class 12 (General Unsecured Claims against Watson Valve) | Exhibit 9 |
| Ballot for Class 13 (Indemnity Claims against Watson Valve) | Exhibit 10 |
| Ballot for Class 14 (Interests in Watson Valve) | Exhibit 11 |
| Notice of Non-Voting Status | Exhibit 12 |
| Notice of Confirmation Hearing and Final Approval of Disclosure Statement | Exhibit 13 |

## B. Conditional Approval of the Disclosure Statement

7.      Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of the disclosure statement with the hearing on confirmation of the related plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).

8.      Bankruptcy Rules 2002(b), 2002(d), and 3017(a) require twenty-eight (28) days' notice be given by mail to all creditors and shareholders of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1), and Bankruptcy Rule 3020(b) provides "[a]n objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee

appointed under the Code, and any other entity designated by the court, within a time fixed by the court."

9.      Contemporaneously with the filing of a disclosure statement and proposed plan, the Complex Chapter 11 Procedures authorize the plan proponent to request "(1) conditional approval of the disclosure statement; (2) approval of solicitation procedures; (3) scheduling of a hearing on shortened notice to consider conditional approval of the proposed disclosure statement; and (4) the scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." Complex Chapter 11 Procedures ¶ 37. The Complex Chapter 11 Procedures further provide that all motions requesting a combined hearing must identify the proposed balloting agent, identify any voting procedures in addition to those required by the procedures, and identify the proposed combined hearing date. *Id.* ¶ 38.

10.     By this Motion, the Plan Proponents request conditional approval of the Disclosure Statement on shortened notice in accordance with the Complex Case Procedures. The Plan Proponents will commence solicitation of the Plan and mailing of the notice of the combined hearing by no later than November 4, 2020.  The Plan Proponents seek by this Motion to have the Court set December 4, 2020 as the objection deadline.  The Plan Proponents request the Court schedule a combined hearing on December 9, 10, or 11, 2020, or such other time as the Court is available.  The proposed schedule affords more than 28 days' notice of the deadline to file objections to confirmation and final approval of the disclosure statement which is sufficient time for parties to evaluate their rights in respect to the Plan.

## C.  The Disclosure Statement Contains Adequate Information

11.     A court has broad discretion to determine what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code. *See, e.g., Oneida Motor*

*Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information required will necessarily be governed by the circumstances of the case.'") (internal citations omitted), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.").

12.     Congress intended that courts exercise their grant of discretion to tailor the disclosure made in connection with a chapter 11 plan while recognizing the broad range of businesses in which debtors engage and the circumstances accompanying chapter 11 cases. *See* H.R. Rep. No. 595, at 408-09 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6394-65. Accordingly, a court's determination of the adequacy of information in a disclosure statement must occur on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See* S. Rep. No. 95-989, at 121 (1978), *as reprinted in* 1978 U.S.C.C.A.N, 57878, 5907 (stating that "the information required will necessarily be governed by the circumstances of the case.").

13.     In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

    a.   the events that led to the filing of a bankruptcy petition;

    b.   the relationship of the debtor with its affiliates;

    c.   a description of the available assets and their value;

    d.   the company's anticipated future;

    e.   the source of information stated in the disclosure statement;

    f.   the debtors' condition while in chapter 11;

    g.   claims asserted against the debtor;

    h.   the estimated return to creditors under a chapter 7 liquidation;

    i.   the future management of the debtor;

    j.   the chapter 11 plan or a summary thereof;

    k.   financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

    l.   information relevant to the risks posed to creditors under the plan;

    m.   the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

    n.   litigation likely to arise in a nonbankruptcy context; and

    o.   tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement). This list of factors is not meant to be exclusive, nor must a disclosure statement provide all the information on the list—rather, the court must decide what information is appropriate in each case. *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of a similar list of factors but cautioning that "no one list of categories will apply in every case").

    14.    The information provided in the Disclosure Statement is sufficient in type and detail to enable creditors and equity security holders to make an informed judgment about the Plan, as

10783357v2

required by Section 1125(a) of the Bankruptcy Code. The Disclosure Statement thoroughly discusses (i) the history of the Debtors, (ii) the major events during the bankruptcy cases, (iii) the terms of the Plan, (iv) tax implications of the Plan on certain creditor and equity interest classes, (v) alternatives to the Plan, including liquidation under Chapter 7, (vi) the conditions to and means of implementing the Plan, including the creation of a liquidating trust and the appointment of the Liquidating Trustee (to administer the Liquidating Trust and prosecute causes of action and review claims that are not related to the explosion), the January 24 Trustee (to prosecute and recover claims and insurance proceeds related to the explosion), and the Watson Valve Trustee (to administer the Watson Valve Liquidating Trust), and (vii) the feasibility of the Plan.

