IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | CASE NO. 20-30967 |
| **MANUFACTURING CO.,** | § | |
| | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**JANET NORTHRUP, CHAPTER 11 TRUSTEE'S
<u>OMNIBUS MOTION TO STRIKE EXPERT REPORT OF HARVEY BROWN
AND RELATED DISCLOSURES FILED IN CONNECTION WITH VARIOUS
MOTIONS TO ABSTAIN AND FOR REMAND</u>**
(Relates to Docket No. 848)

Janet S. Northrup, Chapter 11 Trustee (the "Trustee") of the Estate of Watson Grinding & Manufacturing Co. (the "Debtor" or "Watson Grinding"), files this *Omnibus Motion to Strike Expert Report of Harvey Brown and Related Disclosures Filed in Connection with Various Motions to Abstain and for Remand* ("Motion").[1] As discussed in detail below, the "expert" report of Harvey Brown and the related disclosures should be excluded because they are untimely, contain impermissible legal conclusions and opinions, and are not helpful to the trier of fact. In support of the Motion, Trustee respectfully states the following:

## I. BACKGROUND

**A.  <u>General Background</u>**

1. This matter arises out of an explosion at Watson Grindings' facility on January 24, 2020 (the "January 24 Explosion"). The January 24 Explosion damaged all the facilities where Watson Grinding operated, abruptly halting normal operations.

---

[1] This Motion is an omnibus motion to exclude the "expert" report and disclosures of Harvey Brown relating to any pending motion to abstain and/or motion for remand filed in any adversary proceeding or in the main cases of Watson Grinding and Watson Valve.

1

2. On February 6, 2020 (the "Petition Date"), less than two weeks after the January 24 Explosion, Watson Grinding and Watson Valve Services, Inc. ("Watson Valve", together with Watson Grinding, the "Debtors") sought protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Watson Grinding's chapter 11 case is pending as Case No. 20-30967 ("WGM Chapter 11 Case") and Watson Valve's chapter 11 case is pending as Case No. 20-30968 ("WVS Chapter 11 Case").

3. On the Petition Date, there were approximately two dozen state court cases already filed against Watson Grinding, Watson Valve and others (the "Pre-Petition Litigation").

4. The Court ordered the appointment of an official committee to represent holders of claims relating to the January 24 Explosion in the WGM Chapter 11 Case (the "January 24 Claimants Committee").[2]

5. As of April 24, 2020, Watson Grinding had removed 23 cases from the state courts to this Court and Watson Valve removed 2 cases from the state courts to this Court.

6. On May 8, 2020, at the request of the January 24 Claimants Committee and the Debtor, the Court entered an Order (1) Modifying the Automatic Stay, (2) Setting the Deadline for Filing Notices of Removal, (3) Setting the Deadline for Filing Motions to Remand, and (4) Scheduling Omnibus Hearing on Motions to Remand ("Procedures Order").[3] The relevant dates relating to removal and remand in the Procedures Order are as follows:

   a. **August 31, 2020** – deadline for filing motions to remand and motions to withdraw the reference in all removed cases.

---

[2] *See* Order for Appointment of January 24 Claimants Committee [Watson Grinding Doc. No. 25]; and Notice of Appointment of Official January 24 Claimants Committee [Watson Grinding Doc. No. 89].
[3] *See* Procedures Order [Doc. No. 279].

b. **September 30, 2020** – deadline for filing objections and responses to motions to remand and motions to withdraw the reference in removed cases.

c. **October 22, 2020** – hearing on all motions to remand and motions to withdraw the reference in removed cases.

7. Pursuant to the Procedures Order, the Court modified the automatic stay on a limited basis to permit the Debtors to be named in litigation relating to and arising from the January 24 Explosion and authorized removal of such litigation against either of the Debtors to this Court, subject to the parties' substantive rights.

8. At the request of the January 24 Claimants Committee, the Court entered an Order Recognizing Pending Litigation Complaints as Proofs of Claim on May 28, 2020 (the "Claims Administration Order")[4] in the WGM Chapter 11 Case as well as the WVS Chapter 11 Case.

