## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **Case No. 20-30968** |
| | § | |
| Debtor. | § | |
| | § | |

**EMERGENCY MOTION FOR AN ORDER (1) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (2) SCHEDULING PLAN CONFIRMATION HEARING; (3) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION; (4) TEMPORARILY ALLOWING CERTAIN CLAIMS FOR VOTING PURPOSES ONLY; (5) APPROVING FORM OF BALLOTS; (6) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; AND (7) REDUCING NOTICE PERIOD PURSUANT TO RULES 2002(b) AND 9006(c)**

(Relates to Case No. 20-30967, Doc. No. 971 and Case No. 20-30968, Doc. No. 443)

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING, UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

10841468v2

A TELEPHONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 4, 2020 AT 1:00 P.M. (CST).   OBJECTIONS MUST BE FILED BY DECEMBER 4, 2020 at 8:00 A.M. (CST).

PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.

IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1 (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.

PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE COURT UTILIZES GOTOMEETING FOR ALL VIDEO HEARING. TO CONNECT TO A HEARING, YOU MAY CONNECT USING THE LINK ON JUDGE ISGUR'S HOMEPAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE OR CONNECT DIRECTLY VIA THE GOTOMEETING APP.

TO CONNECT TO A HEARING, YOU SHOULD ENTER THE MEETING CODE "JudgeIsgur". IT IS RECOMMENDED THAT YOU DOWNLOAD THE FREE GOTOMEETING APP ON EACH DEVICE THAT WILL BE USED TO CONNECT TO A HEARING. CONNECTING VIA WEB BROWSER ONLY MAY LIMIT THE AVAILABILITY OF SOME GOTOMEETING FEATURES.

ONCE CONNECTED TO GOTOMEETING, A PARTICIPANT MUST CLICK THE SETTING ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

The January 24 Claimants' Committee (the "<u>Committee</u>" or the "<u>Plan Proponent</u>") files

this Emergency Motion for an Order (1) Conditionally Approving Disclosure Statement; (2)

Scheduling Plan Confirmation Hearing; (3) Establishing Voting Deadline and Procedures for

2

Filing Objections to Confirmation; (4) Temporarily Allowing Certain Claims for Voting Purposes Only; (5) Approving Form of Ballots; (6) Establishing Solicitation and Tabulation Procedures; and (7) Reducing Notice Period Pursuant to Rules 2002(b) and 9006(c) (the "Motion").

## BACKGROUND

1.     On February 6, 2020, Watson Grinding & Manufacturing Co. (the "WGM") and Watson Valve Services, Inc. ("WVS" and with WGM, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The WGM and WVS cases are not being jointly administered.

2.     On February 10, 2020, the Court ordered the appointment of the Committee to represent parties with claims arising out of the pre-petition explosion at the Debtor's facility (WGM Case, Doc. No. 25).  On February 21, 2020, the United States Trustee filed a notice of appointment of the members of the Committee (WGM Case, Doc. No. 89).  The Committee is only appointed in the WGM case.

3.     On May 28, 2020, the Court entered the Order Recognizing Pending Litigation Complaints as Proofs of Claim (WGM Case, Doc. No. 310; WVS Case, Doc. No. 200) (the "Litigation Order").  Pursuant to this Order, the Debtors agreed that the plaintiffs in over 100 lawsuits that had been filed in state court and removed by the Debtors to Bankruptcy Court would not have to file proofs of claim (the "Plaintiff Claims").

4.     On December 3, 2020, the Committee filed the *First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code Filed by the January 24 Claimants Committee* (the "Plan" and the "Disclosure Statement," as applicable) (WGM Case, Doc. No. 971, WVS Case, Doc. No. 443).

