## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON GRINDING &** | § | **Case No. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **Case No. 20-30968** |
| | § | |
| Debtor. | § | |
| | § | |

### NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT**, on December 3, 2020, the Official Committee of January 24 Claimants (the "Committee") filed their First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code (the "Plan and Disclosure Statement") (Case No. 20-30967, Doc. No. 971; Case No. 20-30968, Doc. No. 443);

**PLEASE TAKE FURTHER NOTICE THAT**, on December 4, 2020, the Court entered the Order (1) Conditionally Approving Disclosure Statement, (2) Scheduling Plan Confirmation Hearing; (3) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation; (4) Temporarily Allowing Certain Claims for Voting Purposes Only; (5) Approving Form of Ballots; (6) Establishing Solicitation and Tabulation Procedures; and (7) Reducing Notice Period Pursuant to Rules 2002(b) and 9006(c) (Case No. 2030967, Doc. No. 974; Case No. 20-30968, Doc. No. 445) (the "Disclosure Statement Order"), which requires the Committee to file a Plan Supplement (as defined in the Plan and Disclosure Statement) by no later than December 18, 2020;

**PLEASE TAKE FURTHER NOTICE THAT**, as contemplated by the Disclosure Statement Order and the Plan and Disclosure Statement, the Committee hereby file this Plan Supplement containing the following documents:

Exhibit A – Schedule of Retained Causes of Action for Watson Grinding & Manufacturing Co.

Exhibit B – Schedule of Retained Causes of Action for Watson Valve Services. Inc.

Exhibit C – Liquidating Trust Agreement for Watson Grinding & Manufacturing Co.

Exhibit D – Liquidating Trust Agreement for Watson Valve Services. Inc.

Exhibit E – Joint Motion to Transfer and Stay Trial Court Proceedings

Exhibit F – Proposed Case Management Order No. 1

Exhibit G - Proposed Omnibus Order Remanding Adversary Proceedings to Harris
              County District Courts

Exhibit H – Watson Valve Schedule of Reserves

Dated: December 18, 2020.

Respectfully submitted by:

**PORTER HEDGES, LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone:  (713) 226-6000
Facsimile:  (713) 226-6248

**Counsel for the January 24 Claimants
Committee**

## Exhibit A

**Schedule of Retained Causes of Action for Watson Grinding & Manufacturing Co.[1]**

Watson Grinding has identified below certain specific categories of "Retained Causes of Action"[2] that, unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, are being retained and may be pursued by the Liquidating Trustee, including, without limitation, claims related to (a) the Explosion, (b) Watson Grinding's insurance policies, (c) contracts and leases, (d) accounts receivable and accounts payable, (e) claims against parties listed in the Schedules and Statement of Financial Affairs, and (f) rights of setoff and recoupment.

These categories, however, shall not be deemed limiting on Watson Grinding or the Liquidating Trustee in any way, and any specific Retained Causes of Action listed in one category shall be viewed as if listed in all. Failure to include any category of Retained Causes of Action herein shall not constitute a release of such Retained Causes of Action and shall not indicate that such Retained Causes of Action against such Entity have not been retained and will not be pursued by the Liquidating Trustee. All possible Retained Causes of Action not expressly released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, are retained against all Persons and Entities.

### Explosion

Watson Grinding has claims arising from or related to the Explosion. Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Grinding expressly reserves and retains, for the benefit of the Liquidating Trust, all Retained Causes of Action against or related to all Persons and Entities that may have liability to Watson Grinding arising from or related to the Explosion which parties include, but are not limited to, Watson Valve, Western, Matheson, Industrial Scientific Corporation, Teledyne Technologies Incorporated, Teledyne Detcon, Inc. and 3M, regardless of whether they (or the facts underlying them) were disclosed in the Schedules, or otherwise during the Chapter 11 Cases.

### Insurance Policies

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Grinding expressly reserves and retains, for the benefit of the Liquidating Trust, all claims of Watson Grinding and its Estate under any insurance policies, including, but not limited to, the policies listed in the Plan's definition of "Grinding Insurance Recovery."

### Contracts and Leases

---

[1] The Committee and Watson Grinding expressly reserve the right to alter, modify, amend, remove, augment or supplement this Schedule of Retained Causes of Action prior to confirmation of the Plan.

[2] All defined terms used herein are given the meaning ascribed to them in the Plan.

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Grinding expressly reserves and retains, for the benefit of the Liquidating Trust, all Retained Causes of Action based in whole or in part upon any and all contracts and leases, to which Watson Grinding is or was a party, or pursuant to which Watson Grinding has any rights whatsoever, regardless of whether such contract or lease is specifically identified herein.

Such Causes of Action reserved include Causes of Action against vendors, suppliers of goods or services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with Watson Grinding before the assumption or rejection, if applicable of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by Watson Grinding; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counter-claims and defenses related to any contractual obligations; (h) any turnover actions arising under sections 542 or 543 of the Bankruptcy Code; (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims; (j) for all rights pursuant to Section 502(d) of the Bankruptcy Code to assert and prosecute Causes of Action for the purpose of establishing that a Claim against Watson Grinding must be disallowed for failure to repay an avoidable transfer; and (k) any and all indemnification rights.

### Accounts Receivable

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Grinding and its Estate, expressly reserve all Retained Causes of Action against or related to all Persons and Entities that owe Watson Grinding or its Estate regardless of whether such Entity is explicitly identified herein and any amendments thereto.

### Schedules and Statement of Financial Affairs

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Grinding and its Estate, expressly reserve all Retained Causes of Action against parties identified in the Schedules and Statement of Financial Affairs, including, but not limited to (i) any recipient of a transfer identified in the Schedules or Statements of Financial Affairs, including any amendments thereto, which may be liable for Retained Causes of Action based on chapter 5 of the Bankruptcy Code, (ii) any entity that asserts that Watson Grinding owes money to it, including all local, state, federal and taxing authorities, and (iii) any Cause of Action that was disclosed as an asset in the Schedules and Statement of Financial Affairs.

10858891

**Setoff and Recoupment**

Watson Grinding reserves all Retained Causes of Actions based on its rights of setoff and recoupment against all parties, whether or not a party is listed in the Schedules or Statement of Financial Affairs.  Specifically, Watson Grinding reserves all rights of setoff and recoupment against Watson Valve and any other Retained Causes of Action against Watson Valve that may reduce or eliminate the Claim Watson Valve filed against Watson Grinding.

## Exhibit B

### Schedule of Retained Causes of Action for Watson Valve Services, Inc.[3]

Watson Valve has identified below certain specific categories of "Valve Claims and Retained Causes of Action"[4] that, unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, are being retained and may be pursued by the Watson Valve Trustee, including, without limitation, claims related to (a) the Explosion, (b) Watson Grinding's insurance policies, (c) contracts and leases, (d) accounts receivable and accounts payable, (e) claims against parties listed in the Schedules and Statement of Financial Affairs, and (f) rights of setoff and recoupment.

These categories, however, shall not be deemed limiting on Watson Valve or the Watson Valve Trustee in any way, and any specific Retained Causes of Action listed in one category shall be viewed as if listed in all. Failure to include any category of Retained Causes of Action herein shall not constitute a release of such Retained Causes of Action and shall not indicate that such Retained Causes of Action against such Entity have not been retained and will not be pursued by the Watson Valve Trustee. All possible Retained Causes of Action not expressly released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, are retained against all Persons and Entities.

### Explosion

Watson Valve has claims arising from or related to the Explosion. Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Valve expressly reserves and retains, for the benefit of the Watson Valve Liquidating Trust, all Retained Causes of Action against or related to all Persons and Entities that may have liability to Watson Valve arising from or related to the Explosion which parties include, but are not limited to, Watson Grinding, Western, Matheson, Industrial Scientific Corporation, Teledyne Technologies Incorporated, Teledyne Detcon, Inc. and 3M, regardless of whether they (or the facts underlying them) were disclosed in the Schedules, or otherwise during the Chapter 11 Cases.

### Insurance Policies

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Valve expressly reserves and retains, for the benefit of the Watson Valve Liquidating Trust, all claims of Watson Valve and its Estate under any insurance policies, including, but not limited to, the policies listed in the Plan's definition of "Valve Insurance Recovery."

### Contracts and Leases

---

[3] The Committee and Watson Valve expressly reserve the right to alter, modify, amend, remove, augment or supplement this Schedule of Retained Causes of Action prior to confirmation of the Plan.

[4] All defined terms used herein are given the meaning ascribed to them in the Plan.

10858891

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Valve expressly reserves and retains, for the benefit of the Watson Valve Liquidating Trust, all Retained Causes of Action based in whole or in part upon any and all contracts and leases, to which Watson Valve is or was a party, or pursuant to which Watson Valve has any rights whatsoever, regardless of whether such contract or lease is specifically identified herein.

Such Causes of Action reserved include Causes of Action against vendors, suppliers of goods or services, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with Watson Valve before the assumption or rejection, if applicable of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by Watson Valve; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counter-claims and defenses related to any contractual obligations; (h) any turnover actions arising under sections 542 or 543 of the Bankruptcy Code; (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims; (j) for all rights pursuant to Section 502(d) of the Bankruptcy Code to assert and prosecute Causes of Action for the purpose of establishing that a Claim against Watson Valve must be disallowed for failure to repay an avoidable transfer; and (k) any and all indemnification rights.

### Accounts Receivable

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Valve and its Estate, expressly reserve all Retained Causes of Action against or related to all Persons and Entities that owe Watson Valve or its Estate regardless of whether such Entity is explicitly identified herein and any amendments thereto.

### Schedules and Statement of Financial Affairs

Unless otherwise released or transferred pursuant to the Plan, or a Final Order of the Bankruptcy Court, Watson Valve and its Estate, expressly reserve all Retained Causes of Action against parties identified in the Schedules and Statement of Financial Affairs, including, but not limited to (i) any recipient of a transfer identified in the Schedules or Statements of Financial Affairs, including any amendments thereto, which may be liable for Retained Causes of Action based on chapter 5 of the Bankruptcy Code, (ii) any entity that asserts that Watson Valve owes money to it, including all local, state, federal and taxing authorities, and (iii) any Cause of Action that was disclosed as an asset in the Schedules and Statement of Financial Affairs.

**Setoff and Recoupment**

Watson Valve reserves all Retained Causes of Actions based on its rights of setoff and recoupment against all parties, whether or not a party is listed in the Schedules or Statement of Financial Affairs.

## Exhibit C

**Liquidating Trust Agreement for Watson Grinding & Manufacturing Co.**

LIQUIDATING TRUST AGREEMENT

by and among

Janet S. Northrup as Chapter 11 Trustee of the Estate of Watson Grinding & Manufacturing Co.

And

Ronald G. Bankston, as Liquidating Trustee

And

Janet S. Northrup, as Plan Agent

And

The Official Committee of January 24 Claimants

Dated as of December 31, 2020

LIQUIDATING TRUST AGREEMENT

PREAMBLE

This Liquidating Trust Agreement (the "Agreement") is made this 31st day of December 2020, by and among Janet S. Northrup as Chapter 11 Trustee of the Estate of Watson Grinding and Manufacturing Co. ("Watson Grinding"), Ronald G. Bankston, in his capacity as the Liquidating Trustee, Janet S. Northrup in her capacity as the Plan Agent, and the Official Committee of January 24 Claimants (the "Committee") in accordance with that certain *First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code filed by the January 24 Claimants Committee* (the "Plan") and the *Order Approving Disclosure Statement and Confirming First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code filed by the January 24 Claimants Committee* (the "Confirmation Order"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

RECITALS

**WHEREAS**, on the Petition Date, Watson Grinding Filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

**WHEREAS**, on February 10, 2020, the Court ordered the United States Trustee to appoint the Committee;

**WHEREAS**, on February 21, 2020, the United States Trustee appointed the following members of the Committee: (i) Travis Horton, (ii) Massiel Nunez, (iii) Houston Corvette Service, (iv) Margarita Flores, (v) Phillip Burnam, (vi) Janette Thomas, and (vii) Gerardo Castorena, Jr.;

**WHEREAS**, on December 3, 2020, the Committee Filed the Plan with the Bankruptcy Court;

**WHEREAS**, on December 30, 2020, the Plan was confirmed and the Confirmation Order was entered by the Bankruptcy Court;

**WHEREAS**, on December 31, 2020, the Effective Date of the Plan occurred;

**WHEREAS**, this Agreement is entered into in accordance with, and to facilitate the implementation and execution of, the Plan;

**WHEREAS**, the Plan contemplates that the Liquidating Trustee and the Plan Agent shall be appointed to perform their respective duties in accordance with the Plan, the Confirmation Order, and this Agreement;

**WHEREAS**, the Plan provides that the Plan Agent shall be appointed for the limited purpose of prosecuting objections to Claims and making disbursements to Holders of Claims in Classes 1, 2, and 5;

**WHEREAS**, except for the limited duties of the Plan Agent, the Liquidating Trustee shall be the sole entity responsible for, (a) administering the Liquidating Trust Assets; (b) objecting to Claims and making disbursements to Holders of Claims in Classes 3, 4, and 6, (c) prosecuting, compromising, and liquidating the Retained Causes of Action of Watson Grinding; and (d) defending, compromising, and resolving the Causes of Action against Watson Grinding;

**WHEREAS**, pursuant to the Plan, Ronald G. Bankston shall serve as the Liquidating Trustee, effective upon the date hereof, and Bankston is willing to serve as Liquidating Trustee pursuant to the Plan, the Confirmation Order, and this Agreement;

**WHEREAS**, pursuant to the Plan, Janet S. Northrup shall serve as the Plan Agent, effective upon the date hereof, and Northrup is willing to serve as the Plan Agent pursuant to the Plan, the Confirmation Order, and this Agreement;

**NOW, THEREFORE**, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the parties contained herein and therein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## Article I.

## Acceptance of Positions; Fiduciary of the Estate

Section 1.1    <u>Creation and Purpose of Liquidating Trust</u>. Janet S. Northrup as Chapter 11 Trustee of the Estate of Watson Grinding, the Liquidating Trustee, the Plan Agent, and the Committee hereby create the Liquidating Trust for the primary purpose of reasonably maximizing the net proceeds from Liquidating Trust Assets and distributing such net proceeds to the Liquidating Trust Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules, and regulations, and in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business. In particular, and without limiting any other provisions hereof, the Liquidating Trustee shall (a) liquidate and administer the Liquidating Trust Assets; and (b) prosecute, compromise, and resolve the Retained Causes of Action of Watson Grinding.  The Plan Agent shall adjudicate, object to, settle, compromise or otherwise liquidate the Claims in Classes 1, 2, and 5, and the Liquidating Trustee shall adjudicate, object to, settle, compromise or otherwise liquidate the Claims in Classes 3, 4, and 6.

Section 1.2    <u>Declaration of Trust</u>. In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, Janet S. Northrup as Chapter 11 Trustee of the Estate of Watson Grinding, the Liquidating Trustee, the Plan Agent and the Committee have executed this Agreement and, effective on the Effective Date, the Watson Grinding Chapter 11 Trustee hereby irrevocably transfers to the Liquidating Trust, all right, title, and interests of Watson Grinding in and to the Liquidating Trust Assets, pursuant and subject to the terms of the Plan and the Confirmation Order for the benefit of the Liquidating Trust

Beneficiaries and their permitted successors and assigns as provided for in this Agreement and in the Plan and Confirmation Order.

        Section 1.3      Transfer and Vesting of the Liquidating Trust Assets. (a) On the Effective Date, pursuant to the terms of the Plan, the Liquidating Trust Assets (not otherwise abandoned pursuant to the terms of the Plan), including all such assets held or controlled by third parties, if any, shall be vested in the Liquidating Trust, which also shall, without limiting any of the other provisions hereof, own and be authorized to obtain, liquidate, and collect all of the Liquidating Trust Assets in the possession of third parties, if any, pursue all of the Watson Grinding Retained Causes of Action, and make Distributions of the net proceeds thereof to Liquidating Trust Beneficiaries. All Liquidating Trust Assets shall be transferred and delivered to the Liquidating Trust free and clear of interests, Claims, Liens, or other encumbrances of any kind, except as otherwise specifically provided in the Plan or the Confirmation Order. Neither the Plan Agent nor the Liquidating Trustee shall have a duty to arrange for any of the transfers of Liquidating Trust Assets or books and records contemplated to the Liquidating Trust or to ensure that such transfers are in compliance with the terms of the Plan and the Confirmation Order, and the Plan Agent and the Liquidating Trustee shall be conclusively entitled to rely on the legality and validity of such transfers as made by or on behalf of Watson Grinding. The Liquidating Trust will be the successor-in-interest to Watson Grinding with respect to any Watson Grinding Retained Causes of Action and shall have standing to pursue any that could have been commenced by Watson Grinding prior to the Effective Date and shall be deemed substituted for the same as the party in all such Retained Causes of Action.

        (b)     This Agreement is intended to create a trust and a trust relationship and the Liquidating Trust is to be governed and construed in all respects as a trust. The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Plan Agent, the Liquidating Trustee, or the Liquidating Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trust and the Liquidating Trustee and Plan Agent, on the other, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement and the Plan.

        (c)     In accordance with Section 1123(b) of the Bankruptcy Code, the Liquidating Trustee has standing to and may enforce all rights to commence and pursue, as appropriate, any and all Watson Grinding Retained Causes of Action from and after the Effective Date. Without in any way limiting anything set forth in the Plan, the Confirmation Order, or this Agreement, no Entity may rely on the absence of a specific reference in the Plan or the Plan Supplement to any Watson Grinding Retained Causes of Action against any Entity as any indication that the Liquidating Trustee will not or may not pursue any and all available Retained Causes of Action against such Entity. Unless any Watson Grinding Retained Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, including the Confirmation Order, the Liquidating Trustee expressly reserves all Retained Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Watson

Grinding Retained Causes of Action upon, after, or as a consequence of the Plan, confirmation of the Plan, entry of the Confirmation Order or occurrence of the Effective Date. Any objections to the allowance of any Claims Filed with the Bankruptcy Court that dispute liability, priority, and/or amount (or any objections, affirmative defenses and/or counterclaims, whether or not litigated to Final Order) shall not in any way limit the ability or the right of the Liquidating Trustee to assert, commence or prosecute any Watson Grinding Retained Causes of Action against the Holder of such Claim.

(d)     On the Effective Date, each of Watson Grinding's directors, officers, and employees shall be terminated automatically by Watson Grinding without the need for any corporate action or approval and without the need for any corporate filings, and, following the occurrence of the Effective Date, the terminated directors, officers and employees shall have no continuing obligations to Watson Grinding and the Liquidating Trust shall have no obligations to the terminated directors, officers and employees in their respective capacities as such.

(e)     On the Effective Date, the Watson Grinding Chapter 11 Trustee shall be terminated without the need for any corporate action or approval and without the need for any further Court order, and, following the occurrence of the Effective Date, the Watson Grinding Chapter 11 Trustee's obligations to Watson Grinding shall be limited to the completion any remaining reporting duties and administrative or ministerial acts including, but not limited to, filing a final monthly operating report and a final report with the United States Trustee.

Section 1.4     Acceptance. Bankston hereby (a) accepts appointment as the Liquidating Trustee and (b) agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee under the Plan, the Confirmation Order, this Agreement, and other orders of the Bankruptcy Court and applicable law.

Northrup hereby (a) accepts appointment as the Plan Agent and (b) agrees to observe and perform all duties and obligations imposed upon the Plan Agent under the Plan, the Confirmation Order, this Agreement, and other orders of the Bankruptcy Court and applicable law.

Section 1.5     Appointment. The Liquidating Trustee has been selected pursuant to the provisions of the Plan and has been appointed as of the Effective Date. The Liquidating Trustee's appointment shall continue until the earlier of (a) the termination of this Agreement as set forth herein, or (b) the Liquidating Trustee's resignation, death, or removal, in each case in accordance with the provisions of this Agreement and the Plan.

The Plan Agent has been selected pursuant to the provisions of the Plan and has been appointed as of the Effective Date. The Plan Agent's appointment shall continue until the earlier of (a) the termination of this Agreement as set forth herein, (b) the Liquidating Trustee's resignation, death, or removal, in each case in accordance with the provisions of this Agreement and the Plan, or (c) the completion of the Plan Agent's duties under the Plan and Confirmation Order.

Section 1.6     Fiduciaries. The Liquidating Trustee and the Plan Agent shall be fiduciaries of the Liquidating Trust, and shall perform their obligations consistent with the Plan,

5

the Confirmation Order, this Agreement, and other orders of the Bankruptcy Court and applicable law.

Section 1.7    Capacity of Liquidating Trustee. Notwithstanding any state or federal law to the contrary or anything herein, the Liquidating Trustee shall himself have the capacity to act or refrain from acting, on his own behalf, including the capacity to sue and be sued, subject to the limitations herein. The Liquidating Trustee may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other cases or proceedings brought by or against him, specifically including any administrative law or other legal proceeding initiated by a government agency, and may settle and compromise all such matters in his own name, and the Liquidating Trustee shall be deemed to be a party in interest for purposes of contesting or settling objections to Claims against Watson Grinding. The Liquidating Trustee shall be vested with all the powers and authority that has been granted to him under the Plan, the Confirmation Order, and this Agreement. The Liquidating Trustee shall be authorized to use Bankruptcy Rule 2004 and any other bankruptcy or other tools of discovery available to Watson Grinding or its Estate.

Section 1.8    Tax Provisions.

(a)    Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Liquidating Trust Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust. Any items of income, deduction, credit, and loss of the Liquidating Trust shall be allocated for federal income tax purposes to the Liquidating Trust Beneficiaries.

(b)    The Liquidating Trustee shall prepare and provide, or file with, the appropriate taxing authorities and other parties such notices, tax returns, and other filings, including all federal, state and local tax returns for the Liquidating Trust, as may be required under the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code") or other applicable law, including if so required, notices required to report interest or dividend income.  All fees and expenses incurred in the preparation of such tax filings shall be paid from the Liquidating Trust.

(c)    The Plan Agent shall prepare and provide, or file with, the appropriate taxing authorities and other parties such notices, tax returns, and other filings, including all federal, state and local tax returns for the Watson Grinding Estate for the year 2020, as may be required under the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code") or other applicable law, including if so required, notices required to report interest or dividend income.  All fees and expenses incurred in the preparation of such tax filings shall be paid from the Liquidating Trust.

## Article II.

## Fees and Expenses

Section 2.1    The Liquidating Trustee.  Compensation of the Liquidating Trustee shall be $850 per hour, and such compensation and the actual costs and expenses of the Liquidating Trustee and the Liquidating Trust (including without limitation, the actual fees and expenses of the

Liquidating Trustee Professionals) shall be paid from Liquidating Trust Cash pursuant to Section 7.5 below.

Section 2.2    <u>The Plan Agent</u>.  Compensation of the Plan Agent shall be 3% of the Liquidating Trust Cash as of the Effective Date and shall be paid from Liquidating Trust Cash pursuant to Section 8.5 below.  For the avoidance of doubt, the Plan Agent shall not be entitled to 3% of any other amounts, specifically including the Grinding Insurance Recovery.  The Plan Agent shall be entitled to retain separate counsel from counsel to the Liquidating Trustee and such counsel shall be compensated on an hourly basis from Liquidating Trust Cash.

Section 2.3    <u>Payment of Fees and Expenses</u>.    The notice and procedure requirements regarding the payment of fees and expenses incurred by the Liquidating Trustee, the Liquidating Trustee Professionals, the Plan Agent and the Plan Agent's professionals are set forth in Sections 7.5 and 8.5 of this Agreement, respectively.

## Article III.

## Role of Liquidating Trustee

Section 3.1    <u>Role of Liquidating Trustee</u>. As more fully set forth in Article VII herein, the Liquidating Trustee shall have the power to administer the Liquidating Trust Assets and make or authorize Distributions to Holders of Allowed Claims in Classes 3, 4, and 6.

Section 3.2    <u>No Implied Obligations</u>. The Liquidating Trustee shall not be liable to Liquidating Trust Beneficiaries or any other party except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

Section 3.3    <u>Employment of Other Persons</u>. The Liquidating Trustee may employ one or more persons to assist him with performing his duties under the Plan as described in further detail in Article VII and such persons may be employees of Watson Grinding and Professionals employed in the Chapter 11 Cases by the Committee.

Section 3.4    <u>Limitations on Liquidating Trustee</u>. Notwithstanding anything to the contrary under applicable law, the Liquidating Trustee shall not take, assert, commence, pursue, bring, continue or obtain, as applicable, any Retained Cause of Action against any Released Party.

## Article IV.

## Role of the Plan Agent

Section 4.1    <u>Role of Plan Agent</u>. As more fully set forth in Article VIII herein, the Plan Agent shall have the power to object to and make or authorize Distributions to Holders of Allowed Claims in Classes 1, 2, and 5.

Section 4.2    <u>No Implied Obligations</u>. The Plan Agent shall not be liable to Liquidating Trust Beneficiaries or any other party except for the performance of such duties and

obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Plan Agent.

Section 4.3    Employment of Other Persons. The Plan Agent may employ one or more persons to assist her with performing her duties under the Plan as described in further detail in Article VIII herein and such persons may be employees of Watson Grinding and Professionals employed in the Chapter 11 Cases by the Watson Grinding Chapter 11 Trustee.

Section 4.4    Bank Accounts.  Subject to the terms of the Plan, the Confirmation Order and this Agreement, the Plan Agent may continue to maintain the Chapter 11 Trustee bank account following the Effective Date, provided that such account is restyled in the name of the Liquidating Trust for so long as necessary to complete her duties and obligations to the Liquidating Trust.  Upon completion of her duties and obligations to the Liquidating Trust, the Plan Agent shall close such account and transfer the balance of the Liquidating Trust Cash to an account in the name of the Liquidating Trust as directed by the Liquidating Trustee.

## Article V.

### Distributions to Holders of Allowed Claims

Section 5.1    Distributions. The Liquidating Trustee shall make Distributions on account of Allowed Claims in Classes 3, 4, and 6 in accordance with the Plan.  The Plan Agent shall make Distributions on account of Allowed Claims in Classes 1, 2, and 5 in accordance with the Plan.

Section 5.2    Interest on Claims. Unless otherwise specifically provided by the Plan, the Confirmation Order, any other order of the Bankruptcy Court or by applicable bankruptcy law, postpetition interest, fees, costs, and other charges shall not accrue and shall not be paid on any Allowed Claim.

Section 5.3    Record Date for Distributions. On the Distribution Record Date, the Claims Register of Watson Grinding shall be closed, subject to objections to Claims by the Plan Agent and the Liquidating Trustee and the resolution thereof, and the Plan Agent and the Liquidating Trustee shall be authorized and entitled to recognize only those record Holders of Claims listed on such Claims Register as of the close of business on the Distribution Record Date.

Section 5.4    Cash Distributions. Distributions of Cash may be made either by check drawn on a domestic bank or wire transfer from a domestic bank, at the option of the Plan Agent and the Liquidating Trustee, except that Cash payments made to foreign Holders of Allowed Claims may be made in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

Section 5.5    Delivery of Distributions.

(a)    Addresses for Delivery

Distributions to Holders of Allowed Claims shall be made to the Holders of record as of the Distribution Record Date as follows: (1) at the addresses set forth on the Proofs of Claim

Filed by such Holders, (2) at the addresses set forth in any written notices of address changes delivered to Janet S. Northrup as Chapter 11 Trustee of the Estate of Watson Grinding, the Plan Agent or Liquidating Trustee after the date of any related Proof of Claim, (3) at the addresses reflected in the Schedules if no Proof of Claim has been Filed and the Liquidating Trustee and Plan Agent have not received a written notice of a change of address, (4) at the addresses set forth in the other records of Watson Grinding or the Liquidating Trustee at the time of the Distribution, or (5) for Holders of Class 3 Claims, if applicable, to their legal representative in the Removed Lawsuits. The Plan Agent and the Liquidating Trustee shall seek to use the most recent, currently valid address among the foregoing for purposes of making a Distribution to any particular Liquidating Trust Beneficiary, but shall not be responsible for ascertaining or verifying the accuracy of such addresses and shall not incur any liability whatsoever on account of any undeliverable Distributions under the Plan resulting from incorrect addresses.

      (b)      Undeliverable Distributions

In the event that any Distribution to any Holder of an Allowed Claim is returned as undeliverable, no Distribution to such Holder shall be made unless and until the Liquidating Trustee or the Plan Agent shall have determined the then-current address of such Holder, at which time such Distribution shall be made to such Holder without interest.

      (c)      Reversion

Notwithstanding the foregoing provision, any Distribution under the Plan on account of an Allowed Claim that is an Unclaimed Distribution for a period of 90 days from the application Distribution Date, pursuant to Article XIII.E.2 of the Plan, shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code. From and after the expiration of such period, all such unclaimed property or interests in property shall revert to the Liquidating Trustee (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary) and shall be distributed in accordance with the terms of the Plan and this Agreement, and the Claim of any Holder to such property or interest in property shall be discharged and forever barred.

      Section 5.6      Claims Paid or Payable by Third Parties.

      (a)      Claims Paid by Third Parties

The Plan Agent or the Liquidating Trustee, as applicable, shall reduce a Claim, and such Claim shall be Disallowed without a Claim(s) objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court, to the extent that the Holder of such Claim receives payment on account of such Claim from a party that is not Watson Grinding or the Liquidating Trust. To the extent a Holder of a Claim receives a Distribution on account of such Claim and receives payment from a party that is not Watson Grinding or the Liquidating Trust, such Holder shall, within fourteen (14) days of receipt thereof, repay or return the Distribution to the Liquidating Trustee, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the Effective Date.

      (b)     Claims Payable by Insurers

Holders of Claims that are covered by Watson Grinding's insurance policies shall not be permitted to settle their claims directly with any insurer to the extent that such settlement payment would constitute Grinding Insurance Recovery.  In the event that the Holder of an Allowed Claim receives payment from an insurer that would constitute Grinding Insurance Recovery, such Holder shall immediately remit such payment to the Liquidating Trustee.  As provided in the Plan, the Grinding Insurance Recovery shall be distributed pro rata.

      (c)     Preservation of Insurance Policies

Nothing contained in this Agreement or the Plan shall constitute or be deemed a waiver of any Retained Cause of Action that Watson Grinding or any Entity may hold against any other Entity, including insurers under any policies of insurance, nor shall anything contained herein constitute or be deemed a waiver by such insurers of any defenses, including any coverage defenses, held by such insurers.

Section 5.7    <u>Withholding and Reporting Requirements/Allocation</u>. In connection with the Plan and Distributions to the Holders of Allowed Claims, the Plan Agent and the Liquidating Trustee shall comply with all tax withholding and reporting requirements imposed on the Plan Agent and the Liquidating Trustee by any Governmental Unit and all Distributions pursuant to the Plan shall be subject to any such withholding and reporting requirements. To the extent that any Allowed Claim entitled to a Distribution under the Plan is composed of indebtedness and accrued but unpaid interest thereon, each Holder of an Allowed Claim shall have the option to apply such Holder's Pro Rata share of consideration distributed under the Plan (cash or value) to satisfy outstanding principal of or accrued interest on such Holder's Allowed Claim, as such allocation is determined by such Holder in its sole discretion. Notwithstanding any provision in the Plan to the contrary, the Plan Agent and the Liquidating Trustee shall be authorized to take all actions necessary or appropriate to comply with any tax withholding and reporting requirements, including:

      (a)     liquidating a portion of the Distributions to be made to Holders of Allowed Claims under the Plan to generate sufficient funds to pay applicable withholding taxes;

      (b)     withholding Distributions pending receipt of receipt of a completed IRS Form W-9 or applicable IRS Form W-8, and any other information necessary to accomplish such Distributions; or

      (c)     establishing any other mechanisms that are reasonable and appropriate.

The Plan Agent and the Liquidating Trustee reserve the right to allocate all Distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support and other spousal awards, liens, and encumbrances.

Section 5.8    <u>Minimum Distributions</u>. No Distribution shall be required to be made hereunder to any Holder of a Claim unless such Holder is to receive in such Distribution at least $50.00. Any interim Distribution less than $50.00 shall be held in trust for the relevant Holder until the Distribution to that Holder equals at least $50.00. If as of the date of the final Distribution

the Liquidating Trustee is holding funds for Distribution to certain Holders of Claims that are less than $50.00 for each such Holder, those funds shall be deemed unclaimed property and treated pursuant to Article VII.E.2 of the Plan.

## Article VI.

## Procedures for Resolving Disputed, Contingent and Unliquidated General Unsecured Claims

Section 6.1    Objections to Claims.

(a)    Authority

Except as otherwise specifically provided in the Plan or this Agreement and notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, after the Effective Date, the Plan Agent shall have the authority to File, settle, compromise, withdraw, or litigate to judgment any objections to Claims in Classes 1, 2, and 5 and the Liquidating Trustee shall have the authority to File, settle, compromise, withdraw, or litigate to judgment any objections to Claims in Classes 3, 4, and 6.  From and after the Effective Date and subject to Article XIV of the Plan and this Agreement, the Plan Agent and Liquidating Trustee may settle or compromise any Disputed Claim without the necessity of Bankruptcy Court approval. The Plan Agent and the Liquidating Trustee may also resolve any Disputed Claim outside the Bankruptcy Court under applicable governing law; provided, however, that any agreed dismissal of a Removed Lawsuit pursuant to a settlement prior to a trial of the settled Removed Lawsuit(s) must be effectuated by a motion to compromise under Bankruptcy Rule 9019 filed with the Bankruptcy Court.

(b)    Claims Objection Deadline

Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee and Watson Valve Trustee (or John Watson on the limited basis set forth in Article XIV(C) of the Plan) shall File all objections to Claims by no later than 120 days after the Effective Date, except to the extent that such Claims are Filed on or after the Effective Date, in which case, the Liquidating Trustee shall have until 90 days after such claim is Filed to File an objection to such claim. Notwithstanding the foregoing, if the Liquidating Trustee, the Watson Valve Trustee or John Watson determines that an extension of time is warranted, they may seek the Bankruptcy Court's approval to extend such time by a period of an additional 180 days, without prejudice to seek additional extensions from the Bankruptcy Court.

Section 6.2    Estimation of Claims. Except for January 24 Claims and Indemnity Claims which are asserted in a Removed Lawsuit, the Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Liquidating Trustee has previously objected to such Claim or whether the Bankruptcy Court has ruled on any objection, and, subject to the limitations of 28 U.S.C. § 157(b)(2)(B) and (O), the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal related to any such objection. In the event the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount will

constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Liquidating Trustee may elect to pursue any supplemental proceedings to object to any ultimate payment on such Claim. All of the aforementioned objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another. Claims may be estimated and thereafter resolved by any permitted mechanism.  Nothing in this Plan shall be deemed to limit or impair the Holder of a Claim from challenging any estimation proceeding, including on the basis that the Bankruptcy Court does not have jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

Section 6.3    No Distributions Pending Allowance. No payment or Distribution provided under the Plan shall be made to the extent that any Claim is a Disputed Claim, unless and until such Disputed Claim becomes an Allowed Claim; *provided that* any portion of a Claim that is an Allowed Claim shall receive the payment or Distribution provided under the Plan thereon notwithstanding that any other portion of such Claim is a Disputed Claim.

Section 6.4    Distributions After Allowance. To the extent that a Disputed Claim ultimately becomes an Allowed Claim, Distributions (if any) shall be made to the Holder of such Allowed Claim in accordance with the provisions of this Plan. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim becomes a Final Order, and subject to the administration of the Reserves and Liquidating Trust in the Liquidating Trustee's discretion, the Liquidating Trustee or Watson Valve Trustee shall provide to the Holder of such Claim the Distribution (if any) to which such Holder is entitled under this Plan as of the Effective Date.

Section 6.5    Disputed Claims Reserve. The Plan Agent and Liquidating Trustee shall hold Cash in a Disputed General Unsecured Claims Reserve and a Claims Reserve from the Liquidating Trust Cash in trust and solely for the benefit of the Holders of Claims as provided in the Plan and ultimately determined to be Allowed after the Effective Date. The Plan Agent or Liquidating Trustee, as applicable, shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided in the Plan or herein, as such Disputed Claims are resolved by a Final Order or agreed to by settlement, and such amounts will be distributable on account of such Disputed Claims as such amounts would have been distributable had such Disputed Claims been Allowed Claims as of the Effective Date.

Section 6.6    Claims Already Satisfied. Notwithstanding the contents of the Schedules, Claims listed therein as undisputed, liquidated and not contingent shall be reduced by the amount, if any, that was paid by Watson Grinding or any third party prior to the Effective Date, including pursuant to orders of the Bankruptcy Court. To the extent such payments are not reflected in the Schedules, such Schedules shall be deemed amended and reduced to reflect that such payments were made. Nothing in the Plan shall preclude the Liquidating Trustee or Plan Agent from paying Claims that Watson Grinding was authorized to pay pursuant to any Final Order entered by the Bankruptcy Court prior to the Effective Date.

## Article VII.

### General Powers, Rights and Obligations of the Liquidating Trustee

Section 7.1     General Powers.

(a)     The Liquidating Trustee shall be a fiduciary of Liquidating Trust and shall have all powers, authority, and responsibilities specified in the Plan and this Agreement. In particular, the Liquidating Trustee's rights, duties, and powers shall include, but are not limited to, the following:

(1)     exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced, and take all actions that may be or could have been taken, by any officer, director or shareholder of Watson Grinding or its Estate with like effect as if duly authorized, exercised and taken by unanimous action of such officers, directors and shareholders hold and administer the Cash that comprises the Liquidating Trust Cash;

(2)     pay, from the Liquidating Trust Cash, all out of pocket expenses incurred in connection with the discharge of his duties, and the duties of the Plan Agent, under the Plan;

(3)     make Distributions to certain Holders of Allowed Claims as provided in the Plan and in this Agreement;

(4)     to the extent necessary, open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, draw checks and drafts thereon by the signature of the Liquidating Trustee or the Plan Agent, and terminate such accounts as the Liquidating Trustee deems appropriate, and take other actions consistent with the Plan and the implementation thereof, including but not limited to the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidating Trust, provided that the Liquidating Trustee need not maintain the Liquidating Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidating Trust; *provided, however*, that the Liquidating Trust shall treat all such reserved funds as being held in segregated accounts in its books and records; and provided further that the Liquidating Trustee shall segregate into separate bank accounts the Liquidating Trust Cash and any funds attributable to the Grinding Insurance Recovery;

(5)     File, prosecute, and/or withdraw objections to Claims, and compromise or settle any Claims and/or objections thereto, whether prior to or after objection;

(6)     commence, prosecute, compromise, settle, withdraw, abandon, or resolve any or all Retained Causes of Action, or otherwise preserve. protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(7)     hold legal title to, and exercise authority with respect to, any and all Liquidating Trust Assets;

(8)     retain or engage professionals, employees, and consultants, and pay such professionals, employees, and consultants the reasonable fees and expenses incurred by the Liquidating Trustee as set forth in Section 7.5 herein;

(9)     wind-down or close the corporate affairs of any of Watson Grinding, finalize the dissolution of Watson Grinding to the extent required, and hire, if appropriate, former Professionals of Watson Grinding or its Estate or the Committee, and/or employees of the Debtors to the extent their services assist with such or other actions concerning the Liquidating Trust;

(10)    such other activities as necessary and consistent to fulfill the Liquidating Trustee's duties as set forth in the Plan and this Agreement and to effect the provisions of the Plan.

(b)     The Liquidating Trustee shall not at any time enter into or engage in any trade or business.

Section 7.2     <u>Resignation or Incapacity of Liquidating Trustee</u>. In the event of the resignation or incapacity of the Liquidating Trustee, a successor Liquidating Trustee may be appointed in accordance with this Agreement. The Liquidating Trustee may resign at any time upon 30 days' notice Filed with the Bankruptcy Court (the "<u>Resignation Notice</u>"), *provided that* such resignation shall only become effective upon the appointment of a successor Liquidating Trustee. Any successor Liquidating Trustee appointed under this Section 7.2 shall execute an engagement letter and an instrument accepting its appointment under the Plan, the Confirmation Order, and this Agreement, and shall File copies of each with the Bankruptcy Court. Thereupon, the successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor under the Plan, the Confirmation Order, and this Agreement, and all responsibilities of the predecessor Liquidating Trustee shall be terminated.

Upon the death, disability, or resignation of the Liquidating Trustee, the Oversight Committee shall select the successor Liquidating Trustee by its majority determination.

Section 7.3     <u>Maintenance of Privileges</u>. (a) The attorney-client privilege, the attorney work product doctrine and any similar privilege against disclosure, and all other similar immunities, of Watson Grinding and the Committee shall extend to the Liquidating Trustee and his representatives, and there shall be no waiver of any privileges for sharing information and/or documents with the Liquidating Trustee. Any dispute over whether such privileges, immunities or documents are waived shall be determined by the Bankruptcy Court.

(b)     The Committee and its advisors, notwithstanding the Committee's dissolution following the Effective Date, shall be permitted to share any discovery obtained relating to Watson Grinding or Retained Causes of Action, work product and other privileged communications with the Liquidating Trustee and his representatives without waiver of any privileges. The Liquidating Trustee shall automatically succeed to the Committee's rights and

duties under any protective order applicable to any such discovery, without the need for any further order of the Bankruptcy Court or action by any other Entity. In addition, notwithstanding the Committee's dissolution following the Effective Date, all rights and privileges of the Committee in connection with all Bankruptcy Rule 2004 examinations, orders, protective orders, and agreements related thereto shall vest in the Liquidating Trustee, and Watson Grinding, the Committee and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such rights and privileges.

Section 7.4    Retention of Attorneys, Accountants and Other Professionals. The Liquidating Trustee may retain Liquidating Trustee Professionals to aid the Liquidating Trustee in the performance of his responsibilities under the terms of the Plan, the Confirmation Order, and this Agreement. The professionals retained by the Liquidating Trustee may include:

(a)    law firm(s) as the Liquidating Trustee may deem advisable to aid the Liquidating Trustee in the performance of his duties and to perform such other functions as may be appropriate to carry out the primary purposes of the Plan. In particular, the Liquidating Trustee expressly may engage Porter Hedges LLP as the Liquidating Trustee deems appropriate and advisable, without the need for consent by the Oversight Committee; and

(b)    such other accountants, experts, advisors, consultants, investigators, appraisers, auctioneers or other professionals as are advisable to carry out and effect the terms of the Plan, the Confirmation Order, and this Agreement.

Section 7.5    Compensation of Liquidating Trustee and Professionals.

(a)    The Liquidating Trustee shall receive compensation for services rendered and expenses incurred in fulfilling his duties pursuant to the Plan, the Confirmation Order, and this Agreement, including any necessary services rendered and reasonable expenses incurred prior to the date that this Agreement becomes effective. The Liquidating Trustee shall be compensated at his current rate of $850/hour. The Liquidating Trustee shall also be entitled to reimbursement for all reasonable out-of-pocket expenses incurred in connection with this Agreement, such as travel, lodging and meals, in accordance with and subject to the Plan. The compensation of the Liquidating Trustee and his professionals, as well as for reimbursement of their out of pocket expenses, shall not be subject to approval of the Bankruptcy Court. For the avoidance of doubt, the Liquidating Trustee's fees and expenses will be paid solely from the Liquidating Trust Cash and are subject to the same notice and review procedures of the Oversight Committee as set forth for Liquidating Trustee Professionals below in Section 7.5(b).

(b)    On or before the last day of each month following the month for which compensation is sought, each Liquidating Trustee Professional seeking compensation shall serve a monthly statement on the Liquidating Trustee and the Oversight Committee detailing the compensation sought; *provided, however,* that any professional's failure to serve a monthly statement for any one or more months shall not waive or impair the right of such professionals to subsequently seek compensation for all or any number of such months in a later statement delivered to the Liquidating Trustee. The Liquidating Trustee and Oversight Committee shall have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving a written objection on the professional setting forth the precise nature

of the objection and the amount at issue. At the expiration of the fifteen (15) day period, the Liquidating Trustee shall promptly pay 100% of the amounts requested, except for the portion of such fees and disbursements to which an objection has been made. The parties shall attempt to consensually resolve objections, if any, to any monthly statement. If the parties are unable to reach a consensual resolution, such professional may seek payment of such fees by filing a motion with the Bankruptcy Court on proper notice to the Liquidating Trustee and the Oversight Committee. The Liquidating Trustee shall provide copies of its professional fee invoices, including any dispute of such invoices, to the Oversight Committee.

(c)     The delivery of a monthly fee statement in accordance with this Agreement shall not result in the waiver of any attorney-client or other applicable privilege.

Section 7.6     <u>Timely Performance</u>. In accordance with the terms of the Plan, the Liquidating Trustee shall make reasonable continuing efforts to object to and reconcile Claims, including such Claims that are Disputed Claims, and make timely Distributions to Allowed Claims.

Section 7.7     <u>Conflicts of Interest</u>. Conflicts of interest of the Liquidating Trustee will be addressed by the Liquidating Trustee appointing a disinterested person to handle any matter where the Liquidating Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Liquidating Trustee is unwilling or unable to appoint a disinterested person to handle any such matter, or a party in interest objects to a disinterested person appointed by the Liquidating Trustee, such party in interest may File an objection with the Bankruptcy Court, on notice to the Liquidating Trustee, setting forth such objection and seeking entry of an order of the Bankruptcy Court appointing a disinterested person.

Section 7.8     <u>Insurance</u>. Using any available Liquidating Trust Cash, the Liquidating Trustee shall purchase directors' and officers' liability insurance that covers the Members and the Plan Agent in addition to the Liquidating Trustee in an amount not less than $3 million. In addition, the Liquidating Trustee may purchase, using the Liquidating Trust Cash, and carry, any additional insurance policies and pay all insurance premiums and costs the Liquidating Trustee deems reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any losses it may incur, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Agreement.

Section 7.9     <u>Final Accounting</u>. The Liquidating Trustee (or any such successor Liquidating Trustee) shall within 30 days after termination of this Agreement pursuant to Article XII hereunder, or the death, disability, or resignation of the Liquidating Trustee, render an accounting (and File it with the Bankruptcy Court) containing the following information:

(a)     a summarized accounting of all disbursements, payments and any other transactions in connection with the Liquidating Trust Cash;

(b)     a description of all Disputed Claims and the status thereof; and

(c)     a copy of the official claims register.

## Article VIII.

### General Powers, Rights and Obligations of the Plan Agent

Section 8.1     General Powers.

(a)     The Plan Agent shall be a fiduciary of Liquidating Trust and shall have all powers, authority, and responsibilities specified in the Plan and this Agreement. In particular, the Plan Agent's rights, duties, and powers shall include, but are not limited to, the following:

(1)     Make Distributions or direct Distributions to be made to certain Holders of Allowed Claims in Classes 1, 2, and 5 as provided in the Plan and in this Agreement;

(2)     File, prosecute, and/or withdraw objections to Claims in Classes 1, 2, and 5, and compromise or settle any such Claims and/or objections thereto, whether prior to or after objection;

(3)     retain or engage professionals, employees, and consultants, and pay such professionals, employees, and consultants the reasonable fees and expenses incurred by the Plan Agent as set forth in Section 8.5 herein;

(4)     such other activities as necessary and consistent to fulfill the Plan Agent's duties as set forth in the Plan and this Agreement and to effect the provisions of the Plan.

(b)     The Plan Agent shall not at any time enter into or engage in any trade or business.

Section 8.2     Resignation or Incapacity of Plan Agent. In the event of the death, disability, resignation or incapacity of the Plan Agent, the Liquidating Trustee shall assume all rights, powers, duties, and obligations of the Plan Agent under the Plan, Confirmation Order, and this Agreement.  The Plan Agent may resign at any time upon 30 days' notice Filed with the Bankruptcy Court (the "Resignation Notice")

Section 8.3     Maintenance of Privileges. The attorney-client privilege, the attorney work product doctrine and any similar privilege against disclosure, and all other similar immunities, of Watson Grinding and the Committee shall extend to the Plan Agent and her representatives, and there shall be no waiver of any privileges for sharing information and/or

17

documents with the Plan Agent. Any dispute over whether such privileges, immunities or documents are waived shall be determined by the Bankruptcy Court.

Section 8.4     Retention of Attorneys, Accountants and Other Professionals. The Plan Agent may retain professionals to aid the Plan Agent in the performance of her responsibilities under the terms of the Plan, the Confirmation Order, and this Agreement. The professionals retained by the Plan Agent may include:

(a)     law firm(s) as the Plan Agent may deem advisable to aid the Plan Agent in the performance of her duties and to perform such other functions as may be appropriate to carry out the primary purposes of the Plan. In particular, the Plan Agent expressly may engage Hughes Watters Askanase LLP as the Plan Agent deems appropriate and advisable, without the need for consent by the Oversight Committee; and

(b)     such other accountants, experts, advisors, consultants, investigators, appraisers, auctioneers or other professionals as are advisable to carry out and effect the terms of the Plan, the Confirmation Order, and this Agreement.

Section 8.5     Compensation of Plan Agent and Professionals.

(a)     The Plan Agent shall receive compensation for services rendered and expenses incurred in fulfilling her duties pursuant to the Plan, the Confirmation Order, and this Agreement, including any necessary services rendered and reasonable expenses incurred prior to the date that this Agreement becomes effective. The Plan Agent's compensation shall be paid on a monthly basis based on Distributions subject to the same notice and review procedures of the Oversight Committee as set forth for the Plan Agent's professionals below in Section 8.5(b).  Upon the completion of the Plan Agent's duties, she may submit a final invoice for 3% of the amount of Liquidating Trust Cash which has not yet been disbursed.

(b)     On or before the last day of each month following the month for which compensation is sought, each Plan Agent professional seeking compensation shall serve a monthly statement on the Liquidating Trustee and the Oversight Committee detailing the compensation sought; *provided, however,* that any professional's failure to serve a monthly statement for any one or more months shall not waive or impair the right of such professionals to subsequently seek compensation for all or any number of such months in a later statement delivered to the Plan Agent. The Liquidating Trustee and Oversight Committee shall have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving a written objection on the professional setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, the Liquidating Trustee shall promptly pay 100% of the amounts requested, except for the portion of such fees and disbursements to which an objection has been made. The parties shall attempt to consensually resolve objections, if any, to any monthly statement. If the parties are unable to reach a consensual resolution, such professional may seek payment of such fees by filing a motion with the Bankruptcy Court on proper notice to the Liquidating Trustee and the Oversight Committee.

Section 8.6     Timely Performance. In accordance with the terms of the Plan, the Plan Agent shall make reasonable continuing efforts to object to and reconcile Claims in Classes

1, 2, and 5, including such Claims that are Disputed Claims, and make timely Distributions to Allowed Claims.

Section 8.7    Conflicts of Interest. Conflicts of interest of the Plan Agent will be addressed by the Plan Agent appointing a disinterested person, including the Liquidating Trustee, to handle any matter where the Plan Agent has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Plan Agent is unwilling or unable to appoint a disinterested person to handle any such matter, or a party in interest objects to a disinterested person appointed by the Plan Agent, such party in interest may File an objection with the Bankruptcy Court, on notice to the Liquidating Trustee, the Plan Agent and he Oversight Committee, setting forth such objection and seeking entry of an order of the Bankruptcy Court appointing a disinterested person.

## Article IX.

### Oversight Committee

Section 9.1    Appointment and Creation of Oversight Committee. On the Effective Date, an Oversight Committee for the Liquidating Trust shall be created ("Oversight Committee"). The Oversight Committee shall be comprised of seven members (each a "Member") The initial Members of the Oversight Committee are set forth on **Exhibit A**.

Section 9.2    Duties of Oversight Committee. The Oversight Committee shall be responsible for (a) approving any settlement of a Retained Cause of Action; (b) determining to abandon or not pursue a Retained Cause of Action, including approving the filing of any complaint or claim objection; (c) approving the Liquidating Trustee's decision to hire or replace any counsel or expert employed for the purposes of the Liquidating Trustee's prosecution of a Retained Cause of Action; (d) approving the termination or dissolution of the Liquidating Trust and this Agreement pursuant to Section 12.1 herein; (e) approving any proposed expenditure exceeding $50,000.00; (f) approving whether to remove a Member pursuant to Section 9.4 herein; and (g) consenting to any amendment to this Agreement pursuant to Section 13.11 herein, or proposed modification of the Plan.

Section 9.3    Reimbursement of Oversight Committee. The Members shall not be entitled to receive compensation for their services on the Oversight Committee; provided, however, that they may submit a request for reimbursement of expenses related to their service on the Oversight Committee pursuant to the terms of Section 7.5(b).

Section 9.4    Term of Oversight Committee Members. The Members shall serve until death, resignation, or removal.

(a)    Resignation

A Member may resign at any time by providing a written notice of resignation to the remaining members of the Oversight Committee. Such resignation shall be effective after such notice is delivered and the resigning Member's successor is designated.

In the event of resignation or removal of a Member, the exiting member shall designate its replacement subject to confirmation by at least four (4) of the other Members, *provided, however*, that if a Member dies or becomes incapacitated, at least four (4) of the remaining Members shall agree upon the successor Member.

(b)     Removal

A Member may be removed solely for fraud, gross negligence, or willful misconduct as determined by the Bankruptcy Court.

Section 9.5     <u>Voting</u>. The affirmative vote of a majority of the Members is required with respect to any matter that requires the determination, consent, approval or agreement of the Oversight Committee, *provided, however*, that amendments to this Agreement are governed by Section 13.11 of this Agreement and must be approved by: (i) unanimous consent of the Oversight Committee; or (ii) an order of the Bankruptcy Court upon a motion by the Liquidating Trustee with the majority consent of the Oversight Committee.

## Article X.

## Standard of Care; Limitations on Liability

Section 10.1     <u>Standard of Care; Exculpation</u>.

(a)     Standard of Care

The Liquidating Trustee and Plan Agent shall perform the duties and obligations imposed on them by this Agreement in the utmost good faith.

(b)     Exculpation

Neither the Liquidating Trustee, the Plan Agent, the Members of the Oversight Committee nor any director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee or Plan Agent, each in its capacity as such (the "<u>Exculpated Parties</u>") shall be liable for losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements incurred, caused by, relating to, based upon, or arising out of (directly or indirectly) the Exculpated Party's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties, and obligations under this Agreement, the Plan, the Confirmation Order, any other order of the Bankruptcy Court or applicable law or as may arise by reason of any action, omission or error of an Exculpated Party; *provided, however*, that the foregoing limitation shall not apply to any acts or omissions determined by Final Order to be the direct result of such Exculpated Party's fraud, willful misconduct, or gross negligence. None of the Exculpated Parties is deemed to be responsible for any other Exculpated Party's actions or inactions. The foregoing exculpation with respect to any Exculpated Party shall survive the termination of such Exculpated Party from the capacity for which it was deemed exculpated.

Section 10.2 <u>Limitation of Liability</u>. No Exculpated Party shall be liable under any legal theory, including, without limitation, for punitive, remote or speculative damages under any circumstances, even if it has been advised of the possibility of such damages.

Section 10.3 <u>Indemnification.</u> The Liquidating Trust shall indemnify the Liquidating Trustee, the Plan Agent and (as applicable) their partners, employees, managers, principals, agents, affiliates, independent contracts, insurers (collectively, the "<u>Indemnified Persons</u>") from and against any and all pending or threatened claims, demands, suits, investigations, proceedings, judgments, awards, liabilities, losses, damages, fees and expenses paid or incurred by any Indemnified Person in connection with, arising out of or related to (whether from direct claims or third party claims) the services provided pursuant to this Agreement (including but not limited to any Indemnified Person's reasonable counsel fees and expenses); *provided*, *however*, that in no event shall the Liquidating Trust's liability under this provision exceed amounts remaining available from the Liquidating Trust Cash and such indemnification shall be satisfied solely from the Liquidating Trust Cash exclusive of any Grinding Insurance Recovery. The foregoing indemnification obligations shall not apply in the event that a court of competent jurisdiction finally determines that such claims resulted directly from the gross negligence, willful misconduct or fraudulent acts of the Indemnified Person.

Section 10.4 <u>No Liability for Good Faith Error of Judgment</u>. The Liquidating Trustee and the Plan Agent shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a Final Order that the Liquidating Trustee or Plan Agent was grossly negligent in ascertaining the pertinent facts.

<h3 align="center">Article XI.</h3>

<h3 align="center">Retention of Jurisdiction</h3>

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, under the Plan, the Confirmation Order and sections 105(a) and 1142(g) of the Bankruptcy Code, the Bankruptcy Court shall retain jurisdiction over all matters arising out of or related to the Chapter 11 Cases to the fullest extent legally permissible, including but not limited to jurisdiction to:

(a) ensure that Distributions to Holders of Allowed Claims are accomplished as provided herein and adjudicate any and all disputes arising from or relating to Distributions under this Agreement and the Plan; and

(b) adjudicate, decide, or resolve any disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, this Agreement, or actions involving the Liquidating Trustee or Plan Agent.

<h3 align="center">Article XII.</h3>

<h3 align="center">Termination</h3>

Section 12.1 <u>Termination</u>. In accordance with the Plan and this Agreement, this Agreement shall terminate immediately once (a) the Liquidating Trustee has distributed all of the

Liquidating Trust Cash (net of the Liquidating Trustee's fees and expenses) to Holders of Allowed Claims; and (b) the Oversight Committee has approved the termination of the Liquidating Trust.

Section 12.2    Maximum Term. The term of this Agreement shall end no later than the fifth (5th) anniversary of the Effective Date; *provided, however*, that, if warranted by the facts and circumstances, and subject to the approval of the Bankruptcy Court, upon a finding that an extension of the term of the Liquidating Trust is necessary to accomplish the purpose of the Liquidating Trust, the Liquidating Trustee shall be authorized, on two or more successive occasions, to extend the Liquidating Trust for six (6) months or longer *provided* that each such extension is formally requested by motion Filed with the Bankruptcy Court prior to the beginning of such requested, extended term. The Liquidating Trust may be terminated earlier than its scheduled termination if the Liquidating Trustee has administered all of the Liquidating Trust Assets and performed all other duties required by the Plan and this Agreement.

Section 12.3    Destruction of Books and Records.  Upon distribution of all of the Liquidating Trust Assets, the Liquidating Trustee shall hold the books, records and files delivered to or created by the Liquidating Trustee for a period of one (1) year after the last Distribution is made. All costs and expenses associated with the storage of such documents shall be paid by the Liquidating Trust. At the Liquidating Trustee's discretion, all such records and documents may be destroyed at any time after one (1) year from the distribution of all of the Liquidating Trust Assets.

## Article XIII.

## Miscellaneous

Section 13.1    Governing Document. Upon the Effective Date, and subject to the terms of the Plan and the Confirmation Order, this Agreement shall govern the Liquidating Trustee. To the extent of any inconsistency between the Confirmation Order, the Plan, and this Agreement, the terms of the Confirmation Order shall govern. To the extent of any inconsistency between the Plan and this Agreement, the Plan shall govern.

Section 13.2    Notices. All notices, requests, or other communications required or permitted to be made in accordance with this Agreement shall be made in writing and delivered by electronic mail:

> If to the Liquidating Trustee:
> Ronald G. Bankston
> ron@ronbankston.com
>
> If to the Plan Agent:
> Janet S. Northrup
> jsn@hwa.com
>
> -with a copy to-
>
> Wayne Kitchens
> wkitchens@hwa.com

If the Oversight Committee:
Travis Horton
c/o Robert Kwok – rkwok@kwoklaw.com

Margarita Flores
c/o Mo Aziz – maziz@awtxlaw.com

Massiel Nunez
c/o Chance McMillan – cam@mcmillanfirm.com

Janette Thomas
c/o Ryan Chapple – rchapple@cstrial.com

Phillip Burnam
c/o Matt Greenberg – mgreenberg@zellaw.com

Houston Corvette Service
c/o Lee Thweatt -  lthweatt@terrythweatt.com

Gerardo Castorena, Jr.
c/o Gene Egdorf – gene@shraderlaw.com

Section 13.3    Effectiveness. This Agreement shall become effective on the Effective Date.

Section 13.4    Counterparts. This Agreement may be executed in one or more counterparts (via facsimile, electronic mail, or otherwise), each of which shall be deemed an original but which together shall constitute but one and the same instrument.

Section 13.5    Governing Law. This Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of Texas without giving effect to the principles of conflict of laws thereof.

Section 13.6    Headings. Sections, subheadings, and other headings used in this Agreement are for convenience only and shall not affect the construction of this Agreement.

Section 13.7    Interpretative Provisions.

(a)    All references to the plural herein shall also mean the singular and to the singular shall also mean the plural, unless the context otherwise requires.

(b)    All references to Watson Grinding and the Liquidating Trustee pursuant to the definitions set forth in the Recitals hereto, or to any other person herein, shall include their respective successors and assigns.

23

(c)     The words "hereof", "herein", "hereunder", "this Agreement," and words of similar import when used in this Agreement shall refer to this Agreement as a whole and not any particular provision of this Agreement, and as this Agreement now exists or may hereafter be amended, modified, supplemented, extended, renewed, restated, or replaced.

(d)     The word "including" when used in this Agreement shall mean "including, without limitation".

Section 13.8     <u>Severability</u>. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions of this Agreement, and any such prohibition or unenforceability in any jurisdiction shall neither invalidate nor render unenforceable any such provision in any other jurisdiction.

Section 13.9     <u>No Suits by Creditors</u>. No creditor of the Watson Grinding Estate shall have any right arising by virtue of any provision of this Agreement to institute any action or proceeding, in law or in equity, against any party with respect to the Estate's assets.

Section 13.10   <u>Enforcement and Administration</u>. The Bankruptcy Court shall enforce and administer the provisions of this Agreement, as set forth in the Plan and herein.

Section 13.11   <u>Amendment</u>. This Agreement may only be amended by (i) unanimous consent of the Oversight Committee; or (ii) an order of the Bankruptcy Court upon a motion by the Liquidating Trustee with the majority vote of the Oversight Committee.

Section 13.12   <u>Waiver</u>. No failure by the Liquidating Trustee or Plan Agent to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

Section 13.13   <u>Cumulative Rights and Remedies</u>. The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity.

Section 13.14   <u>No Bond Required</u>. Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) and Plan Agent shall be exempt from giving any bond or other security in any jurisdiction.

Section 13.15   <u>Cooperation</u>. The Liquidating Trustee is the owner and holder of all of Watson Grinding's books and records. Watson Grinding agrees to provide reasonable cooperation and commercially reasonable best efforts, as necessary, to assist the Liquidating Trustee with his efforts to assume ownership and possession of such books and records.

Section 13.16   <u>Entire Agreement</u>. This Agreement contains the entire agreement between the parties hereto and supersedes all prior or contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers thereunto duly authorized as of the date first above written.

**LIQUIDATING TRUSTEE**

By: _____
Name:  Ronald G. Bankston
Title:   In his Capacity as Liquidating Trustee

**WATSON GRINDING & MANUFACTURING CO.**

By: _____
Name:  Janet S. Northrup
Title:   In her Capacity as Chapter 11 Trustee

**PLAN AGENT**

By: _____
Name:  Janet S. Northrup
Title:   In her Capacity as Plan Agent

**OFFICIAL COMMITTEE OF JANUARY 24 CLAIMANTS**

By: _____
      Muhammad S. Aziz
Title:   Committee Co-Chair

By: _____
      Robert S. Kwok
Title: Committee Co-Chair

26

## **EXHIBIT A**

**Oversight Committee Members**

### <u>Oversight Committee Members</u>

The following individuals are hereby appointed as the initial Members of the Oversight Committee: (i) Travis Horton, (ii) Massiel Nunez, (iii) Houston Corvette Service, (iv) Margarita Flores, (v) Phillip Burnam, (vi) Janette Thomas, and (vii) Gerardo Castorena, Jr.;

**Exhibit D**

**Liquidating Trust Agreement for Watson Valve Services. Inc.**

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement ("Agreement") is made effective as of December 31, 2020, by and among Watson Valve Services, Inc. (the "Debtor"), a debtor in the Chapter 11 case pending in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court") Case No. 20-30968, and Eva S. Engelhart, in her capacity as the Watson Valve Trustee ("Watson Valve Trustee").

## RECITALS

This Liquidating Trust Agreement is made and entered into pursuant to the terms and provisions of the confirmed *First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code Filed By the January 24 Claimants Committee*, dated December 3, 2020 (as modified and amended, the "Plan") and the order of the Bankruptcy Court, entered in the Debtor's case under Chapter 11 of Title 11 U.S.C. confirming the Plan, approving this Agreement (this "Liquidating Trust")[1] and authorizing the appointment of the Watson Valve Trustee.  All terms defined in the Plan shall have the same meaning when used herein unless otherwise defined herein or unless the context hereof clearly requires otherwise.  Terms which are defined in the Bankruptcy Code (11 U.S.C. § 101 – 1532, as amended) and are not otherwise defined herein or in the Plan shall have the definition ascribed to them by the Bankruptcy Code. All applicable terms and provisions of the Plan are incorporated herein by this reference and the parties to this Agreement shall be bound by such terms and provisions.

The primary purposes of this Liquidating Trust is to investigate and pursue (if appropriate) the Valve Claims and Retained Causes of Action, object to Claims (as necessary) and otherwise liquidate and distribute the Watson Valve Liquidating Trust Assets pursuant to the terms of the Plan and to the beneficiaries of the this Liquidating Trust (each a "Beneficiary").[2]  Under no circumstances shall the Watson Valve Trustee have any power to engage in any trade or business or any other activity except as specifically provided herein or in the Plan or such as is otherwise reasonably necessary and advisable for the orderly liquidation of the Trust Assets as determined by the Watson Valve Trustee in its reasonable business judgment.

## DECLARATION OF TRUST

**NOW, THEREFORE**, in order to declare the terms and conditions hereof, and in consideration of the premises, and to implement the Plan and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto have executed this Agreement and the Beneficiaries hereby vest in the Watson Valve Trustee and her successors, all right, title and interest in the Watson Valve Liquidating Trust Assets including, without limitation, the right to receive, hold, pursue, liquidate and distribute all or any portion of

---

[1] This Liquidating Trust is defined in the Plan as the "Watson Valve Liquidating Trust."  For the avoidance of doubt, any reference herein to the Liquidating Trust does not refer to the "Liquidating Trust" in the Plan which is the trust being created from the estate of Watson Grinding & Manufacturing Co.

[2] The term "Beneficiaries" as used in this Agreement is identical to the term "Watson Valve Liquidating Trust Beneficiaries" in the Plan.

the Watson Valve Liquidating Trust Assets as set forth herein and in the Plan.

**TO HAVE AND TO HOLD** the Watson Valve Liquidating Trust Assets unto the Watson Valve Trustee and her successors in trust and successors and assigns forever; in trust under and subject to the terms and conditions set forth herein and in the Plan and for the benefit of the Beneficiaries, each of which shall be treated as the grantors and deemed owners of this Liquidating Trust; provided, however, upon the final liquidation of all of the assets of the Liquidating Trust in accordance with the terms and conditions of this Agreement and the Plan, this Agreement shall cease, terminate and be of no further force and effect.

It is hereby further declared that the Watson Valve Liquidating Trust Assets are to be held, administered and applied by the Watson Valve Trustee as set forth in the Plan, and if any inconsistency exists between the terms of this Agreement and the Plan, the Plan controls.

The foregoing grants, assignments, transfers and conveyances are in trust for the benefit of the Beneficiaries and are subject to the terms of this Agreement and the provisions of the Plan applicable to the Liquidating Trust. For tax purposes, this transfer will be treated as a deemed transfer to the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Liquidating Trust, in accordance with the provisions of Revenue Procedure 94-45, 1994-2 C.B. ¶ 684. For federal tax purposes, this transaction should be treated as the Debtor satisfying its debt to the particular creditor for an amount equal to the Allowed Claim of such Beneficiary. With respect to the Debtor, this transaction may create income from the cancellation of indebtedness (COD) pursuant to Internal Revenue Code (IRC) Section 108 or gain or loss from the sale or exchange of property. The tax characterization of the transaction will depend on the fair market of the property transferred, the Debtor's adjusted tax basis in the property, and whether the creditor's claim was a recourse or non-recourse liability. The creditor's adjusted basis in the property deemed transferred should be equal to the Allowed Claim of the Beneficiary on the date of the deemed transfer.

The Liquidating Trust created by this Agreement is intended: (i) as a trust governed and construed in all respects as a liquidating trust pursuant to Section 301.7701-4(d) of the United States Treasury Regulations and as a grantor trust in favor of the Beneficiaries pursuant to Section 1.671-4(a) thereof, and (ii) to comply with the requirements of a liquidating trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684.

**ARTICLE I.**
**NAME OF TRUST**

1.1 **Name.** For all purposes, including but not limited to filing tax returns and other governmental filings, the Liquidating Trust shall be known as the "**Watson Valve Liquidating Trust.**"

## ARTICLE II.
## TRUSTEE'S ACCEPTANCE OF ASSETS; AGREEMENT TO PERFORM OBLIGATIONS AS TRUSTEE

**2.1** **Acceptance.** The Watson Valve Trustee accepts the trust imposed upon the Watson Valve Trustee by this Agreement, and agrees to observe and perform that trust, upon and subject to the terms and conditions set forth herein.

**2.2** **Agreement to Perform Obligations.** The Watson Valve Trustee hereby promises and agrees to undertake and perform the obligations created hereunder and the obligations to be performed by the Watson Valve Trustee set forth herein.

## ARTICLE III.
## POWERS OF THE TRUSTEE

**3.1** **Title.** Legal title to all of the Watson Valve Liquidating Trust Assets shall be vested in the Watson Valve Trustee, except that the Watson Valve Trustee shall have the power to cause legal title (or evidence of title) to any of the Watson Valve Liquidating Trust Assets to be held by any nominee or person, on such terms, in such manner, and with such power consistent with this Agreement and the Plan. The Debtor's estate hereby transfers to the Watson Valve Trustee the Debtor's evidentiary privileges, including the attorney-client privilege, work-product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Watson Valve Liquidating Trust Assets, and all of the books and records relating to the foregoing, in trust, and, consistent with §1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Beneficiaries.

**3.2** **General Powers of Watson Valve Trustee.** Except as may be otherwise provided in this Agreement or in the Plan, and subject to the retained jurisdiction of the Bankruptcy Court, the Watson Valve Trustee shall have, without prior or further authorization, control and authority over the Watson Valve Liquidating Trust Assets, over the administration and disposition thereof, and over the supervision and conduct of the Liquidating Trust to the same extent as if the Watson Valve Trustee were the sole owner thereof in its own right; but at all times the Watson Valve Liquidating Trust Assets be held for the benefit of the Beneficiaries consistent with the terms of the Plan. No person dealing with this Liquidating Trust shall be obligated to inquire as to the authority of the Watson Valve Trustee in connection with the acquisition, administration or disposition of assets which comprise the Liquidating Trust. In connection with the administration and use of the Watson Valve Liquidating Trust Assets, the Watson Valve Trustee's powers, except as otherwise expressly limited by the Plan, the order confirming the Plan (the "Confirmation Order"), or in this Agreement, shall include, but shall not be limited to, the following: (i) to effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan; (ii) to make Distributions to Beneficiaries in accordance with the Plan; (iii) investigate, prosecute (as appropriate) and settle all Valve Claims and Retained Causes of Action; (iv) to establish and administer reserves required under the Plan; (v) to perform administrative services related to implementation of the Plan or this Agreement; (vi) file all necessary tax returns and other filings with governmental authorities on behalf of the Liquidating Trust; and (vii) perform such other duties as are provided in the Plan, the Confirmation Order, and

3

this Agreement.  In addition, the Watson Valve Trustee shall have the power to engage in any additional acts not specifically enumerated or excluded herein, provided that such proposed acts are in the furtherance of the purposes for which this Liquidating Trust has been created.

3.3    **Operation of Trust.**  The Watson Valve Trustee shall, in accordance with the terms of the Plan, distribute to the Beneficiaries the Liquidating Trust's net income plus all net proceeds from the Disposition of assets at such times as the Watson Valve Trustee may determine in the Watson Valve Trustee's discretion, except that the Liquidating Trust shall retain an amount of net proceeds or net income reasonably necessary, in the Watson Valve Trustee's reasonable discretion, to maintain the value of its assets or to meet claims and contingent liabilities (including disputed claims), and that the Watson Valve Trustee shall distribute the Watson Valve Liquidating Trust Assets, including any income or proceeds from Disposition, on the Final Distribution Date in the Plan.  In addition, the Watson Valve Trustee will make continuing efforts to dispose of the Watson Valve Liquidating Trust Assets, make timely distributions pursuant to the Plan, and not unduly prolong the duration of the Liquidating Trust.

3.4    **Limitation of Trustee.**  Without limiting the generality of the foregoing Sections 3.2 and 3.3, the Watson Valve Trustee shall not be permitted to operate any business as a going concern absent authority of the Bankruptcy Court.  The investment powers of the Watson Valve Trustee, other than those reasonably necessary to maintain the value of the assets and to further the liquidating purpose of the Liquidating Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills.

3.5    **Retention of Attorney and Accountants.**  Without limiting the Watson Valve Trustee's powers under the Plan, the Watson Valve Trustee may retain counsel and qualified accountants of the Watson Valve Trustee's choosing, to perform such services as are necessary or appropriate in connection with the administration of this Liquidating Trust.

3.6    **Claim Objections.**  John Watson will have concurrent authority with the Watson Valve Trustee to file objections to General Unsecured Claims against Watson Valve. Any savings achieved by John Watson during the claims adjudication process over the reserved face value of any claim shall be distributed (i) first, to reimburse John Watson for the actual costs incurred in objecting to such claim (such reimbursement amount subject to notice and opportunity for hearing); and (ii) second to holders of Interests in Valve on a Pro Rata basis based on ownership percentages (disbursement to equity holders subject to notice and opportunity for hearing). John Watson shall have 120 days following the Effective Date to file objections to Valve General Unsecured Claims, or such other deadline as may be established by the Bankruptcy Court. Any claims not objected to within such deadline or any claims, or part thereof, resolved in favor of the claim holder shall receive a prompt distribution on account of such Claim.

3.7    **No Obligation to Object**.  The Watson Valve Trustee may not be compelled to objection to any specific claim by John Watson or any other Beneficiary.  As noted in Section 3.6 and the Plan, if the Watson Valve Trustee does not object to a certain Claim, John Watson has authority to file an objection.

4

**3.8** **Interest on Claims**. Unless otherwise specifically provided by the Plan, the Confirmation Order, any other order of the Bankruptcy Court or by applicable bankruptcy law, postpetition interest, fees, costs, and other charges shall not accrue and shall not be paid on any Allowed Claim.

**3.9** **Record Date for Distributions**. On the Distribution Record Date, the Claims Register of Watson Grinding shall be closed, subject to objections to Claims by the Plan Agent and the Liquidating Trustee and the resolution thereof, and the Plan Agent and the Liquidating Trustee shall be authorized and entitled to recognize only those record Holders of Claims listed on such Claims Register as of the close of business on the Distribution Record Date.

**3.10** **Former Officers and Employees of the Debtor**. The Watson Valve Trustee may designate any former officer or employee of the Debtor to serve as the Debtor representative at a deposition in any litigation. Any such designated former officer or employee shall not be compensated from the Liquidating Trust for the deposition. However, the Watson Valve Trustee may compensate the professional appearing at such deposition from the Liquidating Trust.

**ARTICLE IV.**
**THE WATSON VALVE TRUSTEE – RESIGNATION, REMOVAL, TRUST CONTINUANCE, COMPENSATION, STANDARD OF CARE, RELIANCE BY TRUSTEE**

**4.1** **Resignation.** The Watson Valve Trustee may resign by an instrument in writing signed by her and filed with the Bankruptcy Court provided that the Watson Valve Trustee shall continue to serve as Watson Valve Trustee after her resignation until the appointment of a successor Watson Valve Trustee shall become effective in accordance with Section 4.3 or the Bankruptcy Court shall otherwise order.

**4.2** **Removal.** The Bankruptcy Court may, for cause shown by any Beneficiary, remove the Watson Valve Trustee and appoint a successor.

**4.3** **Appointment of Successor Trustee.** In the event of the resignation, death, incompetency, total disability, or removal of the of the Watson Valve Trustee, the Bankruptcy Court shall have the authority to appoint a successor Watson Valve Trustee based on a request by one or more of the Beneficiaries. Subject to the Bankruptcy Court's docket, the appointment of the successor trustee shall occur within seven (7) days of the vacatur of the original trustee. Such appointment may specify the date on which such successor Watson Valve Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and to the departing Watson Valve Trustee an instrument accepting such appointment, and thereupon the resignation or removal of the departing Watson Valve Trustee shall become effective and such successor Watson Valve Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the departing Watson Valve Trustee.

**4.4** **Trust Continuance.** The resignation or removal of the Watson Valve Trustee shall not operate to terminate the Liquidating Trust created by this Agreement or to revoke any existing agency relationship created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Watson Valve Trustee, such Watson Valve Trustee shall promptly execute

5

and deliver such documents, instruments and other writings as may be reasonably requested by the successor Watson Valve Trustee to effect the termination of the Watson Valve Trustee's capacity under this Agreement and the vesting of the Watson Valve Liquidating Trust Assets then held by the Watson Valve Trustee to her successor; deliver to the successor Watson Valve Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of the Watson Valve Trustee; and otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Watson Valve Trustee.

4.5     **Compensation.**  The Watson Valve Trustee shall be entitled to compensation and reimbursement of expenses at her hourly rate of $_____, which shall be paid monthly within 10 days of filing a notice of such fees on the Bankruptcy Court's docket, provided that if any Beneficiary submits a written objection to all or any portion of a Watson Valve Trustee invoice, no payment shall be made on the portion of the invoice in dispute until further order of the Bankruptcy Court.  Any successor Watson Valve Trustee shall be entitled to compensation and reimbursement of expenses as set forth in this Section 4.5.   The fees of professionals retained by the Watson Valve Trustee shall be subject to the same notice, objection and timing procedures set forth in this Section 4.5.

4.6     **Reliance by Trustee**.  The Watson Valve Trustee may rely, and shall be fully protected in acting upon, any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order or other instrument or document which she, in good faith, believes to be genuine and has been signed or presented by the proper party or parties or, in the case of cables, telecopies and telexes, to have been sent by the proper party or parties.  In the absence of bad faith, willful misfeasance, gross negligence or willful disregard of her duties, the Watson Valve Trustee may conclusively rely as to the truth of statements and correctness of the opinions expressed therein.  The Watson Valve Trustee may consult with counsel and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or suffered by him in accordance therewith.   The Watson Valve Trustee shall have the right at any time to seek instructions concerning the administration, management or disposition of the Watson Valve Liquidating Trust Assets from the Bankruptcy Court.

4.7     **Standard of Care**.  The Watson Valve Trustee and her respective professionals, shall not be personally liable to the Liquidating Trust or the Beneficiaries except for such of their own acts as shall constitute fraud, bad faith, gross negligence, willful misconduct or willful disregard of their duties.  Except if the Watson Valve Trustee has been found by a court of competent jurisdiction to have engaged in acts that constitute fraud, bad faith, gross negligence, willful misconduct or willful disregard of their duties, the Watson Valve Trustee and her respective employees, professionals, agents and representatives shall be entitled to be exonerated and indemnified from time to time  solely from the Watson Valve Liquidating Trust Assets against any and all losses, claims, costs, expenses and liabilities arising out of or in connection with the Watson Valve Liquidating Trust Assets or the affairs of this Liquidating Trust, including, but not limited to, liability for taxes and expenses (including legal fees) incurred due to the defense of any such claim.  In addition, none of the above parties shall have any liability whatsoever for performance of their duties hereunder to any non-Beneficiary.

4.8     **Watson Valve Trustee Not Personally Liable Except to Trust and**

**Beneficiaries.**  Any person dealing with the Watson Valve Trustee shall look only to the assets in the Liquidating Trust to satisfy any liability incurred by the Watson Valve Trustee to such person in carrying out the terms of thisLiquidating Trust, and the Watson Valve Trustee shall have no personal or individual obligation to satisfy any such liability.  Subject to the terms of this Agreement as set forth above, this provision does not diminish the liability or responsibility of the Watson Valve Trustee to the Beneficiaries in connection with the performance of the Watson Valve Trustee's duties hereunder.  No Beneficiary shall have any right by virtue of any provision of this Agreement to institute any action or proceeding at law or in equity against any party upon or under or with respect to the trust estate.

## ARTICLE V.
## RETENTION OF JURISDICTION

      **5.1**    **Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction over the Liquidating Trust, the Watson Valve Trustee, and the Watson Valve Liquidating Trust Assets as provided in the Plan.

## ARTICLE VI.
## TAX ISSUES

      **6.1**    **Required Filing**.  The Watson Valve Trustee shall prepare and file with appropriate state and federal agencies and authorities, all such documents, forms, reports and returns (including, but not limited to, state and federal income tax returns) as the Watson Valve Trustee shall, with the advice and assistance of professionals engaged by the Watson Valve Trustee, including but not limited to legal counsel and accountants, deem necessary, required or appropriate in connection with the creation, existence, operation or termination of the Liquidating Trust.  The Watson Valve Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to Sections 1.671-4(a) and 1.671-4(b)(3)(ii) of the United States Treasury Regulations.

      **6.2**    **Federal Income Tax Information.**  As soon as practicable after the close of each calendar year, but in no event later than March 15th, the Watson Valve Trustee shall mail to each Beneficiary of record during such year, a statement showing information sufficient for each Beneficiary to determine its share of income, deductions and credits for federal income tax purposes in accordance with §§1.671.4(a) and 1.67104(b)(3) of the United States Treasury Regulations.

      **6.3**    **Tax Attributes and Characteristics of the Trust.**  The Beneficiaries of the Liquidating Trust shall be treated as its grantors and deemed owners.  The Watson Valve Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to § 1.671-4(a), or (b) as appropriate, of the United States Treasury Regulations.  Accordingly, all earnings of the Liquidating Trust, including earnings retained in reserve accounts (including the Disputed Claim Reserve), if any, will be allocated to the Beneficiaries on an annual basis and each Beneficiary shall be responsible to report and pay the taxes due on her/its respective proportionate share of the Liquidating Trust's income whether or not amounts are actually distributed by the Watson Valve Trustee to the Beneficiaries to pay the taxes.  The value of the Watson Valve Liquidating Trust Assets transferred into the Liquidating Trust shall be the fair market value of such Watson Valve

Liquidating Trust Assets at the time of such transfer. The Watson Valve Liquidating Trust Assets transferred to the Liquidating Trust shall be valued consistently by all parties including, but not limited to, the Debtor and the Beneficiaries, and these valuations will be used for federal income tax purposes.

**6.4** **Revenue Ruling Requests.** The Watson Valve Trustee on behalf of the Beneficiaries may, but shall not be required to, file a ruling request (in accordance with the procedures set forth in Revenue Procedure 94-45, 1994-2 C.B. 684) with the Internal Revenue Service to have the Liquidating Trust classified as a liquidating trust as described in Treas. Reg. § 301.7701-4(d).

**ARTICLE VII.**
**MISCELLANEOUS**

**7.1** **Bond.** The Trustee shall secure a bond in the amount to be set by the Court at confirmation.

**7.2** **Effectiveness.** This Agreement shall become effective upon the Effective Date of the Plan. In the event of any conflict between the terms of this Agreement and the Plan, the terms of the Plan shall control.

**7.3** **Counterparts.** This Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

**7.4** **Governing Law**. This Agreement shall be governed by, construed under and interpreted in accordance with, the laws of the State of Texas and the applicable provisions of the Internal Revenue Code and the Treasury Regulations promulgated thereunder, specifically Treas. Reg. 301.7701-4(d).

**7.5** **Headings**. Sections, subheadings and other headings used in this Agreement are for convenience only and shall not affect the construction of this Agreement.

**7.6** **Severability**. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable any such provision in any other jurisdiction.

**7.7** **Amendments.** Upon the request of the Watson Valve Trustee or a majority in amount of the Beneficiaries, this Agreement may be amended from time to time with the approval of the Bankruptcy Court, and, upon request, after a hearing thereon.

[Remainder of Page Intentionally Left Blank]

      **IN WITNESS WHEREOF**, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers thereunto duly authorized as of the day and year first above written.

**<u>DEBTOR</u>:**

**Watson Valve Services, Inc.**

_____
Robert S. Ogle
Chapter 11 Trustee

**<u>WATSON VALVE TRUSTEE</u>:**

**Eva S. Engelhart**, as Watson Valve Trustee of the Liquidating Trust

_____
Eva S. Engelhart
Watson Valve Trustee

10869416v1

**<u>Exhibit E</u>**

**Joint Motion to Transfer and Stay Trial Court Proceedings**

No. _____

---

### Judicial Panel on Multidistrict Litigation

---

### In Re January 24 Explosion Litigation

---

## Joint Motion to Transfer and Stay Trial Court Proceedings

---

| MCCOY LEAVITT LASKEY LLC | GIEGER, LABORDE & LAPEROUSE, LLC |
|---|---|
| */s/ Michael I. Ramirez*<br>Michael I. Ramirez<br>Texas Bar No. 24008604<br>mramirez@mlllaw.com<br><br>and<br><br>John McCoy<br>*Upon Admission Pro hac vice*<br>jmccoy@mlllaw.com<br>20726 Stone Oak Pkwy, STE 116<br>San Antonio, Texas 78258<br>210.446.2828 (Office)<br>262.522.7020 (Facsimile)<br><br>**Attorneys for Watson Grinding & Manufacturing Co.** | */s/ Ernest P. Gieger*<br>Ernest P. Gieger<br>Texas Bar No. 24054169<br>Email: egieger@glllaw.com<br>Brendan P. Doherty<br>Texas Bar No. 24075923<br>Email: bdoherty@glllaw.com<br>Jon A. Van Steenis<br>Texas Bar No. 24100468<br>Email: jvansteenis@glllaw.com<br>Kimberly Fojtik<br>Texas Bar No. 24119695<br>Email: kfojtik@glllaw.com<br>5151 San Felipe, Suite 750<br>Houston, Texas 77056<br>Telephone: (832) 255-6000<br>Facsimile: (832) 255-6001<br><br>**Attorneys for Watson Valve Services, Inc.** |

| ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO, AZIZ & STOGNER | GREENBERG TRAURIG LLP |
|---|---|
| */s/ Muhammad S. Aziz*<br>Muhammad S. Aziz<br>State Bar No. 24043538<br>800 Commerce Street<br>Houston, Texas 77002<br>(713) 222-7211<br>(713) 225-0827 – Facsimile<br>maziz@awtxlaw.com | */s/ Mary Olga Lovett*<br>Mary Olga Lovett<br>Texas Bar No. 00789289<br>LovettM@gtlaw.com<br>Paul B. Kerlin<br>Texas Bar No. 24044480<br>KerlinP@gtlaw.com<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002<br>Telephone: (713) 374-3500<br>Facsimile: (713) 374-3505 |
| KWOK DANIEL LTD., L.L.P. | |
| */s/ Robert S. Kwok*<br>Robert S. Kwok<br>State Bar No. 00789430<br>J. Ryan Loya<br>State Bar No. 24086531<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>(713) 773-3380<br>(713) 773-3960 – Facsimile<br>rkwok@kwoklaw.com<br>rloya@kwoklaw.com | – and –<br><br>Christopher M. LaVigne<br>Texas Bar No. 24026984<br>LaVigneC@gtlaw.com<br>Samuel G. Davison<br>Texas State Bar No. 24084280<br>DavisonS@gtlaw.com<br>2200 Ross Ave., Suite 5200<br>Dallas, Texas 75201<br>Telephone: (214) 665-3600<br>Facsimile: (214) 665-3601 |
| MCMILLAN LAW FIRM | THE JUNELL LAW FIRM, P.C. |
| */s/ Chance A. McMillan*<br>Chance A. McMillan<br>Bar No. 24078981<br>cam@mcmillanfirm.com<br>440 Louisiana Street, Suite 1200<br>Houston, Texas 77002-1691<br>Tel: (281) 888-2131<br>Fax: (832) 831-2175<br>Email: filing@mcmillanfirm.com | */s/ Mark Junell*<br>Mark Junell<br>Texas Bar No. 24032610<br>mark@junellfirm.com<br>1903 Briarmead Drive<br>Houston, Texas 77057<br>**Attorneys for Matheson Tri Gas, Inc. And Western International Gas & Cylinders, Inc.** |

TERRY & THWEATT, P.C.

*/s/ L. Lee Thweatt*
L. Lee Thweatt
State Bar No. 24008160
One Greenway Plaza, Suite 100
Houston, Texas 77046-0102
(713) 600-4710
(713) 600-4706 – Facsimile
lthweatt@terrythweatt.com

KAMINS LAW FIRM, PLLC

*/s/ Anna Dean Kamins*
Anna Dean Kamins
State Bar No. 24032003
2925 Richmond Avenue, Suite 1200
Houston, Texas 77098
(713) 201-4032
AKamins@kamins-law.com

ZEHL & ASSOCIATES, PC

*/s/ Ryan H. Zehl*
Ryan H. Zehl
SBN: 24047166
Matthew O. Greenberg
SBN: 24090136
Matt L. Martin
SBN: 24090246
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
(713) 491-6064
(713) 583-8545 – Facsimile
rzehl@zehllaw.com
mgreenberg@zehllaw.com
mmartin@zehllaw.com

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*
Kurt B. Arnold
State Bar No. 24036150
karnold@arnolditkin.com
Adam Lewis
State Bar No. 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

SHRADER & ASSOCIATES, L.L.P.

*/s/ Eugene R. Egdorf*
Eugene R. Egdorf
State Bar No. 06479570
gene@shraderlaw.com
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
(713) 782-0000
(713) 571-9605 – Facsimile

**Attorneys for Committee Plaintiffs**

## <u>Table of Contents</u>

Introduction ...........................................................................................................1

Parties Seeking Transfer and Consolidation .................................................5

Statement of Facts and Procedural Background ...........................................5

Arguments and Authorities ........................................................................10

    I.    Transfer of the Explosion Litigation to an MDL Pretrial Court is
        Proper. ...........................................................................................10

        A.    The Explosion Litigation involves common questions of
             fact. ...................................................................................10

        B.    Transfer to an MDL pretrial court maximizes convenience
             for the witnesses and parties.......................................................13

        C.    Transfer to an MDL pretrial court will promote the just
             and efficient conduct of the cases................................................17

    II.    The JPML Should Stay All Trial Court Proceedings.........................19

Conclusion .................................................................................................20

# Table of Authorities

**Cases**

*A&H Auto Tech, et al., v. Watson Grinding and Mfr. Co., et al.*,
    Adv. No. 20-03369, Dkt. No. 677 ........................................................................8

*In re Alcon S'holder Litig.*,
    387 S.W.3d 121 (Tex. M.D.L. Panel 2010)........................................................9

*In re Cano Petroleum, Inc.*,
    283 S.W.3d 179 (Tex. M.D.L. Panel 2008)................................................12, 15

*In re Continental Airlines Flight 1404*,
    387 S.W.3d 925 (Tex. M.D.L. Panel 2009)....................................................2, 12

*In re Deep South Crane & Rigging Co.*,
    339 S.W.3d 395 (Tex. M.D.L. Panel 2008)................................................10, 13

*In re Digitek® Litig.*,
    387 S.W.3d 115 (Tex. M.D.L. Panel 2009)............................................9, 13, 18

*In re Fraudulent Hosp. Lien Litig.*,
    No. 15-0360, 2015 Tex. LEXIS 726 (Tex. M.D.L. Panel Aug. 12, 2015).........18

*In re Hurricane Rita Evacuation Bus Fire*,
    216 S.W.3d 70 (Tex. M.D.L. Panel 2006)..................................................12, 16

*In re Kuraray Am., Inc. Litig.*,
    No. 18-0582, 2018 Tex. LEXIS 804 (Tex. M.D.L. Panel Aug. 23,
    2018) ...................................................................................................................2

*In re Petroleum Wholesale Litig.*,
    339 S.W.3d 405 (Tex. M.D.L. Panel 2009)........................................................9

*In re Silica Prods. Liab. Litig.*,
    166 S.W.3d 3 (Tex. M.D.L. Panel 2004)...............................................14, 15, 17

*In re Spicewood Wildfire Litig.*,
    434 S.W.3d 873 (Tex. M.D.L. Panel 2014)......................................................12

*In re State Farm Lloyds Hurricane Ike Litig.*,
    392 S.W.3d 353 (Tex. M.D.L. Panel 2012)................................................15, 18

*In re Tex. Opioid Litig.*,
  No. 18-0358, slip op. 9 (Tex. M.D.L. Panel June 13, 2018) ...............................9

*In re Texas City Refinery Ultracracker Emission Litig.*,
  391 S.W.3d 680 (Tex. M.D.L. Panel 2010).......................................................10

*In re Twin Peaks Waco Litig.*,
  No. 150918, 2016 Tex. LEXIS 199 (Tex. M.D.L. Panel Mar. 3, 2016) ...........12

**Statutes**

TEX. GOV'T CODE § 74.162.......................................................................................10

**Other Authorities**

*Hearings on Tex. H.B. 4 Before the Senate Comm. on State Affairs*,
  78th Leg., R.S. (May 7, 2003) ...........................................................................13

https://www.nortonrosefulbright.com/en-us/people/1015944 ..................................9

https://www.tadhalbach.com/ ....................................................................................9

TEX. R. JUD. ADMIN. 13..............................................................................................10

TEX. R. JUD. ADMIN. 13.1(b) .....................................................................................10

TEX. R. JUD. ADMIN. 13.1(b)(1) .................................................................................12

TEX. R. JUD. ADMIN. 13.3(a)(1)-(2)...........................................................................10

TEX. R. JUD. ADMIN. 13.3(l).......................................................................................10

TEX. R. JUD. ADMIN. 13.6............................................................................................9

## Introduction

In this Joint Motion to Transfer and Stay Trial Court Proceedings (the "Motion"), Movants[1] respectfully seek an order from the Judicial Panel on Multidistrict Litigation (the "JPML") to transfer 126 related cases pending in various Texas state courts to a single pretrial court for consolidated handling under the Texas Rules for Multidistrict Litigation. In addition, Movants seek an order from the JPML staying all proceedings in the related litigation pending resolution of this Motion.

This matter arises out of an explosion and subsequent fire that occurred in Harris County, Texas. On January 24, 2020, an explosion and fire (the "Explosion") occurred at a building owned by Watson Grinding & Manufacturing Co. ("Grinding") located at 4522 Steffani Lane, Houston, Texas. The Explosion caused massive damage to Grinding's and Watson Valve Services, Inc.'s ("Valve") property and equipment, as well as to hundreds of surrounding homes and businesses. Two individuals died in the Explosion. Other individuals passed away shortly thereafter, and it is alleged that the Explosion caused their deaths. The Explosion also allegedly

---

[1]    "Movants" includes: (1) the Oversight Committee of the Watson Grinding Estate Liquidating Trust; (2) the January 24 Claimants Committee, on behalf of approximately 1,500 individual tort plaintiffs in the related litigation ("Committee"); (3) Ron Bankston, in his capacity as the Liquidating Trustee of the Liquidating Trust of the Watson Grinding Estate, on behalf of Watson Grinding & Manufacturing Co., a defendant in the related litigation; (4) Robert E. Ogle, in his capacity as the Watson Valve Trustee, on behalf of Watson Valve Services, Inc., a defendant in the related litigation; (5) Matheson Tri-Gas, Inc. ("Matheson"), a defendant in the related litigation; and (6) Western International Gas & Cylinders, Inc. ("Western"), a defendant in the related litigation.

**Joint Motion to Transfer and Stay Trial Court Proceedings – Page** 1
10857607

injured many others. Litigation ensued shortly after the Explosion. To date, there are 126 related lawsuits arising out of the Explosion,[2] accounting for claims on behalf of approximately 2,100 plaintiffs and insurance subrogation claimants (the "Explosion Litigation"). A list of the subject cases is attached hereto as Exhibit A.[3] As discussed *infra*, the various cases were removed to bankruptcy court and have since been remanded.

The plaintiffs in the Explosion Litigation are predominantly represented by the same set of attorneys who comprise the Committee members, representing 1,500 individuals or businesses, or 71% of the total number of plaintiffs. This core group of plaintiffs are Movants herein. The other plaintiffs in the Explosion Litigation are represented by different counsel. Movants are unaware of any opposition to this Motion by any of these other plaintiffs. Although the individual defendants named in each of the 126 lawsuits varies, they almost all include Grinding, Valve,

---

[2]   All 126 cases are pending in Harris County, Texas. However, lawsuits need not be filed in multiple counties for the MDL process to apply. *See, e.g., In re Kuraray Am., Inc. Litig.*, No. 18-0582, 2018 Tex. LEXIS 804, at *4 (Tex. M.D.L. Panel Aug. 23, 2018) (per curiam) ("[W]e also conclude that the fact that all of the lawsuits at issue have been filed in Harris County is not a bar to the transfer of those cases to an MDL pretrial court"); *In re Continental Airlines Flight 1404*, 387 S.W.3d 925, 927–31 (Tex. M.D.L. Panel 2009) ("Nothing in the Government Code or the Rules of Judicial Administration limit transfer to only those situations in which the lawsuits are pending in different counties").

[3]   Exhibit A lists all of the individual cases and includes other summary information related to the Explosion Litigation. Separately, a list of the related cases and the pertinent information required by Rule 13.3(A)(4) of the Rules of Judicial Administration is attached hereto as Exhibit B.

Matheson, and Western, each of whom is a Movant herein.[4] Movants have conferred

with all of the Explosion Litigation Defendants and none of the Defendants oppose

this Motion.

The Explosion Litigation involves common questions of fact, principal among

them being the cause of the Explosion and the apportionment of liability among the

Defendants. The cause or prevention of the Explosion is the central issue in each

case. The factual allegations against each Defendant relate to that party's purported

role in contributing to the Explosion. Defendants will likely name other responsible

third-party defendants pursuant to Chapter 33 of the Texas Civil Practice and

Remedies Code, and the finder of fact in each case will be asked to apportion liability

between Defendants and any named responsible third-party. To be sure, each

individual Defendant denies liability for the Explosion, and, unless these cases are

consolidated, each Defendant's individualized defenses to their role in the Explosion

will be the subject of motion practice under Texas Rule of Civil Procedure 166(a) in

---

[4]     The other defendants include KMHJ, Ltd., KMHJ Management Company, LLC, ARC
Specialties, Inc., Automation Plus, Inc., Automation Process, Inc., Firestone Cryogenics, Inc.,
Firestone Cryogenic Equipment, Inc., Teledyne Technologies, Inc. f/k/a Detcon, Inc., Teledyne
Exploration Company, Detcon, Inc. d/b/a Oldham, Teledyne Detcon, Inc., 3M Company, TRCC,
LLC, DataOnline, LLC, and Industrial Scientific Corporation, who together with the Movant
defendants are referred to herein as "Defendants." It is anticipated that each plaintiff will amend
the operative petition to name all of the Defendants. As explained below, the Explosion
Litigation was impacted by the bankruptcy filings of Grinding and Valve. Judge Isgur of the
Bankruptcy Court for the United States District Court for the Southern District of Texas (the
"Bankruptcy Court") adopted the Liquidation Plan negotiated by all Movants and remanded the
Explosion Litigation to state court for further proceedings, including this Motion. Following this
remand, it is expected that common pleadings against all Defendants will be filed.

**Joint Motion to Transfer and Stay Trial Court Proceedings – Page** 3

each case, with the attendant risk of conflicting rulings by different judges. Moreover, Matheson has a contractual indemnity agreement with Grinding, which it alleges is binding on both Grinding and Valve—an issue common in each case where Matheson is a defendant. In addition, Matheson, Western, and other Defendants each assert claims for common law indemnity and contribution. Consolidating these common issues for pretrial management will further the interests of justice.

Further, transferring the Explosion Litigation to a pretrial judge would streamline the litigation and reduce the inconvenience to all parties and witnesses. Absent consolidation, Defendants will be burdened with duplicative discovery and demands for near identical depositions in each case. It is anticipated that each party to the Explosion Litigation will designate one or more experts to opine on common liability and causation questions. Each of those experts would be subject to serial depositions absent consolidation. Finally, various state and federal agencies, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the United States Chemical and Safety Board, the Occupational Safety and Health Administration, and the Houston Fire Department, have conducted investigations and have issued, or intend to issue, reports regarding the Explosion. Absent consolidation, such agencies will also be subject to repetitive and burdensome discovery demands for documents and common testimony.

Thus, under sections 74.161–.164 of the Texas Government Code and Texas Rule of Judicial Administration 13, Movants respectfully request that the JPML transfer the Explosion Litigation to an MDL pretrial court. Such a transfer would promote the just and efficient conduct of the Explosion Litigation and would further the convenience of the parties and witnesses. In addition, given the pendency of so many cases, Movants request that the JPML stay all trial court proceedings until it rules on this Motion.

## Parties Seeking Transfer and Consolidation

As described more fully below, Movants constitute the core group of plaintiffs and defendants in the Explosion Litigation and file this Motion under a mutually negotiated and agreed upon Liquidation Plan (as defined below) for Grinding and Valve that the Bankruptcy Court approved. Movants have conferred with the other, non-moving parties to the Explosion Litigation regarding this Motion and Movants believe that no party is opposed to the JPML transferring the Explosion Litigation to a pretrial judge. The Plaintiffs who have confirmed that they are unopposed to this Motion are reflected in Exhibit A in the column "Unopposed to Motion to Transfer."

## Statement of Facts and Procedural Background

### January 24 Explosion

The Explosion occurred just before 4:30 a.m. on January 24, 2020. In the days and weeks that followed, numerous state and federal agencies investigated its cause

and origin. Parties injured by the Explosion began filing lawsuits against Grinding and Valve within hours of the accident. In thirteen days, over twenty plaintiffs had filed lawsuits against Grinding, Valve, and a handful of other entities, including Matheson and Western.

### Bankruptcy and Related Litigation

On February 6, 2020, less than two weeks after the Explosion, both Grinding and Valve filed voluntary petitions for bankruptcy in the Bankruptcy Court. On February 10, 2020, the Bankruptcy Court authorized the Committee, an official committee to represent the interests of all persons and governmental units with monetary claims arising out of the Explosion.[5]

On May 8, 2020, the Bankruptcy Court entered an order modifying the automatic stay to permit Grinding and Valve to be named in litigation relating to and arising from the Explosion and it also authorized removal of such litigation to the Bankruptcy Court (the "Procedures Order").[6]

Following the Procedures Order, thousands of plaintiffs filed more than a hundred additional lawsuits against Grinding and Valve relating to and arising from the Explosion. Plaintiffs in those various lawsuits also asserted claims against a

---

[5]   *See* Order for Appointment of January 24 Claimants Committee, *In re Watson Grinding & Manufacturing Co.*, No. 20-30967 ("Grinding Dkt.") at Dkt. No. 25 (Bankr. S.D. Tex. 2020).

[6]   *See* May 8, 2020 *Order (I) Modifying the Automatic Stay, (II) Setting the Deadline for Filing Notices of Removal, (III) Setting the Deadline for Filing Motions to Remand, and (IV) Scheduling Omnibus Hearing on Motions to Remand*, Grinding Dkt. No. 279.

dozen other entities, including those that owned or operated the buildings where the Explosion occurred, those who supplied propylene and other industrial gases, and those who were involved in some way with the construction and maintenance of the propylene piping system, the installation and maintenance of gas safety systems, the construction of the thermal spray coating building, the operation of the thermal spray coating systems, and other activities potentially relevant to the root cause of the Explosion. These and other activities at the thermal spray coating facility present common issues of fact that will dominate discovery in all of the Explosion Litigation.

To date, 126 state court lawsuits arising from the Explosion are pending against Grinding and Valve and the other Defendants.[7] These pending cases account for approximately 2,100 different plaintiffs and insured subrogation claimants.[8] Grinding and Valve removed all of the Explosion Litigation cases from the District Courts of Harris County, Texas (where they were filed originally) to the Bankruptcy Court. Following removal, a majority (but not all) of the plaintiffs filed motions for abstention and remand in the Grinding and Valve bankruptcy proceedings (the

---

[7]   *See* Exhibits A and B for a complete list.

[8]   Although these lawsuits were filed a number of months ago, and in some cases up to almost one year ago, they have all been stayed as a result of the Grinding and Valve bankruptcy proceedings. No meaningful progress has been made in any of the cases constituting the Explosion Litigation, and virtually no merits-based discovery has occurred in state court. However, the Committee has served 28 documents subpoenas in the Bankruptcy Court on Valve, Grinding, Matheson, Western, governmental agencies, and other relevant third-parties, and to date the subpoena recipients have collectively produced 13,211 documents. If the JPML grants the Motion, it is contemplated that the Explosion Litigation would proceed as if the cases were newly filed and subject to a negotiated case management order entered by the pretrial judge.

"Motions to Remand").[9] Grinding, Valve, Matheson, Western, and other parties filed objections to the Motions to Remand.[10] The Bankruptcy Court scheduled the Motions to Remand for an evidentiary hearing on October 22, 2020.

While the Motions to Remand were pending, various parties, including the Committee, filed competing plans for reorganization or liquidation of Grinding and Valve in the Bankruptcy Court. One of the main issues in the competing plans, and in objections thereto, was the proper forum for adjudicating the Explosion Litigation, along with how any plan for reorganization or liquidation would provide sufficient assurances for all creditors of Grinding and Valve in the event the adversary proceedings were remanded to state court.

After opening arguments at the October 22, 2020 hearing on the Motions to Remand, the Bankruptcy Court directed the parties to conduct a mediation as to plan confirmation issues before the Honorable Judge Jones and continued the hearing until the conclusion of mediation.

### Mediation and the Joint Liquidation Plan

Over the course of four weeks, the parties diligently mediated with Judge Jones and reached an agreement whereby all parties involved in the mediation would

---

[9]   *See*, *e.g.*, *A&H Auto Tech, et al., v. Watson Grinding and Mfr. Co., et al.*, Adv. No. 20-03369, Grinding Dkt. No. 677.

[10]   *See*, *e.g.*, Omnibus Objection to the Plaintiffs' Motions for Abstention and Remand, Grinding Dkt. No. 785.

**Joint Motion to Transfer and Stay Trial Court Proceedings – Page** 8

support and vote for a joint plan of liquidation of both Grinding and Valve (the "Liquidation Plan"). As part of the Liquidation Plan, Movants agreed to this Motion and an agreed list of potential pretrial judges. Movants recognize that the JPML has absolute discretion to appoint a pretrial judge;[11] however, Movants negotiated this agreed list through very significant discussions and negotiations. The list of suggested pretrial judges includes former judges[12] Tad Halbach[13] and Erin Lunceford,[14] and the Hon. Lauren Reeder, current judge of the 234th Judicial District Court of Harris County, Texas.

### Plan Confirmation and Remand

On December 30, 2020, the Bankruptcy Court entered an order confirming the Liquidation Plan. As part of the compromise embodied in the Liquidation Plan, all Defendants agreed to withdraw their objections to the Motions to Remand the 126 lawsuits to state court. Accordingly, also on December 30, 2020, the

---

[11]   Movants recognize that the JPML has admonished parties not to advocate for competing judges or forums. *See, e.g., In re Tex. Opioid Litig.*, No. 18-0358, 2018 Tex. LEXIS 554, at *8 (Tex. M.D.L. Panel June 13, 2018); *In re Alcon S'holder Litig.*, 387 S.W.3d 121, 125 (Tex. M.D.L. Panel 2010); *In re Digitek® Litig.*, 387 S.W.3d at 118; *In re Petroleum Wholesale Litig.*, 339 S.W.3d 405, 409 (Tex. M.D.L. Panel 2009). However, Movants' joint submission of potential judges has been accepted by both sides, which obviates any risk of the appearance of impropriety or forum shopping with competing submissions of judges.

[12]   *See* Tex. R. Jud. Admin. 13.6(a) (permitting JPML to appoint a senior, former, or retired judge as MDL pretrial judge).

[13]   Judge Halbach is the former judge of the 333rd Judicial District Court of Harris County, Texas, from 1995–2016, and he served as the pretrial judge in the Texas Statewide Silica MDL, from 2009–2016. *See* https://www.tadhalbach.com/.

[14]   Judge Lunceford is the former judge of the 61st Judicial District Court of Harris County, Texas, from 2015–2016. *See* https://www.nortonrosefulbright.com/en-us/people/1015944.

Bankruptcy Court entered an omnibus order remanding all 126 lawsuits to the state courts in which they were originally filed. The Liquidation Plan became effective on December 31, 2020.

<u>**Arguments and Authorities**</u>

**I.      Transfer of the Explosion Litigation to an MDL Pretrial Court is Proper.**

The JPML may transfer cases "involving one or more common questions of fact . . . to any district court for consolidated or coordinated pretrial proceedings." TEX. GOV'T CODE § 74.162; TEX. R. JUD. ADMIN. 13. A transfer is warranted if the JPML concludes that: (1) related cases involve one or more common questions of fact; and (2) transfer to a specified district court will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the related cases. TEX. R. JUD. ADMIN. 13.1(b), 13.3(a)(1)-(2), (*l*). The Explosion Litigation satisfies both requirements. Transfer to an MDL pretrial court is, therefore, proper.

**A.      The Explosion Litigation involves common questions of fact.**

Common questions of fact often arise when a group of lawsuits are based on the same event or series of events. *See In re Texas City Refinery Ultracracker Emission Litig.*, 391 S.W.3d 680, 680 (Tex. M.D.L. Panel 2010); *In re Deep South Crane & Rigging Co.,* 339 S.W.3d 395, 396 (Tex. M.D.L. Panel 2008). The Explosion Litigation is no exception.

The Explosion Litigation arises from a single, common event—the January 24, 2020 Explosion. Based on the pleadings to date, common questions of

**Joint Motion to Transfer and Stay Trial Court Proceedings – Page** 10

fact regarding the root cause of the Explosion predominate each claim asserted. Specifically, common questions of fact include, at a minimum, the facts and circumstances surrounding: (i) the cause and origin of the Explosion; (ii) any party's knowledge of alleged safety issues or hazards with respect to the propylene tank; (iii) the existence of or adherence to any safety measures related to the propylene tank; (iv) the installation and maintenance of the propylene piping system; (v) the construction, usage, and operation of the thermal spray coating facility; (vi) the installation, maintenance, and testing of the gas detection systems; (vii) the conduct of employees involved with shutdown and lockout procedures at the thermal spray coating facility; (viii) the conduct of employees who arrived to work just before the Explosion; and (ix) the installation and maintenance of the thermal spray coating robots located within the thermal spray coating facility.

Without exception, every case raises common issues of fact regarding the cause of the Explosion. Many of the petitions contain almost *identical* factual and legal allegations against the Defendants. The same witnesses and documentary evidence will be relevant to these common fact questions. Moreover, the Explosion Litigation consists of claims asserted against a common set of Defendants, each alleged to have contributed in some way to the Explosion. Each Defendant in the various cases will have individualized defenses as to its liability, but those defenses will be identical in every case, thereby creating the possibility of conflicting liability

determinations on summary judgment. Additionally, various Defendants have asserted the same contractual indemnity, common law indemnity, or contribution claims in every case. Each of those claims also involves common issues of fact.

Movants acknowledge that certain plaintiffs have alleged different types of damages, but Rule 13 permits variances in proof when one or more issues of fact are common to all cases. TEX. R. JUD. ADMIN. 13.1(b)(1). The JPML has repeatedly found that common questions of fact as to liability and causation are sufficient to warrant transfer, notwithstanding discrepancies in individual damage claims or theories. *See, e.g., In re Twin Peaks Waco Litig.,* No. 15–0918, 2016 Tex. LEXIS 199, at *6–8 (Tex. M.D.L. Panel Mar. 3, 2016); *In re Spicewood Wildfire Litig.*, 434 S.W.3d 873, 874–75 (Tex. M.D.L. Panel 2014); *In re Continental Airlines Flight 1404*, 387 S.W.3d 925, 929 (Tex. M.D.L. Panel 2009); *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). For example, in *In re Cano Petroleum, Inc.*, 283 S.W.3d 179, 183 (Tex. M.D.L. Panel 2008), the JPML acknowledged monetary differences between property damage claims and wrongful death claims but held that "[o]n balance it makes sense to have one judge handle the pretrial phase of all these enormous wildfire cases arising from a common disaster, giving consistent, unified treatment to the common issues and individualized treatment to the issues that are different." *Id.*

The cases here are undoubtedly related—they derive from the same Explosion, involve the same Defendants and witnesses, and involve nearly identical legal and factual allegations. For these reasons, one or more common issues of fact exist in all of the cases constituting the Explosion Litigation.

### B. Transfer to an MDL pretrial court maximizes convenience for the witnesses and parties.

Transfer of the Explosion Litigation furthers Rule 13's goals of convenience, efficiency, and justice by "(1) eliminating duplicative and repetitive discovery, (2) minimizing conflicting demands on witnesses, (3) preventing inconsistent decisions on common issues, (4) and reducing unnecessary travel." *In re Digitek Litig*, 387 S.W.3d 115, 116–17 (Tex. M.D.L. Panel 2009); *see also In re Deep South Crane*, 339 S.W.3d at 397; *Hearings on Tex. H.B. 4 Before the Senate Comm. on State Affairs*, 78th Leg., R.S. (May 7, 2003).[15]

Specifically, transferring the Explosion Litigation to an MDL pretrial court will maximize convenience for the witnesses and parties in the following ways: (i) non-party witnesses (*e.g.*, government investigators) will not be subjected to repetitive document requests and depositions; (ii) expert witnesses as to root cause will not be required to submit multiple reports or be subjected to serial depositions

---

[15]   The Explosion Litigation is centered in Harris County, Texas, but Defendants and non-party witnesses are spread throughout the country. Given the existence of the COVID-19 pandemic and the attendant limitations on travel for at least the immediate future, reducing duplicative travel is of paramount concern, as is establishing uniform procedures for deposing witnesses and conducting discovery.

in each case; (iii) Defendants' corporate representatives and fact witnesses will not be subjected to multiple depositions in each of the 126 pending cases; (iv) the parties will not be required to attend duplicative hearings on pretrial issues, such as discovery matters, dispositive motions, challenges to experts, consolidation or severance, protective orders, and venue; and (v) the parties will not be required to respond to duplicative, largely repetitive written discovery, thereby conserving resources and increasing the pool of potential funds available for settlement. Thus, assignment to an MDL pretrial court maximizes convenience to the witnesses and parties. *See In re Silica Prods. Liab. Litig.*, 166 S.W.3d 3, 4–5 (Tex. M.D.L. Panel 2004) ("We think it is undeniable that it is more convenient for witnesses and parties who find themselves involved in several related cases to litigate in one pretrial court instead of several.").

Concerns centered on the convenience of the parties and the witnesses are especially acute when cases can be assigned to an MDL pretrial court early in the litigation process. Here, the Explosion Litigation is still in its infancy because all of the cases have been stayed by the Bankruptcy Court until recently. While the Committee and Grinding have issued Bankruptcy Rule 2004 Subpoenas for certain documents in connection with the bankruptcy proceedings, no substantive written discovery has occurred, no witnesses have been deposed on the issues identified above, and no trial court has issued a governing case management order to control

the disposition of the Explosion Litigation. And Rule 13 does not require proof that witnesses or parties have already been inconvenienced, but instead "looks ahead" to prevent future inconvenience. *Id*. at 5 (Rule 13 "does not require proof that witnesses have already been inconvenienced."); *In re State Farm Lloyds Hurricane Ike Litig.*, 392 S.W.3d 353, 356 (Tex. M.D.L. Panel 2012) ("Rule 13 focuses on whether assigning the cases to an MDL pretrial court will further the goals of convenience, efficiency, and just handling *in the future*." (emphasis in original)).

Because these cases relate to a single, common event, the same individuals who have knowledge of the underlying events will be the same fact witnesses in every single lawsuit, subjecting the parties and witnesses to duplicative discovery requests and repetitive depositions in each matter. These fact witnesses include not only employees of each Defendant, but also emergency medical workers who treated the injured at the scene, firemen who worked for days to extinguish the fire, police officers who performed wellness checks on hundreds of residents surrounding the scene, hospital workers, witnesses of the Explosion, and persons acting on behalf of the numerous state and federal agencies that investigated the Explosion. Pretrial consolidation will prevent unnecessary disruption of these witnesses' lives. *See In re Cano Petroleum, Inc.*, 283 S.W.3d at 181–82 (finding transfer to an MDL court would minimize inconvenience because "discovery in the different cases will involve many of the same witnesses, such as eyewitnesses, firefighters and other

first responders, and defense employees. . . ."); *In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d at 72 ("When rule 13 voices its concern for efficiency and for the convenience of parties and witnesses, it has such persons [fact and employee witnesses] in mind.").

Moreover, the cause and origin of the Explosion will require expert analysis and opinions as to the root cause. To the extent the Explosion was caused, in whole or in part, by a product defect (and multiple product defect claims are common to each case, including claims relating to the propylene tank, the piping system, and the safety and failsafe systems), then additional expert testimony will be required to establish causation as to each product liability theory. Almost certainly, the parties will each retain various experts, but they are likely to be the same experts in each case—providing what is essentially the same opinions over and over. Consolidating the Explosion Litigation will assure that the opinions of these experts are screened under applicable legal standards, will minimize inconvenience with duplicative reports and disclosures, and will avoid duplicative depositions of each expert.

Additionally, transferring these cases to an MDL pretrial court will be more convenient not only for the witnesses, but also the parties. A single MDL pretrial court will coordinate the parties' discovery. At a minimum, having an MDL pretrial court means the parties avoid duplicative hearings on pretrial issues. Certainly, these cases will involve multiple hearings on similar if not identical discovery issues,

dispositive motions, expert challenges, protective orders, motions in limine, and other pretrial motions common to complex litigation. "[I]t will further the convenience of witnesses and parties to be subject to one consistent set of orders instead of many." *In re Silica Prods. Liab. Litig.*, 166 S.W.3d at 5.

### C.   Transfer to an MDL pretrial court will promote the just and efficient conduct of the cases.

Transferring the Explosion Litigation to an MDL pretrial judge will allow the entry of a common case management order and promote the just and efficient conduct of the cases by, among other things: (i) appointing liaison counsel and reducing the demands of all lawyers for all parties to be involved in routine matters; (ii) creating a single document repository; (iii) determining the proper parties through streamlined Rule 91(a) motion practice; (iv) coordinating discovery requests and the scope and timing of production, including requiring all parties to answer pre-approved form discovery requests; (v) coordinating inspections and expert testing; (vi) addressing core issues before, or separate from, case-specific issues; (vii) coordinating the scheduling of corporate representative depositions, non-party depositions, and fact witness depositions, so they are not duplicative or repetitive; (viii) coordinating expert witness discovery, including the timing and binding nature of reports, depositions, and challenges; and (ix) conducting consolidated hearings and entering binding, uniform rulings on issues involving discovery matters, dispositive motions, expert challenges, consolidation or severance, venue, protective

orders, and pretrial matters, such as motions in limine. *See In re Fraudulent Hosp. Lien Litig.*, No. 15-0360, 2015 Tex. LEXIS 726, at *8 (Tex. M.D.L. Panel Aug. 12, 2015) ("Rule 13 aims to further the goals of convenience, efficiency, and justice ….").

Presently, the Explosion Litigation is pending before **twenty-four** different district court judges in Harris County. Without an MDL pretrial court, each of these judges must expend significant time and resources addressing identical issues, resulting in an unnecessary waste of resources and the potential for inconsistent rulings. *See In re State Farm Lloyds Hurricane Ike Litig.*, 392 S.W.3d at 356 (The MDL process can "allocate finite judicial resources intelligently by minimizing the occasions when different judges decide the same or similar issues again and again."). "Rule 13 rests on the premise that a legal system should not give different answers to a question . . . simply because the cases are pending before different judges[.]" *In re Digitek Litig.*, 387 S.W.3d at 117.

Rule 13 focuses on whether assignment to an MDL pretrial court <u>now</u> will promote the just and efficient handling of the cases. *Id*. These cases—involving twenty-four different courts, over 125 different lawsuits, approximately 2,100 individual plaintiffs, and a dozen different Defendants—fit the purpose for which Rule 13 was designed. *In re State Farm Lloyds Hurricane Ike Litig.*, 392 S.W.3d at 356 (recognizing MDL judge can be assigned before inconsistent rulings manifest).

Because an MDL pretrial court can address related actions more efficiently and uniformly than multiple courts, these cases are ripe for transfer to an MDL pretrial court.

## II.     The JPML Should Stay All Trial Court Proceedings.

Pursuant to Texas Rule of Judicial Administration 13.4(b), Movants further respectfully request a stay of all trial court proceedings until the JPML makes a ruling with respect to transfer and consolidation. As noted, the cases constituting the Explosion Litigation were only recently remanded to state court following approval of the Liquidation Plan. Although almost no activity has occurred in state court, in the absence of a stay, it is anticipated that various courts could schedule initial status conferences or issue competing case management orders, undermining the efficiency and convenience goals of this Motion. Moreover, until consolidated and coordinated management of the pretrial discovery process is transferred to a single pretrial MDL judge, individualized discovery requests may be served on the Movants, defeating many of the efficiencies to be gained by consolidated and coordinated pretrial proceedings. In contrast, if the JPML grants the requested stay, no party will be prejudiced and limited judicial resources will be preserved. Thus, Movants respectfully request that the JPML stay any further proceedings of the Explosion Litigation in the various state trial courts pending its resolution of this Motion.

## <u>Conclusion</u>

For all of these reasons, Movants respectfully request that: (i) the JPML grant this Motion in its entirety; (ii) transfer the related cases listed in Exhibit B, along with all subsequently filed tag-along cases, to an appropriate pretrial judge for consolidated and coordinated pretrial proceedings; and (iii) appoint Judge Halbach, Judge Lunceford, or Judge Reeder as the pretrial judge, per the agreements of the Movants. In addition, pending resolution of this Motion, Movants respectfully request that the JPML stay all trial court proceedings and grant Movants such other and further relief to which they may be entitled.

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 1 | Miranda, Rigoberto, Jr., *et al .* | 1/24/2020 | 2020-04959 | 281st Judge Christine Weems | 20-03083 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 2 | Cortez, Ramon, Individually and on Behalf of all Similarly Situated Persons | 1/24/2020 | 2020-05191 | 295th Judge Donna Roth | 20-03100 | Mostyn Law | |
| 3 | Ayala, Yesenia  as Next Friend of I.C. and A.C., Minors | 1/27/2020 | 2020-05311 | 157th Judge Tanya Garrison | 20-03082 | The Alfred Firm | |
| 4 | Horton, Travis *et al.* | 1/27/2020 | 2020-05505 | 55th Judge Latosha Payne | 20-03109 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 5 | Rangel, Sean Robert | 1/27/2020 | 2020-05585 | 269th Judge Cory Don Sepolio | 20-03091 | Fernelius Simon Mace Robertson Perdue PLLC | |
| 6 | Burnam, Phillip and Deztini Southall, individually, and as next friends and guardians of P.B. and P.B., minors | 1/28/2020 | 2020-05726 | 165th Judge Ursula A. Hall | 20-03096 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner Zehl & Associates | Unopposed |
| 7 | Gutierrez, Daniel, Jr., and Maria Ofelia Mondragon, Individually and as Next Friend of N. G., D.A.G., and A.G., Minor Children | 1/30/2020 | 2020-06829 | 164th Judge Michael Landrum | 20-03099 | Anthony Peterson, LLP | |
| 8 | Flores, Margarita on Behalf of Frank Flores and Individually and as personal representative of the Estate | 1/27/2020 | 2020-05250 | 295th Judge Donna Roth | 20-03081 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner / Henry Flores | Unopposed |
| 9 | Goff, Carole | 1/31/2020 | 2020-07220 | 11th Judge Kristen Brauchle Hawkins | 20-03097 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 10 | Olvera, Angel | 1/31/2020 | 2020-07292 | 295th Judge Donna Roth | 20-03102 | Anthony and Peterson LLP | |
| 11 | Reagle, Steven , *et al.* | 1/31/2020 | 2020-06877 | 295th Judge Donna Roth | 20-03108 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 12 | La, Duong Tung, *et al.* | 1/27/2020 | 2020-05281 | 133rd Judge Jaclanel McFarland | 20-03085 | McMillan Firm, PLLC | Unopposed |
| 13 | Young, Eric, *et al.* | 2/3/2020 | 2020-07378 | 125th Judge Kyle Carter | 20-03107 | Cain & Skarnulis LLP / Arnold & Itkin LLP | Unopposed |
| 14 | Avitia, Antorion & Rose | 2/4/2020 | 2020-08069 | 269th Judge Cory Don Sepolio | 20-03105 | Manuel Solis, PC | |
| 15 | Cruz, Gilberto Mendoza and Massiel Nunez, individually and as Next Friend of I.M. and A.M. | 2/4/2020 | 2020-08019 | 129th Judge Michael Gomez | 20-03088 | McMillan Firm, PLLC | Unopposed |

# Exhibit A

Schedule of Watson Explosion Litigation

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 16 | Figueroa, Gilberto and Isabella Figueroa | 2/4/2020 | 2020-08062 | 61st Judge Fredericka Phillips | 20-03090 | McMillan Firm, PLLC | Unopposed |
| 17 | Juarez, Anna and Ricardo Carreon | 2/4/2020 | 2020-08058 | 334th Judge Steven Kirkland | 20-03093 | Law Offices of Manuel Solis, PC | |
| 18 | Olvera, Hector Mondragon and Esmeralda Gonzalez Garcia Individually and as Next Friend of F.M., Z.M. (Minors) | 2/4/2020 | 2020-08060 | 133rd Judge Jaclanel McFarland | 20-03106 | McMillan Firm, PLLC | |
| 19 | Pelcastre, Esteban | 2/4/2020 | 2020-08078 | 127th Judge R.K. Sandill | 20-03095 | Law Offices of Manuel Solis, PC | |
| 20 | Trejo, Maria Isabel  and Javier Lopez Herrera | 2/4/2020 | 2020-08054 | 80th Judge Larry Weiman | 20-03089 | McMillan Firm, PLLC | Unopposed |
| 21 | Ferrufino, Ema | 2/5/2020 | 2020-08241 | 190th Judge Beau Miller | 20-03103 | Law Offices of Manuel Solis, PC | |
| 22 | Houston Corvette Service, Inc., Stingray Energy, LLC, and Gordon Andrus | 2/5/2020 | 2020-08220 | 152nd Judge Robert Schaffer | 20-03087 | Terry & Thweatt, PC | Unopposed |
| 23 | Le, Chris, et al. | 2/6/2020 | 2020-08475 | 234th Judge Lauren Reeder | 20-03110 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 24 | S & I Realty, LLC | 2/6/2020 | 2020-08595 | 151st Judge Mike Engelhart | 20-03168 | The Law Offices of Kevin Michael Madden, P.L.LC. | |
| 25 | Delaunay, Richard , et al . | 2/7/2020 | 2020-08869 | 234th Judge Lauren Reeder | 20-03143 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 26 | Martinez, Sonia | 2/10/2020 | 2020-09409 | 333rd Judge Daryl Moore | 20-03166 | Terry & Thweatt, PC | Unopposed |
| 27 | Le, Hung Long & Thi Thuy Nguyen | 2/12/2020 | 2020-10021 | 270th Judge Dedra Davis | 20-03104 | McAllister Law Office of Robert Jr. PC | |
| 28 | Abdulla, Yousef & Houston Auto Tech, Inc. | 2/14/2020 | 2020-10652 | 190th Judge Beau Miller | 20-03098 | Lassister Law Firm | |
| 29 | Wallingsford, William, et al. | 3/25/2020 | 2020-19265 | 80th Judge Larry Weiman | 20-03383 | The Buzbee Law Firm | |
| 30 | Santillana, Juan, et al. | 4/24/2020 | 2020-25744 | 61st Judge Fredericka Phillips | 20-03145 | McMillan Firm, PLLC | Unopposed |

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 31 | Santana, Salvador | 6/25/2020 | 2020-38123 | 269th Judge Cory Don Sepolio | 20-03233 | Clark, Love & Hutson, PLLC | |
| 32 | Clear Blue Insurance, *et al*. | 6/24/2020 | 2020-37921 | 234th Judge Lauren Reeder | 20-03257 | Cozen O'Connor | |
| 33 | Nationwide General Insurance Company, *et al*. | 6/24/2020 | 2020-37778 | 165th Judge Ursula A. Hall | 20-03235 | Law Office of Amy L. Mitchell | |
| 34 | Kartlie, Karen | 6/25/2020 | 2020-38037 | 234th Judge Lauren Reeder | 20-03227 | Clark, Love & Hutson, PLLC | |
| 35 | Lima, Hortensia and Flores, Edward | 6/23/2020 | 2020-37607 | 270th Judge Dedra Davis | 20-03226 | Clark, Love & Hutson, PLLC | |
| 36 | Novaez, Guiomar III, and Novaez, Melinda | 6/25/2020 | 2020-38058 | 189th Judge Scot "Dolli" Dollinger | 20-03225 | Clark, Love & Hutson, PLLC | |
| 37 | Solorzano, Jose, and Maria Solorzano | 6/25/2020 | 2020-38108 | 270th Judge Dedra Davis | 20-03234 | Clark, Love & Hutson, PLLC | |
| 38 | Tipton, Roy and Marlene Tipton | 6/25/2020 | 2020-38103 | 127th Judge R.K. Sandill | 20-03228 | Clark, Love & Hutson, PLLC | |
| 39 | National Lloyds Ins. Co. | 6/29/2020 | 2020-38656 | 55th Judge Latosha Payne | 20-03238 | Doyen Sebesta & Poelma, LLLP | |
| 40 | Banh, Tuyet Nga Thi, *et al*. | 6/30/2020 | 2020-39065 | 113th Judge Rabeea Sultan Collier | 20-03343 | Arnold & Itkin LLP | Unopposed |
| 41 | Aguilar, Elva *et al*. | 7/1/2020 | 2020-39353 | 133rd Judge Jaclanel McFarland | 20-03261 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 42 | Castrejon, Maria, *et al*. | 7/1/2020 | 2020-39335 | 270th Judge Dedra Davis | 20-03259 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 43 | Olivo, Francisco, *et al*. | 7/1/2020 | 2020-39332 | 125th Judge Kyle Carter | 20-03346 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 44 | Ortiz, Soany S. Maradiago, *et al*. | 7/1/2020 | 2020-39320 | 334th Judge Steven Kirkland | 20-03347 | Anthony Peterson, LLP | |
| 45 | Quinonez, Magda, *et al*. | 7/1/2020 | 2020-39333 | 333rd Judge Daryl Moore | 20-03356 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |

Schedule of Watson Explosion Litigation

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 46 | Acadia Ins. Co. | 7/2/2020 | 2020-39452 | 127th Judge R.K. Sandill | 20-03289 | Law Offices of Robert A. Stutman, P.C. | |
| 47 | Basurto, Yuliana, *et al*. | 7/1/2020 | 2020-39387 | 152nd Judge Robert Schaffer | 20-03344 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 48 | Flores, Jose Alfredo, *et al*. | 7/2/2020 | 2020-39415 | 157th Judge Tanya Garrison | 20-03362 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 49 | Jackson, Michael, *et al*. | 7/2/2020 | 2020-39434 | 269th Judge Cory Don Sepolio | 20-03372 | Robbins Cloud LLP | |
| 50 | King, Robb, *et al*. | 7/2/2020 | 2020-39460 | 333rd Judge Daryl Moore | 20-03373 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 51 | Rangel, Sean Robert | 7/2/2020 | 2020-39663 | 129th Judge Michael Gomez | 20-03285 | Fernelius Simon Mace Robertson Perdue, PLLC | |
| 52 | Travelers Indemnity Co., *et al*. | 7/2/2020 | 2020-39673 | 80th Judge Larry Weiman | 20-03284 | Munck Wilson Mandala, LLP | |
| 53 | Castorena, Jr. Gerardo, *et al*. | 7/6/2020 | 2020-39838 | 281st Judge Christine Weems | 20-03379 | Shrader & Associates, LLP | Unopposed |
| 54 | Estrada, Concepcion, *et al*. | 7/6/2020 | 2020-39709 | 127th Judge R.K. Sandill | 20-03302 | Beck Redden, LLP | |
| 55 | Moreno, Juana, *et al*. | 7/6/2020 | 2020-39717 | 295th Judge Donna Roth | 20-03292 | Beck Redden, LLP | |
| 56 | A&H Auto Tech | 7/6/2020 | 2020-40095 | 152nd Judge Robert Schaffer | 20-03369 | Dick Law Firm, PLLC | |
| 57 | Allstate Fire & Casualty Insurance Company *et al*. | 7/6/2020 | 2020-39991 | 129th Judge Michael Gomez | 20-03291 | Grotefeld Hoffman, LLP | |
| 58 | Alvarez, Melissa, *et al*. | 7/6/2020 | 2020-39968 | 189th Judge Scot "Dolli" Dollinger | 20-03283 | McMillan Firm, PLLC | Unopposed |
| 59 | Balderas, Gloria, *et al*. | 7/6/2020 | 2020-39931 | 80th Judge Larry Weiman | 20-03287 | McMillan Firm, PLLC | Unopposed |
| 60 | Figueroa, Gilberto, *et al*. | 7/6/2020 | 2020-39924 | 61st Judge Fredericka Phillips | 20-03384 | McMillan Firm, PLLC | Unopposed |

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 61 | Graciano, Juan Garcia and Olga Sifuentes Ipina | 7/6/2020 | 2020-39925 | 190th Judge Beau Miller | 20-03300 | McMillan Firm, PLLC | Unopposed |
| 62 | Hernandez, Maria Lordes, *et al*. | 7/6/2020 | 2020-39956 | 334th Judge Steven Kirkland | 20-03282 | McMillan Firm, PLLC | Unopposed |
| 63 | La, Duong Tung, *et al*. | 7/6/2020 | 2020-39864 | 157th Judge Tanya Garrison | 20-03386 | McMillan Firm, PLLC | Unopposed |
| 64 | Nguyen, Myca, *et al*. | 7/6/2020 | 2020-39698 | 333rd Judge Daryl Moore | 20-03305 | Ebanks Smith & Carlson LLP | |
| 65 | Nunez, Massiel, *et al*. | 7/6/2020 | 2020-40011 | 151st Judge Mike Engelhart | 20-03382 | The McMillan Law Firm | Unopposed |
| 66 | Olvera, Hector Mondragon and Esmeralda Gonzalez Garcia Individually and as Next Friend of F.M., Z.M. (Minors) | 7/6/2020 | 2020-39996 | 11th Judge Kristen Brauchle Hawkins | 20-03389 | McMillan Firm, PLLC | Unopposed |
| 67 | Santillana, Juan, et al. | 7/6/2020 | 2020-39950 | 125th Judge Kyle Carter | 20-03286 | McMillan Firm, PLLC | Unopposed |
| 68 | Saucedo, Mayra Individually and as Next Friend of I.F. (Minor) and Melanie Rojas | 7/6/2020 | 2020-39955 | 215th Judge Elaine Palmer | 20-03350 | McMillan Firm, PLLC | Unopposed |
| 69 | Valdez, Baldemar and Valdez, Maria | 7/6/2020 | 2020-40054 | 129th Judge Michael Gomez | 20-03288 | McMillan Firm, PLLC | Unopposed |
| 70 | Vega, Alfonso, *et al*. | 7/6/2020 | 2020-39923 | 55th Judge Latosha Payne | 20-03301 | Law Offices of Manuel Solis, PC | |
| 71 | Adams, Johnyce | 7/7/2020 | 2020-40081 | 125th Judge Kyle Carter | 20-03376 | Brent Coon & Associates | |
| 72 | Agular, Saul, *et al*. | 7/6/2020 | 2020-40010 | 125th Judge Kyle Carter | 20-03349 | McMillan Firm, PLLC | Unopposed |
| 73 | Alvarado, Ivan, et al. | 7/7/2020 | 2020-40194 | 125th Judge Kyle Carter | 20-03352 | Triplett Law Firm | |
| 74 | Ambriz, Marlen (Individually and as Next Friend of S.A., E.A., E.M. (Minors), and Kelly Chavez | 7/7/2020 | 2020-39916 | 127th Judge R.K. Sandill | 20-03367 | McMillan Firm, PLLC | Unopposed |
| 75 | Arreola, Humberto | 7/7/2020 | 2020-40208 | 190th Judge Beau Miller | 20-03329 | McMillan Firm, PLLC | Unopposed |

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 76 | Burnam, Phillip and Desztini Southall, individually, and as next friends and guardians of P.B. and P.B., minors | 7/7/2020 | 2020-40245 | 152nd Judge Robert Schaffer | 20-03385 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner Zehl & Associates | Unopposed |
| 77 | Daniel, D Reagan (III) | 7/7/2020 | 2020-40339 | 152nd Judge Robert Schaffer | 20-03313 | Terry & Thweatt, PC | Unopposed |
| 78 | Decorus Manufacturing Co. | 7/7/2020 | 2020-40270 | 234th Judge Lauren Reeder | 20-03322 | Terry & Thweatt, PC | Unopposed |
| 79 | Delaunay, Richard | 7/7/2020 | 2020-40230 | 281st Judge Christine Weems | 20-03330 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 80 | Essentia Ins. Co., *et al* . | 7/7/2020 | 2020-40243 | 133rd Judge Jaclanel McFarland | 20-03326 | Matthiesen, Wickert & Lehrer, S.C. | |
| 81 | Famela LLC | 7/7/2020 | 2020-40337 | 152nd Judge Robert Schaffer | 20-03315 | Terry & Thweatt, PC | Unopposed |
| 82 | Flores, Margarita, Individually and as personal representative of the estate of Frank Flores, Maggie Rivera and Fabian Flores | 7/7/2020 | 2020-40216 | 11th Judge Kristen Brauchle Hawkins | 20-03380 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 83 | Flores, Miranda Marcelina | 7/7/2020 | 2020-40333 | 133rd Judge Jaclanel McFarland | 20-03363 | Terry & Thweatt, PC | Unopposed |
| 84 | Goff, Carole  Kmhj, Ltd. | 7/7/2020 | 2020-40254 | 270th Judge Dedra Davis | 20-03388 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |
| 85 | Hartford Fire Ins. Co., | 7/7/2020 | 2020-40232 | 190th Judge Beau Miller | 20-03328 | Doyen Sebesta & Poelma, LLLP | |
| 86 | Hopkins, Corliss | 7/7/2020 | 2020-40309 | 11th Judge Kristen Brauchle Hawkins | 20-03317 | Cristobal M. Galindo, P.C. | |
| 87 | Mabry, Alex | 7/7/2020 | 2020-39914 | 295th Judge Donna Roth | 20-03332 | McMillan Firm, PLLC | Unopposed |
| 88 | Marquez, Carlos | 7/7/2020 | 2020-40347 | 164th Judge Michael Landrum | 20-03306 | Terry & Thweatt, PC | Unopposed |
| 89 | Matias, Maria, et. Al. | 7/7/2020 | 2020-39919 | 11th Judge Kristen Brauchle Hawkins | 20-03342 | McMillan Firm, PLLC | Unopposed |
| 90 | Matzar, Luis, *et al* . | 7/7/2020 | 2020-40297 | 151st Judge Mike Engelhart | 20-03321 | Pierce Skrabanek PLLC | |

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 91 | Montes, Alfredo | 7/7/2020 | 2020-40269 | 157th Judge Tanya Garrison | 20-03324 | Mestemaker, Straub & Zumwalt | |
| 92 | National General Insurance Company, *et al*. | 7/7/2020 | 2020-40244 | 215th Judge Elaine Palmer | 20-03325 | Berger, Kahn | |
| 93 | Ordonez, Michelle, Individually and as Next Friend of N.C., A.C., and S.G. (Minors) | 7/7/2020 | 2020-39982 | 129th Judge Michael Gomez | 20-03357 | McMillan Firm, PLLC | Unopposed |
| 94 | Rodriguez, Eric (Sr), *et al*. | 7/7/2020 | 2020-40059 | 80th Judge Larry Weiman | 20-03370 | McMillan Firm, PLLC | Unopposed |
| 95 | Sutton, Amanda | 7/7/2020 | 2020-39965 | 281st Judge Christine Weems | 20-03331 | McMillan Firm, PLLC | Unopposed |
| 96 | Trejo, Maria Isabel and Javier Lopez Herrera | 7/7/2020 | 2020-39963 | 55th Judge Latosha Payne | 20-03387 | McMillan Firm, PLLC | Unopposed |
| 97 | Uribe, David and Liliana Rodriguez | 7/7/2020 | 2020-40340 | 125th Judge Kyle Carter | 20-03314 | Terry & Thweatt, PC | Unopposed |
| 98 | Vaesa, Reymundo Aka Alex Vaesa, *et al*. | 7/7/2020 | 2020-40006 | 165th Judge Ursula A. Hall | 20-03371 | Crowell & Kucera, PLLC | |
| 99 | Vo, Tommy | 7/7/2020 | 2020-40344 | 80th Judge Larry Weiman | 20-03308 | Terry & Thweatt, PC | Unopposed |
| 100 | Wiley, Opal. | 7/7/2020 | 2020-40301 | 189th Judge Scot "Dolli" Dollinger | 20-03318 | Fitts Law Firm, PLLC | |
| 101 | Young, Kelley | 7/7/2020 | 2020-40299 | 281st Judge Christine Weems | 20-03319 | Clark, Love & Hutson, PLLC | |
| 102 | Amica Mutual Insurance Company | 7/8/2020 | 2020-40547 | 234th Judge Lauren Reeder | 20-03360 | Dean G. Pappas Law Firm | |
| 103 | Amm Services, LLC | 7/7/2020 | 2020-40298 | 295th Judge Donna Roth | 20-03320 | Terry & Thweatt, PC | Unopposed |
| 104 | Ayala, Yesenia as Next Friend of I.C. and A.C., Minors | 7/8/2020 | 2020-40565 | 333rd Judge Daryl Moore | 20-03381 | The Alfred Firm | |
| 105 | Carmona, Lucina | 7/8/2020 | 2020-40612 | 165th Judge Ursula A. Hall | 20-03377 | Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner | Unopposed |

**Schedule of Watson Explosion Litigation**

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 106 | Carpino, Michael | 7/8/2020 | 2020-40570 | 113th Judge Rabeea Sultan Collier | 20-03374 | Terry & Thweatt, PC | Unopposed |
| 107 | Columbia Lloyds Ins., *et al* . | 7/8/2020 | 2020-40516 | 133rd Judge Jaclanel McFarland | 20-03358 | Donato, Brown, Pool & Moehlmann | |
| 108 | Cypress Texas Insurance Company | 7/8/2020 | 2020-40426 | 333rd Judge Daryl Moore | 20-03337 | Groelle & Salmon, PA | |
| 109 | Delgado, Victor | 7/8/2020 | 2020-40526 | 270th Judge Dedra Davis | 20-03375 | Kwok Daniel LTD, L.L.P. | Unopposed |
| 110 | Lee, Zee Zhong | 7/8/2020 | 2020-40647 | 125th Judge Kyle Carter | 20-03338 | Potts Law Firm, LLP | |
| 111 | Lu, Binh | 7/8/2020 | 2020-40669 | 215th Judge Elaine Palmer | 20-03334 | Potts Law Firm, LLP | |
| 112 | Ly, Toan D | 7/8/2020 | 2020-40627 | 55th Judge Latosha Payne | 20-03341 | Potts Law Firm, LLP | |
| 113 | Marthieo, Charlene, *et al* . | 7/8/2020 | 2020-40596 | 127th Judge R.K. Sandill | 20-03366 | The Buzbee Law Firm | |
| 114 | Nieves, Albert, *et al* . | 7/8/2020 | 2020-40349 | 281st Judge Christine Weems | 20-03359 | Terry & Thweatt, PC | Unopposed |
| 115 | Peck, Brandi | 7/8/2020 | 2020-40602 | 190th Judge Beau Miller | 20-03351 | The Buzbee Law Firm | |
| 116 | Revuelta, Felipe | 7/8/2020 | 2020-40660 | 152nd Judge Robert Schaffer | 20-03336 | Potts Law Firm, LLP | |
| 117 | Revuelta, Valentine and Leticia Revuelta | 7/8/2020 | 2020-40692 | 164th Judge Michael Landrum | 20-03335 | Potts Law Firm, LLP | |
| 118 | Rodriguez, Jose and Lidia Rodriguez | 7/8/2020 | 2020-40632 | 129th Judge Michael Gomez | 20-03340 | Potts Law Firm, LLP | |
| 119 | Stag Houston 2, LP | 7/8/2020 | 2020-40530 | 152nd Judge Robert Schaffer | 20-03365 | Kane Russell Logan Coleman | |
| 120 | Tran, Hoa | 7/8/2020 | 2020-40556 | 11th Judge Kristen Brauchle Hawkins | 20-03368 | Mostyn Law | |

Schedule of Watson Explosion Litigation

| | Named Plaintiff | File Date | Harris County Cause No. | State Court & Judge | Adversary Proc. | Plaintiffs' Lead Counsel | Unopposed to Motion to Transfer |
|---|---|---|---|---|---|---|---|
| 121 | Tu, Chuyen | 7/8/2020 | 2020-40694 | 164th Judge Michael Landrum | 20-03333 | Potts Law Firm, LLP | |
| 122 | Yu, Tony C | 7/8/2020 | 2020-40634 | 127th Judge R.K. Sandill | 20-03339 | Potts Law Firm, LLP | |
| 123 | Pham, Hoan | 8/21/2020 | 2020-50258 | 129th Judge Michael Gomez | 20-03410 | McMillan Firm, PLLC | Unopposed |
| 124 | Salas, Victor Garcia | 8/21/2020 | 2020-50259 | 133rd Judge Jaclanel McFarland | 20-03412 | McMillan Firm, PLLC | Unopposed |
| 125 | Tovar, Christopher | 8/21/2020 | 2020-50254 | 157th Judge Tanya Garrison | 20-03411 | McMillan Firm, PLLC | Unopposed |
| 126 | Cascata Partners, LLC | 9/21/2020 | 2020-58768 | 270th Judge Dedra Davis | 20-03439 | McMillan Firm, PLLC | Unopposed |

CAUSE NO. 2020-40095

| | | |
|---|---|---|
| **A&H AUTO TECH,** *et al.* | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **152nd JUDICIAL DISTRICT** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** *et al.* | § | |
| | § | |
| **Defendants** | § | **HARRIS COUNTY, TEXAS** |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| **A&H AUTO TECH, AHMED** | § | |
| **CHOUKEID, ALMA CERDA, MIGUEL** | § | |
| **ABREGO, MARK ACREE, SHELLEY** | § | |
| **ACREE, BLAIRE ALVAREZ, MISEAZ** | § | |
| **ALVEAR, YESICA ALVEAR,** | § | **ADVERSARY NO. 20-03369** |
| **INDIVIDUALLY AND AS NEXT** | § | |
| **FRIEND OF A.C. AND L.C., MINORS,** | § | |
| **SEBASTIAN AMAYA, ANA AMAYA,** | § | |
| **MARIA ANDRADE, RAPHAEL** | § | |
| **ARGUETA, NECO ARMSTRONG,** | § | |
| **SARA AVILA, SEAN BACA, JOSEPH** | § | |
| **BACA, MICHAEL BANKS, ROBERT** | § | |
| **BANKS, INDIVIDUALLY AND AS** | § | |
| **NEXT FRIEND OF G.B., MINOR,** | § | |
| **BOSTICK BENSON J.R., RICHARD** | § | |
| **BERGER, KAITLAN BOYD, JOSEPH** | § | |
| **BOYD, DUSTYN BOYD, BILL** | § | |
| **BRADLEY, ANGEL BRITO, CARMEL** | § | |
| **BRITO, THEODORE BROOMES,** | § | |

**Exhibit B**

**DAVID BROWN, MARY BUI, LISA**      §
**BUSH, ARIANA CABALLERO, JOSE**      §
**EUCEDA, GRISELDA CARDENAS,**      §
**MARIANA CARRIZALEZ, GLORIA**      §
**CASTENEDA, INDIVIDUALLY AND**      §
**AS NEXT FRIEND OF J.C. AND R.E.C.,**      §
**MINORS,YOLANDA CHAVES, SANIA**      §
**CHAVEZ, INDIVIDUALLY AND AS**      §
**NEXT FRIEND OF J.E.E., C.G.B. AND**      §
**W.G.B.C., MIORS, WILLIAM**      §
**CLEVENGER, MARIA**      §
**COBARRUBIAS, JESUS**      §
**COBRARRUBIAS, MATTHEW**      §
**COLLAZO, JOSE COLEMENARES,**      §
**GLENDA CRUZ, DANIEL CRUZ,**      §
**OFELIA CRUZ, MARILYN CUE,**      §
**LETICIA CUELLAR, BARBARA**      §
**CULLISON, SYLVIA DE LA PUENTE,**      §
**FLORINA DE LEON, JOSE DE LEON,**      §
**DOMINIC DE PAMPHILIS,**      §
**INDIVIDUALLY AND AS NEXT OF**      §
**FRIEND OF E.P. AND D.P., MINORS,**      §
**YADIRA DELGADO, INDIVIDUALLY**      §
**AND AS NEXT FRIEND OF A.V. AND**      §
**T.V., MINORS, FERNANDO DIAZ, OK**      §
**CUE LEE, HO DONG LEE, LEQUITTA**      §
**EARL, INDIVIDUALLY AND AS NEXT**      §
**FRIEND OF K.B. AND E.S., MINORS,**      §
**BRITTANY ECHETA, DANIEL**      §
**ECHETA, NICHOLAS ARROTO,**      §
**MARIA ELIZALDE, SHELLY MEYER,**      §
**DONALD ERDOS, LAWRENCE**      §
**ERMIS, KVJ JEREMIAH SERIES LLC,**      §
**KVJ JEREMIAH SERIES LLC**      §
**HIGHCREST SERIES, KVJ**      §
**JEREMIAH SERIES LLC**      §
**FRIENDSHIP SERIES, KVJ**      §
**JEREMIAH SERIES, KVJ JEREMIAM**      §
**SERIES LLC ROCKCREST SERIES,**      §
**KVJ JEREMIAH SERIES LLC PECH**      §
**SERIES, MARIA EZCALERA,**      §
**INDIVIDUALLY AND AS NEXT**      §
**FRIEND OF P.G., D.E., M.I.E., N.S.,**      §
**N.S., P.G.G. AND M.G., MINORS,**      §
**MIGUEL ESCOBEDO, MARIA**      §
**ESPINOZA, ELEZAR ESPINOZA,**      §

LUARA FLORES ESTRADA,                    §
INDIVIDUALLY AND AS NEXT                 §
FRIEND OF E.M. ABD A.M., MINORS,         §
ZARETH EVERETT, HUBERT                   §
EVERETT, BRADLEY FENNEN,                 §
MERARI FLORES, INDIVIDUALLY              §
AND AS NEST FRIEND OF P.A.R. AND         §
I.F., MINORS, DEREK ANTHONY              §
FONG, DAVNEY FONG, KEITH                 §
FREISINGER, ROGELIO GARCIA,              §
ANA GARCIA, DAYENI GARCIA,               §
TERESA GARCIA, JOSE GARCIA,              §
ALICIA GARCIA, JUAN GARCIA,              §
LETICIA GARCIA, PEDRO GARCIA,            §
AHMAN GHALAMDANCHI, KAREN                §
GROSSMAN, ROSA GUTIERREZ,                §
COLIN HAGNEY, INDIVIDUALLY               §
AND AS NEXT FRIEND OF S.W., H.G.,        §
C.J., AND H.H., MINORS, NORMAN           §
HASEN JR., MARK HANSON, JOANN            §
HARRIS, DELMI HERRERA                    §
ANTUNEZ, ANA HIPP, OSCAR HIPP,           §
LEYLA HOWARD, INDIVIDUALLY               §
AND AS NEXT FRIEND OF C.B. AND           §
S.H., MINORS, JOSE GORDILLO              §
IBARRA, VICTOR IBARRA,                   §
RODRICK JACKSON, SYLVIA                  §
JACKSON, MARIA JIMENEZ,                  §
HOWARD KIM, JINOK KIM, YUN               §
KIM, MOHAN KULKARNI, JANET               §
LEE, JESSICA LEWIS, STEWARD              §
SHEROLYN LEWIS, INDIVIDUALLY             §
AND AS NEXT FRIEND OF G.S., D.S.,        §
M.J., AND K.C., MINORS, DAVID            §
LOREDO, INDIVIDUALLY AND AS              §
NEXT FRIEND OF M.L.L. AND M.L.,          §
MINORS, PATINO LOUIS, MARIA              §
LOZANA, PEDRO LUNA, DIANA                §
LYONS, KELLY MALADY, ELLENE              §
MANNING, DELORES ZUNIGA,                 §
DANIEL MARTINEZ, FRANSISCA               §
MARTINS, ROTIMI MARTINS, ELIAS           §
MATA, MARK MATTHEWS, TRAVIS              §
MCKELROY, INDIVIDUALLY AND               §
AS NEXT FRIEND OF N.W. AND R.W.,         §
MINORS, CINDY MCRAITH,                   §

**TIMOTHY MCRAITH, GRISELA**                          §
**MEJIA, INDIVIDUALLY AND AS**                        §
**NEXT FRIEND OF M.E.E. AND A.E.,**                   §
**MINORS, JOSE GUTIERREZ, OTILIA**                    §
**MENDOZA, LAZARO MERCADO,**                          §
**INDIVIDUALLY AND AS NEXT**                          §
**FRIEND OF R.M. AND S.M., MINORS,**                  §
**DOLORES MERRITT, PETER**                            §
**MERRITT, ANSELMO MOLINA JR.,**                      §
**NINA MARIE MOORE, BILLY**                           §
**MORENO, GLENDA MORENO, ANA**                        §
**MOSS, DOUGLAS MUIR, THERESA**                       §
**MUIR, ANTONIO MUNOZ,**                              §
**YHAJAIRA MURO, MARIA**                              §
**NAVARRO, JUAN NAVARRO,**                            §
**SOPHIA NAVARRO, BLANCA NERIO,**                     §
**KATHERINE NERIO, PHUONG,**                          §
**NGUYEN, QUAN NGUYEN, VAN**                          §
**NGUYEN, MARIA MONTEZ, SANTOS**                      §
**OBREGON, MELINDA OCHOA,**                           §
**INDIVIDUALLY AND AS NEXT**                          §
**FRIEND OF C.R., C.R.J., AND S.S.,**                 §
**MINORS, SUNG JUN OH, JIN OH,**                      §
**CLAUDIO ORDONEZ, ARLENE**                           §
**OROZCO, INDIVIDUALLY AND AS**                       §
**NEXT FRIEND OF A.O. AND D.O.,**                     §
**MINORS, XAMIERE PARKE,**                            §
**INDIVIDUALLY AND AS NEXT**                          §
**FRIEND OF V.S., D.P. AND J.R.,**                    §
**MINORS, CARLOS PINEDA,**                            §
**WILLIAM PORTER, ALICE RAIA,**                       §
**MARYLYN RAIA, MIGUEL**                              §
**REMIREZ, INDIVIDUALLY AND AS**                      §
**NEXT OF FRIEND OF M.D. A.R.,**                      §
**J.J.C., AND A.C.C., MINORS, HERBER**                §
**MOLINA, ELSIORITZ RAMOS, AN**                       §
**ITA REYES, VERVITA RICHARDSON,**                    §
**DANNY RIGGINGS, LORETTA**                           §
**RILEY, HAROLD RILEY, JOSE**                         §
**RIVERA, MARIA RIVERA, JOSE**                        §
**RODRIGUEZ, MARIA RODRIGUEZ,**                       §
**NOE RODRIGUEZ, NOELIA**                             §
**RODRIGUEZ, SAMUEL RUFFINO,**                        §
**LETICIA SANCHEZ, ELVIS**                            §
**SANDOVAL, ISABEL SANDOVAL,**                        §
**GENOVA SANDOVAL, JOYCE**                            §

**SCOTT, MIGUEL SEGOVIA, ANA SEGOVIA, FELIPE SEGOVIA, SELLERS MAYORGA MARGUERITE, ANATOLY SHUVAYEV, BENNIE SMITH, DEBRA SMITH, INDIVIDUALLY AND AS NEXT FRIEND OF R.J., MINOR, LEOLA SMITH, EDUARDO SOTO, HUMBERTO SOTOMAYOR, SHANNON STEIN, PAUL STEIN, CARLA STEVENS, MELVIN SULLIVAN, SHIRLEY SULLIVAN, GEGE SUTTMAN, FLOR TALAVERA, ROBERT HERNANDEZ, KATHERINE THOMAS, ESTER THOMPSON, STEVEN TIJERINA, WILMER VARGAS, EUDOCIA TOBAR, MARTIN TORRES, LONG TRAN, NGHI TRAN, MARIA TRUJILLO, GUADALUPE VALDEZ, NORMA VALDEZ, ANNE BRUSETT, JORGE VERAR, KARYNE WEED, ROBERT WEED, TRACY WHEELER, CEDRIC WHITENING, ANDY LIN, YANGXIGO YIN, KIMBERELY YOUNG, CLAUDIA ZUNIGA, INDIVIDUALLY AND AS NEXT FRIEND OF J.A. AND B.A., MINORS, AMICAR ALVANA, AND GLORIA RUIZ,**

      **Plaintiffs,**

**vs.**

**WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., 3M COMPANY, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., DATAONLINE, LLC, DETCON, INC. D/B/A OLDHAM, FIRESTONE CRYOGENICS, INC, FIRESTONE CRYOGENIC EQUIPMENT, INC., INDUSTRIAL SCIENTIFIC CORPORATION, KMHJ, LTD., KMHJ**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**MANAGEMENT COMPANY, LLC,** §
**MATHESON TRI-GAS, INC.,** §
**TELEDYNE EXPLORATION** §
**COMPANY, TRCC, LLC, TELEDYNE** §
**TECHNOLOGIES, INC., F/K/A** §
**DETCON, INC., AND WESTERN** §
**INTERNATIONAL GAS &** §
**CYLINDERS, INC.,** §
§
      **Defendants.** §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
| --- | --- |
| DICK LAW FIRM, PLLC<br>Eric B. Dick, LL.M.<br>3701 Brookwoods Dr.<br>Houston, TX 77092-8317<br>(844) 447-3234 Office<br>eric@dicklawfirm.com | DICK LAW FIRM, PLLC<br>Eric B. Dick, LL.M.<br>3701 Brookwoods Dr.<br>Houston, TX 77092-8317<br>(844) 447-3234 Office<br>eric@dicklawfirm.com |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-10652

| | | |
|---|---|---|
| YOUSEF ABDULLA AND HOUSTON AUTO TECH, INC., | §<br>§<br>§ | IN THE DISTRICT COURT |
| **Plaintiffs** | §<br>§ | |
| vs. | §<br>§ | 190th JUDICIAL DISTRICT |
| WATSON VALVE SERVICES, INC.<br>AND WATSON GRINDING AND<br>MANUFACTURING CO. | §<br>§<br>§<br>§<br>§ | |
| **Defendants** | §<br>§ | HARRIS COUNTY, TEXAS |

+++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | §<br>§ | |
| WATSON GRINDING &<br>MANUFACTURING CO., | §<br>§<br>§ | CASE NO. 20-30967 |
| **Debtor.** | §<br>§ | (Chapter 11) |

---

| | | |
|---|---|---|
| YOUSEF ABDULLA, *et al.*, , | §<br>§ | |
| **Plaintiffs,** | §<br>§ | |
| vs. | §<br>§ | ADVERSARY NO. 20-03098 |
| WATSON GRINDING AND<br>MANUFACTURING CO., *et al.*, | §<br>§<br>§ | |
| **Defendants.** | §<br>§ | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| LASSITER LAW FIRM<br>James M. Lassiter, III<br>Timothy M. McHale<br>Mohammed H. Nabulsi<br>Hannah G. Johannes<br>3120 Southwest Freeway, Suite 650<br>Houston, Texas 77098<br>(713) 521-0104<br>(713) 521-0103 – Fax<br>service@lassiterlaw.net | LASSITER LAW FIRM<br>James M. Lassiter, III<br>Timothy M. McHale<br>Mohammed H. Nabulsi<br>Hannah G. Johannes<br>3120 Southwest Freeway, Suite 650<br>Houston, Texas 77098<br>(713) 521-0104<br>(713) 521-0103 – Fax<br>service@lassiterlaw.net |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39452

| | | |
|---|---|---|
| **ACADIA INSURANCE COMPANY,** | § | **IN THE DISTRICT COURT** |
| **RANCHERS & FARMERS** | § | |
| **MUTUAL INSURANCE COMPANY,** | § | |
| **HOMESITE INSURANCE COMPANY,** | § | |
| **AMERICAN FAMILY CONNECT** | § | |
| **PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY formerly** | § | |
| **known as IDS PROPERTY CASUALTY** | § | |
| **INSURANCE COMPANY, FEDERATED** | § | |
| **MUTUAL INSURANCE COMPANY, and** | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **127ᵀᴴ DISTRICT COURT** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, INC. and** | § | |
| **MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **ACADIA INSURANCE COMPANY, et al.,** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | **Adversary No. 20-03289** |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Thomas J. Underwood, Jr.<br>LAW OFFICES OF ROBERT A. STUTMAN, P.C<br>20 East Taunton Road, Suite 403<br>Berlin, NJ 08009<br>Telephone: (856) 767-6800 ext. 16<br>Facsimile: (856) 767-6810<br>Email: underwoodt@stutmanlaw.com | Zachary M. Groover<br>LAW OFFICES OF ROBERT A. STUTMAN, P.C<br>5068 W. Plano Parkway, Suite 260<br>Plano, Texas 75093<br>Telephone: (469) 782-9797 ext. 156<br>Facsimile: (214) 382-0915<br>Email: grooverz@stutmanlaw.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-40081

| | | |
|---|---|---|
| JOHNCYE ADAMS, ADAM ALANI, | § | IN THE DISTRICT COURT OF |
| MARK ALLEN, JOSIAH ANDERSON, | § | |
| JOHN ANDRESEN, FERNANDO | § | |
| ARIAS, MIKE AYERS, MICHAEL | § | |
| BERRY, TRICIA BERRY, VINCENTE | § | |
| CARDOSO, TARA CARTER, ANNA | § | |
| CASTRO, REDA CHOUKAIR, | § | |
| RONNIE ELLIS, JOHNATHAN | § | |
| GALVAN, LINDA GARCIA, MARTIN | § | |
| GARCIA, VERONICA GARCIA, | § | |
| DAPHNE GRIFFIN, DELLIA HALL, | § | |
| FAY HALL, LESLIE HALL, | § | |
| DA'ARON HARMON, MICHAEL | § | |
| JEFFCOAT, DWANAE JORDEN, | § | |
| ALEXANDER LEE, HERBERT | § | |
| MADURO, EMMALINA MARTINEZ, | § | |
| VALERIANO MENDOZA, ERIC | § | |
| MORALES, ROLANDO MORALES, | § | |
| SALVADOR MORALES, | § | |
| ALEJANDRO MORENO, ERICA | § | |
| MORENO, JASMINE MORENO, | § | |
| MIGUEL MORENO, REBECCA | § | |
| MORENO, EDUARDO OCON, | § | |
| CHRISTOPHER OLIVO, | § | |
| FRANCISCO OLIVO, JOHNATHAN | § | |
| OLIVO, MARIA OLIVO, ERIC | § | |
| QUILL, EUNICE QUILL, RAY | § | |
| RILEY, RITA RIVERA, JOSE | § | |
| SANCHEZ, LARRY SELIGMANN, | § | |
| DALE SINGLETON, NADIA SLACK, | § | |
| RICARDO SUTTON, JOSHUA TIBBS, | § | |
| JOSE VAZAUEZ, LENETTA | § | |
| WEBBERT, TEMIKA WEBBERT, | § | |
| JOSEPH WELLS, JACLYN | § | |
| WILLIAMS, STEFANIE YOUNG, | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO., | § | |
| *Defendants.* | § | 125TH JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **JOHNCYE ADAMS, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 20-03376** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| BRENT COON & ASSOCIATES | BRENT COON & ASSOCIATES |
| Matthew R. Willis | Matthew R. Willis |
| Matt.willis@bcoonlaw.com | Matt.willis@bcoonlaw.com |
| 300 Fannin, Suite 200 | 300 Fannin, Suite 200 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| (713) 225-1682 | (713) 225-1682 |
| (713) 225-1785 - Fax | (713) 225-1785 - Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39353

| | | |
|---|---|---|
| ELVA AGUILAR, JAIME ZARATE, JUAN ZARATE and VICTOR ZARATE | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC INDUSTRIAL SCIENTIFIC CORPORATION, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC. | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | 133rd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| *Debtor.* | § § § | |

| | |
|---|---|
| ELVA AGUILAR, JAIME ZARATE, JUAN ZARATE AND VICTOR ZARATE | § § § § § |

|  |  |  |
|---|---|---|
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | **Adversary No. 20-03261** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **ET AL.** | § | |
| | § | |
| *Defendants.* | | |

| <u>**Plaintiffs' Adversary Counsel:**</u> | <u>**Plaintiffs' State Court Counsel:**</u> |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>Steve Hollingsworth<br>HOLLINGSWORTH LAW FIRM, PLLC<br>2200 North Loop West, Suite 123<br>Houston, TX 77018<br>(713) 637-4560 – Tel<br>(713) 474-9017 – Fax<br>steveh@hollingsworthlawfirm.com |

**_*See Last Page for Defense Counsels' Contact Information*_**

CAUSE NO. 2020-40010

| | | |
|---|---|---|
| SAUL AGUILAR AND DELIA AGUILAR, INDIVIDUALLY AND AS NEXT OF FRIENDS TO Y.A. AND Y.A. (MINORS) | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 125th JUDICIAL DISTRICT |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| **SAUL AGUILAR AND DELIA AGUILAR, INDIVIDUALLY AND AS NEXT FRIENDS TO Y.A. AND Y.A., MINORS,** | § § § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **ADVERSARY NO. 20-03349** |
| **WATSON VALVE SERVICES, INC., et al.,** | § § § | |
| **Defendants.** | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39991

| | | |
|---|---|---|
| **ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE TEXAS LLOYDS, ALLSTATE INDEMNITY COMPANY, STATE FARM LLOYDS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, LIGHTHOUSE PROPERTY INSURANCE CORPORATION, LIBERTY INSURANCE CORPORATION, LIBERTY LLOYDS OF TEXAS INSURANCE COMPANY, AND SAFECO INSURANCE COMPANY OF INDIANA,** | § § § § § § § § § § § § § § § § § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § § | |
| | § | |
| **v.** | § § | |
| | § | |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ. LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC.,** | § § § § § § § § | |
| | § | |
| *Defendants.* | § § | **129th JUDICIAL DISTRICT** |

**HARRIS COUNTY, TEXAS**

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| **ALLSTATE FIRE & CASUALTY** | § | |
| **INSURANCE COMPANY, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **ADVERSARY NO. 20-03291** |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| <u>Plaintiffs' Adversary Counsel</u>: | <u>Plaintiffs' State Court Counsel</u>: |
|---|---|
| GROTEFELD HOFFMANN LLP | GROTEFELD HOFFMANN LLP |
| Mark S. Grotefeld | Mark S. Grotefeld |
| Anooj M. Thakrar | Anooj M. Thakrar |
| 6034 West Courtyard Drive, Suite 200 | 6034 West Courtyard Drive, Suite 200 |
| Austin, Texas 78730 | Austin, Texas 78730 |
| (737) 226 – 5320 – Tel | (737) 226 – 5320 – Tel |
| (312) 601 – 2402 – Fax | (312) 601 – 2402 – Fax |
| mgrotefeld@ghlaw-llp.com | mgrotefeld@ghlaw-llp.com |
| athakrar@ghlaw-llp.com | athakrar@ghlaw-llp.com |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-40194

| | | |
|---|---|---|
| IVAN ALVARADO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF A.A., I.A., | § | |
| AND I.A. JR., MINOR CHILDREN, | § | |
| BRENDA ALVARADO, JOSE | § | |
| CALDERON, INDIVIDUALLY, AND | § | |
| AS NEXT FRIEND OF A.C., MINOR | § | |
| CHILD, AND MARICELA | § | |
| CALDERON, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| vs. | § | 125th JUDICIAL DISTRICT |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC | § | |
|     *Defendants.* | § | HARRIS COUNTY, TEXAS |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
|     Debtor. | | |

_____

| | | |
|---|---|---|
| IVAN ALVARADO, INDIVIDUALLY | § | |
| AND AS NEXT, et al., | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | ADVERSARY NO. 20-03352 |
| vs. | § | |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., *et al.*, | § | |
| | § | |
|     Defendants. | | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TRIPLETT LAW FIRM<br>Toni M. Triplett<br>1445 North Loop West, Suite 650<br>Houston, Texas 77018<br>(713) 290-1670<br>(713) 290-1681 – Fax<br>Triplettlaw@yahoo.com | TRIPLETT LAW FIRM<br>Toni M. Triplett<br>1445 North Loop West, Suite 650<br>Houston, Texas 77018<br>(713) 290-1670<br>(713) 290-1681 – Fax<br>Triplettlaw@yahoo.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39968

| | | |
|---|---|---|
| MELISSA ALVAREZ, MARIA GILES, MARCO MURILLO, ELIZABETH SALAZAR, JAVIER SALAZAR, AND MARIA VIERA | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ. LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | 189th JUDICIAL DISTRICT |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-39968** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **MELISSA ALVAREZ, MARIA GILES,** | § | |
| **MARCO MURILLO, ELIZABETH** | § | |
| **SALAZAR, JAVIER SALAZAR, AND** | § | |
| **MARIA VIERA,** | § | |
| | § | **ADVERSARY NO. 20-03283** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39916

| | | |
|---|---|---|
| MARLEN AMBRIZ, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT OF FRIEND OF S.A., | § | |
| E.A., E.M. (MINORS), AND KELLY | § | |
| CHAVEZ | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, MATHESON TRI-GAS, INC., | § | |
| WESTERN INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., ARC SPECIALTIES, | § | |
| INC., AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A DETCON | § | |
| INC., TELEDYNE EXPLORATION | § | |
| COMPANY, DETCON, INC. D/B/A | § | |
| OLDHAM, TELEDYNE DETCON, INC., | § | |
| 3M COMPANY, TRCC, LLC, | § | |
| DATAONLINE, LLC, AND INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION | § | |
| | § | |
| **Defendants.** | § | 127th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **MARLEN AMBRIZ, INDIVIDUALLY** | § | |
| **AND AS NEXT OF FRIEND OF S.A.,** | § | |
| **E.A. AND E.M., (MINORS) AND** | § | |
| **KELLY CHAVEZ,** | § | |
| | § | **ADVERSARY NO. 20-03367** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40547

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC., | § § § § § § § § | |
| Defendants. | § | 234th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § | CASE NO. 20-30967 |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | § § | |
| | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 20-03360 |
| v. | § | |
| | § | |
| WATSON VALVE SERVICES, INC., et al., | § § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| DEAN G. PAPPAS LAW FIRM, PLLC<br>Dean G. Pappas<br>Mary M. Markantonis<br>Frank G. Vlahakos<br>Teylor E. Mark<br>8588 Katy Freeway, Suite 100<br>Houston, Texas 77024<br>dpappas@dgplawfirm.com<br>mmarkantonis@dgplawfirm.com<br>fvlahakos@dgplawfirm.com<br>tmark@dgplawfirm.com<br>(713) 914-6200 – Tel<br>(713) 914-6201 – Fax | DEAN G. PAPPAS LAW FIRM, PLLC<br>Dean G. Pappas<br>Mary M. Markantonis<br>Frank G. Vlahakos<br>Teylor E. Mark<br>8588 Katy Freeway, Suite 100<br>Houston, Texas 77024<br>dpappas@dgplawfirm.com<br>mmarkantonis@dgplawfirm.com<br>fvlahakos@dgplawfirm.com<br>tmark@dgplawfirm.com<br>(713) 914-6200 – Tel<br>(713) 914-6201 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40298

| | | |
|---|---|---|
| AMM SERVICES, LLC AND MARY BUI, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, ARC SPECIALTIES, INC., | § | |
| AUTOMATION  PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| **Defendants.** | § | 295th JUDICIAL DISTRICT COURT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| AMM SERVICES, LLC AND MARY BUI, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03320 |
| | § | |
| WATSON VALVE SERVICES, INC., et al., | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com<br><br>KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com<br><br>BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com<br><br>KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40208

| | | |
|---|---|---|
| **HUMBERTO ARREOLA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, MATHESON TRI-GAS, INC.,** | § | |
| **WESTERN INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., ARC SPECIALTIES,** | § | |
| **INC., AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENICS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A DETCON** | § | |
| **INC., TELEDYNE EXPLORATION** | § | |
| **COMPANY, DETCON, INC. D/B/A** | § | |
| **OLDHAM, TELEDYNE DETCON, INC.,** | § | |
| **3M COMPANY, TRCC, LLC,** | § | |
| **DATAONLINE, LLC, AND INDUSTRIAL** | § | |
| **SCIENTIFIC CORPORATION** | § | |
| | § | |
| *Defendants.* | § | **190th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **HUMBERTO ARREOLA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03329** |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08069

| | | |
|---|---|---|
| ANTORION AVITIA and<br>ROSE AVITIA, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., WATSON | § | |
| COATINGS LABORATORY, KMHJ | § | |
| MANAGEMENT COMPANY, LLC, AND | § | |
| KMHJ, LTD., | § | |
| | § | |
| *Defendants* | § | 269th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| ANTORION AVITIA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03105 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., et al., | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com | LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40565

| | | |
|---|---|---|
| Yesenia Ayala, as Next Friend of I.C. and A.C., Minors, | § § § | In the District Court of |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| Matheson Tri-Gas, Inc., Western International Gas & Cylinders, Inc., KMHJ, Ltd., KMHJ Management Company, LLC, ARC Specialties, Inc., Automation Plus, Inc., Automation Process, Inc., Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., TRCC, LLC, Detcon, Inc. d/b/a Oldham, Teledyne Detcon, Inc., 3M Company, DataOnline, LLC, and Industrial Scientific Corporation | § § § § § § § § § § § § § § | Harris County, Texas |
| *Defendants.* | § | 333rd Judicial District |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON VALVE SERVICES, INC., | § § | CASE NO. 20-30968 |
| Debtor. | § § | (Chapter 11) |

| | | |
|---|---|---|
| YESENIA AYALA, AS NEXT FRIEND OF I.C. AND A.C., MINORS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03381 |
| MATHESON TRI-GAS, INC., et al., | § § | |
| Defendants. | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| THE ALFRED FIRM<br>Bryon C. Alfred<br>Johnny Alfred III<br>2211 Norfolk Street<br>Houston, Texas 77098<br>Telephone: 713-470-9714<br>Facsimile: 877-751-7453<br>Byron@alfredfirm.com<br>Johnny@alfredfirm.com<br><br>NELSON M. JONES LAW OFFICES<br>Nelson M. Jones III<br>Mona Gibson James<br>Philip J. Yates<br>440 Louisiana Street, Suite 1575<br>Houston, Texas 77002<br>(713) 236-8736 - Tel<br>(713) 236-8990 – Fax | THE ALFRED FIRM<br>Bryon C. Alfred<br>Johnny Alfred III<br>2211 Norfolk Street<br>Houston, Texas 77098<br>Telephone: 713-470-9714<br>Facsimile: 877-751-7453<br>Byron@alfredfirm.com<br>Johnny@alfredfirm.com |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-05311

| | | |
|---|---|---|
| **Yesenia Ayala, as Next Friday of I.C. and A.C., Minors,** | § | **In the District Court of** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Harris County, Texas** |
| | § | |
| **Watson Valve Services, Inc., Watson Grinding and Manufacturing Co., and Watson Coatings Laboratory,** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | **157th Judicial District Court** |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **CASE NO. 20-30968** |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |

| | | |
|---|---|---|
| **YESENIA AYALA, AS NEXT FRIEND OF I.C. AND A.C., MINORS,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **ADVERSARY NO. 20-03082** |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| THE ALFRED FIRM<br>Bryon C. Alfred<br>Johnny Alfred III<br>2211 Norfolk Street<br>Houston, Texas 77098<br>Telephone: 713-470-9714<br>Facsimile: 877-751-7453<br>Byron@alfredfirm.com<br>Johnny@alfredfirm.com<br><br>NELSON M. JONES LAW OFFICES<br>Nelson M. Jones III<br>Mona Gibson James<br>Philip J. Yates<br>440 Louisiana Street, Suite 1575<br>Houston, Texas 77002<br>(713) 236-8736 - Tel<br>(713) 236-8990 – Fax | THE ALFRED FIRM<br>Bryon C. Alfred<br>Johnny Alfred III<br>2211 Norfolk Street<br>Houston, Texas 77098<br>Telephone: 713-470-9714<br>Facsimile: 877-751-7453<br>Byron@alfredfirm.com<br>Johnny@alfredfirm.com |

*See Last Page for Defense Counsels' Contact Information*

CAUSE NO. 2020-39931

| | | |
|---|---|---|
| GLORIA BALDERAS, JOSE VILLALOBOS, SONIA VILLALOBOS, RICHARD KIRSCHNER, VELIA CASTANEDA, AND PEDRO MONTOYA AND KARINA MONTOYA, INDIVIDUALLY AND AS NEXT OF FRIENDS TO G.M. AND J.M. | § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| **vs.** | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | 80th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **GLORIA BALDERAS,** *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03287** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-39065**

| | | |
|---|---|---|
| Tuyet Nga Thi Banh, et al; | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| *v.* | § | |
| | § | HARRIS COUNTY, TEXAS |
| Watson Grinding and Manufacturing | § | |
| Co; Watson Valve Services, Inc.; | § | |
| KMHJ, Ltd.; KMHJ Management | § | |
| Company, LLC; 3M Company; Firestone | § | |
| Cryogenics, Inc.; Firestone Cryogenic | § | |
| Equipment, Inc; Matheson Tri-Gas, Inc.; | § | |
| Western International Gas & Cylinders, | § | |
| Inc; Teledyne Exploration Company; | § | |
| Teledyne Technologies Inc. f/k/a Detcon, | § | |
| Inc. and Automation Plus, Inc. | § | |
| | § | |
| *Defendants.* | § | 113th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| TUYET NGA THI BANH, VAN VAN | § | |
| LE, ALICIA GONZALEZ, JOEL | § | |
| GONZALEZ MOLINA, ELIZABETH | § | |
| GONZALEZ, BRYAN CRUZ, MARK | § | |
| CRUZ, IRMA DIAZ, JUAN DIAZ, BICH | § | ADVERSARY NO. 20-03343 |
| LIEN BANH, RICARDO LOZANO, | § | |
| JOSE GUERRERO, LEANOR | § | |
| GUERRERO, CARL ANDERSON, IRIS | § | |
| ARCENEAUX,  BEVERLY AYERS, | § | |
| IESHEIA AYERS-WILSON, | § | |
| STEPHANIE BALLARD, | § | |
| INDIVIDUALLY AND AS NEXT | § | |

**FRIEND OF R.B. AND R.J.J.M,** §
**MINORS, CHEYANNE BARNES,** §
**ROGER BARNES, CERMASE BARRY,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF C.B.J., CHERYL BERRY,** §
**ODELL BROADY, JR., JERMAINE** §
**BROWN, SHAWN BROWN, SHAUN** §
**CHILDS, LAKEISHA MCDANIEL,** §
**INDIVIDUALLY, ON BEHALF OF N.C.** §
**AND Z.C., MINORS, AND ON BEHALF** §
**OF THE ESTATE OF KEITH LEWIS,** §
**STEPHANIE CLARK, INDIVIDUALLY** §
**AND AS NEXT FRIEND OF J.C. AND** §
**T.C., DEDRIC CLOUD, EMANUEL** §
**CRUMPTON, KEORIE CRUMPTON,** §
**JOE CURRY, SHANGA DANIEL,** §
**JOHN W. EMERSON, WILLIAM** §
**EVANS, WILLIE RAY EVANS, DEBRA** §
**FABLUJE, TERRANCE EUGENE** §
**FLAX, ECKNOZZIO FONTENOT,** §
**JAWON GAY, EMMER HAGGERTY,** §
**HELEN HAYWOOD, JIM HAYWOOD,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF H.R.H., A MINOR, DAN** §
**HOLCOMB, JR., GREGORY** §
**HOLCOMB, IRVING HOLCOMB,** §
**LENORA HOLCOMB, RICKIE** §
**HOLCOMB, HAROLD HOUSE, JESSE** §
**HUDSON, DARRYL JACKSON, SR.,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF D.J.J., KATINA BROWN,** §
**REGINALD K. JONES, SR., DAMIEN** §
**LAWSON, ALICE LONG, CLEBURNE** §
**LONG, RAPHAEL MALVEAUX,** §
**MARY FRANCES MARTIN-HALL,** §
**DANTE MCDANIEL, LAKEITH** §
**MCKINNEY, JR., INDIVIDUALLY** §
**AND AS NEXT FRIEND OF C.A.M.** §
**AND C.O.M., MINORS, HUMBERTO** §
**MUNGUIA, RASHIED MURRAY,** §
**TYLAR QUALLS, INDIVIDUALLY** §
**AND AS NEXT FRIEND OF S.T.J.,** §
**M.A.D.N., M.A.R.N. AND D.S.,** §
**MINORS, JOHNNIE MAY RAY,** §
**VERNON RAY, LEONARD REED,** §
**SIRRON REED, ASHANAY** §

**ROBERTSON, DERRICK ROSS,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF D.R.J., A MINOR, SHANI**
**SAPP, INDIVIDUALLY AND AS NEXT**
**FRIEND OF D.S., G.S., K.Y.S., K.A.S.,**
**MINORS, KIRK SIMMONS, CALVIN**
**E. SMITH, CHRISTOPHER SMITH,**
**JESSICA TURNER, INDIVIDUALLY**
**AND AS NEXT FRIEND OF J.S. AND**
**L.S., MINORS, LEODIS SMITH,**
**GWENDOLYN STEWART, LIONNEL**
**STEWART, VIRGINIA TAYLOR,**
**PAMELA TINDALL, EUNICE TODD,**
**LATASHA TONEY, HUBESTER**
**URIOSTEGUI, GARY WARREN,**
**TIFFANY WASHINGTON,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF D.S. AND Z. S., MINORS,**
**ERNEST BRUCE WILLIAMS, SR.,**
**ERNEST BRUCE WILLIAMS, JR.,**
**WILLIE MAE WILLIAMS,**
**HOWANIKA WILLIAMS, JOHN**
**HENRY WILLIAMS, JR., TAISHA**
**WILLIAMS, AMERICA WILSON,**
**LATRISHA JORDAN, INDIVIDUALLY**
**AND AS NEXT FRIEND OF C.J., A**
**MINOR, NYDIA MCKINNEY,**
**LAMARCUS MCKINNEY, KEVIN**
**DAVENPORT, ANGELINA BURGE-**
**SHULTS, YONG CHA KIM, KYUNG**
**HEE KIM, LEE HAN KYU, JUNG SOO**
**KIM, YONG DU CHON, KANG SOON**
**CHON, HEE DONG CHO, SONG CHO**
**AND GREGORIO GUERRERO,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**Plaintiffs,**

**v.**

**WATSON GRINDING AND**
**MANUFACTURING CO., WATSON**
**VALVE SERVICES, INC., KMHJ,**
**LTD., KMHJ MANAGEMENT**
**COMPANY, LLC, 3M COMPANY,**
**FIRESTONE CRYOGENICS, INC.,**
**FIRESTONE CRYOGENIC**

§
§
§
§
§
§
§
§
§
§
§
§
§

**EQUIPMENT, INC., MATHESON TRI-**          §
**GAS INC., WESTERN**                        §
**INTERNATIONAL GAS &**                      §
**CYLINDERS, INC., TELEDYNE**                §
**EXPLORATION COMPANY,**                     §
**TELEDYNE TECHNOLOGIES, INC.**              §
**F/K/A DETCON, INC., AND**                  §
**AUTOMATION PLUS, INC.,**                   §
                                             §
   **Defendants.**            §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| CAIN & SKARNULIS PLLC<br>Ryan E. Chapple<br>Email: rchapple@cstrial.com<br>Taylor R. Romero<br>State Bar No. 24088325<br>Email: tromero@cstrial.com<br>400 W. 15th Street, Suite 900<br>Austin, Texas 78701<br>512-477-5000<br>512-477-5011—Facsimile<br><br>BYMAN & ASSOCIATES PLLC<br>Randy W. Williams<br>Email: rww@bymanlaw.com<br>7924 Broadway, Suite 104<br>Pearland, Texas 77581<br>281-884-9261<br>713-654-1871—Facsimile | ARNOLD & ITKIN, LLP<br>Kurt B. Arnold<br>Jason A. Itkin<br>J. Kyle Findley<br>Kala Sellers<br>Adam D. Lewis<br>6009 Memorial Drive<br>Houston, TX 77007<br>Email: e-service@arnolditkin.com<br>karnold@arnolditkin.com<br>jitkin@arnolditkin.com<br>kfindley@arnolditkin.com<br>ksellers@arnolditkin.com<br>alewis@arnolditkin.com<br>watsonteam@arnolditkin.com<br>Tel: 713.222.3800<br>Fax: 713.222.3850 |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-39387

| | | |
|---|---|---|
| **YULIANA BASURTO, INDIVIDUALLY and AS NEXT FRIEND OF K.B. and K.B., MINOR CHILDREN; TAE KIM and BOK KIM; and JIKWANG LEE,** | § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC INDUSTRIAL SCIENTIFIC CORPORATION, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC.** | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | **152nd JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **YULIANA BASURTO, et al.,** | | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | **ADVERSARY NO. 20-03344** |
| **al.,** | § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-05726

| | | |
|---|---|---|
| **Phillip Burnam and Deztini Southall, individually, and as next friends and guardians of P.B. and P.B., minors,** | § § § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs** | § | **165ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **vs.** | § | |
| | § | |
| **Watson Grinding and Manufacturing Co.,** | § | |
| | § | |
| **Defendant.** | § | **HARRIS COUNTY, TEXAS** |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING & MANUFACTURING CO.,** | § § | **CASE NO. 20-30967** |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |

---

| | | |
|---|---|---|
| **PHILIP BURNAM,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 20-03096** |
| | § | |
| **WATSON GRINDING AND MANUFACTURING CO.** | § § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | ZEHL & ASSOCIATES, PC<br>Ryan H. Zehl<br>Matthew O. Greenberg<br>2700 Post Oak Blvd., Suite 1000<br>Houston, Texas 77056<br>Telephone: (713) 491-6064<br>Facsimile: (713) 583-8545<br>rzhel@zehllaw.com<br>mgreeberg@zehllaw.com |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-40245

| | | |
|---|---|---|
| PHILLIP BURNAM and DEZTINI | § | IN THE DISTRICT COURT OF |
| SOUTHALL, BOTH INDIVIDUALLY, | § | |
| AND AS NEXT FRIENDS AND | § | |
| GUARDIANS OF P.B. AND P.B., MINOR | § | |
| CHILDREN | § | |
|       Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., | § | |
| KMHJ, LTD., KMHJ MANAGEMENT | § | |
| COMPANY, LLC, ARC SPECIALTIES, | § | |
| INC., AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC, | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION, WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC. and MATHESON TRI-GAS, INC. | § | |
| | § | |
|       Defendants. | § | 152nd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **PHILIP BURNAM,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 20-03385** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.*, | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores | Muhammad Aziz |
| Kenneth M. Krock | ABRAHAM, WATKINS, NICHOLS, |
| RAPP & KROCK, PC | SORRELS, AGOSTO, AZIZ & STOGNER |
| 1980 Post Oak Blvd, Suite 1200 | 800 Commerce Street |
| Houston, Texas 77056 | Houston, Texas 77056 |
| (713) 759-9977 telephone | (713) 742-6004 telephone |
| (713) 759-9967 facsimile | (713) 225-0827 facsimile |
| hflores@rappandkrock.com | maziz@awtxlaw.com |
| | |
| Muhammad Aziz | ZEHL & ASSOCIATES, PC |
| ABRAHAM, WATKINS, NICHOLS, | Ryan H. Zehl |
| SORRELS, AGOSTO, AZIZ &STOGNER | Matthew O. Greenberg |
| 800 Commerce Street | 2700 Post Oak Blvd., Suite 1000 |
| Houston, Texas 77056 | Houston, Texas 77056 |
| (713) 742-6004 telephone | Telephone: (713) 491-6064 |
| (713) 225-0827 facsimile | Facsimile: (713) 583-8545 |
| maziz@awtxlaw.com | rzhel@zehllaw.com |
| | mgreeberg@zehllaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40612

| | | |
|---|---|---|
| **CARMONA LUCINA**, *et al.* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, ARC SPECIALISTS, INC.** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC., D/B/A OLDHAM,** | § | |
| **TELEDYNE DECON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC,** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION, WESTERN** | § | |
| **INTERNATIONAL GAS & CLINDERS,** | § | |
| **INC. and MATHESON TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **165th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| **LUCINA CARMONA, KIMBERLY** | § | |
| **CONLEE, KEVIN PABLO GARCIA,** | § | |
| **SANDRA DINORA GARCIA,** | § | |
| **INDIVIDUALLY AND A/N/F OF** | § | |
| **A.N.G., MINOR, FORTUNATO** | § | **ADVERSARY NO. 20-03377** |
| **GOMEZ, GEAMI GOMEZ,** | § | |

|  |  |  |
|---|---|---|
| **INDIVIDUALLY AND A/N/F OF J.C.,** | § | |
| **MINOR AND A.G., MINOR, YVONNE** | § | |
| **GRETHER, SHAHRAM HAMEDIAN,** | § | |
| **JESUS HERNANDEZ MEDELLIN,** | § | |
| **JOSE JESUS HERNANDEZ RUIZ,** | § | |
| **INDIVIDUALLY AND A/N/F OF J.H.,** | § | |
| **MINOR, AND R.Y.H, MINOR,** | § | |
| **CARMEN LEWIS, RICHARD LUCIDO,** | § | |
| **IRIS RUBI MARTINEZ, MARIBEL** | § | |
| **HERNANDEZ MEDELLIN,** | § | |
| **MERCEDES ORELLANA BARRERA,** | § | |
| **CARLOS MAURICIO ORTEGA,** | § | |
| **INDIVIDUALLY AND A/N/F OF D.O.,** | § | |
| **MINOR AND M.O., MINOR, MARIO** | § | |
| **ORTEGA, INDIVIDUALLY AND A/N/F** | § | |
| **OF B.I.O., MINOR AND M.O., MINOR,** | § | |
| **RITA ROBLES, INEZ VAZQUEZ,** | § | |
| **HERMAN VILLATORO, MICHAEL** | § | |
| **BELT AND CARMEN BELT,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| *Defendants.* | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com | ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Benny Agosto, Jr.<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 222-7211 telephone<br>(713) 225-0827 facsimile<br>bagosto@awtxlaw.com |
| Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ &STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40570

| | | |
|---|---|---|
| MICHAEL CARPINO, INDIVIDUALLY AND D/B/A ART FOUNDRY CARPINO | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALISTS, INC. AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC., D/B/A OLDHAM, TELEDYNE DECON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § | |
| Defendants. | § | 113th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| MICHAEL CARPINO, INDIVIDUALLY AND D/B/A ART FOUNDRY CARPINO, | § § § § | |
| Plaintiffs, | § § | |

|  |  |  |
|---|---|---|
| **v.** | § | **ADVERSARY NO. 20-03374** |
|  | § |  |
| **WATSON VALVE SERVICES, INC.,** *et* | § |  |
| *al.*, | § |  |
|  | § |  |
| Defendants. | § |  |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C. | TERRY & THWEATT, P.C. |
| L. Lee Thweatt | L. Lee Thweatt |
| Joseph D. Terry | Joseph D. Terry |
| One Greenway Plaza, Suite 100 | One Greenway Plaza, Suite 100 |
| Houston, Texas 77046 | Houston, Texas 77046 |
| (713) 600-4710 – Tel | (713) 600-4710 – Tel |
| (713) 600-4706 – Fax | (713) 600-4706 – Fax |
| lthweatt@terrythweatt.com | lthweatt@terrythweatt.com |
| jterry@terrythweatt.com | jterry@terrythweatt.com |
|  |  |
| KAMINS LAW FIRM, PLLC | KAMINS LAW FIRM, PLLC |
| Anna Dean Kamins | Anna Dean Kamins |
| 2925 Richmond Ave Ste 1200 | 2925 Richmond Ave Ste 1200 |
| Houston, TX, 77098-3130 | Houston, TX, 77098-3130 |
| (713) 201-4032 - Tel | (713) 201-4032 - Tel |
| akamins@kamins-law.com | akamins@kamins-law.com |
|  |  |
| BARNET B. SKELTON, JR. |  |
| Barnet B. Skelton, Jr. |  |
| 815 Walker, Suite 1502 |  |
| Houston, Texas 77002 |  |
| (713)-516-7450 Telephone |  |
| (713)-659-8764 Facsimile |  |
| barnetbjr@msn.com |  |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-58768

| | | |
|---|---|---|
| CASCATA PARTNERS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARC SPECIALTIES, INC., AUTOMATION | § | |
| PLUS, INC., AUTOMATION PROCESS, | § | |
| INC., FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC EQUIPMENT, | § | |
| INC., TELEDYNE TECHNOLOGIES, INC. | § | |
| F/K/A DETCON, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, DETCON, | § | |
| INC. D/B/A OLDHAM, TELEDYNE | § | |
| DETCON, INC., 3M COMPANY, TRCC, | § | |
| LLC, DATAONLINE, LLC, INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION, WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC. AND MATHESON TRI-GAS, INC. | § | |
| | § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| CASCATA PARTNERS, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ARC SPECIALTIES, INC., *et al.*, | § | ADVERSARY NO. 20-03439 |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| THE MCMILLAN LAW FIRM<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone) | THE MCMILLAN LAW FIRM<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39838

| | | |
|---|---|---|
| GERARDO CASTORENA JR., | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY, AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF GERARDO CASTORENA, SR., | § | |
| DECEASED, AND ON BEHALF OF THE | § | |
| STATUTORY WRONGFUL DEATH | § | |
| BENEFICIARIES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC., ARC SPECIALTIES, | § | |
| INC., AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC | § | |
| and INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 281st JUDICIAL DISTRICT |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON VALVE SERVICES, INC., | § | CASE NO. 20-30968 |
| | § | |
| Debtor. | § | (Chapter 11) |

| | |
|---|---|
| **GERARDO CASTORENA, JR.,** *et al.*, | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **WATSON VALVE SERVICES, INC.,** *et al.*, | § |
| | § |
| | § |
| **Defendants.** | § |

ADVERSARY NO. 20-03379

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| SHRADER & ASSOCIATES, L.L.P. | SHRADER & ASSOCIATES, L.L.P. |
| Eugene R. Egdorf | Eugene R. Egdorf |
| Ross Stomel | Ross Stomel |
| James B. Hartle | James B. Hartle |
| 9 Greenway Plaza, Suite 2300 | 9 Greenway Plaza, Suite 2300 |
| Houston, Texas 77046 | Houston, Texas 77046 |
| Telephone: (713) 782-0000 | Telephone: (713) 782-0000 |
| Facsimile: (713) 571-9605 | Facsimile: (713) 571-9605 |
| Email: gene@shraderlaw.com | Email: gene@shraderlaw.com |
| Email: ross@shraderlaw.com | Email: ross@shraderlaw.com |
| Email: jim@shraderlaw.com | Email: jim@shraderlaw.com |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-39335**

| | | |
|---|---|---|
| MARIA CASTREJON, FRANCISCO CASTREJON, ANA MENDOZA CONEJO, JOSE CANEJO, JUAN CANEJO, ANA MONTES AND MARCELO PARROTT, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC. FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC, INDUSTRIAL SCIENTIFIC CORPORATION, WESTERN INTERNATIONAL GAS AND CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 270th DISTRICT COURT |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| **MARIA CASTREJON,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et al.*, | § | **ADVERSARY NO. 20-03259** |
| | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>Steve Hollingsworth<br>HOLLINGSWORTH LAW FIRM, PLLC<br>2200 North Loop West, Suite 123<br>Houston, TX 77018<br>(713) 637-4560 – Tel<br>(713) 474-9017 – Fax<br>steveh@hollingsworthlawfirm.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-37921

| | | |
|---|---|---|
| CLEAR BLUE INSURANCE | § | IN THE DISTRICT COURT OF |
| COMPANY, UNITED PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, WESTCHESTER | § | |
| SURPLUS LINES, ACE AMERICAN | § | |
| INSURANCE COMPANY, CHUBB | § | |
| LLOYDS INSURANCE COMPANY OF | § | |
| TEXAS, CHUBB NATIONAL | § | |
| INSURANCE COMPANY, MERIDIAN | § | |
| SECURITY INSURANCE COMPANY, | § | |
| SPINNAKER INSURANCE COMPANY, | § | |
| INSURORS INDEMNITY COMPANY, | § | |
| VELOCITY RISK UNDERWRITERS, | § | |
| INC., ZURICH AMERICAN | § | |
| INSURANCE COMPANY, CERTAIN | § | |
| UNDERWRITERS AT LLOYDS, | § | |
| LONDON SUBSCRIBING TO POLICY | § | |
| HVH-0002244-1, UNDERWRITERS AT | § | |
| LLOYDS, LONDON SUBSCRIBING TO | § | |
| POLICY NOS. AMR-62258-01, AMR- | § | |
| 666045, AMR-64314-01, INDIAN | § | |
| HARBOR INSURANCE COMPANY, | § | |
| QBE SPECIALTY INSURANCE | § | |
| COMPANY, STEADFAST INSURANCE | § | |
| COMPANY, GENERAL SECURITY | § | |
| INDEMNITY COMPANY OF | § | |
| ARIZONA, UNITED SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY, SAFETY INSURANCE | § | |
| COMPANY, HDI GLOBAL | § | |
| SPECIALTY SE, OLD REPUBLIC | § | |
| UNION INSURANCE COMPANY, | § | |
| TOKIO MARINE KILN, AMERICAN | § | |
| SECURITY INSURANCE COMPANY, | § | |
| VOYAGER INDEMNITY INSURANCE | § | |
| COMPANY, AMERICAN BANKERS | § | |
| INSURANCE COMPANY OF | § | |
| FLORIDA, SENTRY INSURANCE A | § | |
| MUTUAL COMPANY, PENN | § | |
| AMERICAN INSURANCE COMPANY, | § | |
| UNITED NATIONAL INSURANCE | § | |
| COMPANY, STARR INDEMNITY & | § | |

LIABILITY COMPANY,                          §
METROPOLITAN PROPERTY AND                    §
CASUALTY COMPANY, UNITRIN                    §
PREFERRED INSURANCE                          §
COMPANY, PRIVILEGE                           §
UNDERWRITERS RECIPROCAL                      §
EXCHANGE, FEDNET INSURANCE                   §
COMPANY, UNIVERSAL INSURANCE                 §
COMPANY OF NORTH AMERICA                     §
                                            §
      Plaintiffs,      §
                                            §
v.                                           §          HARRIS COUNTY, TEXAS
                                            §
WATSON VALVE SERVICES, INC.,                 §
WATSON GRINDING AND                          §
MANUFACTURING CO., KMHJ, LTD.,               §
KMHJ MANAGEMENT COMPANY,                     §
LLC, ARC SPECIALTIES, INC.,                  §
AUTOMATION PLUS, INC.,                       §
AUTOMATION PROCESS, INC.                     §
FIRESTONE CRYOGENIC                          §
EQUIPMENT, INC., TRCC, LLC,                  §
DETCON, INC. D/B/A OLDHAM,                    §
TELEDYNE DETCON, INC., 3M                     §
COMPANY, DATAONLINE, LLC,                     §
INDUSTRIAL SCIENTIFIC                         §
CORPORATION, WESTERN                          §
INTERNATIONAL GAS AND                         §
CYLINDERS, INC., AND MATHESON                 §
TRI-GAS, INC.,                               §
                                            §
      Defendants.      §          234th DISTRICT COURT

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                       §
                                            §          CASE NO. 20-30967
WATSON GRINDING &                            §
MANUFACTURING CO.,                           §          (Chapter 11)
                                            §
      Debtor.          §

| | |
|---|---|
| **CLEAR BLUE INSURANCE COMPANY, et al.**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, KMHJ LTD., KMHJ MANAGEMENT COMPANY LLC., WESTERN INTERNATIONAL GAS & CYLINDERS AND MATHESON TRI-GAS, INC.,**<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

§                    **ADVERSARY NO. 20-03257**

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| **COZEN O'CONNOR**<br>Jason S. Schulze<br>Jake P. Skaggs<br>LyondellBasell Tower, Suite 2900<br>1221 McKinney Street<br>Houston, Texas 77010<br>Phone: 832.214.3916<br>Fax: 832.214.3905<br>Email: jschulze@cozen.com<br>Email: jskaggs@cozen.com | **COZEN O'CONNOR**<br>Jason S. Schulze<br>Jake P. Skaggs<br>LyondellBasell Tower, Suite 2900<br>1221 McKinney Street<br>Houston, Texas 77010<br>Phone: 832.214.3916<br>Fax: 832.214.3905<br>Email: jschulze@cozen.com<br>Email: jskaggs@cozen.com |

**\*See Last Page for Defense Counsels' Contact Information\***

CAUSE NO. 2020-40516

| | | |
|---|---|---|
| **COLUMBIA LLOYDS INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY AS SUBROGEE FOR JOSE** | § | |
| **CALLES, ELIZIBETH DUBUQUE,** | § | |
| **FREDY GARCIA, RANGEL GERARDO,** | § | |
| **JAIME GONZALEZ, JOSE MATA,** | § | |
| **ANGELA MCIVER, RIGOBERTO** | § | |
| **MIRANDA, JR., SALVADOR MORALES,** | § | |
| **ZULEMA PEREZ, JULIAN RAMIREZ,** | § | |
| **MARIA DEL CARMEN RODRIGUEZ,** | § | |
| **ADAN SALMERON, CONSTANTINO** | § | |
| **SOSA, LUIS TOWNS, JOSE & IRMA** | § | |
| **VILLEGAS AND MARGARITO** | § | |
| **ZAVALA,** | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **AND CYLINDERS, INC. AND** | § | |
| **MATHESON TRI-GAS, INC.** | § | |
| | § | |
| *Defendants.* | § | **133rd DISTRICT COURT** |

++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **COLUMBIA LLOYDS INSURANCE** | § | |
| **COMPANY AS SUBROGEE FOR JOSE** | § | |
| **CALLES,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | **ADVERSARY NO. 20-03358** |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| DONATO, BROWN, POOL & MOEHLMANN | DONATO, BROWN, POOL & MOEHLMANN |
| Ian R. Beliveaux | Ian R. Beliveaux |
| irb@donatobrown.com | irb@donatobrown.com |
| Mark Pickering | Mark Pickering |
| mpickering@donatobrown.com | mpickering@donatobrown.com |
| 3200 Southwest Freeway, Suite 2300 | 3200 Southwest Freeway, Suite 2300 |
| Houston, Texas 77027 | Houston, Texas 77027 |
| 713.877.1112 – Telephone | 713.877.1112 – Telephone |
| 713.877.1138 – Facsimile | 713.877.1138 – Facsimile |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-05191

| | | |
|---|---|---|
| RAMON CORTEZ, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, AND KMHJ MANAGEMENT COMPANY, LLC, | § § § § § § | |
| *Defendants.* | § | 295th DISTRICT COURT |

+++++++++++++++++++++++++++

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

---

| | | |
|---|---|---|
| RAMON CORTEZ, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, | § § § § | |
| Plaintiffs, | § § | ADVERSARY NO. 20-03100 |
| v. | § § | |
| WATSON VALVE SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| MOSTYN LAW<br>Gregory F. Cox<br>Michael A. Downey<br>Cathryn J. Schexnaider<br>3810 West Alabama Street<br>Houston, Texas 77027<br>Telephone (713) 714-0000<br>Facsimile (713) 714-1111<br>gfcox@mostynlaw.com<br>madowney@mostynlaw.com | MOSTYN LAW<br>Gregory F. Cox<br>Michael A. Downey<br>Cathryn J. Schexnaider<br>3810 West Alabama Street<br>Houston, Texas 77027<br>Telephone (713) 714-0000<br>Facsimile (713) 714-1111<br>gfcox@mostynlaw.com<br>madowney@mostynlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08019

| | | |
|---|---|---|
| GILBERTO MENDOZA CRUZ AND | § | IN THE DISTRICT COURT OF |
| MASSIEL NUNEZ, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF I.M. AND | § | |
| AM (MINORS), | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ | § | |
| MANAGEMENT COMPANY, LLC, | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., AND MATHESON | § | |
| TRI-GAS, INC. | § | |
| | § | |
| **Defendants.** | § | 129th JUDICIAL DISTRICT |

++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| GILBERTO MENDOZA CRUZ, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03088 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40426

| | | |
|---|---|---|
| **CYPRESS TEXAS INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY a/s/o LEONARDO** | § | |
| **FORTUNO, MARIBEL HERNANDEZ** | § | |
| **MEDELLIN, LUIS MELENDEZ and** | § | |
| **MERLIN RAMOS** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., MATHESON** | § | |
| **TRI-GAS, INC., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., KMHJ, LTD., and KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC** | § | |
| | § | |
| **Defendants.** | § | **333rd JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| **CYPRESS TEXAS INSURANCE** | § | |
| **COMPANY A/S/O LEONARDO** | § | |
| **FORTUNO,** *et al.*, | § | |
| **Plaintiffs,** | § | |
| | § | **ADVERSARY NO. 20-03337** |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.,* | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| GROELLE & SALMON, P.A.<br>Robert G. May, III<br>Trenton T. Leigh<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, Florida 33607<br>Tel: (813) 849-7200<br>gstcourtdocs@gspalaw.com<br>rmay@gspalaw.com<br>tleigh@gspalaw.com | GROELLE & SALMON, P.A.<br>Robert G. May, III<br>1715 N. Westshore Blvd., Suite 320<br>Tampa, Florida 33607<br>Tel: (813) 849-7200<br>gstcourtdocs@gspalaw.com<br>rmay@gspalaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40339

| | | |
|---|---|---|
| D. REAGAN DANIEL, III | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | §§§§§§§§§§§§§§§ | |
| *Defendants*. | § | 152nd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & MANUFACTURING CO., | § | CASE NO. 20-30967 |
| | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| D. REAGAN DANIEL, III, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 20-03313 |
| WATSON VALVE SERVICES, INC., et al., | § | |
| *Defendants*. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

*See Last Page for Defense Counsels' Contact Information*

CAUSE NO. 2020-40270

| | | |
|---|---|---|
| DECORUS MANUFACTURING, CO. AND ABNER KNIGHT | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/ A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | **234th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| **Debtor.** | § | (Chapter 11) |

---

| | | |
|---|---|---|
| DECORUS MANUFACTURING CO. AND ABNER KNIGHT, | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **ADVERSARY NO. 20-03322** |

**WATSON VALVE SERVICES, INC.,** *et al.*,                    §
                                                             §
                                                             §
          **Defendants.**                                     §
                                                             §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C. | TERRY & THWEATT, P.C. |
| L. Lee Thweatt | L. Lee Thweatt |
| Joseph D. Terry | Joseph D. Terry |
| One Greenway Plaza, Suite 100 | One Greenway Plaza, Suite 100 |
| Houston, Texas 77046 | Houston, Texas 77046 |
| (713) 600-4710 – Tel | (713) 600-4710 – Tel |
| (713) 600-4706 – Fax | (713) 600-4706 – Fax |
| lthweatt@terrythweatt.com | lthweatt@terrythweatt.com |
| jterry@terrythweatt.com | jterry@terrythweatt.com |
| | |
| KAMINS LAW FIRM, PLLC | KAMINS LAW FIRM, PLLC |
| Anna Dean Kamins | Anna Dean Kamins |
| 2925 Richmond Ave Ste 1200 | 2925 Richmond Ave Ste 1200 |
| Houston, TX, 77098-3130 | Houston, TX, 77098-3130 |
| (713) 201-4032 - Tel | (713) 201-4032 - Tel |
| akamins@kamins-law.com | akamins@kamins-law.com |
| | |
| BARNET B. SKELTON, JR. | |
| Barnet B. Skelton, Jr. | |
| 815 Walker, Suite 1502 | |
| Houston, Texas 77002 | |
| (713)-516-7450 Telephone | |
| (713)-659-8764 Facsimile | |
| barnetbjr@msn.com | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08869

| | | |
|---|---|---|
| RICHARD DELAUNAY, MARTIN DENNIS, MARY HERNANDEZ and RODOLFO JAIMES, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | |
| WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC., | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants and Third-Party Plaintiffs, | § § § | |
| v. | § § § | |
| WATSON GRINDING AND MANUFACTURING CO., and WATSON VALVE SERVICES, INC. | § § § § | |
| Third-Party Defendants. | § | 234th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| RICHARD DELAUNAY, MARTIN DENNIS, MARY HERNANDEZ, AND RODOLFO JAMES, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | ADVERSARY NO. 20-03143 |

|  |  |
|---|---|
| **WESTERN INTERNATIONAL GAS & CYLINDERS AND MATHESON TRI-GAS, INC.,** | §<br>§<br>§<br>§<br>§ |
|     **Defendants and Third-Party Plaintiffs.** | §<br>§<br>§ |
| **v.** | §<br>§ |
| **WATSON GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.,** | §<br>§<br>§<br>§ |
|     **Third-Party Defendants.** | §<br>§ |

| <u>**Plaintiffs' Adversary Counsel:**</u> | <u>**Plaintiffs' State Court Counsel:**</u> |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40230

| | | |
|---|---|---|
| RICHARD DELAUNAY, MARTIN DENNIS, MARY HERNANDEZ and RODOLFO JAIMES, | § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| v. | § § | |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| **Defendants.** | § | 281st JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| **Debtor.** | § § | |

| | | |
|---|---|---|
| RICHARD DELAUNAY, *et al.*, | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | ADVERSARY NO. 20-03330 |

---

Delaunay, Richard, et al. - Cause No. 2020-40230 | Page 76

**WATSON GRINDING AND**
**MANUFACTURING CO.,** *et al.,*

§
§
§
§
§

**Defendants.**

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40526

| | | |
|---|---|---|
| VICTOR DELGADO, et al., | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO., MATHESON | § | |
| TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., KMHJ, LTD.,KMHJ | § | |
| MANAGEMENT COMPANY, LLC, 3M | § | |
| COMPANY, FIRESTONE CRYOGENICS, | § | |
| INC., FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| TELEDYNE TECHNOLOGIES, INC. | § | |
| F/K/A DETCON, INC., DETCON, INC. | § | |
| D/B/A OLDHAM, ARC SPECIALTIES, | § | |
| INC., AUTOMATION PLUS, INC., TRCC, | § | |
| LLC, DATAONLINE, LLC, AND | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| *Defendants.* | § | 270th DISTRICT COURT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | |
|---|---|
| VICTOR DELGADO, ALAN WOMAC, | § |
| ALEJANDRA ALBAINE, ALISA | § |
| WOMAC, ALONDRA HERNANDEZ, | § |

AMADA GONZALEZ, ANABEL §
PAITA, ANDREA MARBAN, §
AUGUSTINE S. RODRIGUEZ, §
BARBARA WOMAC, BLAINE §
JACKSON, CARLOS G. ALVARADO, §
CARLOS JAVIER VASQUEZ, §
CARMEN LASPRILLA, CHARLENE §
GRECO, CHRISTINE JOLINK, §
INCORRECTLY NAMED AS §
CRISTINE JO LINK, INDIVIDUALLY §
AND AS NEXT FRIEND OF M.J., M.J. §
AND M.J., MINORS, CLAUDIA LARA, §
DAVID GARCIA, DEAN ENRIGHT, §
INDIVIDUALLY AND D/B/A BILL §
FISH REALTY, DONNA BRUMFIELD, §
DOYALINE LIVINGSTON, EDITH §
DEL CARMEN VASQYEZ CRUZ, §
EDUARDO SANCHEZ, ELWOOD §
LESTER NELSON A/K/A ELWOOD §
WHITFIELD NELSON, ERICK §
BERMUDEZ, ESTEBAN DELGADO, §
ESTEBAN MENDOZA, JR., §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.M, MINOR, EUNIC §
MEDIOLA, GILBERT DESOTO, §
GILBERTO ECHEVERRI, GIOVANA §
TAPIA CAMPOS, GREGORY §
SANDERS, INCORRECTLY NAMED §
AS GREG SANDERS, ILENE §
ROBBINS, INDIVIDUALLY AND AS §
NEXT FRIEND OF A.S., MINOR, HAN §
HARVEAT, JESSICA MEDELLIN §
LOPEZ, INDIVIDUALLY AND AS §
NEXT OF FRIEND OF S.A.L., MINOR, §
JERRY TODD, JHONNY JAVIER §
RIVERA-AYALA, JOHN HARVEAT, §
JOHN RADKEY JOLINK, §
INCORRECTLY NAMED AS RADKEY §
JO LINK, JOHN RICHARD GRECO, §
JONATHAN MORALES, JONATHYN §
DILLARD, JOONHEE RHEE, JORGE §
A. CASTILLO MANCIA, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.J.C. AND H.G.C., §
MINORS, JOSE CORTEZ, JOSE §
MIGUEL CRUZ, JOSE MURCIA, §

JOSEFINA I. RODRIGUEZ, JUAN §
MARBAN, JULIO MENDIOLA, LUCIA §
DEL CARMEN BERMUDEZ, LUEANN §
ENRIGHT A/K/A LUEANN WALTER, §
LUIS FERNANDO  CEPEDA, MARCIA §
CHAMORRO, MARGARITA §
HERNANDEZ, MARIA DE LOS §
SANTOS, INDIVIDUALLY AND AS §
NEXT FRIEND OF J.R. AND J.R., §
MINORS, MARIA E. ALVARADO DE §
CASTILLO, MARIA ELENA CAMPOS, §
MARIA EVA MARTIN, VAN MARY §
VU, A/K/A MARY VU, MAURA §
MURCIA, MELISSA GARZA, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.F., MINOR, MINH §
TRAN, NATALIE BOUGHAL, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF R.B., MINOR, NELID §
DOMINGUEZ, INDIVIDUALLY AND §
AS NEXT FRIEND OF J.M., MINOR, §
NIE RODRIGUEZ , INDIVIDUALLY §
AND AS NEXT FRIEND OF N.E.R, §
V.R., N.R, J.R. AND E.M.M., MINORS, §
PEDRO GARZA, PETRA RODRIGUEZ §
DE PAITA, RANDALL WOMAC, §
RAVEN LINDSEY, RUBEN ZUNO §
VILLADOLD, RUTH ELIZABETH §
PAITA, SANTOSH AGGARWAL, §
SHANTERIA AVERIL, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF L.L. AND J.L., MINORS, §
SIYAPHORN AUPAYO , §
INDIVIDUALLY AND AS NEXT §
FRIEND OF L.S., MINOR, SOPHIA A §
CASTILLO ALVARADO, STEFANY §
MONTESINO, TONYA BRITTON- §
AVERIL, A/K/A TONYA BRITTON §
AVERIL, TRISTIN WILLIAMS, §
UGOLINA DELGADO, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF S.E.D., MINOR, DAVID §
DELGADO, VICTOR DOMINGUEZ §
VAZQUEZ, WALTER F. PETERS, §
WILLIAM BOUGHAL, YASMIN §
MURCIA, YVONNE RODRIGUEZ §

**AND GENESIS RODRIGUEZ,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF M.KD.L.T., MINOR,** §
§
    **PLAINTIFFS,** §
§
**v.** §              **ADVERSARY NO. 20-03375**
§
**WATSON VALVE SERVICES, INC.,** *et* §
*al.***,** §
§
    **DEFENDANTS.** §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Joshua R. Leal<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: jleal@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com<br><br>DANIELS & TREDENNICK, LLP<br>6363 Woodway, Suite 700<br>Houston, TX 77057<br>Andrea L. Kim<br>Andrea.Kim@dtlawyers.com<br>Heath A. Novosad<br>heath.novosad@dtlawyers.com<br>Thomas H. Moss<br>Thomas.Moss@dtlawyers.com<br>(713) 917-0024 (Telephone)<br>(713) 917-0026 (Facsimile) | KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Marcos H. Cardenas<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: mcardenas@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40243

| | | |
|---|---|---|
| ESSENTIA INSURANCE COMPANY, | § | IN THE DISTRICT COURT OF |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMP ANY OF NORTH CAROLINA, | § | |
| SERVICE INSURANCE COMP ANY, | § | |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY, TEXAS FAIR | § | |
| PLAN ASSOCIATION, RVOS FARM | § | |
| MUTUAL INSURANCE COMPANY, | § | |
| ALLIED TRUST INSURANCE COMP | § | |
| ANY, AND SOUTHERN VAN GUARD | § | |
| INSURANCE COMPANY | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | 133rd JUDICIAL DISTRICT |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD, | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL GAS | § | |
| & CYLINDERS, INC., AND MATHESON | § | |
| TRI-GAS, INC. | § | |
| | § | |
| **Defendants.** | § | HARRIS COUNTY, TEXAS |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| ESSENTIA INSURANCE COMPANY, | § | |
| et al., | § | |
| | § | |
| ***Plaintiffs,*** | § | |

vs.                                  §              **Adversary No. 20-03326**
                                     §
**WATSON VALVE SERVICES, INC., et**  §
**al.**                              §
                                     §
         *Defendants.*               §
                                     §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| Matthiesen, Wickert & Lehrer, S.C.<br>Mark Andrew Solomon<br>7703 N. Lamar, Suite 104<br>Austin, TX 78752<br>800-637-9176<br>msolomon@mwl-law.com | Matthiesen, Wickert & Lehrer, S.C.<br>Mark Andrew Solomon<br>7703 N. Lamar, Suite 104<br>Austin, TX 78752<br>800-637-9176<br>msolomon@mwl-law.com |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-39709

| | | |
|---|---|---|
| **CONCEPCION ESTRADA AND** | § | **IN THE DISTRICT COURT OF** |
| **TIBURCIO ESTRADA** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON GRINDING AND** | § | **HARRIS COUNTY, TEXAS** |
| **MANUFACTURING CO.,** | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC. KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., AND MATHESON TRI-GAS, INC.** | § | |
| | § | |
| *Defendants.* | § | **127th JUDICIAL DISTRICT** |
| | § | |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **CONCEPCION ESTRADA AND** | § | |
| **TIBURCIO ESTRADA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **ADVERSARY NO. 20-03302** |
| **v.** | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Beck Redden, LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br>Telephone: (713) 951-6206<br>Facsimile: (713) 951-3720<br>Email: cwebb@beckredden.com | Beck Redden, LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br>Telephone: (713) 951-6206<br>Facsimile: (713) 951-3720<br>Email: cwebb@beckredden.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40337

| | | |
|---|---|---|
| FAMELA, LLC, CMV FRESH SOLUTIONS, INC., MF HVAC SUPPLY, LLC, AND CARLOS VILCHE | § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALISTS, INC. AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC., D/B/A OLDHAM, TELEDYNE DECON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | 152nd JUDICIAL DISTRICT |

++++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **WATSON GRINDING & MANUFACTURING CO.,** | § § § | CASE NO. 20-30967 |
| | § | (Chapter 11) |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| FAMELA, LLC, *et al.,* | § | |
| *Plaintiffs,* | § | |
| v. | § § | ADVERSARY NO. 20-03315 |
| WATSON VALVE SERVICES, INC., *et al.,* | § § § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08241

| | | |
|---|---|---|
| EMA FERRUFINO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| COATINGS LABORATORY, KMHJ, | § | |
| LTD., AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | 190th JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| EMA FERRUFINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 20-03103 |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| COATINGS LABORATORY, KMHJ, | § | |
| LTD., AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Law Offices of Manuel Solis, PC<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Stephen R. Walker #24034729<br>Gregory J. Finney #24044430<br>Juan A. Solis #24103040<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com | Law Offices of Manuel Solis, PC<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Stephen R. Walker #24034729<br>Gregory J. Finney #24044430<br>Juan A. Solis #24103040<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-33924**

| | | |
|---|---|---|
| GILBERTO FIGUEROA, INDIVIDUALLY AND AS NEXT OF FRIEND OF I.F. (MINOR), | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ARC SPECIAL TIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 61ST JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | |
|---|---|
| GILBERTO FIGUEROA, INDIVIDUALLY AND AS NEXT OF FRIEND OF I.F. (MINOR), | § § § § |

|  | § | **ADVERSARY NO. 20-03384** |
|---|---|---|
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ARC SPECIAL TIES, INC.,** *et al.,* | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08062

| | | |
|---|---|---|
| GILBERTO FIGUEROA AND ISABELLA FIGUEROA, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., WATSON COATINGS LABORATORY, KMHJ, LTD., AND KMHJ MANAGEMENT COMPANY, LLC, | § § § § § § § | |
| Defendants. | § | 61ST JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

## THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| GILBERTO FIGUEROA AND ISABELLA FIGUEROA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03090 |
| WATSON GRINDING AND MANUFACTURING CO., *et al.,* | § § § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39415

| | | |
|---|---|---|
| JOSE ALFREDO FLORES and ELISA RUIS, BOTH INDIVIDUALLY AND AS NEXT FRIENDS OF G.F., M.F., J.F. and Y.F., MINOR CHILDREN, | § § § § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., MATHESON TRI-GAS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC, and INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | 157th JUDICIAL DISTRICT |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| JOSE ALFREDO FLORES *et al.,* | § § | |
| Plaintiffs, | § | |

|  |  |  |
|---|---|---|
| **v.** | § | **ADVERSARY NO. 20-03362** |
|  | § |  |
|  | § |  |
| **WATSON VALVE SERVICES, INC.,** *et* | § |  |
| *al.*, | § |  |
|  | § |  |
| **Defendants.** | § |  |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>SERVOS LAW FIRM, PLLC<br>Tommy Servos<br>8431 Katy Freeway, Suite 105<br>Houston, Texas 77024<br>(713) 352-1686<br>(281) 962-5903 – Facsimile<br>tservos@servoslawfirm.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-05250

| | | |
|---|---|---|
| **MARGARITA FLORES,** | § | **IN THE DISTRICT COURT OF** |
| **INDIVIDUALLY AND AS PERSONAL** | § | |
| **REPRESENTATIVE OF THE ESTATE** | § | |
| **OF FRANK FLORES, DECEASED,** | § | |
| **MAGGIE RIVERA and FABIAN** | § | |
| **FLORES,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS, INC., and MATHESON TRI-GAS,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | **295th DISTRICT COURT** |

++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **CASE NO. 20-30968** |
| | § | |
| **Debtor.** | | **(Chapter 11)** |

| | | |
|---|---|---|
| **MARGARITA FLORES,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03081** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.,* | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>THE LAW OFFICE OF BILAAL BADAT,<br>PLLC<br>4151 Southwest Freeway, Suite 320<br>Houston, Texas 77027<br>(713) 689-9805 – Tel<br>Bilaalbadat.law@outlook.com |

*__See Last Page for Defense Counsels' Contact Information__*

CAUSE NO. 2020-40216

| | | |
|---|---|---|
| MARGARITA FLORES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FRANK FLORES, DECEASED, MAGGIE RIVERA and FABIAN FLORES, | § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § | |
| Defendants. | § | 11th DISTRICT COURT |

++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON VALVE SERVICES, INC., | § § | CASE NO. 20-30968 |
| Debtor. | | (Chapter 11) |

| | | |
|---|---|---|
| MARGARITA FLORES, *et al.*, Plaintiffs, | § § § | |
| v. WATSON VALVE SERVICES, INC., *et al.*, Defendants. | § § § § | ADVERSARY NO. 20-03380 |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | THE LAW OFFICE OF BILAAL BADAT,<br>PLLC<br>4151 Southwest Freeway, Suite 320<br>Houston, Texas 77027<br>(713) 689-9805 – Tel<br>Bilaalbadat.law@outlook.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40333

| | | |
|---|---|---|
| MIRANDA MARCELINA FLORES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/ A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M COMP | § | |
| ANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 133rd DISTRICT COURT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| MIRANDA MARCELINA FLORES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03363 |
| | § | |
| WATSON VALVE SERVICES, INC., *et* | § | |
| *al.*, | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-07220

| | | |
|---|---|---|
| **CAROLE GOFF** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** *et al.,* | § | |
| | § | **11th JUDICIAL DISTRICT** |
| **Defendants.** | | |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

| | | |
|---|---|---|
| **CAROLE GOFF,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 20-03097** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO. AND** | § | |
| **WATSON VALVE SERVICES,** | § | |
| | § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | BAIN & BARKLEY<br>Michael Tate Barkley<br>tate@bainlaw.net<br>Karl R. Schneider<br>karl@bainlaw.net<br>14090 Southwest Freeway, Suite 450<br>Sugar Land, Texas 77478<br>Tel: 281-980-3100<br>Fax: 281-980-3195 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40254

| | | |
|---|---|---|
| **CAROLE GOFF** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **KMHJ, LTD.,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | **270th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | § | |

---

| | | |
|---|---|---|
| **CAROLE GOFF,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **ADVERSARY NO. 20-03388** |
| **KMHJ, LTD., KMHJ MANAGEMENT** | § | |
| **COMPANY, LLC, ARC SPECIALTIES,** | § | |
| **INC., AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC. D/B/A OLDHAM,** | § | |
| **TELEDYNE DETCON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC,** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION, WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| RAPP & KROCK, PC<br>Henry Flores<br>Kenneth M. Krock<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com | ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com |
| ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>Muhammad Aziz<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | BAIN & BARKLEY<br>Michael Tate Barkley<br>tate@bainlaw.net<br>Karl R. Schneider<br>karl@bainlaw.net<br>14090 Southwest Freeway, Suite 450<br>Sugar Land, Texas 77478<br>Tel: 281-980-3100<br>Fax: 281-980-3195 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39925

| | | |
|---|---|---|
| JUAN GARCIA GRACIANO AND OLGA SIFUENTES IPINA | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | HARRIS COUNTY, TEXAS |
| vs. | § § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCQ LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | 190th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

JUAN GARCIA GRACIANO AND §
OLGA SIFUENTES IPINA, §
§
    **Plaintiffs,** §
§       **ADVERSARY NO. 20-03300**
**v.** §
§
**WATSON VALVE SERVICES, INC.,** *et* §
*al.*, §
§
    **Defendants.** §
§

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN,<br>P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-06829

| | | |
|---|---|---|
| DANIEL GUTIERREZ, JR. AND MARIA OFELIA MONDRAGO, INDIVIDUALLY AND AS NEXT FRIEND OF N.G., D.A.G., AND A.G., MINOR CHILDREN, | § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, | § § § § § § § | |
| **Defendants.** | § § | 164TH DISTRICT COURT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| **Debtor.** | § | (Chapter 11) |

---

| | | |
|---|---|---|
| DANIEL GUTIERREZ, JR. *et al.*, | | |
| **Plaintiffs,** | § § § | |
| v. | § § | ADVERSARY NO. 20-03099 |
| WATSON VALVE SERVICES, INC., *et al.*, | § § § | |
| **Defendants.** | § § § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 | ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40232

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY a/s/o CSAT INVESTMENT** | § | |
| **HOLDINGS LLC and INSIGNIA** | § | |
| **HOSPITALITY GROUP, INC.;** | § | |
| **SENTINEL INSURANCE COMPANY,** | § | |
| **LTD. a/s/o ART FOUNDRY CARPINO** | § | |
| **d/b/a MIKE CARPINO; PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY OF** | § | |
| **HARTFORD a/s/o LAURALYN A.** | § | |
| **MICHAEL; and NAUTILUS INSURANCE** | § | |
| **COMP ANY a/s/o TEXAS** | § | |
| **ENVIRONMENTAL CONTROL, INC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC. AND MA THE SON** | § | |
| **TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **190th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE** | § | |
| **COMPANY *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |

|  | § | **ADVERSARY NO. 20-03328** |
| **v.** | § | |
|  | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.*, | § | |
|  | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
| --- | --- |
| DOYEN SEBESTA & POELMA, LLLP<br>RANDALL J. POELMA, JR.<br>rpoelma@ds-lawyers.com<br>WILLIAM T. SEBESTA<br>wsebesta@ds-lawyers.com<br>16945 Northchase Drive, Suite 1400<br>Houston, TX 77060<br>Phone: (713) 580-8900<br>Fax: (713) 580-8910<br><br>J. BENJAMIN STAHERSKI (pro hac<br>admission pending)<br>staherskib@whiteandwilliams.com<br>WHITE & WILLIAMS, LLP<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA 19103-7395<br>Phone: (215) 864-7020<br>Fax: (215) 399-9612 | DOYEN SEBESTA & POELMA, LLLP<br>RANDALL J. POELMA, JR.<br>rpoelma@ds-lawyers.com<br>WILLIAM T. SEBESTA<br>wsebesta@ds-lawyers.com<br>16945 Northchase Drive, Suite 1400<br>Houston, TX 77060<br>Phone: (713) 580-8900<br>Fax: (713) 580-8910<br><br>J. BENJAMIN STAHERSKI (pro hac<br>admission pending)<br>staherskib@whiteandwilliams.com<br>WHITE & WILLIAMS, LLP<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA 19103-7395<br>Phone: (215) 864-7020<br>Fax: (215) 399-9612 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39956

| | | |
|---|---|---|
| **MARIA LOURDES HERNANDEZ, GASPAR HERNANDEZ, AND ALVARO ARRIGA** | § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § § | |
| **vs.** | § § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIAL TIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION** | § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | **334ᵗʰ JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **MARIA LOURDES HERNANDEZ,** *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03282** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40309

| | | |
|---|---|---|
| **CORLISS HOPKINS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, ARC SPECIALTIES, INC.,** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC. D/B/A OLDHAM,** | § | |
| **TELEDYNE DETCON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION, WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC. and MATHESON TRI-GAS, INC.** | § | |
| | § | |
| *Defendants.* | § | **11th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **CORLISS HOPKINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03317** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.,* | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| CRISTÓBAL M. GALINDO, P.C.<br>Cristóbal M. Galindo<br>Joe Gibson<br>4151 Southwest Freeway, Suite 602<br>Houston, Texas 77027<br>Telephone (713) 228-3030<br>Facsimile (713) 228-3003<br>E-Service storm@galindolaw.com | CRISTÓBAL M. GALINDO, P.C.<br>Cristóbal M. Galindo<br>Joe Gibson<br>4151 Southwest Freeway, Suite 602<br>Houston, Texas 77027<br>Telephone (713) 228-3030<br>Facsimile (713) 228-3003<br>E-Service storm@galindolaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-05505

| | | |
|---|---|---|
| TRAVIS HORTON, ANDREA HORTON, | § | IN THE DISTRICT COURT |
| DAVID RAINS, DANIELA CORTEZ, | § | |
| MARIO RUIZ, DANIEL DRA WSAND, | § | |
| CATHERINE DRA WSAND, ANDRES | § | |
| UNRIOSTEGUI, MARIA URIOSTEGUI, | § | |
| BENITO HERNANDEZ, MARIA | § | |
| HERNANDEZ, JUAN TORRES, MARIA J. | § | |
| HERNANDEZ, ROZALINDA GOMEZ, | § | |
| FRANCISCO LOZANO, LETICIA | § | |
| ALARCON, MARIO GINALDO MARIA | § | |
| GINALDO, MIGUEL PUENTE SALAZAR, | § | |
| MARIA SALAZAR, KEVIN ARGO, | § | |
| LEONOR BELTRAN, ELBA LEMUS, | § | |
| DANIEL JUAREZ, CATHERINE | § | |
| NORTON, BICH DAO NGUYEN, | § | |
| HOMERO REGALDO, ADAM ONTOYA- | § | |
| TORRES, VICTORIA TORRES, PAMELA | § | |
| ROBERSON, KAREN FORD TODD, | § | |
| TRIVIA DOUGLAS, CYNTHIA TATES, | § | |
| EDITH V AESA, PHONG NGUYEN, | § | |
| DAN BERRY ARGO STACY ARGO, | § | |
| RICHARD GANNON, AMBER LANE, | § | |
| ALISON LONG, JOSEPH CROPPER, | § | |
| EVEROMARBAUTISTA,JOSE | § | |
| ROMERO, MAYRA REYES, LUZ MARIA | § | |
| VILLA, FERNANDA PIERRE, ROBERT | § | |
| OJEDA, MARCOS RAMOS, EVELYN | § | |
| IBARRA, LAWRENCE SEPULVEDA, | § | |
| TERRI SEPLUVEDA, CHRIS SANTIFF, | § | |
| CATHERINE LAAKE, SERGIO CRUZ, | § | |
| ARNOLD BALLINGER, LASHONDA M. | § | |
| HENDERSON, JULISSA RUIZ, BRIAN | § | |
| REGO AND VIET TRAN, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | 55th JUDICIAL DISTRICT |
| | § | |
| WATSON VALVE SERVICES, INC. | § | |
| AND WATSON GRINDING AND | § | |
| MANUFACTURING CO. | § | |
| | § | |
| **Defendants.** | § | HARRIS COUNTY, TEXAS |

++++++++++++++++++++++++++++

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **TRAVIS HORTON**, *et al.*, , | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 20-03109** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KWOK DANIEL LTD., L.L.P. | KWOK DANIEL LTD., L.L.P. |
| 9805 Katy Freeway, Suite 850 | 9805 Katy Freeway, Suite 850 |
| Houston, Texas 77024 | Houston, Texas 77024 |
| Robert S. Kwok | Robert S. Kwok |
| J. Ryan Loya | J. Ryan Loya |
| Joshua R. Leal | Marcos H. Cardenas |
| Alex P. Boylhart | Alex P. Boylhart |
| William W. Hoke* | William W. Hoke* |
| Telephone: (713) 773-3380 | Telephone: (713) 773-3380 |
| Facsimile: (713) 773-3960 | Facsimile: (713) 773-3960 |
| Email: rkwok@kwoklaw.com | Email: rkwok@kwoklaw.com |
| Email: rloya@kwoklaw.com | Email: rloya@kwoklaw.com |
| Email: jleal@kwoklaw.com | Email: mcardenas@kwoklaw.com |
| Email: aboylhart@kwoklaw.com | Email: aboylhart@kwoklaw.com |
| Email: whoke@whokelaw.com | Email: whoke@whokelaw.com |
| | |
| DANIELS & TREDENNICK, LLP | |
| 6363 Woodway, Suite 700 | |
| Houston, TX 77057 | |

| | |
|---|---|
| Andrea L. Kim<br>Andrea.Kim@dtlawyers.com<br>Heath A. Novosad<br>heath.novosad@dtlawyers.com<br>Thomas H. Moss<br>Thomas.Moss@dtlawyers.com<br>(713) 917-0024 (Telephone)<br>(713) 917-0026 (Facsimile) | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08220

| | | |
|---|---|---|
| HOUSTON CORVETTE SERVICE, INC., STINGRAY ENERGY, LLC and GORDON ANDRUS, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| Defendants. | § | 152nd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

---

| | | |
|---|---|---|
| HOUSTON CORVETTE SERVICE, INC., STINGRAY ENERGY, LLC AND GORDON ANDRUS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03087 |
| WATSON VALVE SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39434

| | | |
|---|---|---|
| Michael Jackson, et al. | § | In the District Court of |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Harris County, Texas |
| | § | |
| Watson Grinding and Manufacturing | § | |
| Co; et al., | § | |
| | § | |
| *Defendants.* | § | 269th Judicial District |

+++++++++++++++++++++++++++++

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| MICHAEL JACKSON, QUINCY | § | |
| FRAZIER, ROSE SEXTON, JULVIS | § | |
| MORRIS, KENRICK ROACH, | § | |
| MELINDA ADAMS, DALE ALLEN, | § | |
| MARVIN BAILEY, DELECIEA | § | ADVERSARY NO. 20-03372 |
| BANKS, KEITRIC BAYNES, | § | |
| PATRICKA BAYNES, LENORA | § | |
| HOLCOMB AS NEXT FRIEND OF | § | |
| A.B., MINOR, ALICE W. BROWN, | § | |
| HARRY DEMOND BROWN, MARIE | § | |
| CARRIER, AALIYAG CARTER, | § | |
| CHRISTIAN CASTELLANOS, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF A.C., AV., C., CA., C. CR., | § | |
| C. AND E.C., MINORS, AYRAMEE | § | |
| COOPER, LAWRENCE CHARLES | § | |
| CURRY, KEEWAN CURVEY, | § | |
| KATONYA HARRIS, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF E.D.D., | § | |
| MINOR, AMANDA DAVIS, | § | |
| INDIVIDUALLY AND AS NEXT | § | |

**FRIEND OF A.D., MINOR, ELAINE** §
**DECKARD, FARRAH DICKENS,** §
**JACKSON DUMID, MORGAN** §
**FAGALAR, LARRY FELDER,** §
**HUBESTER URIOSTEGUI AS NEXT** §
**FRIEND OF B.F., K.M. AND M.M.,** §
**MINORS, GORGE FERNANDEX,** §
**RICARDO FERNANDEZ,** §
**ECKRONIZZO FONTENOT, GAILA** §
**FONTENOT, LARRY FONTENOT,** §
**RACHAEL N. GOOSBY,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF B.J., C.J., L.J. AND R.J.,** §
**MINORS, CHADWICH HARRIS, II,** §
**JASMINE HAYWOOD, JEROME** §
**HAYWOOD, JIM HAYWOOD, LAURA** §
**ROSAS HERNANDEZ, JAMES** §
**HERNJAK, CHARLES W. HERRON,** §
**KENNETH HERRON, MICHAEL** §
**HERRON, JOEL HIGGINS, OMAR** §
**HOLCOMB, KIANA INGRAM,** §
**VICTORIA ANN JACKSON, DARLING** §
**JEFFERSON, ETTA D. REED,** §
**INDIVIDUALLY AND AS NEXT** §
**FRIEND OF N.J., MINOR, CARL** §
**EDWARD JOHNSON, WILLIAM** §
**JOHNSON, LATRICE JONES, LONNIE** §
**JONES, ANTHONY KEMPER, BABAR** §
**KHAN, KEVIN KING, JOANNA** §
**KINGSLEY, HAROLD LEO, PEARLY** §
**LONG, RALPH MALVEAUX,** §
**TRUMAINE MARTIN, LEKEISHA** §
**MARTINEZ, INDIVIDUALLY AND AS** §
**NEXT FRIEND OF TE., M., TY. M.** §
**AND K.S., MINORS, JERMAINE** §
**WOODARD MAYES, ROSA  MENA,** §
**SHAWANNA MOORE, SHEBBIA** §
**PATTERSON, ARCAODIO C. PEREZ,** §
**RONNCETTA PETE, JOSE PIZANA,** §
**STACEY RAY, CRAIG REED,** §
**DONALD REED, XAVIER ROBERTS,** §
**GARLAND ROOMS, ROSE SEXTON,** §
**KEITH SIMMONS, LIMUEL** §
**SINGSON, LAVAN DOUGLAS SMITH,** §
**BARBARA SPARKS-PAULSON,** §
**ROGERS STANFORD, CAROLYN E.** §

**STEWART, KHYALESHA STIGLER,**
**TRACY STIGLER, CLAUDIA STRAIT,**
**DEANNA STRAIT, CRISSY TAYLOR,**
**MANUEL JAMES THOMAS**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF MD. T. AND MR. T.,**
**MINORS, PRISCA THOMAS,**
**MARCELLUS K. THOMPSON, JERRY**
**TODD, ZACHARY TOLIVER, SONNY**
**TYLER, PEDRO VALDEZ, IVETTE**
**VALDIVIA, SRIAM VELAGA,**
**SHEARONDREA WALKER,**
**KRISTOPHER WEST, JOHN**
**WHALEN, ALPHONSO WHITAKWE,**
**SONDRA WHITE, CATHA**
**WILLIAMS, MAX WOLZON AND ELI**
**WOODARD,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

     **Plaintiffs,**

§
§
§

**v.**

§
§

**WATSON GRINDING AND**
**MANUFACTURING CO., WATSON**
**VALVE SERVICES, INC., KMHJ,**
**LTD., KMHJ MANAGEMENT**
**COMPANY, LLC, 3M COMPANY,**
**FIRESTONE CRYOGENICS, INC.,**
**FIRESTONE CRYOGENIC**
**EQUIPMENT, INC., MATHESON TRI-**
**GAS INC., WESTERN**
**INTERNATIONAL GAS &**
**CYLINDERS, INC., TELEDYNE**
**EXPLORATION COMPANY,**
**TELEDYNE TECHNOLOGIES, INC.**
**F/K/A DETCON, INC., AND**
**AUTOMATION PLUS, INC.,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

     **Defendants.**

§

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CAIN & SKARNULIS PLLC<br>Ryan E. Chapple<br>Email: rchapple@cstrial.com<br>Taylor R. Romero<br>Email: tromero@cstrial.com<br>400 W. 15th Street, Suite 900<br>Austin, Texas 78701<br>512-477-5000<br>512-477-5011—Facsimile<br><br>BYMAN & ASSOCIATES PLLC<br>Randy W. Williams<br>Email: rww@bymanlaw.com<br>7924 Broadway, Suite 104<br>Pearland, Texas 77581<br>281-884-9261<br>713-654-1871—Facsimile | ROBINS CLOUD LLP<br>Ian P. Cloud<br>Patrick Hogan Leatherwood<br>2000 West Loop South, 22nd Floor<br>Houston, Texas 77027<br>(713) 650-1200<br>(713) 650-1400 facsimile<br>icloud@robinscloud.com<br>hleatherwood@robinscloud.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08058

| | | |
|---|---|---|
| ANNA JUAREZ and RICARDO CARREON, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., WATSON COATINGS LABORATORY, KMHJ, LTD., AND KMHJ MANAGEMENT COMPANY, LLC, | § § § § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § | 334th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| ANNA JUAREZ and RICARDO CARREON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03093 |
| WATSON VALVE SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com | LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-38037

| | | |
|---|---|---|
| **KAREN KARTLIE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| **KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., AND MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **234th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **KAREN KARTLIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03227** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39460

| | | |
|---|---|---|
| ROB KING, *et al.*, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., et al. | § | |
| | § | |
| | § | |
| *Defendants.* | § | 333rd JUDICIAL DISTRICT COURT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & MANUFACTURING CO., | § | CASE NO. 20-30967 |
| | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| ROBB KING, ABUNDIA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND OF A.A. AND A.A., MINORS, ADA MONTOYA-TORRES, AS NEXT FRIEND OF V.M., MINOR, ADRIAN AGUIRRE-HERNANDEZ, ADRIAN TRUJILLO, ALBA JUDITH IBARRA, ALBA MONTESINO, ALBERTO O'CONNOR, ALEJANDRO TOWNS, ALEXANDER LUNA, INDIVIDUALLY AND AS NEXT FRIEND OF T.L., MINOR, ALEXIS PARRA, ALFONSO SANTANA, ALICIA DETAMORE, ALICIA SANCHEZ, INDIVIDUALLY AND AS NEXT FRIEND OF J.D., E.D., A.S., S.R., AND A.R., MINORS, ALVARO ARREOLA, INDIVIDUALLY AND AS NEXT FRIEND OF A.A., MINOR, ALVARO MENDIETA, JR., | § § § § § § § § § § § § § § § § § § § § § | ADVERSARY NO. 20-03373 |

**AMELIA DIOSDADO, INDIVIDUALLY AND AS NEXT FRIEND OF J.A.S., MINOR, ANA ARACELY VILLATORO, ANA CRISTINA SERPAZ, ANA ORELLANA, ANDRE CRUZ NAVA, ANDRES ALBERTO URIOSTEGUI, ANDRE URIOSTEGUI AND MARIA URIOSTEGUI, INDIVIDUALLY AND AS NEXT FRIENDS OF J.U., MINOR, ANGELA MCIVER, ANGELA PRUDENCIO, ANGELICA DIAZ-SANCHEZ, ANN RAWLINSIN A/K/A ANN RAWLINSON, ANNIEVA STOKAN, ANTONIO HECTOR LEAL, JR., ARTURO ZAMORA, ASHLEY FOSTER, AURORA COBOS, AUSTIN LASPRILLA, COURTYARD WESTWAY HOMEOWNERS ASSOCIATION, INC., AZUCENA SANCHEZ INDIVIDUALLY AND AS NEXT FRIEND OF S.A., J.A., AND Y.A., MINORS, AZUL MARINA PORRES, BARBARA ROGERS, BEATRIZ SALAZAR, INDIVIDUALLY AND AS NEXT FRIEND OF J.A.G., MINOR, BELKIS RIVERA, INDIVIDUALLY AND AS NEXT FRIEND OF B.J. AND J.C.M., MINORS, BENITO AMBRIZ, INDIVIDUALLY AND AS NEXT FRIEND OF L.A., B.A. AND A.A., MINORS, BENJAMIN KING, BERNITA SIMON, BERTA ROMERO, BERTHA ALICIA SALVADOR, BESSY SANCHEZ, INDIVIDUALLY AND AS NEXT FRIEND OF E.G., A.G. AND K.G., MINORS, BETTY BAILEY, BIANKA CERVANTES-VAZQUEZ, BLANCA E. GUEVARA, BLANCA ELIZABETH QUIROZ MOJICA, BLANCA RAMOS, BLANCA SILVA, INDIVIDUALLY AND AS NEXT FRIEND OF J.S. AND A.S., MINORS, BLANCA SOLORZANO, INDIVIDUALLY AND AS NEXT FRIEND OF B.S. AND KS.,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**MINORS, BOB YEUNG, BRENDA**
**PHAM, INDIVIDUALLY AND D/B/A**
**MOMENTO TATTOO STUDIO,**
**BRIGIDA CARBAJAL TAPIA LOPEZ,**
**BRISA ZUNO, CALEB OLIVER,**
**CANDELARIO ORTIZ, CANDIDA**
**VASQUEZ, CARLOS ARTEAGA,**
**CARLOS GONZALEZ, CARLOS**
**HERNANDEZ, CARLOS ALEXANDER**
**LAZO, CAROLINA BELTRAN,**
**INDIVIDUALLY AND OBO**
**MONTENEGRO ENTERPRISES, LLC**
**D/B/A NEWTHINGS HOME**
**FURNITURE, CASEY WOLFRAM,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF L.W., C.W. AND J.W.,**
**MINORS, CATHERINE M. NORTON,**
**CECILIA ARREOLA, CELEA**
**MURCIA, CELIA BALLESTEROS,**
**CESAR CERVANTES,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF S.C., MINOR, CHRIS**
**MANZKE, CHRISTIAN**
**BALLESTEROS, INDIVIDUALLY AND**
**AS NEXT FRIEND OF Z.B., MINOR,**
**CHRISTIAN FUENTES, CHRISTIE**
**HULTS, CHRISTINA HAND,**
**CHRISTINA PHAM, CHRISTINE**
**CHUMA, CINDY HERNANDEZ,**
**CLABURNE LONG, CLAUDIA**
**ARROYO, CLAUDIA OROZCO,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF N.P., MINOR, COLEMAN**
**PEAY, COLLEEN PRICE,**
**CONSTANTINO SOSA,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF I.N.H.O. AND A.J.N.H.,**
**MINORS, CORY BUZNEGO,**
**CRISOFORO TORRES,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF C.T., A.T., I.T. AND E.T.,**
**MINORS, CHRISTINE JOLINK,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF M.J., M.J., AND M. J.,**
**MINORS, CRISTHIAN MARTINEZ,**
**CRISTIAN ZUNO, CUONG TU**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

"WENDY" NGUYEN, CYNTHIA                    §
ISOME, CYNTHIA SEGOVIA,                    §
DALLANDYSHE TUSHE, DANIEL                  §
ALCALA, DANIEL ALCALA, SR.,                §
DANIEL MARTINEZ, INDIVIDUALLY             §
AND AS NEXT FRIEND OF J.D.M.,              §
MINOR, DARLEEN B. SCROGGIN,                §
DARRELL LINDSEY, DARRELL                   §
SMITH, DAVID DIOSDADO, DAVID              §
SOLORZANO, DAVID STOJAN, DEAN             §
ENRIGHT, DEAN PIERCE, DEBORA              §
MCLAUGHLIN, INDIVIDUALLY AND              §
AS NEXTFRIEND OF K.L.M. AND               §
K.M.M., MINORS, DEIO                       §
HENDERSON, DELMY SALGADO,                  §
DEVIN YOUNG, DIANA DIAZ, DIANA            §
HERNANDEZ, DIANA ZEPEDA,                   §
DINORAH GONZALEZ,                          §
DOLORES BOADO, INDIVIDUALLY               §
AND AS NEXT FRIEND OF A.G.B.,             §
MINOR, DORA TURRUBIATES,                   §
DORA VALDEZ, DORIS                         §
RICHARDSON, DULCE IVONE                    §
SANCHEZ, DULCE RODRIGUEZ,                  §
DULCE ZUNO, INDIVIDUALLY AND              §
AS NEXT FRIEND OF C.O., M.O.              §
AND L.O., MINORS, DUNG HUNG               §
PHAM, DYSHEBA FORD,                        §
EDUARDO FLORES, AS NEXT                   §
FRIEND OF N.M, MINOR,                      §
EDUARDO GALLEGOS, EDWARD                   §
RODRIGUEZ, EDWARD SNYDER,                  §
EDWIN A. MONTESINO,                        §
INDIVIDUALLY AND AS NEXT                   §
FRIEND OF E.H.M. AND A.M.,                §
MINORS, EDWIN ALVAREZ,                     §
EFRAIN MORALES, ELIDA                      §
GUERRERO, ELIVIA ORTIZ,                    §
ELIZABETH DUBUQUE, ELVIRA                  §
LUNA, ELWOOD WHITFIELD                     §
NELSON, ELYSE KING,                        §
EMMANUEL QUIROZ,                           §
INDIVIDUALLY AND AS NEXT                   §
FRIEND OF E.Q. AND J.Q.,                  §
MINORS, ERIC INFANTE, ERICA               §
BRAVO, INDIVIDUALLY AND AS                §

NEXT FRIEND OF E.B. AND R.B.,                  §
MINORS, ERICK BADILLO,                         §
ESMERALDA GUZMAN,                              §
ESPERANZA CIFUENTES,                           §
ESPERANZA WEBBER, ESTHER                       §
RUIZ, EVELIN IBARRA,                           §
INDIVIDUALLY AND AS NEXT                       §
FRIEND OF JESUS IBARRA, JR.,                   §
MINOR, EVER BAUTISTA,                          §
INDIVIDUALLY AND DBA B&J                       §
TEXAS LONE STAR, FABIAN                        §
MONTENEGRO, INDIVIDUALLY                       §
AND OBO MONTENEGRO                             §
ENTERPRISES LLC DBA                            §
NEWTHINGS HOME                                 §
FURNITURE, FABIOLA REGALADO,                   §
FAUSTINO QUIROZ, FAUSTINO                      §
ROMAN, INDIVIDUALLY AND AS                     §
NEXT FRIEND OF B.R., MINOR,                    §
FERNANDO CASTRO-CHAVEZ,                        §
FERNANDO ORDONEZ, FLOWER                       §
GARCIA, FRANCINE GRANT,                        §
FRANCISCO COBOS, FRANCISCO                     §
LOZANO, AS NEXT FRIEND OF                      §
A.L. AND X.L., MINORS, FRANCO                  §
AGUIRRE, FRANK WAYNE                           §
ROGERS, FRANKY ESTRADA,                        §
FREDDY MARTINEZ SANCHEZ,                       §
GABRIEL OLIVER, GABRIELA                       §
GUTIERREZ, INDIVIDUALLY AND                    §
AS NEXT FRIEND OF A.R. AND A.R.,               §
MINORS, GABRIELA MARTINEZ,                     §
INDIVIDUALLY AND AS NEXT                       §
FRIEND OF D.M. AND D.M., MINORS,               §
GABRIELA ZUNIGA, INDIVIDUALLY                  §
AND AS NEXT FRIEND OF E.Z., J.Z.               §
AND G.Z., MINORS, GARY TODD,                   §
INDIVIDUALLY AND AS NEXT                       §
FRIEND OF Y.T., MINOR, GEORGE                  §
ALVARADO, GILBERT ORELLANA,                    §
AS NEXT FRIEND OF M.O., A.O. AND               §
L.O., MINORS, GINA IIAMS, GLADYS               §
ZELAYA DE SANCHEZ, GLENDA                      §
LEE, GLORIA BETANCOURT,                        §
INDIVIDUALLY AND AS NEXT                       §
                                               §

FRIEND OF M.L., MINOR, GLORIA
SOLORZANO, GONZALO FISHER
LOPEZ, GREG PRIOR, GREG
SANDERS, GREYSI YOELY RIVERA
AYALA, GUADALUPE BANDERA,
GUADALUPE GARCIA CASTRO,
INDIVIDUALLY AND AS NEXT
FRIEND OF M.A.A. AND K.M.A.,
MINORS, GUADALUPE SANCHEZ
CONTRERAS, GUILLERMINA
DIOSDADO, GUILLERMO DURAN,
GUSTAVO BARAJAS, GUSTAVO
VASQUEZ, INDIVIDUALLY AND
AS NEXT FRIEND OF A.V. AND
A.V., MINORS, HANH NGUYEN,
HAO ANH NGUYEN, HECTOR A.
CERVANTES, AS NEXT FRIEND
OF H.S.C., MINOR, HECTOR
RUIZ, ENRIQUETA GARCIA AKA
ERIQUETA GARCIA, INDIVIDUALLY
AND AS REPRESENTATIVE OF
HERBERTO CARDENAS
ALMENDAREZ, DECEASED,
HIEN THANH TRUONG, HILDA
LIMAS, INDIVIDUALLY AND AS
NEXT FRIEND OF S.L. AND L.L.,
MINORS, HOMERO REGALADO,
JR., HORACIO RODRIGUEZ,
HORTENCIA MONTES, HUEY
LONG, I. J. CHANG, ILIANA OLMOS,
INES VAZQUEZ-LOPEZ,
INDIVIDUALLY AND AS NEXT
FRIEND OF A.F. AND C.F., MINORS,
IRLANDA COPE, IRVIN GUEVARA,
ISAMAR BALLESTEROS, ISIDORO
FUENTES, ISUF TUSHE, J. CARMEN
BOTELLO, JACQUELYN ST. JULES,
JACQUIE VON HOHN, JAMES
BAILEY, SR., JAMESHIA MITCHELL,
INDIVIDUALLY AND AS NEXT
FRIEND OF K.H., J.H. AND K.H.,
MINORS, JANET MARIE PRIOR,
INDIVIDUALLY AND AS NEXT
FRIEND OF J.P., MINOR, JEAN
RICE, JEANETTE MCDANIEL,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

JEFFREY CREEL, JENEVA SMITH,
INDIVIDUALLY AND AS NEXT
FRIEND OF K.S. AND D.B., MINORS,
JENNI DE GUZMAN, INDIVIDUALLY
AND AS NEXT FRIEND OF P.A.R.,
MINOR, JENNIFER ESQUEDA,
INDIVIDUALLY AND AS NEXT
FRIEND OF E.E., JR., MINOR,
JEREMIAH OLIVER, JERMAINE
AUSTIN, INDIVIDUALLY AND AS
NEXT FRIEND OF B.A., B.A., AND
C.A., MINORS, JESSEE RUIZ,
JESSICA SOLIS, INDIVIDUALLY
AND AS NEXT FRIEND OF J.R.S.,
MINOR, JESUS GONZALEZ, JESUS
GUERRERO RODRIGUEZ, JESUS
IBARRA, JESUS SANCHEZ MORAN,
JIM CHAN, JIMENA ESCUDERO,
JIMMY NGUYEN, JIN CHAN NA,
JOAQUIN ALVAREZ, JONATHAN
BERRONES, INDIVIDUALLY AND
AS NEXT FRIEND OF I.B. AND
M.G.B., MINORS, JORGE CHACON,
INDIVIDUALLY AND AS NEXT
FRIEND OF KG., MINOR, JORGE
LUIS GARZA, JORGE LUIS GARZA
REYES, JOSE ALBERTO GARZA
REYES, JOSE BANDERA, JOSE
DAMIAN MEDELLIN, JOSE ELOY
ORTEGA, INDIVIDUALLY AND
AS NEXT FRIEND OF C.O. AND
E.O., MINORS, JOSE GIRON,
JOSE LUIS TORRES, JOSE
MONTALVAN, INDIVIDUALLY AND
AS NEXT FRIEND OF J.M.,
A.M., N.M. AND J.M., MINORS, JOSE
PAULINO NAJAR, JOSE PAZ
HERNANDEZ, JOSE R. SOLIS,
SR., JOSE RAMOS, JOSE ROMERO,
INDIVIDUALLY AND DBA LA
SALVADORENA SPORTS BAR AND
SAN MIGUELITO SPORT BAR, JOSE
TOVAR, INDIVIDUALLY AND AS
NEXT FRIEND OF J.S., MINOR,
JOSEPH PHAN AKA KHANH PHAN
AND LINDSEY TRAN,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**INDIVIDUALLY AND AS NEXT**
**FRIENDS OF P.P., J.P., M.P. AND A.P.,**
**MINORS, JOSEPH VANCE BOYD,**
**JOSHUA LEE, JOSHUA OLIVER,**
**JOSHUA REESE, JOSUE**
**BALLESTEROS, JOSUE TORRES,**
**JOYCE OWENS, JUAN CARLOS**
**MATA, JUAN FRANCISCO AYALA,**
**JUAN TORRES, INDIVIDUALLY AND**
**AS NEXT FRIEND OF F.T., A.T. AND**
**A.T, MINORS, JUAN VALDEZ, JUANA**
**ONTIVEROS, JUANA QUIROZ,**
**JUANA SOLORZANO, JULIA**
**SANDOVAL, JULIAN RAMIREZ,**
**JULIE ONTIVEROS, JULIO**
**GRONILLO, INDIVIDUALLY AND AS**
**NEXT FRIEND OF C.G., MINOR,**
**JULIO ONTIVEROS, JULIO CESAR**
**RAMIREZ, KAREN FISHER, KAREN**
**TORRES, KARINA RAMOS,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF O.B AND V.B., MINORS,**
**KARLA CARILLO, INDIVIDUALLY**
**AND AS NEXT FRIEND OF L.G. AND**
**C.G., MINORS, KARLA PARRA,**
**KARYN LAAKE, INDIVIDUALLY**
**AND AS NEXT FRIEND OF C.S.,**
**MINOR, KATHERINE E. DRAWSAND,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF D.R.D., MINOR, KENIA**
**VANESSA MORALES SANCHEZ,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF K.M. AND B.M., MINORS,**
**KEVIN BONNY, KEVIN JACKSON,**
**KHAN NGUYEN, KIMBERLY**
**POLLARD, KIM SIN, KIMBERLY**
**SHOLARS, KRISTOPHER VON**
**HOHN, KUM SUN SONG, LAN TRAN,**
**LATONETTE SMITH, LATRECIA**
**AUSTIN, LAURA DIAZ, LAURA**
**JOHNSON, INDIVIDUALLY AND AS**
**NEXT FRIEND OF N.B. AND L.B.,**
**MINORS, LAURA TORRES,**
**INDIVIDUALLY AND AS NEXT**
**FRIEND OF S.T., MINOR,**
**LAZARO ALVAREZ VASQUEZ,**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

LENA CARDENAS, LENE BACCAM, §
LEONARDO FORTUNO, LEONEL §
RAMIREZ, INDIVIDUALLY AND DBA §
TEXAS RADIATOR AUTO REPAIR, §
INC., LEONOR BALLINAS DE §
FUENTES, LETICIA PALACIOS, §
LINDA DANG, INDIVIDUALLY §
AND AS NEXT FRIEND OF A.L.R., §
MINOR, LINDSEY TRAN, LIZBETH §
HERNANDEZ, LOURDES RAMIREZ, §
LUIS AGUILERA, LUIS ANTONIO §
MELGAR, LUIS MEDELLIN, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF G.M. AND D.M., MINORS, §
LUIS TOWNS, LYNDA MILNER, §
LYNN EDWARD DONOVAN, MAIRA §
ROMAN, MANUEL RUIZ, §
MARCELLA BONNY, MARCELO §
FALLICK, MARGARET CARLIN, §
MARGARITA GUTIERREZ, §
MARGARITA IBARRA, MARGARITO §
FLORES, MARIA ARTEAGA, §
MARIDE LOURDES TAMAYO, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF V.H. AND S.H., MINORS, §
MARIA DIOSDADO, MARIA DEL §
CARMEN RUIZ, MARIA ELIZALDE, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF Z.A., KA., N.A., I.A. AND §
I.A., MINORS, MARIA ELOINA §
LOPEZ, MARIA FIGUEROA, MARIA §
GIRALDO, MARIA HERNANDEZ, §
MARIA PEDRAZA, MARIA §
REGALADO, MARIA SOLORZANO, §
MARIA TORRES, MARIA ZAMUDIO, §
MARIA ZUNO, MARICRUZ MUNOZ, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF S.I., MINOR, MARIO §
GIRALDO, MARIO HERNANDEZ, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.H., MINOR, MARISOL §
ORDONEZ, MARISOL URIOSTEGUI, §
MARK BRADY, MARK IIAMS, §
MARLON HENRY, MARSEDEZ §
HAUGHTON, MARTA LUEVANO, §
§

**MARTA SANCHEZ, INDIVIDUALLY**　§
**AND AS NEXT FRIEND OF A.S. AND**　§
**J.S., MINORS, MARTHA KNOTTS,**　§
**MARTHA TREJO, MARTIN DE JESUS**　§
**BOADO, MARTIN DE JESUS BOADO**　§
**PEREZ, MARTIN ESQUEDA,**　§
**INDIVIDUALLY AND AS NEXT**　§
**FRIEND OF J.E. AND E.E., MINORS,**　§
**MARTIN GUZMAN, MARY**　§
**BALLINGER, MARY CHURCH,**　§
**INDIVIDUALLY, AND AS NEXT**　§
**FRIEND OF E.R., MINOR, MARY**　§
**DONOVAN, MARY VU, MAYRA**　§
**REYES, INDIVIDUALLY AND DBA**　§
**24/7 LAS VEGAS VIEW CINE,**　§
**MAXINE C. WILLIAMS, MELISSA**　§
**GARZA, INDIVIDUALLY AND AS**　§
**NEXT FRIEND OF H.F., MINOR,**　§
**MELODY BANKS, MELVA IRIS**　§
**HERNANDEZ AKA MELBA**　§
**HERNANDEZ, MICHAEL DENNIS,**　§
**MICHAEL HENRY, MICHAEL**　§
**MORRISON, MICHAEL**　§
**SCHARRINGHAUSEN, MIGUEL**　§
**ANGEL CASTILLO OLMOS, MIGUEL**　§
**ANGEL GARCIA, MIGUEL ANGEL**　§
**SILVA, MIGUEL ANGEL TORRES,**　§
**MIGUEL BELTRAN, MIGUEL**　§
**MAJANO, MILAGRO DEL CARMEN**　§
**GUANDIGUO AKA MILAGRO D.**　§
**VASQUEZ, INDIVIDUALLY AND AS**　§
**NEXT FRIEND OF K.V., K.V. AND**　§
**K.R., MINORS, MILAGRO ORDONEZ,**　§
**INDIVIDUALLY AND AS NEXT**　§
**FRIEND OF E.O. AND E.O., MINORS,**　§
**MINH HO, MIRIAM DEL CASTILLO,**　§
**MIRIAN CRUZ, INDIVIDUALLY AND**　§
**AS NEXT FRIEND OF B.A., M.V AND**　§
**J.V., MINORS, MOISES SALVADOR**　§
**LEON,JR., MOISES SALVADOR**　§
**SANCHEZ, MOISES ZAMUDIO,**　§
**MONICA CARDENAS, NAM STAPP,**　§
**NANCY ROMAN, NANCY TOWNS,**　§
**INDIVIDUALLY AND AS NEXT**　§
**FRIEND OF A.T., MINOR, NATALIA**　§
**DE JESUS BOADO PEREZ,**　§

INDIVIDUALLY AND AS NEXT §
FRIEND OF C.M., MINOR, NATHALIA §
RAMIREZ, NECKER ARCHELUS, §
NELSON SIMOES DOS SANTOS, §
NEVIE MARTINEZ, NGA DANG, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF Q.N., A.N. AND A.N., §
MINORS, NICHOLAS ARROYO, §
NICOLE GRAY, NIRALI PATEL, NOE §
PULIDO, NONG PHAN, NORA §
GARCIA, SANDERS, PHONG §
NGUYEN, AS NEXT FRIEND OF L.N., §
A.N., K.N., AND K.L.N., MINORS, §
POEY ENG TIERMAN, QUYEN §
THUYEN NGUYEN, RADKEY §
JOLINK, RAMIRO ZUNIGA, RAMON §
GUSTAVO HERNANDEZ-MARTINEZ, §
RAMSES AYALA, RAUMIR JACOME, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.J., MINOR, §
RAYMUNDO RAMOS, REFUGIO §
GUTIERREZ, REJNAL TUSHE, §
RENE RIVERA, RETTA §
FITZJARRALD, REYNA SANTANA, §
RICARDO BUSTAMANTE, RICARDO §
REYES, RICHARD MIKEL, §
ABRAHAM NA, ROBERT PEUGH, §
ROBERT SINGLETON, RODRIGO §
FLORES, ROLAND RAMIREZ, §
ROLANDO GARCIA, INDIVIDUALLY §
AND AS NEXT FRIEND OF A.G., K.G. §
AND B.G., MINORS, ROMANA §
TEREZA CERVANTES, RONNIE §
OLMEDO, ROSA PARADA, ROSABLA §
MARTINEZ, INDIVIDUALLY AND §
AS NEXT FRIEND OF C.M., V.M., §
M.Y.M. AND M.N.M., MINORS, §
ROSALINA GOMEZ, ROSALBA §
MENDIETA, INDIVIDUALLY AND AS §
NEXT FRIEND OF O.M., MINOR, §
ROSAURA ALCALA, INDIVIDUALLY §
AND AS NEXT FRIEND OF D.A., §
MINOR, ROSAURA ZAPATA CALIX, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF S.H.Z., MINOR, RUBEN §
JAMES VILLALPANDO, RUBEN §

ZUNO, RUBENIA GARCIA,     §
INDIVIDUALLY AND AS NEXT     §
FRIEND OF M.H., MINOR, RUTHIE     §
ARCHELUS, RYAN NGUYEN,     §
SALOMON D. NUNEZ, SALOMON     §
TORRES, SAMUEL GARCIA, JR.,     §
SANDRA BOTELLO, SANDRA     §
CEPADA, INDIVIDUALLY AND AS     §
NEXT FRIEND Z.M. AND A.M.,     §
MINORS, SARA ESQUEDA, SARA     §
RAMIREZ MELGAR, SARVELIO     §
CAMPOS, INDIVIDUALLY AND     §
AS NEXT FRIEND OF L.C., L.C.     §
AND K.C., MINORS, SATOHIRO     §
FUJII, SAUMIL PATEL, SERGIO     §
LIMAS, SHANTERIA AVERIL,     §
INDIVIDUALLY AND AS NEXT     §
FRIEND OF L.C., MINOR, SIDES     §
ZAMUDIO, SILVESTRE SAUL     §
HERNANDEZ, SINDY YOJANA     §
CASTILLO-SANCHEZ, SOLEIDY     §
CRUZ, INDIVIDUALLY AND AS     §
NEXT FRIEND OF A.C., MINOR,     §
SONIA HERNANDEZ,     §
INDIVIDUALLY AND AS NEXT     §
FRIEND OF A.A. AND D.H.,     §
MINORS, SOOK JA NA, STEPHANIE     §
COBOS, STEVEN STEGER, SULMA     §
BEJARANO, SUSAN WATKINS,     §
SUSANA ESPARZA, INDIVIDUALLY     §
AND AS NEXT FRIEND OF A.P.,     §
MINOR, SUSANA GARZA,     §
SUSANNE DENNIS, SUZANNE     §
SLAVINSKY, TANA MOCHMAN     §
PIERCE, TATIANA E. LARA,     §
TED BACCAM, TERRI     §
SEPULVEDA, TERRI YOUNG,     §
THELMA ZAMORA,     §
INDIVIDUALLY AND AS NEXT     §
FRIEND OF J.Z. AND E.Z.,     §
MINORS, THERESA DILLARD,     §
THERESA STOJAN, THOMAS     §
MATHEW, TOM HAND, TRACY     §
STEPHENSON, TRANG NGUYEN,     §
ANDREA HORTON AS NEXT FRIEND     §
OF E.H., A.H., T.H. AND A.H, MINORS,     §

TRENICA HAUGHTON, TRIVIA §
DOUGLAS, INDIVIDUALLY AND §
AS NEXT FRIEND OF S. D., MINOR, §
VANESSA BALTIERREZ, VELMA §
HENRY, VERONICA MORENO §
VARGAS,INDIVIDUALLY AND AS §
NEXT FRIEND OF H.R. AND V.R., §
MINORS, VERONICA RODRIGUEZ, §
VICENTE PAITA, VICTONIA PEAY, §
VICTOR ALFONSO GUZMAN §
CASTILLO, VICTOR QUIJADA, §
VICTORIA HERNANDEZ, W.R. §
WOLFRAM, III, WENCESLAO §
GUZMAN GRAJEDA, WENER §
SANCHEZ TORRES, WILLIAM §
PURSLEY, WILLIAM SCHIAFFO, §
XIAOJUAN ZHOU, XIMENA §
ZAMUDIO, INDIVIDUALLY AND AS §
NEXT FRIEND OF M. Z., MINOR, §
XITHLALY PULIDO, XOCHITL §
FUENTES, YOLANDA §
WELLSBROUGHTON, §
INDIVIDUALLY AND AS NEXT §
FRIEND OF A.B. AND I.B., MINORS §
AND ZACKEITH §
EASON, §
§
      Plaintiffs, §
§
v. §
§
WATSON VALVE SERVICES, INC., §
WATSON GRINDING AND §
MANUFACTURING CO., MATHESON §
TRI-GAS INC., WESTERN §
INTERNATIONAL GAS & §
CYLINDERS, INC., KMHJ, LTD., §
KMHJ MANAGEMENT COMPANY, §
LLC, 3M COMPANY, FIRESTONE §
CRYOGENICS, INC., FIRESTONE §
CRYOGENIC EQUIPMENT, INC., §
TELEDYNE EXPLORATION §
COMPANY, TELEDYNE §
TECHNOLOGIES, INC. F/K/A §
DETCON, INC., DETCON, INC., D/B/A §
OLDHAM, ARC SPECIALTIES, INC., §

**AUTOMATION PLUS, INC. TRCC,**        §
**LLC DATAONLINE, LLC AND**            §
**INDUSTRIAL SCIENTIFIC**              §
**CORPORATION,**                       §
                                       §
    **Defendants.**                    §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KWOK DANIEL LTD., L.L.P. | KWOK DANIEL LTD., L.L.P. |
| 9805 Katy Freeway, Suite 850 | 9805 Katy Freeway, Suite 850 |
| Houston, Texas 77024 | Houston, Texas 77024 |
| Robert S. Kwok | Robert S. Kwok |
| J. Ryan Loya | J. Ryan Loya |
| Joshua R. Leal | Marcos H. Cardenas |
| Alex P. Boylhart | Alex P. Boylhart |
| William W. Hoke* | William W. Hoke* |
| Telephone: (713) 773-3380 | Telephone: (713) 773-3380 |
| Facsimile: (713) 773-3960 | Facsimile: (713) 773-3960 |
| Email: rkwok@kwoklaw.com | Email: rkwok@kwoklaw.com |
| Email: rloya@kwoklaw.com | Email: rloya@kwoklaw.com |
| Email: jleal@kwoklaw.com | Email: mcardenas@kwoklaw.com |
| Email: aboylhart@kwoklaw.com | Email: aboylhart@kwoklaw.com |
| Email: whoke@whokelaw.com | Email: whoke@whokelaw.com |
| | |
| DANIELS & TREDENNICK, LLP | |
| 6363 Woodway, Suite 700 | |
| Houston, TX 77057 | |
| Andrea L. Kim | |
| Andrea.Kim@dtlawyers.com | |
| Heath A. Novosad | |
| heath.novosad@dtlawyers.com | |
| Thomas H. Moss | |
| Thomas.Moss@dtlawyers.com | |
| (713) 917-0024 (Telephone) | |
| (713) 917-0026 (Facsimile) | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-05281

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, | § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., CENTERPOINT ENERGY, INC., CENTERPOINT ENERGY SERVICE COMPANY, LLC, CENTERPOINT ENERGY RESOURCES CORP., AND CENTERPOINT ENERGY GASE SERVICES, INC., | § § § § § § § § § § § | |
| **Defendants.** | § | 133ʳᵈ DISTRICT COURT |

+++++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

---

| | | |
|---|---|---|
| DUONG TUNG LA, et al., | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | ADVERSARY NO. 20-03085 |
| WATSON GRINDING AND | § § | |

**MANUFACTURING, CO., INC.,** §
**WATSON VALVE SERVICES, INC.,** §
**KMHJ MANAGEMENT COMPANY,** §
**LLC., KMHJ LTD., WESTERN** §
**INTERNATIONAL GAS &** §
**CYLINDERS, INC., AND** §
**MATHESON TRI-GAS, INC.,** §
§
**Defendants.** §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE HADI LAW FIRM, PLLC<br>Husein Hadi<br>Jamil Thomas<br>Carnegie H. Mims, III<br>Sedrick Stagg<br>7100 Regency Square Blvd., Suite 140<br>Houston, Texas 77036<br>Tel: (832) 433-7977<br>Fax: (855) 423-4529<br>litigation@thehadilawfirm.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-39864

| | | |
|---|---|---|
| DUONG TUNG LA, KELLY THU NGUYEN, JENNIFER PHOUNG NGUYEN, BICH-NGA THI LE, DAU THI HOANG, AND VI HOANG KIM WANNIGMAN, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 157ᵗʰ DISTRICT COURT |

+++++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-03386 |
| Debtor. | | (Chapter 11) |

DUONG TUNG LA, et al.,                                § §

|                          |   |                          |
|--------------------------|---|--------------------------|
| **Plaintiffs,**          | § |                          |
|                          | § |                          |
| **v.**                   | § | **ADVERSARY NO. 20-03386** |
|                          | § |                          |
| **ARC SPECIALTIES, INC.,** | § |                        |
| **et al.,**              | § |                          |
|                          | § |                          |
| **Defendants.**          | § |                          |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE HADI LAW FIRM, PLLC<br>Husein Hadi<br>Jamil Thomas<br>Carnegie H. Mims, III<br>Sedrick Stagg<br>7100 Regency Square Blvd., Suite 140<br>Houston, Texas 77036<br>Tel: (832) 433-7977<br>Fax: (855) 423-4529<br>litigation@thehadilawfirm.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-08475

| | | |
|---|---|---|
| CHRIS LE, JOAN DOAN, SEBASTIJAN | § | IN THE DISTRICT COURT OF |
| BEREN JI, VICTORIA WELLS, DAVID | § | |
| DIOSDADO, YOLANDA WELLS, | § | |
| JUNG S. YUN, JERLESA TATES, | § | |
| JAMES BOSTICK, MARY BOSTICK, | § | |
| WENDY HONDA, JOSEPH PHAM, | § | |
| JORGE PHAM, JORGE CHACON, | § | |
| ZACARIAS CHACON, DOMINGO | § | |
| DURON, MANUEL CORRAL, JOSE | § | |
| CORRAL, JAIME GONZALEZ, | § | |
| BIBIANO SANDOVAL, ANGELINA | § | |
| SANDOVAL, CELINA SANDOVAL, | § | |
| ABIGAIL HERNANDEZ, ROSALBA | § | |
| MARTINEZ, HILDA LIMAS, | § | |
| ANTHONY HOW ARD, JR., JEANNE | § | |
| MERRITT, MERVIN ALBANIA, RIVIS | § | |
| HUSBAND, MIRIAN CRUZ, | § | |
| ROBERTO HERNANDEZ, ALVARO | § | |
| MENDIETA, ROSALBA MENDIETA, | § | |
| PAUL MARTINEZ, JANET | § | |
| MARTINEZ, ARMIN DENIC, LINDA | § | |
| DANG, MYRA JEFFERSON, TUYET | § | |
| DO, STEVEN TRAN, MARK TRAN, | § | |
| GILBERT ORELLANA, EDUARDO | § | |
| DOLPHER, MORGAN LEE, | § | |
| ELIZABETH RUEDA, SARA GLORIA, | § | |
| DORIS ARIAS, PABLO LOPEZ, | § | |
| SKYLAR DOUGLAS, DENIS | § | |
| HERNANDEZ, ABEL MARTINEZ, | § | |
| MARTIN ESQUEDA, BLANCA | § | |
| MOJICA, ANA SARP AS, SULMA | § | |
| BERJANO, ANDRES GOMEZ, LUIS | § | |
| REYES, PA TRICIA CERVANTES, | § | |
| CRISTHIAN MARTINEZ, SINDY | § | |
| SANCHEZ, ROSAURA CALIX, DIANA | § | |
| LOPEZ, SUSAN LOPEZ, LUIS | § | |
| MEDELLIN, MARIA MEDELLIN, | § | |
| NGUYEN HOANG, KEVIN VU, JULIA | § | |
| TALAMANTES, ONEIDA | § | |
| TALAMANTES, MELODY DOLPHER, | § | |
| LUCERO MEDELLIN AND HECTOR | § | |
| MEDELLIN, | § | |
| | § | |
| **Plaintiffs,** | § | |

|   |   |   |
|---|---|---|
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.** | § | |
| **and WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.,** | § | |
| | § | |
| **Defendants.** | § | **234th DISTRICT COURT** |

++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|   |   |   |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **CASE NO. 20-30967** |
| | § | |
| **Debtor.** | § | **(Chapter 11)** |
| | § | |
| | § | |
| **CHRIS LE, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | **ADVERSARY NO. 20-03110** |
| | § | |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC. and** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING, CO.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Joshua R. Leal<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: jleal@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com<br><br>DANIELS & TREDENNICK, LLP<br>6363 Woodway, Suite 700<br>Houston, TX 77057<br>Andrea L. Kim<br>Andrea.Kim@dtlawyers.com<br>Heath A. Novosad<br>heath.novosad@dtlawyers.com<br>Thomas H. Moss<br>Thomas.Moss@dtlawyers.com<br>(713) 917-0024 (Telephone)<br>(713) 917-0026 (Facsimile) | KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Marcos H. Cardenas<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: mcardenas@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-10021

| | | |
|---|---|---|
| HUNG LONG LE, THI THUY NGUYEN, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| v. | § § | |
| WATSON GRINDING AND MANUFACTURING COMPANY; KMHJ, LTD. KMHJ MANAGEMENT COMPANY, LLC, | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § § | 270th DISTRICT COURT |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-03386 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| HUNG LONG LE, THI THUY NGUYEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03104 |
| WATSON GRINDING AND MANUFACTURING COMPANY; KMHJ, LTD. KMHJ MANAGEMENT COMPANY, LLC, | § § § § § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| ROBERT A. McALLISTER, JR., P.C. | ROBERT A. McALLISTER, JR., P.C. |
| Robert A. McAllister, Jr. | Robert A. McAllister, Jr. |
| Regency Square Tower | Regency Square Tower |
| 6200 Savoy, Suite 310 | 6200 Savoy, Suite 310 |
| Houston, Texas 77036 | Houston, Texas 77036 |
| Tel: (713) 776-0900 | Tel: (713) 776-0900 |
| Fax: (713) 776-1414 | Fax: (713) 776-1414 |
| robertmcallisterlaw@yahoo.com | robertmcallisterlaw@yahoo.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40647

| | | |
|---|---|---|
| **ZEE ZHONG LEE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, INC., MATHESON** | § | |
| **TRI-GAS, INC., ARC SPECIALISTS,** | § | |
| **INC. AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC., D/B/A OLDHAM,** | § | |
| **TELEDYNE DECON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC and** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | **125th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

| | | |
|---|---|---|
| **ZEE ZHONG LEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03338** |

**WATSON VALVE SERVICES, INC.**, *et al.*,

        **Defendants.**

§
§
§
§
§

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com | POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-37607

| | | |
|---|---|---|
| HORTENSA LIMA AND EDWARD FLORES, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § | |
| **Defendants.** | § | 270th DISTRICT COURT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| **Debtor.** | § § § | |

| | | |
|---|---|---|
| HORTENSA LIMA AND EDWARD FLORES, | § § § | |
| **Plaintiffs,** | § § | ADVERSARY NO. 20-03226 |
| v. | § § | |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN | § § § § § | |

| | |
|---|---|
| **INTERNATIONAL GAS &** | § |
| **CYLINDERS, INC., AND MATHESON** | § |
| **TRI-GAS, INC.,** | § |
| | § |
| **Defendants.** | § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC | CLARK, LOVE, & HUTSON, PLLC |
| Ana M. Ene | Ana M. Ene |
| Adam D. Peavy | Adam D. Peavy |
| Scott A. Love | Scott A. Love |
| 440 Louisiana Street, Suite 1700 | 440 Louisiana Street, Suite 1700 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| aene@triallawfirm.com | aene@triallawfirm.com |
| adam@peavy-law.com | adam@peavy-law.com |
| slove@triallawfirm.com | slove@triallawfirm.com |
| (713) 757-1400 – Tel | (713) 757-1400 – Tel |
| (713) 759-1217 – Fax | (713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40669

| | | |
|---|---|---|
| BINH LU, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC, ARC SPECIALISTS, INC. | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC., D/B/A OLDHAM, | § | |
| TELEDYNE DECON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 215th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **BINH LU, III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03334** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** *et* | § | |
| *al.*, | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| POTTS LAW FIRM, LLP | POTTS LAW FIRM, LLP |
| Michael John Bins | Michael John Bins |
| 3737 Buffalo Speedway | 3737 Buffalo Speedway |
| Ste 1900 | Ste 1900 |
| Houston, TX 77098 | Houston, TX 77098 |
| 713-963-8881 | 713-963-8881 |
| mbins@potts-law.com | mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40627

| | | |
|---|---|---|
| TOAN D. LY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC, ARC SPECIALISTS, INC. | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC., D/B/A OLDHAM, | § | |
| TELEDYNE DECON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 55th JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| TOAN D. LY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03341 |

**WATSON VALVE SERVICES, INC., et al.,**

    **Defendants.**

§
§
§
§
§

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com | POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-39914**

| | | |
|---|---|---|
| **ALEX MABRY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, MATHESON TRI-GAS, INC.,** | § | |
| **WESTERN INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., ARC SPECIAL TIES,** | § | |
| **INC., AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENICS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A DETCON** | § | |
| **INC., TELEDYNE EXPLORATION** | § | |
| **COMPANY, DETCON, INC. D/B/A** | § | |
| **OLDHAM, TELEDYNE DETCON, INC.,** | § | |
| **3M COMPANY, TRCC, LLC,** | § | |
| **DATAONLINE, LLC, AND INDUSTRIAL** | § | |
| **SCIENTIFIC CORPORATION** | § | |
| | § | |
| **Defendants.** | § | **295th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

| | | |
|---|---|---|
| **ALEX MABRY,** | § | |
| | § | |

|  |  |  |
|---|---|---|
| **Plaintiff,** | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03332** |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40347

| | | |
|---|---|---|
| CARLOS MARQUEZ AND MIRIAM MARQUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMP ANY, | § | |
| LLC, ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, | § | |
| INC., FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/ A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M COMP | § | |
| ANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| *Defendants*. | § | 164th JUDICIAL DISTRICT |

+++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| CARLOS MARQUEZ AND MIRIAM MARQUEZ, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03306 |
| | § | |
| | § | |

**WATSON VALVE SERVICES, INC., et** §
**al.,** §
        *Defendants.*

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com<br><br>KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com<br><br>BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com<br><br>KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-40596

| | | |
|---|---|---|
| CHARLENE MARTHIEO, | § | IN THE DISTRICT COURT OF |
| AND MARK MARTHIEO, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF Y.M., A MINOR | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KMHJ MANAGEMENT COMPANY | § | |
| LLC, KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., MATHESON TRI-GAS, INC., | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING COMPANY, 3M | § | |
| COMPANY, FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| TELEDYNE EXPLORATION | § | |
| COMPANY, TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A DETCON, | § | |
| INC. DETCON, INC. D/B/A OLDHAM, | § | |
| ARC SPECIAL TIES, INC., | § | |
| AUTOMATION PLUS, INC., TRCC, | § | |
| LLC, DATAONLINE LLC, INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION | § | |
| | § | |
| **Defendants.** | § | 127th JUDICIAL DISTRICT |

+++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| **Debtor.** | § | |

**CHARLENE MARTHIEO AND MARK** §
**MARTHIEO, INDIVIDUALLY AND AS** §
**NEXT FRIEND OF Y.M., A MINOR,** §
 §
  **Plaintiffs,** §
**v.** §  **ADVERSARY NO. 20-03366**
 §
**KMHJ MANAGEMENT COMPANY** §
**LLC., et al.,** §
 §
  **Defendants.** §
 §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| THE BUZBEE LAW FIRM<br>Anthony G Buzbee<br>Christopher Jerrod Leavitt<br>Ryan S. Pigg<br>tbuzbee@txattorneys.com<br>cleavitt@txattorneys.com<br>rpigg@txattorneys.com<br>JPMorgan Chase Tower<br>600 Travis Street, Ste 7300<br>Houston, TX 77002<br>713-223-5393<br>713-223-5909 (fax) | THE BUZBEE LAW FIRM<br>Anthony G Buzbee<br>Christopher Jerrod Leavitt<br>Ryan S. Pigg<br>tbuzbee@txattorneys.com<br>cleavitt@txattorneys.com<br>rpigg@txattorneys.com<br>JPMorgan Chase Tower<br>600 Travis Street, Ste 7300<br>Houston, TX 77002<br>713-223-5393<br>713-223-5909 (fax) |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-09409**

| | | |
|---|---|---|
| SONIA MARTINEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KMHJ, LTD., KMHJ MANAGEMENT | § | |
| COMPANY LLC., WESTERN | § | |
| INTERNATIONAL GAS & | § | |
| CYLINDERS, INC. AND MATHESON | § | |
| TRI-GAS, INC., | § | |
| | § | |
| Defendants and Third-Party | § | |
| Plaintiffs. | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO. AND | § | |
| WATSON VALVE SERVICES, INC. | § | |
| | § | |
| Third-Party Defendants. | § | 333rd JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| SONIA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03166 |
| | § | |
| KMHJ, LTD., et al., | § | |

|  |  |
|---|---|
| **Defendants and Third-Party Plaintiffs.** | § § § |
|  | § |
| **v.** | § § |
| **WATSON GRINDING AND MANUFACTURING CO., et al.** | § § § |
| **Third-Party Defendants.** | § § § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com |  |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39919

| | | |
|---|---|---|
| **MARIA MATIAS,** *et al.,* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, MATHESON TRI-GAS, INC.,** | § | |
| **WESTERN INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., ARC SPECIAL TIES,** | § | |
| **INC., AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENICS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A DETCON** | § | |
| **INC., TELEDYNE EXPLORATION** | § | |
| **COMPANY, DETCON, INC. D/B/A** | § | |
| **OLDHAM, TELEDYNE DETCON, INC.,** | § | |
| **3M COMPANY, TRCC, LLC,** | § | |
| **DATAONLINE, LLC, AND INDUSTRIAL** | § | |
| **SCIENTIFIC CORPORATION** | § | |
| | § | |
| **Defendants.** | § | **11th JUDICIAL DISTRICT** |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

**MARIA MATIAS, ZITLALY MATIAS,** §
**JOSE LUIS MATIAS, JR., OSCAR** §
**JAVIER MATIAS, AND JIENNIY** §
**NAZARIO,** §            **ADVERSARY NO. 20-03342**
§
  **Plaintiffs,** §
§
**v.** §
§
**WATSON VALVE SERVICES, INC., et** §
**al.,** §
§
  **Defendants.** §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN,<br>P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-40297

| | | |
|---|---|---|
| LUIS MATZAR, JOSE MUNDO, MIRNA MUNDO, VICTOR GUERRERO, ABEL PEREZ MARQUEZ, MARIA RODRIGUEZ, and ROSA MARIA TORRES, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| *Defendants.* | § § | 151st JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| LUIS MATZAR, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03321 |
| WATSON VALVE SERVICES, INC., et al. | § § § | |
| Defendants. | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| **PIERCE SKRABANEK PLLC**<br>Michael E. Pierce<br>michael@pstriallaw.com<br>Kyle W. Chapel<br>kyle@pstriallaw.com<br>3701 Kirby Drive, Suite 760<br>Houston, Texas 77098<br>(832) 690-7000<br>(832) 616-5576 – Fax<br>service@pstriallaw.com | **PIERCE SKRABANEK PLLC**<br>Michael E. Pierce<br>michael@pstriallaw.com<br>Kyle W. Chapel<br>kyle@pstriallaw.com<br>3701 Kirby Drive, Suite 760<br>Houston, Texas 77098<br>(832) 690-7000<br>(832) 616-5576 – Fax<br>service@pstriallaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-04959

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR., INGRID MIRANDA, DANIEL BRAVO AND ERICA BRAVO, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| vs. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., | § § § § | HARRIS COUNTY, TEXAS |
| *Defendants.* | § | 281ˢᵗ JUDICIAL DISTRICT |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| RIGOBERTO MIRANDA, JR.,, | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | ADVERSARY NO. 20-03083 |
| WATSON VALVE SERVICES, INC., et al. | § § § | |
| **Defendants.** | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Joshua R. Leal<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: jleal@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com<br><br>DANIELS & TREDENNICK, LLP<br>6363 Woodway, Suite 700<br>Houston, TX 77057<br>Andrea L. Kim<br>Andrea.Kim@dtlawyers.com<br>Heath A. Novosad<br>heath.novosad@dtlawyers.com<br>Thomas H. Moss<br>Thomas.Moss@dtlawyers.com<br>(713) 917-0024 (Telephone)<br>(713) 917-0026 (Facsimile) | KWOK DANIEL LTD., L.L.P.<br>9805 Katy Freeway, Suite 850<br>Houston, Texas 77024<br>Robert S. Kwok<br>J. Ryan Loya<br>Marcos H. Cardenas<br>Alex P. Boylhart<br>William W. Hoke*<br>Telephone: (713) 773-3380<br>Facsimile: (713) 773-3960<br>Email: rkwok@kwoklaw.com<br>Email: rloya@kwoklaw.com<br>Email: mcardenas@kwoklaw.com<br>Email: aboylhart@kwoklaw.com<br>Email: whoke@whokelaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40269

| | | |
|---|---|---|
| ALFREDO MONTES AND NORMA MONTES | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING, CO., MATHESON | § | |
| TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., KMHJ, LTD., KMHJ | § | |
| MANAGEMENT COMPANY, LLC, 3M | § | |
| COMPANY, FIRESTONE CRYOGENICS, | § | |
| INC., FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| TELEDYNE TECHNOLOGIES, INC. F | § | |
| /Kl A DETCON, INC., DETCON, INC. | § | |
| D/B/ A OLDHAM, ARC SPECIALTIES, | § | |
| INC., AUTOMATION PLUS, INC., TRCC, | § | |
| LLC, DATAONLINE, LLC, AND | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | 157th JUDICIAL DISTRICT |
| | § | |
| **Defendants.** | § | (Jury Demanded) |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| **Debtor.** | | |

| | | |
|---|---|---|
| ALFREDO MONTES AND NORMA MONTES, | § | |
| | § | |

|                              |   |                        |
|------------------------------|---|------------------------|
| **Plaintiffs,**              | § |                        |
|                              | § |                        |
|                              | § | **ADVERSARY NO. 20-03324** |
| **v.**                       | § |                        |
|                              | § |                        |
| **WATSON VALVE SERVICES, INC., et al.,** | § |            |
|                              | § |                        |
|                              | § |                        |
| **Defendants.**              | § |                        |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| MESTEMAKER, STRAUB & ZUMWALT<br>David K. Mestemaker<br>dkm@mandsattorneys.com<br>Norman Straug<br>Nstraub@manddsattorneys.com<br>Jonathan B. Zumwalt<br>jbz@madsattorneys.com<br>3100 Timmons Lane, Suite 455<br>Houston, Texas 77027<br>Tel: (713) 626-890<br>Fax: (713) 626-8910 | MESTEMAKER, STRAUB & ZUMWALT<br>David K. Mestemaker<br>dkm@mandsattorneys.com<br>Norman Straug<br>Nstraub@manddsattorneys.com<br>Jonathan B. Zumwalt<br>jbz@madsattorneys.com<br>3100 Timmons Lane, Suite 455<br>Houston, Texas 77027<br>Tel: (713) 626-890<br>Fax: (713) 626-8910 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39717

| | | |
|---|---|---|
| JUANA MORENO AND<br>IGNACIO MORENO | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND<br>MANUFACTURING CO.,<br>WATSON VALVE SERVICES, INC.,<br>KMHJ MANAGEMENT COMPANY,<br>LLC. KMHJ, LTD., WESTERN<br>INTERNATIONAL GAS & CYLINDERS,<br>INC., AND MATHESON TM-GAS, INC. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DEFENDANTS. | § | 295th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING &<br>MANUFACTURING CO., | § | CASE NO. 20-30967 |
| | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| JUANA MORENO AND IGNACIO<br>MORENO, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | ADVERSARY NO. 20-03292 |
| v. | § | |
| | § | |
| WATSON GRINDING AND<br>MANUFACTURING CO., et al., | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Beck Redden, LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br>Telephone: (713) 951-6206<br>Facsimile: (713) 951-3720<br>Email: cwebb@beckredden.com | Beck Redden, LLP<br>W. Curt Webb<br>1221 McKinney Street, Suite 4500<br>Houston, Texas 77010<br>Telephone: (713) 951-6206<br>Facsimile: (713) 951-3720<br>Email: cwebb@beckredden.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40244

| | | |
|---|---|---|
| NATIONAL GENERAL INSURANCE COMPANY; MIC GENERAL INSURANCE CORPORATION; MOUNTAIN VALLEY INDEMNITY COMPANY; INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB; FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY; FIRE INSURANCE EXCHANGE; FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN; FOREMOST LLOYDS OF TEXAS and TEXAS FARMERS INSURANCE COMPANY, | § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC., | § § § § § § § § | |
| **Defendants.** | § | 215th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| **NATIONAL GENERAL INSURANCE COMPANY, et al.,** | § § § | |
| **Plaintiffs,** | § | **ADVERSARY NO. 20-03325** |
| **v.** | § § § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § § § | |
| **Defendants.** | § § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| BERGER KAHN, A LAW CORPORATION CRAIG S. SIMON 1 Park Plaza, Suite 340 Irvine, CA 92614 Phone: (949) 474-1880 Fax: (949) 313-5029 Email: csimon@bergerkahn.com | BERGER KAHN, A LAW CORPORATION CRAIG S. SIMON 1 Park Plaza, Suite 340 Irvine, CA 92614 Phone: (949) 474-1880 Fax: (949) 313-5029 Email: csimon@bergerkahn.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-38656

| | | |
|---|---|---|
| NATIONAL LLOYDS INSURANCE COMPANY, AmGUARD INSURANCE COMPANY and AEGIS SECURITY INSURANCE COMPANY | § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KHMJ, LTD, KHMJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. and MATHESON TRI-GAS, INC. | § § § § § § § § § | |
| *Defendants.* | § | 55th JUDICIAL DISTRICT COURT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| NATIONAL LLOYDS INSURANCE COMPANY, et al., | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | Adversary No. 20-03238 |
| WATSON VALVE SERVICES, INC., et al. | § § § | |
| *Defendants.* | § § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| DOYEN SEBESTA & POELMA, LLLP<br>RANDALL J. POELMA, JR.<br>rpoelma@ds-lawyers.com<br>WILLIAM T. SEBESTA<br>wsebesta@ds-lawyers.com<br>16945 Northchase Drive, Suite 1400<br>Houston, TX 77060<br>Phone: (713) 580-8900<br>Fax: (713) 580-8910<br>Email Service Copies should be sent to<br>rjpgroup@ds-lawyers.com | DOYEN SEBESTA & POELMA, LLLP<br>RANDALL J. POELMA, JR.<br>rpoelma@ds-lawyers.com<br>WILLIAM T. SEBESTA<br>wsebesta@ds-lawyers.com<br>16945 Northchase Drive, Suite 1400<br>Houston, TX 77060<br>Phone: (713) 580-8900<br>Fax: (713) 580-8910<br>Email Service Copies should be sent to<br>rjpgroup@ds-lawyers.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-37778

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, NATIONWIDE LLOYDS INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONAWIDE MUTUAL INSURANCE COMPANY, AND ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, | § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| vs. | § § | 165th JUDICIAL DISTRICT |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC., | § § § § § § § § | |
| *Defendants.* | § § | HARRIS COUNTY, TEXAS |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| Debtor. | § § | |

| | |
|---|---|
| **NATIONWIDE GENERAL INSURANCE COMPANY, et al.,** | §<br>§<br>§ |
| *Plaintiffs,* | §<br>§ |
| **vs.** | §  **Adversary No. 20-03235** |
| **WATSON VALVE SERVICES, INC., et al.** | §<br>§<br>§ |
| *Defendants.* | §<br>§<br>§ |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| LAW OFFICE OF AMY L. MITCHELL<br>J. Christopher Diamond<br>One East Greenway Plaza, Suite 1005<br>Houston, Texas 77046<br>(713) 667-6767<br>(713) 820-4672 direct<br>(866) 364-3121 facsimile<br>Diamoj2@nationwide.com | THE LAW OFFICE OF JAMES A. LAWRENCE<br>Jeffrey Ryan Cagle<br>105 Decker Court, Suite 50<br>Irving, Texas 75062<br>(972) 650-8048 – Tel<br>(972) 536-7304 – Direct<br>(855) 717-5349 – Fax<br>Caglej5@nationwide.com |

**\*See Last Page for Defense Counsels' Contact Information\***

CAUSE NO. 2020-39698

| | | |
|---|---|---|
| Myca Nguyen, Phuoc Nguyen, Hong Nguyen, Ru Nguyen, Do Nguyen, Son Le, Jose Antonio Ramos, Hanh Diep, Chien Nguyen, Barbara Moore and Stephonne Smith | § § § § § § | **In the District Court of** |
| *Plaintiffs,* | § § § | **Harris County, Texas** |
| v. | § § § | |
| Watson Grinding and Manufacturing Co; Watson Valve Services, Inc.; KMHJ, Ltd.; KMHJ Management Company, LLC; 3M Company; Firestone Cryogenics, Inc.; Firestone Cryogenic Equipment, Inc; Matheson Tri-Gas, Inc.; Western International Gas & Cylinders, Inc; Teledyne Exploration Company; Teledyne Technologies Inc. f/k/a Detcon, Inc.; and Automation Plus, Inc. | § § § § § § § § § § § § § | |
| *Defendants.* | § | **333rd Judicial District** |

++++++++++++++++++++++++++++

**FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **WATSON GRINDING & MANUFACTURING CO.,** | § § § § | **CASE NO. 20-30967** |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **MYCA NGUYEN, et al.,** | § § | |
| Plaintiffs, | § § | |
| v. | § § | **ADVERSARY NO. 20-03305** |
| **WATSON VALVE SERVICES, INC., et al.,** | § § § | |
| Defendants. | § § | |

Nguyen, Myca, et al. | Page 184

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| HAUN MENA, PLLC<br>D. DOUGLAS MENA<br>RYAN K.HAUN<br>3006 Brazos Street<br>Houston, Texas 77006<br>(713) 781-8600 -Telephone<br>(713) 781-8601 -Fax<br>doug@haunmena.com<br>ryan@haunmena.com | HAUN MENA, PLLC<br>D. DOUGLAS MENA<br>RYAN K.HAUN<br>3006 Brazos Street<br>Houston, Texas 77006<br>(713) 781-8600 -Telephone<br>(713) 781-8601 -Fax<br>doug@haunmena.com<br>ryan@haunmena.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40349

| | | |
|---|---|---|
| NIEVES, ALBERT, *et al.*, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| WATSON VALVE SERVICES INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ LTD, | § | |
| KMHJ MANAGEMENT COMPANY | § | HARRIS COUNTY, TEXAS |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS INC., MATHESON | § | |
| TRI-GAS INC., ARC SPECIALTIES INC., | § | |
| AUTOMATION PLUS INC., | § | |
| AUTOMATION PROCESS INC., | § | |
| TELEDYNE DETCON INC., DETCON | § | |
| INC (D/B/A OLDHAM), FIRESTONE | § | |
| CRYOGENIC EQUIPMENT INC., | § | |
| TRCC LLC, DATAONLINE LLC, 3M | § | |
| COMPANY, and INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION, | § | |
| | § | |
| **Defendants.** | § | **281st JUDICIAL DISTRICT** |

++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| ALBERTO NIEVES, FRANCISCO | § | |
| ORDONEZ, GABRIEL VAZQUEZ, | § | |
| IRMA NIEVES VARGAS AND JENNY | § | |
| NIEVES, INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF K.V., A MINOR, | § | ADVERSARY NO. 20-03359 |
| | § | |

|  | |
|---|---|
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **WATSON VALVE SERVICES, INC., et al.,** | § |
| | § |
| | § |
| | § |
| **Defendants.** | § |
| | § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

*See Last Page for Defense Counsels' Contact Information*

CAUSE NO. 2020-38058

| | | |
|---|---|---|
| GUIOMAR NOVAEZ, III, AND MELINDA NOVAEZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § | |
| | § | 189th JUDICIAL DISTRICT |
| Defendants. | § | |

++++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| GUIOMAR NOVAEZ, III, AND MELINDA NOVAEZ, | § § § | |
| Plaintiffs, | § § | ADVERSARY NO. 20-03225 |
| v. | § § | |
| WATSON GRINDING AND MANUFACTURING CO., et al., | § § § | |
| Defendants. | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40011

| | | |
|---|---|---|
| Massiel Nunez, Individually, as Personal Representative of the Estate of Gilberto Mendoza Cruz, Deceased, and as Next Friend to I.M. and A.M. (Minors), | § § § § § | In the District Court of |
| Plaintiffs, | § § | Harris County, Texas |
| v. | § § § | |
| ARC Specialties, Inc., Automation Plus, Inc., Automation Process, Inc., Firestone Cryogenics, Inc., Firestone Cryogenic Equipment, Inc., Teledyne Technologies, Inc., f/k/a Detcon Inc., Teledyne Exploration Company, Detcon, Inc. d/b/a/ Oldham, Teledyne Detcon, Inc., 3M Company, TRCC, LLC, DataOnline, LLC and Industrial Scientific Corporation, | § § § § § § § § § § § § § § § | |
| Defendants. | § | 151st Judicial District |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| MASSIEL NUNEZ, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 20-03382 |
| ARC SPECIALTIES, INC., et al., | § § | |
| Defendants. | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39332

| | | |
|---|---|---|
| **FRANCISCO OLIVO, MARIA OLIVO** | § | **IN THE DISTRICT COURT OF** |
| **JONATHAN OLIVO and LISSETTE** | § | |
| **SOBALVARRO** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND WESTERN** | § | |
| **INTERNATIONAL GAS &** | § | |
| **CYLINDERS, INC., MATHESON TRI-** | § | |
| **GAS, INC., ARC SPECIALTIES, INC.,** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC. D/B/A OLDHAM,** | § | |
| **TELEDYNE DETCON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC and** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | **125th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **FRANCISCO OLIVO, et al.,** | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | |
| | § | **ADVERSARY NO. 20-03346** |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>Kevin O'Malley<br>440 Louisiana, Suite 2080<br>Houston, Texas 77002<br>(713) 629-7878<br>(713) 227-2771 – Fax<br>kevin@omalley-law.com<br><br>THE LAW OFFICE OF ANDREW P. TAYLO<br>PLLC<br>Andrew P. Taylor<br>219 W. 31st Street<br>Houston, Texas 77018<br>(281) 687-1413<br>(281) 715-5489 – Fax<br>andrew@andrewptaylorlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-07292

| | | |
|---|---|---|
| ANGEL OLVERA AND EVA OLVERA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| AND KMHJ MANAGEMENT | § | |
| COMPANY, LLC, | § | |
| | § | |
| *Defendants.* | § | 295th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| ANGEL OLVERA AND EVA OLVERA, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | ADVERSARY NO. 20-03102 |
| **vs.** | § | |
| | § | |
| WATSON VALVE SERVICES, INC., et al., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 | ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08060

| | | |
|---|---|---|
| HECTOR MONDRAGON OLVERA AND ESMERALDA GONZALEZ GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF F.M., Z.M., AND H.M. (MINORS), | § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § | |
| **Defendants.** | § | 133rd JUDICIAL DISTRICT |

+++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

---

| | | |
|---|---|---|
| HECTOR MONDRAGON OLVERA et al., | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | ADVERSARY NO. 20-03106 |
| WATSON VALVE SERVICES, INC., et al., | § § § § | |
| *Defendants.* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39996

| | | |
|---|---|---|
| **HECTOR MONDRAGON OLVERA** | § | **IN THE DISTRICT COURT OF** |
| **AND ESMERALDA GONZALEZ** | § | |
| **GARCIA, INDIVIDUALLY AND AS** | § | |
| **NEXT FRIEND OF F.M., Z.M., AND** | § | |
| **H.M. (MINORS),** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ARC SPECIALTIES, INC.,** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENICS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A** | § | |
| **DETCON INC., TELEDYNE** | § | |
| **EXPLORATION COMPANY,** | § | |
| **DETCON, INC. D/B/A OLDHAM,** | § | |
| **TELEDYNE DETCON, INC., 3M** | § | |
| **COMPANY, TRCC, LLC,** | § | |
| **DATAONLINE, LLC, AND** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | **11th JUDICIAL DISTRICT** |

++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |

---

| | | |
|---|---|---|
| HECTOR MONDRAGON OLVERA, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | ADVERSARY NO. 20-03389 |
| | § | |
| ARC SPECIALTIES, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-39982

| | | |
|---|---|---|
| MICHELLE ORDONEZ,<br>INDIVIDUALLY AND AS NEXT OF<br>FRIEND TO N.C., A.C., AND S.G.<br>(MINORS) | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| vs. | §<br>§ | |
| WATSON VALVE SERVICES, INC.,<br>WATSON GRINDING AND<br>MANUFACTURING CO., KMHJ, LTD.,<br>KMHJ MANAGEMENT COMPANY,<br>LLC, MATHESON TRI-GAS, INC.,<br>WESTERN INTERNATIONAL GAS &<br>CYLINDERS, INC., ARC SPECIALTIES,<br>INC., AUTOMATION PLUS, INC.,<br>AUTOMATION PROCESS, INC.,<br>FIRESTONE CRYOGENICS, INC.,<br>FIRESTONE CRYOGENIC<br>EQUIPMENT, INC., TELEDYNE<br>TECHNOLOGIES, INC. F/K/A DETCON<br>INC., TELEDYNE EXPLORATION<br>COMPANY, DETCON, INC. D/B/A<br>OLDHAM, TELEDYNE DETCON, INC.,<br>3M COMPANY, TRCC, LLC,<br>DATAONLINE, LLC, AND INDUSTRIAL<br>SCIENTIFIC CORPORATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants.** | §<br>§ | 129th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | §<br>§ | |
| WATSON GRINDING &<br>MANUFACTURING CO., | §<br>§<br>§ | CASE NO. 20-30967<br><br>(Chapter 11) |
| **Debtor.** | | |

| | | |
|---|---|---|
| **MICHELLE ORDONEZ,** | § | |
| **INDIVIDUALLY AND AS NEXT OF** | § | |
| **FRIEND TO N.C., A.C. AND S.G.,** | § | |
| **(MINORS),** | § | |
| | § | **ADVERSARY NO. 20-03357** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39320

| | | |
|---|---|---|
| **SOANY S. MARADIAGO ORTIZ,** | § | **IN THE DISTRICT COURT OF** |
| **ASNORALDO OROBIO, LILIANA** | § | |
| **CABEZAS, YUNER OSWALDO CANTE** | § | |
| **DELEON AND ELADIA ALDANA** | § | |
| **INDIVIDUALLY AND AS NEXT FRIEND** | § | |
| **OF K.C., A MINOR, Y.C., JR., A MINOR** | § | |
| **AND D.C., A MINOR,** | § | |
| | § | |
| *Plaintiffs,* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **VS.** | § | |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., WATSON** | § | |
| **VALVE SERVICES, INC., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC. AND MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| | § | |
| *Defendants.* | § | **334th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **SOANY S. MARADIAGO ORTIZ, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03347** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.** | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 | ANTHONY PETERSON, LLP<br>Adam Anthony<br>aanthony@anthony-peterson.com<br>Brett Anthony<br>banthony@anthony-peterson.com<br>Douglas P. Peterson<br>dpeterson@anthony-peterson.com<br>500 North Water Street, Suite 1000<br>Corpus Christi, Texas 78401<br>Telephone: (361) 687-1000<br>Facsimile: (361) 687-1010<br><br>BONILLA & CHAPA, P.C.<br>Ruben Bonilla, Jr.<br>rbon1@swbell.net<br>2600 Gessner Road, Suite 136<br>Houston, Texas 77080<br>Telephone: (713) 690-8100<br>Facsimile: (713) 690-8101 |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40602

| | | |
|---|---|---|
| **BRANDI PECK** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **KMHJ MANAGEMENT COMPANY** | § | |
| **LLC, KMHJ, LTD., WESTERN** | § | |
| **INTERNATIONAL GAS & CYLINDERS,** | § | |
| **INC., MATHESON TRI-GAS, INC.,** | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING COMPANY, 3M** | § | |
| **COMPANY, FIRESTONE** | § | |
| **CRYOGENICS, INC., FIRESTONE** | § | |
| **CRYOGENIC EQUIPMENT, INC.,** | § | |
| **TELEDYNE EXPLORATION** | § | |
| **COMPANY, TELEDYNE** | § | |
| **TECHNOLOGIES, INC. F/K/A DETCON,** | § | |
| **INC. DETCON, INC. D/B/A OLDHAM,** | § | |
| **ARC SPECIAL TIES, INC.,** | § | |
| **AUTOMATION PLUS, INC., TRCC,** | § | |
| **LLC, DATAONLINE LLC, INDUSTRIAL** | § | |
| **SCIENTIFIC CORPORATION** | § | |
| | § | |
| **Defendants.** | § | **190st JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **BRANDI PECK,** | § | |
| | § | |
| Plaintiff, | § | |
| **v.** | § | **ADVERSARY NO. 20-03351** |
| | § | |
| **KMHJ MANAGEMENT COMPANY** | § | |
| **LLC., et al.,** | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| THE BUZBEE LAW FIRM | THE BUZBEE LAW FIRM |
| Anthony G Buzbee | Anthony G Buzbee |
| Christopher Jerrod Leavitt | Christopher Jerrod Leavitt |
| Ryan S. Pigg | Ryan S. Pigg |
| tbuzbee@txattorneys.com | tbuzbee@txattorneys.com |
| cleavitt@txattorneys.com | cleavitt@txattorneys.com |
| rpigg@txattorneys.com | rpigg@txattorneys.com |
| JPMorgan Chase Tower | JPMorgan Chase Tower |
| 600 Travis Street, Ste 7300 | 600 Travis Street, Ste 7300 |
| Houston, TX 77002 | Houston, TX 77002 |
| 713-223-5393 | 713-223-5393 |
| 713-223-5909 (fax) | 713-223-5909 (fax) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-08078

| | | |
|---|---|---|
| ESTEBAN PELCASTRE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING COMPANY, | § | |
| WATSON COATINGS LABORATORY, | § | |
| KMHJ MANAGEMENT COMPANY | § | |
| LLC, KMHJ, LTD., | § | |
| | § | |
| Defendants. | § | 127th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| ESTEBAN PELCASTRE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 20-03095 |
| | § | |
| WATSON VALVE SERVICES, INC., et | § | |
| al., | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com | LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-50258

| | | |
|---|---|---|
| HOAN PHAM, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARC SPECIALTIES, INC., et al., | § | |
| | § | |
| *Defendants.* | § | 129th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| VICTOR HOAN PHAM, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | ADVERSARY NO. 20-03410 |
| | § | |
| WESTERN INTERNATIONAL GAS | § | |
| AND CYLINDERS, INC., AND | § | |
| MATHESON TRI-GAS, INC., | § | |
| | § | |
| *Defendants and Third-Party* | § | |
| *Plaintiffs,* | § | |
| | § | |
| ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A | § | |

| | |
|---|---|
| **DETCON, INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC., D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, INDUSTRIAL SCIENTIFIC CORPORATION,** | § § § § § § § § |
| *Defendants,* | § § |
| **v.** | § § |
| **WESTERN GRINDING AND MANUFACTURING CO. AND WATSON VALVE SERVICES, INC.,** | § § § § |
| *Third-Party Defendants.* | § § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39333

| | | |
|---|---|---|
| MAGDA QUINONEZ, CESAR QUINONEZ, STEVEN QUINONEZ and MARIA MERCEDES RAMIREZ, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF MARCO QUINONEZ, DECEASED, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., MATHESON TRI-GAS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § | |
| *Defendants* | § § | **333rd** JUDICIAL DISTRICT |

+++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § § | (Chapter 11) |

MAGDA QUINONEZ, et al.,                        §
                                               §
        Plaintiffs,                            §
                                               §
v.                                             §        ADVERSARY NO. 20-03356
                                               §
WATSON VALVE SERVICES, INC., et                §
al.,                                           §
                                               §
        Defendants.                            §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| Henry Flores<br>Kenneth M. Krock<br>RAPP & KROCK, PC<br>1980 Post Oak Blvd, Suite 1200<br>Houston, Texas 77056<br>(713) 759-9977 telephone<br>(713) 759-9967 facsimile<br>hflores@rappandkrock.com<br><br>Muhammad Aziz<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com | Muhammad Aziz<br>Karl P. Long<br>ABRAHAM, WATKINS, NICHOLS,<br>SORRELS, AGOSTO, AZIZ & STOGNER<br>800 Commerce Street<br>Houston, Texas 77056<br>(713) 742-6004 telephone<br>(713) 225-0827 facsimile<br>maziz@awtxlaw.com<br>klong@awtxlaw.com<br><br>THE PINKERTON LAW FIRM, PLLC<br>Chad Pinkerton<br>550 Westcott Street, Suite 590<br>Houston, Texas 77007<br>(713) 360-6700<br>(713) 360-6810 – Fax<br>cpinkerton@chadpinkerton.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39663

| | | |
|---|---|---|
| SEAN ROBERT RANGEL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMP ANY, | § | |
| LLC, ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC. D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 129th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **SEAN ROBERT RANGEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03285** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Fernelius Simon Mace Robertson Perdue PLLC | Fernelius Simon Mace Robertson Perdue PLLC |
| Joel C. Simon | Joel C. Simon |
| Stephen M. Fernelius | Stephen M. Fernelius |
| Ryan M. Perdue | Ryan M. Perdue |
| 4119 Montrose Blvd., Suite 500 | 4119 Montrose Blvd., Suite 500 |
| Houston, Texas 77006 | Houston, Texas 77006 |
| Telephone: 713-654-1200 | Telephone: 713-654-1200 |
| Facsimile: 713-654-4039 | Facsimile: 713-654-4039 |
| Joel.simon@trialattorneytx.com | Joel.simon@trialattorneytx.com |
| Steve.fernelius@trialattorneytx.com | Steve.fernelius@trialattorneytx.com |
| Ryan.perdue@trialattorneytx.com | Ryan.perdue@trialattorneytx.com |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-05585**

| | | |
|---|---|---|
| **SEAN ROBERT RANGEL,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | **269th JUDICIAL DISTRICT** |

++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

---

| | | |
|---|---|---|
| **SEAN ROBERT RANGEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03091** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| Fernelius Simon Mace Robertson Perdue PLLC<br>Joel C. Simon<br>Stephen M. Fernelius<br>Ryan M. Perdue<br>4119 Montrose Blvd., Suite 500<br>Houston, Texas 77006<br>Telephone: 713-654-1200<br>Facsimile: 713-654-4039<br>Joel.simon@trialattorneytx.com<br>Steve.fernelius@trialattorneytx.com<br>Ryan.perdue@trialattorneytx.com | Fernelius Simon Mace Robertson Perdue PLLC<br>Joel C. Simon<br>Stephen M. Fernelius<br>Ryan M. Perdue<br>4119 Montrose Blvd., Suite 500<br>Houston, Texas 77006<br>Telephone: 713-654-1200<br>Facsimile: 713-654-4039<br>Joel.simon@trialattorneytx.com<br>Steve.fernelius@trialattorneytx.com<br>Ryan.perdue@trialattorneytx.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-06877

| STEVEN REAGLE, JESSIE SEWEL, | § | IN THE DISTRICT COURT OF |
| JOHNNY VILLALPANDO, DIANA | § | |
| VILLALPANDO, SERGIO CRUZ, JR., | § | |
| NOE CRUZ, OMAR CRUZ, OLIVA | § | |
| FLORES, ANNIE TYLER, BLANCA | § | |
| SOLORAZANO, DAVID | § | |
| SOLORAZANO, MARIELA GARCIA, | § | |
| LEONEL GARCIA, JORGE CUBAS, | § | |
| FLOR D. CUBAS, CUONG VO, | § | |
| HUNG DUC PHAM, SYLVIA GARZA, | § | |
| TATIANA MARTINEZ, SILVIA | § | |
| AREVALO, FREDDY SANCHEZ, | § | |
| ELOY ORTEGA, CINDY ORTEGA, | § | |
| PATRICIA PARTALES, MARIA | § | |
| HERNANDEZ, PATRICIO | § | |
| HERNANDEZ, MIGUEL CORDERO, | § | |
| LIDIA HARRISON, GUADEALUPE | § | |
| CASTRO, REBECCA MCKEEHAN, | § | |
| KAREN LAAKE, MAYRA BENITEZ, | § | |
| ERNESTO BENITEZ, WENDY | § | |
| NGUYEN, MARIA BARAJAS, JOHN | § | |
| BACCAM, ANGELINE GARZA, | § | |
| IRLANDA COPELAND, KYLE | § | |
| MATHIS, EMILY PEREZ, BRENDA | § | |
| PHAM, SOTAURA TYLER, JOSE | § | |
| TOVAR, CANDY TOVAR, DAISY | § | |
| LOZANO, JASMIN SERNA, FARAH | § | |
| ALBANIA, DANA FEASTER, | § | |
| AMELIA DIOSDADO, REYMUNDO | § | |
| CEBALLOS, LAURA CEBALLOS, | § | |
| KELLY MALADY, EDUARDO | § | |
| FLORES, MARIA DIOSADO, KARLA | § | |
| RODRIGUEZ, ERIKA FLORES, | § | |
| MARICELA FLORES, YESSICA | § | |
| GONZALEZ, MICHAEL SALAZAR | § | |
| FRANK PETERS, MARTIN BOADO, | § | |
| JOSE MATA, ROCHELLE FEASTER | § | |
| AND DANA FEASTER, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |

| | | |
|---|---|---|
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** | § | |
| | § | **295th JUDICIAL DISTRICT** |
| **Defendants.** | § | |

++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| **Debtor.** | | |

| | | |
|---|---|---|
| **STEVEN REAGLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03108** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KWOK DANIEL LTD., L.L.P. | KWOK DANIEL LTD., L.L.P. |
| 9805 Katy Freeway, Suite 850 | 9805 Katy Freeway, Suite 850 |
| Houston, Texas 77024 | Houston, Texas 77024 |
| Robert S. Kwok | Robert S. Kwok |
| J. Ryan Loya | J. Ryan Loya |
| Joshua R. Leal | Marcos H. Cardenas |
| Alex P. Boylhart | Alex P. Boylhart |
| William W. Hoke* | William W. Hoke* |
| Telephone: (713) 773-3380 | Telephone: (713) 773-3380 |
| Facsimile: (713) 773-3960 | Facsimile: (713) 773-3960 |
| Email: rkwok@kwoklaw.com | Email: rkwok@kwoklaw.com |
| Email: rloya@kwoklaw.com | Email: rloya@kwoklaw.com |

Email: jleal@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com

DANIELS & TREDENNICK, LLP
6363 Woodway, Suite 700
Houston, TX 77057
Andrea L. Kim
Andrea.Kim@dtlawyers.com
Heath A. Novosad
heath.novosad@dtlawyers.com
Thomas H. Moss
Thomas.Moss@dtlawyers.com
(713) 917-0024 (Telephone)
(713) 917-0026 (Facsimile)

Email: mcardenas@kwoklaw.com
Email: aboylhart@kwoklaw.com
Email: whoke@whokelaw.com

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40660

| | | |
|---|---|---|
| FELIPE REVUELTA, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | |
| WATSON VALVE SERVICES, INC., | § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC, ARC SPECIALISTS, INC. | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC., D/B/A OLDHAM, | § | |
| TELEDYNE DECON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| **Defendants.** | § | 152nd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **FELIPE REVUELTA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03336** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| POTTS LAW FIRM, LLP | POTTS LAW FIRM, LLP |
| Michael John Bins | Michael John Bins |
| 3737 Buffalo Speedway | 3737 Buffalo Speedway |
| Ste 1900 | Ste 1900 |
| Houston, TX 77098 | Houston, TX 77098 |
| 713-963-8881 | 713-963-8881 |
| mbins@potts-law.com | mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40692

| | | |
|---|---|---|
| VALENTIN REVUELTA AND LETICIA REVUELTA, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | §<br>§<br>§ | |
| vs. | §<br>§ | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., MATHESON TRI-GAS, INC, ARC SPECIALISTS, INC. AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC., D/B/A OLDHAM, TELEDYNE DECON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants.** | § | **164th JUDICIAL DISTRICT** |

++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | §<br>§ | |
| WATSON GRINDING & MANUFACTURING CO., | §<br>§<br>§ | CASE NO. 20-30967 |
| **Debtor.** | | (Chapter 11) |

---

| | | |
|---|---|---|
| VALENTINE REVUELTA AND LETICIA REVUELTA, | §<br>§<br>§ | |
| **Plaintiffs,** | § | |

|  | § | **ADVERSARY NO. 20-03335** |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com | POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40059

| | | |
|---|---|---|
| ERIC RODRIGUEZ, SR. AND MIRIAM CASTILLO, INDIVIDUALLY AND AS NEXT OF FRIENDS TO E.R. AND A.R. (MINORS), RICCY YOSIMAR CASTILLO, INDIVIDUALLY AND AS NEXT OF FRIEND TO J.C. (MINOR), ALESKA PERALES, AND MIRIAM JIMENEZ CLAUDIA VARELA, INDIVIDUALLY AND AS NEXT OF FRIEND TO C.V. | § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| **vs.** | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | **80th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **ERIC RODRIGUEZ, SR., et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03370** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN,<br>P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40632

| | | |
|---|---|---|
| JOSE RODRIGUEZ AND LIDIA RODRIGUEZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. MATHESON TRI-GAS, INC, ARC SPECIALISTS, INC. AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC., D/B/A OLDHAM, TELEDYNE DECON, INC., 3M COMPANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 129th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **JOSE RODRIGUEZ AND LIDIA** | § | |
| **RODRIGUEZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **ADVERSARY NO. 20-03340** |
| v. | § | |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| POTTS LAW FIRM, LLP | POTTS LAW FIRM, LLP |
| Michael John Bins | Michael John Bins |
| 3737 Buffalo Speedway | 3737 Buffalo Speedway |
| Ste 1900 | Ste 1900 |
| Houston, TX 77098 | Houston, TX 77098 |
| 713-963-8881 | 713-963-8881 |
| mbins@potts-law.com | mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

**CAUSE NO. 2020-08595**

| | | |
|---|---|---|
| **S & I Realty, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **KMHJ, LTD. AND KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| | § | |
| *Defendants.* | § | **151st JUDICIAL DISTRICT** |

**+++++++++++++++++++++++++++**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **S & I Realty, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03168** |
| | § | |
| **KMHJ, LTD. AND KMHJ** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| | § | |
| *Defendants and Third-Party* | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.** | § | |
| **AND WATSON GRINDING AND** | § | |
| **MANUFACTURING CO.,** | § | |
| | § | |
| *Third-Party Defendants* | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| The Law Offices of Kevin Michael Madden, P.L.LC. <br> Kevin M. Madden <br> 5225 Katy Freeway, Suite 520 <br> Houston, TX 77007 <br> (281) 888-9681 <br> (832) 538-0937 – Fax <br> kmm@kmaddenlaw.com | The Law Offices of Kevin Michael Madden, P.L.LC. <br> Kevin M. Madden <br> 5225 Katy Freeway, Suite 520 <br> Houston, TX 77007 <br> (281) 888-9681 <br> (832) 538-0937 – Fax <br> kmm@kmaddenlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-50259

| | | |
|---|---|---|
| VICTOR GARCIA SALAS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A | § | |
| DETCON, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| DETCON, INC., D/B/A OLDHAM, | § | |
| TELEDYNE DETCON, INC., 3M | § | |
| COMPANY, TRCC, LLC, | § | |
| DATAONLINE, LLC, INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION, | § | |
| WESTERN INTERNATIONAL GAS | § | |
| AND CYLINDERS, INC., AND | § | |
| MATHESON TRI-GAS, INC. | § | |
| | § | |
| Defendants. | § | 133rd JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| VICTOR GARCIAS SALAS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | ADVERSARY NO. 20-03412 |

**WESTERN INTERNATIONAL GAS**　§
**AND CYLINDERS, INC., AND**　§
**MATHESON TRI-GAS, INC.,**　§
　§
　　**Defendants and Third-Party**　§
　　**Plaintiffs,**　§
　§
**ARC SPECIALTIES, INC.,**　§
**AUTOMATION PLUS, INC.,**　§
**AUTOMATION PROCESS, INC.,**　§
**FIRESTONE CRYOGENICS, INC.,**　§
**FIRESTONE CRYOGENIC**　§
**EQUIPMENT, INC., TELEDYNE**　§
**TECHNOLOGIES, INC. F/K/A**　§
**DETCON, INC., TELEDYNE**　§
**EXPLORATION COMPANY,**　§
**DETCON, INC., D/B/A OLDHAM,**　§
**TELEDYNE DETCON, INC., 3M**　§
**COMPANY, TRCC, LLC,**　§
**DATAONLINE, LLC, INDUSTRIAL**　§
**SCIENTIFIC CORPORATION,**　§
　§
　　**Defendants,**　§
**v.**　§
　§
**WESTERN GRINDING AND**　§
**MANUFACTURING CO. AND**　§
**WATSON VALVE SERVICES, INC.,**　§
　§
　　**Third-Party Defendants.**　§

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-38123

| | | |
|---|---|---|
| SALVADOR SANTANA, | § | IN THE DISTRIC COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ | § | |
| MANAGEMENT COMPANY, LLC, | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., AND MATHESON | § | |
| TRI-GAS, INC., | § | |
| | § | |
| Defendants. | § | 269th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| SALVADOR SANTANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03233 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., et al. | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39950

| | | |
|---|---|---|
| JUAN SANTILLANA, LAURA SANTILLANA, LAURA SANTILLANA, AND MICHELLE SANTILLANA, | § § § § § | IN THE DISTRIC COURT OF |
| **Plaintiff,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC., F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | 125th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| **Debtor.** | § § | |

| | | |
|---|---|---|
| **JUAN SANTILLANA, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03286** |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.** | § | |
| | § | |
| | § | |
| **Third-Party Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-25744

| | | |
|---|---|---|
| JUAN SANTILLANA, LAURA SANTILLANA, LAURA SANTILLANA, AND MICHELLE SANTILLANA, | § § § § | IN THE DISTRIC COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC., | § § § § | |
| **Defendants.** | § | 61st JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| JUAN SANTILLANA, LAURA SANTILLANA, MICHELLE SANTILLANA, AND LAURA SANTILLANA, | § § § § § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03145 |
| | § | |
| WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC., | § § § § | |
| **Defendants and Third-Party Plaintiffs.** | § § | |

|  | § |
| v. | § |
|  | § |
| **WATSON GRINDING AND** | § |
| **MANUFACTURING CO. AND** | § |
| **WATSON VALVE SERVICES, INC.** | § |
|  | § |
| **Third-Party Defendants.** | § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39955

| | | |
|---|---|---|
| MAYRA SAUCEDO, INDIVIDUALLY AND AS NEXT OF FRIEND OF I.F. (MINOR), AND MELANIE ROJAS | § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| vs. | § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| **Defendants.** | § | 215th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| **Debtor.** | § | (Chapter 11) |

| | |
|---|---|
| **MYRA SAUCEDO, INDIVIDUALLY AND AS NEXT FRIEND OF I.F. (MINOR) AND MELANIE ROJAS,** §§§§ | |
| **Plaintiffs,** §§ | |
| **v.** § | **ADVERSARY NO. 20-03350** |
| **WATSON VALVE SERVICES, INC., et al.,** §§§ | |
| **Defendants.** §§ | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-38108

| | | |
|---|---|---|
| JOSE SOLORZANO AND MARIA SOLORZANO, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ MANAGEMENT COMPANY, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § § | |
| Defendants. | § | 270th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| JOSE SOLORZANO AND MARIA SOLORZANO, | § § § | |
| Plaintiffs, | § § | ADVERSARY NO. 20-03234 |
| v. | § § | |
| WATSON GRINDING AND MANUFACTURING CO., et al., | § § § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40530

| | | |
|---|---|---|
| **STAG HOUSTON 2, L.P.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,** | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL GAS** | § | |
| **& CYLINDERS, INC., and MATHESON** | § | |
| **TRI-GAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **152nd JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **STAG 2 HOUSTON, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03365** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.** | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| KANE RUSSELL COLEMAN LOGAN PC<br>David H. Fisk<br>Lawrence T. Bowman<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br>Telephone: (214) 777-4200<br>Facsimile: (214) 777-4299<br>Email: dfisk@krcl.com<br>Email: lbowman@krcl.com | KANE RUSSELL COLEMAN LOGAN PC<br>David H. Fisk<br>Lawrence T. Bowman<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br>Telephone: (214) 777-4200<br>Facsimile: (214) 777-4299<br>Email: dfisk@krcl.com<br>Email: lbowman@krcl.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-39965

| | | |
|---|---|---|
| AMANDA SUTTON | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, MATHESON TRI-GAS, INC., | § | |
| WESTERN INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., ARC SPECIAL TIES, | § | |
| INC., AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A DETCON | § | |
| INC., TELEDYNE EXPLORATION | § | |
| COMPANY, DETCON, INC. D/B/A | § | |
| OLDHAM, TELEDYNE DETCON, INC., | § | |
| 3M COMPANY, TRCC, LLC, | § | |
| DATAONLINE, LLC, AND INDUSTRIAL | § | |
| SCIENTIFIC CORPORATION | § | |
| | § | |
| **Defendants.** | § | 281st JUDICIAL DISTRICT |

+++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| **Debtor.** | | |

AMANDA SUTTON,                          §
                                        §
     Plaintiff,                        §
                                        §
v.                                      §          ADVERSARY NO. 20-03331
                                        §
WATSON VALVE SERVICES, INC., et         §
al.,                                    §
                                        §
     Defendants.                       §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile)<br><br>THE LAW OFFICES OF HILDA SIBRIAN, P.C.<br>Hilda Sibrian<br>846 North Loop<br>Houston, Texas 77009<br>Tel: (713) 863-1515<br>Fax: (713) 863-7444<br>hilda@sibrianlaw.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-38103

| | | |
|---|---|---|
| ROY TIPTON AND MARLENE TIPTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, MATHESON TRI-GAS, INC., | § | |
| WESTERN INTERNATIONAL GAS & | § | |
| CYLINDERS, INC., | § | |
| | § | |
| **Defendants.** | § | 127th JUDICIAL DISTRICT |

++++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| ROY TIPTON AND MARLENE | § | |
| TIPTON, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03228 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., et al., | § | |
| | § | |
| **Defendants.** | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-50254

| | | |
|---|---|---|
| CHRISTOPHER TOVAR, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ARC SPECIALTIES, INC., et al. | § | |
| | § | |
| Defendants. | § | 157th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| | § | |
| CHRISTOPHER TOVAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | ADVERSARY NO. 20-03411 |
| | § | |
| WESTERN INTERNATIONAL GAS | § | |
| AND CYLINDERS, INC., AND | § | |
| MATHESON TRI-GAS, INC., | § | |
| | § | |
| *Defendants and Third-Party* | § | |
| *Plaintiffs*, | § | |
| | § | |
| ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| TECHNOLOGIES, INC. F/K/A | § | |
| DETCON, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |

**DETCON, INC., D/B/A OLDHAM,** §
**TELEDYNE DETCON, INC., 3M** §
**COMPANY, TRCC, LLC,** §
**DATAONLINE, LLC, INDUSTRIAL** §
**SCIENTIFIC CORPORATION,** §
§
    *Defendants,* §
**v.** §
§
**WESTERN GRINDING AND** §
**MANUFACTURING CO. AND** §
**WATSON VALVE SERVICES, INC.,** §
§
    *Third-Party Defendants.* §

| <u>Plaintiffs' Adversary Counsel:</u> | <u>Plaintiffs' State Court Counsel:</u> |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-40556

| | | |
|---|---|---|
| HOA TRAN, LONG TRAN, ARMANDO SOTO, KATHY MOLINA, HECTOR LEONIDES, KARINA METSERS, ENRIQUE MEDELLIN, MIRIAM PEREZ, INDIVIDUALLY AND A/N/F OF C.M., A MINOR, RAY KHALILI, RAMON CORTEZ, KATHLEEN BARRERA, CARMEN ALVAREZ, INDIVIDUALLY AND A/N/F OF Y.H., A MINOR, RODRIGO MOLINA, AND ANA MARIA HERNANDEZ, | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § § | |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., KMHJ, LTD., AND KMHJ MANAGEMENT COMPANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, DATAONLINE, LLC INDUSTRIAL SCIENTIFIC CORPORATION, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MATHESON TRI-GAS, INC. | § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants.* | § | 11th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

---

| | | |
|---|---|---|
| **HOA TRAN, et al.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 20-03368** |
| | § | |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., et al.** | § | |
| | § | |
| Defendants. | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| MOSTYN LAW | MOSTYN LAW |
| Gregory F. Cox | Gregory F. Cox |
| Michael A. Downey | Michael A. Downey |
| Cathryn J. Schexnaider | Cathryn J. Schexnaider |
| 3810 West Alabama Street | 3810 West Alabama Street |
| Houston, Texas 77027 | Houston, Texas 77027 |
| Telephone (713) 714-0000 | Telephone (713) 714-0000 |
| Facsimile (713) 714-1111 | Facsimile (713) 714-1111 |
| gfcox@mostynlaw.com | gfcox@mostynlaw.com |
| madowney@mostynlaw.com | madowney@mostynlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39673

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, CONSUMERS COUNTY MUTUAL, THE STANDARD FIRE INSURANCE COMPANY, THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS LLOYDS INSURANCE COMPANY, TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, TRAVELERS PERSONAL INSURANCE COMPANY, AVENTUS INSURANCE COMPANY, INCLINE CASUALTY COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY, STARSTONE NATIONAL INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, AND TRANSVERSE INSURANCE COMPANY, | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON VALVE SERVICES, INC. AND WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD, KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC. AND MA THE SON TRI-GAS, INC., | § § § § § § § § | |
| Defendants. | § | 80th JUDICIAL DISTRICT |

+++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY** | § | |
| **COMPANY, et al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | **Adversary No. 20-03284** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| MUNCK WILSON MANDALA, LLP | MUNCK WILSON MANDALA, LLP |
| MARK W. MORAN | MARK W. MORAN |
| 600 Banner Place Tower | 600 Banner Place Tower |
| 12770 Coit Road | 12770 Coit Road |
| Dallas, Texas 75251 | Dallas, Texas 75251 |
| Telephone: (972) 628-3600 | Telephone: (972) 628-3600 |
| Facsimile: (972) 628-3616 | Facsimile: (972) 628-3616 |
| Email: mmoran@munckwilson.com | Email: mmoran@munckwilson.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-39963

| | | |
|---|---|---|
| MARIS ISABEL TREJO AND JAVIER LOPEZ HERRERA, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC AND INDUSTRIAL SCIENTIFIC CORPORATION, | § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | 55th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § | (Chapter 11) |
| *Debtor.* | § § § | |

MARIA ISABEL TREJO, et al.,                      §
                                                 §
    *Plaintiffs,*                                §
                                                 §
vs.                                              §                    **Adversary No. 20-03387**
                                                 §
ARC SPECIALTIES, INC., et al.                    §
                                                 §
    *Defendants.*                                §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS | MCMILLAN FIRM, P.L.L.C. |
| Matthew B. Probus | Chance A. McMillan |
| mbprobus@w-plaw.com | cam@mcmillanfirm.com |
| One Sugar Creek Center Blvd., Suite 880 | Wayne D. Collins |
| Sugar Land, Texas 77478 | wdc@mcmillanfirm.com |
| (281) 242-0303 (Telephone) | 440 Louisiana, Suite 1200 |
| (281) 242-0306 (Facsimile) | Houston, Texas 77002 |
| | (281) 888-2131 (Telephone) |
| MCMILLAN FIRM, P.L.L.C. | (832) 831-2175 (Facsimile) |
| Chance A. McMillan | |
| cam@mcmillanfirm.com | THE LAW OFFICES OF HILDA SIBRIAN, |
| Wayne D. Collins | P.C. |
| wdc@mcmillanfirm.com | Hilda Sibrian |
| 440 Louisiana, Suite 1200 | 846 North Loop |
| Houston, Texas 77002 | Houston, Texas 77009 |
| (281) 888-2131 (Telephone) | Tel: (713) 863-1515 |
| (832) 831-2175 (Facsimile) | Fax: (713) 863-7444 |
| | hilda@sibrianlaw.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-08054

| | | |
|---|---|---|
| MARIS ISABEL TREJO AND JAVIER LOPEZ HERRERA, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| WATSON GRINDING AND MANUFACTURING CO., WATSON VALVE SERVICES, INC., AND KMHJ MANAGEMENT, LLC, KMHJ, LTD., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., AND MATHESON TRI-GAS, INC., | § § § § § § § § § § § | |
| *Defendants.* | § § | 80th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-30967 |
| WATSON GRINDING & MANUFACTURING CO., | § § § | (Chapter 11) |
| Debtor. | § § | |

| | | |
|---|---|---|
| MARIA ISABEL TREJO, et al., | § § | |
| *Plaintiffs,* | § § § | |
| vs. | § § | Adversary No. 20-03089 |
| ARC SPECIALTIES, INC., et al. | § § § | |
| *Defendants.* | § § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS<br>Matthew B. Probus<br>mbprobus@w-plaw.com<br>One Sugar Creek Center Blvd., Suite 880<br>Sugar Land, Texas 77478<br>(281) 242-0303 (Telephone)<br>(281) 242-0306 (Facsimile)<br><br>MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C.<br>Chance A. McMillan<br>cam@mcmillanfirm.com<br>Wayne D. Collins<br>wdc@mcmillanfirm.com<br>440 Louisiana, Suite 1200<br>Houston, Texas 77002<br>(281) 888-2131 (Telephone)<br>(832) 831-2175 (Facsimile) |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-40694

| | | |
|---|---|---|
| CHUYEN TU, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC, WESTERN INTERNATIONAL | § | |
| GAS & CYLINDERS, INC., MATHESON | § | |
| TRI-GAS, INC., ARC SPECIALISTS, | § | |
| INC. AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TRCC, LLC, | § | |
| DETCON, INC., D/B/A OLDHAM, | § | |
| TELEDYNE DECON, INC., 3M | § | |
| COMPANY, DATAONLINE, LLC and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 164th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

### THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-30967 |
| WATSON GRINDING & | § | |
| MANUFACTURING CO., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**CHUYEN TU,**

§
§
§

  *Plaintiffs,*

§
§

**vs.**

§
§      **Adversary No. 20-03333**

**WATSON VALVE SERVICES, INC., et al.**

§
§
§
§

  *Defendants.*

§
§
§

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com | POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com |

*\*See Last Page for Defense Counsels' Contact Information\**

CAUSE NO. 2020-40340

| | | |
|---|---|---|
| DAVID URIBE AND LILIANA RODRIGUEZ | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § § | |
| vs. | § § § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMP ANY, LLC, ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, DETCON, INC. D/B/ A OLDHAM, TELEDYNE DETCON, INC., 3M COMP ANY, DATAONLINE, LLC and INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § | HARRIS COUNTY, TEXAS |
| *Defendants*. | § | 125th JUDICIAL DISTRICT |

++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| Debtor. | § | (Chapter 11) |

| | | |
|---|---|---|
| DAVID URIBE AND LILLIANA RODRIGUEZ, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § § § | ADVERSARY NO. 20-03314 |

**WATSON VALVE SERVICES, INC.,**      §
**WATSON GRINDING AND**      §
**MANUFACTURING CO., KMHJ, LTD.,**      §
**KMHJ MANAGEMENT COMPANY,**      §
**LLC, WESTERN INTERNATIONAL**      §
**GAS & CYLINDERS, INC.,**      §
**MATHESON TRI-GAS, INC., ARC**      §
**SPECIALTIES, INC., AUTOMATION**      §
**PLUS, INC., AUTOMATION**      §
**PROCESS, INC., FIRESTONE**      §
**CRYOGENIC EQUIPMENT, INC.,**      §
**TRCC, LLC, DETCON, INC., D/B/A**      §
**OLDHAM, TELEDYNE DETCON,**      §
**INC., 3M COMPANY, DATAONLINE,**      §
**LLC, AND INDUSTRIAL SCIENTIFIC**      §
**CORPORATION,**      §
      §
      **Defendants.**      §

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

*See Last Page for Defense Counsels' Contact Information*

CAUSE NO. 2020-40006

| | | |
|---|---|---|
| REYMUNDO VAESA, EDITH VAESA, INDIVIDUALLY AND AS NEXT FRIENDS OF L.V., E.V., and E.V., MINOR CHILDREN, & KIMBERLY VARLEY, | § § § § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| vs. | § § | 165th JUDICIAL DISTRICT |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING, CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, WESTERN INTERNATIONAL GAS & CYLINDERS, INC., MATHESON TRI-GAS, INC., ARC SPECIALTIES, INC., AUTOMATION PLUS, INC., AUTOMATED PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TRCC, LLC, TELEDYNE DETCON, INC., TELEDYNE TECHNOLOGIES INCORPORATED, 3M COMPANY, DATAONLINE, LLC, & INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WATSON GRINDING & MANUFACTURING CO., | § § § | CASE NO. 20-30967 |
| **Debtor.** | § | **(Chapter 11)** |

REYMUNDO VAESA, et al.                    §
                                          §
      Plaintiffs,                  §
                                          §
v.                                        §          ADVERSARY NO. 20-03371
                                          §
WATSON VALVE SERVICES, INC., et           §
al.,                                      §
                                          §
      Defendants.                  §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CROWELL & KUCERA, PLLC<br>BRENNAN M. KUCERA<br>brennan@ck-firm.com<br>BENJAMIN R. CROWELL III<br>ben@ck-firm.com<br>2028 E. Ben White Blvd. Ste. 240-2015<br>Austin, TX 78741<br>Telephone: (512) 870-7099<br>Facsimile: (512) 388-9520 | CROWELL & KUCERA, PLLC<br>BRENNAN M. KUCERA<br>brennan@ck-firm.com<br>BENJAMIN R. CROWELL III<br>ben@ck-firm.com<br>2028 E. Ben White Blvd. Ste. 240-2015<br>Austin, TX 78741<br>Telephone: (512) 870-7099<br>Facsimile: (512) 388-9520 |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-40054

| | | |
|---|---|---|
| BALDEMAR VALDEZ AND MARIA VALDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON VALVE SERVICES, INC., WATSON GRINDING AND MANUFACTURING CO., KMHJ, LTD., KMHJ MANAGEMENT COMPANY, LLC, MATHESON TRI-GAS, INC., WESTERN INTERNATIONAL GAS & CYLINDERS, INC., ARC SPECIAL TIES, INC., AUTOMATION PLUS, INC., AUTOMATION PROCESS, INC., FIRESTONE CRYOGENICS, INC., FIRESTONE CRYOGENIC EQUIPMENT, INC., TELEDYNE TECHNOLOGIES, INC. F/K/A DETCON INC., TELEDYNE EXPLORATION COMPANY, DETCON, INC. D/B/A OLDHAM, TELEDYNE DETCON, INC., 3M COMPANY, TRCC, LLC, DATAONLINE, LLC, AND INDUSTRIAL SCIENTIFIC CORPORATION | § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | 129th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & MANUFACTURING CO., | § | CASE NO. 20-30967 |
| | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | |
|---|---|
| **BALDEMAR VALDEZ AND MARIA VALDEZ** | § <br> § <br> § |
| **Plaintiffs,** | § <br> § |
| **v.** | § § **ADVERSARY NO. 20-03288** |
| **WATSON VALVE SERVICES, INC., et al.,** | § <br> § <br> § |
| **Defendants.** | § <br> § <br> § |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| WAUSON \| PROBUS <br> Matthew B. Probus <br> mbprobus@w-plaw.com <br> One Sugar Creek Center Blvd., Suite 880 <br> Sugar Land, Texas 77478 <br> (281) 242-0303 (Telephone) <br> (281) 242-0306 (Facsimile) <br><br> MCMILLAN FIRM, P.L.L.C. <br> Chance A. McMillan <br> cam@mcmillanfirm.com <br> Wayne D. Collins <br> wdc@mcmillanfirm.com <br> 440 Louisiana, Suite 1200 <br> Houston, Texas 77002 <br> (281) 888-2131 (Telephone) <br> (832) 831-2175 (Facsimile) | MCMILLAN FIRM, P.L.L.C. <br> Chance A. McMillan <br> cam@mcmillanfirm.com <br> Wayne D. Collins <br> wdc@mcmillanfirm.com <br> 440 Louisiana, Suite 1200 <br> Houston, Texas 77002 <br> (281) 888-2131 (Telephone) <br> (832) 831-2175 (Facsimile) |

***\*See Last Page for Defense Counsels' Contact Information\****

CAUSE NO. 2020-39923

| | | |
|---|---|---|
| ALFONSO VEGA, ANTONIO GUZMAN, | § | IN THE DISTRICT COURT OF |
| ROSA RANGEL, MARTA CHAVEZ, | § | |
| JOCABETH CONTRERAS, FERNANDO | § | |
| GONZALEZ, FRANCISCO SANCHEZ, | § | |
| FAUSTINO CASTILLO, LECTERIO | § | |
| FERMAN, SANTA MONICA | § | |
| ZAMARRON, GAUDENCIO GUZMAN | § | |
| FIGUEROA, MISAEL PEREZ, and JOSE | § | |
| CALDERON SANCHEZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., WATSON | § | |
| COATINGS LABORATORY, KMHJ | § | |
| MANAGEMENT COMPANY, LLC, | § | |
| KMHJ, LTD., MATHESON TRI-GAS, | § | |
| INC., WESTERN INTERNATIONAL GAS | § | |
| & CYLINDERS, INC., 3M COMPANY, | § | |
| FIRESTONE CRYOGENICS, INC., | § | |
| FIRESTONE CRYOGENIC | § | |
| EQUIPMENT, INC., TELEDYNE | § | |
| EXPLORATION COMPANY, | § | |
| TELEDYNE TECHNOLOGIES, INC. | § | |
| F/K/A DETCON, INC., TELEDYNE | § | |
| DETCON, INC., DETCON, INC. D/B/A | § | |
| OLDHAM, ARC SPECIALTIES, INC., | § | |
| AUTOMATION PLUS, INC., | § | |
| AUTOMATION PROCESS, INC., TRCC, | § | |
| LLC, DATAONLINE, LLC, and | § | |
| INDUSTRIAL SCIENTIFIC | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 55th JUDICIAL DISTRICT |

+++++++++++++++++++++++++

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | | |

| | | |
|---|---|---|
| **ALFONSO VEGA, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03301** |
| | § | |
| **WATSON VALVE SERVICES, INC., et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com | LAW OFFICES OF MANUEL SOLIS, PC<br>Stephen R. Walker<br>Gregory J. Finney<br>Juan A. Solis<br>6657 Navigation Blvd.<br>Houston, Texas 77011<br>Phone: (713) 277-7838<br>Fax: (281) 377-3924<br>swalker@manuelsolis.com<br>gfinney@manuelsolis.com<br>jusolis@manuelsolis.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40344

| | | |
|---|---|---|
| **TOMMY VO, INDIVIDUALLY AND**<br>**D/B/A IMPORT CAR CARE AND**<br>**CHRISTIE VO** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | §<br>§ | |
| **vs.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **WATSON VALVE SERVICES, INC.,**<br>**WATSON GRINDING AND**<br>**MANUFACTURING CO., KMHJ, LTD.,**<br>**KMHJ MANAGEMENT COMP ANY,**<br>**LLC, ARC SPECIALTIES, INC.,**<br>**AUTOMATION PLUS, INC.,**<br>**AUTOMATION PROCESS, INC.,**<br>**FIRESTONE CRYOGENIC**<br>**EQUIPMENT, INC., TRCC, LLC,**<br>**DETCON, INC. D/B/ A OLDHAM,**<br>**TELEDYNE DETCON, INC., 3M COMP**<br>**ANY, DATAONLINE, LLC and**<br>**INDUSTRIAL SCIENTIFIC**<br>**CORPORATION** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | **80th JUDICIAL DISTRICT** |

++++++++++++++++++++++++++

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | §<br>§ | |
| **WATSON GRINDING &**<br>**MANUFACTURING CO.,** | §<br>§ | **CASE NO. 20-30967** |
| **Debtor.** | §<br>§ | **(Chapter 11)** |

| | |
|---|---|
| **TOMMY VO, INDIVIDUALLY AND D/B/A IMPORT CAR CARE, AND CHRISTIE VO,** | § § § § |
| **Plaintiffs,** | § § |
| **v.** | § § § |
| **WATSON VALVE SERVICES, INC., et al.,** | § § § |
| **Defendants.** | § § |

**ADVERSARY NO. 20-03308**

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com | TERRY & THWEATT, P.C.<br>L. Lee Thweatt<br>Joseph D. Terry<br>One Greenway Plaza, Suite 100<br>Houston, Texas 77046<br>(713) 600-4710 – Tel<br>(713) 600-4706 – Fax<br>lthweatt@terrythweatt.com<br>jterry@terrythweatt.com |
| KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com | KAMINS LAW FIRM, PLLC<br>Anna Dean Kamins<br>2925 Richmond Ave Ste 1200<br>Houston, TX, 77098-3130<br>(713) 201-4032 - Tel<br>akamins@kamins-law.com |
| BARNET B. SKELTON, JR.<br>Barnet B. Skelton, Jr.<br>815 Walker, Suite 1502<br>Houston, Texas 77002<br>(713)-516-7450 Telephone<br>(713)-659-8764 Facsimile<br>barnetbjr@msn.com | |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-19265

| | | |
|---|---|---|
| WILLIAM WALLINGSFORD, YOLANDA NAVARRO, TASHA FELDER, individually and on behalf of her two minor children, JOHN AND JANE DOE, AMADO ANGUIANO, DALE C. BATTISTE, MARIA BATTISTE, LUIS CARREON, JORGE CASTILLO, KATHY COLLINS, MARILYN CUE, TINA DO, CHAO GAO, GPM INTERNATIONAL, INC., DELTA HERNANDEZ, KEN HOLLAND, individually and on behalf of ROSALIE HOLLAND, KASI KIRBY, CALIXTO LOPEZ, GREG MALLOCH, BAMBOO PROPERTIES, LLC, FASCO FASTENERS AND SUPPLY COMPANY, ARTHUR ANH NGUYEN, DEBORAH PATTEN, JUAN F. REYES, MICHAEL SMOOKE, VERONICA TABARES, CHRISTINA A. THURMAN, TAN TRUONG, JAMES WALKER, MELISSA WALKER, FIELDER EXPRESS DELIVERY SERVICE, LLC, JPW ENTERPRISES, LLC, NESTOR JAVIER GONZALEZ VELAZQUEZ, ISABEL COMPOVERDE, VERONICA JIMENEZ, individually and on behalf of her two minor children, NATHAN DECICCO AND ETHAN DECICCO, MICHELLE JIMENEZ, individually and on behalf of her minor child, AGNES PANONG ARJONA, individually and on behalf of her two minor children, OTILIA ARJONA AND PETER ARJONA, BYRON KEITH HOUSE, JOY SESSIONS, JOHNNIE HUYNH, ESPERANZA TABARES, JORGE GARCIA, SARA G. DARROW, KELLY MALLADY, CATHRYN R. BOTTOMS, SUSIE BRUNSON, individually and as next friend of BYLAN BRUNSON, JACK BRUNSON AND ARIANA BRUNSON, MARIA BLANCO, MARIA | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |

BLANCO, ANA LUISA SINGU, JOHN §
DASILVA, KAY DASILVA, SOPHIE §
LINDSAY, HENRY LINDSAY, JOSE D. §
COREAS, ERICK ANAYA, VICTORIA §
CHAVEZ, JAIR LEAL, NELLY §
ZELAYA, DONALD HOLCOMB, §
ELAINE JACKSON, TINA TRAN, §
HOSSEIN SONDJANI, PAOLA §
CHAZARRETA, PAOLA G. §
CHAZARRETA, LEONARD LEBO §
O/B/O PINEMONT PROPERTIES, §
LTD. BY TRANSSTAR COMMERCIAL §
MGT, LLC, JOE BRUNSON, RYAN §
HESS, ALFONSO RODRIGUEZ, JOY §
SESSIONS O/B/O JAYLYN SESSIONS, §
JOY SESSIONS O/B/O MIJAH §
SESSIONS, JOY SESSIONS O/B/O §
JASIAH SESSIONS, MARIA ADELA §
PEREZ, ANTHONY URIOSTEGUI, §
REYNA MALERVA TORRES, §
ODESSA MARIE JAMES HOUSE, §
ARTHUR FERREL, SOFIA FERREL, §
JAMES B. FREDREGILLE, AND §
CHRISTINA THURMAN, §
§
  Plaintiffs, §
§
v. §     HARRIS COUNTY, TEXAS
§
KMHJ MANAGEMENT COMPANY §
LLC., KMHJ, LTD., WESTERN §
INTERNATIONAL GAS & §
CYLINDERS AND MATHESON TRI- §
GAS, INC., §
§
  Defendants. §    80th DISTRICT COURT

++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **WATSON GRINDING &** | § | **CASE NO. 20-30967** |
| **MANUFACTURING CO.,** | § | |
| | § | **(Chapter 11)** |
| Debtor. | § | |

| | | |
|---|---|---|
| **WILLIAM WALLINGSFORD, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03383** |
| | § | |
| **KMHJ MANAGEMENT COMPANY** | § | |
| **LLC.,** | § | |
| | § | |
| **Defendants.** | § | |

| Plaintiffs' Adversary Counsel: | Plaintiffs' State Court Counsel: |
|---|---|
| THE BUZBEE LAW FIRM<br>Anthony G. Buzbee<br>Christopher J. Leavitt<br>Ryan S. Pigg<br>JPMorgan Chase Tower<br>600 Travis Street, Suite 7300<br>Houston, Texas 77002<br>Tel: (713) 223-5393<br>Fax: (713) 223-5909<br>tbuzbee@txattorneys.com<br>cleavitt@txattorneys.com<br>rpigg@txattorneys.com<br><br>RAHGOZAR LAW FIRM, PLLC<br>Pegah Rahgozar<br>2825 Wilcrest Dr., Suite #515<br>Houston, Texas 77042<br>Office: (832) 205-5978<br>Fax: (346) 701-8225<br>prahgozar@rahgozarlaw.com | THE BUZBEE LAW FIRM<br>Anthony G. Buzbee<br>Christopher J. Leavitt<br>Ryan S. Pigg<br>JPMorgan Chase Tower<br>600 Travis Street, Suite 7300<br>Houston, Texas 77002<br>Tel: (713) 223-5393<br>Fax: (713) 223-5909<br>tbuzbee@txattorneys.com<br>cleavitt@txattorneys.com<br>rpigg@txattorneys.com<br><br>RAHGOZAR LAW FIRM, PLLC<br>Pegah Rahgozar<br>2825 Wilcrest Dr., Suite #515<br>Houston, Texas 77042<br>Office: (832) 205-5978<br>Fax: (346) 701-8225<br>prahgozar@rahgozarlaw.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40301

| | | |
|---|---|---|
| OPAL WILEY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND | § | HARRIS COUNTY, TEXAS |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC. 3M COMPANY, FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| MATHESON TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND TELEDYNE EXPLORATION | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | § | 189th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

---

| | | |
|---|---|---|
| OPAL WILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03318 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, | § | |
| LTD., KMHJ MANAGEMENT | § | |

**COMPANY, LLC, 3M COMPANY.** §
**FIRESTONE CRYOGENICS, INC.,** §
**FIRESTONE CRYOGENIC** §
**EQUIPMENT, INC., MATHESON TRI-** §
**GAS INC., WESTERN** §
**INTERNATIONAL GAS &** §
**CYLINDERS, INC., TELEDYNE** §
**EXPLORATION COMPANY,** §
**TELEDYNE TECHNOLOGIES, INC.,** §
**D/B/A DETCON, INC., AND** §
**AUTOMATON, PLUS, INC.,** §
 §
      **Defendants.** §

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| FITTS LAW FIRM, PLLC<br>Bryant Fitts<br>bfitts@fittslawfirm.com<br>Rachel Martin-Deckelmann<br>rdeckelmann@fittslawfirm.com<br>FITTS LAW FIRM, PLLC<br>4801 Richmond Avenue<br>Houston, Texas 77027<br>Telephone 713.871.1670<br>Facsimile 713.583.1492<br>efile@fittslawfirm.com | FITTS LAW FIRM, PLLC<br>Bryant Fitts<br>bfitts@fittslawfirm.com<br>Rachel Martin-Deckelmann<br>rdeckelmann@fittslawfirm.com<br>FITTS LAW FIRM, PLLC<br>4801 Richmond Avenue<br>Houston, Texas 77027<br>Telephone 713.871.1670<br>Facsimile 713.583.1492<br>efile@fittslawfirm.com |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-07378

| | | |
|---|---|---|
| ERIC YOUNG, et al., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON GRINDING AND | § | HARRIS COUNTY, TEXAS |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ, LTD., | § | |
| KMHJ MANAGEMENT COMPANY, | § | |
| LLC. 3M COMPANY, FIRESTONE | § | |
| CRYOGENICS, INC., FIRESTONE | § | |
| CRYOGENIC EQUIPMENT, INC., | § | |
| MATHESON TRI-GAS, INC., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND TELEDYNE EXPLORATION | § | |
| COMPANY, | § | |
| | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

+++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| ERIC YOUNG, ALBANO HOXHAJ, | § | |
| FLAVJA MUCKA, RAMIRO CRUZ, | § | |
| JOSE CRUZ, AND JANETTE | § | |
| THOMAS, | § | |
| | § | ADVERSARY NO. 20-03107 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |

**WATSON GRINDING AND** §
**MANUFACTURING CO., KMHJ, LTD.,** §
**AND KMHJ MANAGEMENT** §
**COMPANY, LLC,** §
§

      **Defendants.**

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CAIN & SKARNULIS PLLC<br>Ryan E. Chapple<br>Email: rchapple@cstrial.com<br>Taylor R. Romero<br>State Bar No. 24088325<br>Email: tromero@cstrial.com<br>400 W. 15th Street, Suite 900<br>Austin, Texas 78701<br>512-477-5000<br>512-477-5011—Facsimile<br><br>BYMAN & ASSOCIATES PLLC<br>Randy W. Williams<br>Email: rww@bymanlaw.com<br>7924 Broadway, Suite 104<br>Pearland, Texas 77581<br>281-884-9261<br>713-654-1871—Facsimile | ARNOLD & ITKIN, LLP<br>Kurt B. Arnold<br>Jason A. Itkin<br>J. Kyle Findley<br>Kala Sellers<br>Adam D. Lewis<br>6009 Memorial Drive<br>Houston, TX 77007<br>Email: e-service@arnolditkin.com<br>karnold@arnolditkin.com<br>jitkin@arnolditkin.com<br>kfindley@arnolditkin.com<br>ksellers@arnolditkin.com<br>alewis@arnolditkin.com<br>watsonteam@arnolditkin.com<br>Tel: 713.222.3800<br>Fax: 713.222.3850 |

***See Last Page for Defense Counsels' Contact Information***

## CAUSE NO. 2020-40299

| | | |
|---|---|---|
| KELLEY YOUNG | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., WATSON | § | |
| VALVE SERVICES, INC., KMHJ | § | |
| MANAGMEENT COMPANY, LLC, | § | |
| KMHJ, LTD., WESTERN | § | |
| INTERNATIONAL GAS & CYLINDERS, | § | |
| INC., AND MATHESON TRI-GAS, INC. | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

+++++++++++++++++++++++++++++

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WATSON GRINDING & | § | CASE NO. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | (Chapter 11) |
| Debtor. | | |

| | | |
|---|---|---|
| KELLEY YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03319 |
| | § | |
| WATSON GRINDING AND | § | |
| MANUFACTURING CO., et al., | § | |
| | § | |
| Defendants. | § | |

| **Plaintiffs' Adversary Counsel:** | **Plaintiffs' State Court Counsel:** |
|---|---|
| CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax | CLARK, LOVE, & HUTSON, PLLC<br>Ana M. Ene<br>Adam D. Peavy<br>Scott A. Love<br>440 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>aene@triallawfirm.com<br>adam@peavy-law.com<br>slove@triallawfirm.com<br>(713) 757-1400 – Tel<br>(713) 759-1217 – Fax |

***See Last Page for Defense Counsels' Contact Information***

CAUSE NO. 2020-40634

| | | |
|---|---|---|
| **TONY C. YU,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **HARRIS COUNTY, TEXAS** |
| **WATSON GRINDING AND** | § | |
| **MANUFACTURING CO., KMHJ, LTD.,** | § | |
| **KMHJ MANAGEMENT COMPANY,** | § | |
| **LLC, WESTERN INTERNATIONAL** | § | |
| **GAS & CYLINDERS, INC., MATHESON** | § | |
| **TRI-GAS, INC, ARC SPECIALISTS, INC.** | § | |
| **AUTOMATION PLUS, INC.,** | § | |
| **AUTOMATION PROCESS, INC.,** | § | |
| **FIRESTONE CRYOGENIC** | § | |
| **EQUIPMENT, INC., TRCC, LLC,** | § | |
| **DETCON, INC., D/B/A OLDHAM,** | § | |
| **TELEDYNE DECON, INC., 3M** | § | |
| **COMPANY, DATAONLINE, LLC and** | § | |
| **INDUSTRIAL SCIENTIFIC** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendants.** | § | **127th JUDICIAL DISTRICT** |

+++++++++++++++++++++++++++

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-30967** |
| **WATSON GRINDING &** | § | |
| **MANUFACTURING CO.,** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **TONY C. YU,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **ADVERSARY NO. 20-03339** |
| | § | |
| **WATSON VALVE SERVICES, INC., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

| <u>Plaintiffs' Adversary Counsel:</u> | <u>Plaintiffs' State Court Counsel:</u> |
|---|---|
| POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com | POTTS LAW FIRM, LLP<br>Michael John Bins<br>3737 Buffalo Speedway<br>Ste 1900<br>Houston, TX 77098<br>713-963-8881<br>mbins@potts-law.com |

***See Last Page for Defense Counsels' Contact Information***

| DEFENDANTS | DEFENDANTS COUNSEL |
|---|---|
| **3M Company** | Bowman and Brooke, LLP<br>Damon Brinson<br>2901 Via Fortuna Drive Suite 500<br>Austin, Texas  78746<br>Damon.brinson@bowmanandbrooke.com<br>Tel: (512) 874-3800<br>Fax: (512) 874-3801 |
| **ARC Specialties, Inc.** | Germer PLLC<br>Troy A. Williams<br>Debra L. Bradberry<br>America Tower<br>2929 Allen Parkway, Suite 2900<br>Houston, TX  77019<br>Telephone: (713) 650-1313<br>Facsimile: (713) 739-7420<br>twilliams@germer.com<br>dbradberry@germer.com<br>pgarcia@germer.com |
| **Automation Plus, Inc. and Automated Process, Inc.** | Rymer, Echols, Slay & Nelson-Archer, P.C.<br>Clinton J. Echols<br>2801 Post Oak Blvd., Ste 250<br>Houston, TX 77056<br>Telephone: (713) 626-1550<br>Facsimile: (713) 626-1558<br>cechols@resnlaw.com<br>mprice@resnlaw.com |
| **Dataoline, LLC** | WALTERS, BALIDO & CRAIN, L.L.P.<br>CARLOS A. BALIDO<br>Meadow Park Tower, Suite 1500<br>10440 North Central Expressway<br>Dallas, TX 75231<br>Tel: 214-749-4805<br>Fax: 214-760-1670<br>balidoedocsnotifications@wbclawfirm.com |
| **Detcon, Inc. d/b/a Oldham, Teledyne Detcon, Inc. and Teledyne Technologies, Inc. f/k/a Detcon, Inc.** | THE HUDGINS LAW FIRM<br>Spencer Edwards<br>24 Greenway Plaza, Suite 2000<br>Houston, Texas 77046<br>Telephone (713) 623-2550<br>Facsimile (713) 623-2793<br>sedwards@hudgins-law.com |

| DEFENDANTS | DEFENDANTS COUNSEL |
|---|---|
| **Firestone Cryogenic Equipment, Inc.**<br>**Firestone Cryogenic, Inc.** | HANEY MOORMAN PASCHAL, P.C.<br>P. JACOB PASCHAL<br>State Bar No.: 24065878<br>1300 11th Street, Suite 405<br>Huntsville, Texas 77340<br>Tel: 936.295.3712<br>Fax: 936.295.3714<br>hmp@hmp-attorneys.com |
| **Industrial Scientific Corporation** | JOHNSON TRENT & TAYLOR, L.L.P<br>Brian P. Johnson<br>Kealy C. Sehic<br>Timothy V. Burns<br>919 Milam Street, Suite 1500<br>Houston, Texas 77002<br>(713) 222-2323 – Telephone<br>(713) 222-2226 – Facsimile<br>bjohnson@johnsontrent.com<br>ksehic@johnsontrent.com<br>tburns@johnsontrent.com |
| **KMHJ Management Company, LLC and**<br>**KMHJ, Ltd.** | Robert C. Turner<br>THE SILVERA FIRM<br>17070 Dallas Parkway<br>Dallas, Texas 75248<br>Telephone: (972) 715-1750<br>Facsimile: (972) 715-1759<br>robertturner@silveralaw.com<br>notice@silveralaw.com |
| **Matheson Tri-Gas & Western International**<br>**Gas & Cylinder** | Christopher M. LaVigne<br>Greenberg Traurig, LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, Texas 75201<br>Lavignec@gtlaw.com<br><br>Paul Kerlin<br>Greenberg Traurig, LLP<br>1000 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>kerlinp@gtlaw.com |

| **DEFENDANTS** | **DEFENDANTS COUNSEL** |
|---|---|
| **Matheson Tri-Gas & Western International Gas & Cylinder**<br><br>***Counsel for the following Adversary proceedings:***<br><br>*20-03235 -Nationwide General Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03238 - National Lloyds Insurance Co et al v. Watson Valve Services, Inc. et al*<br><br>*20-03257 - Clear Blue Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03284 - Travelers Indemnity Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03289 - Acadia Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03291 - Allstate Fire & Casualty Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03325 - National General Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03326 - Essentia Insurance Company et al v. Watson Valve Services, Inc. et al*<br><br>*20-03328 - Hartford Fire Insurance Company a/s/o CSAT Investm v. Watson Valve Services, Inc. et al*<br><br>*20-03337 - Cypress Texas Insurance Company a/s/o Leonardo For v. Watson Valve Services, Inc. et al*<br><br>*20-03358 - Columbia Lloyds Insurance Company, as Subrogee fo v. Watson Valve Services, Inc. et al*<br><br>*20-03360 - Amica Mutual Insurance Company v. Watson Valve Services, Inc. et al*<br><br>*20-03168 - S & I Realty, LLC v. KMHJ, Ltd. et al* | THE JUNELL LAW FIRM, P.C.<br>Mark Junell<br>1903 Briarmead Drive<br>Houston, Texas 77057<br>mark@junellfirm.com<br>(713) 397-5530 – Tel<br>(832) 213-1830 – Fax |
| **Teledyne Exploration Company** | GORDON REES SCULLY MANSUKHANI, LLP<br>James Lowery<br>Michael John Ramirez<br>Theodore C. Yarborough<br>2200 Ross Avenue, Suite 3700<br>Dallas, Texas 75201 |

| **DEFENDANTS** | **DEFENDANTS COUNSEL** |
|---|---|
| **TRCC, LLC** | David L. Miller<br>Joseph Scamardi,<br>Blake W. Gipson<br>MS&C / Attorneys At Law<br>6525 Washington Ave.<br>Houston, Texas 77007<br>dmiller@msc-lawyer.com,<br>jscamardi@msc-lawyer.com<br>e-service@msc-lawyer.com |
| **Watson Grinding and Manufacturing Co.** | MCCOY LEAVITT LASKEY LLC<br>Michael I. Ramirez<br>20726 Stone Oak Parkway, Suite 116<br>San Antonio, Texas 78258<br><br>MCCOY LEAVITT LASKEY, LLC<br>John V. McCoy<br>N19 W24200 Riverwood Drive, Suite 125<br>Waukesha, Wisconsin 53188<br><br>**Special Litigation Counsel for Watson Grinding and Manufacturing Co.:**<br>Steve O. Grubbs<br>Giorgio "George" Caflisch<br>Sheehy, Ware & Pappas, P.C.<br>909 Fannin, Suite 2500<br>Tel: (713) 951-1000<br>Fax: (713) 951-1100<br>sgrubbs@sheehyware.com<br>gcaflisch@sheehyware.com |

| DEFENDANTS | DEFENDANTS COUNSEL |
|---|---|
| **Watson Valve Services, Inc.** | GIEGER, LABORDE & LAPEROUSE, LLC<br>Ernest P. Gieger<br>Email: egieger@glllaw.com<br>Brendan P. Doherty<br>Email: bdoherty@glllaw.com<br>5151 San Felipe, Suite 750<br>Houston, Texas 77056<br>Telephone: (832) 255-6000<br>Facsimile: (832) 255-6001<br><br>OKIN ADAMS LLP<br>Matthew S. Okin<br>James W. Bartlett, Jr.<br>Edward A. Clarkson, III<br>1113 Vine St. Suite 240<br>Houston, Texas 77002<br>Main: (713) 228-4100<br>Fax: (888) 865-2118<br>mokin@okinadams.com<br>jbartlett@okinadams.com<br>eclarkson@okinadams.com |

**Exhibit F**

**Proposed Case Management Order No. 1**[5]

---

[5] The Case Management Order contemplates certain attachments and additional documents such as a plaintiff fact sheet, master discovery and other filings including a proposed schedule that we will be negotiated and agreed between the parties prior to submission.

**MASTER DOCKET NO. 2021-_____**

| | | |
|---|---|---|
| **IN RE: JANUARY 24TH** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **EXPLOSION LITIGATION** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **This Document Relates to All Cases** | § | **___ JUDICIAL DISTRICT** |

## CASE MANAGEMENT ORDER NO. 1

On January ____, 2021, the Texas Judicial Panel on Multidistrict Litigation ("The Panel")

transferred to this Court one hundred and twenty-six (126) cases pending in various Texas district

courts and that relate to the January 24, 2020 explosion and fire that occurred at 4522 Steffani

Lane, Houston, Texas pursuant to Rule 13 of the Texas Rules of Judicial Administration

("TRJA").

Pursuant to TRJA § 13.6(a), this Court has exclusive jurisdiction over each transferred

case unless the case is retransferred by The Panel, is finally resolved, or is remanded to the Trial

Court for trial. Under TRJA § 13.6(b), this Court is authorized to decide, in place of the Trial

Court, all pretrial matters in all transferred cases.

Pursuant to TRJA § 13.6, this Court intends to apply sound judicial management methods

early, continuously, and actively, based on its knowledge of each individual case and the entire

litigation, in order to set fair and firm time limits tailored to ensure the expeditious resolution of

each case and the just and efficient conduct of the litigation as a whole. Having considered these

principles, the parties' proposals, and agreements and hearing arguments of all counsel, IT IS

HEREBY ORDERED:

1.    **DEFINITIONS**

As used in this Case Management Order No. 1 ("Order"):

A.    "Cross-Defendant" means a Defendant against whom another Defendant asserts a cross-claim.

B.    "Cross-Plaintiff" means a Defendant who asserts a cross-claim against another Defendant.

C.    "Defendants" means all defendants in lawsuits subject to this Order, collectively, including Third-Party Defendants or new defendants served after this Order issues.

D.    "Defendants' Counsel" means counsel for each Defendant collectively.

E.    "Defendants' Notice Counsel" means each counsel who is designated to receive certain notices on behalf of all Defendants and Defendants' Counsel as set forth in this Order.

F.    "Fact Sheets" means those certain fact sheets that each individual plaintiff must complete and which are described in Paragraph 17 of this Order and attached hereto as Exhibit [Number TBD].

G.    "January 24th Explosion Litigation" means the lawsuits arising out of the January 24, 2020 explosion that occurred at 4522 Steffani Lane, Houston, Texas.

H.    "Master Answer" means a Defendant's answer to the Master Petition, as amended or supplemented over time.

I.    "Master Crossclaim" means a cross-claim filed by a Defendant in lawsuits subject to this Order against any other Defendant(s) in lawsuits subject to this Order, as amended or supplemented over time.   A Master Crossclaim is effective as a

pleading and is deemed filed in each lawsuit where the Cross-Defendant is a Defendant.

J.      "Master Crossclaim Answer" means a Cross-Defendant's answer to a Master Crossclaim, as amended or supplemented over time.

K.      "Master Discovery" means those certain sets of Master Liability Discovery Requests on Defendants that each Defendant must complete (the appropriate form addressed to that Defendant) and which are described in Paragraph 17 of this Order and attached hereto as Exhibits [Numbers TBD].

L.      "Master Petition" means the petition filed by all Plaintiffs, collectively, against all Defendants, collectively, as amended or supplemented over time.

M.      "Master Third-Party Answer" means a Third-Party Defendant's answer to a Third-Party Claim, as amended or supplemented over time.

N.      "Master Third-Party Claim" means a third-party petition filed by a Defendant in lawsuits subject to this Order against a party that not already a party to a particular lawsuit subject to this Order.  A Master Third-Party Claim is effective as a pleading and is deemed filed in each lawsuit where the party against whom the Master Third-Party Claim is asserted was not already a party.

O.      "Plaintiffs" means all plaintiffs in lawsuits subject to this Order, collectively.

P.      "Plaintiffs' Counsel" means counsel for the Plaintiffs, collectively.

Q.      "Plaintiffs' Notice Counsel" means each counsel who is designated to receive certain notices on behalf of all Plaintiffs and Plaintiffs' Counsel as set forth in this Order.

R.     "Third-Party Defendant" means a new party added as a defendant to any lawsuit through a Master Third-Party Claim.  Once served, a Third-Party Defendant also becomes a Defendant.

S.     "Third-Party Plaintiff" means any Defendant who files a Third-Party Claim.

T.     "Pretrial Court" means this Court, the district court to which related cases are transferred for consolidated or coordinated pretrial proceedings under TRJA § 13.

U.     "Related Cases" means cases that involve one or more common questions of fact.

V.     "Tag-Along Case" means a case related to cases in an MDL transfer order but not itself the subject of an initial MDL motion or order.

W.     "Transferred Cases" means all initially-transferred cases and all Tag-Along Cases previously transferred or to be transferred in the future.

X.     "Trial Court" means the court in which each case was originally filed.

2.     **APPLICABILITY AND SCOPE OF ORDER**

A.     The terms of this Order and, unless otherwise specified, any subsequent pretrial or case management orders issued by this Court shall apply automatically to all Related Cases later instituted in or transferred to this Court.  Pursuant to TRJA § 13.5, a case is deemed transferred from the Trial Court to the Pretrial Court when a notice of transfer is filed with the Trial Court and the Pretrial Court. Such notice of transfer must:

   i.     List all parties who have appeared and remain in the case, including the names, addresses, telephone numbers, and bar numbers of their respective counsel, or, if appearing pro se, the party's name, address, and telephone number;

ii.     List those parties who have not yet appeared in the case; and

iii.    Attach a copy of the relevant MDL transfer order.

B.     The provisions of this Order and, unless otherwise specified, any subsequent pretrial or case management orders issued by this Court shall supersede any inconsistent provisions of the Texas Rules of Civil Procedure.

C.     This Order and, unless otherwise specified, any subsequent pretrial or case management orders issued by this Court, shall be binding on all parties and their counsel in all Transferred Cases currently pending, or subsequently transferred to, removed to, or pending in this Court, and shall govern each Transferred Case unless the order explicitly states that it relates only to specific cases.

D.     This Order may be amended by this Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order. The Court expects it will issue subsequent case management orders addressing the Transferred Cases.

## 3.     TRIAL COURT ACTION AFTER TRANSFER

Pursuant to TRJA § 13.5, after a notice of transfer is filed in the Trial Court, the Trial Court is not authorized to take any further action on the case except for good cause stated in the order in which such action is taken and after conferring with the Pretrial Court.  However, any service of process previously issued by the Trial Court may be completed and the return may be filed in the Pretrial Court.

## 4.     TRANSFER OF FILES; MASTER FILE AND NEW FILES IN THE PRETRIAL COURT.

If the Trial Court and Pretrial Court are in Harris County, Texas, the Trial Court must transfer the case file to the Pretrial Court in accordance with local rules governing the courts of

Harris County, Texas.  If the Trial Court and Pretrial Court are in different counties, the Trial Court clerk shall transmit the case file to the Pretrial Court clerk.  The Pretrial Court clerk shall open new files for transferred case using the information provided in the notice of transfer.

5.      **FILING FEES AND COSTS.**

Unless The Panel assesses costs otherwise, the Watson Grinding & Manufacturing Co. Liquidating Trust formed pursuant to the *Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code Filed by the January 24 Claimants Committee* shall pay the cost of re-filing the transferred cases in the Pretrial Court, including filing fees and other reasonable costs.

6.      **TRANSFER OF TAG-ALONG CASES.**

A Tag-Along Case is deemed transferred to the Pretrial Court when a notice of transfer, in the form described in TRJA § 13.5(a) and as provided in Subsection 2 above, is filed in both the Trial Court and this Court.  Within thirty (30) days after service of such notice, a party to the case or to any of the Related Cases previously transferred to this Court may move this Court to remand the case to the Trial Court on the ground that the case is not a Tag-Along Case.  If the motion to remand is granted, the case shall be remanded and returned to the Trial Court, and costs may be assessed by this Court in its remand order.  An order of this Court remanding a case on the basis that it is not a Tag-Along Case may be appealed to The Panel by a motion for rehearing filed with the clerk of The Panel.

7.      **MASTER DOCKET; CAPTION.**

This Court has assigned a Master Docket Number 2021-_____ to the January 24th Explosion Litigation.  All orders in the Master Docket shall apply to all Transferred Cases.  When

filed papers relate to all Transferred Cases, the Master Docket Number shall be used with the following style and caption:

MASTER FILE NO. 2021-_____

| | | |
|---|---|---|
| **IN RE: JANUARY 24ᵀᴴ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **EXPLOSION LITIGATION** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **This Document Relates to All Cases** | § | **___ JUDICIAL DISTRICT** |

When filed papers relate to only a particular Transferred Case, those papers shall only bear the caption for that case with the designation of the Trial Court, as for example:

CAUSE NO. _____

| | | |
|---|---|---|
| **RIGOBERTO MIRANDA, JR., ET AL.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY TEXAS** |
| | § | |
| **WATSON VALVE SERVICES, INC.,** | § | **___ JUDICIAL DISTRICT** |
| **ET AL.** | § | **(Trial Court: 281ˢᵗ Dist. Court of** |
| | § | **Harris County, Cause No. 2020-04959)** |

8. **FILING OF PRETRIAL DOCUMENTS, NOTICES OF APPEARANCE, AND E-FILING REGISTRATION AND MAINTENANCE.**

   A.    Pretrial documents shall be filed in accordance with the Harris County Local Rules of the District Courts concerning the Electronic Filing of Court Documents.

   B.    Service of all documents via the court's e-filing system shall be the exclusive method of service in the January 24th Explosion Litigation and in all Transferred Cases.  Service on a party via e-filing in the January 24th Explosion Litigation shall constitute effective and sufficient service on such party in the January 24th Explosion Litigation and in all Transferred Cases.

C.      All counsel of record for all parties shall file a notice of appearance in the January 24ᵗʰ Explosion Litigation and in all Transferred Cases in which they represent any parties.

D.      All counsel shall ensure that all of their information is properly entered, updated, and maintained in the e-filing systems to ensure that they properly receive service via e-filing in the January 24ᵗʰ Explosion Litigation and in all Transferred Cases in which they represent any parties. All parties are responsible for ensuring that all persons who desire to receive notice of filings or service of documents in the January 24ᵗʰ Explosion Litigation are registered to receive notice through the Court's e-filing system.

9.    **NOTICE COUNSEL.**

A.      Plaintiffs' Notice Counsel shall discharge the following duties:

   i.       Maintain and distribute to all Plaintiffs' counsel and to Defendants' Notice Counsel an up-to-date service list of all Plaintiffs;

   ii.      Maintain complete files, with copies of all documents served upon them, and to make those files available to all Plaintiffs on reasonable terms;

   iii.     Perform such other duties as may be incidental to the proper coordination of administrative activities with the Pretrial Court on behalf of Plaintiffs (such as file maintenance, distribution and such other activities as the Pretrial Court directs from time to time);

   iv.      Communicate information concerning the status of all developments in this proceeding with all Plaintiffs' counsel;

     v.        Call meetings of all Plaintiffs' counsel and/or defense counsel to effectuate these provisions; and

    vi.      Perform other such duties as necessary.

B.     Defendants' Notice Counsel shall discharge the following duties:

     i.       Maintain and distribute to all Defendants' counsel and to Plaintiffs' Notice Counsel an up-to-date service list of all Defendants;

    ii.      Maintain complete files, with copies of all documents served upon them, and to make those files available to all Defendants on reasonable terms;

   iii.      Perform such other duties as may be incidental to the proper coordination of administrative activities with the Pretrial Court on behalf of Defendants (such as file maintenance, distribution and such other activities as the Pretrial Court directs from time to time);

    iv.      Serve as a coordinator and facilitator among the Defendants' counsel for the formulation and presentation of the Defendants' common positions on all matters arising during pretrial proceedings;

     v.        Call meetings of defense counsel as appropriate; and

    vi.      Perform other such duties as necessary.

C.     The persons who have accepted the appointment to serve as Notice Counsel agree to serve for the duration of the litigation or until such time as the Pretrial Court determines that a change needs be made. By agreement, and as used herein, the following individuals are Notice Counsel:

i.      For Plaintiffs:          Muhammad S. Aziz
Abraham, Watkins, Nichols, Sorrels
Agosto, Aziz & Stogner
800 Commerce
Houston, Texas 77002
Telephone: (713) 222-7211
Fax: (713) 225-0827
maziz@awtxlaw.com

ii.     For Defendants:       Christopher M. LaVigne
P. William Stark
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  (214) 665-3675
Fax:  (214) 665-3601
lavignec@gtlaw.com
starkb@gtlaw.com

## 10.   <u>STEERING COMMITTEES</u>

A.    The following attorneys are appointed to, and have agreed to serve on, the Plaintiffs' Steering Committee ("PSC"): Robert Kwok, Muhammad Aziz, Lee Thweatt, Anna Kamins, Ryan Zehl, Adam Lewis, Chance McMillan and Eugene Egdorf.

    i.    The PSC shall organize itself and agree on a plan for conducting the litigation.

    ii.   The liaisons between the Pretrial Court and the PSC are:

                         Muhammad S. Aziz
Abraham, Watkins, Nichols, Sorrels
Agosto, Aziz & Stogner
800 Commerce
Houston, Texas 77002
Telephone: (713) 222-7211
Fax: (713) 225-0827
maziz@awtxlaw.com

Robert S. Kwok
Kwok Daniel
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Fax: (713) 773-3960
rkwok@kwoklaw.com

B.     Given the small number of Defendants, it is not necessary at this time to form a

Defendants' Steering Committee.  If the number of filings against Defendants

increases, this Court may consider forming such a steering committee in the future.

## 11.   ORDERS.

As to orders that apply to all related cases, the Clerk shall serve each order to all Notice

Counsel.  As to orders that apply only to particular cases, the Clerk shall serve each order to all

counsel in those cases and Notice Counsel.

## 12.   FILING DISCOVERY MATERIAL.

Discovery requests and responses will not be filed with the Pretrial Court except when

specifically ordered by the Pretrial Court or to the extent they are presented in connection with a

motion.

## 13.   FORM OF SUBMISSION.

All submissions to the Pretrial Court shall be in the form of motions, captioned, formatted,

filed, and served as set forth in this Order.  No "letter briefs" or other nonconforming

communications will be accepted unless specifically ordered by the Pretrial Court.

## 14.   DISSEMINATION OF THIS ORDER.

A.     All Notice Counsel shall, within five (5) days of the date of this Order, send by

overnight delivery or electronic mail, where available, a copy of this Order to all

counsel in their respective groups.

B.     When an action that properly belongs as part of this proceeding is hereinafter filed
before this Court or is transferred to this Court from another forum, Plaintiffs'
Notice Counsel and Defendants' Notice Counsel shall promptly send by overnight
delivery or electronic mail, where available, a copy of this Order to Plaintiffs' and
Defendants' counsel, respectively, in such actions unless those attorneys are
already counsel of record in this proceeding.  Within twenty (20) days after receipt
of this Order from Notice Counsel, any parties to the action may file written
objections to the application of any or all terms of this Order to that action.

15.    **SETTLING THE PLEADINGS.**

A.     As required by TRJA § 13.6(c)(1), this Court has considered matters related to
settling the pleadings.

B.     The PSC shall file a Master Petition within sixty (60) days of the date of this Order.
The Master Petition may be modified at any time so long as the modification does
not violate the provisions contained in any case-specific scheduling orders entered
by the Court.

C.     Each Defendant shall each file a Master Answer to the Master Petition within fifty
(50) days of service of the Master Petition.  The Master Answers may be modified
at any time so long as the modification does not violate the provisions contained in
any case-specific scheduling orders entered by the Court.

D.     The PSC shall file any amended Master Petition in response to new allegations
made in Defendants' Master Answers within twenty (20) days of the filing of said
answers.

E.   The Master Petition, any amended Master Petition, any Master Answer, and any amended Master Answer shall govern all Transferred Cases unless a particular Plaintiff affirmatively opts out of the Master Petition or amended Master Petition and files an individual petition.

F.   Any Defendant who wishes to assert cross-claims against other Defendants shall file a Master Crossclaim within sixty (60) days of the date of this Order.  The Master Crossclaim may be modified at any time so long as the modification does not violate the provisions contained in any case-specific scheduling orders entered by the Court.

G.   Each applicable Cross-Defendant shall file a Master Crossclaim Answer to the Master Crossclaim within fifty (50) days of service of the Master Crossclaim.  The Master Crossclaim Answers may be modified at any time so long as the modification does not violate the provisions contained in any case specific scheduling orders entered by the Court.

H.   The Cross-Plaintiffs shall file any amended Master Crossclaim in response to new allegations made in Cross-Defendants' Master Crossclaim Answers within twenty (20) days of the filing of the Master Crossclaim Answers.

I.   Any Defendant who wishes to assert third-party claims against a party that not already a party to a particular lawsuit subject to this Order shall file a Master Third-Party Claim within sixty (60) days of the date of this Order.  The Master Third-Party Claim may be modified at any time so long as the modification does not violate the provisions contained in any case-specific scheduling orders entered by the Court.

J.      Each applicable Third-Party Defendant shall file a Master Third-Party Answer to the Master Third-Party Claim within fifty (50) days of service of the Master Third-Party Claim.  The Master Third-Party Answers may be modified at any time so long as the modification does not violate the provisions contained in any case specific scheduling orders entered by the Court.

K.      The Third-Party Plaintiffs shall file any amended Master Third-Party Claim in response to new allegations made in Third-Party Defendants' Master Third-Party Answers within twenty (20) days of the filing of the Third-Party Answers.

16.     **SEVERANCE; CONSOLIDATION; COORDINATION WITH OTHER ACTIONS.**

A.      As required by TRJA § 13.6(c)(2), this Court has considered whether severance, consolidation, or coordination with other actions is desirable and has concluded that no severance or consolidation of matters is desirable at this time but such decision is subject to modification by future order of this Court.

B.      Coordination with other actions is desirable to effectuate the purposes of Rules 1 and 13 of the Texas Rules of Civil Procedure.  Provisions relating to coordination with other actions are set forth throughout this Order.

17.     **FACT SHEETS AND MASTER DISCOVERY.**

A.      Within sixty (60) days from the issuance of this Order, Counsel for each individual Plaintiff are responsible for and shall serve the appropriate Fact Sheets for their respective clients in the form attached hereto as Exhibit [Number TBD] and incorporated herein by reference.

B.      Within sixty (60) days from the issuance of this Order, Counsel for each Defendant are responsible for and shall the serve responses to the appropriate set of Master

Liability Discovery Requests on Defendants in the form attached hereto as Exhibits [Numbers TBD] and incorporated herein by reference.

C.    All parties shall remain under a continuing duty to supplement the information and documents provided in and through the Fact Sheets and Master Discovery.

D.    In addition to the Fact Sheets and the Master Discovery, the parties may, but are not required to, serve additional limited, specific, targeted, non-duplicative written discovery requests to obtain information and/or documents not provided with or through the Fact Sheets or Master Discovery.  In responding to such discovery requests, responding parties may object on the basis that some or all of the information and/or documents sought were provided with or through the Fact Sheets or Master Discovery and may incorporate the Fact Sheets and Master Discovery in their responses by reference.  The parties receiving additional limited, specific, targeted, non-duplicative written discovery requests shall have sixty (60) days to respond and/or object to said written discovery requests.  Discovery responses served while this matter was pending in the United States Bankruptcy Court for the Southern District of Texas shall be deemed applicable in this action and all documents produced by a named party in the United States Bankruptcy Court shall be deemed produced by that same party in this case and in each Transferred Case for all purposes, including Texas Rule of Civil Procedure 193.7. In responding to additional limited, specific, targeted, non-duplicative written discovery requests, responding parties may object on the basis that some or all of the information and/or documents sought were provided with or through discovery served while this matter was pending in the United States Bankruptcy Court for the

Southern District of Texas and may incorporate the prior discovery responses in their responses by reference. The parties are expressly encouraged not to serve duplicative discovery and to rely on the Fact Sheets and Master Discovery as to matters covered therein.

E.     In the event a party fails to serve responses to a Fact Sheet or Master Discovery, or fails to properly respond to a Fact Sheet or Master Discovery, then such discovery disputes will be resolved in accordance with the Texas Rules of Civil Procedure. The Parties are highly encouraged to meet and confer over all discovery disputes and to seek to informally resolve any disagreement prior to filing a motion with the Court. The Court reserves the right to compel further production or response, or to issue protective orders, as appropriate, and to issue any relief contemplated by Texas Rule of Civil Procedure 215.

## 18.  PROTECTIVE ORDERS.

Pursuant to TRJA § 13.6(c)(5), the PSC and Defendants are instructed to meet and confer regarding the submission of an agreed order preserving the confidentiality of documents, testimony, and other information.  In the event that the PSC and Defendants cannot reach an agreement regarding such an order, the parties are instructed to submit their proposed orders within sixty (60) days of the entry of this Order.

## 19.  ALTERNATIVE DISPUTE CONFERENCES.

As required by TRJA § 13.6(c)(6), this Court has considered the scheduling of alternative dispute resolution conferences and deems such conferences premature at this time.

20.     **PRESERVATION OF DOCUMENTS.**

All parties shall preserve evidence relevant to this action.  This extends to documents, data, and tangible things in the possession, custody, or control of the parties and third parties who possess materials reasonably anticipated to be subject to discovery in this action.  The terms "documents, data, and tangible things" are to be interpreted broadly, as provided by the Texas Rules of Civil Procedure.  Information that may serve to locate or link materials, such as file inventories, file folders, indices, and metadata, is included in this definition.  Counsel are ordered to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties of this obligation.

21.     **GENERAL DISCOVERY RULES.**

Except as otherwise provided in this Order or any other order of this Court, the Texas Rules of Civil Procedure pertaining to discovery will generally apply in this proceeding.

22.     **FURTHER ORDERS GOVERNING DISCOVERY.**

All parties shall meet and confer and attempt to agree to other discovery issues not addressed in this Order, which will be addressed in a subsequent Master Discovery Order as a supplement to this Order.  Among other issues, the parties shall meet and confer and attempt to reach an agreement regarding: (i) the production of electronically stored information, including, but not limited to, the identification of relevant custodians and the potential use of search terms or other methods identify electronically stored information reasonably available in the ordinary course of business; and (ii) the delivery of authorizations by each Plaintiff for the following categories of records: (a) HIPAA-compliant medical records; (b) IRS records; (c) Disability records; (d) Employment records; (e) Military records; (f) Union records; (g) Railroad Retirement Board records; (h) Social Security Administration records; (i) Department of Veteran Affairs

records; (j) Texas Employment Commission records; and (k) CMS Consent to Release.  To the extent that the parties cannot reach an agreement on any discovery issues, any party may file a motion for entry of a Master Discovery Order with this Court.

23.   **PRODUCTION SPECIFICATIONS.**

All documents, data, and/or information should be produced pursuant to and in accordance with the Production Delivery Specs attached hereto as Exhibit [Number TBD].

24.   **SUBPOENAS.**

A.   Consistent with the scheduling otherwise specified by this Order, the parties in these cases may serve subpoenas on non-parties (including subpoenas for the production of documents without testimony) pursuant to the Texas Rules of Civil Procedure.  The party serving the subpoena shall be responsible for supplying to the Depository and all Defendants any documents produced by non-parties in response to such subpoenas.

B.   Within sixty (60) days of the date of this Order, any Party that served a subpoena in *In re: Watson Grinding & Manufacturing Co.,*, No. 20-30967, filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division and/or *In re: Watson Valve Services, Inc.,*, No. 20-30968, filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division shall supply to the Depository and all Defendants any documents produced in response to such subpoenas.

25.   **IDENTIFICATION OF DOCUMENTS.**

A.   Documents produced during the course of this litigation shall be identified by a unique numbering system.

B.     In the event documents are produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in a unique fashion.

## 26.   <u>LEGIBILITY OF DOCUMENTS.</u>

Each producing party shall take reasonable steps to assure that the copies of the documents such party produces are legible.  To the extent a producing party cannot or does not produce a legible copy, such party shall make the original document(s) available for inspection and copying upon request.

## 27.   <u>DOCUMENT DEPOSITORY.</u>

A.     Plaintiffs shall establish and maintain a document depository (the "Depository") for their exclusive use and at their own expense.  The Depository shall store all materials produced by the parties and third parties in this proceeding that may be needed in more than a single individual case, including documents, interrogatories, request for admissions, request for production, deposition transcripts, and similar materials, if such exist, from this proceeding.  These materials will be made available to any counsel for any Plaintiff in any individual case, subject to any confidentiality orders entered by this Court.

B.     Counsel for Plaintiffs have agreed, and the Court hereby Orders, that the PSC shall maintain and be responsible for the Depository.  The Depository shall be available upon reasonable notice and will be maintained at:

> Muhammad S. Aziz
> Abraham, Watkins, Nichols, Sorrels
> Agosto, Aziz & Stogner
> 800 Commerce

Houston, Texas 77002
Telephone: (713) 222-7211
Fax: (713) 225-0827
maziz@awtxlaw.com

Robert S. Kwok
Kwok Daniel
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Fax: (713) 773-3960
rkwok@kwoklaw.com

C.      A Defendant fully satisfies its obligation to produce documents to the parties in these cases by (i) placing those documents in the Depository; and (ii) serving them on all other Defendants.

D.      Any producing party shall be responsible for delivering to the Depository and serving on all Defendants any documents it produced in this proceeding.  Any requesting party shall be responsible for delivering to the Depository and serving on all Defendants any document produced to it in this proceeding.  The party requesting a deposition shall be responsible for delivering to the Depository and serving on all Defendants any transcription (including videotape) of any deposition taken in this proceeding.  The party serving any objections, answers, or responses to any discovery request in this proceeding shall be responsible for delivering a copy of the same to the Depository and serving a copy of the same on all Defendants.

28.     **DEPOSITIONS.**

A.      Except as set forth herein, all depositions and the use of such depositions shall be governed by the Texas Rules of Civil Procedure, and, as appropriate, the Texas Rules of Evidence, including Texas Rules of Evidence 105 and 801.

B.      Given the number of parties and the scope of issues involved, the Court is not imposing a total "per side" time limit for oral depositions and the limitations set forth in Rules 190.3 and 190.4 of the Texas Rules of Civil Procedure shall not apply. The Court reserves the right to reimpose an appropriate limitation in the future if necessary.  Any objections to depositions shall be taken up on a case-by-case basis.

C.      For all depositions noticed by any of the Plaintiffs, the Court expects counsel for Plaintiffs to cooperate in selecting a primary examiner.  Upon the conclusion of the examination by the primary examiner, other counsel may ask additional questions prior to the completion of the deposition.  Once the witness has fully answered a question, that question or substantially the same question shall not be asked again.

D.      As a general rule, no witness should be deposed more than once in this proceeding. If a witness has already been deposed, a subsequent deposition of that witness may not be taken by a party except for good cause shown as determined by this Court.

E.      Counsel shall confer prior to noticing a deposition to agree upon the time required to depose a particular witness.  Absent agreement of the parties or order of this Court based on a showing of good cause, Plaintiffs shall not collectively examine an individual witness for more than twelve (12) hours.  Each Defendant who notices or cross-notices a deposition shall not examine an individual witness for more than six (6) hours each.  Absent an agreement by all parties attending a deposition, an individual witness shall not be deposed for more than six (6) hours in a single day. Breaks during depositions do not count against these time limitations.  Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

F.      Beginning no earlier than four (4) months after the entry of this Order, the parties shall reserve and block the second full calendar week of every month to conduct depositions of Plaintiffs and the last full calendar week of every month to conduct depositions of Defendants and third-parties. Nothing herein prevents the Parties from taking depositions during other weeks of the month by agreement.

G.      Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Absent leave of Court or agreement by the parties, all parties shall provide at least twenty-one (21) days' actual notice for depositions. All counsel will receive notice at the same time in accordance with the service procedures outlines in this Order. Counsel are expected to cooperate and coordinate the scheduling of depositions. There shall be no multitracking of depositions of former or current officers or management personnel of Defendants. Other fact witnesses may be multi-tracked, and the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of those depositions. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

H.      Any deposition noticed in this proceeding may be cross-noticed by any party. Absent leave of Court or agreement by the parties, all cross-noticing parties shall provide at least fourteen (14) days' actual notice for cross-noticed depositions. All counsel will receive notice at the same time.

I.  Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled, except upon agreement between the party noticing the deposition and counsel for the opposing party witness (if the witness is a party or a current or former employee or an expert designated by a party) or counsel for the witness (if the witness is not a party or a current or former employee or an expert designated by a party) or by leave of Court for good cause.

J.  Except as otherwise set forth herein, unless otherwise agreed by counsel of record for the party(ies) noticing or cross-noticing a deposition and counsel of record for the party making the witness available, the place for a deposition shall be the office of the counsel of record for the party making the witness available.

K.  Pursuant to the Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster entered by the Supreme Court of Texas on November 11, 2020 and any subsequent orders amending, modifying, or superseding the Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster, parties, attorneys, witnesses, court reporters, and videographers may attend depositions remotely, such as by teleconferencing, videoconferencing, or other means.  Counsel for all parties shall cooperate in arranging for such remote attendance.  In the event that one or more Parties choose to attend a deposition remotely, such choice shall not prevent or preclude any remaining Parties from conducting the deposition in person.  In the event that the witness or counsel of record for the party making the witness available choose to conduct a deposition remotely, all parties shall attend such deposition remotely.

L.      In the event that more parties wish to attend a deposition in person than can be accommodated at the office of the counsel of record for the party making the witness available while complying with appropriate COVID-19 protocols, the Parties may agree, or any party may move the Court for an order requiring the Parties, to rent a hotel ballroom or other large space and to equally split and pay the costs of such rental.

M.      Objections:

     i.      Counsel shall comply with the Texas Rules of Civil Procedure in making objections.

     ii.      Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.

     iii.      All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

N.      Disputes between the parties should be addressed to this Court rather than the Trial Court.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Pretrial Court by calling the court coordinator at (___) ___-____. The Court will endeavor to provide guidance on the discovery issues at the deposition through this "hotline" and reserves the right make any subsequent orders as may be necessary to resolve the issue.  If the pretrial judge overseeing the Pretrial Court is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling

at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to the Texas Rules of Civil Procedure, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

O.   Documents used in connection with depositions:

   i.   Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before the deposition.  With respect to experts, arrangements should be made to permit inspection of documents, if possible, at least seven (7) calendar days before the deposition of expert witnesses.

   ii.   Extra copies of documents about which deposition counsel uses to examine a deponent should be provided to primary counsel for each Defendant and the deponent during the course of the deposition.  The parties shall confer about making arrangements for deposition exhibits to be delivered to any primary counsel electing to attend remotely under the procedures outlined in this Order.

   iii.   All documents previously produced and used as deposition exhibits shall be referred to by the unique alpha-numeric identifiers appearing on the documents.

   iv.   Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Pretrial Court.

P.     By indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally recorded video pursuant to the Texas Rules of Civil Procedure, subject to the following rules:

i.     All video depositions will be stenographically recorded by a court reporter with "realtime feed" transcription capabilities.

ii.     Each witness, attorney and other person attending the deposition shall be identified on the record when the deposition begins.

iii.     Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded. If the parties intend to video record exhibits or demonstrative aids, a second camera for doing so is required. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without props.

iv.     The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court. No part of

the video or audio record of a video deposition shall be released or made

available to any member of the public unless authorized by the Court.

**29.**   **ATTORNEY-CLIENT PRIVILEGE; WORK PRODUCT; OTHER PRIVILEGES.**

A.     Except as otherwise provided in this Order, all issues regarding the assertion,

protection, and treatment of the attorney-client privilege, work product doctrine,

and all other privileges shall be governed and controlled by the Texas Rules of Civil

Procedure.

B.     This Order shall not affect or impair a party's rights with respect to privileged

documents or information.  In order to facilitate the production of materials, to  the

extent  materials  are  protected  by the attorney-client  privilege,  work  product

doctrine,   or   other   applicable   privilege or protection from disclosure, the

production of such materials is not intended to, and shall not, waive or diminish in

any way the confidentiality of such materials or the continued protection  under  the

attorney-client   privilege,  work   product   doctrine,   or   any   other applicable

privilege or protection from disclosure.  If a producing party at any time notifies

each receiving party that any materials are subject to a  claim of  privilege or of

other protection from disclosure, or   if a receiving party discovers that such

materials have been inadvertently produced, each receiving party shall destroy or

return to the producing party the specified materials and any copies or summaries

or extracts thereof without delay, and shall not use or disclose such items for any

purpose.  Such return shall not preclude the receiving party from seeking to compel

production of the materials for reasons other than inadvertent production and shall

not constitute an admission by the receiving party that the materials were in fact privileged or protected from disclosure.

30.   **REGULAR HEARINGS/STATUS CONFERENCES.**

A.   To facilitate the orderly progression and development of this case, the Court will enter a separate order providing a schedule of regular hearings and/or status conferences to occur the first Thursday of every month, or as otherwise designated by the Court.

B.   Counsel must contact the clerk to schedule a hearing on motions.  Notice of hearings must be provided to all counsel as provided in this Order at the time the hearing is scheduled with the clerk.  Except on leave of this Pretrial Court, hearings must be noticed no later than Friday in order to be heard on the following Thursday.

C.   Routine matters for which no oral hearing is necessary should be set for written submission on Monday mornings.

D.   The Parties shall confer with one another regarding the scheduling of hearings on any Motion so as to ensure that any Motions primarily impacting a specific party are heard at a time when all parties so impacted are reasonably available. If a Motion is scheduled for the first Thursday of any month during the regularly scheduled status conference, it is presumed that all counsel will be reasonably available absent unusual circumstances brought to the attention of the Court in advance of the hearing and the unavailable counsel provides other, reasonable times when they are available.

31. **SCHEDULING ORDER FOR THESE PROCEEDINGS.**

The Court will hold an initial conference and, following such conference, will enter a scheduling order for the January 24th Explosion Litigation. The Parties are expected to confer and reasonably attempt to negotiate an agreed schedule taking into account both the complexity of the case and the need to efficiently conduct pretrial proceedings and proceed towards trial.

32. **TRIALS AND REMAND TO THE TRIAL COURT.**

Before a case will be certified for trial and remanded to the Trial Court, the following will occur in the Pretrial Court:

A. Completion of discovery;

B. Filing, hearing, and ruling on dispositive motions;

C. Filing, hearing, and ruling on expert challenges;

D. Depositions designated and objections heard and ruled upon;

E. Witnesses designated and objections heard and ruled upon, to the extent possible;

F. Exhibits designated, objections heard and ruled upon, and exhibits admitted to the extent possible; and

G. Filing, hearing, and ruling on motions in limine.

It is anticipated that some cases may be selected to be tried sooner than others.  As this Court becomes more familiar with this litigation, this Court and the parties will work to select the initial trial cases.

33. **MISCELLANEOUS.**

A. The communication of information among and between Plaintiffs' Counsel and among and between Defendants' Counsel shall not be deemed to be a waiver of the attorney-client privilege or the protection afforded by the attorney work product

privilege, and cooperative efforts among the parties shall not be used in any manner to contend that there has been a waiver of the attorney-client or attorney work product privilege.

B.      Nothing in this Order is intended to limit any party's opportunity to seek amendment of this Order or other relief should this Order prove to be unworkable for any reason or fail manage effectively case preparation.

C.      Counsel must attempt to resolve motions before any matter is submitted to this Court and must certify to that attempt.

D.      The parties may alter the provisions of this order by a Texas Rule 11 agreement. All members of the PSC must sign the Rule 11 agreement if it is intended to bind all Plaintiffs.


        Signed on this_____day of_____, 2021.



                                        _____
                                        JUDGE PRESIDING

# EXHIBIT NUMBER TBD

**Form Production Delivery Specifications Exhibit**

## PRODUCTION DELIVERY SPECIFICATIONS

The following document describes the technical requirements for electronic productions.  Any proposed formats other than what is listed below should not be produced without discussions and approval.

### GENERAL INSTRUCTIONS

1) Produce documents in the same format that it was created or maintained.  Documents created or stored electronically should not be produced in hard copy.
2) Deliver data on CD, DVD, hard drive, or via secure file transfer.  The smallest number of media is required.
3) Label all media submitted.  Include on the label at least the following information: production date and Bates number range.
4) Provide all productions free of computer viruses.
5) Provide all passwords for documents, files, or compressed archives provided in the production under a separate cover.
6) Overview of preferred formats for production:
    a. Paper Documents - Scanned paper converted/processed to TIFF files, Bates numbered, and includes OCR text.
    b. Email Collections – Electronic mail converted/processed to TIFF files for the email and attachment(s), Bates numbered, includes a link to the email or native file, corresponding metadata, and includes full text.
    c. Native Files – Excel and audio files to be produced in their native format, with a slip sheet noting PRODUCED IN NATIVE FORMAT, Bates numbered, with a link to the native file, corresponding metadata, and includes full text.

### PAPER DOCUMENTS

1) **Image files.**  Images must be Group IV TIFF files (single-page files). All images must be Bates numbered.

2) **Delimited Text file.**  At a minimum, this file must contain a document break file indicating the "BegDoc" and "EndDoc" fields.
   Comma(⏹ ) – ASCII character   20
   Quote(þ) -           "           "           254
   Newline -            "           "                174

3) **OCR Text.**  The OCR text provided can be delivered as multi-page ASCII files.  The name of the file must match the IMAGEID field.

   If possible please place page markers at the beginning or end of each OCR text page as shown:

   *** LA000001 ***

4) **Concordance Image load file.**  The delivery must be in an Opticon ("OPT") image load file format.

<u>P</u>RODUCTION <u>D</u>ELIVERY <u>S</u>PECIFICATIONS

5) **Sample Data - Paper Documents.**

**Delimited Text file:**

þFIRSTBATESþ⌷ þLASTBATESþ
þAB00000001þ⌷ þAB00000002þ
þAB00000003þ⌷ þAB00000004þ
þAB00000005þ⌷ þAB00000006þ

**Concordance Image load file**:

AB00000001,,E:\001\AB00000001.TIF,Y,,,
AB00000002,,E:\001\AB00000002.TIF,,,,
AB00000003,,E:\001\AB00000003.TIF,Y,,,
AB00000004,,E:\001\AB00000004.TIF,,,,
AB00000005,,E:\001\AB00000005.TIF,Y,,,
AB00000006,,E:\001\AB00000006.TIF,,,,

**Multi-page OCR Text File (AB00000001.txt):**

*** AB00000001 ***

AB Firm Sample OCR fileAB Firm Sample OCR file
AB Firm Sample OCR fileAB Firm Sample OCR file
AB Firm Sample OCR fileAB Firm Sample OCR file
AB Firm Sample OCR fileAB Firm Sample OCR file
AB Firm Sample OCR fileAB Firm Sample OCR file

AB00000001
CONFIDENTIAL

<u>E</u>MAIL <u>C</u>OLLECTIONS

**Preferred Format:  Delimited Text with Images with native links**

1) **Image files.**  The producing party will provide a TIFF image for each page of the email and attachment(s).  Images must be Group IV TIFF files (single-page files).  All images must be Bates numbered.

2) **Native files.**   The producing party will provide a copy of all excel and audio files in their native format, with a slip sheet noting PRODUCED IN NATIVE FORMAT, Bates numbered, with a link to the native file, corresponding metadata, and includes full text.

3) **Delimited Text file.**  The text and metadata of the email and the attachment(s) must be extracted and entered in the appropriate fields and provided as an ASCII delimited text file. All documents must be produced in full message units (Parent email and children attachments). The *child/children* must

## PRODUCTION DELIVERY SPECIFICATIONS

immediately follow the parent record.  The following is a field definition table of the data requested, including sample data for an email and an attachment.

4) **Sample Data – Email.**

| Field | Sample Data | Comment |
|---|---|---|
| BEGDOC | AB000001 | First Bates number of document |
| ENDDOC | AB000008 | Last Bates number of document |
| BEGATTACH | AB000001 | First Bates number of attachment range |
| ENDATTACH | AB000015 | Last Bates number of attachment range |
| CUSTODIAN | Jon Johnson | Mailbox where the email resided |
| FROM | Jon Johnson | Sender |
| TO | Jim Johnson | Recipient(s) |
| CC | Eric Johnson | Carbon copy recipient(s) |
| BCC | Sam Johnson | Blind carbon copy recipient(s) |
| SUBJECT | Board Meeting | Subject of the email |
| DATE_SENT | 01/01/2000 | Date the email was sent |
| TIME_SENT | 12:00 PM | Time the email was sent; must be a separate field and cannot be combined with the DATE_SENT field |
| NATIVELINK | D:\AB\AB000001.msg | Hyperlink to the email; should be named per the BEGDOC number |
| FILE_EXTEN | MSG | The file extension of the email; will vary depending on the email format |
| AUTHOR | | Empty for email |
| DATE_CREATED | | Empty for email |
| TIME_CREATED | | Empty for email |
| DATE_MOD | | Empty for email |
| TIME_MOD | | Empty for email |
| DATE_ACCESSD | | Empty for email |
| TIME_ACCESSD | | Empty for email |
| PRINTED_DATE | | Empty for email |
| FILE_SIZE | 4,120 | Size of email in KB |
| INTFILEPATH | Personal Folders\Inbox\Board Meeting.msg | Location of email |
| TIMEZONE | EST | TimeZone in which data was processed |

## PRODUCTION DELIVERY SPECIFICATIONS

5) **Sample Data – Email Attachment.**

| Field | Sample Data | Comment |
|---|---|---|
| BEGDOC | AB000009 | First Bates number of document |
| ENDDOC | AB000011 | Last Bates number of document |
| BEGATTACH | AB000001 | First Bates number of the attachment range |
| ENDATTACH | AB000015 | Last Bates number of the attachment range |
| CUSTODIAN | Jon Johnson | Mailbox where the email resided |
| FROM | | Empty for attachment |
| TO | | Empty for attachment |
| CC | | Empty for attachment |
| BCC | | Empty for attachment |
| SUBJECT | | Empty for attachment |
| DATE_SENT | | Empty for attachment |
| TIME_SENT | | Empty for attachment |
| NATIVELINK | D:\AB\AB000002.doc | Hyperlink to the document; should be named per the BEGDOC number |
| FILE_EXTEN | DOC (attachment – ex. Word document) | The file extension will vary |
| MASTER_DATE | 01/01/1989 | Date for the email that is also propagated down to the attachment document (Allows for sorting and keeping family documents together) |
| DATE_CREATED | 04/01/1998 | Attachment metadata |
| TIME_CREATED | 04:13 PM | Time the attachment was created; must be a separate field and cannot be combined with the DATE_CREATED field. |
| DATE_MOD | 01/02/1999 | Attachment metadata |
| TIME_MOD | 04:13 PM | Time the attachment was modified; must be a separate field and cannot be combined with the DATE_MOD field. |
| DATE_RECEIVED | 12/31/1999 | Date the email was received |
| TIME_RECEIVED | 12:02 PM | Time the email was received |
| FILE_NAME | AB.doc | Name of the file |

## PRODUCTION DELIVERY SPECIFICATIONS

| FILE_SIZE | 500,111 | Size of file in KB |
|---|---|---|
| HASHVALUE | 12345678910asdfghjkloiuytrewqzxcv | Hash value of the document |
| TEXTPATH | .\text\AB000001.txt | Path to the OCR text files |

The delimited text file must include a header record.  The delimiters for the file must be as follows:

Comma (⬚ ) – ASCII character   20
Quote (þ) -         "        "        254
Newline -       "       "        174

6)   **Concordance Image load file.**  The delivery must be in an Opticon ("OPT") image load file format.

### NATIVE FILES

**Preferred Format:  Delimited Text with Images and Links to Native Files.**

1)   **Image files.**  The producing party will provide a TIFF image of the native files.  Images must be Group IV TIFF files (single-page files).  All images should be Bates numbered.

2)   **Native files.**   The producing party will provide a copy of all excel and audio files in their native format, with a slip sheet noting PRODUCED IN NATIVE FORMAT, Bates numbered, with a link to the native file, corresponding metadata, and includes full text.

3)   **Delimited Text file.**  An ASCII delimited file containing the metadata associated with the file, text extracted from the native file, and a directory path to the native file.  The fields to be included in the production are as follows:

| **FIELD** | **SAMPLE DATA** | **COMMENT** |
|---|---|---|
| BEGDOC | AB000001 | First Bates number of native file |
| ENDDOC | AB000001 | Last Bates number of native file |
| CUSTODIAN | Jon Johnson | Individual from whom the documents originated |
| NATIVELINK | D:\AB\AB000001.doc | Hyperlink to the document; should be named per the BEGDOC number |
| DATE_CREATED | 11/03/2004 | |
| TIME_CREATED | 2:10 PM | Time the document was created; must be a separate field and cannot be combined with the DATE_CREATED field. |
| DATE_MOD | 11/01/2005 | |
| TIME_MOD | 11:11 PM | Time the document was modified; must be a separate field and cannot be combined with the |

## Production Delivery Specifications

| | | DATE_MOD field. |
|---|---|---|
| DATE_RECEIVED | 12/31/1999 | Date the email was received |
| TIME_RECEIVED | 12:02 PM | Time the email was received |
| FILE_SIZE | 200,411 | Size of file in KB |
| TEXTPATH | .\text\AB000001.txt | Path to the OCR text files |

The delimited text file must include a header record.  The delimiters for the file must be as follows:

Comma (⎮ ) – ASCII character   20
Quote (þ) -         "        "           254
Newline -         "        "           174

4) **Concordance Image load file.**  The delivery must be in an Opticon ("OPT") image load file format.

**Exhibit G**

**Proposed Omnibus Order Remanding Adversary Proceedings to Harris County District Courts**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WATSON GRINDING & | § | Case No. 20-30967 |
| MANUFACTURING CO., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| WATSON VALVE SERVICES, INC., | § | Case No. 20-30968 |
| | § | |
| Debtor. | § | |
| | § | |

**OMNIBUS ORDER REMANDING ADVERSARY PROCEEDINGS TO HARRIS
COUNTY DISTRICT COURTS**

Pending before this Court are a total of 126 adversary proceedings which were removed from various Harris County District Courts to this Court by Watson Grinding & Manufacturing Co. or Watson Valve Services, Inc. (collectively, the "Debtors"). A list of the 126 adversary proceedings is attached to this Order as Exhibit A (collectively, the "Adversary Proceedings").

On May 8, 2020, the Court entered the Order (I) Modifying the Automatic Stay, (II) Setting the Deadline for Filing Notices of Removal, (III) Setting the Deadline for Filing Motions to Remand, and (IV) Scheduling Omnibus Hearing on Motions to Remand (the "Omnibus Procedures Order"). Pursuant to the Omnibus Procedures Order, the Plaintiffs in the Adversary Proceedings filed numerous motions to remand the Adversary Proceedings to state court. The Debtors and other third-party defendants filed objections to the motions to remand. The Bankruptcy Court began an omnibus hearing on all motions to remand on October 22, 2020. The hearing was continued to allow the parties to negotiate a resolution of the remand issue through a plan of liquidation.

On December 30, 2020, the Court entered an order confirming the First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code filed by the January 24 Claimants Committee (the "Plan"). The Plan provides that, upon confirmation, all objections to the motions to remand shall be deemed withdrawn, and the motions to remand shall be granted as unopposed.

Additionally, the Court has considered the arguments raised in the motions to remand and determined that it is equitable under the circumstances to exercise its discretion to permissively

1

abstain from hearing the Adversary Proceedings and, instead, to remand all of the Adversary Proceedings to state court.

It is therefore **ORDERED** that

1. All objections to the motions to remand are deemed withdrawn.

2. Pursuant to 28 U.S.C §§ 1334(c)(1) and 1452 (b), the Court abstains from hearing the Adversary Proceedings, and each of the Adversary Proceedings is hereby remanded to the Harris County District Court from which it originated.

3. This Order shall not apply to *Indian Harbor Insurance Company v. Watson Grinding & Manufacturing Co.,* Adversary Proceeding No. 20-3415.

4. The Clerk of Court shall docket a copy of this Order in each of the Adversary Proceedings.

5. Upon entry of this Order, each of the Adversary Proceedings is hereby closed.


DATED: December 30, 2020

               _____

               **Honorable Marvin Isgur**
               **United States Bankruptcy Judge**

10857674v2

**<u>Exhibit H</u>**

**Watson Valve Schedule of Reserves**

**Schedule of Reserves (1)**

| Watson Grinding Payment | Amount |
|---|---|
| Watson Grinding Liquidating Trust | $1,000,000 |
| **Administrative Reserves** | |
| Trustee (Post-Confirmation) Professional Fees (2) | $85,000 |
| US Trustee Quarterly Fees (2) | $14,950 |
| Chapter 11 Trustee Fees | $254,044 |
| Chapter 11 Professional Fees | $281,452 |
| Plan Administrator Fee Reserve (2) | $50,000 |
| Misc. Expenses: accounting, etc. (2) | $100,000 |
| Estimated Potential Remaining Tax Liabilities (3) | $235,000 |
| **Claim Reserves** | |
| Secured Claims | $8,166 |
| Other Priority Claims | $50,000 |
| General Unsecured Claims | $1,318,010 |
| Lease rejection damages | $300,000 |
| **Total Reserves and Payments** (4) | **$3,696,622** |

(1) Certain of the liabilities associated with these reserves may be paid prior to the Effective Date of the Plan in which case the reserve will not be established if the liability has already been paid.

(2) Any of these reserves may be used to pay trustee compensation, trustee professional fees, E&O insurance, preparation of tax returns, taxes, preparation of distribution checks, and U.S. Trustee fees.

(3) The Valve Chapter 11 Trustee has made an estimated 2020 tax payment in the amount of $565,000.  This remaining amount includes $185,000 for potential remaining 2020 income tax liability plus $50,000 for potential 2020 and 2021 Texas franchise tax liability.

(4) This schedule of Watson Valve Reserves is not intended to include amounts to be used to pay United States Trustee fees from the Valve Insurance Recovery or the proceeds of the Valve Claims and Retained Causes of Action.  The Valve Trustee will take every effort to have such payments made directly to the Holders of such Claims whenever possible.  In the event that there are United States Trustee fees due as a result of the distribution of proceeds from the Valve Insurance Recovery or the Valve Claims and Retained Causes of Action, the Liquidating Trustee is authorized to withhold the amounts necessary to pay the resulting United States Trustee fees prior to making such distribution.