IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WATSON GRINDING § | |
| AND MANUFACTURING CO., INC., § | Case No.: 20-30967-H1-11 |
| § | |
| DEBTOR, § | |
| § | (Chapter 11) |

PLAN AGENT'S MOTION TO PAY CLAIM CLASSES 1, 2, 4 AND 5
IN ACCORDANCE WITH CONFIRMED PLAN OF LIQUIDATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Janet S. Northrup, the Plan Agent (the "**Plan Agent**") pursuant to the *Order Confirming First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 1029] (the "**Confirmation Order**") for Watson Grinding & Manufacturing Co. ("**WGM**" or "**Debtor**") and files this *Motion to Pay Claim Classes 1, 2, 4 and*

3085543

*5 in Accordance with the Plan of Liquidation* (the "**Motion**").[1] In support of the Motion, the Plan Agent respectfully submits as follows:

## SUMMARY OF MOTION

1. The Plan Agent seeks to make distributions in accordance with the Plan per the schedule attached hereto as **Exhibit "A" and "B".** The Plan Agent has reviewed and investigated the claims in classes 1, 2 and 5 and has resolved any issues with claims without the need for filing objections.

2. The Plan Agent has agreed, at the request of the Liquidating Trustee Ron Bankston, to make distributions to Class 4 claimants as listed on the attached Exhibit "B".

3. The Plan Agent further seeks ratification of payments made in her capacity as Chapter 11 Trustee or Plan Agent as listed on the attached **Exhibit "C."**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court retains jurisdiction over this matter pursuant to Article XVIII of the Plan, particularly paragraphs 1, 5 and 8.

## BACKGROUND

6. On February 6, 2020 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Case**"). As of the Petition Date, the Debtor was not operating its business in the ordinary course of business but was engaged in limited

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the *First Amended Combined Disclosure Statement and Joint Plan of Liquidation of Watson Grinding & Manufacturing Co. and Watson Valve Services, Inc. Under Chapter 11 of the Bankruptcy Code* Docket No. 971 (the *"***Plan***"*).

2

3085543

operations.[2]  Following the first-day hearing on February 10, 2020, the Court designated this case as a complex Chapter 11 case.

7. The Debtor operated as a debtor-in-possession from February 6, 2020 until June 4, 2020, when Janet S. Northrup was appointed as the Chapter 11 Trustee of the bankruptcy estate of the Debtor [Docket No. 331].  Janet Northrup operated the Debtor as Chapter 11 Trustee until the Effective Date of the Plan.

8. The Plan was confirmed on December 30, 2020 with an Effective Date of December 31, 2020 [Docket No. 1034].  The Plan appoints a Liquidating Trustee and allows for the Liquidating Trust Agreement to govern post-confirmation issues.  *See* Plan, generally and specifically, Art. XI, § C.

9. Janet Northrup was appointed the Plan Agent pursuant to the Plan to evaluate and pay allowed claims in Classes 1, 2 and 5.  *See* Plan, generally and specifically, Art. XIV, § C.  The Plan Agent has reviewed and evaluated the claims on the claims register for classes 1, 2 and 5.  In addition, the Plan Agent has reviewed and evaluated the claims listed on the Debtor's Schedules at Docket No. 149 that were not supplanted by a proof of claim.  The Plan Agent reached agreements with several claimants on objectionable claims which were resolved by stipulations and orders [Docket Nos. 1064, 1070, 1096, and 1097] or withdrawals [Docket Nos. 1053, 1055, and 1056].

10. Based on the Plan Agent's claims analysis, the Plan Agent is now ready to make distributions to claims in classes 1, 2 and 5 as listed on the attached Exhibit A which claims total $1,940,057.84 which would conclude her duties as Plan Agent under the Plan.  *See* Plan, Art. XIV, § C.

---

[2] Additional information about the Debtor and its business can be found in the Declaration of Robert L. White filed at Docket No. 10 in this case.

3085543

11.  For Class 2 claims, the amounts listed on Exhibit A differ from the scheduled amounts because they are net amounts reduced by the amount of necessary withholdings (federal income tax, FICA, and Medicare).