15.     The Plan Proponents request that the Court enter an order approving the Disclosure Statement on a conditional basis. Conditional approval of the Disclosure Statement is appropriate in this case because it will allow the Plan Proponents to proceed with the solicitation and confirmation of the Plan in an expeditious and economical manner. The Plan Proponents intend to seek final approval of the Disclosure Statement at the combined hearing with Plan confirmation.

**D.  Voting Deadline and Voting Record Date**

16.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan." The Plan Proponents requests that the Court establish December 4, 2020 at 5:00 p.m. Central Standard Time (the "Voting Deadline") as the deadline by which all ballots accepting or rejecting the Plan be must be actually received by the voting and solicitation agent (the "Solicitation Agent").

10783357v2

17.     The Plan Proponents further request that the Court establish October 16, 2020 (the "Voting Record Date") as the record date for determining the holders of Claims that may vote on the Plan.

18.     The Plan Proponents propose that, to be counted as a vote to accept or reject the Plan, each hard copy Ballot must be properly executed, completed, and delivered to the Solicitation Agent:   (i) by first-class mail (whether in the return envelope provided with each Ballot or otherwise); (ii) by overnight courier; or by (iii) by hand delivery so that it is actually received by the Solicitation Agent no later than the Voting Deadline.

19.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Plan Proponents request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Solicitation Agent's website (the "E-Ballot Portal").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**E.  Temporary Allowance of Plaintiff Claims for Voting Purposes Only, and Approval of Form of Ballot and Voting Procedures for Plaintiff Claims, January 24 Claims, and Minor Damage Claims.**

20.     The Plaintiff Claims may include as many as 2,000 individual plaintiffs.  The Plaintiff Claims include different categories of injuries (wrongful death, personal injury, damage to real property and personal property) and within those categories the severity of the injuries varies significantly.  For example, one home may have been completely destroyed and condemned as a result of the explosion while a home across the street may have suffered only minor damage.

10

Individual plaintiffs may have sustained both property damage and personal injuries. In light of the volume and complexity of the Plaintiff Claims, it is not practical for the Court to estimate individual claims for purposes of allowance under Section 502(c). The claims estimation process is intended to expedite the bankruptcy process, but in this case an estimation proceeding for 2,000 individual plaintiffs would unnecessarily delay the bankruptcy process and confirmation of the Plan.

21.     Pursuant to Rule 3018(a), the Plan Proponents request that the Court approve the following categorical method of temporarily allowing Plaintiff Claims in fixed amounts solely for the purpose of voting on the Plan. The amounts proposed are for voting purposes only and the Order approving this Motion (and any ballot submitted with respect to the Plan) shall not constitute a factual admission or a judicial admission by the Committee, the Holder of any January 24 Claim, or their counsel as to (a) the actual value of any January 24 Claim, (b) the relative value of the different types of January 24 Claims described below, (c) whether future treatment is appropriate for the Holder of any Personal Injury or Mental Anguish Claim, or (d) any other claim or defense that could be asserted by the Holder of a January 24 Claim. These temporarily allowed amounts for voting purposes shall not be construed as a judicial determination or opinion of the actual value of any particular January 24 Claim.

22.     Further, the Plan Proponents request that the Court include in any order approving this Motion a protective order under Fed. R. Bankr. P. 7026(c) in any litigation regarding the January 24 Claims that prohibits discovery regarding the claim estimates stated below or any ballot submitted with respect to the Plan (by deposition, document production or otherwise), and prohibits the use of the claim estimates and any ballot submitted with respect to the Plan for any purpose, including during discovery, mediation or trial.

23.     Lead counsel in each of the adversary proceedings will submit a master ballot in which they must identify the name of each plaintiff in their lawsuit along with the nature and severity of their injuries.  Based on those responses, Plaintiff Claims will be temporarily allowed in the following amounts based on the nature of the claim and severity of the injury:

| Nature and Severity of Injury | Allowed Amount for Voting Purposes Only |
|---|---|
| Wrongful Death | $15,000,000 |
| Personal Injury (Category A)[1] | $750,000 |
| Personal Injury (Category B)[2] | $350,000 |
| Mental Anguish with Treatment | $150,000 |
| Mental Anguish without Treatment | $25,000 |
| Residence (Total Loss) | $200,000 |
| Real or Personal Property (Large Damage) | $100,000 |
| Real or Personal Property (Small Damage) | $25,000 |
| Business (Total Loss) | $1,000,000 |
| Business (Large Damage) | $500,000 |
| Business (Small Damage) | $100,000 |
| "Minor Damage Claims"[3] | $5,000 |

24.     Rather than sending 2,000 individual ballots to the plaintiffs in the pending lawsuits, the Plan Proponents propose to send a master ballot to the lead plaintiffs' lawyer in each

---

[1] Category A personal injury claims must include physician treatment and a physical injury with one of the following: (i) broken bone(s), (ii) surgery, (iii) hospitalization or (iv) documented hearing loss

[2] Category B personal injury claims must include physician treatment and a physical injury, but such injury did not result in broken bone(s), surgery, hospitalization or documented hearing loss.