9. Pursuant to the Claims Administration Order, each of the petitions or complaints filed against the Debtors as of the July 8, 2020 bar date (the "Bar Date") was deemed a proof of claim and each answer or motion to dismiss would be deemed an objection to a claim.

10. Currently, the Debtors are parties to over 100 lawsuits that have been filed after the Petition Date (collectively, the "Post-Petition Litigation"). Between the Pre-Petition Litigation and the Post-Petition Litigation, there were a total of 126 cases removed from the state courts by Watson Grinding or Watson Valve (or their respective Chapter 11 Trustees), which are now pending as adversary proceedings in the Debtors bankruptcy cases (the "Removed Cases").

11. The Removed Cases were timely removed under 28 U.S.C. §1452, Bankruptcy Rule 9027, Local Bankruptcy Rule 9027, the General Order of Reference entered by the District Court on March 10, 2005, and the Procedures Order entered by this Court at Docket No. 279.[5]

---

[4] *See Claims Administration Order* [Doc. No. 310].
[5] *See e.g. In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

12. Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The Removed Cases, including all claims and causes of action asserted therein, are civil actions other than a proceeding before the United States Tax Court. The Removed Cases are not a civil action by a government unit to enforce such government unit's police or regulatory power.

13. This Court has jurisdiction over the Removed Cases pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The Removed Cases all "arise[s] in" or, alternatively, are "related to" a title 11 case, *i.e.*, the Debtors' respective chapter 11 bankruptcy cases. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate."[6]

### B. Motions to Abstain and Motions for Remand

14. On or about August 31, 2020 and pursuant to the Procedures Order, various movants filed respective motions to abstain and/or motions to remand relating to some, but not all, of the Removed Cases. None of the movants challenge that this Court has at least "related to" jurisdiction over the Removed Cases. Rather, movants allege the Court should abstain from these cases or apply the principle of equitable remand to remand the Removed Cases back to the various state courts. Specifically, the various movants request that the Court remand the cases back to the state courts due to: (i) mandatory abstention under 28 U.S.C. § 1334(c)(2), (ii) permissive abstention under 28 U.S.C. § 1334(c)(1), and/or (iii) equitable remand under 28 U.S.C. § 1452(b).

---

[6] *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

15. The Debtors as well non-debtors Matheson Tri-Gas, Inc. ("Matheson") and Western International Gas & Cylinders, Inc. ("Western")[7], timely filed their respective objections and responses to the various motions to abstain and motions to remand in various of the Removed Cases. The objecting parties assert that mandatory abstention does not apply to any of the Removed Cases for a number of reasons, including but not limited to: (i) each of the Pre-Petition Litigation cases asserts a claim for personal injury or wrongful death and is not subject to mandatory abstention; (ii) each of the Post-Petition Litigation cases was commenced after the Petition Date; and (iii) the various movants have failed to carry their burden to establish the Removed Cases assert non-core claims and that the claims can be timely adjudicated in the state courts. The objecting parties further assert that the Court should decline to permissively abstain from the Removed Cases as the equities considered by the Court weigh in favor of retention.

C.     **"Expert" Report of Harvey Brown Dated October 6, 2020**

16. On October 6, 2020, numerous movants who filed motions to abstain and motions to remand filed what they claim are "Rule 26(a)(2) Expert Disclosures." These "expert" disclosures all name a single expert witness, Harvey Brown ("Brown"), and enclose a written report containing his opinions (the "Brown Report"). The "expert" disclosures filed by various movants indicate that the Brown Report is disclosed "in connection with the Motion to Remand filed by the Plaintiffs in their respective adversary proceedings."

17. The expert disclosures and the Brown Report are not authorized under any order entered by this Court. Despite seeking a detailed scheduling order regarding removal and remand matters, none of the movants attempted to confer with any of the defendants in the Removed Cases regarding a schedule for the timely disclosure of expert testimony. Nor did any of the movants

---

[7] Western and Matheson are defendants and cross claimants in many of the Removed Cases.

seek leave of this Court to set deadlines relating to the designation and disclosure of expert testimony by any of the parties.