## RELIEF REQUESTED

### A.  Request to Reduce Notice Period Pursuant to Rules 2002(b) and 9006(c)

5.      As part of the global compromises embodied in the Plan, the Committee agreed to John Watson's request to seek an order from this Court reducing the 28-day notice period in Rule 2002(b) in order to allow both the Confirmation Hearing and the Effective Date to occur on or prior to December 31, 2020.  Pursuant to Rule 9006(c) the 28-day notice period of the deadline to object to confirmation may be reduced for cause.  On the Effective Date of the Plan, Watson Valve will transfer $1,000,000 to the Liquidating Trust for Watson Grinding.  There will be significant income tax savings to Watson Valve and its equity holders if this $1,000,000 payment is made prior to December 31, 2020.  In light of the fact that General Unsecured Claims against both estates will be paid in full and the Committee represents the vast majority of January 24 Claims who are primarily impacted by the compromise allowing the General Unsecured Claims to be paid, creditors entitled to vote will not be significantly prejudiced by reducing the notice period as set forth below to 20 days from solicitation to the voting and confirmation objection deadline.

### B.  Overview

6.      The following table summarizes the proposed schedule for the combined hearing on final approval of the Disclosure Statement and confirmation of the Plan sought in this Motion:

| Event | Deadline |
|---|---|
| Voting Record Date | December 18, 2020 |
| Hearing on Conditional Approval of Disclosure Statement | December 4, 2020 at 1:00 p.m. |
| Commencement of Plan Solicitation and Mailing of Combined Notice | No later than December 8, 2020 |
| Plan Supplement Filing Deadline | December 18, 2020 |
| Plan Voting Deadline and Deadline to Object to Disclosure Statement and Confirmation | December 28 at 5:00 p.m. |

4

| Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan | December 30, 2020 at 9:00 a.m. |

7.      Listed below are the attachments and exhibits cited in this Motion:

| Form/Notice | Exhibit |
| --- | --- |
| Cover Letter and Ballot for Plaintiff Claims (Includes Class 3 and Class 4 Claims) | Exhibit 1 |
| Ballot for Class 3 (January 24 Claims against Watson Grinding for which a proof of claim was filed but is not one of the Plaintiff Claims) | Exhibit 2 |
| Ballot for Class 4 (Minor Damage Claims against Watson Grinding) | Exhibit 3 |
| Ballot for Class 5 (General Unsecured Claims against Watson Grinding) | Exhibit 4 |
| Ballot for Class 6 (Indemnity Claims against Watson Grinding) | Exhibit 5 |
| Ballot for Class 7 (Interests in Watson Grinding) | Exhibit 6 |
| Ballot for Class 10 (January 24 Claims against Watson Valve for which a proof of claim was filed but is not one of the Plaintiff Claims) | Exhibit 7 |
| Ballot for Class 11 (Minor Damage Claims against Watson Valve) | Exhibit 8 |
| Ballot for Class 12 (General Unsecured Claims against Watson Valve) | Exhibit 9 |
| Ballot for Class 13 (Indemnity Claims against Watson Valve) | Exhibit 10 |
| Ballot for Class 14 (Interests in Watson Valve) | Exhibit 11 |
| Notice of Non-Voting Status | Exhibit 12 |
| Notice of Confirmation Hearing and Final Approval of Disclosure Statement | Exhibit 13 |

10841468v2

### C. Conditional Approval of the Disclosure Statement

8.        Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall

hold a hearing on confirmation of a plan."  In addition, Bankruptcy Rule 3017(c) provides, "[o]n

or before approval of the disclosure statement, the court shall fix a time within which the holders

of claims and interests may accept or reject the plan and may fix a date for the hearing on

confirmation."  Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may

combine the hearing on approval of the disclosure statement with the hearing on confirmation of

the related plan.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).

9.        Bankruptcy Rules 2002(b), 2002(d), and 3017(a) require twenty-eight (28) days'

notice be given by mail to all creditors and shareholders of the time fixed for filing objections to,

and the hearing to consider approval of, a disclosure statement or confirmation of a plan of

reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule

9006(c)(1), and Bankruptcy Rule 3020(b) provides "[a]n objection to confirmation of the plan

shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee

appointed under the Code, and any other entity designated by the court, within a time fixed by the

court."