12.  For the sake of efficiency, the Liquidating Trustee, Ron Bankston, and the Plan Agent have conferred and agreed that the Plan Agent will make distributions to Class 4 claimants as listed on Exhibit "B" which distributions total $184,916.60.

13.  The Plan Agent has paid claims as Chapter 11 Trustee and certain claims such as professional fees and expenses and invoices related to administration of the estate for pre- and post-confirmation expenses as listed on the **Exhibit "C"** after conferring with the Oversight Committee and Liquidating Trustee when necessary.

14.  As of the filing of this Motion, Janet Northrup, as Chapter 11 Trustee and as Plan Agent, realized gross receipts and made disbursements as follows:

| | |
|---|---|
| Gross Receipts as of | $13,117,642.17 |
| Funds were disbursed as specified on Exhibit "C" in the amount of | $9,765,728.23 |
| Leaving a balance on hand of[3] | $3,351,913.94 |

15.  The remaining funds are available for distribution to the Liquidating Trust less compensation for the Plan Agent and any additional claims such as professional fees or post-confirmation expenses that the Plan Agent may pay as allowed in the Plan or per Court order.

### III. REQUESTED RELIEF

16.  Through this Motion, the Plan Agent seeks the entry of an order that (i) authorizes the Plan Agent to make the distributions as listed on Exhibit A, (ii) authorizes the Plan Agent to make the distributions as listed on Exhibit B, (iii) ratifies all previous distributions made by the

---

[3] The balance of funds on hand in the Plan Agent's possession may continue to earn interest until disbursed.

4

3085543

Plan Agent in her capacity as Chapter 11 Trustee or Plan Agent as listed on Exhibit C, (iv) authorizes the Plan Agent to turnover any funds after the distributions on Exhibits A and B to the Liquidating Trustee less the Plan Agent's compensation and the Plan Agent's professionals fees as provided for in the Liquidating Trust Agreement and any other distributions made in accordance with the Plan, and (v) ratifies the actions taken by Janet Northrup as both Chapter 11 Trustee and Plan Agent and excuses the Plan Agent from further duties under the Plan upon distribution of the amounts in Exhibits A and B and turnover of any remaining of any remaining funds to the Liquidating Trust as described in this Motion and as authorized by the Plan and Confirmation Order.

WHEREFORE, PREMISES CONSIDERED, Janet S. Northrup, Plan Agent moves this Court to grant this Motion, and for such other and further relief that she may be justly entitled.

Dated: April 13, 2021.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens     TBN 11541110
wkitchens@hwa.com
Heather McIntyre   TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR JANET S. NORTHRUP, PLAN AGENT**

5

3085543

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on (i) parties receiving ECF notice via ECF in the above-referenced case, (ii) parties listed on the attached Master Service List as indicated, (iii) the Oversight Committee and parties as shown below, and (iv) parties listed on the attached Exhibits "A" and "B" via first-class U.S. mail, postage prepaid on this 13th day of April, 2021.

PT Huayue Nickel Cobalt
Gedung Wisma Mulia Lt. 41. Jl. Jend Gatot
Subroto No. 42Kuningan Barat, Mampang
Prapatan 12710 Jakarta, Indonesia
*Via First-Class Mail, postage prepaid*
*Via Email: sunh@zhonglun.com*

Oversight Committee

Travis Horton c/o Robert Kwok – rkwok@kwoklaw.com
Margarita Flores c/o Mo Aiz – maziz@awtxlaw.com
Massiel Nunez c/o Chance McMillan – cam@mcmillanfirm.com
Janette Thomas c/o Ryan Chapple – rchapple@cstrial.com
Phillip Burnam c/o Matt Greenberg – mgreenberg@aehllaw.com
Houston Corvette Service c/o Lee Thweatt – lthweatt@terrythweatt.com
Gerardo Catorena, Jr. c/o Gene Egdorf – gene@shraderlaw.com

           */s/ Heather Heath McIntyre*
           Heather Heath McIntyre

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she circulated this Motion to the Oversight Committee and to the U.S Trustee on April 6, 2021. The Oversight Committee has no objection to the relief sought herein. The U.S. Trustee has not responded.

           */s/ Heather Heath McIntyre*
           Heather Heath McIntyre

3085543