[3] "Minor Damage Claim" is any claim for less than $5,000.  A claimant whose damages exceed $5,000 may elect to be treated as a "Minor Damage Claim" under the Plan.  These Minor Damage Claims are separately classified under the Plan.

12

pending lawsuit.  The plaintiffs' lawyer will be responsible for completing and submitting the master ballot on behalf of all clients they represent in that lawsuit.  Two ballots may be submitted for each lawsuit—one listing all of the plaintiffs who accept the plan and one listing all of the plaintiffs that reject the plan.  The master ballot will automatically calculate the total number of claims being voted and the aggregate value of those claims based on the amounts assigned to the categories above.

25.     Attached hereto as Exhibit 1 is a copy of the proposed master ballot, along with a cover letter providing instructions on how to complete the ballot.  The master ballot will only be used for the Plaintiff Claims (i.e. January 24 Claims which are the subject of a pending lawsuit).

26.     A number of Class 3 and 10 January 24 Claims were filed that are not represented in any of the lawsuits.  All Holders of Class 3 and 10 January 24 Claims who filed a proof of claim but are not parties to a pending lawsuit will receive the standard form ballot which is attached hereto as Exhibits 2 and 7.  This form of ballot to be sent to Holders of Class 3 and 10 January 24 Claims includes an opt-in provision which would allow them to agree to have their claim classified and treated as a Class 4 and 11 Minor Damage Claim.  All Holders of Class 4 and 11 Minor Damage Claims will receive the form of ballot attached hereto as Exhibits 3 and 8.

**F. Approval of Other Form of Ballots, Notice of Non-Voting Status, and Notice of Combined Hearing on Final Approval of Disclosure Statement and Plan Confirmation.**

27.     Holders of Class 5 General Unsecured Claims against Watson Grinding will receive the form of ballot attached hereto as Exhibit 4. Holders of Class 12 General Unsecured Claims against Watson Valve will receive the form of ballot attached hereto as Exhibit 9.

13

28.     Holders of Class 6 Indemnity Claims against Watson Grinding will receive the form of ballot attached hereto as Exhibit 5.  Holders of Class 13 Indemnity Claims against Watson Valve will receive the form of ballot attached hereto as Exhibit 10.

29.     Holders of Class 7 Interests in Watson Grinding will receive the form of ballot attached hereto as Exhibit 6.  Holders of Class 14 Interests in Watson Valve will receive the form of ballot attached hereto as Exhibit 11.

30.     The Plan provides that Class 1 (Secured Claims against Watson Grinding), Class 2 (Other Priority Claims against Watson Grinding), Class 8 (Secured Claims against Watson Valve), and Class 9 (Other Priority Claims against Watson Valve) are unimpaired and deemed to accept the Plan.  *See* 11 U.S.C. § 1126(f).  The Plan Proponents propose to send the Holders of Claims in these non-voting classes a copy of the Notice of Non-Voting Status attached hereto as Exhibit 12.

31.     Claimants in all classes will receive a copy of the Notice of Combined Hearing on Final Approval of Disclosure Statement and Confirmation of the Plan which is attached hereto as Exhibit 13.

32.     The Plan Proponents will make a copy of the Plan and Disclosure Statement and this Order available on the Solicitation Agent's website.

33.     The Plan Proponents will commence solicitation of the Plan by no later than November 4, 2020.  The Plan Proponents may make non-substantive modifications to the Plan, Disclosure Statement and other documents prior to solicitation in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming and/or ministerial nature.

**G.  Procedures for Vote Tabulation**

14

34.     Other than the master ballots and temporary allowance for Plaintiff Claims discussed above, the Plan Proponents propose each Claim within a Class of Claims entitled to vote to accept or reject the Plan be in an amount determined by the following procedures solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim:

(a) if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Solicitation Agent), the claimant has not sought estimation, and such claim has not been allowed, such Claim shall be temporarily allowed solely for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(b) if a Claim, for which a proof of claim was timely filed, is listed on the face of the proof of claim as contingent, unliquidated, or disputed in part, and the claimant has not sought estimation, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(c) if a Claim for which a proof of claim was timely filed or was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed solely for voting in the amount set forth on the proof of claim or the Debtors' filed Schedules;

(d) if a Claim, for which a proof of claim was timely filed, is also listed in the Debtors' Schedules, then the proof of claim shall supersede the scheduled claim to the extent the proof of claim is liquidated, non-contingent, and undisputed;

(e) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court solely for voting purposes only, and not for purposes of allowance or distribution;

(f) if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes;

(g) proofs of claim filed for $0.00 are not entitled to vote;

(h) if an objection to Claim or request for estimation as to a Claim is filed at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed solely for voting purposes only and not for purposes of allowance or distribution, except to the extent and

in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether any party in interest has objected to the earlier filed claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

35.     In tabulating the Ballots, the Plan Proponents request that the following rules ("Tabulation Rules") apply: (a) any Ballot that is properly completed, executed and timely returned as directed, but does not indicate an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (b) any Ballot that is properly completed, executed and timely returned as directed, and indicates both an acceptance and rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (c) any unsigned Ballot will not be counted; (d) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (e) if more than one Ballot voting the same claim is cast before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; and (f) Ballots received after the Voting Deadline will not be counted; provided that the Plan Proponents may agree to extend the Voting Deadline. Further, the Plan Proponents, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at

any time, either before or after the close of voting, and any such waivers will be documented in the Voting Affidavit.