18. The Brown Report indicates that he is a Texas attorney in private practice but who formerly served as a Harris County District Court Judge and Justice on the First Court of Appeals in Houston, Texas. In sum, the Brown Report identifies and recites the legal standards for state district court procedures including consolidation or state court multidistrict litigation, hypothesizes on how the state courts may decide those procedural issues, and, based on all that, ultimately concludes that the "tort claims based on the January 24, 2020 explosion at the Watson Grinding & Manufacturing Company site can be efficiently, effectively, expeditiously and fairly resolved in state court in Harris County, Texas."[8]

19. For the reasons below, Watson Grinding objects to and moves to exclude the expert report of Harvey Brown.

## II.     ARGUMENT AND AUTHORITIES

20. Watson Grinding objects to and moves to strike the "expert" report of Harvey Brown for the following reasons: (i) it is untimely; (ii) it offers impermissible legal conclusions and opinions; and (iii) it is not helpful to the trier of fact.

**A.     The Brown Report is Untimely and Should be Stricken**

21. As an initial matter, Brown's report supporting Movants' Motions to Remand is untimely. A federal trial court has inherent authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). This inherent authority includes the ability to strike untimely filings with the Court. *Id.*

---

[8] *See* Brown Report at p. 21.

22. On May 8, 2020, this Court set an August 31, 2020 deadline for parties to file motions to abstain and/or for remand. At no time prior to or as part of the Court's Procedures Order, did movants indicate that experts may be warranted as part of the removal and remand matters in this Court. Moreover, the various motions to abstain and motions to remand - filed on August 31, 2020 - did not mention any expert report or opinions in support thereof.

23. The Brown Report, offered in support of movants' various motions to abstain and motions for remand, was not filed until October 6, 2020 – 16 days before the evidentiary hearing and well after the Court's August 31, 2020 deadline. Moreover, the Brown Report was filed after some objections and responses to the various motions to abstain and motions for remand had already been filed. The Procedures Order was a scheduling order that set the relevant deadlines relating to motions to abstain and motions to remand.

24. If the Movants intended to support the motions to abstain and motions to remand with expert testimony, they should have sought leave from the Court to include it in a scheduling order. Instead, without warning, the various movants filed their "expert disclosures" and the Brown Report and *then* filed an emergency motion to set pre-trial deadlines. Given the known importance of this hearing, the amount of planning that went into ensuring a fair and effective process, the movants' designation of an expert only 16 days before the evidentiary hearing (that had been set five months prior), amounts to trial by ambush and is improper.

25. The "expert" disclosures and the Brown Report expressly indicate that the report is disclosed "in connection with the Motion to Remand filed by the Plaintiffs in their respective adversary proceedings." Any written material supporting the various motions to abstain and motions to remand should have been filed on August 31, 2020 under the Procedures Order. Because they were filed on October 6, 2020, they should be stricken as untimely.

B.     **<u>Brown's Report Contains Impermissible Legal Conclusions and Should be Stricken</u>**

26.    In addition to being untimely, Brown's report offers impermissible legal conclusions and opinions.

27.    The party offering the expert testimony bears the burden of establishing the admissibility requirements set forth in the rule, *Teachers' Ret. Sys. of La. v. Pfizer, Inc.,*. 819 F.3d 642, 658 (2d Cir. 2016).  Federal Rule of Evidence 704 does not permit an expert to state legal conclusions. *Alldread v. City of Grenada*, 988 F.2d 1425, 1437 (5th Cir. 1993). "The rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.'" *In re Initial Pub. Offering Sec. Litig*. 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001). "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *Id.* (collecting cases).

28.    Expert testimony on law is excluded because "the tribunal does not need the witness' judgment. . . . (T)he judge can determine equally well. . . . The special legal knowledge of the judge makes the witness' testimony superfluous. " *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) (quoting VII Wigmore on Evidence s 1952, at 81). Such testimony "amounts to no more than an expression of the (witness') general belief as to how the case should be decided." *United States v. Schiff*, 612 F.2d 73, 82 (2d Cir. 1979) (citing McCormick on Evidence, s 12 at 26-27). "The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." *Marx & Co. v. Diners' Club Inc*., 550 F.2d 505, 510 (2d Cir. 1977) (citing McCormick on Evidence s 12, at 27). In short, "[e]ach courtroom comes equipped with a 'legal expert,' called a judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

29. The Brown Report offers impermissible offers legal conclusions in support of the various motions to abstain and motions to remand in some of the Removed Cases. The movants proffer Brown specifically as "legal" expert—a former attorney and judge—to conclude that the "tort claims based on the January 24, 2020 explosion at the Watson Grinding & Manufacturing Company site can be efficiently, effectively, expeditiously and fairly resolved in state court in Harris County, Texas."