10.        Contemporaneously with the filing of a disclosure statement and proposed plan, the

Complex Chapter 11 Procedures authorize the plan proponent to request "(1) conditional approval

of the disclosure statement; (2) approval of solicitation procedures; (3) scheduling of a hearing on

shortened notice to consider conditional approval of the proposed disclosure statement; and (4) the

scheduling of a joint hearing to consider final approval of the adequacy of the disclosure statement

and confirmation of the proposed plan." Complex Chapter 11 Procedures ¶ 37. The Complex

Chapter 11 Procedures further provide that all motions requesting a combined hearing must

identify the proposed balloting agent, identify any voting procedures in addition to those required by the procedures, and identify the proposed combined hearing date.  *Id.* ¶ 38.

11.     By this Motion, the Plan Proponent requests conditional approval of the Disclosure Statement on shortened notice in accordance with the Complex Case Procedures. The Plan Proponent will commence solicitation of the Plan and mailing of the notice of the combined hearing by no later than December 8, 2020.  The Plan Proponent seeks by this Motion to have the Court set December 28, 2020 as the objection deadline.  The Plan Proponent requests the Court schedule a combined hearing on December 30, 2020.  The proposed schedule affords 20 days' notice of the deadline to file objections to confirmation and final approval of the disclosure statement.  For the reasons set forth above, the Committee requests that the Court shorten the 28-day notice period required under the Bankruptcy Rules.

**D.  The Disclosure Statement Contains Adequate Information**

12.     A court has broad discretion to determine what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code. *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information required will necessarily be governed by the circumstances of the case.'") (internal citations omitted), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The

7

determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.").

13.     Congress intended that courts exercise their grant of discretion to tailor the disclosure made in connection with a chapter 11 plan while recognizing the broad range of businesses in which debtors engage and the circumstances accompanying chapter 11 cases. *See* H.R. Rep. No. 595, at 408-09 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6394-65. Accordingly, a court's determination of the adequacy of information in a disclosure statement must occur on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See* S. Rep. No. 95-989, at 121 (1978), as reprinted in 1978 U.S.C.C.A.N, 57878, 5907 (stating that "the information required will necessarily be governed by the circumstances of the case.").

14.     In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

    a.  the events that led to the filing of a bankruptcy petition;

    b.  the relationship of the debtor with its affiliates;

    c.  a description of the available assets and their value;

    d.  the company's anticipated future;

    e.  the source of information stated in the disclosure statement;

    f.  the debtors' condition while in chapter 11;

    g.  claims asserted against the debtor;

    h.  the estimated return to creditors under a chapter 7 liquidation;

    i.  the future management of the debtor;

    j.  the chapter 11 plan or a summary thereof;

    k.  financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.   information relevant to the risks posed to creditors under the plan;

m.   the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.   litigation likely to arise in a nonbankruptcy context; and

o.   tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement). This list of factors is not meant to be exclusive, nor must a disclosure statement provide all the information on the list—rather, the court must decide what information is appropriate in each case. *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of a similar list of factors but cautioning that "no one list of categories will apply in every case").

15.   The information provided in the Disclosure Statement is sufficient in type and detail to enable creditors and equity security holders to make an informed judgment about the Plan, as required by Section 1125(a) of the Bankruptcy Code. The Disclosure Statement thoroughly discusses (i) the history of the Debtors, (ii) the major events during the bankruptcy cases, (iii) the terms of the Plan, (iv) tax implications of the Plan on certain creditor and equity interest classes, (v) alternatives to the Plan, including liquidation under Chapter 7, (vi) the conditions to and means of implementing the Plan, including the compromises with John Watson and Western and Matheson embodied in the Plan and the creation of a liquidating trust and the appointment of the Liquidating Trustee and the Watson Valve Trustee, and (vii) the feasibility of the Plan.

16.   The Plan Proponent requests that the Court enter an order approving the Disclosure Statement on a conditional basis. Conditional approval of the Disclosure Statement is appropriate

in this case because it will allow the Plan Proponent to proceed with the solicitation and confirmation of the Plan in an expeditious and economical manner. The Plan Proponent intends to seek final approval of the Disclosure Statement at the combined hearing with Plan confirmation.