36. Any Class that contains Claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

37. Neither the Plan Proponents, nor the Solicitation Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

38. Further, the Plan Proponents, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Affidavit.

39. The Tabulation Rules will establish a fair and equitable voting process and therefore should be approved.

40. The Plan Proponents may seek further clarification from the Court on vote tabulation and the solicitation process and retain the right to object or raise any issue with respect to any Ballot.

**H. Establishment of Deadline for Filing Objections to Confirmation of the Plan and the Disclosure Statement**

41. Any objections to confirmation of the Plan or final approval of the Disclosure Statement (including any supporting memoranda) must be in writing and filed with the Clerk of the Bankruptcy Court on or before December 4, 2020 at 5:00 p.m. Central Standard Time (the "Objection Deadline").

42. All objections not filed by the Objection Deadline shall be deemed waived.

WHEREFORE, the Plan Proponents respectfully request that this Court enter an Order scheduling the hearing to consider confirmation of the Plan and final approval of the Disclosure

Statement and approving the form and manner of notice thereof and granting such other and further relief as may be just and proper.

Dated:  October 20, 2020.

Respectfully submitted,

**Porter Hedges LLP**

By:  */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Counsel to the January 24 Claimants Committee**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served to the parties on the attached service list by U.S. first-class mail and by electronic transmission to all registered ECF users appearing in the case on October 20, 2020.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

10783357v2

## SERVICE LIST

ERIN E JONES
CHRISTOPHER R MURRAY
JONES MURRAY & BEATTY LLP
4119 MONTROSE STE 230
HOUSTON TX 77006

BAKER BOTTS LLP
910 LOUISIAN ST STE 3200
HOUSTON TX 77002

GULFCO FORGE COMPANY
6817 INDUSTRIAL RD
HOUSTON TX 77005

LINEAGE ALLOYS
1901 ELLIS SCHOOL RD
BAYTOWN TX 77521

NORTON ROSE FULBRIGHT
1301 MCKINNEY ST STE 1500
HOUSTON TX 77010

TECHNICAL ENGINEERING LLC
100 CHAPEL RD
MANCHESTER CT 6042

VICTORY METALS
4125 HOLLISTER RD
HOUSTON TX 77080

WATSON VALVE SERVICES INC
Robert E "Bob" Ogle, CPA CTP
The Claro Group
711 Louisiana St., Suite 2100
Houston, TX 77002

INTERNAL REVENUE SERVICE
300 E 8TH ST
MAIL STOP 5026AUS
AUSTIN TX 78701

JASON B BINFORD
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
P O BOX 12548-MC 008
AUSTIN TEXAS 78711-2548