30. Whether the Removed Cases can be "efficiently, effectively, expeditiously and fairly resolved in state court in Harris County, Texas" is what this Court must determine in addressing both abstention and remand. Specifically, "Fifth Circuit courts determining whether mandatory abstention is appropriate have parsed this statute into a four part test: . . . (4) the action can be timely adjudicated in state court." *See In re Houston Regional Sports Network*, L.P., 514 B.R. 211, 214 (2014) (5th Cir.1997). *See also In re Schmidt*, 453 B.R. 346, 349 (B.A.P. 8th Cir. 2011) (indicating that whether bankruptcy court was required to abstain under mandatory abstention provision, 28 U.S.C. § 1334(c)(2), is a question of law).

31. Ultimately, Brown's conclusion here invades the Court's province because it goes directly to a question of law that this Court must decide regarding abstention. Brown's opinion "amounts to no more than an expression of the (witness') general belief as to how the case should be decided" with respect to abstention and remand motions at issue. *See United States v. Schiff*, 612 F.2d 73, 82 (2d Cir. 1979). Allowing Brown's opinion would violate "the rule prohibiting experts from providing their legal opinions or conclusions." *See In re Initial Pub. Offering Sec. Litig*. 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (collecting cases).

32. Moreover, Brown's Report relies on at least two wholly unfounded assumptions and thus, is unreliable. First, Brown assumes the parties and state court judges affirmatively *will*

choose a certain path in the future, to agree and submit a motion for the appointment of a special master, which is an assumption not founded upon any facts currently in existence. Second, Brown assumes that trials will resume in Harris County on a wide-spread basis, an assumption that not only lacks factual support but also contradicts other evidence that cases of COVID-19 may in fact increase dramatically over the winter season. The Court can and should exclude Brown's Report based on these two fatal assumptions.

33. "An expert's testimony is not substantial if it is based merely on speculation and conjecture without basis in fact." *Genmoora Corp. v. Moore Business Forms, Inc.*, 939 F.2d 1149, 1163 (5th Cir. 1991). While "[e]xperts are permitted to rely on assumptions when reaching their opinions" those "assumptions, however, must have some factual basis in the record and an underlying rationale." *Jacked Up, LLC v. Sara Lee Corp.*, 2018 U.S. Dist. LEXIS 74721, *28-29 (N.D. Tex. May 2, 2018); *cf. Rolls-Royce Corp. v. Heros, Inc.*, 2010 U.S. Dist. LEXIS 3716, 2010 WL 184313, at *6 (N.D. Tex. Jan. 14, 2010) ("Testimony is irrelevant . . . when an expert offers a conclusion based on assumptions unsupported by the facts of the case."). In fact this very district has recognized that "[a]n expert opinion must be based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 600 (S.D. Tex. June 5, 2001) (internal quotation omitted). "[T]he trial court may exclude evidence when based on inaccurate or purely hypothetical premises." *Id*. at 601 (granting motion to exclude portion of expert's opinion where the "analytical gap" between the study relied upon by the expert and the expert's conclusion was "simply too great" and the opinion was "not supported by any real world observations"); *see also Graves v. Toyota Motor Corp.*, 2011 U.S. Dist. LEXIS 114550, *15 (S.D. Miss. October 3, 2011) ("When an expert's opinion is not preceded by facts in evidence but only speculation or conjecture, his opinion is unreliable.").

34. Significantly, Brown himself acknowledged these principles: "[I]f the record contains no evidence supporting an expert's material factual assumption" then "opinion testimony founded on these assumptions is not competent evidence." Harvey Brown & Melissa Davis, *Eight Gates for Expert Witnesses: Fifteen Years Later*, 52 H. L. REV. 143 (2014) (quoting *Hous. Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 833 (Tex. 2014)).