### E.  Voting Deadline and Voting Record Date

17.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan." The Plan Proponent requests that the Court establish December 28, 2020 at 5:00 p.m. Central Standard Time (the "Voting Deadline") as the deadline by which all ballots accepting or rejecting the Plan be must be actually received by the voting and solicitation agent (the "Solicitation Agent").

18.     The Plan Proponent further requests that the Court establish December 18, 2020 (the "Voting Record Date") as the record date for determining the holders of Claims that may vote on the Plan.

19.     The Plan Proponent proposes that, to be counted as a vote to accept or reject the Plan, each hard copy Ballot must be properly executed, completed, and delivered to the Solicitation Agent:  (i) by first-class mail (whether in the return envelope provided with each Ballot or otherwise); (ii) by overnight courier; or by (iii) by hand delivery so that it is actually received by the Solicitation Agent no later than the Voting Deadline.

20.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Plan Proponent requests authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Solicitation Agent's website (the "E-Ballot Portal").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a

holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**F.   Temporary Allowance of Plaintiff Claims for Voting Purposes Only, and Approval of Form of Ballot and Voting Procedures for Plaintiff Claims, January 24 Claims, and Minor Damage Claims.**

21.     The Plaintiff Claims may include as many as 2,000 individual plaintiffs.  The Plaintiff Claims include different categories of injuries (wrongful death, personal injury, damage to real property and personal property) and within those categories the severity of the injuries varies significantly.  For example, one home may have been completely destroyed and condemned as a result of the explosion while a home across the street may have suffered only minor damage.  Individual plaintiffs may have sustained both property damage and personal injuries.  In light of the volume and complexity of the Plaintiff Claims, it is not practical for the Court to estimate individual claims for purposes of allowance under Section 502(c).  The claims estimation process is intended to expedite the bankruptcy process, but in this case an estimation proceeding for 2,000 individual plaintiffs would unnecessarily delay the bankruptcy process and confirmation of the Plan.

22.     Pursuant to Rule 3018(a), the Plan Proponent requests that the Court approve the following categorical method of temporarily allowing Plaintiff Claims in fixed amounts solely for the purpose of voting on the Plan.  The amounts proposed are for voting purposes only and the Order approving this Motion (and any ballot submitted with respect to the Plan) shall not constitute a factual admission or a judicial admission by the Committee, the Holder of any January 24 Claim, or their counsel as to (a) the actual value of any January 24 Claim, (b) the relative value of the different types of January 24 Claims described below, (c) whether future treatment is appropriate

11

for the Holder of any Personal Injury or Mental Anguish Claim, or (d) any other claim or defense that could be asserted by the Holder of a January 24 Claim.  These temporarily allowed amounts for voting purposes shall not be construed as a judicial determination or opinion of the actual value of any particular January 24 Claim.

23.     Further, the Plan Proponent requests that the Court include in any order approving this Motion a protective order under Fed. R. Bankr. P. 7026(c) in any litigation regarding the January 24 Claims that prohibits discovery regarding the claim estimates stated below or any ballot submitted with respect to the Plan (by deposition, document production or otherwise), and prohibits the use of the claim estimates and any ballot submitted with respect to the Plan for any purpose, including during discovery, mediation or trial.

24.     Lead counsel in each of the adversary proceedings will submit a master ballot in which they must identify the name of each plaintiff in their lawsuit along with the nature and severity of their injuries.  Based on those responses, Plaintiff Claims will be temporarily allowed in the following amounts based on the nature of the claim and severity of the injury:

| Nature and Severity of Injury | Allowed Amount for Voting Purposes Only |
| --- | --- |
| Wrongful Death | $15,000,000 |
| Personal Injury (Category A)[1] | $750,000 |
| Personal Injury (Category B)[2] | $350,000 |
| Mental Anguish with Treatment | $150,000 |
| Mental Anguish without Treatment | $25,000 |
| Residence (Total Loss) | $200,000 |