STEPHEN DOUGLAS STATHAM
OFFICE OF US TRUSTEE
515 RUSK STE 3516
HOUSTON TX 77002

C&M TECHNOLOGIES GROUP INC
350 NORTH SAINT PAUL ST
DALLAS TX 75201

HALCO METALS
9611 TELGE RD
HOUSTON TX 77095

MATHESON TRI-GAS
166 KEYSTONE DR
MONTGOMERYVILLE PA 18936

PARRISH INTERNATIONAL INC
PO BOX 468
HEMPSTEAD TX 77445

THYSSENKRUPP
ATTN: GENERAL COUNSEL
111 W JACKSON BLVD
CHICAGO IL 60604

VINATECH ENGINEERING
7747 FORMULA PLACE
SAN DIEGO CA 92121

TEXAS CAPITAL BANK
C/O TIMOTHY MILLION
600 TRAVIS ST
HOUSTON TX 77002

RICHARD A KINCHELOE
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS
1000 LOUISIANA ST STE 2300
HOUSTON TX 77002

MICHAEL I. RAMIREZ
MCCOY LEAVITT ET. AL.
20726 STONE OAK PKWY STE 116
SAN ANTONIO, TEXAS 78232

ASTRO ALLOYS INC
9155 EMMOTT RD
HOUSTON TX 77040

EARL M JORGENSEN
6201 LUMERDALE RD
HOUSTON TX 77092

HUNTER CHEMICAL LLC
220 COMMERCE DR
STE 200
FORT WASHINGTON PA 19034

NORTH AMERICAN HOGANAS CO
111 HOGANAS WA
HOLLSOPPLE PA 15935

SCOTT STAINLESS SPECIALITIES
501 GEORGIA AVENUE
SOUTH HOUSTON TX 77587

TRICOR METALS
3517 N LOOP 336 W
CONROE TX 77304

WEBB INDUSTRIAL LLC
2433 LOFTON TERRACE
FORT WORTH TX 76109

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

ABIGAIL RUSHING RYAN AAG
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
PO BOX 12548-MC 008
AUSTIN TX 78711-2548

J SCOTT DOUGLASS
1811 BERING DR STE 420
HOUSTON TEXAS 77057

MUHAMMAD AZIZ
ABRAHAM WATKINS NICHOLS
SORRELS AGOSTO AZIZ & STOGNER
800 COMMERCE ST
HOUSTON TEXAS 77002

JOHN P DILLMAN
LINEBARGER GOGGAN BLAIR &
SAMPSON LLP
PO BOX 3064
HOUSTON TX 77253-3064

AVISHAY MOSHENBERG
MCDOWELL HETHERINGTON LLP
1001 FANNIN STE 2700
HOUSTON TX 7700

RANDALL J POELMA JR
DOYEN SEBESTA & POELMA LLLP
450 GEARS RD STE 350
HOUSTON TX 77067

ELIZABETH C FREEMAN
JACKSON WALKER LLP
1401 MCKINNEY ST STE 1900
HOUSTON TX 77010

RANDY W WILLIAMS
BYMAN & ASSOCIATES PLLC
7924 BRDWAY STE 104
PEARLAND TX 775

L LEE THWEATT
ONE GREENWAY PLAZA STE 100
HOUSTON TX 77046-0102

STEPHEN R WALKER
LAW OFFICES OF MANUEL SOLIS PC
6657 NAVIGATION BLVD
HOUSTON TX 77011

BYRON C ALFRED
2019 WICHITA ST
HOUSTON TX 77004

MATT L MARTIN
ZEHL & ASSOCIATES PC
2700 POST OAK BLVD STE 1000
HOUSTON TX 77056

HENRY FLORES
RAPP & KROCK PC
1980 POST OAK BLVD STE 1200
HOUSTON TEXAS 77056

JARROD B MARTIN
Chamberlain Hrdicka
1200 Smith, Suite 1400
Houston, TX 77002

ERIKA L MORABITO
FOLEY & LARDNER LLP
3000 K ST NW STE 600
WASHINGTON DC 20007

WILLIAM T SEBESTA
DOYEN SEBESTA & POELMA LLLP
450 GEARS RD STE 350
HOUSTON TX 77067

RYAN E CHAPPLE
CAIRN & SKARNULIS PLLC
400 W 15TH ST STE 900
AUSTIN TX 78701

ABIGAIL RUSHING RYAN AAG
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
PO BOX 12548-MC 008
AUSTIN TX 78711-2548

JOSEPH D TERRY
ONE GREENWAY PLAZA STE 100
HOUSTON TX 77046-0102

GREGORY J FINNEY
LAW OFFICES OF MANUEL SOLIS PC
6657 NAVIGATION BLVD
HOUSTON TX 77011

RYAN H ZEHL
ZEHL & ASSOCIATES PC
2700 POST OAK BLVD STE 1000
HOUSTON TX 77056

GREGORY F COX
MOSTYLN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

KENNETH M KROCK
RAPP & KROCK PC
1980 POST OAK BLVD STE 1200
HOUSTON TEXAS 77056

KATE H EASTERLING
MCDOWELL HETHERINGTON LLP
1001 FANNIN STE 2700
HOUSTON TX 77002

HOLLAND N O'NEIL
FOLEY & LARDNER LLP
2021 MCKINNEY AVENUE STE 1600
DALLAS TX 75201

BRUCE J RUZINSKY
JACKSON WALKER LLP
1401 MCKINNEY ST STE 1900
HOUSTON TX 77010

TAYLOR R ROMERO
CAIRN & SKARNULIS PLLC
400 W 15TH ST STE 900
AUSTIN TX 78701

JASON B BINFORD
OFFICE OF THE AG OF TEXAS
BANKRUPTCY & COLLECTIONS DIV
P O BOX 12548-MC 008
AUSTIN TEXAS 78711-2548

ANNA DEAN KAMINS
KAMINS LAW FIRM PLLC
2925 RICHMOND AVENUE STE 1200
HOUSTON TX 77098

JUAN A SOLIS
LAW OFFICES OF MANUEL SOLIS PC
6657 NAVIGATION BLVD
HOUSTON TX 77011

MATTHEW O GREENBERG
ZEHL & ASSOCIATES PC
2700 POST OAK BLVD STE 1000
HOUSTON TX 77056

MICHAEL DOWNEY
MOSTYLN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

CATHRYN J SCHEXNAIDER
MOSTYLN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