35. Here, Brown's report relies on the assumption that, in the future, all of the parties and state court judges involved in these multitudinous matters would all agree and submit a motion for the appointment of a special master. However, this assumption is not based on any facts currently in existence. Specifically, Brown states that he has "been informed that the Litigation Trustee will request the state court judge to appoint the Special Master,"[9] he acknowledges that the "Plan contemplates a motion to the state court … to appoint a Special Master,"[10] and he further recognizes that "*with the parties' consent*, a Special Master can be appointed to assist in settlement administration."[11] Brown then leaps over whether or not the parties would actually consent to a motion for the appointment of a special master to then make the following supposition: "It is my opinion that it is more likely than not that an agreed motion to appoint a Special Master for these purposes in the Adversary Proceedings would be granted."[12] This conjecture assumes that the parties will agree and will submit the motion for the appointment of a special master to the judge for consideration at all.

36. No such facts exist, however, to support such an assumption. There is no evidence that any of the plaintiffs or defendants—much less all of the plaintiffs and defendants—would agree to such a motion. "Expert evidence based on a fictitious set of facts is just as unreliable as

---

[9] Brown Report at p. 4.
[10] Brown Report at p. 19.
[11] Brown Report at p. 19 (emphasis added).
[12] Brown Report at p. 20.

11

evidence based upon no research at all." *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir. 1996); *see also Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (concluding the expert offered "little more than personal assurances based on his police experience that his conclusions are so, amply justifying the trial court's exclusion of his testimony both on the basis of insufficient factual support and lack of reliable methodology" and further reasoning the expert has relied "on a host of unsupported conjectures" that fell "far short of a methodology"). Because Brown's assumption is not based on any factual support whatsoever, the Court should strike the Brown Report.

37. Brown's report also relies on the assumption that, (again) in the future, trials will resume in Harris County on a widespread basis no matter what the circumstances are at that time. This assumption also lacks factual support. Specifically, Brown asserts that "Harris County has a plan in place for holding jury trials even if COVID-19 remains an issue."[13] From this, he opines that jury trials will—without a doubt—resume, and that this weighs in favor of remand. Interestingly, Brown acknowledges Harris County's initial "proactive" plan contemplated that jury trials were to resume on June 1, 2020[14] but that, since that time, "the dates for resuming jury trials have been postponed due to orders from the Texas Supreme Court" and that only a handful of "bench trials" have actually occurred.[15]

38. That evidence actually supports the opposite conclusion—that any procedures and plans are subject to change at any time based on the status of the pandemic. While Harris County does currently have a COVID-19 Plan for jury trials, Brown cites no facts to support the assumption that this COVID-19 Plan will actually be implemented and will ensure that jury trials

---

[13] Brown Report at p. 4.
[14] Brown Report at pp. 5-6.
[15] Brown Report at p. 6.

12

will resume. The reality is that COVID-19 cases may in fact increase or worsen over the winter season, thus further delaying trials in Harris County, notwithstanding any "plan." Brown simply has no basis to assume jury trials will resume. The Court can exclude Brown's Report on that basis. *See Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 516 (5th Cir. 2013) (affirming district court's exclusion expert opinion where the expert "made numerous assumptions with no apparent underlying rationale").

39. Accordingly, because the Brown Report relies on completely unfounded assumptions and offers impermissible legal opinions and conclusions, the Court should strike it in its entirety.

C. **Brown's Opinions Are Not Helpful to the Trier of Fact and Should be Stricken**

40. Federal Rule of Evidence 702 requires that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)). As noted above, the rules do not permit an expert to testify as to legal conclusions; similarly, they do not permit an expert to offer "evidence which wastes time." *See* Fed. R. Evid. 704 advisory committee's note (stating that "[u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time.").

41. Brown's opinions will not assist the Court in this matter. Generally speaking, Brown's opinions are that the Harris County District Courts are efficient, and that in Texas state court, there are multi-district litigation procedures, procedures for consolidation, and procedures for appointing special masters.