---

[1] Category A personal injury claims must include physician treatment and a physical injury with one of the following: (i) broken bone(s), (ii) surgery, (iii) hospitalization or (iv) documented hearing loss
[2] Category B personal injury claims must include physician treatment and a physical injury, but such injury did not result in broken bone(s), surgery, hospitalization or documented hearing loss.

| | |
|---|---|
| Real or Personal Property (Large Damage) | $100,000 |
| Real or Personal Property (Small Damage) | $25,000 |
| Business (Total Loss) | $1,000,000 |
| Business (Large Damage) | $500,000 |
| Business (Small Damage) | $100,000 |
| "Minor Damage Claims"[3] | $5,000 |

25.     Rather than sending 2,000 individual ballots to the plaintiffs in the pending lawsuits, the Plan Proponent proposes to send a master ballot to the lead plaintiffs' lawyer in each pending lawsuit. The ballot will be sent electronically and include the native Excel file.  The plaintiffs' lawyer will be responsible for completing and submitting the master ballot on behalf of all clients they represent in that lawsuit.  Two ballots may be submitted for each lawsuit—one listing all of the plaintiffs who accept the plan and one listing all of the plaintiffs that reject the plan.  The master ballot will automatically calculate the total number of claims being voted and the aggregate value of those claims based on the amounts assigned to the categories above.

26.     Attached hereto as Exhibit 1 is a copy of the proposed master ballot, along with a cover letter providing instructions on how to complete the ballot.  The master ballot will only be used for the Plaintiff Claims (i.e. January 24 Claims which are the subject of a pending lawsuit).

27.     A number of Class 3 and 10 January 24 Claims were filed that are not represented in any of the lawsuits.  All Holders of Class 3 and 10 January 24 Claims who filed a proof of claim but are not parties to a pending lawsuit will receive the standard form ballot which is attached hereto as Exhibits 2 and 7.  This form of ballot to be sent to Holders of Class 3 and 10 January 24

---

[3] "Minor Damage Claim" is any claim for less than $5,000.  A claimant whose damages exceed $5,000 may elect to be treated as a "Minor Damage Claim" under the Plan.  These Minor Damage Claims are separately classified under the Plan.

10841468v2

Claims includes an opt-in provision which would allow them to agree to have their claim classified and treated as a Class 4 and 11 Minor Damage Claim. All Holders of Class 4 and 11 Minor Damage Claims will receive the form of ballot attached hereto as Exhibits 3 and 8.

**G. Approval of Other Form of Ballots, Notice of Non-Voting Status, and Notice of Combined Hearing on Final Approval of Disclosure Statement and Plan Confirmation.**

28.     Holders of Class 5 General Unsecured Claims against Watson Grinding will receive the form of ballot attached hereto as Exhibit 4. As part of the compromise embodied in the Plan, Matheson Tri-Gas, Inc. ("Matheson") will receive a Class 5 ballot in the amount of $1,000,000 on account of the Allowed Matheson Contractual Indemnity Claim.

29.     Holders of Class 12 General Unsecured Claims against Watson Valve will receive the form of ballot attached hereto as Exhibit 9.

30.     Holders of Class 6 Indemnity Claims against Watson Grinding will receive the form of ballot attached hereto as Exhibit 5.

31.     Holders of Class 13 Indemnity Claims against Watson Valve will receive the form of ballot attached hereto as Exhibit 10. As part of the compromise embodied in the Plan, Matheson will receive a Class 13 ballot in the amount of $5,000,000, which claim is being temporarily allowed solely for voting purposes.

32.     Holders of Class 7 Interests in Watson Grinding will receive the form of ballot attached hereto as Exhibit 6. Holders of Class 14 Interests in Watson Valve will receive the form of ballot attached hereto as Exhibit 11.

33.     The Plan provides that Class 1 (Secured Claims against Watson Grinding), Class 2 (Other Priority Claims against Watson Grinding), Class 8 (Secured Claims against Watson Valve), and Class 9 (Other Priority Claims against Watson Valve) are unimpaired and deemed to accept

the Plan.  *See* 11 U.S.C. § 1126(f).  The Plan Proponent proposes to send the Holders of Claims in these non-voting classes a copy of the Notice of Non-Voting Status attached hereto as Exhibit 12.