CHANCE A MCMILLAN
MCMILLAN FIRM PLLC
440 LOUISIANA ST STE 1200
HOUSTON TX 77002-1691

MATHEW MENDOZA
MCMILLAN FIRM PLLC
440 LOUISIANA ST STE 1200
HOUSTON TX 77002-1691

ANTHONY G BUZBEE
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

CHRISTOPHER J LEAVITT
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

RYAN S PIGG
JP MORGAN CHASE TOWER
600 TRAVIS ST STE 7300
HOUSTON TX 77002

JOHN J. RUTTER
ROETZEL & ANDRESS, LPA
222 SOUTH MAIN STREET
AKRON, OH 44308

KARL P LONG
800 COMMERCE ST
HOUSTON TX 77002

BILAAL BADAT
4151 SOUTHWEST FWY STE 320
HOUSTON TX 77027

MARTY HERRING
MARTY HERRING & ASSOCIATES
1616 S VOSS RD STE 890
HOUSTON TX 77057

CAMERON R TEBO
MARTY HERRING & ASSOCIATES
1616 S VOSS RD STE 890
HOUSTON TX 77057

MICHAEL TATE BARKLEY
BAIN & BARKLEY
14090 SOUTHWEST FWY STE 450
SUGAR LAND TX 77478

KARL R SCHNEIDER
BAIN & BARKLEY
14090 SOUTHWEST FWY STE 450
SUGAR LAND TX 77478

BRETT ANTHONY
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

ADAM ANTHONY
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

DONALD PETERSON
ANTHONY PETERSON LLP
500 NORTH WATER ST STE 1000
CORPUS CHRISTI TX 78401

RUBEN BONILLA JR
BONILLA & CHAPPA PC
2600 GESSNER RD STE 136
HOUSTON TX 77080

VINCE RYAN
HARRIS COUNTY ATTORNEY
ENVIRONMENTAL GROUP
1019 CONGRESS 15TH FL
HOUSTON TX 77002

SARAH JANE UTLEY
HARRIS COUNTY ATTORNEY
ENVIRONMENTAL GROUP
1019 CONGRESS 15TH FLOOR
HOUSTON TX 77002

KATHY PORTER
AIR COMPLIANCE COORDINATOR
HARRIS COUNTY POLLUTION
CONTROL SVCS DEPT
101 SOUTH RICHEY STE H
PASADENA TX 77506