42. Brown's opinions with regard to the efficiency of the Harris County District Court system are based in large part on the 2019 Texas Office of Court Administration Annual Statistical Report, and various statistics cited therein for civil cases, which includes matters that are

customarily resolved more expeditiously than complex catastrophic explosion cases. The statistics cover the period of September 1, 2018 – August 31, 2019, and therefore do not account for the impact of the COVID-19 virus on court administration. Pre-COVID-19 statistics are irrelevant and have no bearing on the issue of whether, *presently*, these actions can be adjudicated in a timely manner in state court.

43. Even if the Court finds the pre-COVID statistics to be relevant, there is still no reason to waste the Court's valuable time with expert testimony on the subject. Indeed, the statistical report that Brown attaches to his report is readily available on the Office of Court Administration's website[16] and is a proper subject of judicial notice. Fed. R. Evid. 201. Statistical matters and government publications are frequently the subject of judicial notice. *See e.g., Tuttle v. Educ. Credit Mgmt. Corp.* (*In re Tuttle*), 600 B.R. 783, 806 (Bankr. E.D. Wis. 2019) (labor statistics). Simply stated, this Court does not need Brown to testify as to matters that can be efficiently and quickly judicially noticed.

44. Brown's opinions with regard to the availability of consolidation and multi-district litigation procedures are similarly unhelpful. This Court is aware of those procedures. And, while his discussion is interesting and thorough, the gravamen of his opinion seems to be that these procedures exist in state court, which is something that no party is anticipated to dispute. Clearly, expert testimony "that simply states undisputed facts" is not helpful in any way. *Carr v. Montgomery County, Tex.*, 2015 WL 5838862, at *9 (S.D. Tex. Oct. 7, 2015) (Miller, J.). Accordingly, Brown's opinion should be excluded as irrelevant and ultimately unhelpful to this Court.

---

[16] https://www.txcourts.gov/media/1445535/3-district-activity-summary-by-county.pdf (last visited October 15, 2020).

## **PRAYER**

WHEREFORE, the Trustee respectfully requests that the Court strike the Brown Report and related disclosures, exclude the opinions offered by Harvey Brown, and for such other and further relief to which the Trustee is entitled.

Dated: October 20, 2020.                                Respectfully submitted,

**JONES MURRAY & BEATTY, LLP**
By: */s/ Erin E. Jones*
Erin E. Jones
Texas Bar No. 24032478
Ruth Van Meter
Texas Bar No. 20661570
4119 Montrose Blvd, Suite 230
Houston, Texas 77006
Phone: 832-529-1999
Fax: 832-529-5513
erin@jmbllp.com
ruth@jmbllp.com
**SPECIAL COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

By: */s/ Wayne Kitchens*
Wayne Kitchens
Texas Bar No. 11541110
Heather McIntyre
Texas State Bar No. 24041076
**HUGHESWATTERSASKANASE, LLP**
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
wkitchens@hwa.com
hmcintyre@hwa.com
**COUNSEL FOR JANET S. NORTHRUP, CHAPTER 11 TRUSTEE OF THE ESTATE OF WATSON GRINDING & MANUFACTURING CO.**

By: */s/ Michael I. Ramirez*
Michael I. Ramirez
Texas Bar No. 24008604

>M<small>C</small>C<small>OY</small> L<small>EAVITT</small> L<small>ASKEY</small>, LLC
>20726 Stone Oak Parkway, Suite 116
>San Antonio, TX  78258
>Telephone (210) 446-2828
>Fax (262) 522-7020
>mramirez@mlllaw.com
>S<small>PECIAL</small> L<small>ITIGATION</small> C<small>OUNSEL FOR</small> W<small>ATSON</small> G<small>RINDING</small> & M<small>ANUFACTURING</small> C<small>O.</small>

## CERTIFICATE OF SERVICE

I certify that on October 20, 2020, a true and correct copy of the foregoing Objection was filed in the main bankruptcy case of Watson Grinding 20-30967 and served via CM/ECF to all parties registered to receive such service.

>*/s/ Erin E. Jones*
>Erin E. Jones