34.     Claimants in all classes will receive a copy of the Notice of Combined Hearing on Final Approval of Disclosure Statement and Confirmation of the Plan which is attached hereto as Exhibit 13.

35.     The Plan Proponent will make a copy of the Plan and Disclosure Statement and this Order available on the Solicitation Agent's website.

36.     The Plan Proponent will commence solicitation of the Plan by no later than December 8, 2020.  The Plan Proponent may make non-substantive modifications to the Plan, Disclosure Statement and other documents prior to solicitation in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming and/or ministerial nature.

**H.  Procedures for Vote Tabulation**

37.     Other than the master ballots and temporary allowance for Plaintiff Claims discussed above, the Plan Proponent proposes each Claim within a Class of Claims entitled to vote to accept or reject the Plan be in an amount determined by the following procedures solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim:

    (a) if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Solicitation Agent), the claimant has not sought estimation, and such claim has not been allowed, such Claim shall be temporarily allowed solely for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

    (b) if a Claim, for which a proof of claim was timely filed, is listed on the face of the proof of claim as contingent, unliquidated, or disputed in part, and the claimant has not sought estimation, such Claim is temporarily allowed in the amount that is liquidated, non-

contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(c) if a Claim for which a proof of claim was timely filed or was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed solely for voting in the amount set forth on the proof of claim or the Debtors' filed Schedules;

(d) if a Claim, for which a proof of claim was timely filed, is also listed in the Debtors' Schedules, then the proof of claim shall supersede the scheduled claim to the extent the proof of claim is liquidated, non-contingent, and undisputed;

(e) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court solely for voting purposes only, and not for purposes of allowance or distribution;

(f) if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes;

(g) proofs of claim filed for $0.00 are not entitled to vote;

(h) if an objection to Claim or request for estimation as to a Claim is filed at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed solely for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether any party in interest has objected to the earlier filed claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

38.     In tabulating the Ballots, the Plan Proponent requests that the following rules ("Tabulation Rules") apply: (a) any Ballot that is properly completed, executed and timely returned as directed, but does not indicate an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (b) any Ballot that is properly completed, executed and timely returned as directed, and indicates both an acceptance and rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (c) any unsigned Ballot will not be counted; (d) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (e) if more than one Ballot voting the same claim is cast before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; and (f) Ballots received after the Voting Deadline will not be counted; provided that the Plan Proponent may agree to extend the Voting Deadline. Further, the Plan Proponent, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Affidavit.

39.     Any Class that contains Claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

40.     Neither the Plan Proponent, nor the Solicitation Agent, nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

41.     Further, the Plan Proponent, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Affidavit.

17

42.     The Tabulation Rules will establish a fair and equitable voting process and therefore should be approved.

43.     The Plan Proponent may seek further clarification from the Court on vote tabulation and the solicitation process and retain the right to object or raise any issue with respect to any Ballot.

**I.  Establishment of Deadline for Filing Objections to Confirmation of the Plan and the Disclosure Statement**

44.     Any objections to confirmation of the Plan or final approval of the Disclosure Statement (including any supporting memoranda) must be in writing and filed with the Clerk of the Bankruptcy Court on or before December 28, 2020 at 5:00 p.m. Central Standard Time (the "Objection Deadline").

45.     All objections not filed by the Objection Deadline shall be deemed waived.

WHEREFORE, the Plan Proponent respectfully requests that this Court enter an Order scheduling the hearing to consider confirmation of the Plan and final approval of the Disclosure Statement and approving the form and manner of notice thereof and granting such other and further relief as may be just and proper.

Dated:  December 3, 2020.

Respectfully submitted,

**Porter Hedges LLP**

By:     */s/ Joshua W. Wolfshohl*
        Joshua W. Wolfshohl
        State Bar No. 24038592

18

Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

**Counsel to the January 24 Claimants Committee**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on December 3, 2020.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

10841468v2