ROBERT S KWOK
9805 KATY FWY STE 850
HOUSTON TX 77024

J RYAN LOYA
9805 KATY FWY STE 850
HOUSTON TX 77024

JOSHUA R LEAL
9805 KATY FWY STE 850
HOUSTON TX 77024

ALEX P BOYLHART
9805 KATY FWY STE 850
HOUSTON TX 77024

WILLIAM W HOKE (OF COUNSEL)
9805 KATY FWY STE 850
HOUSTON TX 77024

HUSEIN HADI
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

JAMIL THOMAS
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

CARNEGIE H MIMS III
SEDRICK STAGG
7100 REGENCY SQUARE BLVD STE 140
HOUSTON TX 77036

ERIC DICK LLM
3701 BROOKWOODS DR
HOUSTON TX 77092

JOEL C SIMON
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

STEPHEN M FERNELIUS
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

RYAN M PERDUE
FERNELIUS SIMON MACE
ROBERTSON PERDUE PLLC
4119 MONTROSE BLVD STE 500
HOUSTON TX 77006

DEREK H POTTS
POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

MICHAEL J BINS
POTTS LAW FIRM
3737 BUFFALO SPEEDWAY STE 1900
HOUSTON TX 77098

RILEY L BURNETT JR
BURNETT LAW FIRM
3737 BUFFALO SPEEDWAY STE 1850
HOUSTON TX 77098

PEGAH RAHGOZAR
2825 WILCREST DR STE 515
HOUSTON TX 77045

LESTER B NICHOLS III
2825 WILCREST DR STE 515
HOUSTON TX 77045

KURT B ARNOLD
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

JASON A ITKIN
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

J KYLE FINDLEY
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

KALA F SELLERS
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

ADAM D LEWIS
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX 77007

CHRISTOPHER L BELL
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

GREGORY F COX
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

MICHAEL A DOWNEY
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

CAROLINE L MAIDA
MOSTYN LAW
3810 WEST ALABAMA ST
HOUSTON TX 77027

MARY-OLGA LOVETT
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

PAUL B KERLIN
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

CHRISTOPHER M LAVIGNE
GREENBERG TRAURIG LLP
2200 ROSS AVE STE 5200
DALLAS TX 75201

KARL D BURRER
GREENBERG TRAURIG LLP
1000 LOUISIANA ST STE 1700
HOUSTON TX 77002

JAMES R JONES
4185 TECHNOLOGY FOREST BLVD
STE 160
THE WOODLANDS TX 77381

JOHN V MCCOY
MCCOY LEAVITT & LASKEY
N19 W242000 RIVERWOOD DR
STE 125
WAUKESHA WI 53188

ANA M ENE
CLARK LOVE & HUTSON PLLC
440 LOUISIANA STE 1700
HOUSTON TX 77002

MATHESON TRI-GAS INC
ATTN: GENERAL COUNSEL
150 ALLEN RD - STE 302
BASKING RIDGE NJ 07920

AUTOMATION PLUS
ATTN: FRANK LOMELO
8930 LAWNDALE ST STE F
HOUSTON TX 77012

ADAM D PEAVY
CLARK LOVE & HUTSON PLLC
440 LOUISIANA STE 1700
HOUSTON TX 77002

KEVIN M MADDEN
LAW OFFICES OF KEVIN M MADDEN
5225 KATY FWY STE 520
HOUSTON TX 77007

MARK W MORAN
MUNCK WILSON MANDALA LLP
12770 COIT RD STE 600
DALLAS TX 75251

ARC SPECIALTIES INC
ATTN: L DON KNIGHT
8100 WASHINGTON STE 1000
HOUSTON TX 77007

ARC SPECIALTIES INC
1730 STEBBINS DR
HOUSTON TX 7704

CENTERPOINT ENERGY RESOURCES
CORP
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

3M
3M CORPORATE HEADQUARTERS
2501 HUDSON RD
MAPLEWOOD MN 55144

DETCON
4055 TECHNOLOGY FOREST BLVD
THE WOODLANDS TX 77381

RADNOR
AIRGAS INC
259 NORTH RADNOR-CHESTER RD
STE 100
RADNOR PA 19087-5283

MILLER SCAMARDI AND CARRABA
ATTN: DAVID MILLER
6525 WASHINGTON AVE
HOUSTON TEXAS 77007

KENNAMETAL INC
ATTN: MICHELLE R KEATING
525 WILLIAM PENN PLACE STE 3300
PITTSBURGH PA 15219

ABB
13609 INDUSTRIAL RD GATE 5
COMPLEX 3G WEST
HOUSTON TX 77015

BASS TOOL & SUPPLY, INC.
2300 FAIRWAY PARK DR.
HOUSTON, TX 77092

GROVES INDUSTRIAL SUPPLY
7301 PINEMONT DR.
HOUSTON, TX 77040

CENTERPOINT ENERGY SERVICE
COMPANY LCC
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

CENTERPOINT ENERGY GAS
SERVICES INC – NATURAL GAS
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST 39TH FLOOR
HOUSTON TX 77002

DETCON
3M CENTER BLDG 224-5N40
SAINT PAUL MN 55144-1001

FIRESTONE CRYOGENIC EQUIPMENT
14954 EAST DR
CONROE TX 77302-6600

OLDHAM A/K/A TELEDYNE GAS & FLAME
AMERICAS – THE WOODLANDS
DETCON INC
4055 TECHNOLOGY FOREST BLVD
THE WOODLANDS TX 77381

B-W GRINDING SERVICE, INC.
5807 NUNN ST.
HOUSTON, TX 77087

TECHNICAL ENGINEERING LLC
100 CHAPEL RD
MANCHESTER CT 06042

ACCUWELD INC.
845 BUSCHONG
HOUSTON, TX 77039-1001

CARBIDE & METAL, C&M TECH LLC
7425 CARBIDE LANE
HOUSTON, TX 77040

GULF COAST METAL SALES
PO BOX 7310
HOUSTON, TX 77248

CENTERPOINT ENERGY SERVICES
INC
ATTN: GENERAL COUNSEL
1111 LOUISIANA ST
39TH FLOOR
HOUSTON TX 77002

STM & ASSOCIATES
8554 KATY FWY STE 112
HOUSTON TX 77024

DETCON
3200 RESEARCH FOREST DR
THE WOODLANDS TX 77381-4219

FIRESTONE CRYOGENIC EQUIPMENT
ATTN: LINDA PLUMMER
12446 CUTTEN RD
HOUSTON TX 77066

WESTERN INTERNATIONAL GAS &
CYLINDER INC
ATTN: DENISE C HAUGEN
7173 HIGHWAY 159 E PO BOX 668
BELLVILLE TX 77418

NATIONAL ALLOY SOLUTIONS
C/O GONZALEZ & ASSOCIATES
ATTN: EDWARD GONZALEZ
2205 FULTON ST
HOUSTON TX 77009

VERTECS
8402 RAYSON RD
HOUSTON TX 77080

AMERICAN EXPRESS
THREE WORLD FINANCIAL CENTER
200 VESEY S
NEW YORK, NY 10285

CORROSION MATERIALS
22416 NETWORK PLACE
CHICAGO, IL 60673

HOUSTON PLATING COMPANY LLP
PO BOX 418
SOUTH HOUSTON, TX 77587

LARK HEAT TREAT, INC.
6640 MAYNARD
HOUSTON, TX 77041

LIBERTY FORGE, INC.
PO DRAWER 1210
LIBERTY, TX 77575

MATHESON TRI-GAS, INC.
10430 MULA ROAD
STAFFORD, TX 77477

MYERS TECHNOLOGY CO. LLC
2150 TOUCHY AVE.
ELK GROVE VILLAGE, IL 60007

NATIONAL SPECIALTY ALLOWS
18250 KEITH HARROW
HOUSTON, TX 77084

PARISH INTERNATIONAL, INC.
1075 ZACH RAD
HEMPSTEAD, TX 77445

THYSSENKRUP MATERIALS, NA
10648 WEST LITTLE YORK RD
HOUSTON, TX 77041

PT HUAYUE NICKEL COBALT
GEDUNG WISMA MULIA LT. 41 JI
.JEND GATOT
SUBROTO NO. 42, KUNINGAN BARAT, MAMPANG
PRAPATAN. 12710 JAKARTA,
INDONESIA

R&M FORGE & FITTINGS
6455 WESCO WAY
HOUSTON, TX 77041

RS MACHINE COMPANY, LLC
6926 GUHN ROAD
HOUSTON, TX 77040

VERTECS
PO BOX 801523
HOUSTON, TX 77280

VICTORY METALS, LLC
12335 KINGSRIDE LN
HOUSTON, TX 77024

VINATECH INDUSTRIES, INC.
5439 BRITTMORE RD.
HOUSTON, TX 77041

WEB INDUSTRIAL DIAMOND CO. INC.
2117 N. HOUSTON AVE.
PEARLAND, TX 77581

JACK SKAGGS
JASON S. SCHULZE
LYONDELLBASELL TOWER
1221 MCKINNEY, STE. 2900
HOUSTON, TEXAS 77010

ACCROSEAL
316 BRIGGS STREET
VICKSBURG, MI 49097

MSO SEALS & GASKETS INC.
4702 STEFFANI LANE
HOUSTON, TX 77041

SCORE VALVE SERVICES INC.
BUILDING B
6410 LANGFIELD ROAD
HOUSTON, TX 77092

THE NUT PLACE
6605 GESSNER ROAD
HOUSTON, TX 77040

WATSON VALVE SERVICES AUSTRALIA
13 LINK CRESENT
COOLUM BEACH, QUEENSLAND 4573

AFCO
5600 NORTH RIVER ROADSUITE 400
DES PLAINES, IL 60018

AIV, LPL
7140 W. SAM HOUSTON PKWY N
SUITE 100
HOUSTON, TX 77040

AMERICAN HELI-ARC
5009 PINEMONT DR
HOUSTON, TX 77092

AMUR HMP, LLC
5, MASHINOSTROITELIEI SHOSSE, AMURSK
KHABAROVSK KRAI, THE RUSSIAN
FEDERATION
682640

DIRECT BOLT AND SUPPLY
7117 BELGOLDSUITE D
HOUSTON, TX 77066

EGC ENTERPRISES
140 PARKER CT
CHARDON, OH 44024

GARLOCK SEALING TECH
13288 COLLECTION CENTER DR
CHICAGO, IL 60693

GHX INDUSTRIAL LLC
3440 SOUTH SAM HOUSTON PARKWAY
SUITE 300
HOUSTON, TX 77047

GRAINGER
PO BOX 419267
KANSAS CITY, MO 64141

HYTORC
12420 TEXACO ROAD
HOUSTON, TX 77013

INDUSTRIAL BEARING AND SERVICES
 PO BOX 41325
HOUSTON, TX 77241

LAMONS GASKET COMPANY
7300 AIRPORT BLVD
HOUSTON, TX 77061

SUHM SPRING WORKS, LTD
14650 HEATHROW FOREST PARKWAY
HOUSTON, TX 77032

SURFACE PREPARATION
5973 SOUTH LOOP EAST
HOUSTON, TX 77033

TEADIT
10545 RED BLUFF ROAD
PASADENA, TX 77507

U-LINE, INC.
2200 S. LAKESIDE DRIVE
CHICAGO, IL 60693

UNIVERSE TECHNICAL TRANSLATE
9225 KATY FREEWAYSUITE 400
HOUSTON, TX 77024

VANAIRE INC
840 CLARK DRIVE
GLADSTONE, MI 49837

ERNEST P. GIEGER, JR.
BRENDAN P. DOHERTY
GIEGER, LABORDE & LAPEROUSE, LLC
5151 SAN FELIPE STREET, SUITE 750
HOUSTON, TEXAS 77056

MATTHEW B. PROBUS
WAUSON | PROBUS
ONE SUGAR CREEK CENTER BLVD.,
SUITE 880
SUGAR LAND, TEXAS 77478

JOHN ROBERT JONES
J. R. JONES LAW PLLC
6026 REMSON HOLLOW LANE
KATY, TX 77494

Watson Grinding & Manufacturing Co.
Robert E "Bob" Ogle, CPA CTP
The Claro Group
711 Louisiana St., Suite 2100
Houston, TX 77002